Swain, J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/22/05
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
ADVANCED ANALYTICS, INC.,

      Plaintiff and Counterclaim-Defendant,

v.

CITIGROUP GLOBAL MARKETS, INC. f/k/a
SALOMON SMITH BARNEY, INC., and THE YIELD
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,

      Defendants and Counterclaim-Plaintiffs.

---------------------------------------------------------------- X

No. 04 Civ. 3531 (LTS)

STIPULATION AND
PROTECTIVE ORDER
GOVERNING
CONFIDENTIAL
MATERIAL

      The undersigned parties to this action, having determined that certain documents and testimony provided during discovery or attached to court papers filed in this litigation should be kept confidential, hereby stipulate and agree, by and through their respective counsel, as follows:

      1.    This Stipulation and Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter ("discovery material") produced by or obtained from any party or non-party (the "producing person") in this action that is designated confidential by the party or producing person in accordance with the procedures set forth below.

      2.    Any party or producing person may designate as confidential any discovery material which contains or discloses trade secrets, unpublished financial data, business or product plans, or other information of a non-public nature considered by the party or

producing person to be commercially or personally sensitive or proprietary information. All discovery materials so designated and all information derived therefrom shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Stipulation and Order.

3. Confidential Discovery Material shall be so designated by marking or stamping it "Confidential" or "Highly Confidential." In the event that either party produces Confidential Discovery Material on electronic media (e.g., DVD, CD ROM, etc.), such information must be designated "Confidential" or "Highly Confidential" by the producing party or non-party by a) furnishing a separate written notice to the undersigned counsel for the party receiving such information at the time of its production, specifically identifying the information as "Confidential" or "Highly Confidential," and b) marking or stamping the media in which such Confidential Discovery Material is stored with the legend "Confidential" or "Highly Confidential."

4. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the producing person with respect to specifically identified Confidential Discovery Material.

5. a. With respect to multi-page documents which contain "Confidential" or "Highly Confidential" information, the designation may be made by marking only the first page thereof "Confidential" or "Highly Confidential" so long as such multi-page documents are securely bound.

b. The party or producing person may, on the record of a deposition,

2

or within seven (7) business days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Order. During the two (2) business days following receipt of such deposition transcript, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the producing person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

      c.    Disclosure of discovery material prior to its designation as "Confidential" or "Highly Confidential" in accordance with this paragraph shall not violate the terms of this Stipulation and Order, provided, however, that a party or person disclosing discovery material that is subsequently designated as Confidential Discovery Material shall use his or her best efforts to retrieve such material from the recipient and prevent further disclosures except as authorized in this Stipulation and Order.

    6.    Confidential Discovery Material designated as "Confidential" or information derived therefrom may only be disclosed or made available to the following persons absent written consent from the producing person:

      a.    outside litigation counsel for a party that have appeared in this action and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided, that the signature on this Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

3

b. Experts who are (i) retained in good faith to assist appearing counsel in this litigation, (ii) are not current or former employees of a party or subsidiary or affiliate of a party, and (iii) execute an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the interested party or producing person upon a showing of good cause;

c. the named parties to this action, which shall include those officers, directors, partners or employees of such party deemed necessary to aid counsel in the prosecution or defense of this action;

d. the Court and mediators appointed by the Court, pursuant to paragraphs 10 and 11 of this Stipulation and Order;

e. employees of outside copy services used to make copies of discovery materials;

f. employees of outside translation services used to translate discovery materials;

g. witnesses deposed in this action or who appear at any hearing in this action, but only to the extent disclosure occurs during such deposition or hearing, *provided*, that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order;

4

      h.    court reporters who record testimony taken in the course of this litigation; and

      i.    any private mediator agreed to by all parties and/or designated by the court in the litigation, provided, such person executes an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A.

    7.    Written consent to disclose Confidential Discovery Material designated by the producing person as "Confidential" to persons other than those set forth in paragraph 6(a), (b), (c), (d), (e), (f), (g), (h) and (i) will not be withheld in such instance where the parties agree in writing in advance of disclosure of "Confidential" information that the individual has prior knowledge of the information designated "Confidential."

    8.    Confidential Discovery Material designated by the producing person as "Highly Confidential" or information derived therefrom may only be disclosed or made available to the following persons absent written consent of the producing person and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Confidential Discovery Material: persons listed in paragraphs 6(a), (d), (e), (f), (h) and (i), in addition to (a) a deposition witness who is a current or former employee of the party that produced the information designated "Highly Confidential" and (b) Qualified Experts (as defined in paragraph 12) who are (i) retained in good faith to assist appearing counsel in this litigation, (ii) are not current or former employees of a party or subsidiary or affiliate of a party, and (iii) execute an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A prior to disclosure. A copy of such signed undertaking shall be retained by counsel for the party making disclosure to the expert or consultant so that it may be shown to counsel for the interested party

or producing person upon a showing of good cause. The designation "Highly Confidential" shall be limited to information that the producing party in good faith believes to contain trade secrets and/or any other proprietary information.

9. Written consent to disclose Confidential Discovery Material designated by the producing person as "Highly Confidential" to persons other than those set forth in paragraph 8 will not be withheld in such instance where the parties agree in writing in advance of disclosure of "Highly Confidential" information that the individual has prior knowledge of the information designated "Highly Confidential."

