UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

        Plaintiff,

-v-

CITIGROUP GLOBAL MARKETS, INC. et al.,

        Defendants.

-------------------------------------------------------x

No. 04 Civ. 3531 (LTS)(HBP)

## MEMORANDUM ORDER

        Plaintiff Advanced Analytics, Inc. ("Plaintiff" or "AA"), has filed extensive objections to the Report and Recommendation of Magistrate Judge Pitman, dated August 5, 2009 (the "Report"),[1] which relates to motions for summary judgment in the above-captioned action. Defendants have filed extensive opposition papers. This Memorandum Order presumes familiarity with the Report, which details the underlying record and the parties' contentions. Capitalized terms used in this Memorandum Order that are not otherwise defined have the meanings set forth in the Report.

### DISCUSSION

        When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). Under Federal Rule of Civil Procedure 72(b)(3), a district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

---

[1]     The Report is filed as entry no. 112 on the electronic case docket.

to. The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

The Court has reviewed thoroughly the parties' submissions on the objections as well as papers filed in connection with the underlying motions and, for the following reasons, adopts in part the Report's recommended conclusions. The Court has reviewed de novo those aspects of the report to which Plaintiff has objected specifically.

Objections Relating to Plaintiff's Partial Summary Judgment Motion

Plaintiff moved for partial summary judgment on the issue of liability against all Defendants, "for their breach of the Mutual Nondisclosure Agreement (the 'NDA')." (Pl. Mem. In Supp. Of Mot. For Part. S. J. at 3.) Plaintiff's motion focused principally on (1) Defendants' admission that their developer, Teytel, had used outputs from earlier testing of Plaintiff's ACE sequences to "test" output of a sequence allegedly developed by Teytel (Teytel maintains that the test was for "vanity" purposes only; Plaintiff argues that the test was instrumental in

determining the viability of the Teytel sequence), and (2) references in a notebook maintained by Teytel that Plaintiff argues demonstrate that Teytel used ACE to create Defendants' sequences. (Id. at 4-5.)

The Report construes Plaintiff's motion as going to the first, price-"testing" issue only, and recommends that Plaintiff be granted summary judgment of liability as to that misuse of information protected by the confidentiality and use limitation provisions of the NDA. The Report also recommends that the Court resolve the issue of damages on this claim in Plaintiff's favor, but only to the extent of a nominal award of one dollar, based on a determination that Plaintiff had failed to proffer evidence of damages flowing from "research (i.e. non-investment)" misuse of information derived from ACE. Having reviewed this aspect of the Report de novo, the Court concludes that the Report errs insofar as it construes Plaintiff's motion too narrowly, resolves the question of the character of the use in Defendant's favor when the record is sufficient to raise a genuine issue of fact as to whether Teytel's testing had only "vanity" or "non-investment" implications, and resolves the issue of damages prematurely. Accordingly, the Court will adopt the report insofar as it recommends the grant of partial summary judgment to Plaintiff on the issue of Defendant's liability for Teytel's access to and use of ACE output. The Court does not adopt the Report's analysis and recommended conclusions regarding the character of Teytel's use of the output and the significance of that use as to the appropriate measure of damages, nor does the Court adopt the Report's recommended conclusion that Plaintiff is entitled only to nominal damages on this aspect of its claim. Genuine issues of material fact remain as to the damages issues, on which Plaintiff had not moved for summary judgment, so the Report's recommendations are declined as premature.

As noted above, the Report also erred in construing the partial summary judgment

motion as not reaching Plaintiff's claim that Defendants breached the NDA by misusing Confidential Information to develop the Teytel sequences. The Court concludes that the Teytel notebook and the expert evidence proffered by Plaintiff in this connection, which is described at some length in section III.C.2.b. of the Report, would be sufficient to support a reasonable jury's determination in Plaintiff's favor on this aspect of the breach of contract claim, but that Defendants' proffers are sufficient to demonstrate the existence of genuine issues of material fact. The Court also notes that apparently relevant discovery (in the form of Defendants' development and testing records) requested by Plaintiff and ordered produced by the Magistrate Judge has not yet been produced, because a stay was granted pending resolution of the instant motions and a motion for reconsideration of the Magistrate Judge's order. Plaintiff's partial summary judgment motion is, therefore, denied as to the derivation aspect of Plaintiff's breach of contract claim.

Objections to Recommendations Relating to Defendants' Summary Judgment Motion

Defendants moved for summary judgment dismissing all of Plaintiff's claims.

Recommended Grant of Summary Judgment for Defendants on Plaintiff's Quantum Meruit, Breach of Duty of Good Faith and Fair Dealing, and Unjust Enrichment Claims

The Court has reviewed for clear error the Report's recommendation that summary judgment be granted in Defendants' favor on these claims because they are insufficiently independent of Plaintiff's contract claims, which are premised on Defendants' allegedly improper use of Confidential Information protected by the NDA. The Report's thorough analysis of this issue is not clearly erroneous, and the Court will adopt the Report's recommended disposition of these claims.

### Recommended Grant of Summary Judgment for Defendants on Plaintiff's Misappropriation Claims

#### Recommended Dismissal of Claim Relating to 100-path Mixed-Seed Sequence as Time Barred

The Court has reviewed de novo the Report's recommendations as to the timeliness of Plaintiff's misappropriation claims, and concurs in the Report's analysis and conclusions. Accordingly, summary judgment will be granted in Defendants' favor on Plaintiff's misappropriation claim concerning Defendants' 100-path mixed-seed sequence.

