D&F

## CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS
LONDON · MOSCOW · FRANKFURT · COLOGNE
ROME · MILAN · HONG KONG · BEIJING

Writer's Direct Dial: (212) 225-2480
E-Mail: lfriedman@cgsh.com

December 6, 2010

BY FACSIMILE (212) 805-0426

Honorable Laura T. Swain
United States District Court for the Southern
 District of New York
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
10 DEC 2010

Re: Advanced Analytics, Inc. v. Citigroup Global Markets Inc., et al.
    No. 04 CIV. 3531 (LTS) (HBP)

Dear Judge Swain:

      We represent defendants in the above-referenced matter. We write to ask that Your Honor address a damages-related ground on which defendants are entitled to summary judgment and which the parties have fully briefed, but which the Court did not address in its November 22, 2010 Memorandum Order (the "November 22 Order"). The November 22 Order adopts in part and rejects in part Magistrate Judge Pitman's August 5, 2009 Report and Recommendation (the "Report"). Judge Pitman did not address in the Report this damages-related ground on which defendants are entitled to summary judgment – plaintiff's inability as a matter of law to prove recoverable damages even if it could prove defendants' liability – because he recommended granting defendants summary judgment on the ground that plaintiff could not prove defendants' liability. This recommendation rendered moot the separate and independent damages-related ground on which defendants are entitled to summary judgment. But because Your Honor ruled in the November 22 Order that awarding defendants summary judgment on the liability-related ground Judge Pitman had endorsed is premature or otherwise unwarranted, the additional damages-related ground on which defendants are entitled to summary judgment that neither Judge Pitman nor Your Honor reached is no longer moot, and to the contrary is fully ripe for decision.

Honorable Laura T. Swain, p. 2

Further, if Your Honor agrees that defendants are entitled to summary judgment on this ground, all or at least most of the further discovery and subsequent proceedings on other subjects that the November 22 Order contemplates will be moot and unnecessary. Accordingly, the interests of judicial and party economy and efficiency would be best served if the Court were to address this fully briefed but unaddressed damages-related ground for awarding defendants summary judgment now, before the Court and the parties embark upon other proceedings that could be entirely wasteful.

Because this ground for granting defendants summary judgment is not addressed in the Report or the November 22 Order, we do not believe this request is properly styled as a motion for reconsideration pursuant to Local Civil Rule 6.3. Nonetheless, if the Court disagrees, we respectfully request that it deem this letter a request for such relief.

Background. Plaintiff Advanced Analytics, Inc., ("AAI") seeks damages for breach of contract, trade secret misappropriation, unjust enrichment, quantum meruit and breach of the covenant of good faith and fair dealing, all stemming from defendants' alleged taking of AAI's "ACE numbers," a low discrepancy sequence that AAI asserts can be used in valuing mortgage-backed securities. In May 2008, after several years of discovery, the parties submitted cross-motions for summary judgment to Judge Pitman. AAI moved for summary judgment only on its claim that defendants breached the parties' non-disclosure agreement by permitting one of its employees to access a test report on the accuracy of the ACE numbers. Defendants moved for summary judgment on all of AAI's claims.

The Report. Judge Pitman recommended granting AAI's motion for partial summary judgment and awarding it $1 in nominal damages, and granting defendants' motion for summary judgment as to all of AAI's remaining claims. Judge Pitman also recommended granting summary judgment to defendants on AAI's trade secret misappropriation and remaining breach of contract claims on liability grounds, concluding that "no reasonable jury could find the evidence in the record sufficient to conclude that defendants improperly used plaintiff's trade secret – ACE – in developing any of their sequences." Report at 71. Because Judge Pitman concluded that AAI could not prove defendants' liability, he did not reach defendants' separate and independent entitlement to summary judgment on the ground that, even if AAI could prove defendants' liability, it could not prove any recoverable damages. As defendants demonstrated in their summary judgment briefs, AAI is limited by law to seeking damages on these claims in the form of a reasonable royalty, but had failed to proffer any competent, non-speculative evidence of such royalty damages. In particular, defendants demonstrated that the appropriate measure of damages for trade secret misappropriation is a reasonable royalty where, as here, there is a proposed license that contemplates a royalty agreement. Similarly, a reasonable royalty is the correct measure of damages for breach of contract where, as here, such a royalty was the benefit the plaintiff sought under the contract. Finally, defendants demonstrated that the opinion of AAI's damages expert – whose report AAI conceded is the sole basis for its damages claim – does not provide a basis for determining a reasonable royalty, because it assumes the acceptance of an AAI licensing proposal that defendants indisputably rejected, and fails to address any of the legal criteria for determining a reasonable royalty. See Defs. Memo. of Law

Honorable Laura T. Swain, p. 3

at 29-36; Defs. R. Memo. of Law at 16-21. (We would be pleased to provide Chambers copies of these briefs, if Your Honor wishes to have them.) But as the result of Judge Pitman's conclusion that AAI could not establish defendants' liability on these claims, apparently he considered this damages-related ground for summary judgment to be moot, and did not address it.

<u>The November 22 Order</u>. The November 22 Order makes this damages-related ground on which defendants are entitled to summary judgment newly ripe. It adopts the Report's recommended dismissal of a portion of AAI's trade secret misappropriation claims and its quantum merit, breach of good faith and fair dealing and unjust enrichment claims in full, and the recommended granting of AAI's partial summary judgment motion on liability on one aspect of its breach of contract claim. Nonetheless, it rejects as premature and unwarranted the Report's recommended dismissal of AAI's remaining misappropriation and breach of contract claims based on the Report's conclusion that AAI could not prove defendants' liability on those claims, and instructs the parties to return to Judge Pitman for settlement negotiations and further pretrial proceedings, including discovery relating to the remaining claims.

In so ruling, Your Honor did not address – apparently because Judge Pitman did not address – defendants' entitlement to summary judgment on AAI's remaining claims on the ground that, even if AAI proved defendants were liable, it could not prove any recoverable damages. But now that Your Honor has ruled that AAI may pursue its liability claims, AAI's ability to prove recoverable damages is ripe for adjudication.

Moreover, because most of the further discovery and subsequent proceedings on liability issues that the November 22 Order contemplates will be moot and unnecessary if the Court concludes AAI cannot sustain its damage claim, it would be wasteful of both the Court's and the parties' resources to pursue the additional proceedings the November 22 Order contemplates before the Court addresses the damages-related ground on which defendants are entitled to summary judgment.

Because the parties have already fully briefed this remaining threshold point, Your Honor can and should rule on it, or refer it to Judge Pitman for a further report. If Your Honor prefers, we would be pleased to address this subject further at a conference, to be scheduled at the Court's convenience.

Respectfully,

Lawrence B. Friedman

cc: Hon. Henry Pitman (via facsimile – (212) 805-6111)
    Todd S. Collins, Esq. (via email)
    Russell Munves, Esq. (via email)