**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI

Writer's Direct Dial: +1 212 225 2357
E-Mail: jkpark@cgsh.com

October 3, 2012



VIA FACSIMILE

Hon. Laura Taylor Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**MEMO ENDORSED**

Re: Advanced Analytics, Inc. v. Citigroup Global Markets Inc., et al., 04 Civ. 3531 (LTS) (HBP)

Dear Judge Swain:

On behalf of Defendants Citigroup Global Markets Inc. and The Yield Book, Inc. (together, "Defendants"), I write in response to the submission by Plaintiff Advanced Analytics, Inc. ("AAI") of three memoranda of law, totaling 60 pages in length, in support of its objection to Magistrate Judge Pitman's September 25, 2012 order (Dkt. No. 174). AAI's voluminous submission, which also included (1) a 27 page declaration from one of AAI's experts, Jianqing Fan, and a 4 page declaration from AAI's principal, neither of which was ever submitted to Magistrate Judge Pitman; and (2) more than 1500 pages of exhibits, is a blatant attempt to circumvent the 25 page limit on memoranda of law set forth in the Court's Individual Practices.[1]

---

[1] In addition, Dr. Fan's declaration is (a) untimely under the current scheduling order (Dkt. No. 143), which called for AAI to submit its expert reports on May 17, 2012 and for the close of all discovery on July 17, 2012; (b)

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE.

Hon. Laura Taylor Swain, p. 2

AAI's objection addresses rulings issued by Magistrate Judge Pitman at a *single hearing* on September 5, 2012, which were memorialized in a *single order* on September 25, 2012. Accordingly, AAI's *single* notice of objections, requesting a *single* form of relief (an "Order Modifying or Setting Aside the Magistrate Judge's Rulings of September 5, 2012"), should be accompanied by a *single* memorandum of law. This is consistent with Local Civil Rule 7.1, which directs a party filing a motion to submit "*[a] memorandum* of law, setting forth the cases and other authorities relied upon in support of the motion, and *divided, under appropriate headings, into as many parts as there are issues to be determined*." Local Civ. R. 7.1 (emphasis added). Just as a party would not be permitted to submit multiple memoranda of law in support of a motion to dismiss, each one dealing with a separate claim, AAI should not be permitted to vastly expand the scope of its argument by submitting multiple memoranda of law here.

Per Your Honor's Individual rules, we have notified AAI of this error and requested that it withdraw its improper submissions and submit a single brief addressing Magistrate Judge Pitman's rulings. AAI has refused. Defendants therefore respectfully request that the Court strike AAI's improper submission and direct it to file a single memorandum of law that complies with the 25 page limit, or such other reasonable page limit as the Court may deem appropriate.

Respectfully submitted,

*Jennifer Kennedy Park* /NLS

Jennifer Kennedy Park

The request is denied.

cc: Russell D. Munves (via facsimile)
Todd S. Collins (via facsimile)

SO ORDERED.

NEW YORK, NY

Oct 9, 2012

LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

---

improper under the Federal Rules of Civil Procedure, which require an expert to disclose in his or her report "a complete statement of *all* opinions the witness will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B) (emphasis added); and (c) plainly outside the scope of Dr. Fan's expertise. Moreover, it does not comply with 28 U.S.C. § 1746, which requires that Dr. Fan state, "under penalty of perjury," that the contents of his declaration are "true and correct." Defendants therefore reserve the right to seek the exclusion of Dr. Fan's declaration pursuant to Rule 16(f), Rule 37(c) or any other applicable law or rule, including the principles of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).