UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

ADVANCED ANALYTICS, INC.,

        Plaintiff and Counterclaim-Defendant,

    v.

CITIGROUP GLOBAL MARKETS, INC. f/k/a
SALOMON SMITH BARNEY, INC., and THE YIELD
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,

        Defendants and Counterclaim-Plaintiffs.

------------------------------------------------------------------------ X

No. 04 Civ. 3531 (LTS) (HBP)

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR REDACTION OF THE ELECTRONIC TRANSCRIPT OF THE JULY 18, 2012 HEARING

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendants and Counterclaim-Plaintiffs
Citigroup Global Markets Inc. and
The Yield Book Inc.

# TABLE OF AUTHORITIES

**Page(s)**

## <u>Rules</u>

Fed. R. Civ. P. 5.2(e) ............................................................................................................   1, 2

Defendants Citigroup Global Markets Inc. and The Yield Book Inc. (collectively, "Defendants"), respectfully request that, pursuant to Federal Rule of Civil Procedure 5.2(e), the Court order certain portions of the public version of the transcript of the July 18, 2012 hearing (the "July 18 Hearing") be redacted and maintained under seal to preserve Defendants' confidential information.[1]  The July 18 Hearing transcript is currently scheduled for public release on December 13, 2012.[2]

Defendants' requested redactions are highlighted in the accompanying copy of the transcript that is attached as Exhibit 1 to the Sealed Declaration of Nicholas R. Fung dated October 4, 2012 ("Fung Decl.").  These proposed redactions correspond to documents produced in this matter and other written material, as well as deposition testimony, that are Confidential Discovery Material pursuant to the Stipulation and Protective Order Governing Confidential Material dated March 14, 2005 (the "Protective Order"),[3] which permits the parties to designate certain categories of information produced in the course of discovery as "Confidential" or "Highly Confidential," with all such material referred to collectively as "Confidential Discovery Material."  Id. ¶¶ 2-3.[4]

During the July 18 Hearing, portions of Confidential Discovery Material were read into the record and discussed in detail.  Specifically, the parties discussed the contents of various profits related documents that have been produced in this litigation as Confidential

---

[1] See SDNY Redaction Request Form (noting that "redactions other than the personal identifiers listed above requires a separate Motion for Redaction of Electronic Transcript be filed.") (available at http://www.nysd.uscourts.gov/file/forms/redaction-request-form).

[2] While the July 18 transcript was originally scheduled for public release on November 8, 2012, see ECF docket item no. 158, a subsequent docket entry provides that it shall be released on December 13, 2012.  See ECF docket item no. 166.

[3] The Protective Order was entered on March 21, 2005.  ECF docket item no. 25.

[4] The Protective Order also provides a procedure for the parties to challenge and object to a producing party's confidentiality designation.  Id. ¶ 17.

Discovery Material that have been designated as Confidential. The parties also discussed excerpts from the Declaration of Richard A. Isenberg, dated June 18, 2012 ("Isenberg Declaration"), and the deposition of Anthony Sanders, January 23, 2008, that have been designated as Confidential. The parties also discussed during the July 18 hearing Defendants' proprietary software code, as well as excerpts of testimony from several deposition transcripts that have been designated Confidential Discovery Material, including testimony from the depositions of Robert Russell, Branislav Radak and Lakhbir Hayre.

Rule 5.2(e) empowers a court to enter an order requiring the redaction of information or to limit or prohibit a nonparty's remote electronic access to a document filed with the court. See Fed. R. Civ. P. 5.2(e). The Confidential Discovery Material discussed at the July 18 Hearing was designated as such months – and in some instances years – ago, and remain so. Allowing Confidential Discovery Material to be disclosed through a public filing of an unredacted version of the transcript of the July 18 hearing would amount to an end-run around the Protective Order.

Moreover, all of the information Defendants propose to be redacted from the July 18 Hearing transcript has been designated as Confidential (rather than Highly Confidential), and thus may be disclosed by AAI's counsel to AAI and its principal Dr. Wang. Accordingly, AAI cannot be heard to say it would suffer any prejudice from the Court granting Defendants' request for redaction.

For the foregoing reasons, Defendants respectfully request that the Court order the July 18 Hearing transcript sealed in part, such that only the redacted transcript (reflecting Defendants' requested redactions) be made available on the Court's public docket and that the transcript in full be maintained under seal.

-2-

Dated: New York, New York
        October 4, 2012

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____

   Christopher P. Moore
   (cmoore@cgsh.com)
   Jennifer Kennedy Park
   (jkpark@cgsh.com)

One Liberty Plaza
New York, New York  10006-1470
(212) 225-2000
(212) 225-3999

Attorneys for Defendants and Counterclaim-
Plaintiffs Citigroup Global Markets Inc. and The
Yield Book Inc.