UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ADVANCED ANALYTICS, INC.,

        Plaintiff,

  -v-                                                      No.  04 Civ. 3531 (LTS)(HBP)

CITIGROUP GLOBAL
MARKETS, INC. et al.,

        Defendants.
-------------------------------------------------------x

## ORDER

        Plaintiff Advanced Analytics, Inc. ("Plaintiff") has filed objections to Magistrate Judge Henry B. Pitman's rulings, rendered at a September 5, 2012, hearing, and memorialized in a September 25, 2012, Order, which granted Defendants' motion to strike the Notice of Expert Testimony of Plaintiff's expert Jianqing Fan (referred to herein as "Dr. Fan's Reply Report"), dated July 17, 2012, and denied Plaintiff's motion to modify and reconsider Judge Pitman's July 18, 2012, Order sustaining Defendant's "Highly Confidential" designation of the sequence development and testing files produced.  Plaintiff also objects to Judge Pitman's denial of Plaintiff's application to compel further production of the Yield Book code and to compel additional depositions of Robert Russell and Stewart Herman, as well as Judge Pitman's ruling to defer the resolution of Plaintiff's application for additional profits discovery pending the Defendants' contemplated motion for summary judgment on the issue of liability.

        This case arises from Plaintiff's allegations that Defendants misappropriated sequences of numbers developed by Plaintiff's principal, Xiaolu Wang, and either incorporated them into a software product called the Yield Book, which offers models to price mortgage-backed securities, or used them to create new sequences of numbers for use in the Yield Book

product. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. The Court has reviewed thoroughly the parties' voluminous briefing on the objections as well as the supporting declarations and exhibits submitted. For the following reasons, Plaintiff's objections are overruled in their entirety and Judge Pitman's orders will stand.

Under Federal Rule of Civil Procedure 72(a), a party may object to an order issued on a nondispositive motion and the district judge "must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." An order is clearly erroneous where, based on the entire evidence, the district court is "left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opportunity Commission v. Teamsters Local 804, No. 04 civ. 2409(LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (citations omitted). A finding is "contrary to law" if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quotation marks and citation omitted). "The party seeking to overturn a magistrate judge's decision [therefore] bears a heavy burden." Id. "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 civ. 7677, 2002 WL 31309232, at *1 (S.D.N.Y. Oct. 15, 2002) (citation omitted).

Ruling on Motion to Strike Dr. Fan's Reply Report

Dr. Fan's Reply Report was filed two weeks after the close of discovery. "If an expert's report 'does not rely [on] any information that was previously unknown or unavailable to him,' it is not an appropriate supplemental report under Rule 26." Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd., 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011). Plaintiff

has not met its burden of establishing that Judge Pitman's ruling granting Defendants' motion to strike Dr. Fan's Reply Report, memorialized in Judge Pitman's September 25, 2012, Order, was either clearly erroneous or contrary to law. For these reasons and for substantially the reasons stated on the record by Judge Pitman, at the September 5, 2012, hearing, Plaintiff's objection is overruled.

### Ruling Concerning "Highly Confidential Designations"

Plaintiff also objects to Judge Pitman's denial of Plaintiff's motion to modify and reconsider his July 18, 2012, Order sustaining Defendants' "Highly Confidential" designation of the sequence development and testing files. A court "'enjoys considerable discretion in granting or denying [a motion for reconsideration]' and such motion should be 'sparingly' granted." New Jersey Carpenters Health Fund v. Residential Capital, Nos. 08 Civ 8781(HB), 08 Civ 5093(HB), 2013 WL 55854, at *5 (S.D.N.Y. Jan. 3, 2013) (internal quotation marks and citation omitted). Moreover, a court has broad discretion regarding whether to issue a protective order under Rule 26(c). Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992). The "exchange of proprietary information, the disclosure of which is likely to cause harm [ ] is appropriate subject matter for a protective order." Infosint S.A. v. H. Lundbeck A.S., No. 06 Civ. 2869(LAK)(RLE), 2007 WL 1467784, at *2 (S.D.N.Y. May 16, 2007). Plaintiff has not met its burden of showing that Judge Pitman abused his discretion in denying the reconsideration motion. For these reasons and for those stated by Judge Pitman at the July 18, 2012, hearing and then again, at the September 5, 2012, hearing, Plaintiff's second objection is denied.

### Rulings Concerning Further Yield Book Production and Depositions

Finally, Plaintiff objects to Judge Pitman's denial of Plaintiff's application to compel further production of the Yield Book code and to compel additional depositions of

Robert Russell and Stewart Herman, memorialized in Judge Pitman's September 25, 2012, Order. For substantially the reasons stated by Judge Pitman at the September 5, 2012, hearing, and in light of the evidence proffered by Defendants that Plaintiff has everything it needs to compare Defendants' sequences, analyze the code that Defendants use to generate their sequences to determine whether this process could have been derived from Defendants' alleged exposure to the Plaintiff's product and determine whether the Plaintiff's product played any role in the development of Defendants' sequences, the Court does not find any basis for overturning Judge Pitman's decision to deny Plaintiff's application for additional production of Defendants' code. Similarly, Plaintiff has not sustained its burden of establishing why it is necessary to recall Robert Russell and Stewart Herman for deposition testimony. The Court also finds, from review of the evidence in front of Judge Pitman and in light of the briefings submitted in connection with this objection, that Judge Pitman's ruling permitting Defendants to move for summary judgment motion on the issue of liability before commencing the profits phase of discovery is not clearly erroneous or contrary to law. Therefore, the Plaintiff's third objection is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Pitman's orders are overruled in their entirety. This Memorandum Order resolves docket entries numbers 195, 196 and 197. The parties are directed to contact Judge Pitman's Chambers regarding scheduling for the summary judgment motion practice.

SO ORDERED.

Dated: New York, New York
February 8, 2013

_____
LAURA TAYLOR SWAIN/S
United States District Judge