UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ANALYTICS, INC.,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC. f/k/a SALOMON SMITH BARNEY, INC., and THE YIELD BOOK INC., f/k/a SALOMON ANALYTICS, INC.,<br><br>Defendants and Counterclaim-Plaintiffs. | No. 04 Civ. 3531 (LTS) (HBP) |

**MEMORANDUM OF LAW OF DEFENDANTS CITIGROUP GLOBAL MARKETS, INC. AND THE YIELD BOOK INC. IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY OR RECONSIDER THE COURT ORDER OF JUNE 19, 2013**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendants Citigroup Global Markets, Inc. and The Yield Book Inc.

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| I. AAI'S MOTION FOR RECONSIDERATION FACES A HIGH THRESHOLD, WHICH IT DOES NOT EVEN ATTEMPT TO MEET | 2 |
| II. EVEN IF AAI'S ARGUMENTS COULD BE PROPERLY CONSIDERED AT THIS STAGE, THEY PROVIDE NO BASIS FOR MODIFYING THE JUNE 19 ORDER | 5 |
| CONCLUSION | 6 |
| APPENDIX A | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Rules and Statutes**

Fed. R. Civ. P. 11(c)(3) ..... 4

**Cases**

Cont'l Petroleum Corp. v. Corp. Funding Partners, LLC,
No. 11 Civ. 7801, 2012 WL 1856474 (S.D.N.Y. May 22, 2012) ..... 2-3, 4

Forrest v. Unifund Fin. Grp., Inc.,
No. 04 Civ. 5151, 2007 WL 766297 (S.D.N.Y. Mar. 13, 2007) ..... 3

Montanile v. Nat'l Broad. Co.,
216 F. Supp. 2d 341 (S.D.N.Y. 2002) ..... 2

N. Am. Karaoke-Works Trade Ass'n, Inc. v. Entral Grp. Int'l, LLC,
No. 06 Civ. 5158, 2007 WL 844689 (S.D.N.Y. Mar. 16, 2007) ..... 2

Rafter v. Liddle,
288 F. App'x 768 (2d Cir. 2008) ..... 2

Sahu v. Union Carbide Corp.,
No. 04 Civ. 8825, 2010 WL 909074 (S.D.N.Y. Mar. 15, 2010) ..... 2, 4

Sedona Corp. v. Ladenburg Thalmann & Co., Inc.,
No. 03 Civ. 3120, 2006 WL 2034663 (S.D.N.Y. July 19, 2006) ..... 2

Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co.,
No. 01 Civ. 7677, 2003 WL 21058105 (S.D.N.Y. May 9, 2003) ..... 2

Defendants Citigroup Global Markets, Inc. and The Yield Book Inc. (collectively, "Defendants"), respectfully submit this Memorandum of Law in opposition to Plaintiff Advanced Analytics, Inc. ("AAI")'s motion to modify or reconsider the Court's June 19, 2013 Order. Order (June 19, 2013), Dkt. No. 221 ("June 19 Order").

## PRELIMINARY STATEMENT

AAI's motion for reconsideration is frivolous. It is the latest in a long line of such motions designed to needlessly multiply these proceedings and further its strategy of litigation by attrition. The sole relief sought by AAI's motion is to alter the briefing schedule set by the Court on June 19, 2013, which provides that the Court will resolve Defendants' motion to strike the Fourth Declaration of Jianqing Fan (the "Fourth Declaration") before permitting AAI to make arguments based on the substance of that untimely declaration in support of its anticipated motion for sanctions. Tellingly, nowhere in its brief does AAI even cite, let alone seek to satisfy, the standard governing motions for reconsideration in this district – namely that it bears the burden of demonstrating controlling law or factual matters that were overlooked and might reasonably be expected to alter the decision. Instead, AAI offers only a premature attack on Defendants' motion to strike the Fourth Declaration (which, pursuant to the Court's scheduling order, was not due until today and is being submitted concurrently herewith) and a preview of AAI's anticipated motion for sanctions. But the relative merit of these motions has nothing to do with their proper sequencing. Rather, as the Court correctly concluded in its June 19 Order, before the Court rules on AAI's motion for sanctions, it must decide whether the Fourth Fan Declaration – which AAI asserts is "central" to that motion, see June 19 Order at 1 – is properly part of the record. Id. This conclusion is correct, and none of the arguments that AAI puts forth in support of its motion for reconsideration justify disturbing it.

