UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ADVANCED ANALYTICS, INC.,              :

               Plaintiff,              :        04 Civ. 3531 (LTS)(HBP)

     -against-                         :        OPINION
                                                AND ORDER
CITIGROUP GLOBAL MARKETS, INC.,        :
et al.,
                                       :

               Defendants.             :
----------------------------------X

          PITMAN, United States Magistrate Judge:


I.   Introduction


          By notice of motion dated July 10, 2013 (Docket Item

230), defendants Citigroup Global Markets, Inc. and The Yield

Book, Inc. (collectively, "Defendants") move for an Order pursu-

ant to Rules 16, 26, and 37 of the Federal Rules of Civil Proce-

dure (1) striking the Fourth Declaration of Dr. Jianqing Fan

("Fourth Fan Decl."), which plaintiff filed in connection with

its opposition to both Defendants' motion for summary judgment

and Defendants' motion, made pursuant to Fed.R.Evid 702 and

Daubert v. Merrell Dow Pharm., 509 U.S. 579 (1993), to exclude

Dr. Fan's 2007 Report and testimony concerning the opinions set

forth in that report, and (2) awarding Defendants their expenses,

including attorney's fees and costs, incurred in connection with

the present motion.  Plaintiff Advanced Analytics, Inc. ("AAI")
opposes the motion on multiple  grounds; however, in the event
that the Fourth Fan Decl. is stricken, AAI requests, in the
alternative, that it be granted leave to amend its opposition
papers.

      For the reasons set forth below, I (1) grant in part
and deny in part Defendants' motion to strike the Fourth Fan
Decl.; (2) grant in part and deny in part Defendants' application
for an Order directing AAI to reimburse Defendants for the costs
and fees incurred in making this motion and (3) grant AAI's
request for leave to amend its papers in opposition to Defen-
dants' motion for summary judgment.

II.  Facts

      Given the lengthy history of this action, I assume the
reader's familiarity with the facts and background of this case
and reference only those facts that are necessary to explain this
opinion.[1]

---

      [1]A comprehensive recitation of the events giving rise to
this action is set forth in my 2009 Report and Recommendation
addressing the parties' motions for summary judgment.  Advanced
Analytics, Inc. v. Citigroup Global Mkts., Inc., 04 Civ. 3531
(LTS)(HBP), 2009 WL 7133660 (S.D.N.Y. Aug. 5, 2009) (Report &
Recommendation), adopted in part, rejected in part, 2010 WL
4780772 (S.D.N.Y. Nov. 22, 2010)

This action has been pending for over nine years, and arises from AAI's allegations that Defendants misappropriated sequences of numbers developed by Plaintiff's principal, Xiaolu Wang, and either incorporated them into Defendants' software product called the Yield Book, which offers models to price mortgage-backed securities, or used them to create new sequences of numbers for use in the Yield Book.  The parties have conducted extensive fact and expert discovery over the years.

During a hearing held on January 17, 2012, and after conferring with counsel, I set a revised discovery schedule and instructed the parties to raise discovery issues promptly, in order to ensure compliance with the schedule (Tr. of Discovery Conference, held on January 17, 2012 (Docket Item 146), at 78). In an Order issued immediately after the conference, I set the following schedule:  (1) no later than May 17, 2012, AAI was to submit all expert disclosures; (2) no later than June 18, 2012, Defendants were to submit all expert disclosures and (3) all discovery, including expert discovery, was to be completed by July 17, 2012 (Order, dated January 19, 2012 ("Scheduling Order") (Docket Item 143)).

Notwithstanding the Scheduling Order and my admonition that the parties raise discovery disputes promptly, AAI attempted to submit a reply expert report from Dr. Jianqing Fan after the

3

May 17, 2012 deadline ("Fan Reply") and requested yet additional discovery after the close of the discovery period (Tr. of Discovery Conference, held on July 18, 2012 (Docket Item 226)). Defendants moved to strike the Fan Reply on the grounds that it was untimely and did not constitute a proper "reply," because it contained new information and opinions that were not within the scope of either parties' prior expert disclosures (Tr. of Discovery Conference, held on September 5, 2012 (Docket Item 175), at 4).  AAI argued that the Fan Reply was proper, notwithstanding its untimeliness, because Defendants had engaged in fraudulent conduct during the course of discovery by fabricating and tampering with evidence (Tr. of Discovery Conference, held on September 5, 2012 (Docket Item 175), at 7-10).  After considering the parties' written submissions and hearing oral argument, I found that there was "very, very little evidence, if any evidence" that Defendants had committed fraud and no justification for AAI's belated filing of the Fan Reply (Tr. of Discovery Conference, held on September 5, 2012 (Docket Item 175), at 94).  Accordingly, I granted Defendants' motion to strike the Fan Reply, and granted in part and denied in part AAI's application for additional discovery.  Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc., 04 Civ. 3531 (LTS)(HBP), 2012 WL 7037319 at *1 (S.D.N.Y. Sept. 25, 2012).

AAI filed objections to my ruling striking the Fan
Reply (Docket Items 195-97).  On February 8, 2013, the Honorable
Laura T. Swain, United States District Judge, overruled AAI's
objections in their entirety.  Specifically, with regard to my
decision to strike the Fan Reply, Judge Swain held:

> Dr. Fan's Reply Report was filed two weeks after
> the close of discovery.  "If an expert's report 'does
> not rely [on] any information that was previously
> unknown or unavailable to him,' it is not an appropri-
> ate supplemental report under Rule 26." Cedar Petro-
> chemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.,
> 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) [(Francis,
> M.J.)].  Plaintiff has not met its burden of establish-
> ing that Judge Pitman's ruling granting Defendants'
> motion to strike Dr. Fan's Reply Report, memorialized
> in Judge Pitman's September 25, 2012, Order, was either
> clearly erroneous or contrary to law.  For these rea-
> sons and for substantially the reasons stated on the
> record by Judge Pitman, at the September 5, 2012,
> hearing, Plaintiff's objection is overruled.

Advanced Analytics, Inc. v. Citigroup Global Mkts., Inc., 04 Civ.
3531 (LTS)(HBP), 2013 WL 489061 at *2 (S.D.N.Y. Feb. 8, 2013).

