```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ADVANCED ANALYTICS, INC.,              :

              Plaintiff,               :    04 Civ. 3531 (LTS)(HBP)

     -against-                         :    OPINION
                                            AND ORDER
CITIGROUP GLOBAL MARKETS, INC.,        :
et al.,
                                       :
              Defendants.
                                       :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:


I.  Introduction


By notice of motion dated April 9, 2014 (Docket Item 236), plaintiff moves for reconsideration or clarification of my Opinion and Order dated March 26, 2014 (Docket Item 235) ("3/26/14 Order").  For the reasons set forth below, plaintiff's motion is denied.

The reader's familiarity with the 3/26/14 Order is assumed.  Stated briefly, that Order granted defendants' motion to strike an expert declaration -- Fourth Declaration of Dr. Jianqing Fan ("Fourth Fan Decl.") -- except to the extent that AAI sought to use paragraphs 257-73 of the Fourth Fan Decl. to oppose Defendants' Rule 702/Daubert motion or in support of a sanctions motion contemplated by plaintiff.  Plaintiff now seeks

a ruling that the Fourth Fan Declaration can be used to impeach

certain testimony offered by defendants with respect to the

merits of he case.

II.   Analysis

        As a motion for reconsideration or clarification,

plaintiff's motion is procedurally defective.  Motions for

reconsideration are appropriate only in very limited circum-

stances.  As explained by the Honorable Michael B. Mukasey,

United States District Judge, now retired, in McMahan & Co. v.

Donaldson, Lufkin & Jenrette Sec. Corp., 727 F. Supp. 833, 833

(S.D.N.Y. 1989):

        Motions for reargument "are granted when new facts
        come to light or when it appears that controlling
        precedents were overlooked." Weissman v. Fruchtman,
        658 F. Supp. 547 (S.D.N.Y. 1987).  The proponent of
        such a motion is not supposed to treat the court's
        initial decision as the opening of a dialogue in which
        that party may then use [Local Civil Rule 6.3] to
        advance new facts and theories in response to the
        court's rulings.  The purpose of the rule is "to ensure
        the finality of decisions and to prevent the practice
        of a losing party examining a decision and then plug-
        ging the gaps of a lost motion with additional mat-
        ters." Lewis v. New York Telephone, No. 83 Civ. 7129,
        slip op. at 2, 1986 WL 1441 (S.D.N.Y. 1986) cited in
        Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169
        (S.D.N.Y. 1988).

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70

(S.D.N.Y. 2007) (Conner, D.J.).  "A movant for reconsideration

bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

"[T]o be entitled to reargument under Local [Civil Rule 6.3, a party] must demonstrate that the Court overlooked control-ling decisions or factual matters that were put before the Court on the underlying motion." Am. Alliance Ins. Co. v. Eagle Ins. Co., 163 F.R.D. 211, 213 (S.D.N.Y. 1995) (Sweet, D.J.), rev'd on other grounds, 92 F.3d 57 (2d Cir. 1996), citing Ameritrust Co. Nat'l Ass'n v. Dew, 151 F.R.D. 237, 238 (S.D.N.Y. 1993) (Sweet, D.J.); Fulani v. Brady, 149 F.R.D. 501, 503 (S.D.N.Y. 1993) (Sweet, D.J.), aff'd sub nom., Fulani v. Bentsen, 35 F.3d 49 (2d Cir. 1994); E. Coast Novelty Co. v. City of N.Y., 141 F.R.D. 245, 245 (S.D.N.Y. 1992) (Sweet, D.J.); B.N.E., Swedbank, S.A. v. Banker, 791 F. Supp. 1002, 1008 (S.D.N.Y. 1992) (Sweet, D.J.); Novak v. Nat'l Broad. Co., 760 F. Supp. 47, 48 (S.D.N.Y. 1991) (Sweet, D.J.) and Ashley Meadows Farm, Inc. v. Am. Horse Shows Ass'n, 624 F. Supp. 856, 857 (S.D.N.Y. 1985) (Sweet, D.J.). Thus, "a party in its motion for reargument 'may not advance new

facts, issues or arguments not previously presented to the
court.'"   In re Integrated Res. Real Estate Ltd. P'ships Sec.
Litig., 850 F. Supp. 1105, 1151 (S.D.N.Y. 1993) (Sweet, D.J.),
quoting Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 86
Civ. 6447 (JMC), 1989 WL 162315 at *4 (S.D.N.Y. Aug. 4, 1989)
(Cannella, D.J.); accord Caribbean Trading & Fid. Corp. v.
Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991);
see also Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y.
