USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ADVANCED ANALYTICS, INC.,                :

        Plaintiff,                      :   04 Civ. 3531 (LTS)(HBP)

  -against-                              :   OPINION
                                                AND ORDER
CITIGROUP GLOBAL MARKETS, INC.,          :
et al.,
                                              :

        Defendants.
                                              :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        In an Opinion and Order dated March 26, 2014 (Docket Item 235) ("3/26/14 Order"), I granted defendants' application to strike the Fourth Declaration of Dr. Jianqing Fan ("Fourth Fan Decl."), offered by plaintiff in opposition to defendants' motion for summary judgment. My ruling did, however, permit plaintiff to use paragraphs 257-73 of the Fourth Fan Decl. to oppose defendants' Rule 702/<u>Daubert</u> motion or in support of a sanctions motion contemplated by plaintiff. On May 7, 2014, I issued an Opinion and Order denying a motion for reconsideration or clarification of my 3/26/14 Order.

        Because the memorandum of law originally submitted by plaintiff in opposition to defendants' summary judgment motion cited the Fourth Fan Decl., my 3/26/14 Order gave plaintiff leave

to submit an amended memorandum of law omitting references to the Fourth Fan Decl. and substituting citations to other material in the record. This permission to file an amended memorandum of law was granted in response to the following request from plaintiff: "In the event that the Court were to determine to grant the Motion to Strike, in whole or in part, Plaintiff should be accorded leave to revise its opposition to Defendants' motion for summary judgment and Defendants' Exclusion Motion to the extent of supplying citations to the record (<u>but not excluded opinions</u>) contained in the Fan Fourth Declaration, and the Court should not strike the exhibits as to the Fan Fourth Declaration" (Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Strike the Fourth Fan Declaration of Jianqing Fan, dated July 3, 2013 at 24-25 (emphasis added)).

On May 28, 2014, plaintiff submitted its revised summary judgment papers, and, as defendants note in a letter dated June 2, 2014, those papers copy substantial portions of the stricken Fourth Fan Decl. Defendants argue that plaintiff should be directed to submit a second set of revised opposition papers omitting material copied from the Fourth Fan Decl. or, in the alternative, that plaintiff's original opposition papers be deemed the operative papers, albeit without consideration of any references to the Fourth Fan Decl.

2

I have reviewed the two samples submitted by defendants, and, it appears that the issue is more complicated than it seems.

Like many expert reports, the Fourth Fan Decl. contains: (1) objective descriptions of other material in the record and (2) expert opinion purporting to explain what that material means. To the extent the material in plaintiff's most recent submissions that is copied from the Fourth Fan Decl. falls within the first category, it is not objectionable;[1] it is only the expert opinion contained in the Fourth Fan Decl. that is objectionable.

Because separating the factual material from the opinion material is a time-consuming undertaking, it makes sense for counsel to attempt, in the first instance, to resolve or narrow the dispute without my intervention. Counsel for plaintiff and defendants are directed to meet **in person** in an effort to identify the portions of the material in plaintiff's revised summary judgment submissions that are copied from the Fourth Fan

---

[1] For example, the material cited in Exhibit A to defendants' June 2, 2014 letter starts by describing and then quoting a segment of defendants' computer code, apparently copied from a document produced by defendants in discovery. No one could seriously argue that my Order striking the Fourth Fan Decl. operated to strike all portions of the record contained in the Fourth Fan Decl. and somehow prohibited plaintiff from quoting documents produced by defendants.

3

Decl. and that are merely descriptions of other material in the record and which portions of such material are statements of Dr. Fan's expert opinion. In order to minimize the likelihood that I will have to refer this matter to a special master, I suggest that counsel use their best efforts to eliminate or narrow the dispute.

Counsel are also directed to submit a joint progress report to my chambers no later than June 23, 2014.

The deadline for the submission of defendants' papers in further support of their motion for summary judgment is adjourned sine die.

Dated: New York, New York
       June 5, 2014

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

Russell D. Munves, Esq.
Storch Amini & Munves, P.C.
25th Floor
2 Grand Central Tower
140 East 45th Street
New York, New York  10017

Lawrence B. Friedman, Esq.
Christopher P. Moore, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York  10006