# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 212 225 2357
jkpark@cgsh.com

VICTOR I. LEWKOW
LEE C. BUCHHEIT
THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
EDWARD J. ROSEN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
ANDRES DE LA CRUZ
DAVID C. LOPEZ
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
RAHUL MUKHI
NEIL R. MARKEL
HUMAYUN KHALID
KENNETH S. BLAZEJEWSKI
ANDREA M. BASHAM
LAURA BAGARELLA
SHIRLEY M. LO
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

December 11, 2018

VIA ECF

Hon. Henry B. Pitman
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street, Room 750
New York, New York 10007-1312

      Re: Advanced Analytics, Inc. v. Citigroup Global Markets Inc.
          04 Civ. 3531 (LTS) (HBP)

Dear Magistrate Judge Pitman:

      I write on behalf of defendants Citigroup Global Markets, Inc. and The Yield Book Inc. ("Defendants") in response to the December 6, 2018 letter ("December 6 Letter") from Plaintiff Advanced Analytics, Inc. ("AAI" or "Plaintiff"), in which AAI (1) requests that the Court compel Defendants to undertake the burden of redacting for public filing more than 2,600 pages of improperly filed documents and (2) implicitly seeks modification of the Stipulation and Protective Order Governing Confidential Material (Mar. 22, 2005), Dkt. No. 25 (the "Protective Order") to require that redacted copies of all sealed materials be publicly filed going forward. For the reasons discussed herein, Plaintiff's request is premature, overly burdensome and unnecessary.

      As the Court has previously recognized (and Plaintiff does not dispute) the dispositive issues in this case turn on facts that each party has designated as confidential.[1] Accordingly, as memorialized in the Protective Order, the parties have been filing under seal all

---

[1] See, e.g., Hr'g Tr. 54:24-55:11, Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 1:04-cv-03531 (S.D.N.Y. Mar. 1, 2006); Order ¶ 3, Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 1:04-cv-03531 (S.D.N.Y. Mar. 2, 2006); Order, Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 1:04-cv-03531 (S.D.N.Y. Mar. 22, 2006); Mem. Order, Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 1:04-cv-03531 (S.D.N.Y. May 2, 2006).

The Honorable Henry B. Pitman, p. 2

briefs and other filings that contain Confidential Discovery Material (as defined in the Protective Order), which the Clerk of the Court has been ordered to maintain "separate from the public records in this action." Protective Order ¶ 11. To the extent that an order of this Court has come before Judge Swain for review, the parties have followed her Individual Rules of Practice. Notably, in such instances, Judge Swain has issued orders setting out what materials should be filed publicly with redactions. See, e.g., October 3, 2012 Order (directing Plaintiff "to file a redacted version of its [sealed objections to this Court's Orders] on ECF"). The December 6 Letter requests that the parties and the Court dispense with this well-established practice and undertake the time-consuming process of redacting for public filing Plaintiff's Motion Under FRCP 56(d), Dkt. 289 (the "Rule 56(d) Motion") and Defendants' Motion to Strike the Rule 56(d) Motion, Dkt. 290 (the "Motion to Strike"), as well any future documents filed under seal.

As an initial matter, Defendants reject Plaintiff's characterization of the parties' correspondence on this issue, which speaks for itself. In any event, the December 6 Letter omits that Defendants informed Plaintiff on December 5 that they intended to file the Motion to Strike and that, because striking the Rule 56(d) Motion and its supporting materials would moot Plaintiff's request, the parties' discussion of redactions was premature and should be deferred until the Court's resolution of that motion, which is now pending. Although Plaintiff (who did not respond) appears to have rejected that proposal, we respectfully submit that deferring this dispute until the resolution of the Motion to Strike would be the most efficient use of resources. This is particularly true because Plaintiff's recent filings include declarations with voluminous exhibits (including the previously stricken Fourth Fan Declaration and its exhibits[2]) comprising more than 2,600 pages, which were filled with Confidential Discovery Materials and would need to be individually reviewed and redacted.

