UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.,

                Plaintiff,

against

CITIGROUP GLOBAL MARKETS, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 04 Civ. 3531 (LTS) (SLC)

**AMENDED OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the application of Defendants Citigroup Global Markets, Inc. and Yield Book, Inc. ("Defendants") for an Award of Expenses Pursuant to the Court's Partial Grant of Motion to Strike the Fourth Declaration of Jianqing Fan (the "Application"). (ECF No. 242). For the reasons set forth below, Defendants' Application is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Given this action's lengthy history, the Court assumes the reader's familiarity with the background of this case and references only facts necessary to explain this opinion. A comprehensive recitation of the events giving rise to this action is set forth in the Honorable Henry B. Pitman's Opinion and Order dated March 26, 2014 granting Defendants' motion for expenses. (ECF No. 235).

This action has been pending for over fifteen years and stems from the allegations of Advanced Analytics, Inc. ("AAI") that Defendants misappropriated AAI's sequences of numbers used to aid in pricing mortgage-backed securities and incorporated them into Defendants' software, the Yield Book, or used them to create new sequences for use in the Yield Book. (ECF

No. 235 at 3). In January 2012, Magistrate Judge Pitman set a revised discovery schedule ordering the submission of AAI's expert disclosures by May 17, 2012 and completion of all discovery by July 17, 2012; he also admonished the parties to raise discovery disputes promptly. (Id.). Despite these instructions, on July 18, 2012, AAI attempted to submit a "reply expert report from Dr. Jinqing Fan," past the May 17, 2012 deadline (the "Fan Reply"). (Id. at 3–4). (See July 18, 2012 Disc. Conf. Tr., ECF No. 226 at 121, 146–49). Defendants moved to strike the Fan Reply as untimely and not constituting "a proper 'reply,' because it contained new information and opinions that were not within the scope of either parties' prior expert disclosures." (Id. at 4). Magistrate Judge Pitman issued an Order granting Defendants' motion (ECF No. 174), AAI objected, and on February 8, 2013, the Honorable Laura T. Swain, United States District Judge, overruled AAI's objections. (ECF No. 214).

The parties then briefed Defendants' "motion for summary judgment and their Rule 702/Daubert motion to exclude Dr. Fan's initial report and testimony based on that report." (ECF No. 235 at 5). AAI's "opposition to both motions included the Fourth Fan" Declaration, which incorporated by reference and relied on the entire previously stricken Fan Reply (the "Fourth Fan Declaration"). (Id. at 6). On June 10, 2013, Defendants requested a conference for their "anticipated motion to strike the Fourth Fan [Declaration] on the grounds that it was untimely and contained entirely new bases for AAI's claims." (Id.). On June 17, 2013, AAI requested a conference for its "anticipated motion for sanctions against defendants . . . based on allegations of discovery misconduct set forth in the Fourth Fan [Declaration]." (Id.). AAI sought to use the Fourth Fan Declaration in support of its motion for sanctions. (Id. at 15). On June 19, 2013, Magistrate Judge Pitman "directed the parties to complete their briefing on Defendants' motion

2

to strike the Fourth Fan [Declaration] and . . . deferred consideration of AAI's contemplated motion for sanctions until the dispute concerning the Fourth Fan [Declaration] was resolved." (Id. at 7).

On July 10, 2013, "pursuant to Rules 16, 26, and 37 of the Federal Rules of Civil Procedure," Defendants moved to strike the Fourth Fan Declaration, to "exclude Dr. Fan's 2007 Report and testimony concerning the opinions set forth in that report," and for an award of "their expenses, including attorney's fees and costs, incurred in connection with" the motion. (ECF No. 235 at 1–2).

