

**LiLaw Inc. – A Law Corporation**
5050 El Camino Real, Suite 200, Los Altos, CA 94022
Tel. (650) 521-5956     Fax (650) 521-5955     Web: www.lilaw.us

January 6, 2020            MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-9-2020

VIA ECF and Overnight FedEx

Hon. Laura Taylor Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 17C
New York, New York 10007-1312

    Re: *Advanced Analytics, Inc. v. Citigroup Global Markets Inc.* 04 Civ. 3531 (LTS) (SLC)
    **A Request to Stay Magistrate Judge' Order Directing Plaintiff to Pay Sanction Fee by January 6, 2019**

Dear Judge Swain:

    We represent Advanced Analytics, Inc. ("Plaintiff") in the above-captioned case. Pursuant to Fed R. Civ. P. 72(a) and 54(b), Plaintiff respectfully submit the following objections to Magistrate Judge Cave' order of January 6, 2020 (ECF406), which denied Plaintiff's request to stay the sanction payment order (ECF389) that Plaintiff alone (not its former counsel) is to make the sanction payment to defendants by January 6, 2020, despite the fact that she has granted leave for Plaintiff to file a motion for reconsideration for the same issues.

    Plaintiff's Rule 56(h) motion presented substantial evidence (which Defendants have not disputed so far) of the collusion between Plaintiff's former counsel and defendants to set Plaintiff up for the sanction.[1] This collusion issue and evidence thereof have never been considered for the sanction orders issued by either Magistrate Judge Pitman or Magistrate Judge Cave, and will be part of the upcoming reconsideration briefing. By the time of the collusion, the former counsel had not only stopped representing AAI's interest, he had also intentionally acted adversely against his client. Thus, under the established agency law, AAI, who was the victim of the collusion, should not be responsible vicariously for its former counsel's violation of the

---

[1] *See* also new evidence presented in Ex. 4 (Plaintiff's letter motion of January 2, 2020, ECF 402) and Ex. 5 (Motion to Reconsider, ECF402-1).

schedule order over strong and express objections of AAI—which was the cause for the sanction. Instead, the former counsel alone should be responsible for the sanction payment.[2]

At the very least, the former counsel should be jointly responsible for the sanction payment. In fact, this joint liability of plaintiff's former counsel was explicitly set forth in Judge Pitman's original order (ECF235), which Judge Cave's orders are merely enforcing. It is a clear error that Judge Cave's orders removed this joint liability of the former counsel and placed the onus of paying the sanction money entirely on Plaintiff. *See* Ex. 2-5.

This letter is not intended to repeat any arguments shown in the recent filings attached as exhibits herein. However, I am duty bound to discuss one particular matter that involves my statement to Judge Pitman which Defendants have relied on to argue against reconsideration of the sanction order.

On May 28, 2019, I attended a status conference before Magistrate Judge Pitman. The judge asked me to tell him any evidence supporting the collusion charge, I responded in essence by stating the fact, as evidence of collusion, that the day after Plaintiff filed its letter sanction motion[3] upon Dr. Wang insistence supported with the Fourth Declaration of Dr. Jinqiang Fan ("Fan 4th Decl."), the former counsel called the Court jointly with Defendants to withdraw the motion from the Court's consideration and then concealed his withdrawal from Dr. Wang[4]. This maneuver is arguably the foundation of the entire sanction order, which found Plaintiff submitted Fan 4th Decl. for opposing the motion for summary judgment in substance while in fact the declaration was commissioned and submitted upon Dr. Wang' insistence for the spoliation sanction motion, which was secretly withdrawn by the former counsel and never mentioned again, as if it had never been filed. *See* Ex. 2-5.

Defendants misquoted my statements, by cutting off the "evidence of collusion" and "without telling Dr. Wang," and mischaracterized it as "plaintiff's counsel admitted" its withdrawal, so that "the court did not need to consider" the 37(b) sanction motion[5]. Any reasonable person reads the transcript would know that the point of my statements was to show evidence of collusion between the former counsel and Defendants that led to the secret withdrawal of the sanction motion. Again, if the former counsel has acted intentionally against Plaintiff's interest, it would be manifestly unjust to impute the former counsel's action of

---

[2] In fact, under the agency law, Plaintiff is not even required of proving collusion between its former counsel and defendants to be absolved of vicarious liability due to the former counsel's action, as long as the former counsel acted adversely against Plaintiff's interest. Restatement (Third) Of Agency § 5.04 (2006).

[3] Plaintiff's Letter Motion of June 17, 2013 to Sanction Defendants for Spoliation and Violation of the Court's Express Discovery Orders Pursuant to FRCP 37(b) and Inherent Power ("Rule 37(b) Spoliation Motion", a redacted version of which was filed recently as ECF373-19.

[4] May 28, 2019 Court Hearing Tr. 14:8-15:17, Ex.1.

[5] *See* Defendants motion to strike and for injunction of November 11, 2019, at 7 (".. Plaintiff concedes, Plaintiff's prior counsel withdrew the June 2013 Letter soon after it was filed, rendering it moot. See id. at 4; see also May 28, 2019 Hr'g Tr. at 14:21-15:2 (Plaintiff's current counsel admitting that AAI's prior counsel advised Judge Pitman that he "[did not] need to consider" [the "Rule 37(b) Spoliation Motion"])".

withdrawing the sanction motion to Plaintiff, which is exactly opposite to Defendants' interpretation of the statements.

While I have no personal knowledge as to the withdrawal of the letter sanction motion, the current defense counsel recently confirmed to the Court of her joint call with plaintiff's formal counsel to Judge Pitman to withdraw Plaintiff's sanction motion.[6] See Ex. 4 at 2. Ex. 5, 13-15. Thus, this evidence of collusion is now corroborated and undisputed, notwithstanding Defendants' attempt to misinterpret my statements to Judge Pitman.

Therefore, we respectfully request that this Court issue an order stay the sanction order issued by Judge Cave ECF389 to the extent that it requires Plaintiff to pay the sanction money by January 6, 2020, pending the resolution of the motion for reconsideration on this matter before this Court.

Respectfully submitted,

/s/ J. James Li

J. James Li, Ph.D.

Attachment:

Ex. 1. May 28, 2019 Court Hearing Tr. 14:8-15:17.

Ex. 2. Plaintiff's letter motion of December 19, 2019 (ECF 395),

Ex. 3. Plaintiff's Reply of January 2, 2020, (ECF 401),

Ex. 4. Plaintiff's letter motion of January 2, 2020, (ECF 402) and

Ex. 5. Plaintiff's Motion to Reconsider (ECF402-1).

*[Handwritten note: The foregoing request is denied as moot in light of Judge Cave's 1/8/2020 order staying the sanction order. DE # 407 resolved.]*

SO ORDERED:

*[Signature]* 1/9/2020

HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

cc: Via ECF
    Counsel of Record

---

[6] See Joint Status Report, ECF No. 355 (Oct. 17, 2019).", *Id.* at 4 ("The next day, Plaintiff's counsel informed Judge Pitman that Plaintiff was withdrawing the letter").