UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ANALYICS, INC., | |
| Plaintiff, | CIVIL ACTION NO.:  4 Civ. 3531 (LTS) (SLC) |
| against | **OPINION & ORDER** |
| CITIGROUP GLOBAL MARKETS, INC. <u>et</u> <u>al.</u>, | |
| Defendants. | |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the Motion of Plaintiff Advanced Analytics, Inc. ("AAI") for reconsideration of two of the Court's pretrial orders in this action (the "Motion for Reconsideration").  (ECF No. 423).  In support of its Motion for Reconsideration, AAI filed the Fourth Declaration of Xiaolu Wang, Ph.D., dated April 23, 2015 (the "Wang Declaration").  (ECF No. 426).  Defendants subsequently sought a conference regarding their anticipated motion to exclude the Wang Declaration ("Defendants' Conference Motion").  (ECF No. 429).  The parties each assert that their adversary's filings are frivolous and seek their respective fees and costs arising from the current briefing.  (ECF Nos. 427–28).

For the reasons set forth below:  (1) AAI's Motion for Reconsideration is DENIED; (2) Defendants' request to exclude the Wang Declaration is GRANTED IN PART AND DENIED IN PART; (3) the parties' requests for costs and fees are DENIED; and (4) Defendants' Conference Motion is DENIED.

## I.   <u>BACKGROUND</u>

### A.   <u>Factual Background</u>

Given the lengthy history of this action, the Court assumes the reader's familiarity with the background of this case and references, where appropriate, those facts relevant and necessary to explain this Opinion & Order.  A comprehensive recitation of the events giving rise to this action is set forth in the Honorable Henry B. Pitman's Opinion & Order dated March 26, 2014 granting Defendants' motion for expenses.  (ECF No. 235) (the "March 2014 Order").

This action has been pending for over sixteen years and stems from AAI's allegations that Defendants misappropriated AAI's sequences of numbers used to aid in pricing mortgage-backed securities and incorporated them into Defendants' software, known as the Yield Book, or used them to create new sequences for use in the Yield Book.  (ECF No. 235 at 3).

### B.   <u>Procedural Background</u>

In January 2012, Judge Pitman set a revised discovery schedule ordering the submission of AAI's expert disclosures by May 17, 2012 and completion of all discovery by July 17, 2012; he also admonished the parties to raise discovery disputes promptly.  (ECF No. 235 at 3).  Despite these instructions, on July 18, 2012, past the May 17, 2012 deadline, AAI attempted to submit a "reply expert report from Dr. Jinqing Fan" (the "Fan Reply").  (<u>Id.</u> at 3–4; <u>see</u> ECF No. 226 at 121, 146–49).  Defendants moved to strike the Fan Reply as untimely and not constituting "a proper 'reply,' because it contained new information and opinions that were not within the scope of either parties' prior expert disclosures."  (ECF No. 235 at 4).  Judge Pitman granted Defendants' motion to strike the Fan Reply (ECF No. 174), AAI objected, and on February 8, 2013, the

Honorable Laura T. Swain, United States District Judge, terminated AAI's objections pending Judge Pitman's ruling on a pending motion for reconsideration (ECF No. 241).

The parties then briefed Defendants' "motion for summary judgment and their Rule 702/<u>Daubert</u> motion to exclude Dr. Fan's initial report and testimony based on that report." (ECF No. 235 at 5).  AAI's "opposition to both motions included the Fourth Fan" Declaration (the "Fourth Fan Declaration"), which incorporated by reference and relied on the entire stricken Fan Reply.  (<u>Id.</u> at 6).  On June 10, 2013, Defendants requested a conference for their "anticipated motion to strike the Fourth Fan [Declaration] on the grounds that it was untimely and contained entirely new bases for AAI's claims."  (<u>Id.</u>)  On June 17, 2013, AAI requested a conference for its "anticipated motion for sanctions against defendants . . . based on allegations of discovery misconduct set forth in the Fourth Fan [Declaration]."  (<u>Id.</u>)  AAI sought to use the Fourth Fan Declaration in support of its motion for sanctions.  (<u>Id.</u> at 15).  On June 19, 2013, Judge Pitman "directed the parties to complete their briefing on Defendants' motion to strike the Fourth Fan [Declaration] and . . . deferred consideration of AAI's contemplated motion for sanctions until the dispute concerning the Fourth Fan [Declaration] was resolved."  (<u>Id.</u> at 7).

