On Sep 18, 2020, at 9:09 PM, Peter Toren <ptoren@petertoren.com> wrote:

Jennifer and Stevie,

Please forward to me all of Defendants' email(s) after August 4, 2020, that attached any of the documents that Defendants provided to you/the Intervenors.   Plaintiff has the right to receive all of these documents.

Your response overlooked this simple request. Please do so immediately,

Thanks,

Peter

--

Member - N.Y., CA, D.C. Bars
(646) 623-4654
ptoren@petertoren.com


From: **Jennifer Bennett** <jennifer@guptawessler.com>
Date: Thu, Sep 17, 2020 at 6:23 PM
Subject: Fwd: AAi
To: Peter Toren <ptoren@petertoren.com>
Cc: Jim Li <lij@lilaw.us>, Thomas Kessler <tkessler@cgsh.com>, Gonzalez, Katie <kgonzalez@cgsh.com>, Stevie Glaberson <sglaberson@publicjustice.net>


Hi Peter,

Stevie forwarded me this email, which was apparently sent to my no-longer-active Public Justice account. As I mentioned in response to your last email, I'm now at Gupta Wessler, and so any emails to me should please be sent to jennifer@guptawessler.com.

On the substance, I'm not sure I entirely understand this email. I gave you a call this morning to try to get some clarity, but was unable to reach you and have not heard back. I'm happy to discuss this with you, but I don't think I can properly respond to this email without a better understanding of it. To be clear, though, to the extent that you are suggesting that Stevie or I entered an agreement with defendants without our clients' consent, that is simply not true. As the agreement itself states, it is an agreement between our clients and the defendants - it is merely executed *through* counsel.

If you'd like to discuss, please give me a call. Otherwise, I will assume that any misunderstanding you or your client may have had is now resolved.

Thanks!

Best,
Jennifer

_____

**Jennifer Bennett**, Principal
Gupta Wessler PLLC
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.569.6979 | jennifer@guptawessler.com
guptawessler.com


---------- Forwarded message ---------
**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Thursday, September 17, 2020 9:55 AM
**To:** Park, Jennifer Kennedy <jkpark@cgsh.com>; Kessler, Thomas <tkessler@cgsh.com>; zJennifer Bennett <JBennett@publicjustice.net>; Stevie Glaberson <sglaberson@publicjustice.net>; Dahrouge, Adrienne <adahrouge@cgsh.com>; Jim Li <lij@lilaw.us>
**Subject:** AAi

Jennifer and Stevie,

Your assertion that Brandon and the American Prospect are "choos[ing] to withdraw their motion" is belied by the settlement agreement that mandated that the Intervenors must withdraw their motions if they received the three documents. They have no choice under the agreement which you and Defendants' counsel executed. These three documents are among the hundreds of documents that Defendants must unredact under the law regardless. Defendants still failed to properly unredact the first of the three, and should not have used them to coerce Intervenors to withdraw their motion to unseal with prejudice or to deprive their constitutional right. Clearly, if the Intervenors have a choice, they would rather be able to access all the documents as provided by law, instead of only the two.

Neither you nor the Intervenors know what documents are sealed and those which are not. It is not possible for either you or the Intervenors to know that these few documents would provide all "the relief [the Intervenors] sought."

Your email repeatedly states that "all of which you are already aware of because you approved each document provided." We approved certain documents to be provided to Intervenors, but Defendants did not provide them to us when they emailed them to you. As you know, Defendants later refused to provide the approved documents to Intervenors.

We have the right and must know whether Defendants provided to you/the Intervenors with any documents after August 4, 2020, besides the three listed in the settlement agreement?  If so, please immediately provide us with copies of these documents by email.

