
Case 1:04-cv-03531-LTS-SLC   Document 463   Filed 10/25/21   Page 1 of 2

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
   RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
   RESIDENT COUNSEL

LOUISE M. PARENT
   OF COUNSEL

D: +1 212-225-2357
jkpark@cgsh.com

October 25, 2021

<u>VIA ECF</u>
The Hon. Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street, Room 17C
New York, New York 10007-1312

Re:  <u>Advanced Analytics, Inc. v. Citigroup Global Markets</u>., Case No. 04 Civ. 3531 (LTS)(SLC)

Dear Judge Swain:

      I write on behalf of defendants Citigroup Global Markets, Inc. and The Yield Book Inc. ("<u>Defendants</u>") in response to plaintiff Advanced Analytics, Inc.'s ("<u>Plaintiff</u>") letter of October 22, 2021 (ECF NO. 462, the "<u>OSC Response</u>") in response to the Court's Memorandum Order.  *See Advanced Analytics, Inc. v. Citigroup Global Markets Inc.*, 2021 WL 4478621, *7 (S.D.N.Y. Sept. 30, 2021) (the "<u>Memorandum Order</u>").[1]

      At the outset, Defendants do not oppose entry of an order (the "<u>Final Order</u>"), as contemplated in the Memorandum Order, (i) entering judgment for Plaintiff "on its breach of contract claim to the extent based on Dr. Teytel's limited use of the outputs of Defendants' testing of ACE, and award[ing] Plaintiff damages in the nominal amount of $1" and (ii) entering judgment for Defendants "on the remainder of Plaintiff's claims and as to Defendants' counterclaim for fees and costs under the NDA."  *Id*.  As the Memorandum Order notes, the Court's 2010 decision not to adopt Judge Pitman's 2009 Report regarding the award of nominal damages for Plaintiff's breach of contract claim (as relates to the use of the ACE testing outputs) was premised on its view that further discovery was warranted with respect to Defendants' development and testing records, on the basis of Plaintiff's assertion that it could potentially demonstrate some value was derived by Dr. Teytel's reference to the ACE testing outputs.  *See id*. at *2, *7.  The Court has now held—after the completion of the discovery Plaintiff requested—that Plaintiff failed to carry its burden to raise "a genuine issue of material fact as to the independent development of the Teytel sequences in light of the additional unrebutted

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Memorandum Order.

The Hon. Laura Taylor Swain, p. 2

evidence in the augmented record." *Id*. at *4. That holding, taken together with the Court's 2010 adoption in part of the 2009 Report, eliminates any claim by Plaintiff that Dr. Teytel's reference to the ACE testing outputs during his "independent development" of unrelated computer code comprised anything more than a "vanity" use entitled to nominal damages, which is the only conclusion supported by the record in this case, and as the 2009 Report found. Similarly, given that the Court has rejected each of Plaintiff's claims, with the limited exception of its $1 breach of contract claim, an award of fees and costs in Defendants' favor under the NDA is warranted, again as the 2009 Report recommended.[2]

Further, Defendants categorically reject each of the legal and factual contentions contained in the OSC Response, none of which provide any justification for revisiting the 2009 Report, or further prolonging an action that has been pending for more than seventeen years. Quite to the contrary, the OSC Response represents yet another attempt by Plaintiff to peddle its well-worn, baseless (and repeatedly rejected) claims of discovery misconduct and its bare disagreement with prior decisions in this case. The OSC Response also adopts Plaintiff's prior practice of submitting overlong filings, nearly tripling its allotted ten pages via the twenty-seven page submission, which includes self-styled appendices and glossaries that contain improper legal argument. *See* OSC Response at 12-28. Finally, to the extent the OSC Response purports to request an extension of time to respond to the Court's order to show cause, the meritless nature of that request is demonstrated by the OSC Response itself, which devotes the majority of its pages to attacking the reasoning of prior orders in this case, including the Memorandum Order—effectively (and improperly) seeking reconsideration of those orders—rather than responding to the substance of the Court's order to show cause.

Given the repetitious nature of Plaintiff's claims, all of which have been repeatedly addressed by Defendants[3] and adjudicated by Judge Pitman, Judge Cave and Your Honor,[4] Defendants do not intend to file a response to the OSC Letter, unless it is the Court's preference, in which case Defendants would be happy to respond on any timeline set by Your Honor. Subject to any further request from the Court, Defendants respectfully request that the Court reject the contentions in the OSC Response and enter the Final Order.

Respectfully submitted,

*/s/ Jennifer Kennedy Park*

Jennifer Kennedy Park

cc:  All counsel of record (via ECF)

---

[2] *See, e.g.*, *Matsumura v. Benihana Nat'l Corp.*, No. 06 CIV. 7609 NRB, 2014 WL 1553638, at *5 (S.D.N.Y. Apr. 17, 2014) (Finding that defendants were the "prevailing party" for purposes of a fee award where they defeated "the central claim" and "the large majority of secondary claims advanced by plaintiffs," and rejecting plaintiffs' claim that they were a "prevailing party" as a result of the "limited relief they received on a subordinate claim").

[3] *See, e.g.*, ECF Nos. 370, 427, and 448 (Each cataloging Plaintiff's prior assertions of discovery misconduct and related claims regarding prior decisions in this case).

[4] *See, e.g.*, ECF No 339 (Judge Pitman rejecting Plaintiff's claims of discovery misconduct under Rule 56(h)); ECF No. 438 (Judge Cave rejecting Plaintiff's claims of fabricated evidence and complaints regarding prior opinions); Memorandum Order (Affirming the Magistrate Judges' findings).