From: Kessler, Thomas <tkessler@cgsh.com>

Date: Tue, Dec 14, 2021 at 6:56 PM

Subject: RE: AAI v. Citi - Extensions of Deadlines

To: Peter Toren <ptoren@petertoren.com>

Peter,

As I mentioned in my prior email, it is disappointing that Plaintiff continues to rely on its repeatedly rejected, groundless claims, which we categorically deny (for the avoidance of doubt).

As indicated in my email of earlier this afternoon, we proceeded to file our letter request with the Court, and indicated that, as of the date of the letter, we had not received Plaintiff's position regarding our request for an extension of the fee application deadline.

Regards,

Tom

—

Thomas S. Kessler

Cleary Gottlieb Steen & Hamilton LLP


From: Peter Toren <ptoren@petertoren.com>

Sent: Tuesday, **December 14, 2021 5:09 PM**

To: Kessler, Thomas <tkessler@cgsh.com>

Subject: Re: AAI v. Citi - Extensions of Deadlines

Tom,

Following up on my emails.

Regarding Defendants' request to extend the deadline for their submission of the Fees and Costs Declaration, your email and letter draft cited no basis, other than "Defendants submit that" the Court would provide whatever extension Defendants would ask and "[[Plaintiff consents to this request.]]"

Plaintiff needs the information to evaluate Defendants' extension request. Plaintiff's Motion under 59(e)and 60(b) was filed 11 days ago on Dec. 3. Defendants' self-imposed deadline of "Dec. 14" for extension requests is not an emergency set by any orders, and cannot be used to circumvent the requirements by the I.R.P. of Chief Judge Swain.

As you may recall, Defendants' Oct. 25 Letter refused Plaintiff's request for a necessary extension from 22 days in order to prepare the royalty damage evidence in regards to Defendants breach of the NDA. Instead, Defendants rushed the Court to "enter the Final Order." Despite this, Plaintiff consented to Defendants' subsequent request for their first extension for fee application.

Yet still, further, Defendants pressed forward with seeking attorney fees from Plaintiff that were procured by Collins' collusion with Defendants, despite the fact that the fee issue is pending in Plaintiff's Motion.

Please respond to the issues below at your earliest convenience.

Defendants are still withholding their email exchanges with Collins regarding the fees. See my emails of Dec. 6, 9, and 13 at 4:13 pm.

There is no basis for Defendants to seek "Court intervention," to hold either "AAI" or "AAI and its counsel" solely responsible. This is intended to harass AAI and counsel and burdens the court with piece-meal litigation, while repeatedly delaying the Court's orders to produce the fee application.

In addition, "Defendants anticipate timely filing a response [to Plaintiff's Motion]." We assume that this will be by December 17. Defense counsel is duty-bound to correct Defendants' Mischaracterizations for the Court in their response. A starting point is to confirm

> "When the Yield book system use ACE sequences (either during ACE tests or according to Plaintiff's claim of ACE Verbatim Use) to generate interest rate paths, it reads ACE sequences as data files at run time. Plaintiff's claim of ACE Verbatim Use is not that "Defendants sequences incorporated ACE."

If unfortunately, should Defendants stop and reject the meet-and-confer requirement by Chief Judge Swain's I.R.P, file their request, please attach this email, and Plaintiff's emails cited above.

Regards,

Peter

From: Peter Toren <ptoren@petertoren.com>

Sent to: "Kessler, Thomas" <tkessler@cgsh.com>

date: **Dec 13, 2021, 4:13 PM**

subject: Re: AAI v. Citi - Fee Award

Tom:

This is the first we've heard of this. Has the Collins' firm indicated that it plans to pay Defendants for the fees?

In light of Defendants' belated response today, please let us know when did Defendants advise "Mr. Collins of the fee award and the payment deadline" and what was their response?

Would you mind forwarding the emails between Defendants and Collins regarding the fees? These emails are not privileged and directly relevant to this issue.

