

- 40 East 80th Street, New York, New York, U.S.A 10075  •646-623-4654  • ptoren@petertoren.com www.petertoren.com  • Admitted: CA, D.C., N.Y. Bars

December 16, 2021

VIA ECF

## MEMO ENDORSED

Chief Judge Laura Taylor Swain
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 702
New York, NY 10007
VIA ECF ELECTRONIC FILING

      *Re. Advanced Analytics, Inc. v. Citigroup Global Markets Inc. et al,*
      *04 Civ. 3531 (LTS) (SLC)*

Dear Chief Judge Swain:

    We represent Advanced Analytics, Inc. ("Plaintiff") in the above-captioned case, and write with regard to Defendants' two applications in two separate letters of Dec. 14, 2021 both regarding fee issues (ECF Nos. 468, 469). Despite the issues being closely related, Defendants apparently drafted two Letters because they were making contradictory requests in connection with Plaintiff's Motion for Reconsideration and Relief Pursuant to FRCP59(e) and 60(b) of Dec. 3, 2021, ECF 467. Regrettably, Defendants did not disclose to the Court that Plaintiff was still conferring with Defendants on both of Defendants' fee issues, and that the fee sanction is pending in Plaintiff's Motion for Reconsideration and Relief before Your Honor, when they abruptly filed the two Letters. See Ex. 1.

    Defendants' first Letter, ECF468 ("Motion to Stay Fee Application"), cited the filing of Plaintiff's Motion, sought yet another stay and extension[1] to the deadline of December 20, 2021 for Defendants to file their fee application set by the Court order of November 23, 2021, to "the later of the resolution of [Plaintiff's Motion] or (ii) the issuance of a mandate from [the Second Circuit, should appeal is necessary]." This extension request was endorsed by the Court the following day (ECF470).

    Defendants' second Letter, ECF 469 ("Motion to Rush Court Hearing on Fees") at 1, stated that "on March 36 [*sic*], 2014, Judge Pitman issued an Opinion and Order, ECF No. 235, granting in part Defendants' request to strike [Fourth Fan Decl.] and awarded Defendants fifty percent of the attorneys' fees and costs associated with moving to strike the [Fourth Fan Decl.]."

---

[1] Defendants sought and obtained it "after an inquiry to Chambers," ECF 468 at 2.

Plaintiff's Motion for Reconsideration and Relief Pursuant to FRCP59(e) and 60(b), is asking the Court to vacate or amend, *inter alia*, this order, ECF No. 235, based on undisputed new evidence overlooked by the Court that Defendants and Collins' collusion and conspiracy procured the contempt order ECF No. 235 against Plaintiff, and blocked Plaintiff's Rule 37(b) spoliation motion against Defendants. See Motion Fact I, VI and Arg. V and VI, and abuse of discretion, clear errors of law and facts, and manifest injustice, Arg. II. A Telephone Conference concerning Defendants' Motion to Rush was scheduled today for Wednesday, February 2, 2022, before Magistrate Judge Cave. ECF 471. Plaintiff respectfully requests that the schedule order be modified in certain aspects as set forth below.

    Defendants admitted that they have not yet filed their response, ECF 468 at 1. Plaintiff has not yet filed its Reply. The Court has not yet considered and ruled on Plaintiff's Motion. Yet Defendants filed ECF 469 in a rush to immediately "request a Chambers conference at the Court's earliest convenience to discuss Plaintiff's non-compliance and what future actions may be appropriate" against Plaintiff for its purported failure to comply with the fee order. Defendants Motion to Rush Court Hearing on Fees is asking the Court to take actions now which would be only possible *after* Plaintiff Motion has been denied, before the Court has the opportunity to properly consider and to rule on the Motion. Defendants are seeking prejudgment of Your Honor denying Plaintiff's Motion before it is fully briefed. Defendants' improper Motion to Rush would lead to piece-meal litigation, and would distract the Court from the consideration of the matter on the merits. In short Plaintiff could be forced to seek permission to file an interlocutory appeal with the Second Circuit even before the Court considered and ruled on the outstanding Plaintiff's Motion, which may be dispositive of the issue.

