**LAW OFFICE OF PETER J. TOREN**
Peter J. Toren
40 East 80th Street
New York, N.Y. 10075
ptoren@petertoren.com
(646) 623-4654

Attorneys for Plaintiff and Counterclaim-Defendant
Advanced Analytics, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------x <br> : <br> ADVANCED ANALYTICS, INC.            : <br> : <br>     Plaintiff and Counterclaim-Defendant,    : <br> : <br>              v.         : <br> : <br> CITIGROUP GLOBAL MARKETS, INC. f/k/a <br> SALOMON SMITH BARNEY, INC., and <br> THE YIELD BOOK INC, f/k/a <br> : <br> SALOMON ANALYTICS, INC.,        : <br> : <br>    Defendants and Counterclaim-Plaintiff.    : <br> ------------------------------------------------------x | **Case No. 04 Civ. 3531 (LTS) (SLC)** |

---

**PLAINTIFF'S REPLY MEMORRANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR RECONSIDERATIO OF MOTION
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b)
FOR RECONSIDERATION AND RELIEF FROM JUDGMENT;**

---

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................ iv

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ...................................................................................................5

I. 2009 R&R Adopted Defs Mischaracterization of Pl's Claims and Must be Vacated. It Did Not Consider Nor Deny that Defs Stole ACE and Pl's ACE Verbatim Use Claim with Supporting Conclusive Evidence. ............................................5

II. The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins and Must be Vacated or Amended. The Opp Relies on their 3 Prong Scheme Embodied in the Same Tainted Orders to Oppose Pl's Motion to Reconsider the Same Orders ............................... 6

III. The New Evidence Conclusively Proved ACE Verbatim Use Claim Which Defs 2010 Order Presciently Predicted that Defs' sequences were a Front to Defs Direct Use of Stolen ACE sequences in Generating Interest Rate Paths ................. 7

IV. The Opp Confirmed that The 2019 R&R Had Admitted Fourth Declaration of Dr. Fan For Summary Judgment Purposes, and That MJ Pitman Mistakenly Evaluated 4th Fan Decl For its Support of Defs False Claims were true Rather Than Pl's Claims. The Orders of July 15, and March 26, 2014 Must be Vacated Or Amended. ...................................................................................7

V. The Mem Ord, Nov 4 Ord relied upon Defs' 3 Prong Scheme and collusion, and Must be Vacated or Amended. The Opp Relies on Defs 3 Prong Scheme and Collusion as cited and relied by Feb 8, 2013 Order and Sep 30 Ord ......................... 8

VI. Opp Utterly Failed to Dispute Pl is the Prevailing Party Under the Law and the NDA. .................................................................................................. 8

VII. The Fee Order of June 9, 2020 Must Be Vacated. The Court Should Deny Defs Improper Sanction Motion and Their Systematic Attempts to Silence Pl's Witness and Pl's Counsel, and Direct the Communications between Defendants and Collins be Produced ................................................................... 9

CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Rules and Laws**

18 U.S.C §1503 ........................................................................................................ 11

18 U.S.C §1512 ........................................................................................................ 11

18 U.S.C §371 .......................................................................................................... 11

FRCP11(b) ................................................................................................................. 1

FRCP60(b)(3) ............................................................................................................ 3

NEW YORK RULES OF PROFESSIONAL CONDUCT "RULE 3.3 .......................... 1

NY Professional Conduct Rule 3.3 (2) ................................................................... 11

**Cases**

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) ..................................... 4

Campbell v. Cantor Fitzgerald & Co., 205 F.3d 1321 (2d Cir. 1999) ........................... 4

*Hazel-Atlas Glass Co. v. Hartford Empire Co* 322 U.S. 238 (1944) .............................. 5

*In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir.

1976) ........................................................................................................................ 4

*Koch v. Pechota*, 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014) .......................... 4

*Lexington Products, Ltd. v. B.D. Communications, Inc*., 677 F.2d 251, 253 (2d Cir.1982)........... 6

*Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ...................................... 3

*Park v. FDM Group, Inc.*. 2018 WL 4100524 (SDNY 2018) (LTS) ............................ 4

*R.F.M.A.S., Inc. v. MimiSo*, supra, 619 F. Supp.2d at 86............................................... 6

*RCI HV, Inc. v. Transtec (RC) Inc.,* No. 02 CIV. 4307 (CSH), 2004 WL 1197246, at *7

