**LAW OFFICE OF PETER J. TOREN**
Peter J. Toren
40 East 80th Street
New York, N.Y. 10075
ptoren@petertoren.com
(646) 623-4654

Attorneys for Plaintiff and Counterclaim-Defendant
Advanced Analytics, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCED ANALYTICS, INC.<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC. f/k/a SALOMON SMITH BARNEY, INC., and THE YIELD BOOK INC, f/k/a SALOMON ANALYTICS, INC.,<br><br>Defendants and Counterclaim-Plaintiff. | **Case No. 04 Civ. 3531 (LTS) (SLC)** |

**PLAINTIFF'S REPLY MEMORRANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATIO OF MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b) FOR RECONSIDERATION AND RELIEF FROM JUDGMENT;**

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** .......... iv

**PRELIMINARY STATEMENT** .......... 1

**ARGUMENT** .......... 5

**I. 2009 R&R Adopted Defs Mischaracterization of Pl's Claims and Must be Vacated. It Did Not Consider Nor Deny that Defs Stole ACE and Pl's ACE Verbatim Use Claim with Supporting Conclusive Evidence.** .......... 5

**II. The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins and Must be Vacated or Amended. The Opp Relies on their 3 Prong Scheme Embodied in the Same Tainted Orders to Oppose Pl's Motion to Reconsider the Same Orders** .......... 6

**III. The New Evidence Conclusively Proved ACE Verbatim Use Claim Which Defs 2010 Order Presciently Predicted that Defs' sequences were a Front to Defs Direct Use of Stolen ACE sequences in Generating Interest Rate Paths** .......... 7

**IV. The Opp Confirmed that The 2019 R&R Had Admitted Fourth Declaration of Dr. Fan For Summary Judgment Purposes, and That MJ Pitman Mistakenly Evaluated 4th Fan Decl For its Support of Defs False Claims were true Rather Than Pl's Claims. The Orders of July 15, and March 26, 2014 Must be Vacated Or Amended.** .......... 7

**V. The Mem Ord, Nov 4 Ord relied upon Defs' 3 Prong Scheme and collusion, and Must be Vacated or Amended. The Opp Relies on Defs 3 Prong Scheme and Collusion as cited and relied by Feb 8, 2013 Order and Sep 30 Ord** .......... 8

**VI. Opp Utterly Failed to Dispute Pl is the Prevailing Party Under the Law and the NDA.** .......... 8

**VII. The Fee Order of June 9, 2020 Must Be Vacated. The Court Should Deny Defs Improper Sanction Motion and Their Systematic Attempts to Silence Pl's Witness and Pl's Counsel, and Direct the Communications between Defendants and Collins be Produced** .......... 9

**CONCLUSION** .......... 10

# TABLE OF AUTHORITIES

Page(s)

**Rules and Laws**

18 U.S.C §1503 ..... 11

18 U.S.C §1512 ..... 11

18 U.S.C §371 ..... 11

FRCP11(b) ..... 1

FRCP60(b)(3) ..... 3

NEW YORK RULES OF PROFESSIONAL CONDUCT "RULE 3.3 ..... 1

NY Professional Conduct Rule 3.3 (2) ..... 11

**Cases**

*Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) ..... 4

Campbell v. Cantor Fitzgerald & Co., 205 F.3d 1321 (2d Cir. 1999) ..... 4

*Hazel-Atlas Glass Co. v. Hartford Empire Co* 322 U.S. 238 (1944) ..... 5

*In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) ..... 4

*Koch v. Pechota*, 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014) ..... 4

*Lexington Products, Ltd. v. B.D. Communications, Inc*., 677 F.2d 251, 253 (2d Cir.1982) ..... 6

*Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) ..... 3

*Park v. FDM Group, Inc*.. 2018 WL 4100524 (SDNY 2018) (LTS) ..... 4

*R.F.M.A.S., Inc. v. MimiSo*, supra, 619 F. Supp.2d at 86 ..... 6

*RCI HV, Inc. v. Transtec (RC) Inc.,* No. 02 CIV. 4307 (CSH), 2004 WL 1197246, at *7 (S.D.N.Y. May 28, 2004) ....................5

*Rozier v. Ford Motor Co*., 573 F.2d 1332 (5th Cir. 1978) ....................4

*Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 93 (2d Cir. 2013)............4

## PRELIMINARY STATEMENT [1]

Defs' Opposition ("Opp") avoided all the facts. *Id.* at 6. Accordingly, the Court must accept the facts set forth in Fact I-VI of Mot. as undisputed and true. They are conclusive evidence of Defs' 3-Prong scheme and their collusion with Collins, and their 3-Level Fraud. Defs' MSJ's and all of their submissions were based upon their 3-Prong scheme, and in particular upon its 1st prong: Defs Mischaracterization of ***Pl'***s claims of trade secret misappropriation as ***Defs*** False Claims (" 'Defs sequences' *a.k.a* 'Yield Book sequences' incorporated ACE or were derived from ACE").[2] Mot. 2-3.

After Mot was filed on Dec.3, Pl repeatedly emailed[3] Defense counsel to fulfill their obligation required by the Rules[4] to correct Defs' mischaracterizations of Pl's claims in their Opp of Decl 17 and the records before the courts: "Defense counsel is duty-bound to correct Defendants' Mischaracterizations for the Court in their response. A starting point is to confirm

> When the Yield book system use ACE sequences (either during ACE tests or according to Plaintiff's claim of ACE Verbatim Use) to generate interest rate paths, it reads ACE sequences as data files at run time. Plaintiff's claim of ACE Verbatim Use is not that "Defendants sequences incorporated ACE."

"Basic Fact (1)." Thomas Kessler's email denied Defs obvious mischaracterizations of Pl's claims, but Opp *appears* to have abandoned their Mischaracterizations in connection with Pl's ACE Verbatim Use Claim. Now Opp at 2 stated (through mischaracterization of MJ Pitman's 2019 R&R, see I *infra*) Plaintiff's purported allegations are that Defendants used stolen ACE sequences "(i) directly in their computer code (the 'Direct Use Claim')..." Defs seemed have abandoned the Mischaracterization and Opp no longer *directly* cited their phony "Defendants sequences," in connection with Pl's ACE Verbatim Use Claim.

---

[1] Unless otherwise indicated, capitalized terms retain the definitions from Pl's opening brief.
[2] See *e.g.,* Defs Reply MSJ of Fen 23, 2015, ECF262 at 1. Defs Opp to Pl's Obj to 2019 R&R, ECF392 at 1.
[3] See P. Toren's emails to T. Kessler on Dec. 13, in Ex. 1 to P. Toren's Letter of Dec. 15 to the Court.ECF472. See also P. Toren's emails to T. Kessler on Dec. 13, 14, and 15, on Ex. 1 in Ex. 1 to Defs' Letter to to Judge Gardephe, ECF. 44, 20 Civ.7034, demanding Defense counsel to correct the new variants of Defs mischaracterizations of Pl's claims by misrepresenting Judge Swain's order, e.g., calling ACE sequences as "software code." Defs refused. See Opp at 4and 7, Defs misrepresented "independent develop sequences" in 2019 R&R at 30, as "independent development of their code," to create maximum confusion.
[4] FRCP11(b), and NEW YORK RULES OF PROFESSIONAL CONDUCT "RULE 3.3: CONDUCT BEFORE A TRIBUNAL (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;"

So even if the Court---by endorsing R&R's and MJ Pitman, MJ Cave rulings, were still to depend on reading Defs briefs to see what are the purported Pl's claims, now the new statement in Defs' Opp' marks a progress from Defs False Claim. Although Defs' admission of Plaintiff's general claim in Opp does not state exactly how did Defendants used ACE sequences "directly in their computer code," and still subject to Defs new mischaracterization, but Defs repeatedly and unequivocally averted and admitted the Basic Fact (1) *supra, and* the Basic Fact (2) that ACE sequences cannot be generated by the Yield Book (YB) Monte Carlo code using any seeds and must be read as input data files to the Yield Book, in Defs' 2009, 2019 56.1 Stmts, cited Mot 2.[5]

In short, it is now settled that "Defendants sequences," *a.k.a,* "Yield Book sequences" or "Teytel sequences" are totally irrelevant to Pl's ACE Verbatim Use Claim, of misappropriation of trade secret. Thus, 2019 R&R, along with other orders relying on Defs Mischaracterization must be vacated. Defs' Mischaracterization of Pl's claims is fully exposed and undisputed by Defs' Opp. As a result, 2019 R&R, along with other orders relying on Defs Mischaracterization of Pl's claims must be vacated or amended accordingly as detailed in Pl's Motion. Defs MSJ must be denied as a matter of law. See Arg I to which Opp offered no opposition.

Defs'Opp also did not dispute of the facts that Collins' MSJ "Opp" not only fully embraced Defs Mischaracterization but went further and falsely claimed that ACE sequences "were generated by Defs Monte Carlo code," ***not*** Pl's trade secret, even misrepresented Prof. Fan's testimony to its opposite to support it. Even after it has been exposed, Collins made this outrageous Mischaracterization of Pl's claim deliberately repeatedly over Pl's explicit and express objections. See 56(h) Mot, pp13-14, ECF 313; The 6th Wang Decl, ¶¶187-211.

Collins' Mischaracterization in "Memo 16-17" was cited by 2019 R&R as a basis for granting Defs' MSJ. Mot, at 4, despite this is belied by 2009 R&R which correctly found "Dr. Xiaolu Wang developed a new class of low-discrepancy sequences which have 'shown a dramatic speed up of convergence rate' and in-creased accuracy in comparison to 'stochastic [FN11] Monte Carlo simulations'." *Id,* *2.

---

[5] This was why Defs new variants of mischaracterization deliberately called ACE as "software code" to confuse Judge Gardephe. It also cover up Polish's declarations which misrepresented the fact the Yield book code files do not contain data files as sort of "finding" that "the Yield Book does not contain ACE."

