

# ADVANCED ANALYTICS, INC.

1050 George St. Suite 5M,  New Brunswick  NJ 08901  Phone (732) 729-0696 Fax (732) 729-0679

---

May 30, 2017
Xiaolu Wang, PhD

**By Facsimile to (212)805-6111**

Hon. Henry **PITMAN**
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007-1312
(212) 805-6105

        Re: <u>*Advanced Analytics, Inc. v. Citigroup Global Capital Market, Inc. et al.*
04 Civ. 3531 (LTS)(HBP)</u>

Dear Judge Pitman,

    Respectfully, I submit that[1] the Court could be aided from the exposure of the *new* misrepresentations in Christopher Moore's letters of Jan. 10, 2017 on behalf of Defendants (Moore Letter) and Todd S. Collins and Russell D. Munves' letter of Jan. 5, 2017 *pro se* or on behalf of their firms (Collins Letter, together "Defs and Collins Letters").

    From the very start, Collins Letter mischaracterized Wang letter of Jan. 4, 2017 to the Court (Wang Letter): "In the Wang Letter, Dr. Wang accuses our firms of 'collusion' with Defense counsel….". Wang Letter never accused their **firms**. To the contrary, my opening disclaimer **excluded the firms**, *see* fn.2 at 2 of Wang Letter:

> The term "Plaintiff's counsel" in this Letter will only refer to Mr. Collins, or jointly with Mr. Munves if he also actively participated the specific act [] discussed *in situ*. **It does *not* refer to their supervisor(s) or their Firms** (emphasis added).

---
[1] Again in my individual capacity, n.1 & p.1 in Wang Jan. 4 Letter to the Court apply here.

Collins knew but *deleted* this disclaimer: "Footnote deleted", see 2nd Para. of p.2, *id*. So his mischaracterization is intentional, and his purported denial of collusion is fake--- it was on behalf of the **firms** ("We ["*our firms*", or Messrs Collins and Munves *together*] have had no communication with Defense counsel [Cleary Gotlieb LLC] that has not been fully disclosed to Dr. Wang."). Defendants or Defense counsel needed to communicate with neither *their firms,* nor *both* Messrs Collins *and* Munves *together,* regarding their collusion. Their collusion is secretive and could *not* have been endorsed by the two Firms. Moore Letter, A, p.1, also gave fake denial of collusion. To avoid their deliberate confusion, the term **"Plaintiff's counsel"** defined *supra,* and Defendants and/or Defense counsel, will be referred as "**Collins**" and "**Defendants**", *resp*.

### A. The Deceit and Collusion by Defendants with Collins are undisputed

Defs and Collins Letters evaded *entirely* the irrefutable conclusive evidence of their deceit and collusion*,* as presented in C, p.6-8, Wang Letter, and 2-4, Wang Nov. 30 Letter to Moore (Wang Letters). Defendants and Collins evaded altogether even the words: *deceit* and *deceptions*. They could not deny but confirmed their deceit caught on the record, ¶1-7. Answering certification of questions by *Amalfitano v. Rosenberg,* 533 F.3d 117 (2d Cir, 2008), NY Ct. App 12 NY3d 8, 903 NE2d 265, 874 NYS2d 868 (2009) cited "from [counsel] the law exacts a reasonable degree of skill, and the utmost good faith in the conduct and management of the business intrusted to them... To mislead the court or a party is to deceive it; and, if knowingly done, constitutes criminal deceit…".

Now it is undisputed that **both Defendants and Collins committed deceit, with intent to deceive the Court**. They are committing deceits to obstruct justice *in Federal* proceedings. Federal statutes criminalize even mere such effort, whether successful or not, consistent with NY law §487[2]. The Court has inherent power to investigate *sua sponte* or upon the suggestion of strangers, to preserve the integrity of the adversary system of justice. **Their conspiracy to obstruct justice and collusion to defraud are *separate* offenses from their deceit and fraud**[3]**, which is a crime *per se*** , *i.e,* without further inquiry. Defs and Collins Letters conflated all the offenses together as *only* collusion, and argued as though that their fake denial of collusion somehow absolved them from deceit and fraud. They are wrong.

Defs and Collins Letters could *not* challenge any of the irrefutable evidence on record concluding their collusion, see **Annex A**, but *confirmed* collusion, p.7. They have been caught *in flagrante delicto,* to defraud the Court:

---

[2] NY Ct App cited 428 FSupp2d 196, 210 (SDNY 2006), affd, 572 F.3d 91 (2d Cir. 2009) "…an attempted act of deceit, though unsuccessful, would merit both criminal punishment and civil liability". It held "[F]urther, to limit forfeiture under section 487 to successful deceits would run counter to the statute's evident intent to enforce an attorney's special obligation to protect the integrity of the courts and foster their truth-seeking **5 function."
[3] "[The court] cannot avoid the well-established rule that 'a conspiracy to commit a crime is a separate offense from the crime itself'"[citation], *United States v. Hernandez*, No. 09 CR 625 (HBP), 2009 WL 3169226, at *7 (SDNY, 2009), also in *Black's Law Dictionary* (10th ed. 2014), **conspiracy** *n*. **collusion** *n*. and **defraud** *vb.*.

1. U*ndisputed* **Basic Fact** is that ACE sequences can**not** be generated by *any* YB Monte Carlo code (sequence generator), but are created involving calculations by complex formulas and **read as data files by Yield Book** (YB). Defendants' *entire* defense relies on misrepresenting ***Defs*** **False** Claim: "YB Monte Carlo code *generated* ACE" as "***AAI****'s claim*" (**Defs' Deceit**), ¶6, with intent **to deceive the Court:** i) to limit discovery scope to only Monte Carlo code, in order to conceal ACE (*not generated* by YB) used by their traders and other smoking gun evidence, ¶5, Annex B; and ii) to dismiss misappropriation claim on the basis: "AAI's claim" is false. Collins SJ "Opp" Br (of May 28, 2014 filed behind my back) concealed Pl's ACE Verbatim Use Claim, embraced Defs' Deceit and represented "gauss_random.c generated ACE" as "*AAI's* claim". Since the YB code gauss_random.c preexisted ACE tests, Collins perfected Defs' Deceit to deceive the Court to infer "ACE were *not* trade secret, Defendants did *not* misappropriate ACE, but *Plaintiff* misappropriated *Defendants'* Monte Carlo code". Man Bites Dog.

