**LAW OFFICE OF PETER J. TOREN**
Peter J. Toren
40 East 80th Street
New York, N.Y. 10075
(646) 623-4654
ptoren@petertoren.com

Attorneys for Plaintiff and Counterclaim-Defendant
Advanced Analytics, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ---------------------------------------------------x<br>:<br>ADVANCED ANALYTICS, INC.         :<br>:<br>    Plaintiff and Counterclaim-Defendant,   :<br>:<br>          v.          :<br>:<br>CITIGROUP GLOBAL MARKETS, INC. f/k/a<br>SALOMON SMITH BARNEY, INC., and<br>THE YIELD BOOK INC, f/k/a<br>:<br>SALOMON ANALYTICS, INC.,         :<br>:<br>   Defendants and Counterclaim-Plaintiffs.<br>:<br>---------------------------------------------------x | **Case No. 04 Civ. 3531 (LTS) (SLC)** |

_____

### PLAINTIFF'S NOTICE OF MOTION AND
### RESPONSE TO SHOW CAUSE ORDER;
### MEMORANDUM OF LAW

_____
_____

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. iv

I.   PRELIMINARY STATEMENT ................................................................... 1

II.  FACTUAL BACKGROUND ......................................................................... 5

    A.   Plaintiff's SC Letter and FRCP 59(e) and 60(b) Motion Sought Timely Vacating The Orders of September 5, 2012 and March 26, 2014 and the Fee Order. .............................................................................. 6

    B.   In Collusion with Defendants, Collins Sabotaged Plaintiff's Attempts to Expose Defendants' Deceits, Framed Plaintiff for Contempt. ........................... 7

    C.   Defendants and Collins colluded to procure the Orders of September 5, 2012, and then February 8, 2013, with their 3-Prong Scheme, to start summary judgment proceeding while withholding the smoking-gun evidence in violation of 5 court discovery Orders ............................................................ 9

    D.   In collusion with Defendants, Collins sabotaged Pl's 37(b) Spoliation Sanction Motion that would have established liability, instead Collins framed Plaintiff for violation of  January 2012 schedule Order and procured the Orders of March 26, 2014, and July 15, 2014 ................................................ 10

    E.   To mislead this Court, Defendants covered up of the new evidence by Defendants' admission of Collins collusion to frame Plaintiff for contempt and to block the FRCP37(b) spoliation sanction motion against Defendants ......... 14

    F.   Defendants and Collins Colluded with Their Diabolical Deceit to Dismiss Plaintiff's Claim of Misappropriation of Trade Secrets. ................................. 15

    G.   Collins and Defendants Colluded to Silence Plaintiff's Witness, and to Persecute Plaintiff with the Orders of March 26, 2014, and the Fee Order. The Court Overruled Defendants' Opposition and Directed Collins to Show Cause. ................................................................................................ 18

IV. ARGUMENT .............................................................................................. 19

**A.**      **Plaintiff Filed Timely Motions of Reconsideration Pursuant to FRCP 54(b), 59(e) and 60(b), L.C.R. 6.3 Seeking Relief to Vacate/Stay the Orders, which are Under Adjudication. There Is No Basis for Finding Plaintiff Contempt of Court............................................................................................................ 19**

**B.**      **The Court Should Reaffirm Its Correct Ruling in Its Order to Show Cause that Direct Collins to Show Cause and Response to the Allegations and Evidence of Collusion............................................................................................ 19**

**V. CONCLUSION** ......................................................................................................23

iii

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Laws and Rules**

Federal Rules of Civil Procedural  54(b) ........................................................................ 19

Federal Rules of Civil Procedural  59(e) ........................................................................ 19

Federal Rules of Civil Procedural  60(b) ........................................................................ 19

Federal Rules of Procedure 54(b) ................................................................................... 3

Local Civil Rule 6.3 ....................................................................................................... 19

**Cases**

*International Business Machines Corp. v. United States,* 493 F.2d 112, 114–15 (2d Cir.1973) . 23

*New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989) .................. 23

# NOTICE OF MOTION

PLEASE TAKE NOTICE that pursuant to the orders by the Honorable Sarah L. Cave U.S. Magistrate Judge, of February 2, 2022 (ECF Nos. 480, the "Order to Show Cause") and the Order of February 8, 2022 (ECF Nos. 492, together with ECF Nos. 480, the "Orders to Show Cause"), based on the accompanying Memorandum of Law, and the pleadings and prior proceedings in this matter, Plaintiff Advanced Analytics, Inc. ("Plaintiff," "Pl," or "AAI"), files Response to this Orders to Show Cause and this motion (together, the "Motion"), and respectfully requests this Court to renew and to modify its the Orders to Show Cause ("Renewed Order to Show Cause") as follows

(1) Direct Mr. Todd S. Collins ("Collins") to respond to the Order to Show Cause and to this Motion by April 1, 2022, when the response by Citigroup Global Markets, Inc. and The Yield Book Inc. (the "Defendants") is due;

(2) Permit Plaintiff to file a reply to each of the Responses by Collins and by Defendants, of no more than ten(10) pages by April 15, 2022, should it be necessary; and

(3) Defendants are directed to serve a copy of the Court's Renewed Order to Show Cause on Collins and file proof of service on the docket within 7 days of its entry.

Defendants requested the pending show cause proceedings. During the Court Hearing of February 2, 2022, the Court already correctly overruled Defendants' opposition and directed Collins to show cause. See the Order to Show Cause at 3, ECF No. 480. See Ex.1, the Court Hr. Tr. Furthermore, Defendants have not yet indicated that their counsel would represent Collins, and therefore they have no standing in opposing Plaintiff's Motion and the Court's Renewed Order to Show Cause from Plaintiff's former counsel.

(The remaining part of the page is intentionally left blank.)

# MEMORANDUM OF LAW

Pursuant to the orders by the Honorable Sarah L. Cave U.S. Magistrate Judge, of February 2, 2022, the Order to Show Cause (ECF Nos. 480, the "Orders to Show Cause") and the Order of February 8, 2022 (ECF Nos. 492), based on the accompanying Memorandum of Law, and the pleadings and prior proceedings in this matter, Plaintiff Advanced Analytics, Inc. (the "Plaintiff," or "AAI"), files its response to Orders to Show Cause and this motion (the "Motion"), and respectfully requests this Court to renew and to modify its the Orders to Show Cause ("Renewed Order to Show Cause") to direct Mr. Todd S. Collins ("Collins") to respond to the Order to Show Cause and to this Motion, by April 1, 2022, when Defendants' response is due; and permit Plaintiff to file a reply to each of the Responses by Collins and by Citigroup Global Markets, Inc. and The Yield Book Inc. ("Defendants"), of no more than 10 pages by April 15, 2022, if should it be necessary.

