UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
In re:                             :
                                     Docket #04cv3531
 ADVANCED ANALYTICS, INC.,         : 1:04-cv-03531-LTS-SLC

                    Plaintiff,     :

  - against -                      :

 CITIGROUP GLOBAL MARKETS, INC.,   :
 et al.,                             New York, New York
                                   : February 2, 2022
                    Defendants.
-----------------------------------:  TELEPHONE CONFERENCE
```

PROCEEDINGS BEFORE
THE HONORABLE SARAH L. CAVE,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          KASOWITZ, BENSON, TORRES LLP
                        BY:  PETER TOREN, ESQ.
                        1633 Broadway
                        New York, New York 10019

For Defendants:         CLEARY GOTLIEB STEEN & HAMILTON LLP
                        BY:  THOMAS KESSLER, ESQ.
                             JENNIFER KENNEDY PARK, ESQ.
                        One Liberty Plaza
                        New York, New York 10006

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                        BY:  CHRISTOPHER MOORE, ESQ.
                        2 London Wall Place
                        London, United Kingdom of Great
                          Britain and Northern Ireland

Transcription Service: Carole Ludwig, *Transcription Services*
                        155 East Fourth Street, #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> | <u>**Court**</u> |
|---|---|---|---|---|---|
| None | | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

1

```
 1                                                    3
 2              MR. PETER TOREN:  Peter Toren.
 3              THE CLERK:  Hi, good afternoon.  This is
 4    Chambers.  The Conference should begin in just a few
 5    minutes once Judge Cave arrives, thank you.
 6              MR. TOREN:  Thank you.
 7              (waiting for conference to begin)
 8              THE COURT:   Good afternoon, this is Magistrate
 9    Judge Cave.  We're here for a conference in Advanced
10    Analytics v. Citigroup Global Markets.  Case number
11    04cv3531.  May I have the appearances, starting with the
12    plaintiffs please?
13              MR. TOREN:   Yes, good afternoon, Your Honor,
14    Peter Toren on behalf of AAI, and I believe my client Dr.
15    Wong is on the phone as well.
16              THE COURT:  Okay, good afternoon.  Mr. Wong,
17    are you on the call?  Mr. Wong, do we have you on the
18    line?
19              MR. TOREN:   I guess he's not on yet, Your
20    Honor.
21              THE COURT:   Okay.  All right, and for
22    Citigroup.
23              MR. THOMAS KESSLER:  Good afternoon, Your Honor,
24    Thomas Kessler at Cleary Gottlieb Steen & Hamilton for
25    the defendants.  And I'm joined by my colleague Jennifer
```

```
 1                                                 4
 2   Kennedy Park.
 3           MS. JENNIFER KENNEDY PARK:  Good morning, Your
 4   Honor.  Good afternoon.
 5           THE COURT:  Good afternoon.  Okay, we're here -
 6           MR. CHRISTOPHER MOORE:  Good afternoon, sorry,
 7   this is Christopher Moore with Cleary Gottlieb.  I'm also
 8   on the line.
 9           THE COURT:  All right, good afternoon.
10           MR. MOORE:  I apologize.
11           THE COURT:  That's okay.  All right, so we're
12   here this afternoon on the letter that the defendants
13   submitted back in December, ECF number 469, regarding the
14   fee award that I entered and Judge Swain subsequently
15   affirmed.  It looks like the deadline had passed for
16   payment of that back in November.  So, Mr. Kessler, would
17   you like to start?
18           MR. KESSLER:  Absolutely, Your Honor, thank
19   you.  Just, again, for the record it's Thomas Kessler
20   from Cleary Gottlieb Steen & Hamilton.
21           THE COURT:  Great.
22           MR. KESSLER:  Your Honor, as a preliminary
23   matter, I'm sure you've seen that since we were last
24   before you the district court has issued a number of
25   rulings, and that's culminated in entry of judgment for
```

