**Peter Toren** <ptoren@petertoren.com>   Fri, Apr 30, 2021, 12:50 PM

to Jennifer, Christopher, Thomas, Jim, Andy, Daniel, chenc@lilaw.us

Jennifer, please call me at 646-623-4654 at 2:30.
Thanks,
Peter

From: **Dahrouge, Adrienne** <adahrouge@cgsh.com>
Date: Fri, Apr 30, 2021 at 11:45 AM
Subject: RE: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies
To: Peter Toren <ptoren@petertoren.com>, Park, Jennifer Kennedy <jkpark@cgsh.com>
Cc: Moore, Christopher P. <CMoore@cgsh.com>, Kessler, Thomas <tkessler@cgsh.com>, Jim Li <lij@lilaw.us>, Andy Pierz <pierza@lilaw.us>, Daniel Peterson <petersond@lilaw.us>, chenc@lilaw.us <chenc@lilaw.us>

Peter,

As previously mentioned, we are available today from 12:00 pm to 3:30 pm ET for a call.  Please let us know what time in that window works best for you and we will circulate a dial in.

Best,

Adrienne

___

**Adrienne Dahrouge**

Cleary Gottlieb Steen & Hamilton LLP

**From:** Peter Toren [mailto:ptoren@petertoren.com]
**Sent:** Friday, April 30, 2021 10:27 AM
**To:** Park, Jennifer Kennedy <jkpark@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Kessler, Thomas <tkessler@cgsh.com>; Dahrouge, Adrienne <adahrouge@cgsh.com>; Jim Li <lij@lilaw.us>; Andy Pierz <pierza@lilaw.us>; Daniel Peterson <petersond@lilaw.us>; chenc@lilaw.us
**Subject:** Re: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Jennifer:

When are you available to talk this afternoon? What number can you be reached at?

Defendants stated that they always included index file(s) with their production to the Court, of the file names (and ECF numbers if available) in chronological order, as Plaintiff's requested.

Defendants have no basis to withhold from us the index file(s) of Defendants' second production to the Court (hand delivered). Please provide us at least the index files asap.

Regards,

Peter

On Thu, Apr 29, 2021 at 12:41 PM Dahrouge, Adrienne <adahrouge@cgsh.com> wrote:

Peter,

Defendants continue to deny any and all allegations of wrongdoing, including Plaintiff's vague and wholly unfounded assertion that Defendants in any way altered evidence or the documents provided to Chambers. For the reasons previously stated in our email dated April 27, 2021, Plaintiff's continued reliance upon FRE 201(b) is misplaced and inapposite. If Plaintiff continues asserting frivolous and baseless arguments of this nature, Defendants reserve the right to seek the appropriate sanctions, including attorneys' fees and costs.

Should Plaintiff still be interested in a meet and confer, we are available tomorrow from 12:00 pm to 3:30 pm ET for a call.

Best,

Adrienne

___

**Adrienne Dahrouge**

Cleary Gottlieb Steen & Hamilton LLP

**From:** Peter Toren [mailto:ptoren@petertoren.com]
**Sent:** Wednesday, April 28, 2021 10:02 PM
**To:** Park, Jennifer Kennedy <jkpark@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Kessler, Thomas <tkessler@cgsh.com>; Dahrouge, Adrienne <adahrouge@cgsh.com>; Jim Li <lij@lilaw.us>; Andy Pierz <pierza@lilaw.us>; chenc@lilaw.us; Daniel Peterson <petersond@lilaw.us>
**Subject:** Re: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Jennifer:

Even in "transparent" productions to the Court, Defendants have altered evidence. One wonders in un-transparent productions, what have Defendants done. And in the sealed filings and the filings without ECF entries, what Defendants and their co-conspirator, Collins have done.

Adrienne's email below confirmed Defendants' position that they refused to produce any relevant sealed filings requested by the Court that are not in the possession of Plaintiff' counsel, to continue to obstruct the investigation by the Court and Plaintiff. Plaintiff will request the Court to take judicial notice of these facts.

Both parties have requested the Court not to take action now, to allow the parties to continue to meet and confer. The Court has already made repeated requests for Defendants to produce "the entire universe" of the additional files. It is absurd for Defendants to ask the Court to repeat the same requests, and then interpret the Court's patience and courtesy as the Court's approval to their brazen defiance of the Court's requests. The Court may issue orders/requests after the report of meeting and conferring, or may grant a motion for judicial notice, or may direct Defendants to answer the facts, or may direct the key evidence ,i.e. the Collins' emails with Defendants or the files withheld by Defendants and Collins be produced to Plaintiff, so Plaintiff's counsel may have access to the emails and filings that they are entitled to as of right, to help the Court.

