

- 40 East 80th Street, New York, New York, U.S.A 10075  •646-623-4654  • ptoren@petertoren.com  www.petertoren.com • Admitted: CA, D.C., N.Y. Bars

February 24, 2022

VIA ECF

Chief Judge Laura Taylor Swain
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 702
New York, NY 10007
VIA ECF ELECTRONIC FILING

### MEMO ENDORSED

*Re. Advanced Analytics, Inc. v. Citigroup Global Markets Inc. et al,*
*04 Civ. 3531 (LTS) (SLC)*

Dear Chief Judge Swain:

    We represent Advanced Analytics, Inc. (the "Plaintiff"). We write because we are unsure about the Court's intention from its endorsement (the "Order," ECF No. 487) of Citigroup Global Markets, Inc. and The Yield Book Inc. (the "Defendants")' response and application of February 8, 2022 (the "Application," ECF No. 485) containing numerous improper and confusing requests regarding *Plaintiff's motion pursuant to F. R. E. 201 in Support of Motions Under F.R.C.P. 59(e) and 60(b)* (the "FRE 201 Motion," ECF No. 479). And we are concerned that the two sentences in our letter of February 9, 2022 (ECF486), which was not intended as the response to Defendants' long Application filed the night before, may be misunderstood by the Court. Accordingly, Plaintiff respectfully seeks for the Court to clarify/modify its Order, pursuant to Local Civil Rule 6.3 and Fed. R. Evid. 201(c)(2) and (e). If the Order would require the Court's leave for a motion to reconsider itself, Plaintiff would seek leave to do so.[1] The proposed letter motion to reconsider is attached as Ex.1 for the Court's convenience.

    Defendants filed its Application in the evening of February 8, 2022 without consulting Plaintiff, in violation of the Court's Individual Rule of Practice 2(b). Concerned that the Court would endorse Defendants' improper request without allowing Plaintiff the opportunity to respond as before, on February 9, 2022, Plaintiff informed the Court of its intention to file a response in the 1-page letter. Regarding Defendants' request for extension of the deadline for

---

[1] See MJ Cave June 9, 2020 ECF 438 at 17, "The Second Circuit has noted that, 'a court has no power to prevent a party from filing motions authorized by the Federal Rules of Civil Procedure,'" or by Federal laws for that matter. *Eisemann v. Greene*, 204 F.3d 393, 397 (2d Cir. 2000). See *Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 242 (2d Cir. 2004) ("See 28 U.S.C. § 2071(a) (mandating that court rules remain consistent with general rules of practice and procedure); Fed.R.Civ.P. 83 (same);") (citing to other authority). The Federal Rules of Evidence is Federal statutory law.

"fulsome briefing," "Plaintiff would welcome the opportunity." "This would also be consistent with Defendants' request." Fn 1, p.1, *Id*. (ECF No. 486.)

Unfortunately, without allowing Plaintiff's response of being heard, the Court endorsed the "[a]pplication granted to the extent that Defendants' time to respond to Plaintiff's motion and request for judicial notice (docket entry no. 479) is held in abeyance pending the Court's resolution of [Plaintiff's Motion under Rule 59(e) and 60(b)]."

This ruling is unclear to us. Without clarification by the Court, *if* the Court were to deny Plaintiff's Rule 59(e) and 60(b) Motion (ECF No. 467), the Order would deny Plaintiff's FRE 201 Motion by Defendants mere baseless "Application" without providing an opportunity for Plaintiff to respond "on the propriety of taking judicial notice," as provided by FRE 201(e) (Either "party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the nature of the matter noticed"). It would also be contrary to FRE 201(c)(2) ("the Court must take judicial notice if a party requests it and the court is supplied with the necessary information.").

The Application presented no basis to deny the FRE 201 Motion in support of the Rule 59(e) and 60(b) Motion. Thus, Plaintiff respectfully believes that the Court may have misunderstood Plaintiff's consent to "fulsome briefing" as to "hold in abeyance."[2] To avoid any doubt, by "[t]his would also be consistent with Defendants' request," Plaintiff meant Defendants' request that "the Court [should] set a briefing scheduling providing Defendants with two weeks from the date of such scheduling order to submit their opposition to the Rule 201 Motion," and Plaintiff's reply would one week after their opposition.  Plaintiff definitely does not consent to denying FRE201 Motion in support of Rule 59(e) and 60(b) Motion by holding it in "abeyance."

The Application presented no substantive opposition to the FRE 201 Motion.  Plaintiff respectfully submits that the Court should resolve the FRE 201 Motion before or at least with the Rule 59(e) and 60(b) Motion, and grant the Application's request to the extent that Defendants file their opposition brief within 14 days from endorsement of this Letter, and Plaintiff may file reply within 7 days afterwards.

Respectfully submitted,

/s/ Peter Toren
Peter J. Toren

Plaintiff's letter-motion to modify the Court's endorsement dated February 10, 2022 (docket entry no. 487) is denied.  The Court received and considered Plaintiff's letter dated February 9, 2022, before issuing that endorsement.  Plaintiff's motion for judicial notice (docket entry no. 484) is not denied.  It shall remain pending, and further briefing on that motion shall remain held in abeyance, pending the Court's resolution of Plaintiff's pending motion for reconsideration (docket entry no. 467), which may render moot the need for further briefing on Plaintiff's motion for judicial notice.

SO ORDERED.
Dated: March 8, 2022
/s/ Laura Taylor Swain, Chief U.S.D.J.

---

[2] Plaintiff's Letter requested only the court hold its rulings until after Plaintiff's response to Defendants' Application. But its Docket entry under the rigid ECF format had to be "Letter Motion to Continue." This may have compounded the misunderstanding. Docket Entry 489: "…[486] LETTER MOTION to Continue Ruling on Defendants Request. addressed to Judge Laura Taylor Swain from Peter J. Toren dated Feb. 9, 2022 filed by Advanced Analytics, Inc. Application granted to the extent that…"