UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

        Plaintiff,

-v-                                                  No. 04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC., et al.,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff Advanced Analytics, Inc. ("Plaintiff" or "AAI") moves, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6), for reconsideration and relief from the Court's Judgment entered on November 5, 2021 (docket entry no. 465), and related orders.  (Docket entry no. 467 ("Reconsideration Motion").)  Plaintiff also moves, pursuant to Federal Rule of Evidence 201, for the Court to take judicial notice of certain documents and facts submitted in support of Plaintiff's motion for reconsideration.  (Docket entry no. 479 ("Motion for Judicial Notice").)  The Court has reviewed carefully the parties' submissions on both motions and, for the following reasons, Plaintiff's motions are denied.

        The factual background of this case has been discussed in prior orders of the Court; the parties' familiarity with those orders is assumed.

<u>Motion for Reconsideration</u>

        Plaintiff seeks reconsideration of the Court's Judgment against it and related orders (<u>see</u> docket entry nos. 461 & 464) pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6).  Rule 59(e) allows parties to submit a motion to "alter or amend a

judgment" no later than "28 days after the entry of the judgment." Rule 59(e) motions are granted to "correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence," Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)), and are not vehicles for parties to relitigate cases or advance new theories that they failed to raise in their underlying motion practice. Melnitzky v. Rose, 305 F. Supp. 2d 349, 352 (S.D.N.Y. 2004).[1] Accord Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"). Reconsideration under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect;" "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or for "(6) any other reason that justifies relief." Rule 60(b), which "may not be used as a substitute for a timely appeal," authorizes relief only upon a showing of exceptional circumstances. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) motions which merely seek to relitigate the merits of the Court's prior decisions are properly denied on that

---

[1] Plaintiff does not argue that any new evidence has come to light, or that any intervening controlling law has been issued, after the Court's Judgment and related orders, which might warrant relief under Rule 59(e) or 60(b).

basis.  United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) ("We have warned, however, that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" (citations omitted)); Moreno-Cuevas v. Huntington Learning Ctr., 501 F. App'x 64, 66 (2d Cir. 2012) ("[B]oth a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided."); Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").  Accord Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001) ("Courts in this circuit have repeatedly dismissed Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process.").

Motions pursuant to Rules 59(e) and 60(b) are committed to the sound discretion of the district court.  Olson v. Major League Baseball, 29 F.4th 59, 72 (2d Cir. 2022) ("[W]e generally review the denial of a reconsideration motion under Federal Rules of Civil Procedure 59(e) and 60(b) for abuse of discretion."); Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) ("Regardless of whether the motion should have been made or construed pursuant to Rule 59(e) or Rule 60(b), the standard of review is the same: abuse of discretion.").

Plaintiff's Reconsideration Motion is, in essence, an attempt to relitigate issues which the Court addressed in prior orders, including some dating as far back as 2012, 2013, and 2014.  (See Reconsideration Motion at ix, 4, 11-13; see also docket entry no. 474 ("Opp.") Annex A (Defendants' collection of instances in which Plaintiff has raised the same arguments in this case).)  Indeed, most of Plaintiff's principal arguments (Reconsideration Motion §§ I-IV) seek to relitigate matters presented to and addressed by the Court in connection with Judge

Pitman's reports and recommendations on the parties' motions for summary judgment (docket entry nos. 112 & 340) and this Court's adoption of those reports. Plaintiff's sixth argument (Reconsideration Motion § VI) reraises the same allegations of conspiracy and collusion between Plaintiff's former counsel and Defendants that Plaintiff has asserted in this case for several years. See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04-CV-3531-LTS-SLC, 2020 WL 3056450, at *7-8 (S.D.N.Y. June 9, 2020) (collecting instances in which Plaintiff had raised arguments concerning its prior counsel's collusion with Defendants), objections overruled, No. 04-CV-3531-LTS-SLC, 2021 WL 4478621 (S.D.N.Y. Sept. 30, 2021). These arguments simply attempt "to relitigate issues and thereby circumvent the appellate process," Bennett, 156 F. Supp. 2d at 273, and are rejected on that basis.