10. In the event that counsel for any party determines to file with this Court any Confidential Discovery Material, such Confidential Discovery Material shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

<u>"CONFIDENTIAL - SUBJECT TO COURT ORDER"</u>

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

11. In the event that counsel for any party determines to file with this Court any pleadings, motions, briefs or other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed under seal or submitted to the Court in such manner as is agreed upon by the parties hereto; and a statement substantially in the following form shall be endorsed on the cover:

<u>"CONFIDENTIAL - SUBJECT TO COURT ORDER"</u>

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

12. The following conditions must be met for a person to be deemed a Qualified Expert. Counsel for the party seeking to disclose Highly Confidential Discovery Material to an expert must notify counsel for the person or party that produced the discovery material in question and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Highly Confidential Discovery Material, of the identity of the proposed expert, including the name and address of the proposed expert, and the categories of documents that it wishes to disclose to the proposed expert, and provide a copy of the proposed expert's current resume showing employment and professional activities, and a list of the proposed expert's patents and publications. Counsel for the person or party that produced the Highly Confidential Discovery Material in question and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Highly Confidential Discovery Material, shall notify the requesting counsel of any reasonable and good faith objections to the designation of such person promptly, but within no fewer than seven (7) days of receipt of such notice. If there is no objection within such period, the expert shall be deemed approved as a Qualified Expert. All disputes regarding the acceptability of any person as a Qualified Expert shall be decided by the Court. If the notified person or party objects to the proposed expert within the foregoing seven (7) day period, the requesting counsel shall be prohibited from disclosing any document bearing a "Highly Confidential" designation to the proposed expert unless and until the Court determines that the proposed expert be deemed a Qualified Expert. The party challenging the status of any proposed expert as a Qualified Expert hereunder bears the burden of persuading the Court that the

7

proposed expert, based on competitive reasons, including but not limited to any competition between the parties, shall not be deemed a Qualified Expert.

13. In the event that a Qualified Expert is a consulting, non-testifying expert, current resumés of only those persons who will receive Confidential Discovery Material or information derived therefrom need be provided in lieu of a list of each consultant's patents and publications. A party's disclosure of any consulting experts under the terms of this Stipulation and Protective Order Governing Confidential Material does not alter the protections from discovery that such consulting experts are entitled to under Fed. R. Civ. P. 26(b)(4)(B).

14. A Qualified Expert who complies with the terms of this Stipulation and Protective Order Governing Confidential Material shall be entitled to review and work with all Highly Confidential Material in his or her own offices, unless otherwise agreed to by the producing and receiving parties and/or ordered by the Court.

15. Inadvertent production of any information, document or thing without it being marked "Confidential" or "Highly Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.

16. This Order has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Material.

17. Any party receiving Confidential Discovery Material shall have the right to challenge any designation of confidentiality by the producing person or party by seeking an order of the Court with respect to any information, documents or things designated as "Confidential" or "Highly Confidential." On any such application, the burden of proof shall be as set forth in the Federal Rules of Civil Procedure and shall not be affected by this Stipulation

and Order. All parties receiving such materials or information shall respect the propriety of the designation during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material.

18. In the event additional persons become parties to this litigation, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any other producing person until they have executed and filed with the Court a copy of this Stipulation and Order.

19. After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

20. Within thirty (30) days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof (including without limitation, copies provided to testifying or consulting experts) shall be returned to the producing person or, in the alternative, destroyed and certified to the producing person to have been destroyed. Nothing herein shall require the return or destruction of counsel's own attorney work product, and this paragraph shall not apply to documents filed with the Court and/or served in this action or copies thereof.

21. Any material which was lawfully possessed by a receiving party prior to its disclosure by the producing party, which lawfully comes within the possession of such other party or otherwise becomes publicly known through means not constituting a breach of this

9

Stipulation and Order, need not be treated as Confidential Discovery Material by that receiving party under the terms of this Stipulation and Order.

22. The inadvertent production of any documents or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure and no party shall be held to have waived any rights by such inadvertent production.

Dated: March 11, 2005
New York, New York

HAGENS BERMAN SOBOL SHAPIRO LLP

-and-

MEREDITH COHEN GREENFOGEL &
SKIRNICK, P.C., Local Counsel

By: _____
Robert A. Skirnick, Esq. (RS-2636)
A Member of the Firm
Attorneys for Plaintiff and Counterclaim-Defendant
Advanced Analytics Inc.

10

Dated: March 14, 2005
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Lawrence B. Friedman
Lawrence B. Friedman, Esq. (LF-9978)
A Member of the Firm
Attorneys for Defendants and Counterclaim-Plaintiffs Citigroup Global Markets Inc. and The Yield Book Inc.

Dated: 3/21, 2005
New York, New York

SO ORDERED:
United States District Judge

11

Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
ADVANCED ANALYTICS, INC.,
:
: No. 04 Civ. 3531 (LTS)
Plaintiff and Counterclaim-Defendant, :
:
v. :
:
CITIGROUP GLOBAL MARKETS, INC. f/k/a :
SALOMON SMITH BARNEY, INC., and THE YIELD :
BOOK INC., f/k/a SALOMON ANALYTICS, INC., :
:
Defendants and Counterclaim-Plaintiffs. :
----------------------------------------------------------------- X

CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and that I understand the Stipulation and Protective Order Governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulation And Protective Order Governing Confidential Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated:_____

_____
Signature

_____
Address