#### Recommended Grant of Summary Judgment Dismissing Remainder of Misappropriation Claims on Evidentiary Grounds

The Court has reviewed de novo the Report's recommendation that Plaintiff's misappropriation claims as to Defendants' other sequences be dismissed because Plaintiff failed to frame a genuine issue of material fact as to whether Defendants' sequences were similar to or derived from Plaintiff's ACE sequence. The Report accurately allocates to Plaintiff the prima facie burden of demonstrating similarity or derivation in the first instance, before any burden falls on Defendants to proffer evidence of independent creation. See Report at 57-58 and authorities cited therein.[2] The Court concurs in the Report's conclusion that Plaintiff has failed to make the requisite demonstration of similarity as between the sequences produced by

---

[2] Norbrook Laboratories Ltd. V. G.C. Hanford Manuf. Co., 297 F. Supp. 2d 463 (N.D.N.Y. 2003), cited by Plaintiff for the proposition that similarity of trade secrets can be established by identifying similarities in underlying processes, notwithdtanding differences in the trade secret products, thus shifting to defendant the burden of proving independent creation, is inapposite. The Norbrook court did not address the similarity issue. Rather, tbe court found that a trade secret element of the plaintiff's manufacturing process had been misappropriated and seemingly employed in the development of the defendant's product, and then considered defendant's evidence in support of its independent development defense.

Defendants in discovery and the ACE sequence itself. In concluding that Plaintiff has failed to demonstrate derivation the Report fails, however, to draw all reasonable inferences in Plaintiff's favor and to take into account the unresolved issues concerning the stayed production of Defendants' development and testing files. The recommended grant of summary judgment in Defendants' favor is, accordingly, premature as well as unwarranted on the current record because there is a genuine issue of material fact as to whether Defendants' sequences were derived from the ACE sequence, and the outstanding testing and development discovery may be relevant to whether Plaintiff can frame a genuine issue of material fact as to whether Defendants' disclosed practices were a front for actual use of the ACE sequence in generating Yield Book outputs. The motion will therefore be denied as to the aspects of Plaintiff's misappropriation claim that concern Defendants' sequences other than the time-barred 100-path mixed-seed sequence.

Recommended Grant of Partial Summary Judgment to Defendants on Breach of Contract Claim

The Report recommends, on the basis of its evidentiary conclusions regarding the misappropriation claims, that summary judgment be granted in Defendants' favor on all facets of Plaintiff's breach of contract claim other than Teytel's use of ACE output to test his sequence. Because there are genuine issues of material fact as to whether Defendants' sequences were derived from, or disguised the use of, the ACE sequence and related information, Defendants' motion as to these aspects of the breach of contract claim, which alleges misuse of Confidential Information protected by the NDA, is denied.

Recommendation Concerning Cross-Motions for Attorneys' Fees

Because genuine issues of material fact preclude the resolution at this stage of

Defendants in discovery and the ACE sequence itself. In concluding that Plaintiff has failed to demonstrate derivation the Report fails, however, to draw all reasonable inferences in Plaintiff's favor and to take into account the unresolved issues concerning the stayed production of Defendants' development and testing files. The recommended grant of summary judgment in Defendants' favor is, accordingly, premature as well as unwarranted on the current record because there is a genuine issue of material fact as to whether Defendants' sequences were derived from the ACE sequence, and the outstanding testing and development discovery may be relevant to whether Plaintiff can frame a genuine issue of material fact as to whether Defendants' disclosed practices were a front for actual use of the ACE sequence in generating Yield Book outputs. The motion will therefore be denied as to the aspects of Plaintiff's misappropriation claim that concern Defendants' sequences other than the time-barred 100-path mixed-seed sequence.

Recommended Grant of Partial Summary Judgment to Defendants on Breach of Contract Claim

The Report recommends, on the basis of its evidentiary conclusions regarding the misappropriation claims, that summary judgment be granted in Defendants' favor on all facets of Plaintiff's breach of contract claim other than Teytel's use of ACE output to test his sequence. Because there are genuine issues of material fact as to whether Defendants' sequences were derived from, or disguised the use of, the ACE sequence and related information, Defendants' motion as to these aspects of the breach of contract claim, which alleges misuse of Confidential Information protected by the NDA, is denied.

Recommendation Concerning Cross-Motions for Attorneys' Fees

Because genuine issues of material fact preclude the resolution at this stage of

most of the parties' dispute concerning breach of the NDA, the Report's recommended grant of attorneys' fees to Defendants is premature. Both parties' motions for attorneys' fees are denied, without prejudice to renewal at a later stage of this litigation.

## CONCLUSION

The Report (docket entry no. 112) is adopted insofar as it recommends the grant of summary judgment in Plaintiff's favor as to Defendants' liability for breach of the NDA through Teytel's use of ACE outputs to test Defendants' sequence, and insofar as it recommends the grant of summary judgment in Defendants' favor dismissing as time barred Plaintiff's misappropriation claim relating to the 100-path sequence, and dismissing Plaintiff's quantum meruit, breach of duty of good faith and fair dealing, and unjust enrichment claims. The motions for summary judgment and attorneys' fees are denied in all other respects, and the parties are directed to return to Judge Pitman for settlement negotiations and the conduct of further pretrial proceedings consistent with this Memorandum Order.

SO ORDERED.

Dated: New York, New York
November 22, 2010

LAURA TAYLOR SWAIN
United States District Judge