## ARGUMENT

### I. AAI'S MOTION FOR RECONSIDERATION FACES A HIGH THRESHOLD, WHICH IT DOES NOT EVEN ATTEMPT TO MEET

AAI does not even cite, let alone argue that it meets, the applicable standard for deciding a motion for reconsideration. In order to justify reconsideration of the June 19 Order, AAI bears the burden under Local Civil Rule 6.3 of "demonstrat[ing] controlling law or factual matters put before the court on the underlying motion that [it] believes the court overlooked and that might reasonably be expected to alter the court's decision." Sedona Corp. v. Ladenburg Thalmann & Co., Inc., No. 03 Civ. 3120, 2006 WL 2034663, at *2 (S.D.N.Y. July 19, 2006) (Swain, J.) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)); see also Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008); N. Am. Karaoke-Works Trade Ass'n, Inc. v. Entral Grp. Int'l, LLC, No. 06 Civ. 5158, 2007 WL 844689, at *2 (S.D.N.Y. Mar. 16, 2007) ("A movant for reconsideration bears [a] heavy burden . . . .") (Swain, J.). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Montanile, 216 F. Supp. 2d at 342 (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); Sahu v. Union Carbide Corp., No. 04 Civ. 8825, 2010 WL 909074, at *2 (S.D.N.Y. Mar. 15, 2010). Thus, Local Civil Rule 6.3 "should be 'narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., No. 01 Civ. 7677, 2003 WL 21058105, at *2 (S.D.N.Y. May 9, 2003) (quoting Dellefave v. Access Temps., Inc., No. 99-cv-6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)). "A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." Cont'l

Petroleum Corp. v. Corp. Funding Partners, LLC, No. 11 Civ. 7801, 2012 WL 1856474, at *1 (S.D.N.Y. May 22, 2012) (internal citations and quotation marks omitted). Likewise, a motion for reconsideration that seeks solely "to relitigate an issue already decided by the Court" must be denied. Forrest v. Unifund Fin. Grp., Inc., No. 04 Civ. 5151, 2007 WL 766297, at *3 (S.D.N.Y. Mar. 13, 2007) (Swain, J.).

Though "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved," this is precisely what AAI has done here. Cont'l Petroleum, 2012 WL 1856474, at *1 (quoting Families for Freedom v. U.S. Customs & Border Prot., No. 10-cv-2705, 2011 WL 4599592, at *2 (S.D.N.Y. Sept. 30, 2011)). AAI does not cite a single fact or a single case that could justify the submission of its motion for reconsideration much less provide any basis for the granting of such a motion. Instead, AAI's motion for reconsideration does nothing more than reiterate, in summary form, the arguments it made to the Court in its June 17, 2013 letter, in which AAI requested a conference on its anticipated motion for sanctions and asked the Court to schedule briefing on that motion prior to or concurrent with Defendants' motion to strike the Fourth Declaration (the "Motion to Strike"). AAI's June 17, 2013 Letter to Judge Pitman at 22 ("AAI's June 17 Letter"). Just as in the motion for reconsideration, AAI argued in the June 17 letter that the Fourth Declaration could be properly submitted in connection with its anticipated motion for sanctions because "it is not an expert report under Rule 26." AAI's June 17 Letter at 20; see also Mem. Of Law in Support of P.'s Mot. to Modify or Reconsider of [*sic*] the Court Order of June 19, 2013 at 3 (July 3, 2013), Dkt. No. 224 ("Mot. to Reconsider") (same). The June 17 letter also made the same unsubstantiated allegations about Defendants' withholding and destruction of evidence contained