Subsequently, the parties stipulated to a briefing
schedule for Defendants' motion for summary judgment and their
Rule 702/Daubert motion to exclude Dr. Fan's initial report and
testimony based on that report (Stipulation and Order on Briefing
Schedule for Summary Judgment, dated February 22, 2013 (Docket
Items 215, 216); Stipulation and Order on Briefing Schedule for
Motion to Exclude, dated April 16, 2013 (Docket Item 218)).
Defendants served these motions on April 5, 2013.  AAI served its

opposition to both motions on June 6, 2013; its opposition to both motions included the Fourth Fan Decl.  The Fourth Fan Decl. is 91 pages long and is accompanied by 117 exhibits, at least three of which appear to be newly created documents that were never previously produced (see Exhibits WW, CCC and SSS). Although it is difficult to summarize briefly, the Fourth Fan Decl. alleges that Defendants committed fraud during discovery and offers new theories and opinions in support of AAI's claim that Defendants misappropriated its trade secrets.  In addition, the Fourth Fan Decl. incorporates in its entirety by reference the previously stricken Fan Reply and relies upon it (Fourth Fan Decl. ¶¶ 19-26, 52, 63, 100).

By letter, dated June 10, 2013, Defendants requested a conference in connection with their anticipated motion to strike the Fourth Fan Decl. on the grounds that it was untimely and contained entirely new bases for AAI's claims (Letter from Defendants to the undersigned, dated June 10, 2013).  AAI also submitted a letter, dated June 17, 2013, requesting a conference in connection with an anticipated motion for sanctions against defendants that would be based on the allegations of discovery misconduct set forth in the Fourth Fan Decl. (Letter from AAI to the Honorable Laura Taylor Swain, United States District Judge, and the undersigned, dated June 17, 2013).

By Order, dated June 19, 2013, I directed the parties to complete their briefing on Defendants' motion to strike the Fourth Fan Decl. and adjourned <u>sine die</u> the dates on which the remaining submissions in connection with Defendants' pending motions would be due and deferred consideration of AAI's contemplated motion for sanctions until the dispute concerning the Fourth Fan Decl. was resolved (Order, dated June 19, 2013 (Docket Item 221)).  AAI sought reconsideration of my June 19 Order (Docket Items 223, 224, 228).  I denied that motion on July 11, 2013 (Endorsement, dated July 11, 2013 (Docket Item 229)).

III.  <u>Analysis</u>

Defendants argue that the untimely submission of the Fourth Fan Decl. violates the Scheduling Order and the expert disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure, warranting preclusion and an award of attorney's fees and costs, pursuant to Fed.R.Civ.P. 16 and 37.  AAI argues that the Fourth Fan Decl. is not subject to Rule 26's disclosure requirement to the extent that AAI relies on it for purposes other than the merits of its claims and that, even if Rule 26 were applicable, AAI's failure to comply with Rule 26 was substantially justified and harmless and that preclusion is, therefore, unwarranted.  In addition, AAI contends that the Fourth Fan

Decl. should not be stricken because it is properly within the scope of Fan's initial expert report.  Finally, AAI argues that an award of attorney's fees is inappropriate because it did not act in bad faith.

A.   Legal Standards

"The Court has power under Rule 16 of the Federal Rules of Civil Procedure, as well as power derived from its inherent authority to manage proceedings before it . . . to impose sanctions in respect of conduct violative of scheduling orders and wasteful of the time of the Court and opposing counsel." Dallas v. Goldberg, 95 Civ. 9076 (LTS)(RLE), 2003 WL 22872325 at *1 (S.D.N.Y. Dec. 5, 2003) (Swain, D.J.), citing Chambers v. NASCO, 501 U.S. 32, 43-50 (1991) and Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).  The same is true under Rule 37: "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 267 (2d Cir. 1999); see Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006).

1.   Noncompliance
     with Court Orders

Among other things, Rule 16 governs scheduling matters and the district court's general powers to manage its own proceedings.  Rule 16(f)(1) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."  Rule 16(f)(1)(C). Rule 37(b)(2)(A)(ii)-(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order.  These include the sanctions of preclusion, dismissal, rendering of a default judgment or contempt.  Accordingly, pursuant to Rule 16, a party's failure to comply with a scheduling or pretrial order may result in preclusion.  See RLI Ins. Co. v. May Const. Co., Inc., 09 Civ. 7415 (PKC), 2011 WL 1197937 at *2 n.1 (S.D.N.Y. Mar. 22, 2011) (Castel, D.J.) (granting motion to strike for party's failure to obey scheduling order under Rule 16(f)); Farricker v. Penson Dev., Inc., 07 Civ. 11191 (PKC), 2010 WL 4456850 at *2 n.2 (S.D.N.Y. Oct. 28, 2010) (Castel, D.J.) (same).

2.   Rule 26(a)(2)(B)'s
     <u>Disclosure Requirements</u>

Fed.R.Civ.P. 26(a)(2) governs expert disclosures.  Rule
26(a)(2)(B) requires an expert witness to provide a written
report "if the [expert] witness is one retained or specially
employed to provide expert testimony in the case or one whose
duties as the party's employee regularly involve giving expert
testimony."  The written report must include, <u>inter alia</u>, "a
<u>complete</u> <u>statement</u> <u>of</u> <u>all</u> <u>opinions</u> the witness will express and
the basis and reasons for them; the facts or data considered by
the witness in forming them; [and] any exhibits that will be used
to summarize or support them."  Rule 26(a)(2)(B)(i)-(iii) (empha-
sis added).  As explained in the Advisory Committee notes, Rule
26(a) "requires that persons retained or specially employed to
provide expert testimony . . . must prepare a <u>detailed</u> and
<u>complete</u> written report, stating the testimony the witness is
expected to present during direct examination, together with the
reasons therefor."  Rule 26(a)(2)(B) Advisory Committee Notes on
1993 amend. ¶ (2)(B) (emphasis added).  "The purpose of the rule
is to prevent the practice of 'sandbagging' an opposing party
with new evidence."  <u>Ebewo v. Martinez</u>, 309 F. Supp. 2d 600, 607
(S.D.N.Y. 2004) (Koeltl, D.J.) (citations omitted).  To that same
end, Rule 26 also imposes a continuing obligation on parties to

10

supplement or correct expert disclosures "in a timely manner."
Rule 26(e)(1)(A).