1994).   "These limitations serve to ensure finality and to
prevent losing parties from using motions for reconsideration as
a vehicle by which they may then plug the gaps of a lost motion
with additional matters."   In re City of N.Y., as Owner & Opera-
tor of the M/V Andrew J. Barberi, 03 Civ. 6049 (ERK)(VVP), 2008
WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v.
Jordache Enter. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2
(S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); Cohn v. Metro. Life
Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y.
Sept. 7, 2007) (Baer, D.J.); In re Rezulin Prods. Liab. Litig.,
224 F.R.D. 346, 349 (S.D.N.Y. 2004) (Kaplan, D.J.); Horsehead
Res. Dev. Co., Inc. v. B.U.S. Envtl. Servs., Inc ., 928 F. Supp.
287, 289 (S.D.N.Y. 1996) (Scheindlin, D.J.).

        Although I am sure that plaintiff disagrees with my
3/26/14 Order, its present motion does not identify any control-

ling factual or legal matters that were called to my attention in

connection with defendants' motion to strike the Fourth Fan Decl.

and that I overlooked.  In its opposition to defendants' motion

to strike the Fourth Fan Decl., plaintiff never even suggested

that the Fourth Fan Decl. might be admissible for the limited

purpose of impeachment.  Rather, plaintiff chose to address the

admissibility of the Fourth Fan Decl. with respect to defendants'

summary judgment motion as an "all-or-nothing" proposition, and

never suggested that the declaration might be admissible for

limited purposes.  Because plaintiff is now making a new argument

and seeking new relief that it could have (and should have)

sought in response to defendants' motion to strike, its applica-

tion is not properly brought as a motion for reconsideration or

clarification.  In re Refco Capital Mkts., Ltd. Brokerage Cus-

tomer Secs. Litig., 06 Civ. 643 (GEL), 07 Civ. 8686 (GEL), 07

Civ. 8688 (GEL), 2008 WL 4962985 at *1 (S.D.N.Y. Nov. 20, 2008)

(Lynch, D.J.) ("A motion for reconsideration is not an opportu-

nity for a losing party to advance new arguments to supplant

those that failed in the prior briefing of the issue."); accord

Sahu v. Union Carbide Corp., 04 Civ. 8825 (JFK), 2010 WL 909074

at *2 (S.D.N.Y. Mar. 15, 2010) (Keenan, D.J.).

        Even if it were not procedurally defective, plaintiff's

motion is nothing more than legal legerdemain.  My 3/26/14 Order

struck the Fourth Fan Decl. for all purposes, other than its use in plaintiff's opposition to defendants' Rule 702/<u>Daubert</u> motion or in support of plaintiff's contemplated motion for sanctions, because it was untimely and served in violation of Rule 26(a)(2). Accordingly, I concluded that neither the Fourth Fan Declaration nor the opinions expressed therein could be used in connection with the merits of the case.

In its newly-minted argument, plaintiff claims that it seeks to use the opinions expressed in the Fourth Fan Decl. to impeach defendants' witnesses.[1]  Although a witness can be im-peached by contradiction, plaintiff is seeking to impeach defen-dants' witnesses by contradicting them not on collateral matters but with respect to the merits of the case by offering the very testimony that I precluded in my 3/26/14 Order.  Defendants' testimony would be impeached, however, only if the fact finder credited Dr. Fan's opinions on merits issues -- the precise use that I have already precluded.  Plaintiff is merely seeking to do indirectly what I previously ruled it could not do directly.

---

[1]Plaintiff has identified 10 paragraphs of the Fourth Fan Decl. as constituting impeachment material.  The Fourth Fan Decl. is 274 paragraphs and 91 pages long.  It is accompanied by 117 exhibits (Ex. A though Ex. MMMMM) which are approximately 12 inches thick.  Plaintiff makes no effort to explain how the remaining 264 paragraphs and the exhibits constitute impeachment material.

In support of its argument, plaintiff relies in part on the Eight Circuit's decision in Wegener v. Johnson, 527 F.3d 687 (8th Cir. 2008).  However, the decision in that case actually mandates denial of plaintiff's motion.  In Wegener, the plaintiff in a medical malpractice case appealed from an adverse judgment, arguing that the trial court erred by excluding testimony from one of plaintiff's experts.  Two and one-half weeks before trial and long after the deadline for expert disclosure, plaintiff served a supplemental expert report.  The trial court concluded that the plaintiff's expert could not testify, either as part of plaintiff's direct case or in rebuttal, to the material in the supplemental report.  Like plaintiff here, Wegener argued that the opinions in the untimely supplemental report were admissible as impeachment material.