Should the Court be inclined to address the substance of Plaintiff's request now, Defendants believe that the parties should continue with the practice described above, which they have followed consistently for nearly fifteen years. Beyond being outside the established practice in this case, the Court has already recognized the unnecessary burden redactions would cause. For example, when Plaintiff previously requested the redaction and public filing of sealed materials, the Court rejected that request on the grounds that it was unduly burdensome. See July 30, 2015 Order, Dkt. 272. Plaintiff attempts to distinguish the Court's finding in the July 30 Order on the basis that it related to AAI's request for the redaction of multiple filings. See Dec. 6 Letter at 4. But Plaintiff's request here is no different—it would apply to the pending Rule 56(d) Motion and the Motion to Strike, which, once fully briefed, are in an order of magnitude the Court found to be too onerous in the July 30 Order. Id.[3] As mentioned above, Plaintiff's request would already require the review and redaction of more than 2,600 pages—*for a single opening brief*. There is simply no reason to impose that burden on Defendants, particularly where Plaintiff's request seeks to upend more than a decade of the parties' prior practice, and where much of the material at issue includes extensive references to the Fourth Fan Declaration, which this Court has *already* stricken.[4]

---

[2] See March 26, 2014 Order, Dkt. 235.

[3] Although Defendants do not believe any further motion practice is necessary to bring this case to final resolution, we note that Plaintiff's request purports to apply all future filings which, to the extent any such filings occur, would further exacerbate the burden of requiring redactions for all sealed documents.

[4] Plaintiff's citation to this Court's opinion in In re Parmalat Secs. Litig., 258 F.R.D. 236 (S.D.N.Y. 2009) is misplaced. As Your Honor knows, Parmalat involved a motion to strike confidentiality designations to a number of

The Honorable Henry B. Pitman, p. 3

Finally, should any matter in this case come before Judge Swain, Defendants will, as they have always done, comply with Judge Swain's Individual Rules of Practice. As with its request for redactions, Plaintiff's suggestion that the "papers filed in this case should generally conform to Judge Swain's docket requirement" runs contrary to the established history of this case, as explained above. Tellingly, when asked to review an order of this Court, Judge Swain has never requested that the Parties redact and refile sealed briefs submitted to this Court. Nor has she, Your Honor, or any of AAI's prior counsel suggested that, as a matter of course, all filings should comply with Judge Swain's Individual Rules of Practice (or otherwise always be filed publicly with redactions for that matter). There is no reason to change the parties' well-established practice now.

Accordingly, and for the reasons discussed herein, Defendants respectfully request that Plaintiff's request be deferred pending resolution of the Motion to Strike or, in the alternative, denied in full.

Respectfully submitted,

Jennifer Kennedy Park

cc: J. James Li, Ph.D (via ECF)

---

documents, which were challenged individually. Id. at 241-42. Unlike in Parmalat, Plaintiff has made an undifferentiated request that all future sealed filings be accompanied with redacted, publicly filed versions and has not even suggested that there are any grounds for challenging the confidentiality designations applied to the Rule 56(d) Motion or the Motion to Strike. Cf. Bank of Montreal v. Optionable, Inc., No. 09 Civ. 7557 GBD JLC, 2011 WL 6259668, at *3 (S.D.N.Y. Dec. 15, 2011) (distinguishing Parmalat where request to de-designate confidential documents "d[id] not apply to any identified subset of documents" but rather included all documents produced, and concluding that in light of the magnitude of the request and the failure to identify a narrowed set of documents, the blanket de-designation requested was unjustified). As for the Plaintiff's citation to the Court's October 22, 2012 and November 16, 2012 Orders, the Court will recall that those Orders related to redaction of transcripts for confidentiality, and are unrelated to whether the parties should be forced to redact unquestionable Confidential Discovery Material from all of their filings. See Dkts. 204; 192.