On March 26, 2014, Magistrate Judge Pitman held that AAI was precluded from using the Fourth Fan Declaration to oppose Defendants' motion summary judgment "or in connection with any other dispute involving the merits of the claims and defenses" because it was "untimely under [his] scheduling Order and was served in violation of Rule 26(a)(2)," and went "beyond Dr. Fan's timely produced expert disclosures." (ECF No. 235 at 16, 23, 30–31). Magistrate Judge Pitman also held that AAI could use "section G, ¶¶ 257–73" of the Fourth Fan Declaration to respond to "Defendants' rule 702/Daubert motion," but "[g]iven the age of this matter, the fact that the Fourth Fan [Declaration] does not rely on information first produced after the close of discovery, [his] admonition in January 2012 that discovery disputes be raised promptly and the almost year-long gap between the close of discovery and the earliest date on which a sanctions motion could possibly have been made," AAI could not use the Fourth Fan Declaration in support of its motion for sanctions. (Id. at 32, 34, 36). Accordingly, Magistrate Judge Pitman found that Defendants are "entitled to recover some of their attorney's fees and costs" from "AAI and its

3

counsel," but only half of "the fees and costs incurred in making" their motion "as a result of AAI's failure to comply with the Scheduling Order and Rule 26(a)(2)." (Id. at 36–37).

Magistrate Judge Pitman ordered Defendants to submit their Application within 20 days of his order with AAI's response due 20 days thereafter. (ECF No. 235 at 38). Defendants timely submitted their Application under seal requesting an award of $91,246.55 (ECF No. 242 ¶6), and AAI timely submitted their response under seal. (ECF No. 246).

## **LEGAL STANDARD**

A party and its counsel can be held liable for attorney's fees and costs incurred for violating the court's scheduling order or Federal Rule of Civil Procedure 26(a). Fed. R. Civ. P. 16(f), 37(c)(1). Under Federal Rule of Civil Procedure 16(f)(2), "in addition to or instead of sanctions, the court may award 'reasonable expenses — including attorney's fees — incurred because of noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances made an award of expenses unjust.'" Tessemae's LLC v. Atlantis Capital LLC, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *2 (S.D.N.Y. June 27, 2019) (quoting Fed. R. Civ. P. 16(f)(2)). Under the law of this Circuit, identical language in Rule 37 of the Federal Rules of Civil Procedure imposes on the disobedient party the "burden to show that his failure is justified or that special circumstances make an award of expenses unjust." Id. at *3 (internal citation omitted). The prevailing party is also entitled to costs, including "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." Kreisler v. Second Avenue Diner Corp., No. 10 Civ. 7592 RJS), 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013) (internal citation omitted).

4

The district court has broad discretion to determine the amount to be awarded. Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011). In Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cnty. of Albany, 522 F.3d 182 (2d Cir. 2008), the Second Circuit articulated the method for calculating reasonable attorney's fees: a reasonable hourly rate multiplied by a reasonable number of hours extended on the work constitutes the "presumptively reasonable fee," also known as the "lodestar." Kreisler, 2013 WL 3965247, at *1. A court using the lodestar method sets the lodestar, then considers "whether, in light of variables such as the difficulty of the case, it should adjust the lodestar before settling on the reasonable fee." Arbor Hill, 522 F.3d at 187.

To aid in the court's analysis, a fee application should be supported by "contemporaneous time records" relaying the rates charged and hours worked by each attorney. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). The attorneys "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); see Themis Capital v. Democratic Republic of Congo, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014) (reducing hours by twenty percent for "impermissibly broad" block billing). A court should look at the "nature of the legal matter and context of the fee award in considering the reasonable rate and reasonable time spent on the matter." Tessemae's LLC, 2019 WL 2635956, at *3.

To determine the hourly rate, a court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 289–90 (2d Cir. 2011) (internal citation omitted). In addition, the Second Circuit has a

5

"forum rule" requiring the use of "hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." Id. at 289 (internal citation omitted). The court's determination of the reasonable hourly rate is aided by the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). "Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter were reasonable" depending on complexity, experience, and skill required. Tessemae's LLC, 2019 WL 2635956, at *4 (collecting cases). The court may adjust base hourly rates to account for case specific variables such as the complexity of the issues and attorneys' experiences. See MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kowancki LLC, No. 16 Civ. 8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (adjusting fees based on case specific matters).