On July 10, 2013, "pursuant to Rules 16, 26, and 37 of the Federal Rules of Civil Procedure," Defendants moved to strike the Fourth Fan Declaration, to "exclude Dr. Fan's 2007 Report and testimony concerning the opinions set forth in that report," and for an award of "their expenses, including attorney's fees and costs, incurred in connection with" the motion.  (ECF No. 235 at 1–2).

In the March 2014 Order, Judge Pitman held that AAI was precluded from using the Fourth Fan Declaration to oppose Defendants' motion summary judgment "or in connection with any

other dispute involving the merits of the claims and defenses" because it was "untimely under [his] scheduling Order[,] was served in violation of Rule 26(a)(2)," and went "beyond Dr. Fan's timely produced expert disclosures." (ECF No. 235 at 16, 23, 30–31). Judge Pitman permitted AAI the limited use of "section G, ¶¶ 257–73" of the Fourth Fan Declaration <u>only</u> to respond to "Defendants' rule 702/<u>Daubert</u> motion," and

> [g]iven the age of this matter, the fact that the Fourth Fan [Declaration did] not rely on information first produced after the close of discovery, [his] admonition in January 2012 that discovery disputes be raised promptly and the almost year-long gap between the close of discovery and the earliest date on which a sanctions motion could possibly have been made,

he precluded AAI from using the Fourth Fan Declaration in support of its motion for sanctions. (<u>Id.</u> at 32, 34–36). Finally, Judge Pitman found that Defendants were "entitled to recover some of their attorney's fees and costs" from "AAI and its counsel," but only half of "the fees and costs incurred in making" their motion "as a result of AAI's failure to comply with the Scheduling Order and Rule 26(a)(2)." (<u>Id.</u> at 36–37).

Judge Pitman ordered Defendants to submit their application for fees and costs within 20 days of his order, with AAI's response due 20 days thereafter. (ECF No. 235 at 38). Defendants timely submitted their application for fees and costs under seal requesting an award of $91,246.55 (the "Fee Application") (ECF No. 242), and AAI timely submitted a response under seal (ECF No. 246).

On July 29, 2020, Defendants moved to redact the parties' May 28, 2019 transcript (the "Motion to Redact") to shield confidential material subject to the parties' Stipulation and Protective Order Governing Confidential Material, dated March 14, 2005. (<u>See</u> ECF Nos. 314, 320–21, 330). On August 12, 2019, AAI opposed the Motion to Redact. (ECF No. 325). On

November 8, 2019, AAI requested that the Court defer ruling on the Fee Application and instead first investigate alleged collusion between its prior counsel, Mr. Todd S. Collins, ("Collins") and Defendants' counsel ("Motion to Defer").  (ECF Nos. 366–7, 371).  On November 11, 2019, Defendants moved to require AAI's preauthorization by the Court for future filings ("Motion for Preauthorization") and to strike AAI's Motion to Defer.  (ECF Nos. 369–70).

On November 12, 2019, the Court issued an order:  (1) granting Defendants' Motion to Redact and striking AAI's opposition; (2) denying AAI's Motion to Defer and granting Defendants' motion to strike the Motion to Defer; and (3) granting in part and denying in part Defendants' Motion for Preauthorization, ordering that "[b]efore **any party to this action** may file **any** motion for **any** relief, including but not limited to discovery disputes, the party must" first hold a meet and confer and, "if the parties are unable to resolve their dispute, the party seeking to make a motion must file a Letter-Motion requesting a Local Civil Rule 37.2 Conference" (the "Case Management Order").  (ECF No. 375).

On December 5, 2019, the Court granted Defendants' Fee Application in part, ordering AAI to pay Defendants $57,270.91 in attorney's fees ("First Award of Attorney's Fees").  (ECF No. 389).  On December 19, 2019, AAI filed a letter-motion for leave to file a motion for reconsideration of both the Case Management Order and the First Award of Attorney's Fees ("AAI's First Request for Reconsideration").  (ECF No. 394).  On December 27, 2019, Defendants filed their opposition (ECF No. 400), and AAI replied on January 2, 2020 (ECF No. 401).  On January 3, 2020, AAI filed a second letter-motion for leave to file a motion for reconsideration of the Case Management Order and First Award of Attorney's Fees, with more focus on the Case Management Order ("AAI's Second Request for Reconsideration").  (ECF No. 402).  On January 3,

2020, the Court held a Telephone Conference (the "January 3 Conference") in which it granted AAI leave to file a motion for reconsideration of the Case Management Order and denied AAI's request to stay payment of attorney's fees as directed in the First Award of Attorney's Fees.  (ECF No. 406).