Best,

--

Member - N.Y., CA, D.C. Bars
(646) 623-4654
ptoren@petertoren.com


From: Jennifer Bennett <jennifer@guptawessler.com>
Date: Thu, Sep 10, 2020 at 12:38 PM
Subject: Re: Intervention
To: Peter Toren <ptoren@petertoren.com>
Cc: Stevie Glaberson <sglaberson@publicjustice.net>, Dahrouge, Adrienne <adahrouge@cgsh.com>, Jim Li <lij@lilaw.us>, Kessler, Thomas <tkessler@cgsh.com>

Dear Peter,

We do not believe that any order of the Court prohibits Brandon or the American Prospect from choosing to withdraw their motion or requires them to litigate against their will. And, to be clear, there are no secret agreements. The agreements referenced in the notice are simply agreements by the defendants to provide Brandon and the American Prospect documents, all of which you are already aware of because you approved each document provided. To assuage any concern that there may have been some other agreement to induce our clients to withdraw their motion, I'm attaching the "settlement agreement" here, in which defendants agreed to provide the final documents requested by our clients (which again, you were already aware of because you approved these documents), and our clients agreed to withdraw their motion because they'd been able to get the relief they sought (access to certain documents) without court intervention. Again, we do not believe there is any order or rule that requires our clients to litigate this issue against their will, despite having gotten the relief they sought without court intervention. If you'd like to discuss this further, please feel free to give me a call at 203-645-8983.

Thank you.

Best,
Jennifer
_____
**Jennifer Bennett**, Principal
Gupta Wessler PLLC
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.569.6979 | jennifer@guptawessler.com

guptawessler.com


Peter Toren <ptoren@petertoren.com>
to:      Jennifer Bennett <jennifer@guptawessler.com>,
Stevie Glaberson <sglaberson@publicjustice.net>,
"Dahrouge, Adrienne" <adahrouge@cgsh.com>,
Jim Li <lij@lilaw.us>,
"Kessler, Thomas" <tkessler@cgsh.com>
date:   Sep 10, 2020, 12:03 PM
subject:        Intervention


Jennifer and Stevie,

This responds to your email of September 9, 2020. There is no confusion about the issues raised by your motions to intervene and to unseal: "Court records are public documents. And under both the First Amendment and the common law, the public has a right to access these records. Therefore, absent a particular and specific demonstration of fact showing that a document must be sealed, courts have an obligation to keep their records open to the public," "this Court should unseal its records, so that Mr. Smith, the Prospect, and the public can view them as the law requires". This issue remains still unresolved.

Your motion argued that Intervenors have the right to intervene. The Court agreed and granted intervention, and directed the Parties and Intervenors to discuss unsealing documents. There is no confusion in the Court's orders, a dozen of them, from November 2019 until today. These Orders all expressly and explicitly added Plaintiff to negotiation for resolution of the issue. They denied Defendants and Intervenors' repeated attempts to change the issue as "a dispute" between Defendants and the Intervenors. They directed that "in the event that **Plaintiff,** Defendants, and the Proposed Intervenors are not able to resolve the motion to unseal amicably, **Plaintiff,** Defendants, and the Proposed Intervenors are ORDERED to jointly notify the Court ." Nearly all the documents Intervenors sought and Defendants sealed are produced and filed by Plaintiff.

Certainly, Plaintiff may litigate the issue separately, but clearly the court orders direct all parties to be involved and the issue be resolved once and for all. Intervenors' Notice of September 6, 2020, served as a belated joint status report with only Defendants.  It fails to comply with these Court Orders, including the order of August 4, 2020.

Further, without the leave of the court, once a party granted an appearance in the court, an attorney may not withdraw from litigation by filing a withdrawal notice, and an intervenor may not simply withdraw from the litigation by filing a withdrawal notice one year later.

Finally, Intervenors' Notice refers to "written agreement (including agreements by email) between intervenors and [Defendants]."  You have not responded to our request that you provide to Plaintiff any and all written agreements (including agreements by email) between Intervenors and Defendants. The Intervenors intervened, litigated, and negotiated all in the name of the

public justice, and cannot walk away with any private/secret settlement agreements with
Defendants.