Sincerely,

Peter

On Mon, Dec 13, 2021 at 11:40 AM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

We have advised Mr. Collins of the fee award and the payment deadline. It is disappointing that your client is refusing to comply with the Court's order. Given that, and the total lack of explanation (without suggesting there could be any justification for openly defying an order of the Court), it appears there is no path forward other than Court intervention. For the avoidance of doubt, Defendants continue to reserve all rights and defenses.

Regards,

Tom

—

Thomas S. Kessler

Cleary Gottlieb Steen & Hamilton LLP

From: Peter Toren <ptoren@petertoren.com>

Sent: Monday, **December 13, 2021 1:37 PM**

To: Kessler, Thomas <tkessler@cgsh.com>

Subject: Re: AAI v. Citi - Fee Award

Tom,

Please provide me with answers to my two straightforward questions in my emails of Dec 6 and Dec 9.

Thanks,

Peter

On Thu, **Dec 9, 2021 at 7:59 AM** Peter Toren <ptoren@petertoren.com> wrote:

Tom,

As set forth in my email, in all of their briefs, Defendants have sought to impose the contempt fees solely on AAI, omitting AAI's former counsel, Todd S. Collins. Defendants' actions support AAI's allegation that Collins procured the contempt fee order against AAI in collusion with Defendants.

Your email still insisted that " the Court's order applies to 'AAI and its counsel,'" which ignores my email that "Chief Judge Swain's July 16, 2020 order (ECF No. 447) corrected it to 'AAI and former counsel.'" Please let me know whether Defendants are objecting that AAI's former counsel, Todd S. Collins (instead of "AAI's counsel") should be responsible?

Please respond to the question in my email below as to whether Defendants have ever sought fees from AAI's former counsel, Todd S. Collins?

Peter

On Tue, Dec 7, 2021 at 1:50 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

As I am sure you know (and as is plain from my email), at no point did I suggest that Plaintiff was "solely" responsible.  The fact that the Court's order applies to "AAI and its counsel" does not in any way obviate your client's obligation to comply with the Court's order, which it indisputably has failed to do.

Is your client refusing to comply with the Court's order?

Regards,

Tom


Thomas S. Kessler

Cleary Gottlieb Steen & Hamilton LLP


From: Peter Toren <ptoren@petertoren.com>

Sent: Monday, **December 6, 2021 1:55 PM**

To: Kessler, Thomas <tkessler@cgsh.com>

Subject: Re: AAI v. Citi - Fee Award


Tom,

I write in response to your emails of last week concerning payment of certain attorney's fees by AAI and its former counsel, Todd Collins. Magistrate Judge Cave's prior orders (ECF 389, 409, 410) erroneously changed the fee award (from AAI and former counsel) to "AAI."


Plaintiff objected.  Defendants then opposed Plaintiff's Objection.


Judge Cave's June 9, 2020, order erroneously imposed the fee award on "AAI and counsel." Plaintiff objected and Defendants again opposed Plaintiff's Objection.


Chief Judge Swain's July 16, 2020 order (ECF No. 447) corrected it to "AAI and former counsel." Yet your email still insists that   "'Plaintiff" was solely required to pay the attorney's fees awarded to Defendants in Judge Cave's June 9, 2020 order,"  and omitted "Plaintiff's former counsel."

Please confirm that you have also sought recovery from Mr. Collins.

Sincerely,

Peter

(646) 623-4654

**PETER J. TOREN**
ATTORNEY AT LAW

ptoren@petertoren.com

Admitted to Practice in: New York, California, and the District of Columbia.

On Thu, Dec 2, 2021 at 9:29 AM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

Thanks again for your time yesterday. As I mentioned, under Chief Judge Swain's July 16, 2020 order (ECF No. 447), Plaintiff was required to pay the attorney's fees awarded to Defendants in Judge Cave's June 9, 2020 order, no later than Monday, November 29, 2021. As I understand, Plaintiff has not remitted payment to date. We would appreciate confirmation that your client will promptly comply with Chief Judge Swain's order, and would be happy to provide necessary wiring or delivery instructions. For the avoidance of doubt, Defendants continue to reserve all rights with respect to Plaintiff's existing default.

Regards,

Tom

—

Thomas S. Kessler

Cleary Gottlieb Steen & Hamilton LLP