    Collins either consented or acquiesced to all of eleven Defendants' unsuccessful fee applications before MJ Pitman after 2014. Since October 2019 in dozens of submissions before MJ Cave and in the Court and correspondences with Plaintiff, Defendants only sought fees from Plaintiff, AAI, but not from AAI's former counsel. Because MJ Cave adopted Defendants' pleadings, the orders granting fees were first all imposed on "AAI," instead of "AAI and its former counsel [Collins]." See ECF 446, pp1-2, 5. Defendants have ignored that the fee issue is currently pending in Plaintiff's Motion for Reconsideration and Relief since Dec 3. Indeed, even after Plaintiff has reminded Defendants that the Court's Mem Ord of Sep 30 has corrected to "AAI and its former counsel," but Defendants have still insisted that it should be "AAI and its counsel." *See* the email exchanges, Ex. 1, attached to this Letter.

    From 2019, Plaintiff have pointed out that Defendants did not seek but opposed the attorney fees from Collins.[2] *See, e.g*., ECF 449 at 1. Defendants failed to respond. Recently, Plaintiff has repeatedly sought information from Defendants as to whether Defendants had ever sought the fees from Collins. *See* Toren's emails of Dec. 6, and Dec. 9, 2021, to Thomas Kessler, which noted the fact that Defendants held AAI solely responsible for the fees but omitted Collins supported Plaintiff's allegation of Collins' collusion and conspiracy. But Defendants always

---

[2] This is obviously highly relevant question. Defendants always urged MJ Cave and this Court to impose fees only on AAI, on their theory that "AAI may then sue [Collins] to recover the fees in another action." A decision by a Court is to render justice not injustice, and not to cause wrongs that must be righted by more needless lawsuits. Even according to Defendants' argument, if indeed, assuming, *arguendo*, that Collins' firm had paid or was going to pay the fees to Defendants, certainly Plaintiff would need to know.

refused to answer this simple question until Dec. 13, 2021 at 11:40 AM, when T. Kessler's email suddenly claimed *"[W]e have advised Mr. Collins of the fee award and the payment deadline,"* but still avoided the question: *if* Defendants asked Collins *to pay*. Plaintiff immediately sought information about Collins' answer, and their email exchanges. *See* Toren emails of the Dec 13, 2021, 4:13 PM, and December 14, 2021 5:09 PM to Kessler, Ex. 1. Defendants have not responded to Plaintiff's repeated requests.

Defendants Motion to Rush indicated that, Defendants are not seeking fees from Collins. In fact, Defendants Motion to Rush did not even *cc* Collins, only *cc*'ed "counsel of records." In addition, Defendants asked the Court only to "take action" against "AAI and its counsel" to the Court but again left out mentioning Collins. Defendants have admitted that they kept communications with Collins regarding the progress and disposition of Plaintiff's allegation of conspiracy against them, but Defendants have never sought fees from him. Thus, the intended purpose of Defendants Motion to Rush is not to collect the fees but to harass Plaintiff. See Motion, I and VI. That would explain why Defendants are withholding their email communications with Collins.

Plaintiff respectfully submits that Your Honor should modify MJ Cave's scheduled Hearing Order ECF 471 as follows: (1) the Court should direct Defendants and Collins to produce their communications, including their email exchange regarding fees, then the Court or MJ Cave may conduct a hearing including Mr. Collins, to inquire about the collusion allegation, and to determine the real culprits of the alleged contempt of the Court;[3] (2) In the alternative, in light of Your Honor's order granting Defendants Motion for Stay Fee Application ECF470, the Court should deny Defendants' Motion to Rush to burden the Court with a fee hearing contrary to their Motion to Stay Fee Application, or stay the fee order until the time that Defendants fee application is due as set in ECF 470.

Respectfully submitted,

Plaintiff's request that this Court modify Judge Cave's scheduling order dated December 16, 2021 (docket entry no. 471), which merely scheduled a telephonic conference to occur in approximately six weeks, is denied, without prejudice to Plaintiff raising its arguments in connection with that conference. DE#473 resolved.

SO ORDERED.
Dated: December 17, 2021
/s/ Laura Taylor Swain, Chief U.S.D.J.

/s/ Peter Toren
Peter J. Toren
LAW OFFICE OF PETER J. TOREN
40 East 80th Street
New York, N.Y. 10075
T: (646) 623-4654

Attorneys for Plaintiff Advanced Analytics, Inc.

---

[3] See *e.g.*, Motion at pp. 3, 12 and 25, and ECF 446 at 5. Even if assuming, *arguendo*, there had not been conspiracy and collusion—which have been demonstrated by undisputed evidence, it is still Collins who is fully responsible for the fees because his actions, concealed from Plaintiff, without Plaintiff's authorization and against Plaintiff's express and explicit instructions, procured the contempt order against Plaintiff.