    (S.D.N.Y. May 28, 2004) ........................................................................................... 5

*Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) ............................................. 4

*Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 93 (2d Cir. 2013) .......... 4

# PRELIMINARY STATEMENT [1]

Defs' Opposition ("Opp") avoided all the facts. *Id.* at 6. Accordingly, the Court must accept the facts set forth in Fact I-VI of Mot. as undisputed and true. They are conclusive evidence of Defs' 3-Prong scheme and their collusion with Collins, and their 3-Level Fraud. Defs' MSJ's and all of their submissions were based upon their 3-Prong scheme, and in particular upon its 1st prong: Defs Mischaracterization of *Pl*'s claims of trade secret misappropriation as ***Defs*** False Claims (" 'Defs sequences' *a.k.a* 'Yield Book sequences' incorporated ACE or were derived from ACE").[2] Mot. 2-3.

After Mot was filed on Dec.3,  Pl repeatedly emailed[3] Defense counsel to fulfill their obligation required by the Rules[4] to correct Defs' mischaracterizations of Pl's claims in their Opp of Decl 17 and the records before the courts: "Defense counsel is duty-bound to correct Defendants' Mischaracterizations for the Court in their response. A starting point is to confirm
>When the Yield book system use ACE sequences (either during ACE tests or according to Plaintiff's claim of ACE Verbatim Use) to generate interest rate paths, it reads ACE sequences as data files at run time. Plaintiff's claim of ACE Verbatim Use is not that "Defendants sequences incorporated ACE."

"Basic Fact (1)." Thomas Kessler's email denied Defs obvious mischaracterizations of Pl's claims, but Opp *appears* to have abandoned their Mischaracterizations in connection with Pl's ACE Verbatim Use Claim. Now Opp at 2 stated (through mischaracterization of MJ Pitman's 2019 R&R, see I *infra*) Plaintiff's purported allegations are that Defendants used stolen ACE sequences "(i) directly in their computer code (the 'Direct Use Claim')..." Defs seemed have abandoned the Mischaracterization and Opp no longer *directly* cited their phony  "Defendants sequences," in connection with Pl's ACE Verbatim Use Claim.

---

[1] Unless otherwise indicated, capitalized terms retain the definitions from Pl's opening brief.
[2] See *e.g.,* Defs Reply MSJ of Fen 23, 2015, ECF262 at 1. Defs Opp to Pl's Obj to 2019 R&R, ECF392 at 1.
[3] See P. Toren's emails to T. Kessler on Dec. 13, in Ex. 1 to P. Toren's Letter of Dec. 15 to the Court.ECF472.  See also P. Toren's emails to T. Kessler on Dec. 13, 14, and 15, on Ex. 1 in Ex.  1 to Defs' Letter to to Judge Gardephe, ECF. 44, 20 Civ.7034, demanding Defense counsel to correct the new variants of Defs mischaracterizations of Pl's claims by misrepresenting Judge Swain's  order, e.g., calling ACE sequences as "software code."  Defs refused. See Opp at 4and 7, Defs misrepresented "independent develop sequences" in 2019 R&R at 30, as  "independent development of their code," to create maximum confusion.
[4] FRCP11(b), and NEW YORK RULES OF PROFESSIONAL CONDUCT "RULE 3.3: CONDUCT BEFORE A TRIBUNAL (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;"

So even if the Court---by endorsing R&R's and MJ Pitman, MJ Cave rulings, were still to depend on reading Defs briefs to see what are the purported Pl's claims, now the new statement in Defs' Opp' marks a progress from Defs False Claim. Although Defs' admission of Plaintiff's general claim in Opp does not state exactly how did Defendants used ACE sequences "directly in their computer code," and still subject to Defs new mischaracterization, but Defs repeatedly and unequivocally averted and admitted the Basic Fact (1) *supra, and* the Basic Fact (2) that ACE sequences cannot be generated by the Yield Book (YB) Monte Carlo code using any seeds and must be read as input data files to the Yield Book, in Defs' 2009, 2019 56.1 Stmts, cited Mot 2.[5]

In short, it is now settled that "Defendants sequences," *a.k.a,* "Yield Book sequences" or "Teytel sequences" are totally irrelevant to Pl's ACE Verbatim Use Claim, of misappropriation of trade secret. Thus, 2019 R&R, along with other orders relying on Defs Mischaracterization must be vacated. Defs' Mischaracterization of Pl's claims is fully exposed and undisputed by Defs' Opp. As a result, 2019 R&R, along with other orders relying on Defs Mischaracterization of Pl's claims must be vacated or amended accordingly as detailed in Pl's Motion. Defs MSJ must be denied as a matter of law. See Arg I to which Opp offered no opposition.