Thus, Defs' Opp has admitted that Defs Mischaracterization of Pl's claim *and* their collusion with Collins are also undisputed. As a consequence, pursuant to both FRCP59€ and 60(b), the orders that relied on Defs Mischaracterization of Pl's claims or collusion with Collins must be vacated or amended accordingly as detailed below, and Pl's Motion must be granted as unopposed. Defs Mischaracterization is just the 1st Prong of their 3 Prong Scheme, which consisted Level 2 Fraud of their 3 Level fraud, only one of more than a dozen of Defs' misconduct listed in Mot 25. Any one of them entitles Pl relief to vacate the Judgement under FRCP60(b)(3), *Id.* In addition to set aside the judgment, courts should require a trial on the merits unblemished by the misconduct, and sanction the offending party. See, e.g., *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (stating that "cases should be tried on the merits rather than the technicalities of pleadings").

Again Defs relied on the same orders embodied the 3 Prong Scheme and collusion to oppose the Court to address Defs' fully exposed 3 Prong Scheme and collusion. Pl demonstrated that all the prior orders listed by Opp or in its Annex A *relied* upon Defs' 3 Prong Scheme and collusion instead of decisions on Defs' 3 Prong Scheme and collusion. Even the partial cites of the facts cherry-picked in Defs' Annex A were overlooked by the Court and all prior decisions. See *Annex. A* attached. Defs are still in violation with the Rule 3.3(1), which requires Defense counsel "to correct a false statement of material fact or law previously made to the tribunal," in addition to not "make a false statement of fact or law." Under the disguise of defending the tainted orders that procured by their Mischaracterization and fraud, Opp continue to mislead the Court with Defs same Mischaracterization and fraud. Whenever these orders referred purported "Plaintiffs' claims," it is Defs False Claims. No exception. It is fatal not just futile for Defs to defend their fraud by relying on the same orders procured by their fraud. Further Opp again mischaracterized these orders.[6] See *Annex A* attached.

[6] Opp Fn. 2, Sept. 5, 2012 Hr'g Tr. (finding "really very, very little evidence") because Collins withheld the evidence, all of Pl's decls, the 3 Prong Scheme, e.g., 14 misrepresentations with false decls, Mot. 4. ECF423 at 10. Opp Fn. 7 cited on 2017-5-31 Order which was issued before he received Dr. Wang 2017-5-31 Letter. See Fact I

The Opp argued that Pl's Mot should not have listed numerous clear errors procured by Defs 3 Prong Scheme and Collusion, to them Opp had no rebuttal. [7] Id. at 9. That is no defense to the compelling Motion. The Court should disregard all of Defs' argument which cited only inapposite cases.[8] Defs' Opp only serves to further confirm that Defs' fraud is deliberate, and was directed to the Court instead only toward Pl. Pl is *not* asking the Court to make this determination, but Defs 3 Prong Scheme and 3 Level Fraud arise beyond the fraud defined in FRCP60(b)(3), and arose to fraud perpetrated against the Court, as indicated in Mem Ord, at 13.[9] Defs Mischaracterization of Pl's claims, has been calculated to withhold relevant evidence in discovery, (e.g., Feb 8 2013 order) and to prevent consideration of the Pl's claims on the merits, and for MSJ (procured R&R's, Mem Ord, and Judgment). Defs did not and could not argue that their fraud is immaterial. Now that Defs have abandoned their Mischaracterization and instead relied on the Mischaracterization adopted by the Orders, it is without argument that (1) it is an intentional fraud; (2) by an officer of the court; [10] (3) which is directed at the court itself; and (4) in fact deceives the court. Defs defrauded MJ Pitman and MJ Cave, and defrauded this Court.

Opp at 2 essentially argued that the Court should "end the case" now instead of considering their fully exposed fraud, because that Defs have perpetuated the 3 Prong Scheme and 3 Level Fraud upon the Court and Pl for over 16 years. By Defs' argument, ***Defs*** must be

[7]Perhaps not necessary for the purpose to amend and vacate the orders and judgment under FRCP59(e) or 60(b), but they proved that Defs' fraud prevented Pl from fully and fairly presenting its case, *Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) and that Pl has not been given full and fair opportunity in this litigation.

[8] In all the cases cited by Opp, *Koch v. Pechota*, 2014 WL 7271191, at *1 (S.D.N.Y. Dec. 22, 2014), Campbell v. Cantor Fitzgerald & Co., 205 F.3d 1321 (2d Cir. 1999), *Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 93 (2d Cir. 2013), there were no allegations/evidence that the litigants committed misconduct, unlike this instant case. In *Park v. FDM Group, Inc.*. 2018 WL 4100524 (SDNY 2018) (LTS), the Court granted the motion in part, even without allegations of misconduct.

[9] *In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976) ("Fraud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense.") See *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989) and other circuit courts (a "fraud on the court" occurs where "a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense.")

[10] See *RCI HV, Inc. v. Transtec (RC) Inc.,* No. 02 CIV. 4307 (CSH), 2004 WL 1197246, at *7 (S.D.N.Y. May 28, 2004) ("An attorney is an officer of the court and owes the court fiduciary duties and loyalty. When an attorney misrepresents *or omits material facts to the court,* or acts on a client's perjury or distortion of evidence, his conduct may constitute a fraud on the court." *Trehan v. Von Tarkanyi,* 63 B.R. 1001, 1006 (S.D.N.Y., 1986) (emphasis added).)

sanctioned under 28 U.S.C. § 1927. In its landmark decision, *Hazel-Atlas Glass Co. v. Hartford Empire Co* 322 U.S. 238 (1944), the Supreme Court held that whenever a fraud is committed a court should consider the matter:

> Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society…**The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.** (emphasis added.)

"[The facts] not only justify the inquiry but impose upon us the duty to make it, even if no party to the original cause should be willing to cooperate, to the end that the records of the court might be purged of fraud, if any should be found to exist." … The logic is clear: "[T]he law favors discovery and correction of corruption of the judicial process even more than it requires an end to lawsuits."[11] The fraud in *Hazel* did not even occur before the trial Court. Here Defs committed a variety of fraud, and derailed this litigation from the start for over 16 years, and despite a mountain of evidence send it to dismissal without even a trial. They made that *Hazel* litigant looked like an angel. The *Hazel* lawyers committed misconduct to help their client, but left the adversary system intact. In contrast, Defs and Collins' conspiracy subverted the adversarial system of justice itself. The Court should rule for justice and grant the Motion. Once Defs realize that their open season for fraud is over, they would be willing to settle any time, even before trial. The case could end soon. If unfortunately the Court still look the other way and let the injustice persist, even if the judgment survives the appeals or if the litigants have settled, it may still resurface perhaps years later, as in *Hazel*. Defs cannot cover up their fraud forever.

## ARGUMENT

### I. 2009 R&R Adopted Defs Mischaracterization of Pl's Claims and Must be Vacated. It Did Not Consider Nor Deny that Defs Stole ACE and Pl's ACE Verbatim Use Claim with Supporting Conclusive Evidence.

Defs misrepresented that 2009 R&R denied that Defs stole ACE. Opp 2. R&R's have never addressed that Defs stole ACE but instead required "use" but required Pl to show "use" for misappropriation, because the Courts adopted Defs Mischaracterization of Pl's claim as

[11] CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE CIVIL §2870 (3d ed. 2015) cites *Hazel-Atlas*.

"copyright infringement claim" by Defs phony product.  Indeed MJ Pitman cited only cases of copyright infringment,  *R.F.M.A.S., Inc. v. MimiSo*, supra, 619 F. Supp.2d at 86, and the cases where defendants had access by virtue of license or by plaintiff's former employees, 2009 R&R, p55. MJ Pitman overlooked in all of his rulings (1) the law holding that theft of ACE alone constituted breach of NDA and misappropriation of trade secret, and (2) the undisputed fact that Defs stole ACE, Fact I, II. Further, contrary to the many misrepresentations, 2009 R&R never addressed ACE Verbatim Claim or "Direct Use", only Derivative Claim.  See *20.  p.59.

Whenever MJ Pitman mentioned "direct use" of ACE, he always meant Defs False Claim that "Defs sequences" (of 200 paths or 1000 paths) contain ACE sequences. So Opp resurrected Defs False Claim that they had just abandoned, by mischaracterizing R&R. Opp cited R&R for $1 damage award, which Mot already pointed out as baseless. "where a wrong has been done, the courts will endeavor to make a reasonable estimate of damages" *Lexington Products, Ltd. v. B.D. Communications, Inc*., 677 F.2d 251, 253 (2d Cir.1982). See Fn. 34. Mot.

## II.     The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins and Must be Vacated or Amended. The Opp Relies on their 3 Prong Scheme Embodied in the Same Tainted Orders to Oppose Pl's Motion to Reconsider the Same Orders

The Feb 8, 2013 and Sept 5, 2012 Orders, 2019 R&R were procured by Defs' 3 Prong Scheme and collusion with Collins; they relied on Defs Mischaracterization of Pl's claims, and were the embodiment of that their 3-Prong Scheme and collusion with Collins. So they must be vacated or amended according to Mot. Whenever Opp stated the orders or other orders, e.g., 2019 R&R rejected "Pl's claims," (*Id*. Fn's. 5, 6, 10; p3, 8, 9 ) they are Defs False Claims, as confirmed by 2019 R&R, Fn. 13. Opp falsely claimed that 2019 R&R denied Pl's "direct use claim," *Id*. fn 6. In 2019 R&R:" a claim of direct misappropriation" is "ACE is incorporated in defendants' 200 path and 1, 000 path sequences generated by Defs' Monte Carlo code " i.e., they are "substantially similar to ACE".  This is exactly Defs False Claim. Defs have abandoned their Mischaracterizations, 2019 R&R is voided. Defs False Claims are irrelevant to Pl's claims. *Id.*

### III. The New Evidence Conclusively Proved ACE Verbatim Use Claim Which Defs 2010 Order Presciently Predicted that Defs' sequences were a Front to Defs Direct Use of Stolen ACE sequences in Generating Interest Rate Paths

Opp mischaracterized 2010 Order "In 2010, this Court adopted the 2009 R&R in part, finding that Defendants were entitled to summary judgment on the Direct Use Claim." Opp, p. 3, 9. Fn.5,6. Pl's ACE Verbatim Use or Direct Use Claim have never come up in either Defs' MSJ nor 2009 R&R, and could not have been "adopted" by the Court. Further it is contrary to law to claim that Defs' theft of ACE is not breach of NDA, and their use ACE verbatim is not misappropriation. The 2010 Order presciently predicated that "Defs sequences" are "a front of " ACE verbatim use. Mem Ord at 4 ("Defendants' disclosed practices were a front for actual use of the ACE sequence in generating Yield Book outputs.").