**2. Their concerted deceit**: (**a**) Defendants mischaracterized *Plaintiff*'s claims as *their exact opposite: Defs'* **False** Claims; (**b**) **Collins** concealed *all* the material issues, but echoed and embraced all **Defs' False** Claims as "***AAI's*** claims"; then (**c**) Defendants sought SJ by dismissal of *"AAI's claims"*-- **the straw man** stood up *by Defendants*, "through the provision of undisputed evidence and unrebutted legal arguments", as 1, Moore Letter put it. *See* 1], 2], ¶1, ¶6.

Logic dictates the undisputed falsity of these "AAI's claims" ("ACE are *not* trade secret, Defendants **neither** misappropriated ACE **nor** withheld the key evidence" in disguise) *does not dismiss*, as their SJ *misrepresents*, but *supports*: ACE *are* trade secret, Defendants *used* stolen ACE and *withheld* key evidence, as concluded by undisputed *admissible factual* evidence, which was *all concealed* by Collins SJ "Opp" Br. Defendants could have sought SJ by *agreeing with*, instead of dismissing "AAI's claim", ¶1. That would have saved everyone from *all* the work (**c**). Why Defendants did *not* do it? It would have exposed their *agreement*, *i.e., collusion*. Their *entire* SJ is a work of deceit. So is their *entire* defense which is hanging on Defs' Deceit, **Annex B**. Moore Letter abandoned undisputed falsity of "AAI's claim", (**c**) and SJ, *see* 7.2, Fourth, to hang onto Defs' Deceit in (**a**) (**b**), ¶5 in order to save their *entire* defense from crash and burn.

3. **Both Collins and Defendants *knew* that their misrepresentations to the Court are *totally false***, and that all Defs' False Claims are *exactly the opposite* to Plaintiff's claims and evidence. Pl.'s ACE Verbatim Use Claim, 3], and Derivative Use claims, 5], were presented, *e.g.* in 1-2, Pl Obj. Br. Hon Swain of 2009. The finding of Fan 2d Report ("ACE is an incredible mathematical feat" in contrast to all sequences generated by YB Monte Carlo code) was correctly cited at 13, *id*. That was *before* the discovery of a mountain of undisputed *physical evidence* of misappropriation, such as (i) ACE Theft Code used in and ACE Use Code installed immediately after ACE theft detailing how their traders exclusively and surreptitiously relied on the stolen ACE for arbitrage, proving ACE Verbatim Use Claim; and (ii) other undisputed conclusive evidence of Pl's ACE Derivative Use Claim and Defendants' massive spoliation including their witnesses' admissions. Collins SJ "Opp" Br of May 28 removed Basic Fact and all material issues, B-L in SJ Opp Br of April 25, which *had been cleansed all* cites of Fan 4th.

4. Acting in concert with Defendants, Collins used Defendants' SJ *supported* by his SJ "Opp" Br to coerce me and new lawyers to "walk away" from the case, ¶11. He was confronted re his misrepresentation, *e.g.,* his fabrication of fictitious "the 2nd Fan Dec. paras. 44-45"

3

"explained [Defs' False Claim, ¶1]" *opposite to* Fan's findings, see ¶4, ¶7, *and* its consequences, Ex. 3, Wang Nov. 30 Letter.  **Collins stonewalled and refused to correct**.

5. But as soon as their collusion faced danger of being exposed to the Court, *both* Defendants *and* Collins sprang into action to intimidate me to withdraw my Nov. 30 Letters and to prevent communication to the Court of information relating to commission of Federal offense. When it failed, Moore Dec. 6 Letter tried to silence witness, misrepresented *Defs* False Claim *as "[AAI's* claim" and "[*Defs' Deceit*] raised serious questions about *AAI's* conduct". It is a new deceit to cover old. Instead of correction, under the *ruse* of opposing Defendants' "access to privileged attorney-client material", **Collins** Dec. 12 Letter *reaffirmed and expounded* **Defs' Deceit**, ¶1, Wang Jan 4 Letter, C. They rushed to cover up, **Annex B,** because **they rely on Defs' Deceit to conceal**: (**i**) ACE sequences, ¶1; (**ii**) the YB code which read ACE[4]; Now it is undisputed Defendants **surgically deleted the *entire*** set of all hundreds code files relating to sequences generating interest rate paths (which *reads* ACE) from CGM00177---the source code production from The Yield Book, Inc.  From the start of the case, they had lied they had produced all the deleted code, by disguising either the incompilable code cleansed from Mortgage Research Dept (MR) of CGMI, or the few Monte Carlo code files of Radak, as the deleted code; 2] and (**iii**) the import of monumental physical evidence of ACE Verbatim Use Claim, *e.g.*, ACE Use Code and their programmers' admissions that the sequences relied by traders are ***not*** generated by Monte Carlo code (as such they are ACE per Defendants' admission and Basic Fact), 3]. Acting in concert with Defendants, Collins SJ "Opp" Br, p21 *disavowed* Basic Fact and its implications fatal to Defendants' fraud as "red herring". In truth, the falsity of Defs False Claim showed that Defs' Deceit was intended to exclude and to conceal ACE, ¶1. **Relying on Defs' Deceit** to turn logic to its head, Defs' SJ Br, p21, *cited* Basic Fact to deceive the Court that (i) since YB code do not *generate* ACE, so the "AAI's claim" (Defs False Claim) is refuted; and (ii) the concealed TYB production code were irrelevant to the "AAI's claim". **So the diabolic Defs' Deceit turned evidence of *ACE Verbatim Use* into "non-use"** as (i) *and their admitted concealment* of key evidence into *"red herring"* as (ii), ¶2(c).