## I.       PRELIMINARY STATEMENT[1]

As the Court has recognized, the Fee Orders flow from the March 26, 2014 order issued by MJ Pitman.[2] It is undisputed that Collins' and Defendants' collusion procured the March 26, and July 15, 2014 Orders.[3] Although the Fee Orders were imposed on "AAI and [Collins]," and Defendants have admitted that they communicated with Collins without informing AAI. Despite this, Defendants had never asked Collins to pay but used the Fee Orders as a cudgel to persecute Plaintiff alone. [4] From 2015 to February 2, 2022, Defendants filed about 30 pleadings and in 4 hearings, attempting to get AAI "to walk away" from the case with Collins' apparent support or consent. Collins' acts were against the apparent economic interest of his law firm, Berger and Montague. Plaintiff notes that this Motion complies with CJ Swain's direction, which allowed Plaintiff to raise the argument, including Defendants and Collins' collusion, in connection with

---

[1] Capitalized terms used but not defined in this Memo have the definitions ascribed to them in the Objection, ECF361, at 3-5, and the Rule 56(h) Motion, ECF 229, 2-3. For the Court's convenience, they are collected in the Glossary attached to the end of this Memorandum.
[2] MJ Cave's order of January 8, 2020, ECF. No. 409 p.1.
[3] Plaintiff's Motion Pursuant to Federal Rules of Civil Procedures 59(e) and 60(b) for Reconsideration and Relief from Judgment (the "FRCP 59(e), 60(b) Motion,") §IV, ECF. No. 467, pp. 11-13
[4] Plaintiff's letter of December 16, 2021 to J Swain, ECF. No. 473

Defendants' attempts to compel fees from Plaintiff. See Chief Judge Swain's Order of December 20, 2021, ECF No.475.

During the February 2, 2022 Hearing, the Court overruled Defendants' opposition to direct Collins to show cause, and Defendants' insistence of only holding Plaintiff responsible for the Fees, the Court's Order to Show Cause of Feb. 2, 2022, directed also Collins to show cause why he was not in contempt and ordered that Defendants serve Collins the Court's Order to Show Cause.[5] As soon as the Court made the correct ruling, and Collins and Defendants were faced with the possibility of having to answer the questions about his collusion with Defendants, Defendants' Fees got paid immediately, and their quest of the last 6 years stopped. It became apparent that Defendants and Collins imposed the manifest unjust sanction fees on their conspiracy victim, Plaintiff, and imposed undue burden on the Court' with their persecution of the last 6 years and approximately 30 briefings, with some issue that they could have solved between themselves easily.

By Defendants' admission in their letter of February 25, 2022, "[f]ollowing the issuance of the Order to Show Cause, …, Defendants have received full payment of the Fee Award (from Collins, of $57,270.91 in attorney's fees and costs related to the prior striking of a putative expert declaration," "which fully satisfies the Fee Award (assessed against both Plaintiff and Collins by the Fee Order)" ECF No. 491.

However, Defendants are still not satisfied with their persecution of Plaintiff, and proposed "proceedings are warranted to address Plaintiff's admitted failure to comply with the Fee Order." Defendants now rejected their prior position that Collins and Plaintiff must be lumped together when Collins made the full payment on behalf of "AAI and its former counsel. Defendants now want to separate Collins from AAI for their full satisfaction of the Fee Award, contrary to Defendants' persistent prior position, which is to lump "AAI and [Collins]" together, arguing they could go after Plaintiff for the fees even if Collins is 100% culpable to the fees,

---

[5] Defendants simply emailed the documents and the Order to Show Cause to Collins on the same day, February 2, 2022, and "Mr. Collins acknowledged receipt of same and consented to email service." ECF No. 483.

because "[Collins] represented Plaintiff and if [Collins] made mistakes and should be solely responsible for the mistakes, Plaintiff should sue [Collins]."

During the February 2, 2022 Hearing, the Court adopted Defendants' argument.[6] Now Collins paid for the full amount of Fee Reward and conceded at least his full responsibility. By this same argument, if Defendants or hypothetically the Court "do not like it," and still think somehow that Plaintiff should pay any "apportionments," despite Collins never made such claim, then by the Defendants' argument, "Collins can go sue Plaintiff. But that is not the Court's problem and that's not the defendants' problem." Defendants have no basis to single out Plaintiff and leave out Collins for the contempt proceedings in their February 25, 2022 Letter, because the Court held that, even according to Defendants' argument "the issue as to the plaintiff and Mr. Collins is the same."[7]

Leave that aside for the moment, in light of Defendants' admission of full satisfaction of the Fee Award, the Order to Show Cause as the contempt proceedings are no longer to direct "AAI and Collins SHOW CAUSE by MARCH 2, 2022 why they should not be held in contempt for failure to comply with this Court's Fee Order requiring payment of Defendants' attorneys' fees in the amount of $57,270.91" *after* February 25, 2022, but for their alleged failure *only during the period* from November 30, 2021, to February 25, 2022, when the Fee Award was due but not paid, against *both* AAI *and* Collins.

As set forth in detail hereinunder, Plaintiff filed a timely letter motion and to show cause on October 22, 2022 (the "SC Letter", ECF No.462) to seek a reconsideration of the September 30, 2021 Order (the "Mem Ord"), under Federal Rules of Procedure 54(b) and Local Civil Rule 6.3. And then Plaintiff filed the FRCP 59(e) and 60(b) Motion on December 3, 2021 (ECF No. 467), to seek relief and reconsideration of the September 30, 2021 Order, the November. 4, 2021 and the Judgment. Both the "S.C. Letter" and the FRCP 59(e) and 60(b) Motion presented and

---

[6] Feb.2, 2022, Hr Tr. 13:4-6 "THE COURT:  If your client doesn't like paying it, he can go sue Mr. Collins. But that's not my problem and that's not the defendants' problem."
[7] *Id*, 15:12-13.

conclusive undisputed evidence that Collins' and Defendants' collusion procured the March 26, and July 15, 2014 Orders, and sought the Court to vacate and overturn these orders, together with the Fee Order.

In contrast, while Defendants admitted that they were in close contact with Collins, and advised him of the fees and deadlines, Collins made no effort to ask for reconsideration or to stay the Fee Order. Defendants may argue that they did not ask Collins to pay therefore Collins did not pay until February 25, 2022, until after the Court issued the Show Cause Order. But the fact that Defendants colluded with Collins is not a basis of noncompliance with the Fee Order, but maybe evidence of conspiracy and collusion, which is much more serious contempt of the Court. Defendants argued that they "are entitled to" select Plaintiff to persecute. It is nonsensical even according to their own misrepresentation of "Defendants vs Plaintiff and Collins".

All of Defendants actions are consistent with and confirmed that Collins is their co-conspirator. The dispute is not between "Defendants vs Plaintiff and Collins' as Defendants misrepresented. Clearly, as Plaintiff's motions have made explicitly clear, it is between Defendants and Collins, the coconspirators vs Plaintiff, and the Court. The Court has an obligation and duty to consider, investigate, and adjudicate the allegation that Defendants and Collins' collusion and conspiracy perpetrated against the Plaintiff and the Court. Even some of their fraud may have perpetrated before Your Honor took the bench, but now Your Honor exercises the full jurisdiction of the Court and is in charge.  Facing Defendants and Collins' Deceit (based on Defendants' Mischaracterization of Defs False Claim which implies "AAI stole Defendants code" as purported "Plaintiff's claim") that procured the orders underlying the Fee Order, to look the other way would be a dereliction of its duty. The Order to Show Cause correctly directed Collins to show cause overruling Defense counsel's stiff opposition on behalf of Collins. It is a good start, moved the case in the right direction, and produced a positive result.

Accordingly, the Court should consider the conclusive evidence of collusion in plain sight as outlined in detail below. Regardless of the Court's final adjudication, if the Court is

4

serious about the facts and truth, as the initial step, respectfully the Court should direct Collins

to show cause and to respond to evidence presented in this Motion. After Collins and

Defendants' responses, the Court should allow the opportunity for Plaintiff to reply.