```
 1                                                    5
 2  defendants in all respects, except for a $1 nominal
 3  damages claim in plaintiff's failure.  The judgment also
 4  includes an award of attorney's fees and costs to
 5  defendants in connection with the defense of the case.
 6  I'm happy to provide a more comprehensive update should
 7  it be helpful --
 8           THE COURT:   That's okay, yes.
 9           MR. KESSLER:   -- but I think that, yeah, I
10  think the issue today is a narrow one.
11           THE COURT:   Yes.
12           MR. KESSLER:   As Your Honor previewed, we're
13  here today on Your Honor's fee award against AAI and its
14  counsel.  That stems from a 2014 sanction imposed by
15  Judge Pittman for plaintiff's violation of Judge Pitman's
16  prior orders and non-compliance with certain applicable
17  Federal Rules of Civil Procedure.  Your Honor reviewed
18  our fee application and awarded defendants $57,270.91.
19  Again, as Your Honor previewed, the deadline to make
20  payment under that fee award was November 29, 2021.  I
21  believe there is no dispute that plaintiff has failed to
22  meet that deadline despite the repeated requests from
23  defendant which began as early as December 1.
24           At no point in the last several months has
25  plaintiff offered any justification for this knowing,
```

1                                                                6

2  willful refusal to comply with the Court's order.

3  Instead, we've heard a single refrain, which I expect

4  we'll hear again today, that the fees should be collected

5  from plaintiff's prior counsel, but we submit the fact

6  that another party may be liable for the fee award is no

7  justification for plaintiff's failure to comply with its

8  wholly independent obligation to pay the fee award, and

9  we are entitled to collect the full award from AAI.

10        Respectfully, we believe that plaintiff's

11 repeated indication of its dispute with prior counsel is

12 effectively attempts to obfuscate, and that whatever that

13 dispute may be, it provides no basis for the willful and

14 knowing noncompliance with Your Honor's order, and we

15 respectfully request that the Court direct plaintiff to

16 make prompt payment or face further sanction.

17        Finally, Your Honor, I'll just note before I

18 pause here that I think the need to hold the plaintiff

19 accountable for its sanctionable behavior has been

20 brought into even more stark relief by plaintiff's filing

21 shortly before midnight last night which purports to

22 request judicial notice of court filings in furtherance

23 of plaintiff's Rule 59(e) motion which has been sub

24 judice for more than a month now.  I'll confess it's not

25 perfectly clear to us whether that request is properly

                                                        7

1

2   directed to Chief Judge Swain or Your Honor, and although

3   we intend to respond to that request and reserving all

4   rights, we think that this is just another vexatious,

5   unreasonable filing that highlights the need to hold

6   plaintiff accountable for its actions in this case.

7           THE COURT:   Just a note on that last point, I

8   think it is before Judge Swain because it seems, to the

9   best I can tell on my court's look, looks like it's

10  related to the motion for reconsideration that

11  (indiscernible).  But that aside, so specifically then

12  the nature of the relief that your letter is seeking is,

13  I mean I guess there's already a court order directing

14  that the fee be paid.  So it's sort of a reiteration of a

15  prior order or is it, are you – I'm trying to understand

16  exactly the nature of what you're asking me to do and my

17  basis for doing it, which obviously is violating a court

18  order is contempt, but your letter's a little bit

19  ambiguous about the basis for that.

20          MR. KESSLER:   Happy to address, Your Honor.  I

21  think, certainly I think the first order of business I

22  would like, I think we're entitled to have plaintiff

23  represent on the record today that it will comply with

24  the Court's order promptly within a set number of days

25  and will make full payment of the fee award.  I think

8

1
2 short of that we believe that some further sanction is

3 appropriate.  I think contempt and the sanctions that may

4 come with that would be appropriate.  I confess, Your

5 Honor, I think it's a little difficult for us to pinpoint

6 with specificity exactly what the appropriate sanction

7 would be.

8        As Your Honor notes, there is already a court

9 order directing them to pay this amount.  Since the

10 issuance of that order, we've also been awarded the

11 attorney's fees and costs for the entirety of the action.

12 And so it's unclear that the imposition of monetary

13 sanctions will further induce compliance with this

14 Court's order.  It doesn't seem that they have thus far.

15        That said, I think that's certainly a place we

16 can start, and we would be happy to provide more

17 specificity or take direction from Your Honor in terms of

18 what the appropriate further sanction might be.

19        THE COURT:   Right.  I think I just – I'll

20 certainly hear from Mr. Toren in a moment, but I know you

21 don't want to have to file another motion in this case,

22 especially for sanctions for, sort of sanctions on

23 sanctions, but I think for good order I need some basis

24 for, and explanation from Citigroup as to what

25 specifically I should order if I find that the plaintiff