Defendants misinterpreted the law. FRE201(b) set forth:

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

> **(1)** is generally known within the trial court's territorial jurisdiction; or
>
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The fact listed by Plaintiff's numerous emails, such as the seven facts in (1)-(7), Para. 1 in the email of March 15 are facts which Defendants must answer: they are either true or false; not "arguments" portrayed by Defendants. There Plaintiff identified each of the facts, and the corresponding source, to be an "adjudicative fact,"  that is readily determined from the corresponding sources which are not reasonably in dispute.

As Notes of Advisory Committee defined clearly:

> "What, then, are "adjudicative" facts? Davis refers to them as those "which relate to the parties," or more fully:
>
> "When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts. * * *…They relate to the parties, their activities,…" 2 Administrative Law Treatise 353."

The cases cited by Defendants are totally inapposite. In *725 Eatery Corp. v. City of New York, 408 F. Supp. 3d 424 (S.D.N.Y. 2019)* the applicant allegedly failed to "specify precisely the adjudicative fact that the court should notice," and "to point this Court to a source from which this fact may be "accurately and readily determined." Thus "the court will take judicial notice of" some facts while it denies the other "as unnecessary to its disposition of [granting plaintiff's motions] without prejudice to renewal at a later time."

 Whereas in this case, Plainiff pinpointed the adjudicative facts and the source from which the facts may be accurately determined.

Contrary to Adrienne's suggestion, sources considered appropriate under FRE 201(b), are not at all limited to "dictionaries or encyclopedias", but expressly include court filings, even in other courts, certainly in this Court. See the authority cited by Adrienne: *Lopez v. Nike, Inc.,* No. 20CV905PGGJLC, 2021 WL 128574, at *6 (S.D.N.Y. Jan. 14, 2021)(internal citation omitted). ("Moreover, the Court may "take judicial notice of documents filed in other courts[.]"*.* Therefore, the facts asserted by Bloomingdale's in its supplemental brief, all of which are ascertainable through …by reference to other judicial proceedings and were taken under judicial notice in *Adidas,* are subject to judicial notice in this case as well")

Defendants claimed that "there is no request for relief before the court that is in any way relevant to [these facts]." This claim is obviously false.  Defendants brazenly ignored the relevance and importance of these facts to the pending proceeding. They have confirmed this relevance with their altercation of evidence in order to cover up their misrepresentations of these facts to the Court. Defendants' misrepresentations are their admission of their motivation of the altercation and to other acts.

 In sum, Defendants again totally failed to dispute any facts. Their objection and refusal to meet and confer have no basis.

Sincerely,

Peter

On Tue, Apr 27, 2021 at 11:18 AM Dahrouge, Adrienne <adahrouge@cgsh.com> wrote:

Peter,

As you are aware, on March 10, 2021, Plaintiff received, via a secure file transfer site, the same set of documents that Defendants sent overnight to the Court via FedEx on March 18, 2021.  Defendants have been transparent with Plaintiff throughout the entire process regarding precisely which documents were being provided to the Court and have fully complied with Chambers request for courtesy copies.  Tellingly, Chambers has not made any follow up requests.

Plaintiff's reliance upon FRE 201(b) is likewise misplaced.  There is no request for relief before the court that is in any way relevant to Plaintiff's assertions below, which are both factually incorrect and

irrelevant as a matter of law.  In any event, FRE 201(b) does not provide Plaintiff with a basis to advance baseless argument, but is rather a means for the court to take notice of an "adjudicative fact" that is readily determined from sources not reasonably in dispute.  *See 725 Eatery Corp. v. City of New York*, 408 F. Supp. 3d 424, 457 (S.D.N.Y. 2019) (declining to take judicial notice where party did not identify a source from which the proposed fact could accurately be determined and there was ambiguity in the record regarding the proposed fact).  Sources such as dictionaries or encyclopedias are among those considered appropriate under FRE 201(b).  *See e.g.*, *Lopez v. Nike, Inc.*, No. 20CV905PGGJLC, 2021 WL 128574, at *6 (S.D.N.Y. Jan. 14, 2021) (internal citation omitted).  This rule thus has no application in the current posture of this matter – all three of the relevant motions identified by Chambers in its initial January 26, 2021 request for courtesy copies have been *sub judice* for more than eight months – or in any event to the allegations below, which Defendants dispute.

Regards,

Adrienne

___

**Adrienne Dahrouge**

Cleary Gottlieb Steen & Hamilton LLP

**From:** Peter Toren [mailto:ptoren@petertoren.com]
**Sent:** Monday, April 26, 2021 8:33 PM
**To:** Park, Jennifer Kennedy <jkpark@cgsh.com>
**Cc:** Dahrouge, Adrienne <adahrouge@cgsh.com>; Kessler, Thomas <tkessler@cgsh.com>; Jim Li <lij@lilaw.us>; Moore, Christopher P. <CMoore@cgsh.com>
**Subject:** Fwd: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

 Jennifer,

We repeatedly requested for a copy of Defendants' production to the Court on March 23, 2021, pursuant to Hon. Swain's I.R.A(1)(c), but still have not received it. Defendants email below claimed that they had sent "advanced notices" of their production to Plaintiff. That is cold comfort.  The correspondences below already pointed out the undisputed facts, e.g., despite of Defendants' "advanced notice" that their production would include Dr. Wang's May 31, 2017 letter to MJ Pitman, their subsequent production to the Court altered all the date to "May 30, 2017."