    Plaintiff's fifth argument (Reconsideration Motion § V) takes issue with the Court's most recent Order (at docket entry no. 464), which directed the entry of judgment in favor of Plaintiff on a limited aspect of its breach of contract claim and awarded damages on that aspect of Plaintiff's claim in the nominal amount of $1—and otherwise directed the entry of judgment in Defendants' favor. Plaintiff argues that this Order "deprived Plaintiff's rights under [Rule] 56 and constitutional due process" by denying Plaintiff "an opportunity to gather the evidence for any of [ ] three measures of damage from" Defendants' limited breach of the parties' non-disclosure agreement ("NDA"). (Reconsideration Motion at 21-23.) Yet Plaintiff had an opportunity to gather the evidence it sought during discovery, and indeed submitted expert testimony concerning its damages in connection with the parties' first motions for summary judgment—although, as Judge Pitman explained, that evidence was not probative of damages stemming from the limited breach as to which the Court granted partial summary judgment in Plaintiff's favor. (Docket entry no. 112 at 34-40.) Moreover, while a claimant is

generally entitled to proceed to trial on the issue of contract damages when the amount of damages is merely undetermined, courts may properly award only nominal damages at summary judgment where the existence of damage is "uncertain or speculative," <u>Contemp. Mission, Inc. v. Famous Music Corp.</u>, 557 F.2d 918, 926 (2d Cir. 1977).  <u>See</u>, <u>e.g.</u>, <u>Maalouf v. Citigroup Glob. Markets, Inc.</u>, 156 F. App'x 367, 369 (2d Cir. 2005) (affirming limitation of damages at summary judgment to nominal damages); <u>Jill Stuart (Asia) LLC v. Sanei Int'l Co.</u>, 566 F. App'x 29, 32 (2d Cir. 2014) (affirming entry of summary judgment and award to plaintiff of nominal damages where the plaintiff had failed to show a theory on which more than nominal damages could be recovered); <u>Vanderburgh v. Porter Sheet Metal, Inc.</u>, 86 A.D.2d 688, 446 N.Y.S.2d 523, 525 (3rd Dep't 1982) ("In the absence of a triable factual issue on the question of damages, Special Term properly awarded nominal damages on the cause of action for breach of contract.").  <u>See also</u> <u>ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.</u>, 485 F.3d 85, 93 (2d Cir. 2007) (a trial is not justified where it "can have no effect on the judgment").  In this case, in light of the Court's adoption of Judge Pitman's 2009 report and recommendation (docket entry no. 112) as to the nature of Defendants' breach of contract, an award of nominal damages, rather than a trial as to those damages, is appropriate.  (<u>See</u> docket entry no. 464 at 3-4.)

    The Court has considered Plaintiff's remaining arguments and concludes that they do not warrant the requested relief under Rule 59(e) or 60(b).  Therefore, and for the reasons set forth in Defendants' opposition brief, Plaintiff's Reconsideration Motion is denied.[2]

---

[2]  The Court has considered Defendants' request that the Court sanction Plaintiff, as well as their concern that portions of Plaintiff's filings may not be "prepared with the substantive involvement of counsel." (Opp. at 15.)  The Court declines in its discretion to impose such sanctions, and concludes that the "further inquiry" (<u>id.</u>) requested by Defendants as to the authorship of Plaintiff's submissions is not in the interests of justice at this time.

Motion to Take Judicial Notice

More than one month after Plaintiff filed its reply brief in support of its Reconsideration Motion, Plaintiff filed a separate motion, pursuant to Federal Rule of Evidence 201, requesting that the Court take judicial notice of (1) "all of the undisputed facts" in its accompanying memorandum of law, and (2) eleven exhibits filed in connection therewith, consisting of correspondence and filings related to this action and another action Plaintiff filed in this District in 2020 (Advanced Analytics, Inc. v. CitiGroup, Inc., No. 20-CV-7034-PGG). (Docket entry no. 479.)