in AAI's reconsideration motion. See Appendix A attached hereto. It is blackletter law that a motion for reconsideration may not be used for the purpose of regurgitating previously rejected arguments, as AAI has done here. And to the extent AAI claims that its motion for reconsideration contains new arguments not previously presented to the Court, such arguments are equally improper, as AAI could have made them in a timely fashion and simply chose not to do so. Sahu, 2010 WL 909074, at *2 ("The goal of Local Rule 6.3 is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (internal citations and quotation marks omitted); see also Cont'l Petroleum, 2012 WL 1856474, at *1.

AAI makes no attempt in its motion for reconsideration to satisfy its burden of identifying any controlling facts or law overlooked by this Court, nor could it. It thus appears that the sole purpose of the motion was to harass Defendants and needlessly increase the cost of this litigation. Indeed, had AAI truly been concerned about obtaining a modification of the briefing schedule, it would not have waited 14 days to file its six-page motion, thereby ensuring that Defendants' opposition to that request was not due until the same day as the Motion to Strike – under the schedule AAI purportedly seeks to modify, the Motion to Strike is due today, and is thus being filed concurrently herewith.[1] For all of these reasons, AAI's motion for reconsideration must be denied.[2]

---

[1] Moreover, AAI did not serve the motion for reconsideration until after the close of business on July 3 – i.e., on the eve of the July 4 holiday weekend. AAI thus understood that the Court would likely not receive its papers until the morning of Monday, July 8.

[2] Given the frivolous nature of AAI's motion for reconsideration, Defendants reserve the right to seek sanctions, including an award of costs and attorney's fees expended in connection with the instant opposition, under Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c); see also Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

## II. EVEN IF AAI'S ARGUMENTS COULD BE PROPERLY CONSIDERED AT THIS STAGE, THEY PROVIDE NO BASIS FOR MODIFYING THE JUNE 19 ORDER

Even if AAI's arguments were the proper subject for a reconsideration motion, they provide no basis for changing the briefing schedule set in the June 19 Order. The first section of AAI's brief (pages 2-4) is apparently an outline of the arguments it intends to make in opposing the Motion to Strike. These arguments go to the merits of Defendants' motion and, accordingly, Defendants will respond to them through the briefing on that motion. In any event, these arguments are entirely irrelevant to the proper sequencing of the parties' motions.[3] The next section of AAI's reconsideration brief (pages 4-5) sets forth the basis for its meritless sanctions motion. Suffice it to say, Defendants vehemently reject the arguments offered by AAI in support of that threatened motion, and will respond to any such motion if and when it is actually filed. But the merits of those arguments are entirely irrelevant to whether the Court set the proper briefing schedule in the June 19 Order.

The only portion of AAI's brief that offers any argument for why the briefing schedule set by this Court should be modified (page 6) is patently illogical. AAI claims that its sanctions motion should be heard first because the Court could impose sanctions that would "obviate the need for the Court to consider Defendants' summary judgment or exclusion motions . . . ." Mot. to Reconsider 6. However, AAI ignores the fact that the Fourth Declaration is, according to AAI itself, the "linchpin" of its motion for sanctions. AAI's June 17 Letter at 20; <u>see also</u> Mot. to Reconsider 6 ("[T]he Fan Fourth Declaration should be considered in connection with . . . the Motion for Sanctions, which has not yet been filed."). Before the Court

---

[3] AAI's specious analogy to procedures that govern motions for a new trial or for relief from a judgment, Mot. to Reconsider 6, also goes to the admissibility of the Fourth Declaration and is likewise irrelevant to AAI's motion for reconsideration.

can rule on AAI's motion for sanctions, it must decide whether the Fourth Declaration is properly part of the record on that motion. Indeed, the Court made precisely this point in the June 19 Order: "the Fourth Fan Declaration is central to both plaintiff's opposition to defendants' renewed motion for summary judgment and plaintiff's application for sanctions. The dispute concerning the admissibility of the Fourth Fan Declaration should, therefore, be resolved first." June 19 Order at 1.