Pursuant to Rule 37(c)(1), a party who fails to provide
information required under Rule 26(a) or (e), "is not allowed to
use that information . . . to supply evidence on a motion, at a
hearing, or at a trial, unless the failure was substantially
justified or is harmless" (emphasis added).  Like Rule 16(f),
Rule 37(c)(1)(C) permits the court to impose any other sanction
it deems appropriate, including those listed in Rule
37(b)(2)(A)(i)-(vi).  Although there is language in the Advisory
Committee Notes to the 1993 amendments to Rule 37 suggesting that
preclusion is intended as an "automatic sanction" for untimely
disclosures, the Court of Appeals for the Second Circuit has
explained that the structure of the Rule does not warrant this
interpretation and has directed District Courts to use a more
flexible approach in assessing the consequences of a party's
untimely disclosure or amendment of a disclosure previously made.
Design Strategy Inc. v. Davis, supra, 469 F.3d at 296-98.
Specifically, the Court of Appeals has identified four factors to
be considered in determining whether an order of preclusion is
appropriate:

> (1) the party's explanation for the failure to comply
> with the [disclosure requirement]; (2) the importance
> of the testimony of the precluded witness[es]; (3) the

11

prejudice suffered by the opposing party as a result of
having to prepare to meet the new testimony; and
(4) the possibility of a continuance.

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006) (alter-
ations in original), citing Softel, Inc. v. Dragon Med. & Scien-
tific Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997).  A
finding of bad faith, however, is not required before sanctions
can be imposed under Fed.R.Civ.P. 37(c)(1).  Design Strategy,
Inc. v. Davis, 469 F.3d at 296.

"[T]o the extent that an expert affidavit is within the
scope of the initial expert report, it is properly submitted in
conjunction with dispositive motions even outside the time frame
for expert discovery."  Cedar Petrochemicals, Inc. v. Dongbu
Hannong Chem. Co., 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011)
(Francis, M.J.) (citations omitted); accord Commercial Data
Servers, Inc. v. Int'l Bus. Machs. Corp., 262 F. Supp. 2d 50, 61
(S.D.N.Y. 2003) (McMahon, D.J.) (considering untimely expert
affidavit on motion for summary judgment because it was "substan-
tially similar" to expert's Rule 26 report).  However,

"[e]xpert testimony exceeding the bounds of the ex-
pert's report is excludable pursuant to Rule 37(c)(1)."
In re Kreta Shipping, S.A., 181 F.R.D. 273, 275
(S.D.N.Y. 1998) [(Wood, D.J.)]; see also Rowe Entm't,
Inc. v. William Morris Agency, Inc., 98-CV-8272 (RPP),
2003 U.S. Dist. LEXIS 17623, at *5 n.3, 2003 WL
22272587 (S.D.N.Y. Oct. 2, 2003) [(Patterson, D.J.)]
(confining testimony from expert to opinions set forth
in his expert report).  The "duty to disclose informa-

12

tion concerning expert testimony is intended to allow
opposing parties to have a reasonable opportunity [to]
prepare for effective cross examination and, perhaps,
arrange for expert testimony from other witnesses."
Lamarca v. United States, 31 F. Supp. 2d 110, 122
(E.D.N.Y. 1999) (citation and internal quotation marks
omitted).  Thus, "courts will not admit supplemental
expert evidence following the close of discovery when
it 'expound[s] a wholly new and complex approach de-
signed to fill a significant and logical gap in the
first report,' as doing so 'would eviscerate the pur-
pose of the expert disclosure rules.'" Cedar Petro-
chemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F.
Supp. 2d 269, 279 (S.D.N.Y. 2011) [(Francis, M.J.)]
(quoting United States v. City of N.Y., 637 F. Supp. 2d
77, 107 (E.D.N.Y. 2009)); see also Silivanch v. Celeb-
rity Cruises, Inc., 171 F. Supp. 2d 241, 256 (S.D.N.Y.
2001) [(Francis, M.J.)] (precluding expert testimony
that was not disclosed during expert discovery).

Morritt v. Stryker Corp., 07-CV-2319 (RRM)(RER), 2011 WL 3876960

at *5 (E.D.N.Y. Sept. 1, 2011).

        3.   Attorney's
             Fees and Costs


        Pursuant to Rule 16(f)(2), Rule 37(c)(1) and the

court's inherent power to manage court proceedings, both a party

and its counsel may be held liable for the expenses, including

attorney's fees and costs, resulting from the violation of either

a scheduling order or Rule 26(a).  Rule 16(f)(2) mandates the

award of attorney's fees for an unjustified violation of a

scheduling or pretrial order:  "[i]nstead of or in addition to

any other sanction, the court must order the [violating] party,

its attorney, or both to pay the reasonable expenses -- including

attorney's fees -- incurred because of any noncompliance with

this rule, unless the noncompliance was substantially justified

or other circumstances make an award of expenses unjust."

Fed.R.Civ.P 16(f)(2) (emphasis added).  Pursuant to Rule

37(c)(1)(A), a court has discretion to "order payment of the

reasonable expenses, including attorney's fees, caused by the

failure" to disclose or supplement an expert report.  In addi-

tion, the court has the inherent power to assess attorney's fees

against either the party or counsel for misconduct or the willful

disobedience of a court order.  See Chambers v. NASCO, 501 U.S.

32, 45 (1991); United States v. Int'l Brotherhood of Teamsters,

Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d

1338, 1345 (2d Cir. 1991), citing Alyeska Pipeline Serv. Co. v.

Wilderness Soc'y, 421 U.S. 240, 258-59 (1975).

        The decision to impose sanctions "is committed to the

sound discretion of the district court and may not be reversed

absent an abuse of discretion."  Luft v. Crown Publishers, Inc.,

906 F.2d 862, 865 (2d Cir. 1990), citing, inter alia, Nat'l

Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642

(1976) (per curiam); see Design Strategy, Inc. v. Davis, supra,

469 F.3d 284 at 294 ("A district court has wide discretion in

imposing sanctions, including severe sanctions, under [Rule] 37 .