The Eighth Circuit rejected Wegener's argument, stating:

> Rule 26 does not require the disclosure of evidence used solely for impeachment purposes.  See Fed.R.Civ.P. 37(c) advisory committee's note (1993).  The district court did not err by concluding that Rule 26(a)(2) required disclosure of Dr. Halbridge's supplemental testimony, however, because it is not impeachment evidence of the kind exempted from disclosure.  Impeachment is "an attack on the credibility of a witness."  Sterkel v. Fruehauf Corp., 975 F.2d 528, 532 (8th Cir. 1992).  To attack the credibility of witnesses by the presentation of evidence showing that facts asserted or relied upon in their testimony are false is to impeach by contradiction.  27 Charles Alan

>       Wright & Victor James Gold, <u>Federal Practice and Proce-</u>
>       <u>dure</u> § 6096 (1990).  It does not impeach, however, to
>       show that an expert's opinion about the meaning of
>       facts merely differs from that of other experts.  <u>See</u>
>       <u>Kennemur v. California</u>, 133 Cal.App.3d 907, 184
>       Cal.Rptr. 393, 402 (1982).  It is often difficult to
>       distinguish between foundational facts and expert
>       opinion, and so to distinguish between impeachment and
>       substantive evidence, <u>see</u> id. at 403, but Rule
>       26(a)(2)(C)(ii) resolves the dilemma in favor of dis-
>       closure by requiring parties to disclose expert testi-
>       mony offered to contradict the expert testimony of the
>       opposing party.  Because Wegener offered Dr.
>       Halbridge's supplemental testimony to contradict the
>       testimony of Johnson's experts, she was required to
>       disclose it.

527 F.3d 690-91.[2]

---

[2]It is doubtful that much of the testimony plaintiff seeks
to offer from Dr. Fan would be admissible, even as impeachment
material.  In connection with my 3/26/14 Order, I carefully
reviewed the Fourth Fan Decl., and a substantial portion of it is
nothing more than Dr. Fan's opinion concerning the meaning of the
evidence revealed in discovery, untethered to his expertise as a
mathematician.  For example, in its present motion, plaintiff
seeks to offer testimony from Dr. Fan that Robert Russell is the
author of the computer code that allegedly stole plaintiff's
putative trade secret -- a sequence of numbers (Plaintiff's
Memorandum of Law in Support of Plaintiff's Motion for
Clarification or in the Alternative Reconsideration of a Discrete
Portion of the Court's Opinion and Order of March 26, 2014, dated
April 9, 2014 (Docket Item 238) at 3-4).  There is no
relationship between mathematical expertise and the ability to
divine the authorship of a putative segment of computer code.
Offering a mathematician to give such testimony would violate the
requirement that "the field of expertise claimed by the expert
[be] known to reach reliable results for the type of opinion the
expert would give."  <u>Krause v. CSX Transp.</u>, No. 1:11-CV-0098
(GTS/RFT), 2013 WL 6163990 at *9 (N.D.N.Y. Nov. 20, 2013), <u>citing</u>
Fed.R.Evid. 702, Advisory Committee Notes to the 2000 Amendments;
<u>see</u> <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137, 149 (1999).
Plaintiff nowhere explains how Dr. Fan's expertise in mathematics
(continued...)

---

[2](...continued)
qualifies him to express an opinion concerning the authorship of
a particular segment of computer code or how mathematical
techniques yield reliable results on the issue of the authorship
of computer code.  The Fourth Fan Decl. contains nothing to
establish the connection.  Because there is no relationship
between Dr. Fan's expertise and at least some of the testimony
plaintiff seeks to elicit from him, such testimony would not even
be admissible as impeachment testimony

Thus, because it is procedurally defective and fails on the merits, plaintiff's motion is denied.[3]

III.  Conclusion

Accordingly, for all the foregoing reasons, plaintiff motion for reconsideration/clarification is denied in all respects.  The Clerk of the Court is directed to mark Docket Item 236 closed.

Dated:  New York, New York
        May 7, 2014

                                   SO ORDERED


                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge


---

     [2](...continued)
qualifies him to express an opinion concerning the authorship of
a particular segment of computer code or how mathematical
techniques yield reliable results on the issue of the authorship
of computer code.  The Fourth Fan Decl. contains nothing to
establish the connection.  Because there is no relationship
between Dr. Fan's expertise and at least some of the testimony
plaintiff seeks to elicit from him, such testimony would not even
be admissible as impeachment testimony

     [3]Defendants seek an award of attorney's fees in their
opposition to plaintiff's motion.  As a matter of discretion, the
application is denied.

Copies transmitted to:

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

Russell D. Munves, Esq.
Storch Amini & Munves, P.C.
25th Floor
2 Grand Central Tower
140 East 45th Street
New York, New York  10017

Lawrence B. Friedman, Esq.
Christopher P. Moore, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York  10006