To determine the reasonable number of hours worked, the court should strike a balance "between principles of thoroughness and efficiency." LCS Grp. LLC v. Shire LLC, 383 F. Supp. 3d 274, 280 (S.D.N.Y. 2019). The court must examine the amount of time spent on each task and decide "how much of that time was reasonably expended given the scope and complexity of the litigation." Pichardo v. C.R. Bard, Inc., No. 09 Civ. 7653 (SHS), 2015 WL 13784565, at *4 (S.D.N.Y. Jan. 26, 2015) (internal citation omitted). The court should also consider the number of attorneys involved. Tessemae's LLC, 2019 WL 2635956, at *5. The court can rely on "its own familiarity with the case, as well as its experience with the parties' evidentiary submissions and arguments." Kreisler, 2013 WL 3965247, at *3. Time spent preparing a fee application may be awarded. See

Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A., No. 11 Civ. 1529 (KMW) (KNF), 2015 WL 1062327, at *3 (S.D.N.Y. Mar. 3, 2015).

The court may reduce the hours spent on the litigation to exclude excessive, redundant, or otherwise unnecessary time. Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (citing Hensley, 461 U.S. at 434); see LCS Grp. LLC, 383 F. Supp. 3d at 281 ("A court may apply an across-the-board reduction to effectuate the reasonable imposition of fees."); see MSC Mediterranean Shipping Co. Holding S.A., 2017 WL 1194372, at *3 (reducing fees for an unopposed motion for default judgment in a breach of contract case; excluding a senior partner's time because "the matter did not warrant the involvement of two senior partners"; and cutting paralegal's time in half); see also Pichardo, 2015 WL 13784565, at *7 (reducing attorneys' hours by forty percent because the recorded time addressed only one relevant issue).

Ultimately, "[t]he essential goal in shifting fess (to either party) is to do rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011).

## DISCUSSION

### I. Determining the Aggregate Amount

In the Application, Defendants request an "aggregate amount of **$182,493.09** of fees . . . incurred by Defendants 'as a result of AAI's failure to comply with the Scheduling Order and Rule 26(a)(2)." (ECF No. 242 ¶6) (quoting Magistrate Judge Pitman's Mar. 26, 2014 Order at ECF No. 235.) They argue they are "entitled to reimbursement of one-half of this amount, or $91,246.55." (Id.). Defendants split their aggregate fees into four categories: time spent (i) preparing and filing their motion to strike the Fourth Fan Declaration and reply in support of the motion; (ii) corresponding with the Court about their anticipated motion to strike the Fourth Fan Declaration

7

and associated briefing schedule, and preparing an opposition to AAI's motion for reconsideration of the briefing schedule; (iii) redacting and performing other review and analysis of the Fourth Fan Declaration; and (iv) preparing the Application. (Id. at 2–4). Defendants attach corresponding diary entries as exhibits detailing each individual timekeeper's work in that category. (Id. Exs. A–D).

AAI requests that the Court deduct $12,663.59 incurred in "Redacting and Performing Other Review and Analysis of the Fourth Fan [Declaration]." (ECF No. 246 at 4). AAI argues that Section G of the Fourth Fan Declaration, the section that Magistrate Judge Pitman permitted AAI use in its opposition to Defendants' "Rule 702/Daubert motion," referenced and can only be understood in conjunction with other sections of the Fourth Fan Declaration. (ECF No. 246). Therefore, Defendants had to "address virtually the entirety" of the Fourth Fan Declaration in connection with that motion, negating the fees and costs associated with "analyzing or redacting" the same document. (Id. at 3). AAI also argues that Defendants needed to "analyze and redact" the Fourth Fan Declaration "notwithstanding, the Order's direction that [it] may not be used for merits purposes on Defendants' motion for summary judgment." (Id. at 4). AAI's argument is unpersuasive because Defendants were awarded attorney's fees as a sanction against AAI for its failure to comply, not as compensation to their attorneys for services rendered. Tessemae's LLC, 2019 WL 2635956, at *5.