On January 6, 2020, AAI filed a letter-motion directed to Judge Swain requesting a stay of the First Award of Attorney's Fees, arguing that it was incorrect in part because the March 2014 Order required that AAI and its former counsel be jointly responsible for the payment of the award ("AAI's Motion to Stay").  (ECF No. 407 at 2).  On January 8, 2020, this Court issued (1) an Amended Opinion & Order replacing the First Award of Attorney's Fees (ECF No. 410) (the "Amended Award of Attorney's Fees"), directing "AAI and its counsel" to reimburse Defendants' attorney's fees (id. at 15); and (2) an order staying the Amended Award of Attorney's Fees "pending the Court's consideration and ruling as to AAI's anticipated motion for reconsideration" ("January Stay Order") (ECF No. 409 at 2).  On January 9, 2020, Judge Swain denied AAI's Motion to Stay as moot.  (ECF No. 414).

On January 8, 2020, Defendants filed their opposition to AAI's Second Request for Reconsideration (ECF No. 411) and on January 9, 2020 AAI filed its reply (ECF No. 417).  During a Telephone Conference on January 15, 2020, the Court terminated AAI's Second Request for Reconsideration as moot given AAI's confirmation that its forthcoming motion for reconsideration would address both the Case Management Order and the Amended Award of Attorney's Fees.  (ECF No. 420).

On January 17, 2020, AAI filed the Motion for Reconsideration.  (ECF No. 423).  On February 6, 2020, in support of its Motion for Reconsideration, AAI filed a redacted version of the

Wang Declaration. (ECF No. 426). On February 7, 2020, Defendants filed their opposition to the Motion for Reconsideration. (ECF No. 427). On February 14, 2020, AAI filed its reply. (ECF No. 428). On February 24, 2020, Defendants filed Defendants' Conference Motion. (ECF No. 429). On February 27, 2020, AAI filed its opposition. (ECF No. 430). On February 28, 2020, Defendants filed their reply. (ECF No. 431). On March 30, 2020, the Court denied AAI's request to file a sur-reply. (ECF Nos. 432, 434).

## II.  APPLICABLE LEGAL STANDARD

### A.  Motion for Reconsideration

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other

words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." <u>Associated Press v. U.S. Dep't of Def.</u>, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court." <u>Polsby v. St. Martin's Press, Inc.</u>, No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." <u>Freedom, N.Y., Inc. v. United States</u>, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" <u>Premium Sports Inc. v. Connell</u>, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting <u>Aczel v. Labonia</u>, 584 F.3d 52, 61 (2d Cir. 2009)).

In addition, the Court also has authority under Rule 54(b) "as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." <u>Richman v. W.L. Gore & Assocs.</u>, 988 F. Supp. 753, 755 (S.D.N.Y. 1997).  Rule 54(b) provides that

> any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  Reconsideration is valid under Rule 54(b) when there is "an intervening change of controlling law," new evidence becomes available, or reconsideration is needed to "correct a clear error or to prevent manifest injustice." <u>Richman</u>, 988 F. Supp. at 755.  Requests for relief under Rule 54(b) must be made within the time period specified in Local Civil Rule 6.3

unless "justice so requires" a deviation.  Clinton v. Brown & Williamson Holdings, Inc., 652 F.

Supp. 2d 528, 530 (S.D.N.Y. 2009) (internal citation omitted).

### III.    DISCUSSION

#### A.  AAI's Motion for Reconsideration

To determine the merits of the Motion for Reconsideration, the Court must first assess

whether it can properly consider the Wang Declaration (ECF No. 426), which AAI has submitted

in support.

#### 1.   The Wang Declaration and Defendants' Conference Motion

On August 19, 2019, The American Prospect and Brandon Smith (collectively, the

"Proposed Intervenors") field a Motion to Intervene and Unseal Court Records (the "Motion to

Intervene").  (ECF No. 328).  On November 19, 2019, in light of discussions among AAI,

Defendants, and Proposed Intervenors to determine whether they could resolve the Motion to

Intervene without Court intervention, the Court ordered AAI and Defendants to work with the

Proposed Intervenors to resolve the Motion to Intervene, and notify the Court if a resolution

could not be reached.  (ECF No. 387).  The parties have been working since then to resolve the

Motion to Intervene.  (See ECF Nos. 391, 395, 412–13, 424–25, 433, 435, 436–37).