Regards,

Peter

From: **Jennifer Bennett** <jennifer@guptawessler.com>
Date: Wed, Sep 9, 2020 at 5:27 PM
Subject: Fwd: AAI
To: Peter Toren <ptoren@petertoren.com>, Jim Li <lij@lilaw.us>,
<petersond@lilaw.us>
CC: Stevie Glaberson <sglaberson@publicjustice.net>, Thomas Kessler
<tkessler@cgsh.com>, Gonzalez, Katie <kgonzalez@cgsh.com>

Hi Peter,

Thanks for your email. I think there might be some confusion here. We've withdrawn our motion to
intervene and unseal. But that doesn't affect the plaintiff's (or anyone else's) right to seek unsealing -
it just means that Brandon and the American Prospect have decided not to litigate this issue. As I
understand it, you remain free to do so.

Best,
Jennifer

PS Please note my new email address - since I moved organizations, the Public Justice email address
will no longer reach me. Thank you.

_____

**Jennifer Bennett**, Principal
Gupta Wessler PLLC
100 Pine Street, Suite 1250
San Francisco, CA 94111
415.569.6979 | jennifer@guptawessler.com
guptawessler.com

from:   Peter Toren <ptoren@petertoren.com>

to:     Jim Li <lij@lilaw.us>,

Daniel Peterson <petersond@lilaw.us>,

Jennifer Bennett <JBennett@publicjustice.net>,

Stevie Glaberson <sglaberson@publicjustice.net>

bcc:    jaldumas@gmail.com

date:    Sep 9, 2020, 1:18 PM

subject: AAI

Dear Jennifer and Stevie,

Your notice of September 6 states "[T]he proposed intervenors and defendants have reached a resolution to the proposed intervenors' motion to intervene and unseal without court intervention. " As you know, the motions to intervene and unseal are not based on any ordinary dispute between Intervenors and Defendants as two private parties, that could be extinguished by an agreement between Intervenors and Defendants. The motions are premised on the public's constitutional right of access to court records," thus, "this Court should unseal its records, so that Mr. Smith, the Prospect, and the public can view them as the law requires."

In particular, the Court recognized that the motion affects not just Defendants, but Plaintiff's right to have the records unsealed.  Thus, Judge Cave overruled Defendants' objection and denied the proposed stipulations by Intervenors and Defendants (ECF350), and directed "(1) to [i]nclude Plaintiff in the first paragraph of the document where the stipulating parties are listed",  ECF380. Then in dozen of subsequent orders, e.g., ECF387, para.7, Judge Cave again overruled Defendants' objection and directed Defendants **and Plaintiff** and Proposed Intervenors to file a joint status report.  "In the event that Plaintiff, Defendants, and the Proposed Intervenors are not able to resolve the motion to unseal amicably, Plaintiff, Defendants, and the Proposed Intervenors are ORDERED to jointly notify the Court ."

This includes the order of August 4, 2020. ECF 451, "[t]he parties and Proposed Intervenors are directed to file a joint status report, by Monday, August 17, 2020, notifying the Court whether the motion to intervene has been resolved."

Thus, the Court's repeated and express addition of "Plaintiff" "to resolve the motion to unseal amicably" and in the joint status reports, cannot be circumvented and set aside by either a joint report or a Notice by Intervenors alone and with Defendants, without the participation of Plaintiff.

In compliance with the Court's orders, Plaintiff reserves all rights to respond to the motions and the notice. The Notice sets forth: "[Intervenors] to seek to enforce any written agreement (including agreements by
email) between intervenors and any party to this action regarding the court records provided to the Proposed Intervenors in connection with the Motion."

Please provide any and written agreement[s] (including agreements by email) between intervenors and Defendants.

Regards,

Peter

--

Member - N.Y., CA, D.C. Bars
(646) 623-4654
ptoren@petertoren.com