Defs'Opp also did not dispute of the facts that Collins' MSJ "Opp" not only fully embraced Defs Mischaracterization but went further and falsely claimed that ACE sequences "were generated by Defs Monte Carlo code," ***not*** Pl's trade secret, even misrepresented Prof. Fan's testimony to its opposite to support it. Even after it has been exposed, Collins made this outrageous Mischaracterization of Pl's claim deliberately repeatedly over Pl's explicit and express objections. See 56(h) Mot, pp13-14, ECF 313; The 6th Wang Decl, ¶¶187-211.

Collins' Mischaracterization in "Memo 16-17" was cited by 2019 R&R as a basis for granting Defs' MSJ. Mot, at 4, despite this is belied by 2009 R&R which correctly found "Dr. Xiaolu Wang developed a new class of low-discrepancy sequences which have 'shown a dramatic speed up of convergence rate' and in-creased accuracy in comparison to 'stochastic [FN11] Monte Carlo simulations'." *Id, *2.

---

[5] This was why Defs new variants of mischaracterization deliberately called ACE as "software code" to confuse Judge Gardephe. It also cover up Polish's declarations which misrepresented the fact the Yield book code files do not contain data files as sort of "finding" that "the Yield Book does not contain ACE."

Thus, Defs' Opp has admitted that Defs Mischaracterization of Pl's claim *and* their collusion with Collins are also undisputed. As a consequence, pursuant to both FRCP59€ and 60(b), the orders that relied on Defs Mischaracterization of Pl's claims or collusion with Collins must be vacated or amended accordingly as detailed below, and Pl's Motion must be granted as unopposed. Defs Mischaracterization is just the 1st Prong of their 3 Prong Scheme, which consisted Level 2 Fraud of their 3 Level fraud, only one of more than a dozen of Defs' misconduct listed in Mot 25. Any one of them entitles Pl relief to vacate the Judgement under FRCP60(b)(3), *Id.* In addition to set aside the judgment, courts should require a trial on the merits unblemished by the misconduct, and sanction the offending party. See, e.g., *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (stating that "cases should be tried on the merits rather than the technicalities of pleadings").

Again Defs relied on the same orders embodied the 3 Prong Scheme and collusion to oppose the Court to address Defs' fully exposed 3 Prong Scheme and collusion. Pl demonstrated that all the prior orders listed by Opp or in its Annex A *relied* upon Defs' 3 Prong Scheme and collusion instead of decisions on Defs' 3 Prong Scheme and collusion. Even the partial cites of the facts cherry-picked in Defs' Annex A were overlooked by the Court and all prior decisions. See *Annex. A* attached. Defs are still in violation with the Rule 3.3(1), which requires Defense counsel "to correct a false statement of material fact or law previously made to the tribunal," in addition to not "make a false statement of fact or law." Under the disguise of defending the tainted orders that procured by their Mischaracterization and fraud, Opp continue to mislead the Court with Defs same Mischaracterization and fraud. Whenever these orders referred purported "Plaintiffs' claims," it is Defs False Claims. No exception. It is fatal not just futile for Defs to defend their fraud by relying on the same orders procured by their fraud. Further Opp again mischaracterized these orders.[6] See *Annex A* attached.

_____

[6] Opp Fn. 2, Sept. 5, 2012 Hr'g Tr. (finding "really very, very little evidence") because Collins withheld the evidence, all of Pl's decls, the 3 Prong Scheme, e.g., 14 misrepresentations with false decls, Mot. 4. ECF423 at 10. Opp Fn. 7 cited on 2017-5-31 Order which was issued before he received Dr. Wang 2017-5-31 Letter. See Fact I