The 2019 R&R was procured by 3 Prong Scheme and collusion with Collins, overlooked the key evidence of ACE Derivative Use Claim, e.g., Fac III-IV. 2nd Polish Report, still supports Dr. Fan's finding that the Real Algorithm that selected all of LDS sequences 64, 100 and 200 paths all targeted ACE sequences.[12] This additional confirmation demolished the cite of 2019 R&R by Opp, at 7, that Fan's analysis did not apply to 200 paths. Opp could offer no dispute to Fact III-IV, and confirmed that they were overlooked by R&R and Mem Ord.

### IV. The Opp Confirmed that The 2019 R&R Had Admitted Fourth Declaration of Dr. Fan For Summary Judgment Purposes, and That MJ Pitman Mistakenly Evaluated 4th Fan Decl For its Support of Defs False Claims were true Rather Than Pl's Claims. The Orders of July 15, and March 26, 2014 Must be Vacated Or Amended.

The Orders of July 15, and March 26, 2014 depend on and flow from the Orders of Sept 5, 2012 , and Feb 8, 2013 and they were also procured by Defs and Collins' collusion and conspiracy, thus they must be vacated or amended accordingly. MJ Pitman correctly clarified March 26, 2014 Ruling and held that the 4th Fan Decl is admissible in support of 56(d), 56(h) and other motions on issues of Defs' misconduct, and that the factual material of 4th Fan Decl are admissible for all

[12] 2nd Polish Decl, p.5, "Dr. Teytel has also informed me that the processes he used to develop the [100 paths] and the [64 paths] were similar to the process he used to develop the 200 path mixed-seed sequence." Thus Fan's finding of Real Algorithm regarding LDS64, 99.95% certainty targeted ACE, covers both LDS 100, and 200 sequences. Contrary to Opp, fn.11, Motion cited and relied on the purported facts in the fabricated Sequence Records and 2nd Polish Report, and found that the facts and Report confirmed Mixed Seed Algorithm is phony, could not have possibly selected Teytel sequence of 200 paths.

purposes. See Fact II. In fact, as Defs Opp confirmed (Fn.10 at 8), the 2019 R&R had admitted and considered Fourth Fan Declaration for summary judgment purposes. Unfortunately, although MJ Pitman read 4th fan Decl, he still only tried to decide if the 4th Fan Decl proved Defs sequences of 200 paths or the nonexistent 1000 paths generated by Monte Carlo code contain ACE sequences (2019 R&R at 29 n. 13), i.e., if Defs False Claim to be true. Mot, 4-5. This is one more reason that 2019 R&R must be vacated. See II *supra.*

**V. The Mem Ord, Nov 4 Ord relied upon Defs' 3 Prong Scheme and collusion, and Must be Vacated or Amended. The Opp Relies on Defs 3 Prong Scheme and Collusion as cited and relied by Feb 8, 2013 Order and Sep 30 Ord**

The Mem Ord of Sept 30, 2021, Nov 4 Ord and Judgment in turn, endorsed in its entirely of 2019 R&R, cited and relied upon the Feb 8, 2013 and Sept 5, 2012 Orders. They relied upon Defs Mischaracterization of Pl's claims, and Defs' 3 Prong Scheme and collusion. They overlooked the cited facts and evidence of Defs' 3 Prong Scheme and collusion. Accordingly, they must be vacated or amended. The Opp mischaracterized Sep 30 Ord that "[t]he Court also rejected Plaintiff's objections to the Rule 56(h) opinion, finding that Plaintiff's claims of Defendants' "collusion" and discovery misconduct "sought to relitigate issues already decided by the Court." See Opp 4-5. This refers to the the previous order from the Court, the latest date of which is of July 15, 2014. The Opp suggested that Collins made collusion allegations in July 2014 against *himself*. Collins embraced the 3 Prong Scheme. See Mot at 4. Again the only dictum Defs could find regarding Collins' collusion was in a footnote of MJ Pitman's May 31, 2017 Order issued before he received Dr. Wang's letter of May 31, 2017, Opp Fn. 7. However, Defs misrepresented the date of Dr. Wang's letter as "May 30, 2017." *Ann.* Row 5.

**VI. Opp Utterly Failed to Dispute Pl is the Prevailing Party Under the Law and the NDA.**

Given the undisputed admissible evidence of Defs theft and use of ACE, Defs' material breach of NDA, the unopposed Motion, Pl is the prevailing party according to ¶19, 21 of NDA and by law. Pl already proved evidence of the loyalty damage from theft is $$33,977,000 up to 2007; Opp did not dispute. The *Zamora* court explained that those cases are "of little value" to Defs, but fully support Pl. Opp argued that 22 days were sufficient to prepare SC Letter. Defs

confused the required response as an opposition brief. Pl did not move for SJ for damage. But Mem Ord (based on perjured evidence reversing its corrected 2010 Order) directed Pl to do so within 22 days, without the discovery in order to provide a "solid ground" for a damage quantity. Defs had many months to prepare MSJ, extended the 45 days deadline for attorney fees application twice to *sine die*. It would have taken Pl more effort to gather the same estimate of attorney fees. The Nov 4 Ord rushed by Defs issued within 9 days did not just deny this Pl's MSJ, but *sua sponte* directed MSJ of $1 for *Defs*. This deprivation of Pl's rights under the Constitutional due process and FRCP 56 is unprecedented.

### VII. The Fee Order of June 9, 2020 Must Be Vacated. The Court Should Deny Defs Improper Sanction Motion and Their Systematic Attempts to Silence Pl's Witness and Pl's Counsel, and Direct the Communications between Defendants and Collins be Produced

Because the Fee Order of June 9, 2020 flow from March 26, 2014 Order, which flows from September 5, 2012 Order, so the Fee Order should be reversed. After Pl's repeated demand for Defs to stop their relentless Mischaracterization of Pl's claims through out the litigation, i.e., their 1st Prong of the 3-prong Scheme, Defs abandoned their direct averment in their Opp, but kept up with relying on the same Mischaracterization in the previous orders procured by the 3 Prong Scheme, to continue to mislead the Court, in violation of Rule 3.3(2). Therefore, not only the Court should grant Pl's Motion, but also impose sanction against Defs pursuant to 28 U.S.C. § 1927 and the Court's inherent power. Yet, while continuing to defraud the Court, Defs resuscitated their ill-fated motions for sanctions that have been submited 4 times and rejected 4 times by both MJ Pitman and MJ Cave. After their fraud has been fully exposed, Defs cited the same cases and recycled the same arguments, but called it "[F]or An Award of Sanction." The Court should deny Defs' request offhand.Further, in efforts to distract the Court consideration of the undisputed evidence that Collins conspired with Defs and embraced Defs' 3Prong Scheme, Fact I, VI, and that Defendants/Defense counsel may have help authored Collins' briefs, Defs also *requested* the Court to consider if Pl's principal Dr. Wang helped Pl's counsel in prepare Pl's briefs. According to Defs twisted logic, in their upside down world, it is fine for Defs and Defense counsel to author Pl's briefs, but Pl may not help its own counsel. Defs scrapped bottom

of the barrow and failed to find any cases to support their improper request. Defendants *moved* this Court to sanction Plaintiff and its counsel "on the Court's own initiative under FRCP11(c)(3)." Defs have got used to that their requests were for their asking and granted often without Pl's response, and now they are asking Court's *sua sponte* sanction order *at Defs' request*. Defs have shown no respect of the Court and treated it as their tools in their pockets, and would dispense orders at their request. As Opp admitted, Defs' two prior similar motions in 2019 alleging violation of MJ Pitman's May 31, 2017 Order had been denied by both MJ Pitman and MJ Cave. Defs motions followed Defs and Collins joint attempts, first to intimidate Dr. Wang to withdraw his May 31, 2017 Letter to MJ Pitman and then to move MJ Pitman to strike Dr. Wang's Letter in June 2017. Defs and Collins' attempts have all failed.[13] This is parts and parcel of Defs' continued and systematic attempts to intimidate, to threat, and to silence Pl's witness, Dr. Wang and its counsel. Defs and defense counsel' conduct may have violated the federal code that prohibits obstruction of justice. *See e.g.* 18 U.S.C §1512, 18 U.S.C §1503 and 18 U.S.C §371. Defs filed 2 motions to strike and sanctions before MJ Pitman. Both of them have been denied. Then they filed an injunction motion before MJ Cave, without disclosing to MJ Cave that their request was contrary to the laws in Second Circuit, in violation of NY Professional Conduct Rule 3.3 (2). MJ Cave initially granted it but then reversed it. Defs litigated and wasted the time of the Court for over a year, and sought the fees to rush the Court for prejudgment when they were on appeal. [14] The Court should denied it offhand and should direct the communications between Defendants and Collins be produced. They are highly relevant to the allegations of collusion, and are not privileged.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request the Court to grant Plaintiff's motion for Reconsideration and Relief in its entirety, and grant any other relief it deems just and proper.

---

[13] Previously Defs and Collins jointly threatened Dr. Wang, for him to withdraw his May 31, 2017 Letter to MJ Pitman. Ann. Row 5.

[14] Now they are doing that again. Opp, Fn 16. See Opp Fns. 10, 16. Defs stayed the Court orders for Defs to file fee application but rushed a conference hearing to compel Pl alone to pay the fees despite Pl's Motion seeking, inter alia, vacating the fees had just been filed. Defs consulted with Collins but never asked Collins to pay the fees.

Dated: December 24, 2021

Respectfully Submitted,

Peter J. Toren
Attorneys for Plaintiff and Counter-Claim Defendant Advanced Analytics, Inc.