6. From SJ Opp Br of April 25, Mr. Collins cleansed Pl's ACE Derivative Use Claim together with *all* undisputed conclusive evidence, *e.g.*, Fan's finding that Teytel's one and only algorithm used the stolen ACE as the target to select all the "LDS" sequences **(Seq III)** and that Seq III are ACE derivative sequences. To divide-and-conquer, Teytel Algorithm selects several small sequences, each targets a portion of ACE, then pieces them together to get one LDS. Defendants *concealed* all seeds of LDS100 and LDS200 (which are ***not*** *the decoy* mixed seeds in MR code but input through "sfile", 5]), *spoliated* development files, and *withheld* key MR code so that Fan can compile nothing, *not* even one YB system for testing.

In order to misdirect discovery *away* from *all* the sequences used by YB, *i.e.,* both ACE ***and*** Seq III, Defendants played a semantic **game**, and deceitfully named the ***undisputedly phony*** sequences generated from the *decoy* mixed seeds by MR Monte Carlo code (Decoy **Seq II**), and later by the few Monte Carlo code files concocted by Radak in a ruse of purportedly complying the Court Orders (Radak **Seq I**), as "Yield Book sequences" *aka* "Defendants' sequences",

---

[4] Para. 20, Rule 56.1  Reply, p.44,

masqueraded as the only sequences *used by* Yield Book, misrepresenting *Defendants'* masquerade as *Plaintiff*'s claim (**Defs' Flagrant Deceit**).

Collins' SJ "Opp" Br embraced Defs' Flagrant Deceit. It covered up Defendants' semantic game by deliberate confusing Decoy Seq II with "Real Sequences" (ACE and Seq III), and all the ***three distinct*** sequence categories I, II and III as ***one*** "LDS" . It falsely represented *Defs'* 2d & 3d ***False*** Claims (the garbage Seq I & Seq II, *resp*, were derived or similar to ACE) as *Plaintiff*'s claims. It misrepresented that ***all*** material issues were ***only*** relevant to either theft of ACE or that "Alleged Sequences" (Seq I) are not Seq II. It concealed ***all*** material evidence, *e.g.*, Fan and Defendants witnesses' testimonies concluding the ***falsity of Seq II***:

> YB Monte Carlo code generated LDS sequences (Seq III), but *Plaintiff* cannot generate LDS because Defendants never gave Plaintiff the seeds necessary to generate LDS; (*)

so that Fan can generate ***only*** the *phony* Seq I or Seq II, ***not*** Seq III because of (*). Then it echoed SJ to misdirect the Court to the lack of "similarity" between the ***garbage*** Seq I & Seq II and ACE. It bolstered Polish's misleading argument about the 100 paths of *phony* Seq I, call it "clashed" with the *undisputed* Fan's calculation of 99.5% certainty that Teytel's Algorithm targeted ACE, as confirmed by the "best seed" for LDS64, *id*, 20, n.9.  It even ***flipped*** *the truth (*) to its opposite falsity*, literally: "Defendants" to "Plaintiff", "LDS" to "ACE":

> "YB Monte Carlo code generated *ACE* sequences, but *Defendants* cannot generate ACE because Plaintiff never gave Defendants the seeds necessary to generate ACE."

Collins has also been confronted about Defs' deceits in his SJ "Opp" Br, Ex. 3, but he stonewalled, ¶5. Collaborating with Moore Dec. 6 Letter, **Collins** Dec. 12 Letter ***reaffirmed and expounded*** **Defs' Flagrant Deceit,** confirmed that **they were deliberate to mislead the Court to act in reliance upon their deceits**, *see* P.8 of Jan 4 Letter.

7. Acting in concert with Collins, not only Moore Letter continued misrepresenting Defs' False Claims as "AAI's claims", but deliberately made two ***new* misrepresentations 7.1-7.2 to cover up Collins' collusion**. **7.1** It misrepresented the revelation by Wang Letters as "AAI's counsel had included 'false claims' in its summary judgment opposition papers and expert reports", *id,* 2d para, p.3, last para, p.4, to deceive the Court that Collins did *not* fabricate but cited *bone fide* **expert reports**. It is trying to discredit **both** Plaintiff **and** Prof. Fan using ***their*** Deceit. Moore Dec. 6 Letter at 3 & n. 3 had conceded that Defs false claim is ***not*** in Fan reports[5]. Wang Jan. 4 Letter, para 3, 6 p.6 pointed out that Collins fabricated Fan citation. So **the new deceit is deliberate. 7.2** Moore Dec. 6 Letter was so rife with deceits that it self-contradicted *all of its own positions* except one: Defs' False Claim is false[6]. This is undisputed fact and law of the case, and they knew it, Wang Jan 4 Letter, n.11 at 7, (c), ¶2.  To cover up Collins' deceit, it

---

[5] "Dr. Wang's emails also note that while AAI's brief cites to paragraphs 44-45 of the Second Declaration of Jianqing Fan, that source does not support [Defendants'] 'false' claims. Ex. 3 at 1, 4." *Id*.

[6] Bottom of p.2, "It appears that AAI now agrees [Defs' False Claim is false]", 2, *Id*. With whom "AAI now agrees"?  Not with Collins, because Collins has been misrepresenting Defs' False Claims as *true*. So it was Defendants, with whom "AAI now agrees" Defs' False Claim is *false*.

5

resurrected **Defs' False** Claim dismissed by their SJ and referred it as "AAI's *alleged* false claim" instead of "AAI's false claim", Second.