## II.        FACTUAL BACKGROUND

The following undisputed factual evidence of Defendants' collusion and conspiracy and their 3-

Prong Scheme to mislead the Court to dismiss the case for Defendants can be found in the 6th

and 7th Declarations of Dr. Xiaolu Wang. They were cited by Plaintiff's SC Letter and

FRCP59(e) and 60(b) Motion.  Defendants admitted that the 4th Declaration of Dr. Xiaolu Wang

*is* evidence of collusion. [8] The Court's June 9, 2020 Order found the 4th Wang Decl. "alleged

collusion," meaning it is evidence of collusion because it did not even contain the words

"collusion," or "conspiracy," and did not even mention Collins by name.[9] The 6th Declaration of

Dr. Wang presented much more extensive evidence of collusion than the 4th Wang Decl. As the

title indicated the 6th and 7th Declarations of Dr. Xiaolu Wang are not expert reports for trial and

have nothing to do with the discovery scheduling order.  Alone the 4th Declaration of Dr. Fan,

they were prepared and presented as new evidence in support of Plaintiff's motions under FRCP

54(b), and 56(d) and 56(h). As such, they are axiomatically admissible pursuant to FRCP 54(b).

Defendants filed two rounds of motions to strike and for sanction, to exclude the three

Declarations, but both were denied by MJ Pitman.

The evidence has never been considered by either MJ Pitman or C.J Swain, nor by this

Court before.  MJ Pitman mistakenly believed collusion as irrelevant in his ruling of Rule 56(d)

Motion, and 56(h) Motion. Defendants misrepresented to this Court that MJ Pitman had

considered and denied the collusion evidence in the May 31, 2017 Order when the evidence such

as the May 31, 2017 Letter had not been presented to him before he issued the Order.

Consequently, this Court's order of June 9, 2020, declined to consider any collusion evidence and

---

[8] See ECF. 442, at p.12 for the cites.
[9] The 4th Wang Decl. was file in 2015, that was before Collins' surreptitious collusion with Defendants has been
exposed.

allegation. C.J Swain's orders of September 30, 2021, and November. 4, 2021 simply endorsed this Court's order of June 9, 2020, and mistakenly thought that Plaintiff's Objection did not raise the issue or otherwise only "tangentially."  C.J. Swain did not consider the admissible evidence and the undisputed allegations of Defendants 3-Prong Scheme and collusion with Collins. Because CJ Swain overlooked the evidence in the Declarations, the September 30, 2021 Order mistakenly faulted Plaintiff for failure "to submit any rebuttal expert testimony," but relied and cited on a finding in February 8, 2013 Order embodied Defendants' 3-Prong Scheme and collusion with Collins, as presented in Plaintiff's SC Letter and 59(e) and 60(b) Motion.  In sum, the Court should consider the admissible evidence presented in this Motion.

**A.  Plaintiff's SC Letter and FRCP 59(e) and 60(b) Motion Sought Timely Vacating The Orders of September 5, 2012, and March 26, 2014, and the Fee Order.**

In particular, Plaintiff's SC Letter presented the extensive evidence that Defendants' conspiracy with Collins procured and sustained the MJ Pitman's Orders of September 5, 2012, and March 26, 2014, on which the Fee Order is based.  Id. at 18, fn.31, and pp.20-28, citing the 6th Wang Decl, ¶¶ 96-172. Additional more factual evidence is presented in FRCP59(e) and 60(b) Motion "§VI, The Court Overlooked Undisputed Conclusive Evidence That Collins' and Defs' collusion Procured the March 26, and July 15, 2014 Orders," pp. 11-13. The legal argument and authorities to vacate these orders, along with the Fee Order are extensively presented in the **Section VI** of

**Argument**:

> VI.   The Court Committed Clear Error When It Disregarded the Direct Evidence of Defs and Collins' Conspiracy that Led to Feb. 8, 2013, Ord and the Exclusion of Pl's Expert Testimony (in the March 26, 2014 Order) and Judgment. Pl is Entitled to Relief from the Orders and Judgment Procured by Defs' Three Level Fraud Under Rules 59(e) and 60(b).

Where Plaintiff argued, *Id* at 23-25:

> It is undisputed that Collins colluded with Defs to procure the orders of March 26, and July 15, 2014. Fact I, VI *supra*. The Court failed to consider any of Pl's allegations of Defs 3 Prong Scheme and collusion with Collins, and Pl's request for investigation, but endorsed the orders relying on these 3 Prong Scheme and the Three Level Fraud (See Glossary), and rushed the Judgment. This is a clear error. The Court should amend these orders of Feb 8, 2013, and July 15, 2014, and the Orders (including the Fee Order).

More details to follow.

**B.  In Collusion with Defendants, Collins Sabotaged Plaintiff's Attempts to Expose Defendants' Deceits, Framed Plaintiff for Contempt.**

For years, Dr. Wang urged Collins to move promptly to seek sanction under FRCP 37 and the Court's inherent power against Defendants' violation of the 5 *existing* Orders, their massive spoliation of evidence, and their obstruction of discovery. But starting sometime in 2012, when Defendants' fraud was being exposed, Collins clandestinely flipped, prevented all sanction motions against Defendants be filed, and prevented virtually all evidence of Defendants' fraud be properly considered by the Court, in collusion with Defendants, instead he echoed or consented to Defendants' mischaracterizations and misrepresentations.  The 6th Wang Decl. (which will be omitted hereinafter), ¶¶95-96.

Jointly with Defendants, Mr. Collins maneuvered to mislead the Court to suspend discovery and to start SJ proceedings abruptly *before* Plaintiff's expert Prof. Fan had even been given Defendants' witnesses deposition transcripts for analysis to report his findings. From July 2012 until approximately June 2017, there have been at least four declarations by Plaintiff's experts to support Plaintiff's motions to sanction Defendants for their spoliations and violation of the Court orders pursuant to FRCP37(b), and withholding key evidence while submitting false declarations for SJ in bad faith pursuant to FRCP56(d)(h).

Yet Collins blocked or delayed then buried all of Plaintiff's sanction motions under FRCP 37(a)(b) and 56(d)(h) that I had repeatedly urged him to file.  *Instead of submitting experts' declarations as **admissible** evidence in support of these motions seeking relief from Defendants' fraud, Collins misrepresented all the declarations as untimely expert reports, or otherwise **inadmissible** opinions, to set them up as the targets **per se** for Defendants to strike, one after another,* including:

(i) Fan's Rebuttal Report of July 17, 2012;

(ii) Third Declaration of Jianqin Fan PhD of September 27, 2012 ("Fan 3rd Decl") and Third Declaration of Xiaolu Wang PhD of September 27, 2012 ("Wang 3rd Decl").

(iii) Fourth Declaration of Jianqin Fan PhD of June 3, 2013 ("Fan 4th Decl").

This turned out to a pattern of their **Scheme**. Over Plaintiff's strong objections, Mr. Collins misrepresented to the Court that these experts' declarations were prepared and submitted for SJ opposition and for trial, in violation of the Court schedule order of January 17, 2012, Dkt 143, without justification and for inadmissible purposes, and even framed Plaintiff, the victim of Defendants' obstruction and fraud, for contempt of court. ¶¶ 97-98.