```
 1                                                    9
 2  is in contempt of the prior order.  But I'm thinking
 3  aloud a little bit.  So, Mr. Toren, let me hear from you.
 4  So I assume that Mr. Kessler is correct that the fee
 5  award has not been paid as of today?
 6          MR. TOREN:   That is correct, Your Honor.
 7          THE COURT:   Okay.  And do you want to explain
 8  why that hasn't been done?
 9          MR. TOREN:   Yes, Your Honor, the fee order, and
10  I just want to be clear, the sanctions are not against
11  current counsel that are very clearly, and defendants
12  have finally admitted that they're against former
13  counsel, Todd Collins and the Baker [sic] Montague law
14  firm and AAI.  So I just want to be clear with that issue
15  to begin with.  So that's what we're dealing with.
16          And it's our position that because of the
17  collusion that Todd Collins engaged in, and by collusion
18  I mean that he took a position adversarial to plaintiff's
19  position and he hid that from the plaintiff, from Dr.
20  Wong, that there should be, at the very least, an inquiry
21  into that allegation that we've raised in a number of
22  pleadings and that have never been fully addressed by
23  defendant and that Collins, Todd Collins should be
24  primarily, you know, regardless, Todd Collins should be
25  held responsible for that.  Defendants have admitted that
```

```
 1
 2  they have been in contact with Todd Collins, but they
 3  refuse to provide us with any information about emails
 4  between them and Todd Collins and nay reason why they're
 5  not attempting to collect the $57,000 from Mr. Collins
 6  rather than the innocent party in this case, AAI.  And --
 7          THE COURT:   Not so innocent.  Your client, the
 8  plaintiff was also ordered to pay the fee award.  The
 9  award applies to both the plaintiff and Mr. Collins.
10          MR. TOREN:   Well, Your Honor, I agree with that
11  up to a point because the award very basically said, and
12  very simply said, that AAI and its former counsel, but it
13  doesn't set forth any culpability as to the respective
14  portion of which each party is actually due.  And if it
15  turns out that Todd Collins, because of his collusion, we
16  can go through that, but we've raised that numerous
17  times, is 100 percent responsible for the payment, then
18  we feel that it's completely unfair for us to have to pay
19  out the $57,000 now without any determination as to who's
20  primarily responsible for the fee sanction order.
21          THE COURT:   They're jointly responsible.  The
22  Court has ordered that you're jointly responsible.  Judge
23  Swain has said numerous times that this alleged collusion
24  has been raised and rejected.  So if there's a dispute
25  between AAI and Mr. Collins, take it up in state court,
```

11

1

2   but the fee award has to be paid.  That's a court order,

3   and your client is ignoring it and is in contempt of

4   court.  That's very simple.

5          MR. TOREN:   Your Honor, if, in fact, we were

6   found in contempt of court, I believe we have the right

7   to appeal that order to the Second Circuit.  So at the

8   very least we would request that the fee order sanction

9   be continued or be made part of our likely appeal to the

10  Second Circuit, and the Second Circuit can address both

11  of those issues or the issues of the appeal to the

12  judgment and the issues to the fee order at the same time

13  without it piecemeal and unnecessary fee, unnecessary

14  piecemeal appeal process.

15         THE COURT:   Well, here's the other problem, Mr.

16  Toren, respectfully, you have not moved for a stay of the

17  fee order.

18         MR. TOREN:   No, Your --

19         (interposing)

20         MR. TOREN:   Your Honor, that --

21         THE COURT:   -- final.

22         MR. TOREN:   Your Honor, that is not entirely

23  correct.  We did seek that relief in our Rule 60(e) and

24  59(c) motion.  So we did specifically request that

25  relief.  While we didn't perhaps move for a stay in those

12

1
2    words, we did request the Court before Judge Swain to
3    continue the imposition of the fee order pending the
4    appeal and pending the outcome of the 59(c), 60(c) and
5    59(e) orders.  So that's not entirely – that may be
6    substance over form, or form over substance, Your Honor.

7            THE COURT:   No, but she has not stayed, the fee
8    award became final on September 30, 2021.  You did not
9    seek a stay of either the plaintiff's or his formal
10   counsel's requirement to pay the fee award.  So I'm still
11   not seeing why your, it's just a clear case of
12   noncompliance with the court order.

13           MR. TOREN:   Well, Your Honor, I think attempted
14   to put in the record why Todd Collins should be primarily
15   responsible for, wholly responsible for payment of the
16   fee order to avoid continued unnecessary litigation if we
17   have to sue him in civil court, and, more importantly, we
18   have had no information as to why the defendants have not
19   attempted to collect any part of the fee order from Todd
20   Collins.  I understand Your Honor's position that we are
21   jointly and severally responsible for payment of the fee
22   order, but defendants have provided us with no
23   information other than the fact that they've been in
24   email contact with Todd Collins, and there's no
25   information as to why they haven't asked him to pay in

13

1   part the fee order instead of --

2   THE COURT:   There's a court order saying that

3   your client has to pay it, and if your client doesn't

4   like paying it, he can go sue Mr. Collins.   But that's

5   not my problem and that's not the defendants' problem.

6   MR. TOREN:   Well, Your Honor, we would request

7   that then at least that we be provided with copies of the

8   communications between Mr. Collins and defendants.

9   THE COURT:   No, we're not – discovery's over in

10  this case.   So, Mr. Kessler, can you speak to the status

11  of any communications with Mr. Collins about whether the

12  fee order has been paid or will be paid?

13  MR. KESSLER:   Certainly, Your Honor.   Mr. Toren

14  is correct that we advised Mr. Collins of the existence

15  of the fee award and deadline.   We have not received any

16  payment from Mr. Collins, and so in terms of the

17  outstanding amount, it's the full 57,000 remains

18  outstanding.

19  THE COURT:   So would your motion for contempt

20  and additional sanctions be against both the plaintiff

21  and Mr. Collins?

22  MR. KESSLER:   Your Honor, I think we completely

23  agree with some of the, with all the points that you've

24  made, but in particular I think at this juncture this is

14

1

2  a litigation between AAI and our clients, and we think we

3  are entitled to seek the sanction from both parties

4  jointly and severally.  We think it's simply a matter of

5  efficiency.  AAI is the party in this case, they are

6  continuing to appear in this case, they have filed

7  motions as recently as last night.  Mr. Collins has

8  withdrew from this matter several years ago.

9         I think also, Your Honor, importantly one of the

10  purposes of issuing sanctions for failure to comply with

11  a court order is to induce compliance with future court

12  orders, and that purpose is really only served by the

13  satisfaction of the fee award by AAI.

14         THE COURT:  Is Mr. Collins still a member of

15  the bar of this court?

16         MR. KESSLER:  Your Honor, my understanding is

17  that Berger Montague is a law firm based in Pennsylvania.

18  Honestly, I don't know whether Mr. Collins is a member of

19  the New York bar or not or whether he's admitted to the

20  Southern District of New York.

21         THE COURT:  Not New York, but the bar of this

22  court.

23         MR. KESSLER:  Yeah, right, Your Honor, I

24  apologize.  I'm not sure whether he's – I apologize.

25  Your Honor, I could just add limited information on Your