Even today, Defendants have not corrected the material altercations in their production, despite they have not disputed any of the facts listed in our email of March 15, 2021 that have been verified by the records, e.g., the facts relating to Defendants' intentional

altercation of the evidence in order to cover up their misrepresentations in their briefs submitted to MJ Cave and this Court (e.g., "MJ Pitman's May 31, 2017-5-31 Order had considered and then rejected the 'sole evidence' of the collusion [of the June 18, 2017 Joint Call purportedly contained] in Dr. Wang's January 4 Letter and May 31, 2017 Letter.")

Pursuant to FRE201(b), Plaintiff intends to request the Court to take judicial notice to these undisputed facts. Please indicate whether Defendants consent to the request. If Defendants do not consent or dispute any of the facts, instead of a vacuous "categorical denial," they must make the best efforts to state any material disputes with supporting evidence, if any, to respond to each of these listed facts, e.g. (1)-(7) of Para.1, in order to resolve or narrow down the issues. Again avoiding all the substance with a mere "categorical denial" of the records is meaningless and fails to fulfill the meet and confer requirement as set forth in Hon. Swain's Individual Practice.

Moreover, Defendants repeatedly defied the Court requests "for defense counsel, which has been involved in this case since its outset, to email a full set of electronic copies of those [filings sealed or without ECF entries] to chambers," "a complete list of relevant filings," of "the entire universe."

Defendants knew that all these filings are contained in and could be retrieved from the emails of either you or Chris with Collins. Defendants knew that Collins refused to produce these emails to Plaintiff, and that only they have all these relevant files.

Both you and Chris knew that Adrienne has no knowledge regarding these files. So why did Defendants not allow Adrienne the access to the files in the emails, but directed Adrienne to "spend consider considerable resource" to search in the cleansed "general records"? In response to our requests, under Defendants direction, Adrienne first gave the wrong answers; and then rejected them as "piece meal[]".

Defendants' altercation of the evidence is an admission that they considered the filings requested by the Court and Plaintiff is important evidence, so important that Defendants risked getting caught to alter the evidence. We have not heard from Defendants as to why only their motions are relevant and have been produced, while Plaintiff's opposition papers to the motions in the same sealed filings are irrelevant.

Defendants repeatedly rejected Plaintiff's requests for these relevant filings by requiring Plaintiff to produce these files, and to send these files either to Defendants or to the Court. The undisputed facts are that Defendants have all these filings but refused to produce any filings that Plaintiff's counsel does not have.

We urge Defendants to change their position. Otherwise Plaintiff also intend to request the Court take judicial notice of these undisputed facts, which are consistent with the prior oppositions and obstructions by Defendants and Collins to the Court's investigation of the allegations of their collusion and conspiracy.

I am available to discuss these issues on the phone, tomorrow afternoon between 3-4pm EST.  If this does not work for you, please advise some other time slots that will work for you asap.

Sincerely,

Peter

---------- Forwarded message ---------
From: **Moore, Christopher P.** <CMoore@cgsh.com>
Date: Tue, Mar 23, 2021 at 5:42 AM
Subject: RE: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies
To: Peter Toren <ptoren@petertoren.com>, NYSD Swain Corresp <SwainNYSDcorresp@nysd.uscourts.gov>
CC: Dahrouge, Adrienne <adahrouge@cgsh.com>, Park, Jennifer Kennedy <jkpark@cgsh.com>, Jim Li <lij@lilaw.us>, Kessler, Thomas <tkessler@cgsh.com>, chenc@lilaw.us <chenc@lilaw.us>, Andy Pierz <pierza@lilaw.us>, Daniel Peterson <petersond@lilaw.us>

Your Honor,

I write in response to Mr. Toren's email and letter dated March 19, 2021. As stated in Defendants' letter dated March 18, 2021, Defendants have provided to the Court all documents we believe are responsive to the Court's request and have provided Plaintiff with ample opportunity to supplement Defendants' multiple productions to the extent it wished to do so. If Plaintiff believes there are additional filings that are relevant to the three matters pending before Your Honor that were filed under seal or in redacted form, Defendants have no objection to Plaintiff's providing those documents directly to Chambers. However, Defendants do not believe that any further action is needed to fulfill the Court's request.

Finally, for the avoidance of doubt, Defendants categorically reject Plaintiff's allegations regarding Defendants' supposed treatment of the files provided to Your Honor, as well as Plaintiff's suggestion that it was not provided with copies of the documents Defendants submitted to Chambers. To the contrary, as the correspondence Plaintiff forwarded to the Court makes clear, Plaintiff has received advanced notice of each production Defendants have made to Chambers.