District courts may take notice of facts that are "not subject to reasonable dispute," if such facts are "generally known" within the court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because judicial notice forecloses the parties' "opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998). With respect to documents from other litigations, "[a] court may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'" Id. (quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992)). Facts proffered or adjudicated in another case "do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source." Id.

Moreover, judicial notice "is not intended as a vehicle for advancing legal principles." Joyner v. Alston & Bird LLP, No. 21-CV-8549-AT-SLC, 2022 WL 913061, at *2

(S.D.N.Y. Mar. 29, 2022) (quoting Williams v. Silliman, No. 9:11-CV-1477, 2014 WL 991876, at *4 (N.D.N.Y. Mar. 13, 2014)), opinion clarified, No. 21-CV-8549-AT-SLC, 2022 WL 997385 (S.D.N.Y. Apr. 1, 2022).  Nor is a motion to take judicial notice an appropriate means to supplement a previously filed motion for reconsideration when the information proffered as judicially noticeable was available to the filing party at the time it filed for reconsideration. AlexSam, Inc. v. Aetna, Inc., No. 3:19-CV-01025-VAB, 2021 WL 3268853, at *9 n.8 (D. Conn. July 30, 2021) ("AlexSam has not offered any support for its contention that this letter is properly before the Court on a motion for reconsideration. AlexSam has not explained any reason for failing to include the letter in its earlier filings; argued that this letter is new evidence discovered after the Court's order of dismissal; or explained its failure to include or reference this letter in its motion for reconsideration.").

In this case, much of Plaintiff's Motion for Judicial Notice is, like its Reconsideration Motion, an attempt to relitigate disputes previously presented to and addressed by the Court, including Plaintiff's allegations of collusion on the part of its prior counsel, and to add color to those allegations.  To the extent the Motion for Judicial Notice seeks to bolster the arguments made in that Reconsideration Motion, the Court disregards it as an unauthorized surreply.  Farmer v. Cnty. of Westchester, No. 18-CV-2691-NSR, 2021 WL 4199944, at *5 (S.D.N.Y. Sept. 15, 2021) ("The Court does not consider Plaintiff's unauthorized sur-reply considering his failure to first seek leave to file such a sur-reply."); Intellivision v. Microsoft Corp., 784 F. Supp. 2d 356, 366 n.4 (S.D.N.Y. 2011) ("the Court need not consider many of these untimely, multiplicative, and unauthorized filings"), aff'd, 484 F. App'x 616 (2d Cir. 2012).  To the extent it seeks for the Court to accept the truth of the "undisputed facts" presented in Plaintiff's own correspondence and memoranda submitted to this Court and in Plaintiff's 2020

action, the Motion for Judicial Notice seeks relief outside the purview of Rule 201. To the extent it seeks yet again to urge the Court to consider stricken documents (see docket entry no. 479-11 (resubmitting stricken Exhibit SSS to the Fourth Fan Declaration)[3]) in connection with the merits of this case, Plaintiff and its counsel are advised that further such submissions may result in the imposition of sanctions.

Plaintiff's Motion for Judicial Notice is granted, on consent (docket entry no. 485), to the limited extent that the Court acknowledges the existence of the documents submitted by Plaintiff which were previously filed or submitted in connection with this case and with Plaintiff's 2020 action. It is otherwise denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (docket entry no. 467) and motion to take judicial notice (docket entry no. 479) are denied.

This Memorandum Order resolves docket entry nos. 467, 479, and 484. The Clerk of Court is also respectfully directed to terminate the gavel at docket entry no. 472 (see docket entry nos. 473 & 475.)

SO ORDERED.

Dated: New York, New York  /s/ Laura Taylor Swain
    July 7, 2022  LAURA TAYLOR SWAIN
  Chief United States District Judge

---

[3]  See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 301 F.R.D. 47, 53 (S.D.N.Y. 2014) (overruling Plaintiff's objections to Judge Pitman's order striking Exhibit SSS, among other submissions, for merits purposes).