Whatever tactical advantage AAI might hope to gain from its preferred briefing schedule, and from the timing of the filing of its motion for reconsideration, it is not prejudiced by the schedule that the Court set in the June 19 Order. AAI will have a full opportunity to make its anticipated sanctions motion based on a ***proper*** record after the Court decides the Motion to Strike. As AAI would have it, it should be permitted to rely upon the 91-page Fourth Declaration whether or not it is properly part of the record. As this Court has already recognized, that makes no sense, and would be fundamentally unfair to Defendants.

## CONCLUSION

For the foregoing reasons, AAI's motion to modify or reconsider the June 19 Order should be denied.

Dated: New York, New York
July 10, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: ______________________________

Christopher P. Moore
(cmoore@cgsh.com)
Jennifer Kennedy Park
(jkpark@cgsh.com)

One Liberty Plaza
New York, New York 10006-1470
(212) 225-2000
(212) 225-3999

Attorneys for Defendants and Counterclaim-Plaintiffs Citigroup Global Markets, Inc. and The Yield Book Inc.

# APPENDIX A

## Comparison of allegations asserted in AAI's June 17, 2013 letter with allegations asserted in AAI's motion for reconsideration

| June 17, 2013 letter | Motion for reconsideration |
|---|---|
| "[T]he sequences that Defendants produced . . . are not the sequences that Defendants actually use for production purposes. . . ." (p. 6) (emphasis omitted) | "Defendants withheld from discovery the sequences that they are really using in violation of Court Orders to produce the sequences used by Defendants. . . ." (p. 4) |
| "[T]he Real Sequences [used by Defendants] are ACE sequences and the sequences derived from ACE." (p. 11) | "[T]hose withheld sequences are in fact the ACE sequences and sequences derived from ACE. . . ." (p. 4) |
| "Defendants created out of whole cloth one or more of their alleged sequences, including the alleged 1,000 path sequence supposedly used for production purposes during 1999-2006. This sequence could not possibly have existed, because the production code cannot generate 1000 path sequences." (p. 3) | "Defendants fabricated the sequences that they produced in discovery, including an alleged sequence of 1000 paths that could not even be generated by Defendants' production code. . . ." (p. 4) |
| "Defendants have produced no development and testing files for almost all of the sequences they allegedly developed or used . . . . The files produced with respect to the purported development of LDS200 – the only purported development and testing files produced with respect to any of their Alleged Sequences – show that they were all modified in 2005. . . ." (p. 12) (emphasis omitted) | "Defendants destroyed sequence development and testing files that they had been ordered to produce, or Defendants refused to produce them, and, in addition, doctored or tampered with such sequence development and testing files as they did produce. . . ." (pp. 4-5) |
| "Defendants . . . massively tampered with the ACE test results that Defendants produced during this litigation. . . ." (p. 16) | "Defendants produced doctored ACE test results. . . ." (p. 5) |
| "Defendants destroyed some key documents during this litigation, withheld others, and submitted false or misleading testimony." (p. 4) | "Defendants submitted false and misleading testimony concerning their spoliation and violation of Court discovery Orders. . . ." (p. 5) |

| June 17, 2013 letter | Motion for reconsideration |
|---|---|
| "[T]he Theft Code is tucked away in totally unexpected locations among the 3,400 RCS code files, containing hundreds of thousands of lines of code that Defendants produced." (p. 7 n.2) | "Defendants concealed ACE Theft Code and ACE Use Code in unexpected places far away from the code that generates sequences." (p. 5) |