14

. . ."); <u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1365
(2d Cir. 1991) (same); <u>Dove v. City of New York</u>, 06 Civ. 1096
(SAS), 2006 WL 3802267 at *2 (S.D.N.Y. Dec. 26, 2006)
(Scheindlin, D.J.) (same); <u>see</u> <u>generally</u> <u>S. New England Tel. Co.</u>
<u>v. Global NAPS Inc.</u>, 624 F.3d 123, 144-45 (2d Cir. 2010).

    B.  Application of the
       <u>Foregoing Principles</u>

    AAI seeks to use the Fourth Fan Decl. for three differ-
ent purposes:  (1) in opposition to Defendants' motion for
summary judgment; (2) in opposition to Defendants' Rule
702/<u>Daubert</u> motion to strike Dr. Fan's 2007 report and related
testimony and (3) in support of AAI's own contemplated motion for
sanctions.  The first proposed use is directed to the merits of
AAI's claims while the latter two are not.  Because I conclude
that the rules that apply to AAI's attempt to use the Fourth Fan
Decl. on the merits are different than the rules that apply to
its attempt to use it for non-merits purposes, I shall analyze
the two classes of uses separately.

15

1.  Use of the Fourth Fan
    Decl. to Oppose Defendants'
    Summary Judgment Motion

        To the extent AAI seeks to use the Fourth Fan Decl. to
oppose Defendants' motion for summary judgment, I conclude that
it should be precluded because, as explained below, it is un-
timely under my scheduling Order and was served in violation of
Rule 26(a)(2).

        a.  Violation of
            Two Court Orders as
            Basis for Preclusion

        The Fourth Fan Decl. expressly relies on and incorpo-
rates by reference the Fan Reply in its entirety (Fourth Fan
Decl. ¶¶ 19-26, 52, 63, 100), in disregard of both my Order that
the Fan Reply be stricken, supra, 2012 WL 7037319 at *1, and
Judge Swain's Order, affirming that ruling, supra, 2013 WL 489061
at *2.  AAI's attempt to resuscitate the Fan Reply is particu-
larly odd because AAI does not even bother to address the fact
that both Judge Swain and myself have ruled that the Fan Reply
should be stricken.  AAI's papers are completely silent on this
issue, suggesting that AAI itself realizes that it has no
colorable argument to support its actions.

There can also be no dispute that AAI violated the Scheduling Order when it filed the Fourth Fan Decl. as part of its opposition to Defendants' motion for summary judgment on June 6, 2013. The Scheduling Order imposed a deadline of May 17, 2012 for the completion of AAI's expert disclosures and a deadline of July 17, 2012 for the completion of all discovery (Docket Item 143). Despite these deadlines, AAI filed the Fourth Fan Decl. more than a year after the deadline for its expert disclosures.

AAI argues that the untimely submission of the Fourth Fan Decl. is excusable for several reasons. First, it claims that the Fourth Fan Decl. relies on information produced only at the conclusion of fact discovery and that it was, therefore, impossible for Dr. Fan to produce the declaration any earlier (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Strike the Fourth Declaration of Jianqing Fan ("AAI Mem.")(Docket Item 231) at 9, 12). For the most part, AAI fails to cite any evidence for this argument and relies solely on rhetoric untethered to the record. For example, AAI argues:

> Submission of the Fan Fourth Declaration after the May 2012 deadline for Plaintiff's expert reports was substantially justified because, as the Fan Fourth Declaration itself shows, any delay in submitting the Fan Fourth Declaration was caused by Defendants' long-standing, detailed, carefully-knit fraud. Defendants covered their tracks. Fan Fourth Declaration ¶¶ 6-16. They produced in discovery fabricated evidence, de-stroyed some key documents during this litigation,

17

> withheld others, and submitted false or misleading
> testimony.  They massively altered or tampered with
> such evidence as they did produce in discovery, includ-
> ing sequence development and testing files.  Defendants
> created out of whole cloth all of their alleged se-
> quences, including the alleged 1,000 path sequence
> supposedly used for production purposes during 1999-
> 2006.  Fan Fourth Declaration, Sections A-D.

(AAI Mem. at 12 (footnote omitted)).  Although the foregoing

alleges very serious wrongdoing, AAI does not identify any

evidence, first produced after May 2012, that necessitated (or

even justified) the Fourth Fan Decl.  The paragraphs from the

Fourth Fan Decl. cited in the foregoing passage -- paragraphs 6-

16 -- actually refer to evidence produced in 2007, five years

before the deadline for the production of AAI's expert reports

(Fourth Fan Decl. ¶ 7).

        In the single instance in which AAI does cite specific

evidence that it claims was first produced after May 2012, the

record demonstrates that the information has been in the record

for years.  AAI cites testimony from Richard Isenberg, first

provided in 2012, admitting that Defendants used The Yield Book

to value mortgage-backed securities and to adjust their hedges.

AAI goes on to argue that this "new evidence" lead Dr. Fan to an

epiphany:  "On the basis of these disclosures, Dr. Fan then

discovered that Defendants' code did not even have the ability to

hedge MBS until shortly after the last test of ACE, when Defen-

dants stole ACE" (AAI Mem. at 8-9 & n.1, 21).  However, as
Defendants note, their use of the Yield Book for hedging purposes
was disclosed in deposition testimony taken in this action in
2007 (Reply Declaration of Nicholas R. Fung, Esq., dated August
7, 2013 (Docket Item 232), Ex. 1 at Tr. p. 9).

       Finally, AAI argues that the difficulty of the subject
matter prevented it from submitting the Fourth Fan Decl. in a
timely manner (AAI Mem. at 13, 21).  The subject matter of this
case is, without question, difficult.  Nevertheless, the case has
been pending for nearly 10 years, and the expert deadline was set
after 8 years of discovery.  Regardless of the difficulty of the
subject matter, AAI had more than enough time to get its expert
disclosures in on time.

       AAI's unjustifiable failure to serve its expert disclo-
sures on time taints the Fourth Fan Decl. as a whole, and justi-
fies the imposition of a sanction, pursuant to (1) Rules 16(f)
and 37(b)(2)(A) and (2) my inherent authority to manage this
case.  See Rule 16(f); Rule 37(b)(2)(A); see also Chambers v.
NASCO, Inc., supra, 501 U.S. at 44 ("[I]t is firmly established
that '[t]he power to punish for contempts is inherent in all
courts.'" (citation omitted)); Mitchell v. Lyons Prof'l Servs.,
Inc., 708 F.3d 463, 467 (2d Cir. 2013) ("Every district court
'has the inherent power to supervise and control its own proceed-

ings and to sanction counsel or a litigant for . . . disobeying the court's orders.'" (citations omitted)).