The Court does, however, reduce the aggregate amount of Defendants' fees based on its familiarity with this litigation, review of the record, and to effectuate the reasonable imposition of fees. Tessemae's LLC, 2019 WL 2635956, at *5; LCS Grp. LLC, 383 F. Supp. 3d at 281. Magistrate Judge Pitman found that Defendants are entitled to recover half of "the fees and costs

incurred in making" their motion. (ECF No. 235 at 36). Later in the same order, he wrote that Defendants shall be reimbursed for one-half of expenses incurred "as a result of AAI's failure to comply with the Scheduling Order and Rule 26(a)(2)." (Id. at 37). Defendants argue these phrases mean that AAI should reimburse them for fees and expenses beyond what was expended for the motion. The Court does not interpret Magistrate Judge Pitman's statement the same way, particularly because in the following sentence, he directed "Defendants' counsel to submit a sworn statement, with supporting documentation, **regarding the costs and fees associated with the present motion** and justifying the hourly rates." (Id.) (emphasis added). Therefore, only the costs and fees associated with the motion for expenses, not all expenses and fees associated with AAI's failure, should be included in the aggregate number to be used as a starting point.

Defendants seem to recognize this limit because, in a footnote, they state that if "the Court intended to limit Defendants' recovery to one-half of all expenses incurred only in connection with making the motion to strike . . . then the Defendants would be entitled to recover" $51,879.94, "which excludes work done in reviewing the Fourth Fan Declaration, apprising the Court of the intended Motion to Strike and negotiating a briefing schedule, and preparing the instant fee application." (ECF No. 242 at 6 n.4).

Accordingly, the Court finds that as a starting point, Defendants are entitled to, at most, one-half of the $103,759.88 attorney's fees and costs incurred in preparing and filing their motion to strike and reply in support of the motion. Vincent, 651 F.3d at 307. In addition, as a corollary to their motion to strike and reply in support, the Court also finds that as a starting point, Defendants are entitled to, at most, one-half of the $11,542.58 attorney's fees and costs incurred in preparing the Application. Dorchester Fin. Holdings Corp., 2015 WL 1062327, at *3.

9

II. **Hourly Rates**

Defendants' counsel, Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), states that the fees from June 2013 through August 2013 were invoiced to Defendants and paid in full. (ECF No. 242 at 4). Cleary argues that its hourly rates are "customary for the legal market in which [it] serves its clients, including Defendants." (Id.). Cleary also provides that it discounted the bill by fifteen percent. (Id.). Cleary submitted contemporaneous time records, describing each timekeeper's task, the date of the specified task, and the time expended on each task. (Id., Exs. A, D).

Specific to preparing the motion to strike and reply in support of the motion, Cleary lists ten timekeepers: (i) two partners, Christopher Moore at $810 per hour and Jennifer Kennedy Park at $725 per hour; (ii) one managing attorney, Richard Conza at $605 per hour; (iii) five associates, Nathaniel Jedrey at $475 per hour; and Nicholas Fung, Jennifer McArdle, Catherine Gordley, and Michelle Parthum, each at $425 per hour; (iv) one unnamed paralegal at an apparent hourly rate of $205.42 (based on fees incurred of $5,484.68 for 26.7 hours); and (v) one unnamed non-legal personnel[1] at an apparent hourly rate of $141.35 (based on fees incurred of $381.65 for 2.7 hours ). (ECF No. 242 at 2, 5).

Specific to preparing the Application, Cleary lists seven timekeepers: (i) three partners: Moore, Park, and Lawrence B. Friedman at $940 per hour; (ii) one knowledge management attorney, Sheila Kane at $605 per hour; (iii) two associates, Jedrey and Parthum; and (iv) one unnamed paralegal at an apparent hourly rate of $181.41 (based on fees incurred of $2,122.45 for 11.7 hours). (ECF No. 242 at 4–5).

---

[1] Cleary notes that non-legal personnel "include litigation technology specialists and assistant managing clerks." (ECF No. 242 at 2 n.2).

For all of the work listed in the Application, Cleary lists six paralegals billed at hourly rates of $280, $275, $265, $230, and two at $210 each, and four non-legal personnel billed at hourly rates of $260, $150, and two at $140 each. (ECF No. 242 at 5). The unnamed paralegal used in preparing the motion to strike and reply in support of the motion appears to be an aggregate of Michelle Barras at $265 per hour, Benazir Rozan at $275 per hour, Shanaz Muztaza at $210 per hour, and Roxenna Reyes-Seri at $280 per hour. (Compare ECF Nos. 242 at 5 with 242, Ex. A). The non-legal personnel used in preparing the motion to strike and reply in support of the motion appears to be an aggregate of Michael Ahn at $140 per hour, Aleksandr Abelev at $260 per hour, and Alison Wrynn at $150 per hour. (Id.). The unnamed paralegal used in preparing the Application appears to be an aggregate of Katie Shragge at $210 per hour and Samuel Racker at $230 per hour. (Compare ECF Nos. 242 at 5 with 242, Ex. D). Because the specified fees provided for the paralegals and non-legal personnel are an aggregate, the Court will use its calculated hourly rates of $205.42, $141.35, and $181.41, respectively. See MSC Mediterranean Shipping Co. Holding S.A., 2017 WL 1194372, at *3 (finding that, in its discretion, the court can adjust hourly rates).