On February 5, 2020, the parties wrote jointly to the Court regarding the status of their

continued efforts.  (ECF No. 424).  The Proposed Intervenors sought a redacted version of "some

or all of the remainder of the [Fourth] Fan Declaration, [ECF No. 219]" and "other court records."

(Id. at 1).  Only eight pages of the Fourth Fan Declaration had been provided to the Proposed

Intervenors.  (Id.)  On February 6, 2020, the Court directed AAI and Defendants "to produce

redacted versions of some or all of the remainder of the Fourth Fan Declaration, as well as other court records, to the Proposed Intervenors" (the "February 6 Order").  (ECF No. 425).

AAI argues that the February 6 Order granted it permission to include the Wang Declaration as support for its Motion for Reconsideration.  (ECF No. 430).  Defendants argue that the Wang Declaration should not be considered in analyzing the Motion for Reconsideration because AAI never served it on them and, contrary to AAI's assertion, the February 6 Order, regarding the partial un-redaction of the Fourth Fan Declaration, did not give AAI the right to include the Wang Declaration as support for its Motion for Reconsideration.  (ECF No. 429).  Defendants seek a conference concerning AAI's use of the Wang Declaration to support its Motion for Reconsideration; to exclude its use; and to clarify the February 6 Order.  (Id.)

Sanctions for failure to comply with a court order are non-dispositive and within the Magistrate Judge's Rule 72(a) authority, "unless the sanction employed disposes of a claim." Seena Int'l Inc. v. One Step Up, Ltd., 15 Civ. No. 1095 (PKC) (BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016) (internal citation omitted).  "The critical issue . . . is what sanction the magistrate judge actually imposes, not what sanction the moving party seeks."  Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., 328 F.R.D. 100, 118 (S.D.N.Y. 2018) (internal citation omitted).  Striking a pleading is a drastic sanction, generally used only when alternatives have been considered and the failure to comply was "due to willfulness, bad faith, or any fault of the party sanctioned."  Pelgrift v. 355 W. 51st Tavern Inc., No. 14 Civ. 8934 (AJN), 2016 WL 817470, at *2 (S.D.N.Y. Feb. 23, 2016) (internal citation omitted).

The "court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case."  Scantibodies Lab., Inc. v. Church & Dwight Co., No. 14 Civ.

2275 (JGK) (DF), 2016 WL 11271874, at *18 (S.D.N.Y. Nov. 4, 2016) adopted by, 2017 WL 605303

(S.D.N.Y. Feb. 15, 2017) (internal citation omitted).   Federal Rule of Civil Procedure 37(b)(2)

provides:

> two standards—one general and one specific—that limit a district court's
> discretion in determining which sanctions are appropriate.   First, any sanction
> must be 'just'; second, the sanction must be specifically related to the particular
> 'claim' which was at issue in the order to provide discovery.   Thus, the Court must
> select sanctions that are commensurate with the non-compliance such that they
> restore the prejudiced party, as nearly as possible, to the position it would have
> occupied had the discovery been produced and the evidence disclosed.

Chevron Corp v. Donziger, 296 F.R.D. 168, 220 (S.D.N.Y. 2013) (internal citation omitted).

In this Circuit, when determining which sanctions to impose, the district court considers

the following four non-exhaustive and non-exclusive factors:   "(1) the willfulness of the

noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of noncompliance, and (4) whether the non-compliant party had been

warned of the consequences of noncompliance."   S. New England Tel. Co. v. Glob. NAPs Inc., 624

F.3d 123, 144 (2d Cir. 2010) (internal citation omitted).   The court may also consider the full

record in the case and any prejudice to the moving party.   Syntel Sterling Best Shores Mauritius

Ltd., 328 F.R.D. at 120.   In analyzing prejudice to the moving party, "the Second Circuit has

consistently rejected a 'no harm, no foul' standard for evaluating discovery sanctions."   Id.

(internal citation omitted).

In January 2012, Judge Pitman set a revised discovery schedule ordering the submission

of AAI's expert disclosures by May 17, 2012 and completion of all discovery by July 17, 2012; he

also admonished the parties to raise discovery disputes promptly.   (ECF No. 235 at 3).

Subsequently, Judge Pitman struck the Fan Reply as untimely (ECF No. 174) and limited use of

the Fourth Fan Declaration, in part because of its untimeliness (ECF No. 235).  The Wang Declaration is dated April 23, 2015—over three years after Judge Pitman ordered the completion of discovery.