The Opp argued that Pl's Mot should not have listed numerous clear errors procured by Defs 3 Prong Scheme and Collusion, to them Opp had no rebuttal. [7] Id. at 9. That is no defense to the compelling Motion. The Court should disregard all of Defs' argument which cited only inapposite cases.[8] Defs' Opp only serves to further confirm that Defs' fraud is deliberate, and was directed to the Court instead only toward Pl. Pl is *not* asking the Court to make this determination, but Defs 3 Prong Scheme and 3 Level Fraud arise beyond the fraud defined in FRCP60(b)(3), and arose to fraud perpetrated against the Court, as indicated in Mem Ord, at 13.[9] Defs Mischaracterization of Pl's claims, has been calculated to withhold relevant evidence in discovery, (e.g., Feb 8 2013 order) and to prevent consideration of the Pl's claims on the merits, and for MSJ (procured R&R's, Mem Ord, and Judgment). Defs did not and could not argue that their fraud is immaterial. Now that Defs have abandoned their Mischaracterization and instead relied on the Mischaracterization adopted by the Orders, it is without argument that (1) it is an intentional fraud; (2) by an officer of the court; [10] (3) which is directed at the court itself; and (4) in fact deceives the court. Defs defrauded MJ Pitman and MJ Cave, and defrauded this Court.

Opp at 2 essentially argued that the Court should "end the case" now instead of considering their fully exposed fraud, because that Defs have perpetuated the 3 Prong Scheme and 3 Level Fraud upon the Court and Pl for over 16 years. By Defs' argument, **Defs** must be

---

[7] Perhaps not necessary for the purpose to amend and vacate the orders and judgment under FRCP59(e) or 60(b), but they proved that Defs' fraud prevented Pl from fully and fairly presenting its case, *Rozier v. Ford Motor Co*., 573 F.2d 1332 (5th Cir. 1978) and that Pl has not been given full and fair opportunity in this litigation.

[8] In all the cases cited by Opp, *Koch v. Pechota*, 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014), Campbell v. Cantor Fitzgerald & Co., 205 F.3d 1321 (2d Cir. 1999), *Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 93 (2d Cir. 2013), there were no allegations/evidence that the litigants committed misconduct, unlike this instant case. In *Park v. FDM Group, Inc*.. 2018 WL 4100524 (SDNY 2018) (LTS), the Court granted the motion in part, even without allegations of misconduct.

[9] *In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) ("Fraud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense.") See *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) and other circuit courts (a "fraud on the court" occurs where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.")

[10] See *RCI HV, Inc. v. Transtec (RC) Inc.,* No. 02 CIV. 4307 (CSH), 2004 WL 1197246, at *7 (S.D.N.Y. May 28, 2004) ("An attorney is an officer of the court and owes the court fiduciary duties and loyalty. When an attorney misrepresents *or omits material facts to the court,* or acts on a client's perjury or distortion of evidence, his conduct may constitute a fraud on the court." *Trehan v. Von Tarkanyi*, 63 B.R. 1001, 1006 (S.D.N.Y., 1986) (emphasis added).)

sanctioned under 28 U.S.C. § 1927. In its landmark decision, *Hazel-Atlas Glass Co. v. Hartford Empire Co* 322 U.S. 238 (1944), the Supreme Court held that whenever a fraud is committed a court should consider the matter:

> Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society…**The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.** (emphasis added.)

"[The facts] not only justify the inquiry but impose upon us the duty to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud, if any should be found to exist." … The logic is clear: "[T]he law favors discovery and correction of corruption of the judicial process even more than it requires an end to lawsuits."[11] The fraud in *Hazel* did not even occur before the trial Court. Here Defs committed a variety of fraud, and derailed this litigation from the start for over 16 years, and despite a mountain of evidence send it to dismissal without even a trial. They made that *Hazel* litigant looked like an angel. The *Hazel* lawyers committed misconduct to help their client, but left the adversary system intact. In contrast, Defs and Collins' conspiracy subverted the adversarial system of justice itself. The Court should rule for justice and grant the Motion. Once Defs realize that their open season for fraud is over, they would be willing to settle any time, even before trial. The case could end soon. If unfortunately the Court still look the other way and let the injustice persist, even if the judgment survives the appeals or if the litigants have settled, it may still resurface perhaps years later, as in *Hazel*. Defs cannot cover up their fraud forever.

## ARGUMENT

### I. 2009 R&R Adopted Defs Mischaracterization of Pl's Claims and Must be Vacated. It Did Not Consider Nor Deny that Defs Stole ACE and Pl's ACE Verbatim Use Claim with Supporting Conclusive Evidence.

Defs misrepresented that 2009 R&R denied that Defs stole ACE. Opp 2. R&R's have never addressed that Defs stole ACE but instead required "use" but required Pl to show "use" for misappropriation, because the Courts adopted Defs Mischaracterization of Pl's claim as

---

[11] CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE CIVIL §2870 (3d ed. 2015) cites *Hazel-Atlas*.