# Annex A

## Defendants' Annex A (Plaintiff's Reply in Red).

1. The comparison demonstrated that Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions. Otherwise they should have been list the 3rd Column.
2. The comparison demonstrated that none of listed facts have been considered and decided by either MJ Pitman, MJ Cave or the Court:
3. The purported "decisions" culled by Defs, are not decision on the allegations or facts at all. They were
   (i) irrelevant Obiter Dictum, not Decided on Merits, and/or Obviously
   (ii) Directly Based on Now Debunked Defs 3 Prong Scheme (e.g., not on Plaintiff's claims but on Defs False Claims Because Defs' Mischaracterization) and
   (iii) Based on a Decision that Manifestly Procured by Defs 3-Prong Scheme and Collusion, e.g., Order of Feb 8, 2013,
   (iv) Undisputed Collusion and Conspiracy with Collins Now Ripe to Vacate Due to Defs Admissions, e.g., March 26, 2014 Order
   (v) Not Considered and No Decisions Made on Allegations Based on Procedures At the Time; **The Court Has Not Considered (1):** The Facts Cited from "OSC," SC Letter, ECF 462, Have Never Been Decided by the Court on Merits, including Nov. 4 Ord. Defs cite of Nov. 4 Order is irrelevant. It is undisputed that FRCP59(e)60(b) Motion ("Mot") is timely. See Fn1 of Mot. or
   (vi) the dictum, orders or decisions cited by Defs were procured by Defs' 3 Prong Scheme and collusion; they embodied, relied upon, did not consider the cited facts and evidence of Defs' 3 Prong Scheme and collusion, and did not decide on Defs' 3 Prong Scheme and collusion; and
   (vii) Clearly Erroneous and Contrary to Undisputed Facts, Admissible Factual Material and Contrary to Law, and manifest injustice, as demonstrated by the Motion.

| The allegations and evidence have been all avoided by Defs in all their responses, submissions, including in this Opp to Mot. | The quotes, even they were cherry-picked by Defendants out of context, incomplete, or even irrelevant to the Cited Allegations, are still overlooked Facts, that the Court should Consider in Connection to Plaintiff's Motion for Reconsideration and Relief Pursuant to FRCP 59(e) and 60(b).<br><br>(Clearly, in consistent with the Rules governing a motion to reconsider, Mot does not raise new issues, only demonstrated the rulings are clearly erroneous and contrary to undisputed facts and contrary to law, and manifest injustice.) | The purported "decisions" culled by Defs, are not decision on the allegations or facts at all. They either<br>(i) irrelevant Obiter Dictum, not Decided on Merits, and/or Obviously<br>(ii) Directly Based on Now Debunked Defs 3 Prong Scheme (e.g., not on Plaintiff's claims but on Defs False Claims Because Defs' Mischaracterization) and<br>(iii) Based on a Decision that Manifestly Procured by Defs 3-Prong Scheme and Collusion, e.g., Order of Feb 8, 2013,<br>(iv) Undisputed Collusion and Conspiracy with Collins Now Ripe to |
|---|---|---|

| | | |
|---|---|---|
| | | Vacate Due to Defs Admissions, e.g., March 26, 2014 Order<br>(iv) Not Considered and No Decisions Made on Allegations Based on Procedures At the Time; and<br>(v) Clearly Erroneous and Contrary to Undisputed Facts, Admissible Factual Material  and Contrary to Law, and manifest injustice. |
| 1. Alleging "Defendants relied on collusion with Collins to procure orders of Sep, 2012, Feb, 2013 and March 2014." Mot. at 11<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions. | Appendix column titled "Collins' collusion with Defendants at work" OSC Response at 20-26 (ECF 462).<br><br>Defendant's brief "actually admitted that … before 2017 how Collins deceived his client from detecting his collusion with Defendants." Reply ISO Mot. To Reply at 3 (ECF 453).<br><br>"Defs oppose Collins from paying the sanction fees procured by him by his purported violation of the scheduling order, […] All because Collins is Defs' co-conspirator." Letter to Reply at 1 (ECF 449).<br><br>" Defs […] have actually confirmed that their reliance on the 3Prong Scheme and on their conspiracy with Collins led to their procuring the four Court Order entered between 2012 and 2014."  Obj. to June 9, 2020 Order at 6 (ECF 442).<br><br>Alleging that "Defendants clandestinely flipped Collins. Then he embraced 3 Prong Scheme, and prevented any AAI's expert declarations being filed in support of imposing sanctions on Defendants." Mot. For Reconsideration at 5 (ECF 423).<br><br>Referring to alleged "evidence of Collins' collusion with Defendants. One more reason for Plaintiff for Reply." Letter to file Reply at 9 (ECF 399).<br><br>"[B]eginning in the middle of 2012, Collins allegedly began to work with Defendants and advocated their positions."  Mot. to Defer at 2 (ECF 366) | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (ECF 464).<br><br>Irrelevant.<br><br>**I.e., The Court Has Not Considered (1).**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *6 (S.D.N.Y. Sept. 30, 2021) (District Court adopting Judge Pitman's Report and Recommendation granting summary judgment for Defendants, and noting "[t]hese claims, many if not all of which seek to relitigate issues already decided by the Court, are only tangentially related to the challenged orders issued by Judge Cave, and, to the extent they are, do not satisfy Plaintiff's burden to show that Judge Cave's Reconsideration Order was clearly erroneous or is contrary to law.").<br><br>**1. The Court never considered collusion before Sep 30, 2021 decision (2):** |

| | | |
|---|---|---|
| | "Relying on 3-Prong Scheme and Collusion with Collins, Defendants Procured September 5, 2012 Order" Pl.'s Obj. to Rule 56(h) Order at 22 (ECF 361).<br><br>"The undisputed Wang Decl. presented overwhelming evidence, among other things, that beginning approximately in the middle of 2012, Defendants and Collins conspired to deceive the Court, to conceal the evidence of Defendants' fraud." Rule 56(h) Mot. at 1 (ECF 313).<br><br>"AAI's former counsel started to act adversely to AAI in mid-2012." Opp. to Mot. to Strike Rule 56(d) Mot. at 6 (ECF 300).<br><br>Referring to "the collusion by Defendants' and Plaintiff's counsel." Jan. 4, 2017 letter at 1. | Contrary to Defs' misrepresentation, Pl's claim and evidence of Collins' collusion and conspiracy with Defs ("claim of collusion") since 2012, have never been presented to the Court, much less decided by the Court. The last time the Court considered any matter of this case in substance was July 15, 2014 Order, denying the "Objection" filed by Collins, which actually supported Defs 37(c) sanction against Plaintiff like all of his previous 5 sets papers. Collins could not have alleged collusion by himself, contrary to Defs misrepresentation of the contrary.<br><br>The 3 Objections covered by Mem Ord of Sep 30, 2021 were the first time. Therefore, this holding does not cover the claim of collusion.<br><br>2**. No consideration of the evidence and no decision on substance regarding the 3 Prong Scheme, and 3 Level fraud.** On the substance, the evidence and the claim of collusion has not been decided by any decisions, including Sep 30 Order. Because it considered all these claims were "tangential related to the challenged orders issued by Judge Cave," and held: "Plaintiff's sole objection specifically tailored to the rulings in Judge Cave's Reconsideration Order is that Judge Cave erred in "impos[ing] fees on AAI and its [current] counsel, instead of [AAI's former counsel], the lawyer [who] procured" the March 26, 2014, Order from Judge Pitman "in collusion with" Defendants. (Reconsideration Objs. at 23-25.)" |

| | | |
|---|---|---|
| | | *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 2019 WL 4193941, at *2 (S.D.N.Y. Sept. 4, 2019) (Judge Pitman denying Rule 56(h) Motion, and observing that Plaintiff's allegations regarding collusion are made "without any evidence" (Clear error, Mot at 3, and 11-12) and that "[a]lthough plaintiff's principal may have had disagreements with plaintiff's former counsel about how to litigate the case, those disagreements do not imply that the attorney is colluding with the other side"). Nonsequitar. Out of context. MJ Pitman said the opposite. See Mot. Fn 18.<br><br>May 28, 2019 Hr'g Tr. at 16:2-4 (Judge Pitman denying Rule 56(d) Motion and noting that "[d]isagreement between plaintiff and plaintiff's counsel is not proof that counsel is colluding") (ECF 381).<br><br>Nonsequitar, not his finding. Fn. 18, Mot at 13. Fn. 18, Mot at 13.<br><br>May 31, 2017 Order (Judge Pitman granting motion to withdrawal, but, regarding Plaintiff's claim of collusion, stating "I am not aware of any evidence supporting or even suggesting the claims made by plaintiff's principal that counsel have colluded with adverse counsel") (ECF 275). *First*, MJ Pitman did not know that Collins alone became the co-conspirator since 2012, and he was not aware of his collusion, e.g., in MSJ "Opp" of May 28, 2015, see Mot at 3. *Second*, this was before receiving May 31, 2017 Letter of Dr. Wang, and the massive collusion evidence in the 6th Wang Decl, and the 7th Wang Decl.. See Row 5. |