Controlling precedent in SDNY, *e.g. Amalfitano,* 428 FSupp2d at 207 & n 36, held "[a] single act or decision, if sufficiently egregious and accompanied by an intent to deceive, is sufficient to support liability [under § 487. Citations]."[7], affd, 572 F3d 91 at *123* & n 6. Defendants and Collins' acts are *far more* egregious than that of Rosenberg sanctioned in *Amalfitano*. Rosenberg did *not* commit collusion to *defraud* the court or his client, did not cover up his deceit after a complaint was filed in SDNY, in contrast to Collins and Defendants, whose conduct subverted the adversary system of justice, and are still committing *more* deceits to cover up their deceit and to obstruct justice *in Federal* proceedings.  In hindsight **Collins and Defendants or Defense counsel** colluded to derail the litigation step by step, **engaged in a chronic, extreme pattern of legal delinquency**:

8. Acting in concert with Defendants, contrary to my express instructions that Fan 4th Decl be *only* used for support of motions under FRCP 37(b) and FRCP 56(d)/(h), Collins **deliberately misrepresent**ed that  Fan 4th Decl. was prepared for SJ in willful violation of Court schedule orders *without* justification, to exclude Fan 4th Decl., to procure contempt order against Plaintiff, and to block the 37(b) motion against Defendants,  by concealing all the key facts *e.g.* Fan 4th Dec. *had been prepared and submitted* to support the spoliation and violation of Court Orders sanction letter-motion under FRCP 37(b), *and which had been filed* on June 18, 2013, *see* Wang Nov. 30 Letter to Moore at 2-3.

9. Acting in concert with Defendants, Collins maneuvered to exclude Fan 4th Decl. with plainly misleading misrepresentations *e.g.* that Fan 4th Decl. was "*opinions* within the 4 corners of Fan 2nd Decl." when the cites in SJ from Fan 4th Dec. were all *facts*, *e.g,* translation of code. **After** Court Order of June 5, 2014, Dkt.256, had correctly ruled that *factual material* evidence *is admissible* for SJ, and **after** Defendants had *withdrawn* their absurd objections in Jan. 2015, Mr. Collins still tried, although failed, to persuade me and Mr. Munves to *withhold all* the *factual material* evidence, *e.g.*, of ACE Verbatim Use and Defendants' concealment (i)(ii)(iii), ¶5 , *remove all* of it, "to tear the guts out off" Pl's Response Under Rule 56.1 of May 28, 2014.

10. After *Collins* filed these perverted briefs to frame Plaintiff for contempt, and to deliberately mislead both Hon. Pitman and Hon. Swain to derail and to dismiss the case in collusion with Defendants, under the threat of abandoning the case, Collins intimidated me to falsely affirm that all of their briefs filed behind Plaintiff' back and over Plaintiff's objection had been "preauthorized by [me]"; I refused and Plaintiff counsel moved to withdraw. Then Defendants and Collins blamed their fraud victims to deter new counsel. Collins alleged the Court "not understand" and "extreme skepticism", and "hostility", and steadfastly refused to challenge Defendants' block on prospective counsel's access to the necessary documents[8].

---

[7] "Intentionally withholding information may also constitute an act of deception. See *Schindler*, 262 A.D.2d at 229, 692 NY.S.2d at 363 (finding liability under § 487…)." *Id.*

[8] Collins demanded that any challenge must be *simultaneous* with a hearing on his SJ "Opp" Br in collusion with Defendants to grant Defendants' SJ, *and* also to grant the withdrawal motion--- *i.e.*, to get the case dismissed *before* new counsel could even assess the case.

11. <u>Acting in concert with Defendants,</u> relying on the deceits and the big hole they dug, despite "strongly believe the case has merit", Collins coerced me and new prospective counsel to "walk away" from the case *for nothing* from Defendants, while at the same time asked *for many millions fees* from new counsel, if new counsel would dare to take over the case and win.

12. <u>Acting in concert with Collins</u>, Defendants made numerous misrepresentations to prevent and hinder the Court' investigation into Collins' conduct, see Wang Letters of Nov. 30, and Jan 4 to Court. Their requests, if granted, will deprive the Court's power to investigate and sanction their deceit and collusion.

Their acts ¶1-12 injured the integrity of adversary process, and subverted the bedrock of our judicial system. Their briefs were intended to be to mislead the Judges, to cover Defendants' concealment of key evidence and to prevent the case be resolved by merits. It "undermines or is intended to undermine the integrity of the judicial proceeding."

**Defendants and Mr. Collins committed conspiracy to defraud the Court**. In *Gelboim v. Bank of America Corp.,* 823 F.3d 759 (2d Cir. 2016), the accused business transactions by defendants were *not* criminal *per se,* in contrast to the deceits ¶1-12. There 2d Cir. found, at 781: "conspiracies are rarely evidenced by explicit agreements" and "nearly always must be proven through 'inferences that may fairly be drawn from the behavior of the alleged conspirators.'" (The line separating conspiracy from parallelism is indistinct, but may be crossed with allegations of "interdependent conduct," "accompanied by circumstantial evidence and plus factors." [Citation] These plus factors include: (1) "'a common motive to conspire'";(2)" 'evidence that shows that the parallel acts were against the apparent individual economic self-interest of the alleged conspirators' "; and (3) " 'evidence of a high level of interfirm communications.'") (Citations omitted). Applying three Plus Factors permits the Court "to infer the existence of an agreement". In fact, the interdependent conducts ¶1-12 by Defendants and Collins:

(1) revealed that Collins intended to mislead the Court to achieve Defendants' goal every step of the way, that Defendants and Collins perpetrated the *same* deceit in concert in furtherance of their agreement; confirmed their <u>common objective</u> and meeting of their minds;

(2) were absolutely against the *apparent* individual economic self-interest of Collins; Without flipping Collins with *unapparent* overwhelming interest by collusion, how else Defendants could have flipped Collins' submissions to present Defendants' deceits to cover up their fraud, to fabricate evidence and to serve their criminal objectives against his *apparent* self-interest? Cassius was in the habit to ask: c*ui bono*? The elephant in the room is Defendants.