In his six (6) sets of papers "opposing" Defendants motion under FRCP 37(c), Mr. Collins refused to present any of the controlling laws and key facts that would have demolished Defendants' Rule 37(c) motion, ¶129, but insisted to misrepresent their exact opposite, with "**plainly misleading argument**", §IV.c.f, and "**duplicitous behavior**" to frame Plaintiff for violation of the schedule order and for contempt of court, §IV.c.e. It had been a mystery to me for years why in their *opening* Rule 37(c) letter-motion to Magistrate Judge Pitman of **June 10, 2013**, Ex.7, Defendants already knew all these exact misrepresentations that would appear over my steadfast objections in all of Collins' **future** six (6) sets of "opposition" papers yet to be filed **from June 17, 2013 to June 2014** that dovetailed Defendants' **future** Rule 37(c) motion of **July 10, 2013**. See also ¶103.

The mystery was solved only recently, §V.C. Defendants knew their star lawyer, Mr. Collins, would stick to their script. That also solved other mysteries, *e.g.,* why Mr. Collins disregarded all the laws and key facts that would have easily demolished Defendants' Rule 37(c) motion, but insisted the misrepresentations that would predictably exclude and in fact have repeatedly excluded the evidence and covered up Defendants' fraud, over my strongest objections. Because these are precisely the goal of their Scheme. Deploying this Scheme repeatedly and successfully for Defendants, instead of seeking relief supported by experts' declarations, Mr. Collins has undone all of Professor Fan's work and excluded all his declarations. He deprived the Court of the solely needed experts' help and covered up Defendants' fraud. Defendants' script of June 10, 2013 even portrayed the pattern of their Scheme as evidence of Plaintiff's contempt[10] and covered up their collusion.

On appearance, Defense counsel produced their long script, fully loaded with cites and approximately seventeen (17) cases, within **four days** after receiving the opposition papers on June 6, 2013 to their SJ and Daubert motions, before their clients could read the papers of 12" thick. But in reality, Mr. Collins forced Plaintiff into the ambush meticulously planned jointly by him and Defendants *for many months* according to their careful researched roadmap, §IV.C.a. Collins and Defense counsel deceived both the Court and me, ¶126-7. Their star performance was worthy of Oscars for Best Actor and Supporting Actor. The interdependent acts between Collins and Defendants, their anticipation and collaboration are amazing both ways.

*Id*, ¶¶101-102.

---

[10] "A. BACKGROUND: A SERIES OF UNTIMELY EXPERT DISCLOSURES", *id.*

**C.  Defendants and Collins colluded to procure the Orders of September 5, 2012 and then February 8, 2013 with their 3-Prong Scheme, to start summary judgement proceeding while withholding the smoking gun evidence in violation of 5 court discovery Orders**

While MJ Pitman had denied Defendants' motions to close discovery, in the afternoon of August 17, 2012, his last work day before the scheduled September 5 Hearing, Defendants ***and Collins*** *(without knowledge of Plaintiff) **jointly*** called MJ Pitman to rush the discovery to an abrupt close, to allow Defendants launch MSJ while concealing the smoking gun evidence.[11]

> 111. Disregarding my instruction, Collins **refused** to present Fan July 2012 Decl to the Court as an expert's declaration in support of Plaintiff's motion for relief from Defendants' violation of existing orders and obstruction of discovery. Collins' refusal misled the Court to believe that there was "very little if any evidence of Defendants' fraud", in September 5, 2012 Hearing, ¶143, ¶155, *infra*. Defendants relied on Defendants' Flagrant Deceit, and also relentlessly misrepresented the 3 files of Radak Code as the thousands of TYB-RCS code they withheld, §III.E.c. Defendants and Mr. Collins' scheme succeeded.

Right after after Defendants produced their witnesses, Radak and Teytel previously withheld for deposition, Pl submitted the 3rd Fan Decl, and 3rd Wang Decl on September 28, 2012. ECF Nos. 199, 200. Again Collins colluded with Defendants to prevent both of the declarations be considered by C.J. Swain.  Collins refused to submit Third Fan Declaration and Third Wang Declaration of September 27, 2012 for sanction motion but concurred with Defendants to exclude them both. ¶¶114-116.

The February 8, 2013 Order (ECF 214) summarized MJ Pitman's basis of September 5, 2012 Order which exemplified Defendants' 3-Prong Scheme and collusion with Collins. In addition, the undisputed documentary evidence as contained in the Wang 6th, 7th Decls conclusively demonstrated that because Collins withheld the fraud evidence, Fan July 2012 declaration *etc,* from support of Plaintiff's discovery motion, that let MJ Pitman to state "very little evidence of fraud" in September 2012 Hearing,[12] and let this Court erroneously quoted MJ Pitman's statement "very little evidence of fraud" as the evidence of no collusion. The June 9, Order at 14.

---

[11] See ECF Nos. 163, 168. The 6th Wang Decl,  ¶108.
[12] Wang 6th Decl, ¶¶ 46, 92-94, 108-113.  See also e.g., Rule 56(h) Mot. at 22,

**D. In collusion with Defendants, Collins sabotaged Pl's 37(b) Spoliation Sanction Motion that would have established liability, instead Collins framed Plaintiff for violation of January 2012 schedule Order and procured the Orders of March 26, 2014 and July 15, 2014.**

Defendants and Collins sabotaged Pl's Rule 37(b) spoliation sanction motion that would have

established liability. Instead Defendants and Collins in collusion framed Plaintiff in violation of

the January 2012 Scheduling Order and procured the Orders of March 26, 2014 and July 15,

2014.[13] Collins zeroed in like a laser on an inapposite odd ball case, to support Defendants

motion to strike the 4th Fan Decl. Dr. Wang testified

> 121. It turned out the odd-ball case ("*Shamis*") was *not* about any alleged violation under FRCP 37(b) at all but under FRCP 37(d). Collins knew that in *Shamis* there was *neither* alleged violation of court orders of discovery production *nor* destruction of documents against the accused litigants, in contrast to Defendants' systematic violation of existing orders for discovery production and massive spoliation of apparently relevant documents in this Litigation.

> 122. Using these odd-ball cases as the roadmap, *first,* rejecting my repeated instructions to file Plaintiff's Rule 37(b) sanction motion in 2012 and 2013, Mr. Collins strenuously delayed Plaintiff's Rule 37(b) spoliation motion as much as possible, to coincide with SJ opposition, to allow him to misrepresent that Fan 4th Decl was prepared and submitted in support of SJ opposition instead of the spoliation motion. He further steadfastly blocked Plaintiff's Rule 56(d)(h) motions supported by Fan 4th Decl. In collusion with Defendants, behind Plaintiff's back, Collins buried the spoliation motion under FRCP37(b) as soon as it was filed on June 17, 2013. ¶122.

Collins' collusion with Defendants was directly confirmed by the lead Defense counsel, Ms.

Jennifer Park's admissions in Defendants' filings in October 17, 2019 and November 11, 2019

that Collins and Defense counsel jointly called MJ Pitman to withdraw *both* Plaintiff's Rule

37(b) letter motion against Defendants *and* Plaintiff's opposition to Defendants 37(c) Motion

immediately after Plaintiff's filings (through another counsel), without Plaintiff's knowledge and

approval, in order to procure the contempt order against Plaintiff.[14] Collins' withdrawal

protected Defendants from the potentially devastating Rule 37(b) Spoliation Sanction Motion.

Further, the concealment of the Rule 37(b) Spoliation Sanction Motion permitted Collins to

willfully *misrepresent* that the 4th Fan Decl. was not drafted to support Rule 37(b) Spoliation

---

[13] See Mot. for Rec, pp 11-17, ECF. No. 423. See also e.g., Mot. Defer at 2-3, 4-6, ECF. 366. Plaintiff's 56(h) Obj. at 22-27. ECF No. 361. Wang 6th Decl, §IV(C).
[14] See ECF No. 366 at 4, and ECF. No.355, at 3.