```
 1                                                          15
 2   Honor's question that I believe that Mr. Collins was
 3   admitted to this case on a pro hac vice basis.  So I
 4   don't know how that it impacts Your Honor's question and
 5   whether that is considered that he was once admitted for
 6   the case, that he's still subject to any orders that the
 7   Court may impose upon him.  But I believe, I don't
 8   believe he was a New York attorney nor specifically
 9   barred in this particular jurisdiction.
10           THE COURT:   All right, well, Mr. Kessler, it
11   doesn't seem to cost any – I realizes I'm imposing a cost
12   on you filing a contempt motion, but it seems to me the
13   issue as to the plaintiff and Mr. Collins is the same,
14   they're both in violation of a court order.  So can't
15   your motion just seek to hold both of them in contempt at
16   the same time?  It doesn't seem like the issues are
17   different?
18           MR. KESSLER:   I certainly think that's a
19   possibility, Your Honor.  I guess I would say two things.
20   First, we are very wary about getting dragged into what
21   we view to be a sideshow with respect to plaintiff's
22   repeatedly rejected, unfounded allegations of collusion
23   and the untimely request for discovery and
24   apportionments.  And I hear somewhat that a motion that
25   invites all of the parties together in that way is just
```

1
2  another opening for continued delay, continued vexatious
3  filings.
4          One thought that may be worth considering, Your
5  Honor, is whether at this juncture the Court would issue
6  an order to show cause as to why plaintiff and, if Your
7  Honor would chose, Mr. Collins shouldn't be held in
8  contempt for their violation of a court order.  I'm most
9  certainly happy to take direction from the Court, but I
10 think at this point we are, we really are trying to avoid
11 expending unnecessary additional legal fees.  In
12 particular, you know, when we're already owed this money,
13 there will be a fee award at a later stage in the case
14 that covers a much more substantial amount --
15          THE COURT:   Right, but if --
16          (interposing)
17          MR. KESSLER:   -- and we have no --
18          THE COURT:   If you don't do the research, then
19 I have to.  So I don't know that that's fair either.
20          MR. KESSLER:   Understood, Your Honor.  I think
21 - if it's Your Honor's preference that we file a motion
22 for contempt, you know, I will certainly take the Court's
23 guidance and do that.  I would submit that I think
24 importantly one of the things that we haven't heard yet
25 from the plaintiff in any respect is that as all of this

1

2  motion practice continues to play out, whether or not AII

3  has the financial wherewithal to even satisfy this fee

4  award.  This is an award that's been outstanding in

5  theory for a number of years and outstanding in a certain

6  dollar amount for a substantial period of time.  And

7  we're beginning to get concerned that the fees and costs

8  that we are incurring, which at this point is as a

9  practical matter are being added to plaintiff's tab in

10 respect of the fee award for the entire action, that this

11 is money that my client is expending that will never be

12 recovered.

13         THE COURT:   Well, to be candid, I'll be shocked

14 if you ever see a penny, but that's me just being

15 cynical.

16         Well, if you want me to order discovery of the

17 plaintiffs as to its ability to pay, that's a whole other

18 ball of wax, and I'm not going to do that on an order to

19 show cause.  So if you, if Citigroup – I realize you

20 don't want to put another cent into this, nor do I.  This

21 is now an 18-year-old case that's been through at least

22 three judges, but if you, if Citigroup is worried about

23 this fee being paid and wants to make a motion to hold

24 the plaintiff in contempt and order that the fee amount

25 be held in escrow and all that, then you'll have to brief

18

1

2 that.  I'm not going to do that on my own.  If you want

3 me to issue an order to show cause about why the fee

4 hasn't been paid, that's a much simpler thing, but

5 discovery about financial wherewithal is not going to

6 come along with that because I don't want to open a can

7 of worms for the same reasons why you don't.

8      MR. KESSLER:   Completely understood, Your

9 Honor.  I think at this juncture if – I think the order

10 to show cause that would be, that we would contemplate

11 would be as to why the nonpaying party or party should

12 not be held in contempt for their violation of the court

13 order.  I think if Your Honor's preference would be only

14 to issue an order to show cause as to why the award

15 hasn't been paid and to the extent any contempt

16 proceedings or finding of contempt is contemplated, that

17 that should come in the form of a motion from defendants,

18 then we can certainly take that back and take the

19 appropriate steps.

20      THE COURT:   Okay.  All right, I may not – I

21 don't know that I'm going to decide this (indiscernible).

22 I think I have to think about how to handle it.  Mr.

23 Toren, anything else that you want to add about the way

24 that this issue gets teed up?

25      MR. TOREN:   Your Honor, the only thing I would