Respectfully Submitted,

Christopher Moore

---

**Christopher P. Moore | Attorney, New York**

Cleary Gottlieb Steen & Hamilton LLP


**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** 19 March 2021 21:45

**To:** NYSD Swain Corresp <SwainNYSDcorresp@nysd.uscourts.gov>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Dahrouge, Adrienne <adahrouge@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Jim Li <lij@lilaw.us>; Kessler, Thomas <tkessler@cgsh.com>; chenc@lilaw.us; Andy Pierz <pierza@lilaw.us>; Daniel Peterson <petersond@lilaw.us>
**Subject:** Re: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Dear Chambers of Judge Laura Taylor Swain:

    We represent Advanced Analytics, Inc ("Plaintiff"). We are responding to Christopher Moore's letter to Chambers of March 18, 2021 ("Letter"). This Letter ignored Plaintiff's repeated requests for Defendants to comply with Chambers' requests to produce a complete set of relevant files, while grossed over Defendants' continued failure and refusal to comply with Chambers' requests. Id, Fn.1.

    1.    Both Mr. Moore and Ms. Park have totally failed to respond to our emails, e.g., the email to Mr. Moore and Ms. Park of March 15, 2021. See Ex.1.  Therefore, it is undisputed that Defendants altered the evidence in their March 1, 2021 Production sent to the Court in an attempt to cover up their misrepresentations. Worse, Defendants presented their altered evidence in the files of "Supplemental Production" of March 1, as "requested by Plaintiff," and in "a set of documents identified as responsive solely by Advanced Analytics, Inc." See Moore's Letter

    Nonetheless, Defendants' alteration of the evidence confirmed that Defendants considered the filings requested by Plaintiff are not just relevant, but are important evidence, and so important that Defendants risked getting caught to alter it. This belied Defendants' purported belief that the requested files were "irrelevant" or "irresponsive."

    2.    The Court repeatedly requested Defense counsel to produce "a complete set of the relevant files," but Defendants failed to comply. Chambers reiterated again and again and called for "the entire universe." Moore's Letter totally failed to address the Court's requests. Defendants cannot continue to impose the burden on the Court to specify "additional documents." Entire universe means entire universe. It is not for Defendants to pick and choose their files for the Court.

    Moore's letter suggested that Defendants produced all of Plaintiff's requested production, and then in Fn.1 claimed that Plaintiff had "failed it". The fact is that Defendants ignored and rejected Plaintiff's repeated requests. *See* Plaintiff's counsel's emails of March 15, March 10, March 8, and March 1. Ms. Dohrouge's email of March 16 claimed that Defendants and defense counsel would not "entertain" any requests. Defendants rejected specific requests as "piece meals." Defendants picked ECF246 as "piecemeal" from Plaintiff's list of February,16, and misleadingly called it "April 25, 2014,s MSJ Opposition." Plaintiff identified it as the parties' briefs before May 5, 2014. Yet, Defendants included only their motion of April 29, 2014, without Plaintiff's opposition in the production. We have not heard from Defendants as to why only their motions are relevant and have been produced, while Plaintiff's opposition papers to the motions are irrelevant. Defendants also failed to produce large numbers of relevant files without ECF entries for several specific ranges. For example, in their March 1, Production, Defendants refused to produce several dozens of relevant filings without ECF entries on or before May 31, 2017, by calling them "irrelevant," except for the Dr. Wang 2017-5-31 Letter which Defendants have altered. In this production Defendants only included the files Plaintiff provided to them, and then they claimed and imposed the "totality" burden of production on Plaintiff's counsel, knowing that it is easy and only possible only for Defense counsel to produce them from the emails with Collins.

    3.    Defendants assigned Ms. Dohrouge to "search" the files. She has no knowledge and has been given no access to either the missing files or the emails with Collins from which one can

identify the filings sealed or without ECF entries. Mr. Moore and Ms. Park refused to answer why they would not respond to Plaintiff's requests, and why they would not allow Ms. Dohrouge to access the missing files. When Mr. Moore or Ms. Park may easily produce the relevant missing files or let Ms. Dohrouge access the emails with Collins to collect the files, it is wasteful to allegedly "spent considerable resource" to let Ms. Dohrouge search the cleansed records or to write "back and forth" for Defendants to obstruct the Court's requests.

Plaintiff will continue to meet and confer with Defendants to ensure a complete set of relevant files are produced. For now, Plaintiff is requesting Defense counsel to provide also to Plaintiff all files Defendants sent to the Court on March 18; and to respond to Plaintiff's email of June 15.

Respectfully submitted,

/s/ Peter J. Toren

Peter J. Toren

Attorneys for Plaintiff and Counterclaim-Defendant

Advanced Analytics, Inc.

cc: All counsel of record

On Tue, Mar 16, 2021 at 1:31 PM Peter Toren <ptoren@petertoren.com> wrote:

Subject: RE: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Chambers,

We are still waiting for a response from lead defense counsel, Ms. Jennifer Park or Mr. Christopher Moore, to correct their March 1 Production. Please see our emails on March 15, March 8, and March 1 below. So far, we have only heard from Ms. Adrienne Dahrouge, who has no personal knowledge and has not been given access to either the emails with Collins, or the relevant missing files. But we will continue to meet and confer to ensure a complete set of relevant files are produced for the Court.