I conclude that preclusion of the Fourth Fan Decl., is the appropriate sanction to the extent AAI relies on it to oppose Defendants' motion for summary judgment because the Fourth Fan Decl. was served in violation of the Scheduling Order and constitutes a backdoor attempt to offer new theories and opinions and to re-submit, without any explanation or justification, the previously excluded Fan Reply, which was itself ordered stricken on grounds of delay and impropriety.  See United Magazine Co., Inc. v. Curtis Circulation Co., 279 F. App'x 14, 18 (2d Cir. 2008) (affirming district court's decision to strike a previously stricken expert report, submitted with plaintiff's opposition papers); Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., 118 F.3d 955, 961-63 (2d Cir. 1997) (affirming magistrate judge and district judge's order to preclude expert reports submitted past discovery cutoff date); Mobileye, Inc. v. Picitup Corp., 928 F. Supp. 2d 759, 766 (S.D.N.Y. 2013) (Rakoff, D.J.) (striking an untimely expert declaration, submitted with plaintiff's opposition papers, that incorporated portions of a previously stricken report); Arnold v. Krause, Inc., 232 F.R.D. 58, 67 (W.D.N.Y. 2004) ("Preclusion of a proposed expert's testimony and report, disclosed in violation of a scheduling order . . . [has been held

20

to be] a proper sanction where the tardy expert report is offered in opposition to summary judgment." (citation omitted)).

> b.   Violation of Rule 26(a)
>      <u>as Basis for Preclusion</u>

As noted above, although AAI's Rule 26(a)(2) disclosures were due on May 17, 2012, AAI did not serve the Fourth Fan Decl. until June 6, 2013, more than a year later.  Despite this delay, AAI claims that the Fourth Fan Decl. can be appropriately considered in opposition to Defendants' summary judgment motion because it "merely fleshes out and expands upon" theories already disclosed in Fan's initial reports and, thus, is admissible despite its untimeliness (AAI Mem. at 18).  <u>See</u> <u>Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co.</u>, <u>supra</u>, 769 F. Supp. 2d at 279 ("[T]o the extent that an expert affidavit is within the scope of the initial expert report, it is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery." (citation omitted)).  Defendants contend that the Fourth Fan Decl. is not merely a restatement of Dr. Fan's timely served report because it sets forth <u>new</u> theories

that were not previously disclosed and that are based on materi-
als Plaintiff had in its possession for years.[2]

Plaintiff's characterization of the opinions in the
Fourth Fan Decl. is plainly misleading.  Fan's initial expert
report, second declaration, and supplemental report all failed to
identify the putatively stolen sequences in the material produced
by Defendants (see Exhibits B, E, G to the Declaration of
Kimberly M. Walker, dated June 6, 2013 ("Walker Decl.") (Docket
Item 219)).  In fact, it appears that prior to the Fourth Fan
Decl., Dr. Fan did not even attempt to compare Defendants'
sequences or the code in Defendants' materials to the purportedly
misappropriated sequences (see Walker Decl., Ex. E ¶ 90).
However, in the Fourth Fan Decl., Fan now contends that he has
identified certain codes in Defendants' materials that were
created to steal and surreptitiously use AAI's trade secret.
Indeed, AAI's opposition to the pending motion repeatedly admits
that the Fan Fourth Decl. contains new material:

---

[2]Without citing any authorities, AAI claims that it is
incumbent on Defendants to identify the specific portions of the
Fourth Fan Decl. that go beyond Dr. Fan's prior, timely
submissions.  I disagree.  Where, as here, a party attempts to
make an expert submission more than a year after its due date,
and in clear violation of a scheduling order, the party offering
the material bears the burden of demonstrating justification for
the untimely submission.

AAI Mem. at 3:        "[W]hile the Fan Fourth Declaration contains
                      some expanded opinions and revelations, these
                      could not previously have been advanced by
                      Dr. Fan as a results of Defendants' continu-
                      ing fraud."

AAI Mem. at 14:       "While Plaintiff and Dr. Fan were aware of
                      some pieces of the puzzle and raised various
                      issues with Defendants and the Court over the
                      course of the discovery period, only with the
                      Fan Fourth Declaration was Dr. Fan finally
                      able to piece together all the underlying
                      evidence for the entire scheme."

AAI Mem. at 17:       Despite its claims elsewhere that the Fan
                      Fourth Decl. adds nothing new to Dr. Fan's
                      previous submissions, AAI claims that "pre-
                      cluding the Fan Fourth Declaration could be
                      devastating to Plaintiff's case, including
                      Plaintiff's opposition to summary judgment."

AAI Mem. at 18:       "The Fan Expert Declaration cites new mate-
                      rial and offers opinions relating thereto . .
                      . ."

        The theories and opinions set forth in the Fourth Fan

Decl. clearly are not within the scope of Dr. Fan's prior re-

ports.  Rather, this "wholly new and complex approach" is unques-

tionably "designed to fill a significant and logical gap" in Dr.

Fan's past reports, in contravention of the expert disclosure

requirements.  Point Prods. A.G. v. Sony Music Entm't, 93 Civ.

4001 (NRB), 2004 WL 345551 at *9 (S.D.N.Y. Feb. 23, 2004)

(Buchwald, D.J.).  Because the Fourth Fan Decl. goes beyond Dr.

Fan's timely produced expert disclosures, AAI has violated

26(a)(2) by failing to timely disclose a written "report [that]

contain[s] a complete statement of all opinions the witness will express."  Fed.R.Civ.P. 26(a)(2)(B)(i).

AAI's violation of Rule 26(a)(2)(B)(i) does not end the analysis.  I now turn to the four factors relevant to determining whether the sanction sought by Defendants -- preclusion -- is the appropriate sanction.  See Patterson v. Balsamico, supra, 440 F.3d at 117.

i.  Explanation
    for Noncompliance

AAI contends that its belated submission of the Fourth Fan Decl. is justified because Defendants committed fraud throughout discovery and the materials in this case are complex and voluminous and, therefore, time-consuming to analyze (AAI Mem. at 12-14).  AAI's explanations are not persuasive.