Pursuant to the Second Circuit's forum rule, the hourly rates set for the attorneys and staff appear reasonable at a range of $725 to $940 for partners; $425 to $605 for non-partner attorneys; and $141.35 to $205.42 for paralegals and non-legal personnel. See Tessemae's LLC, 2019 WL 2635956, at *4 (collecting cases). Cleary did not provide information regarding the attorneys' experiences, but the Court has discretion to rely on its own familiarity with the case and the parties' expertise. See Kreisler, 2013 WL 3965247, at *3. Cleary is a well-regarded firm known for its expertise in commercial litigation. Cleary Gottlieb,

https://www.clearygottlieb.com/practice-landing/litigation-and-arbitration (last visited Dec. 3, 2019). This case has a fifteen-year history, involving considerable motion practice, and involves complex issues regarding software and trade secrets. Accordingly, the Court finds that Cleary's hourly rates are reasonable.

### III. Number of Hours

#### A. Motion to strike and reply

Specific to preparing the motion to strike and reply in support of the motion, Cleary allocates an aggregate of 241.5 hours as follows: (i) 63.1 hours by partners Moore at $810 per hour and Park at $725 per hour for fees incurred of $41,931.66; (ii) 1.4 hours by managing attorney Conza at $605 per hour for fees incurred of $719.95; (iii) 147.6 hours by associates Jedrey at $475 per hour, and Fung, McArdle, Gordley, and Parthum each at $425 per hour each for fees incurred of $55,003.80; (iv) 26.7 hours by an unnamed paralegal at $205.42 per hour for fees incurred of $5,484.68; (v) 2.7 hours by an unnamed non-legal personnel at $141.35 per hour for fees incurred of $381.65; and (vi) expenses of $238.14.[2] (ECF No. 242 at 2, 5). AAI argues that Defendants' 241.5 hours spent preparing their motion to strike and reply in support of the motion are excessive. (ECF No. 246 at 5). AAI argues that the "charges listed are excessive," particularly charging $41,931.66 in partner time for preparing and filing the motion to strike and reply brief, constituting "43.2 percent of the combined partner-associate charge of $96,935.46." (Id. at 4).

---

[2] Defendants note that the "referenced expenses were incurred in the duplication of documents." (ECF No. 242 at 3 n.3).

Cleary's eleven-page exhibit detailing each timekeeper's tasks for the motion to strike and reply in support of the motion is thorough. (ECF No. 242, Ex. A). All the time recorded preparing the motion to strike and reply in support of the motion was between June 19, 2013, when Magistrate Judge Pitman ordered the parties to finish briefing the motion, and August 9, 2013, when Defendants filed their certificates of service for their motion and reply. (ECF Nos. 242, Ex. A; 234; 235 at 7). The Court disagrees with AAI's contention that the 241.5 hours spent over a seven-week period (less than 35 hours per week) preparing the motion to strike and reply in support of the motion are excessive. Again, this is a complex case with over fifteen years of history. Considerable time was reasonably necessary to craft Defendants' motion to strike and reply to AAI's formidable opposition. See Pichardo, 2015 WL 13784565, at *4. In addition, although Defendants did incur $41,931.66 in partner fees, that amount only constitutes 63.1 hours, or 26.13%, of the total time spent preparing the motion and reply. The Court has already found the partners' rates reasonable, so the fees incurred at those rates are reasonable because the work was relevant and not excessive, redundant, or otherwise unnecessary. Kirsch, 148 F.3d at 173. The Court also finds that it was reasonable for ten timekeepers to be involved in preparing Defendants' filings, given the complexities of this litigation. Tessemae's LLC, 2019 WL 2635956, at *5.