AAI's argument that the February 6 Order granted it leave to file the untimely Wang Declaration eight years after the discovery deadline set by Judge Pitman is unavailing.  The February 6 Order was specific to the parties' and Proposed Intervenors' effort to minimize unnecessary motion practice and progress this case toward trial.  The February 6 Order directed the parties to "produce redacted versions of some or all of the remainder of the Fourth Fan Declaration, as well as other court records, to the Proposed Intervenors."  (ECF No. 425 at 2).  To eliminate any ambiguity, the Court now clarifies that the "other court records" in the February 6 Order meant the documents the parties and the Proposed Intervenors contemplated for unsealing.  (See ECF Nos. 391, 395, 412–13, 424–25, 433, 435, 436–37).  The February 6 Order does not mention the Wang Declaration, and neither do any of the other filings related to the Proposed Intervenors' collaborations with the parties to unseal documents on the docket.

Therefore, the Court has received the Wang Declaration and is aware of what it contains —AAI's repeated allegations of collusion, analyzed and dismissed in detail below, infra III.A.3.a— but has not relied on its substance in deciding the Motion for Reconsideration.  Accordingly, Defendants' request to exclude the Wang Declaration is GRANTED IN PART AND DENIED IN PART.

Having ruled on all of the issues presented in Defendants' Conference Motion, that Motion is DENIED.

## 2.  **Timeliness**

AAI moves for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) and Local Civil Rule 6.3.  (ECF No. 423 at 5).  Defendants argue that AAI's Motion for Reconsideration is untimely because Local Civil Rule 6.3 "requires that a motion for reconsideration be filed within fourteen days of the order at issue, [but AAI] waited nearly forty days before indicating its intent to seek reconsideration of the Case Management Order and nearly thirty days before indicating its intent to seek reconsideration of the [Amended Award of Attorney's Fes]."  (ECF No. 427 at 8).

The Case Management Order was filed on November 12, 2019 (ECF No. 375) and the First Award of Attorney's Fees was filed on December 5, 2019 (ECF No. 389).  AAI's First Request for Reconsideration was filed on December 19, 2019, making it untimely at more than five weeks after the Case Management Order, but timely at exactly two weeks after the First Award of Attorney's Fees.  The Court amended the First Award for Attorney's Fees with the Amended Award of Attorney's Fees, filed on January 8, 2020, (ECF No. 410), and at the Court's instruction, AAI filed its Motion for Reconsideration on January 17, 2020.  (ECF No. 423).

Although AAI was late in seeking reconsideration of the Case Management Order, the Court discussed and considered its request from December 19, 2019, when the First Request for Reconsideration was filed, through the January 15, 2020 conference, when AAI confirmed that the Motion for Reconsideration would encompass the Amended Award of Attorney's Fees and Case Management Order.  (See ECF No. 420).

Accordingly, the Court finds that AAI's Motion for Reconsideration is not untimely (1) with regard to the Amended Award of Attorney's Fees because it was timely filed two weeks after

entry of that order, and (2) with regard to the Case Management Order because of the Court's on-going consideration of its merits.

### 3. Case Management Order

#### a. Alleged Collusion

The principal theme of AAI's Motion for Reconsideration is the allegation that Defendants' counsel and AAI's prior counsel, Collins, colluded such that essentially every decision in this case against AAI should be reconsidered.  (ECF No. 423 at 6).  AAI also requests that the Court order an investigation into the alleged collusion.  (Id.)

Fact discovery in this case closed in September 2007.  (See ECF No 76).  Following Judge Swain's adoption in part (ECF No. 124) of Judge Pitman's Report & Recommendation (ECF No. 112) granting in part Defendants' first motion for summary judgment, discovery was partially reopened in 2010 to allow additional discovery regarding the development and testing of Defendants' relevant sequences.  (See ECF No. 124 at 5–6).  After 18 months, on the eve of the "second close of discovery," AAI sought further discovery.  (ECF No. 427 at 9).  Judge Pitman rejected AAI's request, finding that AAI sought to "pursue a theory that [Defendants] produced fabricated evidence in discovery of which there seems to be really very, very little evidence, if any evidence." (ECF No. 175 at 94:17–20).  Judge Swain affirmed Judge Pitman's ruling.  (ECF No. 214).