"copyright infringement claim" by Defs phony product. Indeed MJ Pitman cited only cases of copyright infringment, *R.F.M.A.S., Inc. v. MimiSo*, supra, 619 F. Supp.2d at 86, and the cases where defendants had access by virtue of license or by plaintiff's former employees, 2009 R&R, p55. MJ Pitman overlooked in all of his rulings (1) the law holding that theft of ACE alone constituted breach of NDA and misappropriation of trade secret, and (2) the undisputed fact that Defs stole ACE, Fact I, II. Further, contrary to the many misrepresentations, 2009 R&R never addressed ACE Verbatim Claim or "Direct Use", only Derivative Claim. See *20. p.59. Whenever MJ Pitman mentioned "direct use" of ACE, he always meant Defs False Claim that "Defs sequences" (of 200 paths or 1000 paths) contain ACE sequences. So Opp resurrected Defs False Claim that they had just abandoned, by mischaracterizing R&R. Opp cited R&R for $1 damage award, which Mot already pointed out as baseless. "where a wrong has been done, the courts will endeavor to make a reasonable estimate of damages" *Lexington Products, Ltd. v. B.D. Communications, Inc*., 677 F.2d 251, 253 (2d Cir.1982). See Fn. 34. Mot.

## II. The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins and Must be Vacated or Amended. The Opp Relies on their 3 Prong Scheme Embodied in the Same Tainted Orders to Oppose Pl's Motion to Reconsider the Same Orders

The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins; they relied on Defs Mischaracterization of Pl's claims, and were the embodiment of that their 3-Prong Scheme and collusion with Collins. So they must be vacated or amended according to Mot. Whenever Opp stated the orders or other orders, e.g., 2019 R&R rejected "Pl's claims," (*Id*. Fn's. 5, 6, 10; p3, 8, 9 ) they are Defs False Claims, as confirmed by 2019 R&R, Fn. 13. Opp falsely claimed that 2019 R&R denied Pl's "direct use claim," *Id*. fn 6. In 2019 R&R:" a claim of direct misappropriation" is "ACE is incorporated in defendants' 200 path and 1, 000 path sequences generated by Defs' Monte Carlo code " i.e., they are "substantially similar to ACE". This is exactly Defs False Claim. Defs have abandoned their Mischaracterizations, 2019 R&R is voided. Defs False Claims are irrelevant to Pl's claims. *Id*.

**III.    The New Evidence Conclusively Proved ACE Verbatim Use Claim Which Defs
2010 Order Presciently Predicted that Defs' sequences were a Front to Defs
Direct Use of Stolen ACE sequences in Generating Interest Rate Paths**

Opp mischaracterized 2010 Order "In 2010, this Court adopted the 2009 R&R in part, finding

that Defendants were entitled to summary judgment on the Direct Use Claim." Opp, p. 3, 9.

Fn.5,6. Pl's ACE Verbatim Use or Direct Use Claim have never come up in either Defs' MSJ nor

2009 R&R, and could not have been "adopted" by the Court. Further it is contrary to law to

claim that Defs' theft of ACE is not breach of NDA, and their use ACE verbatim is not

misappropriation. The 2010 Order presciently predicated that "Defs sequences" are "a front of "

ACE verbatim use. Mem Ord at 4 ("Defendants' disclosed practices were a front for actual use

of the ACE sequence in generating Yield Book outputs.").

The 2019 R&R was procured by 3 Prong Scheme and collusion with Collins, overlooked the

key evidence of ACE Derivative Use Claim, e.g., Fac III-IV. 2nd Polish Report, still supports Dr.

Fan's finding that the Real Algorithm that selected all of LDS sequences 64, 100 and 200 paths

all targeted ACE sequences.[12] This additional confirmation demolished the cite of 2019 R&R by

Opp, at 7, that Fan's analysis did not apply to 200 paths. Opp could offer no dispute to Fact III-

IV, and confirmed that they were overlooked by R&R and Mem Ord.