| | | |
|---|---|---|
| 2. "Collins called MJ Pitman jointly with [defense counsel], and secretly withdrew Pl's' motion of Rule 37(b) sanction)." Mot. at 12.<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions. | "Behind my back, Mr. Collins purportedly representing Plaintiff and Defendants **jointly** called Hon. Pitman's Chambers to grant Defendants' request to rush the discovery be completed before September 5, 2012, so Defendants could launch SJ while concealing Evidential Documents. Defendants and Collins kept both Plaintiff and the Court in the dark. Their sneaky maneuver succeeded." OSC Response at 21 (emphasis in original) (ECF 462).<br><br>"Collins secretly 'withdrew' the 37(b) Motion during his June 18 2013 Call with Defense counsel behind Plaintiff's back." Reply ISO Mot. To Reply at 2 (ECF 453).<br><br>"To cover up the new collusion evidence admitted by Defs in 2019-2020, of Collins' secret call of June 18, 2013 behind Pl's back to "withdraw" the 37(b) spoliation motion right after it was filed the night before…" Letter to Reply at 1 (ECF 449).<br><br>"Collins clandestine' withdrawal sabotaged Plaintiff's devastating Rule 37(b) sanction." Obj. to June 9, 2020 Order at 11 (ECF 442).<br><br>Alleging "Defendants, intentionally concealed from Dr. Wang and without his knowledge, jointly called MJ Pitman and requested that the Court "defer" the consideration of the Rule 37(b) Spoliation Motion." Mot. For Reconsideration at 6 (ECF 423).<br><br>"In a call jointly with current Defense counsel, behind Plaintiff's back, Plaintiff's formal attorney "withdrew" Plaintiff's Spoliation Motion." Letter to file Reply at 10 (ECF 399).<br><br>"Collins and Defense counsel jointly telephoned MJ Pitman and requested that he "defer" the consideration of the Rule 37(b) Spoliation Motion." Mot. to Defer at 4, 9 (ECF 366). | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (citations omitted) (ECF 464). **The Court Has Not Considered (1):**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *6 (S.D.N.Y. Sept. 30, 2021) (District Court adopting Judge Pitman's Report and Recommendation granting summary judgment for Defendants, and noting "[t]hese claims, many if not all of which seek to relitigate issues already decided by the Court, are only tangentially related to the challenged orders issued by Judge Cave, and, to the extent they are, do not satisfy Plaintiff's burden to show that Judge Cave's Reconsideration Order was clearly erroneous or is contrary to law.").<br><br>2**. No consideration of the evidence and no decision on substance regarding the 3 Prong Scheme, and 3 Level fraud.**<br><br>*Advanced Analytics*, 2019 WL 4193941 at *2 (Judge Pitman denying Rule 56(h) Motion, and observing that Plaintiff's allegations regarding collusion are made "without any evidence" and that "[a]lthough plaintiff's principal may have had disagreements with plaintiff's former counsel about how to litigate the case, those disagreements do not imply that the attorney is colluding with the other side").<br><br>See the Response to Allegation 1 above.<br><br>May 28, 2019 Hr'g Tr. at 15:3-6 (Judge Pitman denying Rule 56(d) Motion (not because of ruling regarding collusion )and noting that "attorneys in cases frequently withdraw motions") (ECF 381). No attorney would have secretly withdrawn that motion sanction Defs, and Opposition to Defs' Motion |

| | | |
|---|---|---|
| | "Collins at Defendants' direction *immediately* "withdrew" [the Rule 37(b) motion] behind the back of Dr. Wang." Pl.'s Obj. to Rule 56(h) Order at 23 (ECF 361).<br><br>Claiming "June 18, 2013, Collins and Defendants' counsel jointly called the Court to advise the Court not to consider [the Rule 37(b) motion] but focus on Defendants' motion to strike the Fan Decl." Rule 56(h) Mot. at 13 (ECF 313).<br><br>"The former counsel, however, promptly neutralized the letter sanction motion in a joint request with Defendants asking the Court not to consider it, which was made secretly behind Plaintiff's back." Opp. to Mot. to Strike Rule 56(d) Mot. at 7 (ECF 300). | for Sanction Plaintiff, the very next morning, concealed his withdrawal from his client, and lied both to his client and the Court, unless he worked for Defendants. |
| 3. "Collins ***clandestine' withdrawal*** [*sic*] sabotaged Pl's 37(b) sanction and set up Pl for Defs' 37(c) sanction unopposed." Mot. at 12.<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions. | "Defendants mischaracterized the issues raised in the Motion at 2-3 to be only as the allegations regarding Collins' efforts to conceal the Rule 37(b) motion, in Dr. Wang's submissions to MJ Pitman when this new direct evidence of collusion is not contained in Dr. Wang's submissions." Reply ISO Mot. To Reply at 2 (ECF 453).<br><br>"If Dr. Wang had known of Collins' secret "withdrawal," this would have been the top issue to MJ Pitman in Wang 4th Decl, and the 2017 letters." Letter to Reply at 2 (ECF 449).<br><br>"Collins clandestine' withdrawal sabotaged Plaintiff's devastating Rule 37(b) sanction, but also allowed him to misrepresent that Fan 4th Decl was not prepared for this 37(b) spoliation motion." Obj. to June 9, 2020 Order at 11 (ECF 442).<br><br>"They confirmed that Collins was made a secret call jointly with Defense counsel to MJ Pitman behind Plaintiff' back to request the Court to "withdraw" the Rule 37(b) Spoliation | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (citations omitted) (ECF 464).<br><br>**The Court Has Not Considered (1).**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *6 (S.D.N.Y. Sept. 30, 2021) (District Court adopting Judge Pitman's Report and Recommendation granting summary judgment for Defendants, and noting "[t]hese claims, many if not all of which seek to relitigate issues already decided by the Court, are only tangentially related to the challenged orders issued by Judge Cave, and, to the extent they are, do not satisfy Plaintiff's burden to show that Judge Cave's Reconsideration Order was clearly erroneous or is contrary to law.").<br><br>2**. No consideration of the evidence and no decision on substance** |

| | | |
|---|---|---|
| | Motion." Mot. For Reconsideration at 11-12 (ECF 423).<br><br>"MJ Pitman wanted to prevent manifest injustice, because the contempt order ECF235 was procured by Collins against Plaintiff, who is the victim of his 'duplicitous behavior'." Letter to file Reply at 8 (ECF 399).<br><br>"Collins [] willfully misrepresent[ed] that the 4th Fan Decl. was not drafted to support the Rule 37(b) Spoliation Sanction Motion, but was drafted to oppose Defendant's Motion for Summary Judgment." Mot. to Defer at 4 (ECF 366).<br><br>"Collins and Defendants in collusion concealed it but misrepresented the 37(b) spoliation motion." Pl.'s Obj. to Rule 56(h) Order at 23 (ECF 361).<br><br>"Yet over Plaintiff's express objection, Collins relentlessly misrepresented that the Fan Decl. was prepared only for the SJ opposition and for trial." Rule 56(h) Mot. at 13 (ECF 313).<br><br>"Yet, in collusion with Defendants, the attorney for Plaintiff, Todd S. Collins, blocked these sanction motions, misrepresented the contrary to the Court and framed Plaintiff for contempt of court." Rule 56(h) Mot. at 1 (ECF 313).<br><br>"[Collins] blocked all experts' declarations from being submitted to support motions for procedural relief based on Defendants' discovery misconducts but submitted them as inadmissible expert disclosure as easy targets for Defendants to strike, one after another." Opp. to Mot. to Strike Rule 56(d) Mot. at 6 (ECF 300).<br><br>"Collins deliberately misrepresented that Fan 4th Decl. was prepared for SJ in willful violation of Court schedule orders without justification." May 31, 2017 letter at 6 (ECF 276). | **<u>regarding the 3 Prong Scheme, and 3 Level fraud.</u>**<br><br>*Advanced Analytics*, 2019 WL 4193941 at *2 (Judge Pitman denying Rule 56(h) Motion, and observing that Plaintiff's allegations regarding collusion are made "without any evidence" Clear error, Mot at 3. and that "[a]lthough plaintiff's principal may have had disagreements with plaintiff's former counsel about how to litigate the case, those disagreements do not imply that the attorney is colluding with the other side").<br><br>Nonsequitar. Out of context. MJ Pitman said the opposite. See Mot. Fn 18.<br><br>May 28, 2019 Hr'g Tr. at 53:23-25 (Judge Pitman denying Rule 56(d) Motion) (ECF 381).<br><br>Nonsequitar, not his finding. MJ Pitman actually stated the opposite. Fn. 18, Mot at 13.<br><br>May 31, 2017 Order (Judge Pitman granting motion to withdrawal, but, regarding, Plaintiff's claim of collusion, stating "I am not aware of any evidence supporting or even suggesting the claims made by plaintiff's principal that counsel have colluded with adverse counsel") (ECF 275).<br><br>*First*, MJ Pitman did not know that Collins alone became the co-conspirator since 2012, and he was not aware of his collusion, e.g., in MSJ "Opp" of May 28, 2015, see Mot at 3. *Second*, this was before receiving May 31, 2017 Letter of Dr. Wang, and the massive collusion evidence in the 6th Wang Decl, and the 7th Wang Decl.. See Row 5. |
| 4. Referring to "hard facts | The Court "overlooked the allegations and all the evidence that Defs stole | "Any such misappropriation claim based on Teytel's limited reference to |

| | | |
|---|---|---|
| evidence that Defs stole ACE with the Theft Code . . . installed in the 4th ACE test system." Mot. at 7.<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions. | ACE including Theft Code." OSC Response at 5 (ECF 462).<br><br>"The undisputed evidence establishes that Defs secretly installed theft code into the ACE test system and stole all the interest rate paths generated by ACE sequences during the last round of the ACE tests in June of 1998 ." Obj. to June 9, 2020 Order at 4 (ECF 442).<br><br>"The ACE Use Code that was installed immediately by Defendants after they stole ACE (using the Theft Code during the last ACE test) reveals that The Yield Book ("TYB," "YB") offline systems surreptitiously read the verbatim ACE sequences to generate ACE interest rate scenarios, […] ." Mot. For Reconsideration at 1 (ECF 423).<br><br>"Defendants' Theft Code and ACE Use Code establish indisputably Defendants' misappropriation and their translation is facts not argument…" Letter to file Reply at 3 (ECF 399).<br><br>"Defendants surreptitiously stole Plaintiff's trade secret and then used the stolen ACE exclusively for their own traders." Mot to Defer at 12 (ECF 366).<br><br>Referring to "undisputed physical evidence: two massive suites of Theft Code and ACE Use Code implemented by Russell himself." Pl.'s Obj. to Rule 56(h) Order at 14 (ECF 361).<br><br>Section devoted to claiming "Defendants Developed the 'Theft Code' to Steal ACE." Pl.'s Obj. to 2019 R&R at 4 (ECF 359).<br><br>Referring to the "Theft Code" which "surreptitiously saved and stole all of the interest rate paths generated by ACE." Rule 56(h) Mot. at 11 (ECF 313). | the outputs of Defendants' testing of the ACE Sequences, however, is time-barred under the plain terms of the 2009 Report and the 2010 Order adopting it in part, which held that any misappropriation claim based on Defendants' 'use' of Plaintiff's claimed trade secret before May 7, 2001, was barred by the applicable statute of limitations." Nov. 4 Order at 3 (ECF 464).<br><br>Not time barred for Breach of NDA, and also as extremely strong evidence of continuing use for misappropriation claim, Mot at 17.<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *4 (S.D.N.Y. Sept. 30, 2021) (District Court finding that "Counsel's interpretation of Defendants' 'theft code' and 'use code'" did not constitute a basis to reject Judge Pitman's Report and Recommendation).<br><br>Sep 30 ord overlooked the admissible expert testimony of the translation of Theft Code and ACE Use Code, and the self-evident source code themselves, and Defs programmers' admission in English, traders are using ACE sequences, and the admission by Defs 56.1 Reply. Mot. Fact II.<br><br>*Advanced Analytics*, 2019 WL 4193941 at *2-3 (Judge Pitman denying Rule 56(h) Motion and determining that Plaintiff's "exorbitant assertions," including that "Defendants used the stolen ACE sequences as the target to select derivative sequences . . . used by all The Yield Book licensees," were "not supported by any evidence").<br><br>This quote is totally out of context. The Order did not address at all about Pl's evidence and allegation of theft. Nor did it ever address Pl's evidence that Defendants used the stolen ACE sequences as the target to select derivative sequences, with 99.95% |