(3) indicated that the evidence pertinent to collusion is "evidence of a high level of interfirm communications", *between* Mr. Collins and Defendants or Defense counsel or all the lawyers or person(s) or agents representing or acting on behalf of, or serving the interests of Defendants in connection with this litigation, and Mr. Munves (together "Pertinent Communication"). It is *not at all* the communication between Collins and me. *See* <u>Seventh</u>. **This obvious fact was also pointed out by Collins Letter at 1**. **Defendants, Defense counsel and**

**Collins clearly understood their obligation to preserve all of these communications and the relevant records**.

**In violation of 18 U.S.C. §1503[9], and §1512(c)(1)(2)**, ***Defendants*** (1) altered, destroyed, mutilated, or concealed sequence development files and testing files ¶5-6, and colluded with ***Mr. Collins***, concealed key evidence, ACE and ACE derivative sequences, YB production code, ¶5 i)(ii), with the intent to impair the integrity and availability of these documents sought by subpoenas and Court orders for use in the litigation; (2) through deceits, and obstructed, derailed, influenced, and impeded this litigation, ¶1-7, 8-12.

**In violation of 18 U.S.C. §1512(b)(1)(2)(A),(3) and (d)**, ***Collins*** attempted to intimidate Wang to submit false written affirmation, and ***Defendants*** knowingly intimidated, threatened Wang, colluded with ***Mr. Collins***, corruptly persuaded and engaged in misleading conduct, *e.g,* deceits toward Judge Pitman and Judge Swain with intent to—
**(1)** influence, delay, or prevent the testimony of Wang in an official proceeding; ¶5, 11-12;
**(2) (A)** through Defense counsel, cause or induce Wang to withhold testimony, or withhold a record, document, or other object, from an official proceeding; ¶5, 8, 10-12;
**(B)** through their employees, alter, destroy, mutilate, and conceal sequence development files and testing files ¶5-6, and conceal an object— ¶5 i)(ii) key evidence, ACE and ACE derivative sequences, YB production code (which uses ACE), with intent to impair the object's integrity or availability for use in an official proceeding; ¶1-7, 8-12;
**(3)** through Defense counsel, *etc*, hinder, delay, or prevent the communication [by Wang] to a judge of the United States of information relating to the commission or possible commission of a Federal offense. ¶5, 8-12.

"In a prosecution for an offense under [18 U.S. Code § 1512] no state of mind need be proved with respect to the circumstance—(1) that the official proceeding … is before a judge or court of the United States, a United States magistrate judge,..", (g), *id*. The purported rebuttal in **Collins Letter actually *confirmed* his *intent* to deceive the Court for Defendants, *i.e.*, collusion**. After "[Collins] have vigorously prosecuted this very contentious case for ten years…, undertaking thorough analysis…exhaustive fact and expert discovery; and making and defending … two [SJ's]", *id* at 1, they have become intimately familiar of the case. How could Collins suddenly become so totally ignorant of all of the Basic Fact, what are Plaintiff's claims, trade secret and misappropriation? And *deliberately, repeatedly misrepresenting* **Defs' False Claims** (designed to imply "ACE are *not* trade secret" and "Defendants did *not* misappropriate ACE"), which Collins knew to be **exactly the opposite** to Plaintiff's claims and to all evidence, as **Plaintiff's claims** to deceive the Court? How could Collins fabricate fictitious "evidence" to "explain" Defs' False Claim? As the court in *Amalfitano* 428 F. Supp. 2d 196, 211 (S.D.N.Y. 2006) at 208 analyzed, "**I. Intent**. If [Collins'] representation of [AAI just] had commenced…, [Collins] actions might demonstrate a lack of competence, common sense, or rationality. However, in light of the knowledge he gained in the course of ["this very contentious case for ten

---

[9] *United States v. Jahedi,* 681 F. Supp. 2d 430, 434–35 (S.D.N.Y. 2009), held that the offense: "corruptly ..conceal[ing] a record, a document.." violated **both** §1503 "[Defendants] corruptly intended to impede the administration of the judicial proceedings" ***and*** §1512(c)(1).

years…"], we have no hesitancy in concluding that [Collins]' actions evince a deliberate intent to deceive both [Judges]." Defendants and Mr. Collins' intent was corrupt.

*While steadfastly* **deceiving the Court** with Defendants, Collins Letter at 2 **claimed he does not know what he is doing**: "It is difficult for Plaintiffs counsel to understand the basis of these claims". Collins showed *not the slightest interest* to understand "the basis", because he already knew "the basis" after "10 years of vigorous prosecution" and had been informed of the malicious implications of his misrepresentations[10], ¶5, ¶6.

Their firms' prosecution in the **prior** years is no defense for Collins' **later** collusion. That argument in Collins Letter at 2 only underscores the impossibility to detect his corrupt intent, his ultimate deceit of surreptitiously and cunningly doing Defendants' bidding in Plaintiff's name, ¶8. It explains his audacity of increasingly more plainly misleading argument and duplicitous behavior to harm Client, ¶2-8. Now his letters of Dec. 12, 2016 and Jan. 5, 2017 evinced his deliberate intent to deceive the Court and Client, in betray of their full trust and reliance.