Sanction Motion, but was drafted only to oppose Defendant's Motion for Summary Judgment

(the "MSJ") without justification. Further,

129. After Collins set up Plaintiff for Defendants' Rule 37(c) sanction, in all opposition papers against Defendants' 37(c) motion to strike Fourth Fan Decl, Mr. Collins also refused to present the controlling laws and facts (listing (a)-(e), also in documents listed Fn 81.)  that the cites in SJ opposition from Fan 4th  Dec. were actually *admissible*.

Collins made that misrepresentation six times, concealed the 37(b) spoliation motion and

the justification and admissibility of the 4th Fan Decl in support of opposition to Defendants'

MSJ, in all 6 sets of papers purportedly "opposing" but in reality *support* of Defendants' motion

for sanction.

144. Mr. Collins and Defendants in collusion pulled off the same Scheme again, this time to bury Plaintiff's Rule 37(b) motion and to exclude Fan 4th Decl. Over my repeated and express objections and strongest warnings, in all six(6) sets of papers filed in connection with Defendants' motion to strike the Fan 4th Decl, (a) Collins misrepresented to the Court, with utmost zeal, exactly opposite to my instructions, that the Fan 4th was ***not*** **for** motion to sanction Plaintiff's pending FRCP 37(b) spoliation sanction motion, ***nor*** for 56(d) or 56(h) nor other procedural purposes; and (b) Collins has further willfully ***removed*** and ***concealed*** the key fact that Plaintiff had already moved in its letter-motion on June 17, 2013 seeking the spoliation sanction supported by Fam 4th Decl. These six sets of papers are

| 2013-7-9 | Collins' "Reconsideration". 1st concealment to Magistrate Judge Pitman | Dkt. 223 |
|---|---|---|
| 2013-7-31 | Plaintiff's opposition to motion to strike Fan 4th Collins' 2nd time to conceal 37(b) letter-sanction of June 17, 2013 | (It has been filed on the Dockets sealed. Dkts 231, 232.) No redacted paper filings by either Defendants or Collins on Dockets. |
| 2014-4-9 | Collins' belated reconsideration of impeachment purpose. Collins 3rd time to conceal 37(b) letter motion to sanction of June 17, 2013,  in front of Magistrate Judge Pitman. | Dkts 236, 238-9 |
| 2014-4-9 | Plaintiff's objections to March 26 Order in front of Judge Swain, Collins 4th  time to | (Sealed Dkts. 238, 239) |

| | | |
|---|---|---|
| | conceal 37(b) letter motion for sanction of June 17, 2013, in front of Judge Swain. | |
| 2014-5-21 | May 7 Order Objection and Refile March 26 Order Objection.<br><br>Mr. Collins altered March 26 Order Objection after 10pm, again deliberately to conceal the fact Fan 4th was filed in support of 37(b) sanction motion and to conceal the pending FRCP 37(b) motion from Judge Swain. Collin's 5th time concealment. | March 26 Order Objection Sealed Dkt 249; Redacted Dkt 252<br><br>May 7 Order Objection Sealed Dkt 249; Redacted Dkt 253 |
| 2014-5-21 | Plaintiff's Objections to May 7 orders is the 6th time concealment, in front of Judge Swain | (Sealed in Dkt. 249) Judge Swain's order of July 15, 2014 sustained May 7 Order. Dkt. 259. |

145. When I first found out, contrary to his assurance to me, Mr. Collins repeatedly deleted the key facts wholesale, ¶129, in his filings behind my back, I was surprised and confronted him and asked him why. His initial answers were inadvertence. Yet he deliberately did it again and again.  For example,

(i)  Plaintiff's Objection April 9, 2014 to March 26 Order in front of Judge Swain, to be filed had the opening[15]:

"In opposition to [SJ] and Daubert motions, and in support of Plaintiff application for Rule 37(b) sanction motion against Defendants violation of Court orders and spoliation, Plaintiff submitted [Fan 4th Decl.]". (Underline emphasis added.)

In his final filings behind my back, contrary to his promise to me that he would keep them, Collins **deleted the above underline** emphasis and other key facts to procure and sustain Contempt Order, now for the third and fourth time for the two April 9th filings, ¶142. Collins totally concealed from Judge Swain Plaintiff's **legitimate** real purpose, as to why Fan 4th Decl was prepared and/or submitted: to support motions under FRCP37(b), 56(d)(h). March 26 Order at 32-34 held that Fan 4th Decl ***is admissible*** to support motions of non-merits including sanction motions, and therefore Plaintiff has committed no violation of any rules or orders, and there was no basis for Contempt Order. Yet Collins deleted the key facts totally clean. Not only Collins did not want the Judges to know sanction motions under FRCP 37(b),

---

[15] Ex.4-2014-apr 7 AAI Objection draft X-6pm.doc, Ex.4 to Wang Decl in Opp. to Counsel Withdraw.

12

56(d)(h) being the only Plaintiff's purpose as I had instructed Collins all along, Collins did not even allow it to be even one of three purposes. Collins wants the Contempt Order against Plaintiff as is. He had worked very hard in collusion with Defendants to procure and to sustain Contempt Order.

146. After Collins concealed the key facts for the third and fourth time, and after Collins had sabotaged all of Plaintiff's relief efforts, such as a motion under Rule 56(d), ¶IV.D *infra*, on April 25, 2014 I thanked Mr. Collins for his service and informed him that he was no longer allowed to work on Plaintiff's papers. I sent Mr. Munves the key facts and controlling laws, ¶129. Yet, when **Objection of May 21, 2014** was about due, Mr. Munves informed me that Mr. Collins "voluntarily helped" the Objection brief, which turned out be the same awful "Objection" of April 9, 2014. I again instructed Munves to present the key facts, ¶129, and I sent him some drafts of Objection immediately. Surprisingly, the papers filed behind my back is not even the Objection Munves had agreed to file the night of May 21, 2014. Collins again worked hard that night to delete, cleanse or alter all the key facts from the papers. For example, the opening of the Objection (i), ¶145, has been altered by Collins, this time to:

> "In opposition to [SJ] and **Daubert** motions, and <u>in support of Plaintiff's objection to the prohibition against being permitted to file a Rule 37(b) sanction motion for violation of Court orders and spoliation</u>, Plaintiff submitted [Fan 4th Decl.]".  (Underline added.)

This alternation is misrepresentation even worse than his prior repeated deletion. Collins mischaracterized "Plaintiff [application for] Rule 37(b) sanction motion" of June 17, 2013 as "<u>Plaintiff's objection to the [future] prohibition against being permitted to file a Rule 37(b) sanction motion </u>" of March 26, 2014. Collins **concealed** Plaintiff's real purpose of Fan 4th Decl: to support sanction motions under Rule 37(b), 56(d)(h), and **concealed** the fact that the Rule 37(b) letter-motion has been filed, on June 17, 2013 supported by Fan 4th Decl and is pending.

147. Collins' wishful "prohibition" did not even exist when Fan 4th Decl was submitted then, and still cannot exist now. "Prohibition" could only be Collins' and Defendants' wishful thinking and their joint mischaracterization[16] of March 26, 2014 Order, nearly a year after Plaintiff submitted Fan 4th Decl.