```
 1
 2   add is the question of plaintiff's ability, the questions
 3   involving the plaintiff's ability to pay any fee award
 4   including the 57,000 and any possible potential award of
 5   fees down the street if the Second Circuit was so
 6   inclined to uphold Judge Swain's judgment, I think it
 7   would be very premature at this time.  And I think Your
 8   Honor is correct that it would open up a whole
 9   unnecessary can of worms that would lead to exactly what
10   the defendants have indicated that they want to avoid at
11   this time as additional attorney's fees.  So that would
12   be my only point at this time that I would agree with
13   Your Honor's position on that particular issue.
14           THE COURT:   Okay.  All right, well, I will
15   reflect on what I've heard today and we will issue an
16   order to the parties with further instructions as to
17   whether we'll go the route of an order to show cause or
18   if we'll ask Citigroup to file a motion and include a
19   briefing schedule for that as well.  Is there anything
20   else, Mr. Toren, you'd like to raise today while we're
21   assembled?
22           MR. TOREN:   No, Your Honor, but thank you for
23   your opportunity.
24           THE COURT:   Okay, Mr. Kessler.
25           MR. KESSLER:   No, Your Honor, thank you as
```

```
 1                                                    20
 2   well.
 3           THE COURT:   All right, thank you, everyone.
 4   We're adjourned for today.
 5                   (Whereupon the matter is adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                                                                    21

2                        C E R T I F I C A T E

3

4          I, Carole Ludwig, certify that the foregoing

5     transcript of proceedings in the United States District

6     Court, Southern District of New York, Advanced Analytics,

7     Inc. versus Citigroup Global Markets, Inc., Docket

8     #04cv3531, was prepared using PC-based transcription

9     software and is a true and accurate record of the

10    proceedings.

11

12

13    Signature_____*Carole Ludwig*_____

14                        Carole Ludwig

15    Date:  February 3, 2022

16

17

18

19

20

21

22

23

24

25