Many thanks for your consideration.

Respectfully submitted,

Peter Toren

Member - N.Y., CA, D.C. Bars

(646) 623-4654

ptoren@petertoren.com

---------- Forwarded message ---------
From: **Dahrouge, Adrienne** <adahrouge@cgsh.com>
Date: Tue, Mar 16, 2021 at 8:32 AM
Subject: RE: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies
To: Peter Toren <ptoren@petertoren.com>, Park, Jennifer Kennedy <jkpark@cgsh.com>, Moore, Christopher P. <CMoore@cgsh.com>
Cc: Jim Li <lij@lilaw.us>, Kessler, Thomas <tkessler@cgsh.com>, chenc@lilaw.us <chenc@lilaw.us>, Andy Pierz <pierza@lilaw.us>

Peter,

Suffice it to say, Defendants reject any suggestion by Plaintiff that they have acted inappropriately in any way, or that the Court has not already been provided with all documents responsive to the Court's email dated January 26, 2021. Defendants have spent considerable time and resources responding to Plaintiff's purported concerns, as well as locating numerous documents Plaintiff seeks to provide to the Court, despite Defendants' belief that they are irrelevant to the Court's request. As stated in our March 8, 2021 email, we will no longer continue to entertain piecemeal requests and complaints from Plaintiff, nor will we engage in further back-and-forth regarding Plaintiff's baseless, false claims regarding Defendants' conduct. If Plaintiff does not provide us with an updated zip folder reflecting the totality of the documents it wishes to transmit to Chambers by end of day March 17, 2021, we will transmit to Chambers the set of documents which were provided to Plaintiff on March 10, 2021.

Regards,

Adrienne

___

**Adrienne Dahrouge**

**From:** Peter Toren [mailto:ptoren@petertoren.com]
**Sent:** Monday, March 15, 2021 7:46 PM
**To:** Park, Jennifer Kennedy <jkpark@cgsh.com>; Moore, Christopher P. <CMoore@cgsh.com>
**Cc:** Jim Li <lij@lilaw.us>; Kessler, Thomas <tkessler@cgsh.com>; chenc@lilaw.us; Dahrouge, Adrienne <adahrouge@cgsh.com>; Andy Pierz <pierza@lilaw.us>
**Subject:** Re: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Jennifer and Chris,

1. We were surprised that you now claimed that Dr. Wang's letter of May 31, 2017 was submitted on May 30, 2017, when you know all along that it was actually submitted on the evening of May 31, 2017 after MJ Pitman issued his May 31, 2017 Order that afternoon. From May 31, 2017, to June 7, 2017, within the seven days alone, both of you personally confirmed/received confirmations of this fact more than seven times as shown by the following:

(1) Dr. Wang's 2017-5-31 Letter was emailed to all counsels including both of you, in the night of 2017-5-31, hours after the May 31, 2017 Order that was issued that afternoon; (2) early the next morning, Collins and you communicated. Then, your associate Nathaniel E. Jedrey emailed Collins et al, cc'ed to both of you, demanding that Dr. Wang withdraw his letter filed the previous night or else Defendants would seek sanctions on him for violating the May 31, 2017 Order; (3) next, at 7 a.m., Collins forwarded Jedrey's email and also demanded Dr. Wang to withdraw his May 31, 2017 Letter; Dr. Wang refused, and Collins' email reported Dr. Wang's refusal back to both of you and to Jedrey; (4) shortly after 10 a.m. on June 1, 2017, Collins sent a letter to MJ Pitman to report Dr. Wang's purported willful violation of the May 31, 2017 Order, seeking sanctions against Dr. Wang; (5) Dr. Wang filed a letter on June 2, 2017 to MJ Pitman that confirmed his May 31, 2017 Letter was actually filed after the May 31, 2017 Order ("Without the benefit [of Dr. Wang's letter] of May 31, 2017, the Order criticized that [Dr. Wang] had not cited evidence of collusion."); (6) Collins and Defendants were disappointed that MJ Pitman did not sanction Dr. Wang over next three days, so Collins followed up with June 5 Letter to MJ Pitman, again reaffirming that Dr. Wang clearly filed his 2017-5-31 Letter long after he emailed the May 31, 2017 Order to Dr. Wang; (7) on June 7, Dr. Wang sent a letter to MJ Pitman, reaffirming that the basis to file his 2017-5-31 Letter after the May 31, 2017 Order was "to report [the conspiracy] to the Court and Judge Swain," for the first time.