At least as far back as 2007, AAI has accused Defen-dants of destroying and withholding relevant evidence, and it has used this argument to seek additional discovery (see, e.g., Letter from AAI's counsel to the undersigned, dated September 19, 2007, at 8 (requesting development code materials in order to determine whether "Defendants ginned up phony sequences to provide a defense in this action")).  Indeed, AAI offered this same excuse to justify its belated submission of the now-stricken

24

Fan Reply; at that time, I found that there was "very, very little evidence, if any evidence" that Defendants had committed fraud during discovery (Tr. of Discovery Conference, held on September 5, 2012 (Docket Item 175), at 94).  Despite the seriousness of its charges, AAI has not yet sought spoliation sanctions.  See In re Motel 6 Secs. Litig., 161 F. Supp. 2d 227, 243 (S.D.N.Y. 2001) (Keenan, D.J.) (striking expert affidavit, submitted with summary judgment motion, and finding defendant's excuse that plaintiffs had stonewalled defendant's requests for discovery and had hidden information to be unconvincing because defendant had sufficient time to address these putative deficiencies before the end of discovery).  Having carefully reviewed and considered AAI's claims that fraud occurred, I find that the record does not support such a conclusion, and it is, thus, not a valid excuse for AAI's untimeliness.[3]

AAI next argues that the delay is excusable given the complexity and volume of the materials in this case.  However, "[i]f an expert's report 'does not rely [on] any information that

---

[3]For purposes of analyzing plaintiff's proffered explanation, I have also carefully reviewed the allegations of fraud set forth in the Fourth Fan Decl. and the accompanying exhibits.  I do not find Fan's conclusion that fraud occurred to be persuasive; much of Fan's analysis appears to be speculative while the relevant exhibits lack the foundation necessary to be reliable.

was previously unknown or unavailable to him,' it is not an
appropriate supplemental report under Rule 26." Cedar Petrochem-
icals, Inc. v. Dongbu Hannong Chem. Co., supra, 769 F. Supp. 2d
at 278 (citation omitted).  Here, the Fourth Fan Decl. is based
entirely on materials that have been in AAI's possession for well
over a year; some materials have been in its possession for
nearly seven years.  AAI's explanation is further weakened by its
admission that Fan is a "very, very busy [and] very, very expen-
sive" expert and, thus, AAI had only been in touch with him "a
few times" preceding the close of discovery (Tr. of Discovery
Conference, held on July 18, 2012 (Docket item 226), at 38-39).
It should be obvious, however, that if a retained expert lacks
the time to comply with the schedule set by the Court, the party
should retain another expert.  Because AAI had sufficient time to
review the materials, this explanation is also not persuasive.
See Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.,
supra, 118 F.3d at 961-63 (affirming magistrate judge and dis-
trict judge's decisions to preclude expert reports submitted
after the close of discovery, despite plaintiff's explanation
that its expert did not have sufficient time to review the
materials).

          Accordingly, I find that this factor weighs in favor of
preclusion.

                    ii.   Importance of
                          Fourth Fan Decl.


        AAI argues that the opinions and evidence set forth in

the Fan Fourth Decl. are "crucial" to its case and that preclu-

sion would be "devastating" (AAI Mem. at 13, 17).[4]

            From this Court's perspective, [plaintiff's] argument
            only serves to underscore the inexcusable quality of
            its delayed submission.  In this regard it must be
            noted that this is not a case in which a new or previ-
            ously unknown event has recently come to light. Rather,
            what we have here is an eleventh hour effort to rescue
            a deficient expert report that has been the basis for
            the course of this litigation.

Point Prods. A.G. v. Sony Music Entm't, supra, 2004 WL 345551 at

*11; accord Morritt v. Stryker Corp., supra, 2011 WL 3876960 at

*7.  "Put simply, experts are not free to continually bolster,

strengthen, or improve their reports by endlessly researching the

issues they already opined upon, or to continually supplement

their opinions."  Sandata Techs., Inc. v. Infocrossing, Inc., 05

Civ. 09546 (LMM)(THK), 06 Civ. 01896 (LMM)(THK), 2007 WL 4157163

at *6 (S.D.N.Y. Nov. 16, 2007) (Katz, M.J.).  Accordingly,

although an expert's opinion is clearly important to a case as

_____

        [4]AAI's contention that the contents of the Fourth Fan Decl.
are "crucial" to its case and that preclusion would be
"devastating" is a compelling admission that the Fourth Fan Decl.
contains new material.  If the Fourth Fan Decl. merely repeated
Dr. Fan's previously-stated opinions and theories, its exclusion
could not be devastating because the same testimony would come in
on the basis of Dr. Fan's previously issued reports.

technical as this one, because Fan has already submitted three prior reports and provided testimony through depositions (see Exhibits B, E, G and SSSS to the Fourth Fan Decl.), I consider this factor to be, at best, neutral.

### iii.   Prejudice to Defendants

Permitting AAI to utilize the Fourth Fan Decl. in response to Defendants' summary judgment motion would result in severe prejudice to Defendants.  Absent preclusion, discovery will need to be re-opened in order to provide Defendants with an opportunity to explore Fan's new "revelations" (AAI Mem. at 3) that were not previously advanced, "rendering [Defendants'] summary judgment] motion, addressed in good faith to the theories and evidence that had been disclosed, an expensive waste of effort." Every v. Makita U.S.A., Inc., 02 Civ. 8545 (GEL), 2005 WL 2757952 at *6 (S.D.N.Y. Oct. 24, 2005) (Lynch, D.J.); accord Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., 11-CV-726 (CBA), 2013 WL 4409434 at *15 (E.D.N.Y. Aug. 2, 2013) (Report & Recommendation) (prejudice significant where court would need to reopen discovery to allow supplemental expert discovery, thereby burdening defendant with additional costs, including having to resubmit a motion for summary judgment),

28

adopted as modified, 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013);
Morritt v. Stryker Corp., supra, 2011 WL 3876960 at *7 ("[T]he
prejudice to defendants of admitting [expert's untimely report]
would be 'severe, as discovery would have to be reopened' to
permit additional expert reports and depositions." (citations
omitted)); Fleming v. Verizon N.Y., Inc., 03 Civ. 5639 (WHP),
2006 WL 2709766 at *8 (S.D.N.Y. Sept. 22, 2006) (Pauley, D.J.)
("[Defendant] would be prejudiced by the admission of the [ex-
pert] declarations, because it made its motion for summary
judgment based on what it thought to be all of the evidence
accumulated in discovery.").