Defendants state that "certain items in the diary entries have been redacted on the basis of attorney-client privilege and/or the work product doctrine" and offer to make unredacted entries available for in camera review. (ECF No. 242 at 2 n.1). The Court does not find that necessary because despite the redactions, the amount of time spent on each task is reasonable given the complexity and length of the litigation, with one exception. See Pichardo, 2015 WL

13

13784565, at *4.  First, Defendants charge 1.1 hours to associate Jedrey on August 6, 2013 but redact the entire description.  (ECF No. 242 Ex. A at 9).  The Court cannot award undescribed fees.  The Court does not deem further in camera review of one entry totaling a $522.50 (Jedrey's $475 rate X 1.1 hours) deduction necessary in this already-protracted litigation.  Therefore, the Court deducts $522.50 from Cleary's fees for preparing the motion to strike and reply in support of the motion.  In addition, while the Court has discretion to award associated expenses, the Court declines to award $238.14 in expenses for duplicating documents.  (See ECF No. 242 at 2).  Cleary does not specify the reason for the duplication so the Court cannot find it reasonable.

Accordingly, for preparing and filing the motion to strike and reply in support of the motion, Defendants are awarded **$51,499.62**.[3] **.**

### B.    Preparing the Application

Specific to preparing the Application, Cleary allocates an aggregate of 37 hours as follows: (i) 0.2 hours by partners Moore at $810 per hour, Park at $725 per hour, and Friedman at $940 per hour for fees incurred of $159.80; (ii) 0.4 hours by knowledge management attorney Kane at $605 per hour for fees incurred of $205.70; (iii) 24.7 hours by associates Jedrey at $475 per hour and Parthum at $425 per hour for fees incurred of $9,054.63; and (iv) 11.7 hours by an unnamed paralegal at $181.41 for fees incurred of $2,122.45.  (ECF No. 242 at 4–5).  AAI argues that these hours are excessive.  (ECF No. 246 at 5).

Cleary's three-page exhibit detailing the time spent preparing this Application is also thorough.  (ECF No. 242, Ex. D).  The time spent preparing the Application was between

---

[3] $103,759.88, less $522.50 for the blank time entry and $238.14 for the document duplication expense, equals $102,999.24, then divided by 2 equates to $51,499.62.

Magistrate Judge Pitman's March 26, 2014 Order and April 15, 2014, when Cleary submitted its Application. (Id.; ECF No. 235). Over half of the time (21.6 hours, or 58.38%) was recorded by associate Parthum at an hourly rate of $425. (Id.). Only one partner, Friedman, recorded any time, a total of 0.2 hours. (ECF No. 242, Ex. D at 1). The rest of the time was recorded by: (i) associate Jedrey at an hourly rate of $475; (ii) knowledge management attorney, Kane, at an hourly rate of $605 for 0.4 hours; and (iii) two paralegals at an aggregate hourly rate of $181.41. (Id.). Given that the timekeepers preparing the Application compiled and distilled information from twenty timekeepers, created four aggregate timesheets, and drafted arguments supporting the Application, the Court finds that 37 hours spent over an 18-day period[4] is a reasonable amount. The Court also finds that Cleary's use of seven timekeepers to prepare this Application is reasonable. Tessemae's LLC, 2019 WL 2635956, at *5.

Accordingly, for preparing the Application, Defendants are awarded **$5,771.29**, which is half of the total of $11,542.58 incurred in preparing the Application**.**

## CONCLUSION

For the foregoing reasons, Defendants' Application is **GRANTED** in part and **DENIED** in part. Defendants are awarded **$57,270.91** in attorney's fees pursuant to Rules 16(f)(2) and 37(c)(1). In accordance with the Magistrate Judge Pitman's Opinion and Order dated March 26, 2014, AAI and its counsel must pay Defendants by **Monday, January 6, 2020**. The Clerk of Court is respectfully directed to close ECF No. 242.

---

[4] There are only 15 business days between March 26, 2014 and April 15, 2014.

Dated:    New York, New York
          January 8, 2019

_____
**SARAH L. CAVE
United States Magistrate Judge**