In April 2013, Defendants filed a second motion for summary judgment.  (See ECF No. 216).  AAI's opposition allegedly attempted to "resuscitate" its unsuccessful arguments from 2012, "principally relying on the Fourth [Fan Declaration]."  (ECF No. 427 at 10).  Defendants then moved to strike the Fourth Fan Declaration, which the March 2014 Order granted and awarded

attorney's fees as a sanction.  (ECF No. 235).  On May 31, 2017, Collins was then permitted to withdraw as AAI's counsel.  (ECF Nos. 263, 275).

On January 4 and May 31, 2017, Dr. Wang filed letters with the Court alleging that Collins colluded with Defendants' counsel "to thwart [AAI's] efforts to win its case, including 'framing' [AAI] for contempt by filing the Fourth Fan Decl[aration] for an improper purpose." (ECF No. 427 at 10).  In support of the collusion theory, Dr. Wang argued that Collins "and Defendants' counsel jointly called Magistrate Judge Pitman to inform him that [AAI] intended to withdraw" a motion for sanctions.  (Id. at 11).  In granting Collins' motion to withdraw, Judge Pitman noted that Dr. Wang's claim failed to cite "any evidence, that [Collins] colluded with [D]efendants' counsel to file deficient papers in opposition to [D]efendants' motion for summary judgment."  (ECF No. 275 at 2).

After retaining new counsel, in July 2017, AAI filed a motion pursuant to Rule 56(d) (ECF No. 289), repeating the same "baseless allegation of discovery misconduct" contained it its 2012 motion to compel discovery, the Fourth Fan Declaration, and 2017 letters alleging collusion—all of which Judge Pitman had considered and rejected.  (ECF No. 427 at 11).  Defendants moved to strike this new motion, citing the previously dismissed allegations (ECF No. 293), and Judge Pitman denied the motion, finding the allegations of discovery misconduct "were addressed in 2012 and 2013 by both [him] and by Judge Swain."  (ECF No. 381 at 13:20–23, 16:2–4, 53:23–55:18).

On June 26, 2019, AAI moved pursuant to Rule 56(h) again alleging the same baseless allegations of collusion (ECF No. 313), which Judge Pitman denied on September 4, 2019. Advanced Analytics, Inc. v. Citigroup Glob. Mkts., No. 04 Civ. 3531 (LTS) (HBP), 2019 WL 4193941,

at *2 (S.D.N.Y. Sept. 4, 2019) (stating that AAI's disagreements with Collins did not imply that Collins colluded with Defendants' counsel and finding "no basis to revisit" AAI's rejected allegations of discovery misconduct) (the "Sept. 2019 Report & Recommendation).   AAI's objection to the Sept. 2019 Report & Recommendation is pending before Judge Swain.  (ECF No. 361).

In its Motion for Reconsideration, AAI makes the same conclusory arguments that Collins' collusion with Defendants' counsel is the reason for AAI's unsuccessful motions throughout this litigation.  (ECF No. 423 at 9–25, 27–29).   AAI attempts to (1) reintroduce the Fourth Fan Declaration, the use of which was previously limited by the March 2014 Order (ECF No. 235); and (2) introduce the Wang Declaration, the use of which the Court has denied here in part because of its untimeliness and reliance on AAI's collusion allegations.  (See supra Section III.A.1).

A motion for reconsideration, however, is not "an occasion for repeating old arguments previously rejected . . ."  Associated Press, 395 F. Supp. 2d at 19.   Despite numerous rulings by Judge Swain and Judge Pitman, in this over 16-year-old case, rejecting AAI's allegations of collusion, AAI fails to point to an intervening change in controlling law, new evidence that just became available, any showing that reconsideration is needed to correct clear error, or any showing that reconsideration is needed to prevent manifest injustice.  See Richman, 988 F. Supp. at 755.   AAI has failed to point to any matter that the Court has overlooked over the last 16 years of litigation in this case or through its previous dismissals of AAI's allegation of collusion that might reasonably be expected to alter any of the Court's prior decisions.  Shrader, 70 F.3d at 257. Accordingly, AAI's Motion for Reconsideration based on its alleged "3-Prong Scheme of collusion" is DENIED.

### b.  **Preauthorization**

AAI asks the Court to reconsider the portion of the Case Management Order requiring the parties to meet and confer, then seek a pre-motion conference with the Court before filing requests for relief.  (ECF No. 423 at 5).