**IV.    The Opp Confirmed that The 2019 R&R Had Admitted Fourth Declaration of
Dr. Fan For Summary Judgment Purposes, and That MJ Pitman Mistakenly
Evaluated 4th Fan Decl For its Support of Defs False Claims were true Rather
Than Pl's Claims. The Orders of July 15, and March 26, 2014 Must be Vacated
Or Amended.**

The Orders of July 15, and March 26, 2014 depend on and flow from the Orders of Sept 5, 2012 ,

and Feb 8, 2013 and they were also procured by Defs and Collins' collusion and conspiracy, thus

they must be vacated or amended accordingly. MJ Pitman correctly clarified March 26, 2014

Ruling and held that the 4th Fan Decl is admissible in support of 56(d), 56(h) and other motions

on issues of Defs' misconduct, and that the factual material of 4th Fan Decl are admissible for all

---

[12] 2nd Polish Decl, p.5, "Dr. Teytel has also informed me that the processes he used to develop the [100 paths] and
the [64 paths] were similar to the process he used to develop the 200 path mixed-seed sequence." Thus Fan's finding
of Real Algorithm regarding LDS64, 99.95% certainty targeted ACE, covers both LDS 100, and 200 sequences.
Contrary to Opp, fn.11, Motion cited and relied on the purported facts in the fabricated Sequence Records and 2nd
Polish Report, and found that the facts and Report confirmed Mixed Seed Algorithm is phony, could not have
possibly selected Teytel sequence of 200 paths.

purposes. See Fact II. In fact, as Defs Opp confirmed (Fn.10 at 8), the 2019 R&R had admitted and considered Fourth Fan Declaration for summary judgment purposes. Unfortunately, although MJ Pitman read 4th fan Decl, he still only tried to decide if the 4th Fan Decl proved Defs sequences of 200 paths or the nonexistent 1000 paths generated by Monte Carlo code contain ACE sequences (2019 R&R at 29 n. 13), i.e., if Defs False Claim to be true. Mot, 4-5. This is one more reason that 2019 R&R must be vacated. See II *supra*.

**V.    The Mem Ord, Nov 4 Ord relied upon Defs' 3 Prong Scheme and collusion, and Must be Vacated or Amended. The Opp Relies on Defs 3 Prong Scheme and Collusion as cited and relied by Feb 8, 2013 Order and Sep 30 Ord**

The Mem Ord of Sept 30, 2021, Nov 4 Ord and Judgment in turn, endorsed in its entirely of 2019 R&R, cited and relied upon the Feb 8, 2013 and Sept 5, 2012 Orders. They relied upon Defs Mischaracterization of Pl's claims, and Defs' 3 Prong Scheme and collusion. They overlooked the cited facts and evidence of Defs' 3 Prong Scheme and collusion. Accordingly, they must be vacated or amended. The Opp mischaracterized Sep 30 Ord that "[t]he Court also rejected Plaintiff's objections to the Rule 56(h) opinion, finding that Plaintiff's claims of Defendants' "collusion" and discovery misconduct "sought to relitigate issues already decided by the Court." See Opp 4-5. This refers to the the previous order from the Court, the latest date of which is of July 15, 2014. The Opp suggested that Collins made collusion allegations in July 2014 against *himself*. Collins embraced the 3 Prong Scheme. See Mot at 4. Again the only dictum Defs could find regarding Collins' collusion was in a footnote of MJ Pitman's May 31, 2017 Order issued before he received Dr. Wang's letter of May 31, 2017, Opp Fn. 7. However, Defs misrepresented the date of Dr. Wang's letter as "May 30, 2017." *Ann.* Row 5.

**VI.    Opp Utterly Failed to Dispute Pl is the Prevailing Party Under the Law and the NDA.**

Given the undisputed admissible evidence of Defs theft and use of ACE, Defs' material breach of NDA, the unopposed Motion, Pl is the prevailing party according to ¶19, 21 of NDA and by law. Pl already proved evidence of the loyalty damage from theft is $$33,977,000 up to 2007; Opp did not dispute. The *Zamora* court explained that those cases are "of little value" to Defs, but fully support Pl. Opp argued that 22 days were sufficient to prepare SC Letter. Defs

confused the required response as an opposition brief. Pl did not move for SJ for damage. But Mem Ord (based on perjured evidence reversing its corrected 2010 Order) directed Pl to do so within 22 days, without the discovery in order to provide a "solid ground" for a damage quantity. Defs had many months to prepare MSJ, extended the 45 days deadline for attorney fees application twice to *sine die*. It would have taken Pl more effort to gather the same estimate of attorney fees. The Nov 4 Ord rushed by Defs issued within 9 days did not just deny this Pl's MSJ, but *sua sponte* directed MSJ of $1 for *Defs*. This deprivation of Pl's rights under the Constitutional due process and FRCP 56 is unprecedented.