| | | |
|---|---|---|
| | "Defendants Stole and Furtively Used ACE Sequences." Rule 56(d) Mot. at 4 (ECF 289).<br><br>"Defendants used stolen ACE." May 31, 2017 Letter at 3 (ECF 276).<br><br>"The evidence of this is overwhelming and, as described below, includes Defendants' own code, which conclusively reveals that Defendants both stole and used ACE." Revised MSJ Opp. at 1 (ECF 251).<br><br>"Dr. Fan found a veritable "mountain of evidence" that, after their last test of ACE, Defendants stole the ACE sequences, and used them to create derivative sequences." Pl.'s 2008 SJ Opp. at 1. | certainty from Fan 2nd Decl submitted in 2008 MSJ and 100% certainty from the Theft Code in 2013 MSJ. See Fact II, III, and IV.<br><br>Sept. 4, 2019 R&R at 42, 44 (Judge Pitman recommending Defendants' motion for summary judgment be granted as to Plaintiff's claims of misappropriation and rejecting Plaintiff's allegations that Defendants' stole ACE as "not sufficient" and "unsupported"); No such cites 42, 44. MJ Pitman was only considering if hedge.c could support "Defs sequences" of 200 paths and "1000 paths" contain ACE. i.e., Defs False Claim is true. He never considered the hard evidence, Theft Code, ACE Use Code supporting ACE Verbatooim Claim, Reply II.<br><br>*see id*. at 45 ("I conclude that no reasonable jury could find the evidence in the record sufficient to conclude that defendants improperly used plaintiff's trade secret -- ACE – in developing their 200-path and 1,000-path sequences.") (ECF 340).<br><br>This is based on Defs False Claim, See Id at 44: "the 200—path and 1, 000—path sequences the only sequences relevant to the misappropriation claim." Now Defs Opp abandoned Defs False Claim. Reply at 2, and II. So R&R is voided.<br><br>May 28, 2019 Hr'g Tr. at 53:23-25 (Judge Pitman denying Rule 56(d) Motion) (ECF 381).<br><br>In the Hr, see Mot at 5, MJ Pitman stated that the "fundamental problem" preventing him granting 56(d) Mot is Feb 8, 2013 Order, which embodied 3 Prong Scheme.<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 2010 WL 4780772, at *3 (Nov. 22, 2010) (Finding that Plaintiff failed to demonstrate substantial similarity between |

| | | |
|---|---|---|
| | | Defendants' sequences and the ACE sequence).<br><br>This is Defs False Claim. |
| 5. Section titled "The Court Relied on Defendants' Mischaracterization of Plaintiff's Claims as Defendants' False Claims and Their 3Prong Scheme." Mot. at 2-6.<br><br>Defs avoided Pl's allegation of their 3-Prong Scheme altogether, Mischaracterization of Pl's claims in particular, in all of their briefs. It is hard to lie that "Pl's claim is Pl stole ACE from Defs" in the face of Pl's claims. As results, no decisions have ever considered Defs' 3 Prong Scheme. | "The R&R 2009 and R&R 2019 were misled by the 1st Prong, Defs' Mischaracterization of Pl.'s claims." OSC Response at 2 (ECF 462).<br><br>"Defs *totally mischaracterized the 3-Prong Scheme in the purported AAI's allegations column, because the rulings to the 3-Prong Scheme do not exist*." Letter to Reply at 3 (emphasis in original) (ECF 449).<br><br>Alleging that the Court ignored "AAI's allegations that were supported by undisputed new evidence of 3-Prong Scheme and collusion." Obj. to June 9, 2020 Order at 15 (ECF 442).<br><br>"The 2012 September 5, 2012 Order relied on the Mischaracterization of AAI's claims, and Defendants' Misrepresentation of Radak Code as TYB-RCS code, and the Polish and Radak declarations to support Defendants 3-Prong Scheme." Mot. For Reconsideration at 20 (ECF 423).<br><br>The Court "rel[ied] on Defendants' mischaracterization of Defendants three False Claims as AAI's claims without question, and to which Plaintiff failed to object." Letter to file Reply at 5 (ECF 399).<br><br>"Defendants' Mischaracterizations of Plaintiff's claims as Defendants three False Claims to sought to conceal their misappropriation." Mot to Defer at 12 (ECF 366).<br><br>"Defendants MSJ concealed all the material facts, and instead relied on their Mischaracterizations, which means that Plaintiff cannot prevail unless Plaintiff can prove Defendants' three False Claims to be true." Pl.'s | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (Citing Report and Recommendation dated August 5, 2009 at 7273) (ECF 464).<br><br>**<u>The Court Has Not Considered (1):</u>**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *4 (S.D.N.Y. Sept. 30, 2021) (District Court noting that "Counsel's interpretation of Defendants' 'theft code' and 'use code'" did not constitute a basis to reject Judge Pitman's Report and Recommendation).<br><br>Defendants clandestine theft and use of ACE sequences are Level 1 Fraud, not the Level 2 Fraud- the 3 Prong Scheme. As before, Defs deliberately avoided even to state correctly what is Pl's allegation of their 3 Pong Scheme.<br><br>*Advanced Analytics*, 2019 WL 4193941 at *2 (Judge Pitman denying Rule 56(h) Motion and noting that Plaintiff's "exorbitant assertion[]" that "Defendants and [plaintiff's former counsel] conspired to deceive the Court, to conceal the evidence of Defendants' fraud" is "not supported by any evidence").<br><br>(I) This is again Defs attempts to confuse the Court regarding what is the 3 Prong Scheme which the Level 2 Fraud. No orders by MJ Pitman or by MJ Cave or by the Court, have ever considered Defs Mischaracterization, the 1st Prong of the 3 Prong Scheme. |

| | | |
|---|---|---|
| | Obj. to Rule 56(h) Order at 4 (ECF 361).<br><br>Claiming "the [2019] R&R seems to have fallen victim to Defendants' semantic game" and the use of a "fraudulent definition [that] has so far allowed Defendants to claim they produced all the "YB sequences." Pl.'s Obj. to 2019 R&R at 24-25 (ECF 359).<br><br>"Defendants mischaracterize all "AAI's claims" as the three Defs' False Claims, to mislead the Court to wrong rulings." Rule 56(h) Mot. at 20 (ECF 313).<br><br>"Defendants and Plaintiff's counsel colluded to misrepresent Defendants' False Claims . . . as "AAI's Claim." Jan 4. 2017 Letter at 2. | "Defendants and [plaintiff's former counsel] conspired to deceive the Court" their collusion, is Level 3 Fraud.<br><br>(II) This is again brazen misquote. MJ Pitman's original ruling at *2 is about Level 1 Fraud:<br><br>"Plaintiff's contention that defendants' summary judgment motion is sanctionable because plaintiff is entitled to prevail on the merits fails because (1) I conclude that defendants are entitled to summary judgment for the reasons set forth in my Report and Recommendation of even date and (2) the putative "facts" that plaintiff now offers to demonstrate that it is entitled to prevail on the merits are not supported by any evidence. Plaintiff's more exorbitant assertions include the following"<br><br>MJ Pitman' holding about Level -1 Fraud, on the merits is clear error, because he was mistakenly misled by Defs' 3 Prong Scheme, and only consider if Pl could prove Defs False Claim to be true, as confirmed by Defs Opp fn. 6. |
| 6. Defendants' alleged "False Claims . . . are central to Defs 3 Level fraud, which has misled the Court to the wrong decisions." Mot. at 15-16.<br><br>Defs avoided Pl's allegation of their 3-Prong Scheme altogether, Mischaracterization of Pl's claims in particular, in all of their briefs. It is hard to lie that "Pl's claim is Pl stole ACE | "Defs relentlessly mischaracterized all Pl's claims as Defs False Claims to deliberately avoid their initial burden required by FRCP56(a)…" OSC Response at 2 (ECF 462).<br><br>The Court "disregarded the new evidence. His 56(h) ruling and R&R rely on 3-Prong Scheme and collusion." Letter to Reply at 3 (ECF 449).<br><br>"Defs' Mischaracterizations turned Plaintiff's trade secret misappropriation claim into Defs' three False Claims [.]" Obj. to June 9, 2020 Order at 4 (ECF 442).<br><br>The Court has been misled by Defendants' "mischaracterizing AAI's claims as Defendants' False | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (Citing Report and Recommendation dated August 5, 2009 at 7273) (ECF 464).<br><br>**The Court Has Not Considered (1).**<br><br>Irrelevant. Pl's Motion 59(e) 60(b) is timely.<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *6 (S.D.N.Y. Sept. 30, 2021) (District Court finding that "Plaintiff's objections detail alleged collusion between Defendants and Plaintiff's prior counsel and what Plaintiff |