If Defendants had not committed the conspiracy of misappropriation, why did they commit the deceit and collusion to conceal the smoking gun evidence in violation of the Court Orders? ¶5. It showed *Defendants*' desperation. Their new and on-going deceits and cover up, ¶1-8, are separated offenses from their previous fraud e.g., in (i)-(iii) ¶5, Annex B. Although their collusion with Collins hindered sanctions on their prior fraud, each new deceit is a new independent cause of action and an offense *separate* from the issues of the underlying case. In *Savattere v. Subin Associates, P.C.,* 261 A.D.2d 236 (1999), Subin deceived the court and *colluded* with the opposing party to procure filiation order at the detriment of his client to get higher fees. The appellate court affirmed that his misconduct, violation of Section 487 and fraud *etc*, are all separate causes of actions from the disposed underlying case. There the motion to vacate the filiation order was *denied* because Subin had arguably helped *to discover the truth* and obtained justice for the adversary.  Collins and Defendants colluded in a diabolic scheme to *cover up Defendants' fraud*, to conceal *the truth and to cause manifest injustice*.  It is much worse than Subin.

### B. Defendants' Maneuvers for Compelling Attorney-Client Privileged Communications Further Confirmed Their Deceit.

Wang Jan 4 Letter at 9 presented seven reasons, **any one of the seven** suffices to quash Defendants' request[11]. Moore Letter could rebut **none**:

First, pervasive **deceit**, undisputed. Their collusion is a **separate offense**. Their request is based entirely on deceits (i) Defs' Deceit: Defs' False Claim were "*AAI's* false claim"; and (ii) "[*Defs' Deceit*] raised serious questions about AAI's conduct in this case", ¶1, ¶5. A principle of

---

[10] Collins' self-contradictory incredulous claim showed consciousness of guilt. It is difficult to get a man to acknowledge the truth, when his intention is to deceive and his reward depends on his deceit.

[11] If the Court has denied or disregarded Defendants' maneuvers, please omit Section B.

9

public policy is the doctrines *ex dolo malo non oritur actio*. No court will lend its aid to Defendants who found their cause of request upon deceit.

Second, irrelevance: the "questions" in (ii) is *not* "AAI's conduct" but is Defs' Deceit and collusion. In response Moore Letter **switched** the purported issue from (ii) "AAI's conduct" in Moore Dec. 6 Letter to (i) the falsity of Defs' False Claims, making the *undisputed fact* an issue. Defendants could not even find an issue that would be relevant to their request, much less to demonstrate requisite relevancy. **Defendants *are* playing games**[12]**.** Defendants' SJ Br relied on[13] (c) Defs' False Claim is false, ¶2. Having flipped their positions by calling the undisputed fact a disputed "issue" means **Defendants must withdraw SJ.** Defendants cannot play games with the Court *and* have it both ways.  In addition, Moore Letter at D stated "[discovery] with respect to the merits of this action, is long over". So before reopening discovery at Defendants' request for irrelevant attorney-client privileged communication, Defendants must first produce **the direct evidence pertinent to** both Defs' False Claim and Plaintiff's ACE Verbatim Use Claim: the sequences used by Defendants, and the concealed production code relating to sequences from Yield Book Inc, ¶5.

Third, deceits about the subject matter and purpose of my disclosure.  Wang Jan 4 Letter at 10, Para.3, exposed Moore Dec. 14 Letter at 2 misrepresented **my statement** of the goal "to serve for the purpose of good faith settlement negotiation" as "to serve Plaintiff's goal' of demonstrating that AAI's summary judgment opposition papers contained a 'false claim.'" Explaining more on **Defendants'** belief does not explain away Defendants' deceits of putting Defendants' belief into **my** mouth.  Moore Letter could not dispute but twisted my purported goal to "demonstrating that AAI's counsel had included 'false claims' in its summary judgment opposition papers and expert reports". Defendants' **new misrepresentation** "and expert reports" is intended to deceive the Court to believe that Plaintiff's expert reports had false claims, to discredit Prof. Fan and to cover up their collusion with Collins, ¶7.2.  Everything said in Defendants' letters was intended to deceive.  The truth presented in Wang Nov. 30 Letter to Moore and the communications obviously could facilitate settlement negotiation. **If** Defendants had any conscience, then they would know that the exposure of their deceit, collusion and conclusive evidence of misappropriation means that justice *will* prevail, and Defendants' purported settlement proposal for Plaintiff to "walk away" for *nothing* is not only manifestly unjust but unrealistic. Game over. The Truth is more powerful than Defendants. Their sensible choice is not more deceits but good faith negotiation.

Fourth, no waiver of Plaintiff's attorney-client privilege Wang Jan 4 Letter at 5  which already demolished the self-contradictory mischaracterization in Moore Dec. 6 Letter that my letters to the Court and to Moore on my individual capacity were "behalf of AAI".  Moore Letter could *not* dispute, but rehashed the same demolished mischaracterization, *n.*2-4, and misrepresented **their** purported belief as **my** statement. It searched out *all* the terms "Plaintiff"

---

[12] [t]o harass, to derail the litigation, *to prevent* discovery of truth and "a full and fair adjudication on the merits", "to seek information that has no or minimal relevance to the claims or defenses; if discovery is abused in this manner, monetary sanctions can be imposed." "[a] lawsuit is not a game but a search for the truth."  *Vaigasi v. Solow Mgmt. Corp.,*  11Civ. 5088 (RMB-HBP), 2016 WL 616386, at *7 (SDNY 2016).

[13] See "Second",  p.22,  *id*, citing Defendants' 56.1 Statement of Undisputed Fact No.10 and 12.

and "Defendants", and claimed that the usage of these terms means Wang Letters was on behalf of Plaintiff. According to Defendants, any submissions by any *non*-party, *amicus curiae* or intervenor may not mention any party by name and may not weigh in for any party. So there could have been no intervenor, and no *amicus* briefs. It is sheer nonsense. All of Wang Letters pointed out that *the truth* that the False Claim is *Defs'* False Claim. While insisting these same Wang Letters are "on behalf of AAI", Defendants still insisted Defs' Deceit: Defs' False Claim *were* "AAI's claim" or "AAI's alleged claim", see First, ¶2. It further confirmed that Defs' Deceit to deceive the Court is *intentional*.