There are dozens of additional pieces of evidence in the 6th Wang Decl demonstrated that Collins intentionally framed Plaintiff for the contempt of court and violation of FRCP 26(a) and 37(c), procuring the orders of March 26, and July 15, 2014.[17] For example, the ***Fifth*** below regarding he procured and sustained the fee sanction orders,

123. ***Fourth,*** in all of his papers "opposing" Defendants motion under FRCP 37(c), Mr. Collins steadfastly refused to present any of the controlling laws and key facts, such as Fan 4th Decl was prepared and submitted to support motions under FRCP 37(b), 56(d)(h),

---

[16] Collins' misrepresentations, mischaracterizations, positions and goals were the same as Defendants'.
[17] *Id,* ¶¶128-151. See also §IV(D) of Rule 56(h) Motion.

that would be fatal to Defendants' Rule 37(c) motion. In all six(6) sets of papers, Collins relentlessly and deliberately concealed Plaintiff's Rule 37(b) sanction motion **filed** on June 17, 2013 against Defendants' violation of existing discovery Court Orders and spoliation, Instead Collins made "plainly misleading argument" §IV.C.f, and "duplicitous behavior" ¶152, IV.C.e, to frame Plaintiff for violation of the schedule order and contempt of court, and to mislead the Court to grant Defendants' 37(c) motion. **Fifth,** in both versions of "objection" to the Contempt Order in front of Judge Swain, Collins cited *Shamis* and some other totally inapposite cases to *sustain* Contempt Order and to *justify* 37(c) sanction, while Defendants' opposition to "objection" cited the other odd-ball cases. "Objections" again strenuously concealed Plaintiff's spoliation motion, but made intentionally misrepresentations of the key facts, that echoed and supported Defendants' misrepresentation in "Opposition", to make the odd ball cases they jointly cited look like applicable to this Case. Over my strong warnings and objections, Collins deliberately misrepresented to Judge Swain that Plaintiff's spoliation allegation was *only* improperly raised in SJ Opp. Br. exactly as the odd-ball cases cited by Defendants, fn. 78, ¶147-148. Collins cited the first odd-ball "Rule 37(b)" case to support that the Court should consider "AAI's delay" (his delay) as basis for injunction on Plaintiff's *bona fide* 37(b) sanction motion. In the section entitled "The Court Should Not Impose Attorney's Fees and Costs", Collins discarded all the controlling precedents denying fees I had provided. Instead he cited just one case, that is totally irrelevant but *justifies* sanction fees and costs. Collins worked with Defendants hand in gloves in their joint Scheme. They deceived and misled the Court according to their carefully researched roadmap step by step.

### E.  To mislead this Court, Defendants covered up of the new evidence by Defendants' admission of Collins collusion to frame Plaintiff for contempt and to block the FRCP37(b) spoliation sanction motion against Defendants

Pl's Rule 56(h) Objection pointed out Defendants' new admissions that even today, Defendants still must rely on Collins' collusion to cover up their fraud.  See ECF361 at 23.  Defendants' Opp at 11 put the words into Dr. Wang's mouth instead, and claimed it was Dr. Wang letters of January 4, and May 31, 2017 to MJ Pitman complained about this "sole collusion evidence" of Defendants' admission.  These are flat-out false. See Pl's Obj of June 23, 2020, ECF No.442, pp11-14.[18] Unfortunately, June 9, 2020 Order copied Defendants' misrepresentation in "(ECF No. 427 at 10)" and "Id at 11" that MJ Pitman had considered and denied the "sole collusion evidence" in the two Letters in his May 31, 2017 Order.[19]

---

[18] See also Pl's Obj of June 23, 2020, ECF No.442, pp11-14.
[19] Plaintiff filed the 4th Decl of Dr. Xiaolu Wang in MJ Pitman's Chambers in 2015 pursuant to MJ Pitman's orders in 2015. The Wang 4th Decl has nothing to do with the Court's 2012 schedule order. The Court clerk filed it in Sealed Records in 2017 (ECF276).  Plaintiff filed the redacted Wang 4th Decl on February 7, 2020 (ECF 426).

Undisputed documentary evidence that Defendants mischaracterized Dr. Wang's Letters and MJ Pitman's 2017-5-31 Order to cover up their admission of Collins' collusion, and further Defendants altered evidential documents submitted to Chambers of Chief Judge Laura T. Swain in March 2021 to cover up their cover up of their cover up.[20]

### F. Defendants and Collins Colluded with Their Diabolical Deceit to Dismiss Plaintiff's Claim of Misappropriation of Trade Secrets.

An undisputed fact is that Defendants and Collins colluded using their diabolical Deceit to dismiss Plaintiff's claim of Misappropriation of Trade Secrets.[21] Plaintiff's Memorandum of 2008-4-24 in Opposition to Defendants MSJ[22]  was authored by Collins before he was flipped by Defendants. It faithfully quoted Prof. Fan's testimony, e.g., that no random number generators, such as the one used by Defendants (Yield Book Monte Carlo code) can achieve the results he has seen in ACE. *Id.*  p.21. Further, "Defendants refer to the ACE sequences as 'ACE Numbers.' That term does not really reflect the incredible mathematical feat involved in calculating a Low Discrepancy Sequence, a sequence derived from mathematical calculations, that is more accurate than sequences generated using well known public domain pseudo random number generators." *Id.* p.13. In Prof. Fan's Rebuttal Expert Report of July 17, 2012 which rebutted Defendants' own damage expert's report, Prof. Fan further discovered Defendants' massive tampering of ACE test results to cover up that ACE is not just faster but uniformly more accurate than the Yield Book Monte Carlo sequences by magnitudes.

Yet, after he had been flipped by Defendants, in the 2014-5-28 MSJ "Opp" Brief and other Court filings he prepared, Collins deliberately embraced Defs False Claim "Yield Book Monte Carlo code generated ACE sequences" ("DFC") as purported "Plaintiff's claim" over Plaintiff's express objections, and misrepresented Prof. Fan's testimony to its exact opposite as the source to support the DFC. *Infra.*

---

[20] Plaintiff's Motion and Request for Judicial Notice of Documents and Facts Pursuant to F.R.E. 201 in Support of Motions Under F.R.C.P. 59(e) and 60(b) ("Plaintiff's Request for Judicial Notice") of February 1, 2022, §I(A), pp 1-5, 20-22, Annex A, pp1-5. ECF No. 479.
[21] *Id,* pp.6-12, §I(B), ECF. No. 479
[22] Ex. B, Toren Decl. ECF No. 480.

Because Collins concealed the Joint Call of June 18, 2013 with Defense counsel from Plaintiff, the Joint Call was totally absent in all of Dr. Wang's Letters to Judge Pitman and in his declarations and filings before MJ Pitman, contrary to Defendants' misrepresentations. Far from Defendants' blatant misrepresentation to the Court that the Joint Call was the "sole evidence of collusion" in Dr. Wang's two Letters, Dr. Wang's May 31, 2017 Letter to Judge Pitman presented as many as 12 pieces of undisputed collusion evidence.[23] In particular, the Letter exposed Defendants' Mischaracterization in collusion with Collins (referred as Defendants' Deceit therein). For example,

> **2. Their concerted deceit**: (**a**) Defendants mischaracterized Plaintiff's claims as their exact opposite: Defs' **False** Claims; (**b**) **Collins** concealed all the material issues, but echoed and embraced all **Defs' False** Claims as "**AAI's** claims"; then (**c**) Defendants sought SJ by dismissal of "AAI's claims"-- **the straw man** stood up by Defendants, "through the provision of undisputed evidence and unrebutted legal arguments," as [1 above] Moore Letter [of Jan 10, 2017] put it. See 1], 2], ¶1, ¶6.