Since then from 2017 until most recently, in all of Defendants' pleadings, Defendants referred to this letter as "Dr. Wang's May 31, 2017 Letter." However, in Defendants' March 1, 2021 production, the date of Dr. Wang's May 31, 2017 Letter has been all altered to "2017-5-30," in an attempt to support Defendants' misrepresentation that "MJ Pitman had considered the 'sole evidence' of the collusion [of the June 18, 2017 Joint Call purportedly contained] in Dr. Wang's January 4 Letter and May 31, 2017 Letter before he issued the 2017-5-31 Order."

We requested Defendants correct the record. Defendants failed to comply by dismissing the importance of this alteration. We disagree. Defendants should not have altered evidence to support their misrepresentations. Denying our allegations as "bombastic and false" is no justification. Without correcting the records in the March 1 production, Defendants' proposed resubmission of the so-called "version of it [Dr. Wang's 2017-5-31 Letter]" will only muddy the water and confuse the Court's records. Further, MJ Cave's decision relied upon and cited Defendants' misrepresentations. *See* ECF 449. Thus, Defendants' misrepresentations are material.

In addition, Defendants' new alteration of the date of 2017-5-31 Letter stands out because of Defendants' other misrepresentations have been demonstrated as false. The records show the facts: (a) neither the January 4, 2017 letter, nor the 2017-5-31 Letter nor the 4th Wang Declaration mention the June 18 Call; (b) the direct collusion evidence of Collins' secret withdrawal of the 37(b) Sanction Motion behind Plaintiff's back was not contained in any of Dr. Wang's filings, but was admitted to by Defense counsel in filings between October 2019 and November 2020. (c) Defendants have now admitted that MJ Pitman's observation in a footnote in May 31, 2017 Order that "[Dr. Wang presented] no evidence" was mistaken because even the 4th Wang Declaration contains collusion evidence without taking into account the massive collusion evidence contained in the 6th and 7th Wang Declarations filed in 2018-2019.

2. Defendants have claimed that they have made a "good faith" effort to search for documents as required by the Court. However, Adrienne was nonresponsive to our request to consult with you and check the emails between Collins and Defense counsel but it is still limited to "a review of our Firm's records generally" which do not include the emails.  All of the sealed filings and the filings without ECF entries were made by the parties' attorneys, and are identified in these emails. None of the Court's orders or memoranda were ever filed under seal or without ECF entries. These emails can be checked to easily identify all of the sealed unprivileged filings and the filings without ECF entries by the parties, in particular all of the missing filings, such as those listed in point three below.  It is not good faith for Defense counsel to now take the position that "we will not identify or provide any files unless Plaintiff has done so," and shift the "totality" of the production to Plaintiff's counsel. Defendants are the only party that has that information. The Court placed the duty on defense counsel to produce a complete set of relevant files. We are asking you to not take an adversarial attitude for our help to ensure a complete set of files is produced.

3. Thank you for including the filings we provided last week in the proposed production. However, these 13 relevant filings are only for the dates between November 11, 2016, and June 7, 2017. Defendants should include all of the other filings without ECF entries, especially in the ostensible gaps, e.g., between December 2012 and before February 8, 2013, and then after June 4, 2013, and before November 11, 2016. Adrienne's email is nonresponsive. Defendants' belief regarding whether ECF276 includes these filings without ECF entries is irrelevant. If the hard copies of these filings were not filed unsealed subsequently by MJ Pitman's Chambers, it is even more important to produce the text files to the Court. Regarding ECF246, the proposed production listed only number "42. 2014-04-29 Letter to Judge Pitman.pdf", which actually is Defendants' renewed letter motion to strike Plaintiff's MSJ Opposition of April 25, 2014, however, did not list Plaintiff's opposition to that motion. Similarly, the productions listed only some of the other Defendants' motions, *e.g.*, Application for Fees, but not Plaintiff's oppositions. Please check the emails with Collins to ensure a complete set of the collection is produced.

4. ECF459 contains only the filings that are redacted by Defendants. Plaintiff did not "select" them but filed them as produced by Defendants. It is Defendants who have picked and chosen these files and the files in their productions. Defendants have claimed that they produced Plaintiff's files in zip form because "they are too large to transmit otherwise." Defendants should explain as to why they refused to produce the original redacted 1MB text file that generated the images of 30 MB of the redacted Fourth Fan Declaration as contained in ECF 459. Defendants' proposal to refile the unredacted 4th Fan Declaration multiple times does not fulfill the Court's request for "unredacted copies of the redacted filings" and it does correct the handicap imposed on the Plaintiff, the public, and also the Court.

Regards,

Peter

On Thu, Mar 11, 2021 at 1:06 PM Peter Toren <ptoren@petertoren.com> wrote:

Adrienne

I am waiting to get my first vaccine shot today and I will be traveling over the weekend, so I will not be able to review Defendants' proposed production you recently sent by Friday. But will do so by Monday.

I appreciate your courtesy.