        Hence, this factor, too, weighs in favor of preclusion.

### iv.  Possibility of a Continuance

        Finally, a continuance is not appropriate, given the
age of this case and the fact that discovery has long been
closed.  Morritt v. Stryker Corp., supra, 2011 WL 3876960 at *7
("[T]he fact that discovery is closed and this case has been
pending for over four years 'weighs strongly against the possi-
bility of a continuance.'" (citations omitted)); Point Prods.
A.G. v. Sony Music Entm't, supra, 2004 WL 345551 at *13
("[E]xclusion of the newly offered evidence, and not a continu-

ance of discovery, is now the proper resolution in this decade old action."); Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F.R.D. 151, 159 (S.D.N.Y. 2003) (Sweet, D.J.) (concluding that "a continuance [was] not a reasonable possibility" where the case had been ongoing for six years).  Plaintiff argues that a continuance is possible because a trial date has not yet been established (AAI Mem. at 17).  This fact does not alter the analysis since the "expeditious management of discovery schedules is especially important in cases of [technical] nature because they require extensive expert involvement over lengthy periods of time."  Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc., supra, 118 F.3d at 962 (denial of a continuance was appropriate even though no trial date had yet been set).

v.  Summary

Three of the four Patterson factors weigh in favor of precluding the Fourth Fan Decl. and the remaining factor is neutral.  Despite the potential importance of the Fourth Fan Decl., "the exclusion of that testimony results wholly from [Plaintiff's] own failures" Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd., supra, 2013 WL 4409434 at *16 (inner quotation marks and citation omitted).  Hence, on balance, I find that preclusion is, therefore, the appropriate remedy to

30

the extent that AAI is seeking to use the Fourth Fan Decl. to
oppose Defendants' summary judgment motion or in connection with
any other dispute involving the merits of the claims and de-
fenses.  See Atlantis Info. Tech. v. CA, Inc., 06-CV-3921
(JS)(ETB), 2011 WL 4543252 at *13 (E.D.N.Y. Sept. 28, 2011)
(precluding expert testimony where defendant's explanation for
failing to submit an expert report was inadequate and permitting
such testimony would delay the case and reopen discovery);
Morritt v. Stryker Corp., supra, 2011 WL 3876960 at *7 (preclud-
ing evidence despite "the great importance of [expert's] testi-
mony" in the case); Spotnana, Inc. v. Am. Talent Agency, Inc., 09
Civ. 3698 (LAP), 2010 WL 3341837 at *2 (S.D.N.Y. Aug.17, 2010)
(Preska, D.J.) ("These three factors outweigh the importance of
[defendant's] damages evidence, even though [defendant] may be
denied any recovery as a result, because [defendant] has disre-
garded its discovery obligations without any explanation at
all.").

        Accordingly, because AAI's untimely submission of the
Fourth Fan Decl. was neither substantially justified nor harmless
and because the majority of the material factors weigh in favor
of preclusion, AAI is precluded from using the Fourth Fan Decl.
with respect to the merits of the case.  For the same reasons and
because they were also not timely disclosed, I further order that

AAI is precluded from using Exhibits WW, CCC and SSS to the
Fourth Fan Decl. with respect to the merits of the case.  See
Rule 26(a)(2)(B)(iii) (requiring expert's initial disclosure to
include any exhibits the expert will use).  AAI's application to
submit an amended response to Defendant's motion for summary
judgment is granted; AAI is directed to serve and file its
amended response within thirty days of the date of this Order.

> 2.   Use of the Fourth
>      Fan Decl. for Purposes
>      Other than the Merits

          To the extent AAI seeks to use the Fourth Fan Decl. to
respond to Defendants' Rule 702/Daubert motion and in support of
its contemplated motion for sanctions, I conclude that preclusion
as a result of AAI's failure to comply with my scheduling Order
or the requirements of Rule 26(a)(2) would lead to unjust re-
sults.  I do not believe that Rule 26(a)(2)'s requirements should
be applied when expert testimony or affidavits are offered for
purposes other than the merits of a claim or defense.

          In most cases, merits-related issues are capable of
being known from the inception of the case.  In this case, for
example, the issue of Defendants' alleged misappropriation of
AAI's sequences has always been in the case, and the parties'
need to secure expert testimony to address that issue has always

32

been known to them.  Because the issue was always identifiable,
the parties knew the issues that needed to be addressed at the
time the Rule 26(a)(2) disclosures were due.

Non-merits-related issues, such as the admissibility of
expert testimony or whether an adversary has engaged in discovery
misconduct, stand on a different footing.  For example, although
Rule 26(a)(2)(B)(iv) requires disclosure of an expert's qualifi-
cations, the Rule does not require that the disclosures address
the reliability of the principles and methods used or the reli-
ability of the manner in which those principles and methods were
applied in the case.  See Fed.R.Evid. 702(c)-(d) (permitting
expert testimony that "is the product of reliable principles and
methods [that have been] reliably applied . . . to the facts of
the case").  Challenges to either side's expert based on a
failure to meet the requirements of Rule 702, in most cases,
cannot be made until after the Rule 26(a)(2) disclosures have
been made.  To conclude that expert disclosures used in connec-
tion with a Rule 702/Daubert motion or used for other non-merits
purposes must comply with Rule 26(a)(2)'s disclosure requirements
would create a standard with which compliance is impossible
because the non-merits issues could not be known at the time the
Rule 26(a)(2) disclosures are required.

The chronology in this case demonstrates the problem. AAI's 26(a)(2) disclosures were due on May 17, 2012.  Defendants served their Rule 702/<u>Daubert</u> motion on or about April 5, 2013. AAI could not have foreseen the Rule 702/<u>Daubert</u> issue that Defendants would raise 11 months before those issues were first asserted.