"A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense," including pretrial and discovery management.  Fed. R. Civ. P. 59; 28 U.S.C. § 636.  A "district court may order the parties to appear at a pretrial conference in order to 'discourag[e] wasteful pretrial activities.'"  Youssef v. Halcrow, Inc., No. 11 Civ. 2283 (PKC), 2011 WL 2693527, at *1 (S.D.N.Y. June 30, 2011) (quoting Fed. R. Civ. P. 16(a)(3)).  "At any pretrial conference, the court may consider and take appropriate action on . . . formulating and simplifying the issues, and eliminating frivolous claims or defenses."  Fed. R. Civ. P. 16(c)(2)(A). The Second Circuit has noted that, while "it is within the judge's discretion to hold a pre-motion conference for the purpose of persuading a party not to file a perceived meritless motion, . . . the judge may not require that the court's permission be secured at such a conference before a party may file its motion" because a court has no power to prevent a party from filing motions authorized by the Federal Rules of Civil Procedure."  Eisemann v. Greene, 204 F.3d 393, 397 (2d Cir. 2000) (internal citation omitted).

During the January 3 Conference, the Court granted AAI leave to file the Motion for Reconsideration, noting that AAI could not be precluded from filing its motion (ECF No. 415 at 10), and AAI filed its Motion for Reconsideration on January 17, 2020 (ECF No. 423).

AAI argues that the Court struck down its Motion to Defer without first giving AAI an opportunity to respond to Defendants' Motion for Preauthorization and to strike the Motion to

Defer.  (ECF No. 423 at 30–31).  AAI takes this opportunity to spin this argument into another collusion allegation against Defendants.  (Id. at 31–33).  The Court, in the January Stay Order, ultimately granted AAI's Motion to Defer, staying the Amended Award of Attorney's Fees pending a decision regarding AAI's Motion for Reconsideration, and Defendants' Motion for Preauthorization was denied as noted in the January 3 Conference.  Accordingly, the portion of the Motion for Reconsideration requesting reconsideration of the Motion for Preauthorization is DENIED as moot.

### 4. **Award of Attorney's Fees**

AAI asks the Court to reconsider the entire Award for Attorney's fees because it is based on the March 2014 Order, to which AAI objected (ECF No. 361) and is currently pending before Judge Swain.  (ECF No. 423 at 5).  AAI again posits that its main reason for the requested deferral is to permit Judge Swain to investigate the alleged collusion.  (Id. at 33).  AAI also argues that Collins and his firm, not AAI, should be responsible for the payment of the fees because of the collusion.  (Id.)

Defendants argue that the Motion for Reconsideration erroneously "focuses not on the mathematical calculation of fees—which the Court has explained was the sole function in issuing the [Amended Award of Attorney's Fees]—but on the question of whether [the March 2014 Order awarding] fees to Defendants nearly six years ago was proper."  (ECF No. 427 at 8).

A party and its counsel can be held liable for attorney's fees and costs incurred for violating the court's scheduling orders or Federal Rule of Civil Procedure 26(a).  Fed. R. Civ. P. 16(f), 37(c)(1).  Under Rule 16(f)(2), "in addition to or instead of sanctions, the court may award 'reasonable expenses—including attorney's fees—incurred because of [any] noncompliance with

this rule, unless the noncompliance was substantially justified or other circumstances made an award of expenses unjust.'" Tessemae's LLC v. Atlantis Capital LLC, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *2 (S.D.N.Y. June 27, 2019) (quoting Fed. R. Civ. P. 16(f)(2)).   Under the law of this Circuit, identical language in Rule 37 imposes on the disobedient party the "burden to show that his failure is justified or that special circumstances make an award of expenses unjust."   Id. at *3 (internal citation omitted).   The prevailing party is also entitled to costs, including "reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."   Kreisler v. Second Avenue Diner Corp., No. 10 Civ. 7592 (RJS), 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013) (internal citation omitted).

The district court has broad discretion to determine the amount to be awarded.   Vincent v. Comm'r of Soc. Sec., 651 F.3d 299, 307 (2d Cir. 2011).   In Arbor Hill Concerned Citizens Neighborhood Ass'n. v. Cty. of Albany, 522 F.3d 182 (2d Cir. 2008), the Second Circuit articulated the method for calculating reasonable attorney's fees:  a reasonable hourly rate multiplied by a reasonable number of hours extended on the work.   Kreisler, 2013 WL 3965247, at *1.  The court may reduce the hours spent on the litigation to exclude excessive, redundant, or otherwise unnecessary time.   Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

In the Amended Award of Attorney's Fees, which amended the scrivener's error AAI highlighted regarding its joint liability with its former counsel, the Court awarded payment to Defendants in accordance with the law as detailed above.   AAI fails to point to an intervening change in controlling law, new evidence that recently became available, any showing that reconsideration is needed to correct clear error, or any showing that reconsideration is needed

to prevent manifest injustice. <u>Richman</u>, 988 F. Supp. at 755. AAI has failed to point to any matter that the Court overlooked in the Amended Award of Attorney's Fees. <u>Shrader</u>, 70 F.3d at 257.