**VII.    The Fee Order of June 9, 2020 Must Be Vacated. The Court Should Deny Defs Improper Sanction Motion and Their Systematic Attempts to Silence Pl's Witness and Pl's Counsel, and Direct the Communications between Defendants and Collins be Produced**

Because the Fee Order of June 9, 2020 flow from March 26, 2014 Order, which flows from September 5, 2012 Order, so the Fee Order should be reversed. After Pl's repeated demand for Defs to stop their relentless Mischaracterization of Pl's claims through out the litigation, i.e., their 1st Prong of the 3-prong Scheme, Defs abandoned their direct averment in their Opp, but kept up with relying on the same Mischaracterization in the previous orders procured by the 3 Prong Scheme, to continue to mislead the Court, in violation of Rule 3.3(2). Therefore, not only the Court should grant Pl's Motion, but also impose sanction against Defs pursuant to 28 U.S.C. § 1927 and the Court's inherent power. Yet, while continuing to defraud the Court, Defs resuscitated their ill-fated motions for sanctions that have been submited 4 times and rejected 4 times by both MJ Pitman and MJ Cave. After their fraud has been fully exposed, Defs cited the same cases and recycled the same arguments, but called it "[F]or An Award of Sanction." The Court should deny Defs' request offhand.Further, in efforts to distract the Court consideration of the undisputed evidence that Collins conspired with Defs and embraced Defs' 3Prong Scheme, Fact I, VI, and that Defendants/Defense counsel may have help authored Collins' briefs, Defs also *requested* the Court to consider if Pl's principal Dr. Wang helped Pl's counsel in prepare Pl's briefs. According to Defs twisted logic, in their upside down world, it is fine for Defs and Defense counsel to author Pl's briefs, but Pl may not help its own counsel. Defs scrapped bottom

of the barrow and failed to find any cases to support their improper request. Defendants *moved* this Court to sanction Plaintiff and its counsel "on the Court's own initiative under FRCP11(c)(3)." Defs have got used to that their requests were for their asking and granted often without Pl's response, and now they are asking Court's *sua sponte* sanction order *at Defs' request*. Defs have shown no respect of the Court and treated it as their tools in their pockets, and would dispense orders at their request. As Opp admitted, Defs' two prior similar motions in 2019 alleging violation of MJ Pitman's May 31, 2017 Order had been denied by both MJ Pitman and MJ Cave. Defs motions followed Defs and Collins joint attempts, first to intimidate Dr. Wang to withdraw his May 31, 2017 Letter to MJ Pitman and then to move MJ Pitman to strike Dr. Wang's Letter in June 2017. Defs and Collins' attempts have all failed.[13] This is parts and parcel of Defs' continued and systematic attempts to intimidate, to threat, and to silence Pl's witness, Dr. Wang and its counsel. Defs and defense counsel' conduct may have violated the federal code that prohibits obstruction of justice. *See e.g.* 18 U.S.C §1512, 18 U.S.C §1503 and 18 U.S.C §371. Defs filed 2 motions to strike and sanctions before MJ Pitman. Both of them have been denied. Then they filed an injunction motion before MJ Cave, without disclosing to MJ Cave that their request was contrary to the laws in Second Circuit, in violation of NY Professional Conduct Rule 3.3 (2). MJ Cave initially granted it but then reversed it. Defs litigated and wasted the time of the Court for over a year, and sought the fees to rush the Court for prejudgment when they were on appeal.[14] The Court should denied it offhand and should direct the communications between Defendants and Collins be produced. They are highly relevant to the allegations of collusion, and are not privileged.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request the Court to grant Plaintiff's motion for Reconsideration and Relief in its entirety, and grant any other relief it deems just and proper.

---

[13] Previously Defs and Collins jointly threatened Dr. Wang, for him to withdraw his May 31, 2017 Letter to MJ Pitman. Ann. Row 5.
[14] Now they are doing that again. Opp, Fn 16. See Opp Fns. 10, 16. Defs stayed the Court orders for Defs to file fee application but rushed a conference hearing to compel Pl alone to pay the fees despite Pl's Motion seeking, inter alia, vacating the fees had just been filed. Defs consulted with Collins but never asked Collins to pay the fees.

Dated: December 24, 2021

Respectfully Submitted,


Peter J. Toren
Attorneys for Plaintiff and Counter-
Claim Defendant Advanced Analytics, Inc.

11