| | | |
|---|---|---|
| from Defs"in the face of Pl's claims. As results, no decisions have ever considered Defs' 3 Prong Scheme. | Claims" Mot. For Reconsideration at 11 (ECF 423).<br><br>"Magistrate Judge Pitman apparently disregarded all other palpable evidence and accepted the 3 Prong Scheme without further questions." Letter to file Reply at 8 (ECF 399).<br><br>"Defendants' Misrepresentations of their discovery production sought to prevent Plaintiff from obtaining critical evidence of their misappropriation." Mot to Defer at 12 (ECF 366).<br><br>Appendix A titled "Evidence of Defendants' 3-Prong Scheme" with columns for "Defendants' Mischaracterization in submissions/Hearings" and "Which Misled the Court." Obj. to Rule 56(h) Order at App'x A (ECF 361).<br><br>Claiming the 2019 R&R "has a fundamental misunderstanding of how YB works, by adopting the process described by Defendants" and that Judge Pitman wrongly took "Defendants' version of facts as the truth." Pl.'s Obj. to 2019 R&R at 22-23 (ECF 359).<br><br>Alleging that Defendants "misled the Court that Defendants had produced TYB production code," and attempted "to hide Defendants' spoliation of the sequence records." Rule 56(h) Mot. at 20 (ECF 313).<br><br>"Defendants have made numerous misrepresentations to the Court regarding the production of code and sequences." Rule 56(d) Mot. at 24 (ECF 289).<br><br>"[Defendants] misrepresented to the Court that that defendants had produced the entire RCS code." Pl.'s Sept. 2012 Obj. at 11 (ECF 197). | believes are Defendants' 'three levels of fraud' perpetuated on the Court in this action; claim that the collusion and fraud call into question the rulings issued by this Court from the 'latter part of 2012 until 2014'; Now Defs Opp admitted and abandoned their Mischaracterization of Pl's claims as Defs False Claim, and did not dispute any of the collusion evidence, and the 4 orders from 'latter part of 2012 until 2014' are manifest embodiment of Defs 3 Prong Scheme and collusion. Mot 2-3. and ask the Court to conduct an investigation into that fraud and collusion. These claims, many if not all of which seek to relitigate issues already decided by the Court, are only tangentially related to the challenged orders issued by Judge Cave, and, to the extent they are, do not satisfy Plaintiff's burden to show that Judge Cave's Reconsideration Order was clearly erroneous or is contrary to law.").<br>2**. No consideration of the evidence and no decision on substance regarding the 3 Prong Scheme, and 3 Level fraud.**<br>(i) Irrelevant. It relates only to MJ cave's fee orders; (ii) The claims in Mot. relating to MJ Cave's orders are now ripe to be considered in the new evidence, Defs' admissions and cease and desist of their 3 Prong Scheme.<br><br>May 28, 2019 Hr'g Tr. at 53:23-25 (Judge Pitman denying Rule 56(d) Motion) (ECF 381).<br><br>Mischaracterization of the records: MJ Pitman never considered or ruled on Defs 1st Prong: Defs Mischaracterization of Pl's claims and his decisions always relied on Defs 1st Prong. MJ Pitman denied 56(d) Motion because of "my fundamental problem" of Feb 8, 2013 Order by the Court (Motion at 5, fn.8.) which embodied the 3 Prong Scheme. Motion at 4. |

| | | |
|---|---|---|
| | | Advanced Analytics, 2019 WL 4193941 at *4 (Judge Pitman denying Rule 56(h) Motion and noting that a declaration submitted by Dr. Radak "confirms the completeness of defendants' production of TYB sequences in discovery" and determining that "none of Plaintiff's arguments attacking this declaration have merit").<br><br>This is absolete, because now by Defs admission, Defendants' sequences are irrelevant to Pl's ACE Verbatim Use Claim. Mot at 2. II.<br><br>"Similarly, the fact that Dr. Radak did not have access to defendants' revision control system may raise questions as to how he knows the sequences produced by defendants were complete" *4.<br><br>Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 2013 WL 489061, at *2 (Feb. 8, 2013) (District Court rejecting Plaintiff's request for additional depositions and discovery on the basis of alleged discovery misconduct and holding "Plaintiff has everything it needs to compare Defendants' sequences, analyze the code that Defendants use to generate their sequences to determine whether this process could have been derived from Defendants' alleged exposure to the Plaintiff's product and determine whether the Plaintiff's product played any role in the development of Defendants' sequences").<br><br>This is Ex. A of Defs now debunked 3 Prong Scheme and collusion. A decision in 2013 relying on their 3 Prong Scheme, is not a decision regarding 3 Prong Scheme. |
| 7. "Defs submitted 7 false or misleading declarations in | "The 3rd Prong consists of Defendants submissions of the seven (7) false/misleading declarations of Radak, Polish and Russell in order to support their first two Prongs: | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court |

<table>
<tr>
<td>support of MSJ's." Mot. at 25.<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their Responses, submissions.</td>
<td>Mischaracterizations and Misrepresentations." OSC Response at 18 (ECF 462).<br><br>Claiming Defendants' defense was supported by "the false/ misleading declarations of Radak, Polish and Russell [.]" Obj. to June 9, 2020 Order at 5 (ECF 442).<br><br>"Defendants' defense has relied entirely on the Mischaracterizations of Plaintiff's claims, and their Misrepresentations regarding their discovery production (the 2nd Prong), which was supported by the seven False Declarations of Polish and Radak (the 3rd Prong), and by relying on their semantic trick." Mot. For Reconsideration at 4 (ECF 423).<br><br>The Court "relied on Defendants' Seven False Declarations to which Plaintiff allegedly failed to object." Letter to file Reply at 6 (ECF 399).<br><br>"Defendants' drafted and submitted seven false or misleading declarations in violation of five discovery orders by the Court and in violation of FRCP 37(b)." Mot. to Defer at 12 (ECF 366).<br><br>Referring to Defendants' submission of "seven False Declarations in bad faith." Obj. to Rule 56(h) Order at 25 (ECF 361).<br><br>"Referring to Defendants' alleged submission of seven False Decls in multiple SJ proceedings to support their Mischaracterizations and Misrepresentations." Rule 56(h) Mot. at 21 (ECF 313).<br><br>"Radak in fact had no personal knowledge about the sequences used by TYB in the relevant period." Rule 56(d) Mot. at 14 (ECF 289).<br><br>"Dr. Radak provided [a] declaration [required to come from a person possessing first-hand knowledge]. This was despite the fact that, unquestionably, when it came to the</td>
<td>denies that request as untimely." Nov. 4 Order at 2 (citations omitted) (ECF 464).<br><br><u>2. No consideration of the evidence and no decision on substance regarding the 3 Prong Scheme, and 3 Level fraud.</u><br><br>Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc., No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *5 (S.D.N.Y. Sept. 30, 2021) (District Court noting that "None of Plaintiff's specific challenges to Defendants' declarants suggest that Defendants submitted their declarations in support of summary judgment in bad faith.").<br><br>Sep 30 Ord overlooked the undisputed facts concluding Defs submitted these declarations in bad faith, Mot at 19.<br><br>May 28, 2019 Hr'g Tr. at 53:23-25 (Judge Pitman denying Rule 56(d) Motion) (ECF 381).<br><br>Mischaracterization of the records:This 56(d) Hr never considered or ruled on Defs 3 Prong Schem. In the Hr 55:19-56:9, he directed Pl to file 56(h) Mot to address Defs submission of false/misleading decl's in bad faith. MJ Pitman denied 56(d) Motion because of "my fundamental problem" of Feb 8, 2013 Order by the Court (Motion at 5, fn.8.) which embodied the 3 Prong Scheme. Motion at 4.<br><br>Advanced Analytics, 2019 WL 4193941 at *7 (Judge Pitman denying Rule 56(h) Motion and noting "[t]here is no evidence that defendants have knowingly submitted false evidence or that they made their motion to delay the proceedings.").<br><br>1. Whether "defendants have knowingly submitted false evidence" is NOT the Rule 56(h) standard.</td>
</tr>
</table>

| | | |
|---|---|---|
| | Yield Book code, Dr. Radak lacked first-hand knowledge." Revised MSJ Opp. at 11 (ECF 251).<br><br>"Defendants submitted a false and misleading Radak Declaration falsely attesting to the authenticity of the Radak Sequences." Pl.'s Sept. 2012 Obj. at 7 (ECF 197). | 2. Even it were, (a) now there is Defs admission evidence: Defs knew that ACE Verbatim Use Claim has nothing to do "Defendants' sequences" but misrepresented to the Court that Radak's "Defendants sequences are complete," and the only sequences relevant to misappropriation; Reply at 2, II. (b) Defs knew Russell Decl is perjured and false.<br><br>*Advanced Analytics*, 2013 WL 489061, at *2 (District Court rejecting Plaintiff's request for additional depositions and discovery on the basis of alleged discovery misconduct and holding "Plaintiff has everything it needs to compare Defendants' sequences, analyze the code that Defendants use to generate their sequences to determine whether this process could have been derived from Defendants' alleged exposure to the Plaintiff's product and determine whether the Plaintiff's product played any role in the development of Defendants' sequences").<br><br>(vi) Feb 8, 2013 Order was procured by Defs' 3 Prong Scheme and collusion; It embodied, relied upon, did not consider the cited facts and evidence of Defs' 3 Prong Scheme and collusion, and did not decide on Defs' 3 Prong Scheme and collusion; |
| 8. Referring to alleged "conclusive evidence of Defs' spoliation of sequence records." Mot. at 10<br><br>Defs avoided all the substance of Pl's allegations and evidence in all their | "In addition, pursuant to FRCP37(a), the Court must direct Defs to reimburse Plaintiff for the fees and cost to compel the sequence records which then Defs spoliated, as well as the trading sequences which Defs still are withholding." OSC Response at 9 (ECF 462).<br><br>Referring to allegation that Defendants engaged in "2nd Level fraud and with[eld] key evidence in violation of 4 Court orders." Obj. to | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (citations omitted) (ECF 464).<br><br>**The Court Has Not Considered (1):**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *4 |