Fifth, no "selective" disclosure The subject of the emails is "Chris Moore Called", the settlement negotiation. Defendants knew that the courts held that negotiations involved pre-trial matters, not evidence, and that positions taken during negotiations did not have to be supported by proof. It is meaningless for Defendants to argue "selective" disclosure of positions. Defendants' game playing still failed "*select*" a subject matter to make it stick and relevant to their request, *see* First, Second and Seventh. So how could they allege my disclosure "*selective*"? To what subject matter? Even if Defendants could make falsity of Defendants False Claim an "issue", "there is no use of the [emails] by the party holding the privilege" for the "issue", *Mitre Sports Intern,* 373, Fifth of Wang Jan 4 Letter. All the communications will only confirm that Defs' False Claims are all flat-out lies, and I objected. *Without any need of the Court's intervention*, after I received the responses, see Seventh *infra*, I will be happy to disclose all the relevant communications *to the Court under seal*, see last para. at 9, Jan. 4 Letter.

Sixth, moot. Because of Defendants admitted violation of Protective Order, and the other Court Orders and deceits to the Court, Defendants are obliged to return the attorney-client privileged documents, see Wang Letter to Moore of April 11.

Seventh, Defendants' flip-flops on purported subject matters found no relevance, see First and Second. It still does not make Exhibits an issue, because the Exhibits cannot be cited to show Defs False Claim is false and not even be evidence for the case. Here Defendants switched the purported issue for the 3rd time, trying to weasel out their admission, Moore Letter at 1, that the issue is collusion *between* Collins *and Defendants*. So the **direct evidence is the Pertinent Communication** between Collins *and* Defendants and/or Defense counsel, **not** with Dr. Wang, see p.7 Plus Factor (3). Accordingly, Defendants and Defense counsel must produce the Pertinent Communications first. I have also been asking Messrs Collins and Munves to produce Pertinent Communications. After their responses, I will report to the Court. Then it will be easier for the Court to direct.

Eighth, violation of Fed. R. Civ. P 37(a)(1), which requires Defendants to provide the required certificate of meet-and-confer in good faith. Defendants totally failed. The Court held "[t]he failure to meet and confer mandates denial of a motion to compel." *Vaigasi* at 11, citing eight controlling cases and the civil practice guidelines in SDNY.

## C. Conclusion

Defendants and Collins have been given ample opportunity but they could not deny their deceit in record. So there is no reason for any hearing for Defendants to spawn more deceits with Collins' collusion, where the Court has no sufficient time and records on hand to refute. In

addition **Defendants willfully and brazenly violated four Court Orders with no justification**, *see* Wang Letter to Moore of April 20, 2017. For the foregoing reason, all the requested relief proposed in E, Wang Letter of Jan. 4, 2017 ***should be granted***.


Respectfully submitted,

*[signature]*

_____
Xiaolu Wang, PhD


cc via email to: Christopher Moore
Jennifer Kennedy Park
Russell Munves
Todd Collins

## ANNEX A. Comparison: Truth v. Deceit

| Truth: Undisputed Factual Evidence Concludes Plaintiff's Claims, concealed by Collins SJ Opp Br. | Deceit: Collins embraces all Defendants' Deceits | Deceit: Defendants' Deceits |
|---|---|---|
| 1] **Truth** Collins and Defendants knew that Defs' False Claims are false, designed to deceive "ACE are *not* trade secret", "Defendants did *neither* misappropriate ACE *nor* conceal key evidence". | **(b)** ¶2 **Collins** embraces all *Defs' False* Claims as "*AAI's* claims"; | **(a)** ¶2 **Defendants** misrepresent Plaintiff's claims as *their opposite*-- Defs False Claims; **(c)** seek SJ by dismissing these "AAI's claims" *i.e.*, Defs' False Claims; |
| 2] **Basic Fact** Defs Rule 56.1 Statement para.10 and 12 (ACE seq are generated by complex mathematical formulas, fundamentally different than YB Monte Carlo code.) "ACE is an incredible mathematical feat" that YB Monte Carlo code cannot touch, para.31-2, Fan 2d Report (Ex.15 2013 SJ); p.4, Ex. 3 of Wang Nov. 30 Letter to Moore; Wang Jan. 4 Letter, at 7. **Truth: Basic Fact exposed Defendants semantic game** defining "YB seq." to conceal ACE from discovery, and their surgical deletion of *entire* set of all the hundreds code files relating to sequences generating interest rate paths, from CGM0177, the source code production from The Yield Book Inc., because the code *reads* ACE[14]. | **(b) Collins 1** Embraces Defs' Deceit, misrepresents Defs' False Claim "gauss_random.c generated ACE" as "AAI's claim"; **2** refuses to expose **Defs' semantic game** of confusing "YB sequences" with sequences[15] used by YB, **covers up** Defs' concealment of ACE and the entire production code from Yield Book, Inc, which read ACE seq. to generate interest rate paths for traders. **3** Play Duet in switched roles: *disavows* Basic Fact, *supports* Defs False Claim with *fictitious* "Fan 2d Report cites", Collins SJ "Opp." of May 28, at 13; Collins Dec. 12 Letter at 2. | **(a)** ¶1 **Defendants 1** Defs' Deceit: misrepresent Pl's (ACE Verbatim Use) Claim as Defs' False Claim: "TYB (Monte Carlo) code generated ACE"[16]; **2** play **semantic game**, *define* "YB seq." generated by Monte Carlo code *to exclude and conceal* ACE seq. which are not generated by Monte Carlo code but read by YB; play **semantic game** to masquerade "YB seq" as seq. used by YB[17]; **(c)3** *cite* Basic Fact to refute Defs False Claim disguised as "AAI's claim", semantic game to deceive the Court ("YB seq" does not contains ACE") meant "YB does not use ACE seq." |