Dr. Wang's May 31, 2017 Letter to Judge Pitman, p3. Further evidence of collusion at p4, *Id*: Collins and Defendants further submissions to MJ Pitman confirmed that Collins' and Defendants' collusion and conspiracy were deliberate to deceive the Court:[24]

The forgoing evidence is just one of over a hundred of pieces of collusion evidence from the 6th Wang Decl presented in Pl's 56(h) Motion of April 26, 2019. But MJ Pitman turned a blind eye. Instead, the 2019 R&R cited Collins' embracement of **Defs False** Claim: "gauss_random.c (YB Monte Carlo code) generated ACE sequences" as "**AAI**'s claim," *not* as collusion evidence as exposed in Para. 2 **(b)** of Dr. Wang's 2017-5-31 Letter *supra*, but cited it as the pervert "**AAI**'s claim," as the basis to grant Defendants' MSJ, faithfully following Defendants' diabolic Deceit to the Tee. The 2019 R&R also misquoted "Pl's 56.1 Stat 61" and altered the *correct* AAI's claim to Defs False Claim.[25] In turn, the Mem Ord and Nov 4 Ord rubber-stamped the 2019 R&R, and again cited and relied on Defendants' Mischaracterization.

---

[23] Id, Para. 1-5, p2-7. Ex. 1, the 6th Wang Decl.
[24] Dr. Xiaolu Wang's letter to MJ Pitman of January 4, 2017, pp6-7, Ex. 6, and ¶¶205-211, the 6th Wang Decl.
[25] AAI submitted 56.1 Response through another counsel, not Collins.

*Id,* p.4.

Defendants and Collins knew that Defs False Claims are contrary to the undisputed Basic Facts and are the opposite to Plaintiff's claims. But they mischaracterized all of Plaintiff's claims as their DFCs, and then Defendants' MSJ's cited the Basic Facts to refute their purported "Plaintiff's claims (their DFCs)" in their diabolic scheme.

Defendants and Collins' diabolical Deceit is essentially:  since it is undisputed *Plaintiff* did not steal *Defendants'* software code,  so Defendants are entitled to the judgment as a matter of law to dismiss Plaintiff's claim that *Defendants* stole *Plaintiff's* ACE sequences, according to Defendants' the MSJ granted by the Court. Now Defendants and Collins diabolical Deceit has been exposed in plain sight. Because Defendants' purported "Plaintiff's claims" would imply "*Plaintiff* stole *Defendants*' code," to cover up the absurdity of their Mischaracterization, before other courts including potentially appellate courts, Defendants simply switched their purported "Plaintiff's claims" to "Defendants stole Plaintiff's *code*."  ACE sequences are not code, but Defendants misrepresented C.J. Swain's November. 22, 2010 Order as the source, despite that this Order never even mentioned the word "code" and recognized that "[p]laintiff alleges that Defendants misappropriated number sequences developed by Plaintiff's principal, Dr. Xiaolu Wang (the 'ACE Sequences'), during Defendants' testing of those sequences."[26] Defendants also confused "sequences" to "code" everywhere else. Defendants also deliberately changed other "May 31, 2017" to "May 30, 2017," with their altercation of evidence in their productions, *supra*. Plaintiff demanded Defense counsel to correct their misrepresentations as required by the Rules, in the records. Defendants refused, but doubled-down and misrepresented that "ACE sequences are software code," to further confuse the data files with code files, to confuse sequences with code.

---

[26] ECF No. 461, at 2.

G. **Collins and Defendants Colluded to Silence Plaintiff's Witness, and to Persecute Plaintiff with the Orders of March 26, 2014 and the Fee Order. The Court Overruled Defendants' Opposition and Directed Collins to Show Cause.**

Collins colluded with Defendants to procure the Orders of March 26, 2014 from which the Fee Orders flow, and then to use Fee Orders to further persecute Plaintiff, and to coerce Plaintiff and new counsel to "walk away" from the case.[27] Collins' collusion was instrumental in every aspect of Defendants' 3 Prong Scheme. Unfortunately, none of the rulings and decisions by MJ Pitman, C.J Swain and this Court has ever considered any of the evidence. *Id.*

Starting in October 2019, Defendants submitted briefs with extensive misrepresentations of procedural history in this Court to block investigation of the undisputed evidence of Defendants' and Collins' collusion and conspiracy, but to continue relying on the poisonous fruit of their collusion to continue to persecute the victim of their collusion, Plaintiff for the fee sanction procured by Defendants and Collins' collusion.[28]

After Collins has withdrawn from the case, Defendants and Defense counsel still kept close contact with Collins, to apprise him about the progress of the case, e.g., the seeking of sanction fees from Plaintiff, and Fee Orders and their deadlines Defendants obtained from the Court.[29] Defendants and Defense counsel never asked Collins to pay the attorneys' fees, and opposed Plaintiff's requests for Collins to produce his communications with Defendants and Defense counsel.

During the Court Hearing of February 2, 2022, Defendants continued to persecute the victim of their collusion, Plaintiff, for the fee sanction procured by Defendants and Collins' collusion. They opposed any show cause or enforcement actions against their co-conspirator, Collins. Under the Court questioning, Defendants proposed various excuses, but none made any sense. §IV(B), *infra.* , the Court already correctly overruled Defendants' opposition and directed Collins to show cause. See Order to Show Cause at 3, ECF No. 480. See Ex.1, the Court Hr Tr.

---

[27] See Plaintiff's Request for Judicial Notice of February 1, 2022, pp.13-14, ECF. No. 479
[28] See Pl's 54(b) Motion and the Objection, ECF Nos. 423 and 442.
[29] "Defendants have informed Plaintiff's former counsel of the Fee Award and the related deadline," Park's letter to CJ Swain of December 16, 2021, p.2, ECF No. 469. The Court Feb. 2, 2021, Hr Tr. 13:14-16 "Mr. Toren is correct that we advised Mr. Collins of the existence of the fee award and deadline." ECF. No. 481, Ex. 1.

## IV. ARGUMENT

**A. Plaintiff Filed Timely Motions of Reconsideration Pursuant to FRCP 54(b), 59(e) and 60(b), L.C.R. 6.3 Seeking Relief to Vacate/Stay the Orders, which are Under Adjudication. There Is No Basis for Finding Plaintiff Contempt of Court.**

Pursuant to Federal Rules of Civil Procedural  54(b), Federal Rules of Civil Procedural 59(e) and Federal Rules of Civil Procedural  60(b), Local Civil Rule 6.3 and Chief Judge Swain's Show Cause Order, Plaintiff has filed timely motions of reconsideration and relief on October 22, 2021, and December 3, 2021, to vacate or modify the orders of September 30, 2021, and November 4, 2021, March 26, 2014, and the Fee Order.

In particular, Plaintiff demonstrated that it is undisputed that Defendants 3-Prong Scheme and collusion and conspiracy with Collins procured the Match 26, 2014 Order on which the Fee Orders are based. Therefore, the Match 26, 2014 Order must be modified and the Fee Orders must be vacated. Therefore, Plaintiff in good faith believed that the Fee Order together with the Judgment imposed on Plaintiff have at least stayed until the Court adjudicated the pending FRCP 54(b), 59(e), and 60(b) Motion.  There could be no finding of Plaintiff of contempt of the Court.