Sincerely

Peter

On Wed, Mar 10, 2021 at 10:03 AM Dahrouge, Adrienne <adahrouge@cgsh.com> wrote:

Peter,

I will shortly send, via a secure file transfer site, an updated zip folder containing Plaintiff's additionally requested materials.  We intend to provide these documents to Chambers on Friday, March 12, absent receiving a comprehensive zip folder from Plaintiff containing any additional documents it wishes transmitted to the Court before that date.  We are also available to discuss any questions you may have by phone if that would be helpful.

Best,

Adrienne

___

**Adrienne Dahrouge**

Cleary Gottlieb Steen & Hamilton LLP


**From:** Dahrouge, Adrienne
**Sent:** Monday, March 8, 2021 6:31 PM
**To:** Peter Toren <ptoren@petertoren.com>
**Cc:** Kessler, Thomas <tkessler@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Moore, Christopher P. <cmoore@cgsh.com>; Jim Li <lij@lilaw.us>; chenc@lilaw.us
**Subject:** RE: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies


Peter,

We have made a good faith effort to comply with Plaintiff's expansive series of requests and, to the extent we understood them, to respond to Plaintiff's repeated grievances regarding our efforts.  We have provided you with all of the documents you have requested and that we are able to identify and locate.  We have attempted to respond to each of your points in turn, below.  We will send you back an updated zip folder including the documents you have attached to your email, as well as those noted below, as soon as we are able to.  Plaintiff should either send us back an updated zip folder reflecting the totality of the documents it wishes to transmit to Chambers or we will provide Chambers with the files we have gathered.  We will not continue to entertain piecemeal requests

and complaints, nor will we engage in further back-and-forth regarding Plaintiff's bombastic and false claims regarding Defendants' conduct.

1. As we stated in our email dated February 24, 2021, we do not believe ECF 276 contains <u>any</u> filings by Defendants.  As we noted then, footnote 1 to ECF 275 states that "Because counsels' declaration in support of their motion to withdraw disclosed communications between plaintiff and its counsel, I permitted the motion papers to be filed directly with my chambers, <u>without service on counsel for defendants</u>.  Copies of counsels' papers and plaintiff's responses will be filed under seal contemporaneously with the filing of this Order."  ECF 275, p 2, fn 1 (emphasis added).  We therefore do not have copies of those papers to include.  We further note that although Plaintiff has included various letters from Defendant or exchanged among the parties under the entry for ECF 276 in its List, you have provided no basis or evidence to suggest that those letters were in fact docketed at 276.

Regarding the May 2017 letter from Dr. Wang, we will include the version of it you attached to your email, as well as all of the files attached to your email, in our updated zip folder.

2. The files will be transmitted to the Court in the same format as the March 1, 2021 transmission – specifically the files will be PDFs.  In an attempt to avoid further debate, we will rename the files that have an ECF number to include with the relevant ECF number, but note that many of the documents Plaintiff is requesting do not appear to have ever been on the docket and/or have no corresponding ECF number.

3. The List Plaintiff sent us on both February 16, 2021, as well as March 1, 2021 does not include Plaintiff's Rule 56.1 Response dated June 6, 2013.  We will add it into the updated folder, but if Plaintiff wants any further documents to be included in our transmission to the Court, it should include them in an updated, comprehensive zip folder sent back to us.

4. The full unredacted version of the Fourth Fan Declaration, as well as the full set of accompanying exhibits, was contained in the files sent to both you and the Court on March 1, 2021.  However, to avoid further debate, we will add the Fourth Fan Declaration again to the updated zip folder.  The reference to 'Redacted Fourth Fan Exhibits,' as Plaintiff should be well aware given the date of that folder, is a reference to ECF 459, wherein Plaintiff uploaded a set of select, redacted exhibits to the Fourth Fan Declaration.

5. For the avoidance of any confusion, when we refer to being unable to identify or locate certain files based on Plaintiff's description of them, that includes a review of our Firm's records generally.

6. The files are in zip folders because they are too large to transmit otherwise.  Additionally, as you know, this is not an ECF filing and ECF rules do not apply.  In any event, per Chambers' request, the files will be transmitted via CD or USB, and the method by which they are saved is irrelevant (although we note that Court did not have any issue with our last transmission, which also contained .zip files).

Regards,

Adrienne

___

**Adrienne Dahrouge**

Cleary Gottlieb Steen & Hamilton LLP

**From:** Peter Toren [mailto:ptoren@petertoren.com]
**Sent:** Monday, March 8, 2021 12:06 PM
**To:** Dahrouge, Adrienne <adahrouge@cgsh.com>
**Cc:** Kessler, Thomas <tkessler@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Moore, Christopher P. <CMoore@cgsh.com>; Jim Li <lij@lilaw.us>; chenc@lilaw.us
**Subject:** Re: Advanced Analytics, Inc. v. Citigroup Global Markets, Inc. et al, No. 04-cv-3531 - Electronic Courtesy Copies

Adrienne,

In order to fulfill the request for Defendants made by the Court, we have always requested especially that Defendants must identify and provide the relevant filings that have no ECF entries and/or were filed under seal. To assist Defendants in this regard, we provided Defendants with the February 16 List which red-highlighted some of the sealed ECF numbers and some of the sealed filings without entries that were filed with the Court. The List was only for Defendants' convenience and obviously was not intended to be complete. We provided the same List to Defendants on March 1, as well, that contained a few more highlights in response to Defendants' inaccurate answers and nonresponses.