Accordingly, I conclude that the requirements of Rule 26(a)(2) do not apply to expert reports or expert testimony or affidavits to the extent such material is used for non-merits purposes.  <u>Accord</u> <u>Zeola v. Ford Motor Co.</u>, 09-40106-FDS, 2013 WL 308968 at *10-*11 (D. Mass. Jan. 24, 2013); <u>Lyman v. St. Jude Med. S.C., Inc.</u>, 580 F. Supp. 2d 719, 725 n.3 (E.D. Wis. 2008); <u>see</u> <u>Celebrity Cruises Inc. v. Essef Corp.</u>, 434 F. Supp. 2d 169, 190 (S.D.N.Y. 2006) (Francis, M.J.).

The foregoing conclusion does not, however, end the issues raised here with respect to the Fourth Fan Decl.  My conclusion that neither the Rule 16 Scheduling Order nor Rule 26(a)(2)'s disclosure requirements apply to the Fourth Fan Decl. does not, of course, mean that all of it can be considered for all purposes.  <u>Zeola v. Ford Motor Co.</u>, <u>supra</u>, 2013 WL 308968 at *10-*11.  The only portion of the Fourth Fan Decl. that responds to Defendants' Rule 702/<u>Daubert</u> motion is Section G, ¶¶ 257-73; that portion, and only that portion, of the Fourth Fan Decl. can

34

properly be considered in connection with AAI's response to
Defendants' Rule 702/<u>Daubert</u> motion.

　　　　　To the extent that AAI seeks to use the Fourth Fan
Decl. in support of a motion for sanctions, AAI's proposed use is
grossly untimely.  All discovery in this matter closed on July
17, 2012 (Order dated January 19, 2012 (Docket Item 143) ¶ 3).
At the conference held on January 17, 2012, I instructed counsel
to raise discovery issues promptly (Tr. of Discovery Conference,
held on January 17, 2012 (Docket Item 146), at 78).  Even if I
deem AAI's sanctions motion to have been made when AAI served the
Fourth Fan Decl. on or about June 4, 2013 -- the earliest date
possible -- the motion was still not made until 11 months after
the close of discovery.

　　　　　Where a party seeks to make a discovery motion after
the close of discovery, that party must show good cause.  As
explained in <u>Gucci America, Inc. v. Guess?, Inc.</u>, 790 F. Supp. 2d
136, 139-40 (S.D.N.Y. 2011) (Cott, M.J.):

> Under Rule 16(b), district courts are required to enter
> scheduling orders "that limit the parties' time to
> complete discovery."  <u>McKay v. Triborough Bridge &
> Tunnel Auth.</u>, No. 05 Civ. 8936 (RJS), 2007 WL 3275918,
> at *1 (S.D.N.Y. Nov. 5, 2007).  Reopening discovery
> after the discovery period has closed requires a show-
> ing of good cause.  <u>Gray v. Town of Darien</u>, 927 F.2d
> 69, 74 (2d Cir. 1991).  Though Rule 37 does not estab-
> lish time limits for such a motion, a party seeking to
> file a motion to compel after discovery has closed must
> similarly establish good cause.  <u>See</u>, <u>e.g.</u>, <u>Eng-Hatcher</u>

<u>v. Sprint Nextel Corp.</u>, No. 07 Civ. 7350 (BSJ)(KNF), 2008 WL 4104015, at *3 (S.D.N.Y. Aug. 28, 2008).

<u>Accord</u> <u>Shah v. Jefferson Parish Sch. Bd.</u>, No. 11-2517, 2013 WL 6335874 at *1 (E.D. La. Dec. 5, 2013).  Given the age of this matter, the fact that the Fourth Fan Decl. does not rely on information first produced after the close of discovery, my admonition in January 2012 that discovery disputes be raised promptly and the almost year-long gap between the close of discovery and the earliest date on which a sanctions motion could possibly be deemed to have been made, I conclude that AAI cannot show good cause to make a motion for sanctions at this late date. Thus, the Fourth Fan Decl. cannot be used in support of a motion for sanctions.

   3.   Attorney's
        <u>Fees and Costs</u>

     For the reasons set forth above, AAI's attempt to use the Fourth Fan Decl. was substantially justified only to the extent that it sought to use the document to oppose Defendants' Rule 702/<u>Daubert</u> motion.  Thus, although I find that Defendants are entitled to recover some of their attorney's fees and costs, they are not entitled to recover 100% of those items.  I conclude that Defendants are entitled to recover one-half of the fees and costs incurred in making this motion, pursuant to Rules 16(f) and

36

37(c).  "Monetary sanctions . . . may be awarded to compensate
for added expense caused by the recusant party's conduct."
<u>Quadrozzi v. City of New York</u>, 127 F.R.D. 63, 74 (2d Cir. 1989)
(citation omitted).  I find this sanction to be especially
appropriate in light of the fact that AAI attempted to re-incor-
porate the Fan Reply, despite my Order that it be stricken and
Judge Swain's affirmance of that Order.  Plaintiff's duplicitous
behavior and unjustified submission of the Fourth Fan Decl.
served only to delay resolution in a case that has been ongoing
for nearly a decade, and was "wasteful of the time of the Court
and opposing counsel."  <u>Dallas v. Goldberg</u>, <u>supra</u>, 2003 WL
22872325 at *1.

        Accordingly, AAI and its counsel shall reimburse
Defendants for one-half of any expenses, including reasonable
attorney's fees and costs, incurred as a result of AAI's failure
to comply with the Scheduling Order and Rule 26(a)(2).  I direct
Defendants' counsel to submit a sworn statement, with supporting
documentation, regarding the costs and fees associated with the
present motion and justifying the hourly rates.

IV.  <u>Conclusion</u>

        Accordingly, for all the foregoing reasons, it is
hereby ORDERED that:

                                37

1.   The Fourth Fan Decl. is stricken except to the extent AAI seeks to use paragraphs 257-73 to oppose Defendants' Rule 702/Daubert motion;

2.   Exhibits WW, CCC and SSS to the Fourth Fan Decl. are stricken.

3.   Within thirty (30) days of the date of this Order, AAI is directed to serve its amended opposition to Defendants' motion for summary judgement.

4.   Within twenty (20) days of the date of this Order, Defendants are to submit their fee application; AAI shall submit its response twenty (20) days thereafter.

Dated:  New York, New York
        March 26, 2014

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

38

```
Russell D. Munves, Esq.
Storch Amini & Munves, P.C.
25th Floor
2 Grand Central Tower
140 East 45th Street
New York, New York  10017

Christopher P. Moore, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York  10006
```