Accordingly, and because the Court has already rejected AAI's collusion allegations, <u>see</u> <u>supra</u> Section III.A.3.a, the portion of the Motion for Reconsideration with respect to the Amended Award of Attorney's Fees is DENIED.

**B.** **The Parties' Requests for Fees and Costs**

AAI requests costs for opposing Defendants' "frivolous motions filed in bad faith" and for bringing the Motion for Reconsideration. (ECF No. 428 at 14). Defendants assert that the Court should issue sanctions against AAI and its counsel for a "course of conduct [that] establishes that denial of its requests alone will not deter the repeated filing of motions with the same groundless claims or, consequently, the need for Defendants to continue incurring the expense of responding to [AAI's] frivolous requests." (ECF No. 427 at 8, 28–30).

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Fed. R. Civ. P. 11(b)(1). "Once a court determines that Rule 11(b) has been violated, it may in its discretion impose sanctions limited to what is 'sufficient to deter repetition of such conduct.'" <u>Margo v. Weiss</u>, 213 F.3d 55, 64 (2d Cir. 2000) (quoting Fed. R. Civ. P. 11(c)(2)). "Sanctions serve three purposes: (1) to prevent a party from benefitting from its own improper conduct, (2) to provide specific deterrents, and (3) to provide general deterrence." <u>Kensington Int'l. Ltd. v. Republic of Congo</u>, No. 03 Civ. 4578 (LAP), 2007 WL 2456993 at *10 (S.D.N.Y. Aug. 24, 2007).

The Court should consider whether:

the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants . . .

Fed. R. Civ. P. 11 Advisory Comm. Notes (1993 amendments).  Because Rule 11 sanctions are meant to "deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Id.

This is a 16 year-old case, involving complex and technical underlying facts, voluminous motion practice, a pending motion to intervene to unseal numerous sealed documents, and pending objections to various orders.  During the pendency of this case, AAI has been represented by several different counsel and repeats the same allegations of collusion through motion practice, in declarations, and through objections to orders dismissing its filings.

The Court's review of the factors identified in the Rule 11 Advisory Committee Notes demonstrates, however, that neither party's request for monetary sanctions should be granted. First, the parties request that their counsels' fees and costs be paid, but Rule 11 is meant to deter, not compensate.  Although AAI repeats the same arguments, the Court recognizes that its multiple counsel changes (approaching double digits) may have contributed to its repetitive filings.  In addition, even after having been sanctioned to pay fees and costs (see Amended Award of Attorney's Fees and March 2014 Order), dismissal of multiple meritless motions, and discussions with the Court about the possible futility of its motions, AAI continues to diligently

file papers making the same collusion arguments.  As discussed, supra III.A.3.b, the Court cannot stop AAI from filing motions it has a right to file.

AAI's arguments against Defendants for costs for defending against Defendants' allegedly frivolous motions and for having to file the Motion for Reconsideration fair no better.  As discussed above, the Motion for Reconsideration is denied and, in the interest of clarity and justice, neither side is entitled to fees or costs.  The parties are encouraged to move this case to a close, on the merits, rather than continuing to file ancillary pleadings.  Accordingly, the parties' motions for fees and costs are DENIED.

**IV.   CONCLUSION**

For the reasons set forth above, (1) AAI's Motion for Reconsideration (ECF No. 423) is DENIED, (2) Defendants' request to exclude the Wang Declaration (ECF No. 429) is GRANTED IN PART AND DENIED IN PART, (3) the parties' requests for costs and fees (ECF Nos. 427–28) are DENIED, (4) and Defendants' Conference Motion (ECF No. 429) is DENIED.  The Court's award of attorney's fees to Defendants (ECF No. 410) stands and must be paid by AAI and its counsel within 60 days of the date of this Order.  The Clerk of Court is respectfully directed to close ECF Nos. 423 and 429, and unseal ECF No. 366.

Dated:      New York, New York
            June 9, 2020

SARAH L. CAVE
United States Magistrate Judge