| | | |
|---|---|---|
| Responses, submissions. | June 9, 2020 Order at 6 n.4 (ECF 442).<br><br>Defendant's motion "requests that the Court impose sanctions on Defendants for their massive spoliation of development records relating to sequences, for the willful violation of five existing Court orders and the withholding of evidence." Mot. For Reconsideration at 14 (ECF 423).<br><br>The Court "relied on Defendants misrepresentation of the discovery production, spoliation and withholding direct evidence of the sequences used by TYB, and TYB-RCS code without question," Letter to file Reply at 6 (ECF 399).<br><br>"Further Defendants engaged in Defendants massive spoliation of evidence and fabricated their Sequences Development Records that were the subject of Plaintiff's multiple Requests for Documents pursuant to FRCP34, and were order to be produced by five court orders." Mot. to Defer at 12 (ECF 366).<br><br>Devoting a paragraph to allegations concerning "Defendants' Obstruction of Discovery." Obj. to 2019 R&R at 18-20 (ECF 359).<br><br>Referring to "Defendants' massive-scale evidence spoliation." Rule 56(d) Mot. at 17 (ECF 289).<br><br>Referring to "conclusive evidence of Pl's ACE Derivative Use Claim and Defendants' massive spoliation including their witnesses' admissions." May 30, 2017 Letter at 3 (ECF 276).<br><br>Defs colluded with Collins on June 1, to intimidate Dr. Wang to withdraw this May 31, 2017 Letter, or else would sanction him for violating MJ Pitman's May 31, 2017 Order. When Dr. Wang declined, from June 1, to June 5, 2017 Defs and Collins repeatedly attempted to get Dr. Wang | (S.D.N.Y. Sept. 30, 2021) (District Court finding that "Plaintiff's claims of discovery misconduct by Defendants largely recycle arguments which have already been presented to, and rejected by, this Court.").<br><br>Here Defs' deleted the cite followed: "See Feb. 8, 2013 Ord" which is Ex. A of Defs 3 Prong Scheme and collusion.<br><br>Sept. 4, 2019 SJ Report and Recommendation at 28 n.12 (Judge Pitman noting the District Court's above finding and determining that he did not need to address Plaintiff's "redundant" spoliation argument "and respectfully recommend[ed] that plaintiff's request for sanctions be denied") (ECF 340).<br><br>Based on Feb 8, 2013 Order, which is based on 3 Prong Scheme and collusion.<br><br>*Advanced Analytics*, 2013 WL 489061, at *2 (District Court rejecting Plaintiff's request for additional depositions and discovery on the basis of alleged discovery misconduct and holding "Plaintiff has everything it needs to compare Defendants' sequences, analyze the code that Defendants use to generate their sequences to determine whether this process could have been derived from Defendants' alleged exposure to the Plaintiff's product and determine whether the Plaintiff's product played any role in the development of Defendants' sequences").<br><br>See Mot at 4. Feb. 8, 2013 Ord is Ex. A of Defs 3 Prong Scheme and collusion.<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 40 (S.D.N.Y.), objections overruled, 301 F.R.D. 47 (S.D.N.Y. 2014) (Noting that, despite AAI's |

| | | |
|---|---|---|
| | sanctioned. MJ Pitman ignored their attempts. Subsequently Defs always referred to this letter as "Dr. Wang's May 31, 2017 Letter," until in Defs' March 1, 2021 production to Chambers, as well as here, the date of Dr. Wang's May 31, 2017 Letter has been all altered to "2017-5-30," in an attempt to support Defs' false claim that "MJ Pitman May 31, 2017 Order had considered the 'sole evidence' of the collusion [of the June 18, 2017 Joint Call purportedly contained] in Dr. Wang's January 4 Letter and May 31, 2017 Letter before he issued the 2017-5-31 Order." See Rows 1, 2, 3 *Supra*. ECF 442 at 12, ECF 449 at 2.<br><br>"Defendants have engaged in spoliation." Revised MSJ Opp. at 23 (ECF 251).<br><br>"Defendants submitted false and misleading testimony concerning their spoliation and violation of Court discovery Orders." Pl.'s July 9, 2013 Mot. to Reconsider the June 19, 2013 Court Order at 7 (ECF 224).<br><br>"[W]hat Plaintiff has discovered is primarily evidence of fabrication and concealment in the discovery process, coupled with evidence of violation of Court Orders by Defendants." Pl.'s Sept. 2012 Obj. at 6 (ECF 197). | accusations of spoliation, "I find that the record does not support such a conclusion").<br><br>MJ Pitman made clear: this opinion was based on the record before 2012, without the new evidence after May 2012, See Mot at 20.<br><br>Here Defs deleted the qualifier "(Sept. 5 H T rg at 94 ("what plaintiff is seeking to do now is pursue a theory that the defendant has produced fabricated evidence in discovery of which there seems to be really very, very little evidence, if any evidence")" |
| 9. "Defs have made 14 misrepresentations that the three concocted Monte Carlo code files listed in the Radak Declaration of 2007 are the 1000+ RCS production code files 'that can generate interest rate paths.'" Mot at 4.<br><br>Defs avoided all the substance of | "Then the "Yield Book sequences" 100, 200 paths, and 1000 paths (which are either fake Radak Sequences or Decoy Sequences.) incorporated ACE Sequences." OSC Response Ex. 1 at 12 (ECF 462).<br><br>Alleging that "'YB sequences' are either the phony Radak Seq I manufactured by Radak in 2007 or the phony Decoy Seq II that could be generated by 2 sets of phony seeds." Obj. to June 9, 2020 Order at 4 (ECF 442).<br><br>"Defendants misrepresented to the Court that the Radak Code composed of only 3 code files as the concealed TYB-RCS, which by comparison has | "[T]o the extent Plaintiff's repetition of arguments previously litigated by the parties and rejected by the Court seeks reconsideration of the September Order under Local Civil Rule 6.3, the Court denies that request as untimely." Nov. 4 Order at 2 (citations omitted) (ECF 464).<br><br>**<u>The Court Has Not Considered (1):</u>**<br><br>*Advanced Analytics, Inc. v. Citigroup Glob. Markets Inc.*, No. 04CV-3531-LTS-SLC, 2021 WL 4478621, at *4 (S.D.N.Y. Sept. 30, 2021) (District Court finding that "Plaintiff's claims of discovery misconduct by Defendants largely recycle arguments which have |

| | | |
|---|---|---|
| this allegation supported by the record evidence in all their Responses, submissions. Therefore, there have been no decisions by either MJ, nor the Court address this fraud, which misled to the orders of Sep 5, 2012 and Feb 8, 2013. | over 1000 code files," Mot. For Reconsideration at 30 (ECF 423).<br><br>"Defendants' 14 time misrepresentations of the 3 code files of Radak Code as the withheld TYB-RCS code consisting 1000+ code files during September 5, 2012 Hearing that misled MJ Pitman to close liability discovery." Letter to file Reply at 9 (ECF 399).<br><br>"Defendants and Cleary's Misrepresentations on September 5, 2012, and subsequent filings regarding that 3 files of Radak Code contained over 1000+ code files of "RCS," successfully misled the Court to suspend discovery, prevented the testimony from their key witnesses, e.g., Russel[l] and Herman." Mot. to Defer at 14 (ECF 366).<br><br>Claiming "Defendants asked Radak to concoct bogus Radak Code to manufacture 1000 path sequences." Obj. to Rule 56(h) Order at 19 (ECF 361).<br><br>"Instead of producing the actual calibration sequence, i.e., the SuperACE sequence, Defendants fabricated a fake "1000 paths" sequence." Pl.'s Obj. to 2019 R&R at 20 (ECF 359).<br><br>"Defendants ordered Radak to write bogus Radak Code to create 1000 path sequences." Rule 56(h) Mot. at 6 (ECF 313).<br><br>Claiming Defendants "directed Radak to manufacture two fake 1000 paths sequences to feign compliance with court orders." Rule 56(d) Mot. at 2 (ECF 289).<br><br>"The Russell 1,000, is blatantly phony for many reasons and, as we will see, obviously an attempt to cover up for the use of the sequence that is comprised of multiple ACE sequences, a Super ACE sequence." Revised MSJ Opp. at 7 (ECF 251). | already been presented to, and rejected by, this Court.").<br>Here Defs' deleted the cite followed: "See Feb. 8, 2013 Ord" which is Ex. A of Defs 3 Prong Scheme and collusion.<br><br>Sept. 4, 2019 SJ Report and Recommendation at 38-41 ("[E]ven if plaintiff's claims of fabrication were somehow relevant to the misappropriation of ACE, I find them to be without merit and unsupported by the record") (ECF 340).<br><br>Mischaracterization by Defs: MJ Pitman clearly was referring to "the record" in his Sep 5, 2012, when all evidence had been withheld by Collins, which did not include any new evidence submitted after May 2012.<br><br>*Advanced Analytics*, 2019 WL 4193941 at *7 (Judge Pitman denying the Rule 56(h) Motion and finding "there is no evidence that defendants instructed Dr. Radak to manufacture phony sequences").<br><br>(1) Irrelevant to the fact that Park made 14 misrepresentions to MJ Pitman in Sep 5, 2012 that the 3 Radak Code files as 1000+ RCS code files.<br><br>(2) Irrelevant to the fact that Defs misrepresented to the Court that Radak sequences as the sequences used by Yield Book.<br><br>May 28, 2019 Hr'g Tr. at 53:23-25 (Judge Pitman denying Rule 56(d) Motion) (ECF 381).<br><br>Irrelevant to any merits or facts. MJ Pitman stated that his denial is because the fundamental problem of Feb 8, 2013 Order which procured by 3 Prong Scheme. So this is not decision upon 3 Prong Scheme, but relied on upon 3 Prong Scheme. Fn. 8, Mot.<br><br>Not to the fact that Park made 14 misrepresentions to MJ Pitman in Sep |

| | | |
|---|---|---|
| | "Dr. Radak was directed by Defendants to develop a 1000 path sequence ("Radak 1000 Path Sequence") to "replace" a "1000 path sequence" that had purportedly been installed by Mr. Russell[.]" Pl.'s Sept. 2012 Obj. at 3 (ECF 197). | 5, 2012 that the 3 Radak Code files as 1000+ RCS code files.<br><br>*Advanced Analytics*, 2013 WL 489061, at *2 (District Court rejecting Plaintiff's request for additional depositions and discovery on the basis of alleged discovery misconduct).<br><br>(vi) Feb 8, 2013 Order was procured by Defs' 3 Prong Scheme and collusion; It embodied, relied upon, did not consider the cited facts and evidence of Defs' 3 Prong Scheme and collusion, and did not decide on Defs' 3 Prong Scheme and collusion. No decision has ever addressed this fraud. |
| | | |