---

[14] Para. 20, Rule 56.1 Reply of 2014, p.44,

[15] A **sequence** is a table of decimals: columns are paths, rows are time steps (the number of rows is the **dimension**). They are the key to calculate future interest rate paths (from the current market), thereby prices of all fixed income instruments. Feeding any integer, known as "seed", into Monte Carlo code, it generates a random sequence for given path number and dimension, whereas ACE sequences are created by very complex formulas and can produce extremely accurate prices.

| **Truth: Undisputed Factual Evidence Concludes Plaintiff's Claims**, concealed by Collins SJ Opp Br. | **Deceit:** **Collins** embraces all Defendants' Deceits | **Deceit:** **Defendants' Deceits** |
|---|---|---|
| 3] **ACE Verbatim Use Claim**: TYB production code used exclusively by their traders **do not use** Monte Carlo code but _read_ the stolen ACE seq. from data files. Defs' traders relied on ACE Seq for arbitrage, p.3, Ex. 3. Russell 2007 dep. 198: 10-14, F8, C of Fan 4th, para. 20, 46 and 49, 61, of 56.1 Response. | Collins conceals ACE Verbatim Use Claim, but embraces **Defs' False Claim** ("gauss_random.c generated ACE") as "AAI's claim". | **Defs' False Claim** ("YB Monte Carlo code generated ACE"), which is misrepresented by Collins and Defendants as perverted "AAI's claim". |
| 4] **Truth**: _Defendants_' Monte Carlo code generated LDS seq., but _Plaintiff_ cannot generate LDS Seq. III used in production because _Defendants_ never gave _Plaintiff_ the seeds necessary to generate them, nor a single TYB system to test them. | **(b) Collins enbraces Defs' Deceit**, conceals Truth, misrepresents AAI's Claim as **Defs False Claim**: "Gauss_random.c generated _ACE_, but _Defendants_ cannot generate ACE because _Plaintiff_ never gave _Defendants_ the seeds necessary to generate them" | **(a) Defs' Deceits**: conceal Truth, misrepresent AAI's (ACE Verbatim Use) Claim as **Defs False Claim**: "Defendants' Monte Carlo code generated ACE sequences." |
| 5] **ACE Derivative Use Claim**, Teytel's one and the same algorithm[18] which selected all the LDS sequences **(Seq III)**, targeted the stolen ACE, _i.e.,_ selected the seeds feeding YB Monte Carlo code to generate LDS. These seeds are _not_ decoy seeds in MR code but read in through "sfile", p.4 of Ex. 3. | **(b) Collins embraces Defs' 2nd False Claim** "Radak Seq **I** are Real seq." and "are similar to ACE sequences", as perverted "AAI's claim", Collins SJ "Opp." of May 28, at ___; Collins Dec. 12 Letter at 2. | **(c)Defendants refute Defs' 2nd False Claim** "Radak Seq **I** are Real seq." and "are similar to ACE sequences", Collins SJ "Opp." of May 28, at ___; Collins Dec. 12 Letter at 2. |

---

[16] "**AAI** asserts that …the sequences of numbers generated by The Yield Book ..incorporate ... ACE", 4, Defs' 2013 SJ Br. "The gravamen of AAI's complaint is that the YB Numbers incorporate the ACE Numbers", 3, Friedman Letter to the Court, Jan. 25, 2006.

[17] "Defendants had produced to **AAI** copies of (Radak Seq I, masqueraded as) the actual sequences used in The Yield Book" 2, Defs' 2013 SJ Br. "After almost **10** years…,AAI cannot support …its claim that [YB sequences] was derived from [ACE]." at 1, _id_.

[18] An **algorithm** is a series of procedures to achieve a goal. Teytel's goal was to select LDS sequence from many sequences of the same path number (64, 100 or 200), generated by YB Monte Carlo code. Teytel testified that he used _one and same_ algorithm to select all the three: LDS64, LDS 100 and LDS200. Defendants concealed all the seeds for LDS Seq.III, except the "best seed" for LDS64 in Teytel's notebook.

14

| **Truth: Undisputed Factual Evidence Concludes Plaintiff's Claims**, concealed by Collins SJ Opp Br. | **Deceit:** **Collins** embraces all Defendants' Deceits | **Deceit:** **Defendants' Deceits** |
|---|---|---|
| Radak Seq **I** are generated by Radak Monte Carlo code, but cannot even be generated by any YB code, and cannot be any seq. used by Defendants. | | |
| **6]ACE Derivative Use Claim**, Decoy Seq **II** cannot be any seq. used by Defendants. p.4 of Ex. 3, Defendants never gave Plaintiff the seeds necessary to generate the real LDS sequences nor the code to validate any seq. | **(b) Collins embraces Defs 3$^d$ False Claim as "AAI's claim":** "Decoy Seq **II** are Real seq." and "are similar to ACE sequences" Collins SJ "Opp." of May 28, at __; Collins Dec. 12 Letter at 2. | **(c)Defendants refute Defs' 3d False Claim** "Decoy Seq **II** are Real seq." and "are similar to ACE sequences" Collins SJ "Opp." of May 28, at ___; Collins Dec. 12 Letter at 2. |

## ANNEX B.  Fraud Hanging by a Thread



Collusion to jointly misrepresent *Plaintiff's* Claim as *Defs'* **False** Claim "YB Monte Carlo code *generated* ACE", ¶5, in order to cover up:

(i) their semantic game of confusing "YB sequences" *generated* by YB Monte Carlo code with sequences *used* by YB in order to exclude & conceal ACE. ACE sequences are read by YB as data files. ACE can***not*** be generated by any Monte Carlo code;

(ii) their concealment of *all* the YB production code relating to sequence generating interest rate paths, because the production code reads ACE sequences. Defendants surreptitiously deleted *all these* hundreds of code files from the source code produced from Yield Book, Inc.;

(iii) *admissible* conclusive evidence of ACE Verbatim Use Claim and programmers' admissions that the sequences relied by traders are ***not*** generated by Monte Carlo code, but are ACE sequences.