**B. The Court Should Reaffirm Its Correct Ruling in Its Order to Show Cause that Directs Collins to Show Cause and Respond to the Allegations and Evidence of Collusion**

During the Court Hearing of February 2, 2022, Defendants continued to persecute the victim of their collusion, Plaintiff, for the fee sanction procured by Defendants and Collins' collusion. They opposed any show cause or enforcement actions against their co-conspirator, Collins. Under the Court questioning, Defendants proposed various excuses, but none made any sense. [30]

Defendants claimed "[w]e think we are entitled to seek the sanction from both parties jointly and severally."

----However, Defendants never asked fees from Collins, but claimed: "we are entitled to collect the full award from AAI."

Defendants claimed, "We think it's simply a matter of efficiency."

---

[30] See Order to Show Cause at 3, ECF No. 480.  the highlights in the Court Hr Tr. Ex.1,

--- However, Defendants never explained why they refused the most efficient way, to just ask an answer from Collins when they engaged in the discussion with Collins and emailed him.

Defendants claimed they persecute Plaintiff alone "to induce compliance with future court orders."

----However, it is Defendants failed to comply with 5 existing discovery orders relying on their 3 Prong Scheme and collusion. Plaintiff has not been alleged of failure to comply with any court orders. It is not to "induce", but to coerce, Plaintiff to "walk away" from the case, as Defendants and Collins have tried.

Defendants claimed "I guess I would say two things. First, we are very wary about getting dragged into what we view to be a sideshow with respect to …allegations of collusion."

--- However, contrary to what Defendants "heard," as soon as the Court overruled Defendants opposition, and direct Collins to appear and to answer the questions, immediately the "Fee Reward" got paid in full.  It is Defendants who have made continued vexatious filings. As many as 12 vexatious filings before MJ Pitman, rejected or ignored by MJ Pitman. See Annex A at p.3. Then they filed as many as before in this Court and CJ Swain.  Defendants' sideshow was stopped as soon as the Court issued a correct ruling to direct Collins to show cause.

Defendants' and Collins' diabolical Deceit is not at all "a sideshow." Their 1st Prong of Defendants' 3 Prong Scheme and collusion misled to R&R's to dismiss the case. It is Defendants who are trying to drag the Court into the sideshow to persecute Plaintiff while covering up their diabolic Deceit supported by Collins's collusion, and preventing the Court's investigation. Thus the Court should again direct Collins to show cause and respond to this Motion, and the Court will receive the answers to the critically important questions and resolve the issues quickly and correctly.

The real reason Defendants opposed the Court to direct Collins to show cause, as Defendants' admitted, is that "the allegation of collusion" would be considered. But if there had been no collusion by Defendants and Collins, then there would have been nothing for Defendants to worry about Collins' response.

20

The Court correctly overruled Defendants' opposition and directed Collins to show cause, and Collins paid for the full amount of Fee Reward and conceded his full responsibility. However, Defendants attempted again to single out Plaintiff alone but again leave out Collins for the contempt proceedings. See Park's Letter of Feb 25, 2022, to the Court. Defendants' position is again baseless. By Defendants' same argument of they do not care "apportionments," if Defendants or hypothetically the Court do not like Collins accepted full responsibility and paid in full, and still think somehow that Plaintiff should pay an "apportionment" of the Fee Reward, despite Collins never made such claim, then by Defendants' same argument, "Collins can go sue Plaintiff. But that is not the Court's problem and that's not the defendants' problem."

The Court correctly held that, even according to Defendants' argument, "the issue as to the plaintiff and Mr. Collins is the same."[31] Therefore, even if Defendants have "received the Full Fee Reward" by February 25, 2022,  there is the same issue for Collins' " why [he] should not be held in contempt for failure to comply with this Court's Fee Order requiring payment of Defendants' attorneys' fees in the amount of $57,270.91," with no justification, before February 25, 2022, at least after November 30, 2021, and actually for much longer periods of time since the Court's first Fee Order of December 5, 2020. Plaintiff's motions for reconsideration alleged Collins' collusion with Defendants and did not represent Collins.  So unless Collins would agree to Plaintiff's allegation of collusion, he could not rely on Plaintiff's motions for reconsideration as the basis for his failure to comply with the Court's fee orders.

Collins should be directed to show cause as to why he failed to pay the fees, in particular in the evidence that he had supported and justified the fee sanction in his briefs. §II(D), *Supra,* and in light that he either consented or acquiesced to all of Defendants' 12 applications seeking the fees.[32]  All told, Defendants have filed approximately 30 applications or briefs during the last 6 years to persecute Plaintiff for fees, resulting waste of judicial resources. If he had paid the Fee Reward that he claimed/consented to be justified, in response to any of the Court Fee Orders,

---

[31] The Court Hr Tr. February 2, 2022, 15:12-13.
[32] Plaintiff's Request for Judicial Notice of February 1, 2022, Annex A, p. 3, ECF. No. 479.

none of the subsequent proceedings would have been unnecessary. But if he had done that Defendants would have lost their excuse to persecute Defendants, the victim of their collusion, with the orders that manifest injustice. This was why Collins did not pay until February 2, 2022, Court's Order to Show Cause. The fact that Defendants did not ask him to pay, could only be evidence of his collusion with Defendants, which would not be the proper answer for his violation of the Fee Orders. In sum, the Court should direct Collins to show cause "why [he] should not be held in contempt for failure to comply with this Court's Fee Order requiring payment of Defendants' attorneys' fees in the amount of $57,270.91." before November 30, 2021, just like the Court's Order of February 28, 2022, directed Plaintiff, because the Court's holding that even according to Defendants' argument, "apportionments" are not an issue," and "the issue as to the plaintiff and Mr. Collins is the same."  Plaintiff is a small firm, due to Defendants' theft. In contrast, Collin is an Executive Shareholder of the big Firm, Berger and Montague.

In addition, based on the above facts and the references cited therein, the Court should direct Collins to Show Cause that Direct Collins to Show Cause and Response to the Allegations and Evidence of Collusion respond to the undisputed allegations and evidence. For example, he should answer, why he repeatedly insisted Defs False Claim ("Defendants code generated ACE sequences," implying "Plaintiff stole Defendants' code and ACE is not trade secret.") as purported "Plaintiff's claim" of trade secret misappropriation in the memo to "oppose" Defendants MSJ of May 28, 2014, he prepared. His flipping position from his early briefs at the beginning of his appearance, to embrace Defendants' Mischaracterization happened many years *after* he has become the lead counsel for Plaintiff and become very familiar with the case. The Court is entitled to hear the answers from Collins to their diabolical Deceit that defraud the Court. To defraud the Court is perhaps an ultimate act of criminal instead of only civil contempt of court. "A sanction imposed to punish for an offense against the public and to vindicate the authority of the court, that is, not to provide private benefits or relief, is criminal in nature." *See United Mine Workers,* 330 U.S. at 302–03, 67 S.Ct. at 700–01; *Hess,* 846 F.2d at

115. *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). The case cited by the Order to Show Cause may apply only to Collins, not to Plaintiff. [33]

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this Motion in its entirety.

Dated: March 2, 2022

Respectfully Submitted,

Peter J. Toren
Attorneys for Plaintiff and
Counter-Claim Defendant Advanced
Analytics, Inc.

---

[33] In addition, Plaintiff may file appeal to contempt of court sanction together with appeal to other orders and the final judgment. "The discovery order and contempt judgments with sanctions and expenses are interlocutory orders that must await final judgment. *See International Business Machines Corp. v. United States,* 493 F.2d 112, 114–15 (2d Cir.1973) (order of civil contempt is interlocutory and unchallengeable by appeal until final judgment)," *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)