On March 1, the Court reiterated its requests, of "filings relevant to the Objections" and rejected Defendants' mischaracterization of "relevant to the decisions." Plaintiff suggested from the beginning, that if Defendants believed that any of the filings without ECF entries or sealed filings are not relevant to the Objections, Defendants should highlight and comment on the entries and filings on the List. This should be more helpful to resolve the matter than simply to voice abstract objections.

Your email stated that "Defendants have identified all but three" of Plaintiff's requested documents.  However, scanning through the index and the files you provided this weekend, it appears that much of the explicitly requested files are missing. For example,

1. We pointed out that ECF276 of June 1, 2017, included more than a dozen and listed many of non-privileged relevant filings by Defendants alone without corresponding ECF entries, instead only the May 31, 2017 Letter of Dr. Wang to MJ Pitman as claimed by Defendants. Your email below stated the date to be "May 31, 2017." However, none was produced by Defendants. Further, in three places of March 1 Production, in the Index, No.10, the filing date and the date of the May 31 Letter, and the file name of the May 31, 2017 Letter, the date of Dr. Wang's May 31, 2017 letter has all been altered to "May 30, 2017."

Defendants knew that Dr. Wang's letter was faxed to the Court in the evening of May 31, 2017. Through Collins, Defendants first intimidated Dr. Wang with the threat of sanctions to withdraw the May 31 Letter on June 1. After Dr. Wang refused, Collins and Defendants then attempted to sanction Dr. Wang for filing the May 31, 2017 Letter in violation of this May 31, 2017 Order. The fact that May

31 Letter was filed after the May 31 Order is also obvious from Collins' letters to MJ Pitman on June 1 and June 5, attached to Dr. Wang's letter to MJ Pitman on June 7, 2017, attached to this email. Please add this filing with all attachments to the proposed transmission to the Court. All these attempts, however, failed. In connection with the Objections, Defendants changed their admitted timing of the May 31 Letter in order to misrepresent that MJ Pitman had read the evidence in May 31 Letter before he issued the May 31 Order. We hope that Defendants will correct this mistake in all three places, so we can avoid burdening the Court with this issue.

2. The Court also directed defense counsel to transmit any additional filings in the same format as the transmission of March 1, in order "to avoid varying formats." The March 1 transmission incorporated the ECF numbers and dates in the file names in the February 16 List, except for their alternation of the May 31 date for the Letter. In this proposed production, the names of the files omitted all the ECF Numbers. This will make the Court's efforts to sort out the files more difficult. Please include the corresponding available ECF numbers in the file names, when you review the List.

3. For Defendants' filings in each ECF entry, Defendants submission/proposed submissions include all the supporting declarations, with all exhibits listed as separate file entries for each of Defendants' declarations.  In contrast, for Plaintiff's filings, the submissions often omitted the facts and the supporting declarations, and/or all of the exhibits, but included only Collins' briefs. For example, there doesn't appear to be a Plaintiff's Rule 56.1 Response on June 6, 2013. Further, there are only Collins' three briefs but no declarations and supporting exhibits submitted by Plaintiff in connection to its Objections on September 28, 2012. Regarding ECF 246, Defendants corrected only part of the error we noted and included only Defendants' renewed sanction motion without including Plaintiff's response.  Defendants should comply with the Court's request to submit all the relevant filings by both parties, instead of files "selected" by Defendants.

4. The Court requested "unredacted copies of redacted filings." Defendants now claim that they are refusing to produce any "redacted filings," in violation of Defendants' request. However, Defendants' submission included "Selected [Redacted] Exhibits Fourth Fan Declaration" from ECF 459, but omitted the redacted Fourth Fan Declaration itself. Defendants created the super-sized image files from the original small-sized text pdf files, which should be produced. There is no justification for Defendants to produce "Selected" files. Please comply with the Court's request and ensure a complete set of electronic text files, including the redacted filings, are produced.

5. You stated that "we were unable to identify or locate" three files in the List. Ms. Park and Mr. Moore have personal knowledge regarding these filings and should be able to assist you in locating these files. You should be given access to the emails with Collins. Reviewing these emails in these corresponding dates should identify or locate these three files. This is an opportunity for Defendants to show that they are willing to identify and produce at least some files that Plaintiff are not able to do.

6. In Defendants' productions, all of Defendants' files are individual pdf files while Plaintiff's files of declarations and supporting exhibits mostly are zipped. Please unzip all of them pursuant to ECF filing rules.

We have listed here only a few examples, but please go through the List again.  We will confer on all the entries once we receive Defendants' response.

Regards,

Peter