

• 40 East 80th Street, New York, New York, U.S.A 10075 •646-623-4654 • ptoren@petertoren.com
www.petertoren.com • Admitted: CA, D.C., N.Y. Bars

July 21, 2022

VIA ECF

Chief Judge Laura Taylor Swain
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 702
New York, NY 10007
VIA ECF ELECTRONIC FILING

***Re. Advanced Analytics, Inc. v. Citigroup Global Markets Inc. et al,***
***04 Civ. 3531 (LTS) (SLC)***

Dear Chief Judge Swain:

We represent Advanced Analytics, Inc. ("AAI", "Pl", "Pl") in the above-captioned case. Respectfully, we request for the Court to reconsider its order of July 7, 2021 (ECF No.472, the "July 7 Ord"), which denied Pl's motion under FRCP 59(e) and 60(b)(1), (3), and (6) (ECF no. 467, the "FRCP 59(e)60(b) Motion") and Pl's motion pursuant to Federal Rule of Evidence 201, for the Court to take judicial notice of certain documents and facts in support of Pl's FRCP59(e)60(b) Motion. (ECF no. 479, the "FRE201 Motion").

July 7 Ord perfunctorily cited that "Rule 59(e) motions are granted to 'correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.'" But the Order did *not* address nor consider at all *any* of the numerous clear errors specified in the FRCP 59(e)60(b) Motion,[1] let alone to correct the errors and to prevent manifest injustice, as required by FRCP59(e). The Order did *not* review the court's related decisions, let alone in light of the availability of massive new evidence.

July 7 Ord also cited in passing that "Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of '(1) mistake, inadvertence, surprise, or excusable neglect;' '(3)fraud (whether previously called intrinsic or extrinsic),misrepresentation, or misconduct by an opposing party;' or for '(6) any other reason that justifies relief.'" But the Order did *not* even address nor consider at all *any* of the numerous "mistake[s], inadvertence[s], surprise[s], or excusable neglect;" and any of the fraud, and other reason[s] that justifies relief, specifically listed in the FRCP 59(e)60(b) Motion, *id*.

We shall address these points in seriatim.

[1] Fact Statement ("Fact") §§I-VI, pp.2-13, and Argument §§I-IV,pp13-21, *Id.*

**The Order's summary denial of FRCP 59(e)60(b) Motion based on its endorsement of Defendants' evasion of all the substance is contrary to the law**

The Order swept aside all the undisputed facts including the clear, compelling, and conclusive evidence of Defendants' fraud and conspiracy with Collins, with a single denial "an attempt to relitigate issues which the Court addressed in prior orders, including some dating as far back as 2012, 2013, and 2014." *Id* at 3. "Attempt to relitigate" is the sole excuse which Defendants relied upon to evade all the substance and allegations in all the proceedings supported by the massive new evidence since AAI's counsel entered an appearance after 2017.

The Order cited Defendants' "Annex A (Defendants' collection of instances in which Pl has raised the same arguments in this case)," but the record demonstrates that they are instances of facts and issues that have *never* specifically considered and decided in any of the Court's orders subsequent to the proceedings post 2017, which are only two: the orders of September 30, 2021, and Nov. 4, 2021, despite Defendants rubber-stamped the same nonspecific "seek to relitigate issues," or "arguments previously litigated " 13 times from the two orders, despite these issues have never been litigated, not even for the first time. Annex A, Pl's Reply, ECF. no. 476.

In fact, the Order did not say anything about the case. FRCP 59(e)60(b) Mot pointed out the factual background and holding of Mem Ord of Sep 30, 2021 cited from Feb. 8, 2013 Ord are embodiment of Defendants' Three Prong Scheme. Defendants' Opposition could not dispute, conceded and withdrew its 1st Prong: Defendants' Mischaracterization of *Pl*'s claim as *Defs* False Claim. However, the Order did not correct but still maintained "the factual background of this case has been discussed in prior orders."Thus apart from whether issues related to fraud, respectfully, the Court must consider and decide these specific issues for reliefs pursuant to FRCP59(e) and FRCP 60(1)(6). *Infra.*

Assuming, *arguendo*, that the Court had considered the facts and ruled on the issues before, still Defendants' evasion of all the substance solely relying on their misleading rubber-stamping "attempt to relitigate," is still contrary to the law, so is the July 7 Ord's denial of FRCP 59(e)60(b) Motion based on Defendants' rubber-stamp evasion. Such one sentence denial, if left stand, would deny *all* of motions to reconsider, deny *all* motions under FRCP 59(e) and 60, and shield the most egregious fraud perpetrated on the Court and extrinsic fraud from punishment, such as the ones committed by Defendants in this action. FRCP 59(e) and 60 would be nullified.

As the Court *correctly* recognized, Pl's objections "detail alleged collusion between Defendants and Pl's prior counsel and what Pl believes are Defendants' **'three levels of fraud' perpetuated on the Court** in this action; claim that the collusion and fraud call into question the rulings issued by this Court from the 'latter part of 2012 until 2014'," (bold face emphasis added, as hereinafter). Mem Ord of Sep 30, 2021 at 13.

Fraud on the Court far exceeds the standard of fraud on an adversary justifying relief under FRCP60(b)(3). An element of fraud on the court is that the conduct is committed by an officer of the court (e.g., by one Defense attorney and/or Collins in collusion with Defendants) "**in fact deceives the court**." [2] Here Defendants have procured the orders. Thus to deny the FRCP 60(b)(3)

[2] Fraud upon the court consists of five elements: "1. On the part of an officer of the court; 2. That is directed to the 'judicial machinery' itself; 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. **That deceives the court**." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir.1993). Third Circuit held, "fraud upon the court requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." *See* Fn. 1, *Herring v. U.S.*, 424 F.3d 384, 390 (3d Cir, 2005).

motion based on the sole excuse of "an attempt to relitigate" is to categorically deny ***all reliefs from fraud on the Court***, which is the most serious type of fraud among all the fraud entitled to reliefs under FRCP60(b)(3).

Defendants' successful Three Prong Scheme stand alone is fraud on the Court.[3] The 1st Prong, Defendants' Mischaracterization of Pl's claims as Defendants False Claims was designed and implemented by Defense counsel. So was the 2d Prong, e.g., Misrepresentation of the 3 Radak Code files as the 1000+TYB-RCS code files. And so was the 3d Prong: it was Defense counsel who misrepresented to the Court the so-called "The Yield Book sequences" of Radak and Polish (who had no personal knowledge), as the sequences used by The Yield Book.

Defendants' Level 3 Fraud: Collins collusion and conspiracy with Defendants, e.g., misrepresenting Prof. Fan's testimony to its exact opposite, perhaps the most valuable trade secrets in the world ACE sequences as "no trade secret," is also fraud on the Court and is extrinsic fraud. Pl must emphasize that FRCP60(b)(3) applies to all kinds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The U.S. Supreme Court distinguished extrinsic fraud from intrinsic fraud in the seminal case *United States v. Throckmorton*, 98 U.S. 61, 65, 25 L.Ed. 93 (1878) :

> [B]y reason of something done **by the successful party** [Defendants] to a suit, there was in fact no adversary trial or decision of the issue in the case. Where **the unsuccessful party** [AAI] has been prevented from exhibiting fully his case, by fraud or deception practiced on him by his opponent, as by keeping him away from court,.. or where an attorney [Collins] fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing.

Accord *Chevron Corp. v. Donziger*, 974 F.Supp.2d 362 (2014):

> Those actions constituted fraud on the court because they involved misconduct by both court [officers] and a litigant that went directly to the integrity of the process. In any case, they satisfied the classic definition of extrinsic fraud—"by reason of something done by **the successful party** to a suit, there was in fact no adversary trial or decision of the issue in the case.... [**T]he unsuccessful party** [AAI w]as ... prevented from exhibiting fully [its] case, by fraud or deception practiced on [it] by [its] opponent.'[cite: *United States v. Throckmorton*].

Further, Chevron Corp. v. Donziger, 886 F. Supp. 2d 235, 281–82 (S.D.N.Y. 2012) held

> The *Throckmorton* Court …defined extrinsic fraud to include situations in which: "by reason of something done by **the successful party** to a suit, there was in fact no adversary trial or decision of the issue in the case. Where **the unsuccessful party** has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court [secret calls with Defense counsel to withdraw AAI's 37(b) spoliation sanction and opposition to Defendants 37(c) sanction]… being kept in ignorance by the acts of [Collins] ; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side."[289] …Traditional examples of extrinsic fraud include "…where an attorney fraudulently pretends to represent a party, and connives at his defeat or, being regularly employed, corruptly sells out his client's interest."[290] ... *Throckmorton* thus contrasted extrinsic fraud—where "there has never been a real contest in the trial or hearing of the case"[292]—with intrinsic fraud, which "pertains to the issues

---

[3] "[fraud upon the court] has been characterized "as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir.1976) (citations omitted); *see also* Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978)." Accord *Chevron Corp. v. Donziger*, 974 F.Supp.2d 362, 565 (2014) ("Even in cases of extrinsic fraud short of judicial corruption, a Pl need not prove that the outcome of the prior case would have been different absent the fraud. Fn.1299. It ordinarily must show only that the fraud 'prevented the losing party from fully and fairly presenting his case or defense' or otherwise significantly tainted the process.' (Cite: *Rozier v. Ford*.).")

> involved in the original action" and usually is accomplished through perjury, submitting forged or altered documents into evidence,[293] or concealing or suppressing material evidence.[294]

Defendants' Three Level Fraud misled the Court to require Pl to show Defendants' False Claim ("Defendants sequences incorporated ACE," i.e. "*Pl* stole *Defendants* code and ACE is *no* trade secret,") to be *true*, and dismissed Pl's case because Defs False Claim is false. "There has never been a real contest in the trial or hearing of the case," because of the fraud on the Court.

In sum, that Defendants **succeeded** to procure the orders and are **the successful party** is one element to the fraud on the Court. It is contrary to law for the Court to rely on "attempt to relitgation" as the only basis to deny Pl's FRCP 59(e)60(b) Mot.

**The Court has overlooked all the massive new evidence that became available after related orders leading to the Court's Judgment**

In footnote 1, the Court stated that:

> Pl does not argue that any new evidence has come to light, or that any intervening controlling law has been issued, after the Court's Judgment and related orders, which might warrant relief under Rule 59(e) or 60(b).

This statement is erroneous. First, with regard to intervening law, Pl argued that the Defend Trade Secrets Act of 2016 is intervening law and was enacted in that year.[4]

Second, with regard to new evidence, Plaintiff has pointed out massive new evidence including the 4th Fan Declaration of June 4, 2013, the 5th Wang Decl of April 2015, 6th Wang Declaration of Dec. 2018, and 7th Wang Declarations of Jan. 2019, , all of which became available after the related order of September 5, 2012 and February 8, 2013 leading to the Judgement. MJ Pitman have correctly overruled and completely denied Defendants' three motions to strike the 4th Fan declaration (including explicitly all exhibits) and the 6th and 7th Wang Declarations, in support of Pl 56(d), 56(h) and 54(b) Motions and held that all these declarations admissible.[5] According to MJ Pitman's revised rulings from 2014-2019 the entire 4th Fan Decl including all of its Exhibits are admissible for Pl's motions for sanctions or seeking relief from Defendants fraud, conspiracy, and motions for reconsideration, or objections in connection with these motions, including the 59(e)60(b) Mot. MJ Pitman's June 5, 2014 Ord denied Defs renewed motion to strike Pl's cites from the 4th Fan Decl in its L.R.56.1 Response, and partially vacated his Mar. 26, 2014 Ord, stating that Fan's objective descriptions of records, are factual materials admissible for merits, and are not objectionable. ECF no.256.

Defendants have *never* objected to *any* of MJ Pitman's three denials of their three motions to strike, from June 5, 2014 to Sep. 2019 therefore they are law of the case, and Defendants may *not* now challenge its admissibility again, as this Court held.[6]

---

[4] SCLetter of October 22, 2021, ECF no.462, at 8, Fed. DTSA, 18 U.S.C. section 1832.

[5] See ECF nos cites in pp6-7, 59(e)60(b)Mot.

[6] Sep 30 Ord fn.5. Pl's 56(d) Mot. sought the appropriate relief "to deny", not just "to defer" of Defs' MSJ because of Defs violation of the discovery orders and spoliation pursuant to FRCP 56(d)(1). Since MJ Pitman' order of May 28, 2019 only denied "defer," but left open the ruling that he might "deny" MSJ. So Pl reserved its right for objection. As soon as his R&R was issued, Pl filed timely objection to both R&R and the 56(d) denial. The Sep 30 Ord cited "Relief under Rule 56(d) is not available when summary judgment motions are made after the close of discovery," from Turner v. McDonough, Slip Copy (EDNY, 2021), but left out the important qualifier "where his application was made after the discovery cut-off; furthermore, party had a full and fair opportunity to obtain any materials that might have been necessary to his case during the discovery period." from Turner and **all the other cases** cited by Turner. In contrast, AAI's repeated applications were made during discovery and were granted. Defs foiled the discovery with the 3-Prong Scheme, and violated the orders, so outright denial of MSJ is appropriate under FRCP56(d)(1). See Packer on Behalf of 1–800–flowers.com, Inc. v. Raging. 242 F.Supp.3d 141(deny

Pl must point out that the new evidence, including Ex. SSS of the 4th Fan Decl. was cited only to illustrate Defs' Three Level fraud on the Court, not for merits purpose.[7] In particular Collins colluded with Defs in 2013-2014 to sanction Pl and concurred to strike these Exhibits of the 4th Declaration. They would show the difference between Defs False Claim embraced by Collins and AAI's ACE Verbatim Use Claim in 59(e)60(b) Mot. In fact, they are also objective description. The 4th Fan Decl with all its exhibits were already in the Court records at least 10 times from 2018-2021. Pl did not insert anything into record anew, only filed some previously sealed documents with FRE201 Judicial Notice.

MJ Pitman permitted consideration of the new evidence post the tainted Sep. 5, 2012 Ord in connection with the inquiry of the fraud, in particular the FRCP 59(e) 60(b) Mot. The Court's reluctant to reverse the "prior orders, including some dating as far back as 2012, 2013, and 2014" procured by Defendants' fraud. However, let the perpetrators corrupt our judicial system and benefit from their fraud are impermissible option, as pointed out by the landmark case *Hazel. Hazel-Atlas Glass Co. v. Hartford Empire Co.* Only one order, Feb. 8, 2013 Ord needs to be vacated or revised to clarify Pl's claims and the relevant evidence due to the available new evidence. It would vacate September 5, 2012 Ord by MJ Pitman. The March 26, 2014 Ord would be revised as a consequence. Once the judgment is reopened, Pl may file 37(b) motion to establish liability. If successful, the liability discovery is over. If not, it goes to jury trial. As Defendants agreed, the Court may impose the sanction fees and cost *sua sponte*, on the perpetrators of the fraud, which are Defendants and Defense counsel.

To be precise, as the controlling authorities cited by the Court, to "review the court's decision in light of the availability of new evidence.'" *supra*, new evidence to review the court's decision meant the evidence which has become available, after the court's decision, i.e., the order related to Judgment. For example, Pl has pointed out, that in Pl's 54(b) Mot of July 2020 before MJ Cave seeking reconsideration of the related orders of 2012, 2013 cited the forgoing massive new evidence which became available after these two decisions, pursuant to FRCP54(b). However, because of Defendants' mischaracterization of procedural history,[8] contrary to MJ Pitman's holding and FRCP 54(b) MJ Cave mistakenly believed that she would not consider these new evidence, <u>because</u> these evidence are new, became available after July 2012. She was misled by Defs' fraud as exposed by undisputed facts, FRE201 Judicial Notice. Therefore, MJ Cave's order is contrary to FRCP54(b) in letter and spirit. The Sep 30 Ord overlooked it. Nov. 4 Ord, July 7 Ord failed to address it. The Court abused its discretion when it failed to correct the clear error and refused to even consider the fraud pursuant to FRCP59(e)60(b). Based on this alone, the Court should vacate its July 7 Ord.

---

summary judgment motion, because "defendants created this issue by obtaining a discovery stay pending resolution of this motion, and would now have the Court deny Pl an opportunity to discover." "To whipsaw the Pl..." citing <u>Katz v. Goodyear Tire & Rubber Co</u>., 737 F.2d 238, 244 (2d Cir. 1984).) Thus, the Court's refusal to review Pl's 56(d) Objection and 59(e)60(b) Mot is contrary to law.

[7] Plaintiff is especially mindful to the Court's statement in the Judgment that "[t]o the extent it seeks yet again to urge the Court to consider stricken documents…. in connection with the merits of this case, Plaintiff and its counsel are advised that further such submissions may result in the imposition of sanctions." Memo at 8. This motion addresses issues that were raised by the Court in its Memo. Pl did not do so before andstill does not ask the Court to consider stricken documents "in connection with the merits of the case."

[8] FRE 201 and Pl's 54(b) Obj.

As exceptional circumstance of this case, there were additional pieces of evidence have become available after the 59(e)60(b) Mot has been filed, in Defendants effort to conceal the fraud on the Court, as listed in Pl's Reply ECF no.476 and FRE201 Mot, *infra*..

**The cases cited by the Order are inapposite and irrelevant to Plaintiff's 59(e) 60(b) Mot., and actually support Plaintiff's request for the Court to vacate the Judgment.**

The cases cited by the Court in by the Order are inapposite and in any event bear are dissimilar to the instant case., and should not be used as a substitute for the missing requisite analysis in this case. The relevant parts of these cases actually call for the Court to vacate the Orders and Judgment. In all of the cases, there were no issues of fraud, and the court specifically considered and analyzed all the issues raised by the movants, despite the fact that the issues had been heard and decided previously. Parrish [9] ("defendants' motion for reconsideration of the Court's denial of defendants' motion for summary judgment is DENIED." The court held that the court had not overlooked the issues raised by defendants. "Considering the record in the light most favorable to [Pl] as opponent of the motion, a rational jury could reasonably infer that, crediting [Pl]'s assertion, it would be unlikely for all or a substantial number of Defendants' [events true] purely by coincidence... Such inferences may be supportable especially if the evidence indicates some temporal relation of [Pl's events, e.g., the next day after Theft Code installation Defs called Dr. Wang to test, and the right after ACE theft to replace Theft Code by ACE Use Code). AAI's FRCP59(e)60(b) Mot did ***not*** "advance any new theories that they failed to raise in their underlying motion practice", as shown by Defs' rubber-stamp of "relitigation" and Annex A."

Melnitzky v. Rose, (**Ditto** as above) AAI's FRCP59(e)60(b) Mot did ***not*** "advance any new theories that they failed to raise in their underlying motion practice", as shown by Defs' rubber-stamp of "attempt to relitigation" in Annex A. Accord Banister (Rule 59(e) motion was **granted**.); Sequa Corp.("denial of motion to reopen trial record was an abuse of discretion."). Inapposite: AAI has never been afforded the opportunity of trial, let alone a retrial. (**Ditto** as above). AAI had raised the arguments and evidence before Nov. 4, 2021 Ord. In re Health Mgmt. Sys., Inc. Sec. Litig.( "[class] counsel's "new" submissions showed no errors of $1m fees, and $600K extra fee request for two motions in two years "is—simply—too high".). In contrast, Defs' fraud has perpetrated in this case for 18 years until now when it has been fully exposed. Pl believes in "conservation of scarce judicial resources" of Second Circuit from the needless appeal, when the orders and Judgment are obviously and indisputably erroneous and manifest injustice and should be vacated by this Court. Above all, "Judgment finality" must be for justice, not injustice. All these above cases above were about 59(e), not 60(b)motions.

Nemaizer and United Airlines, Inc. are irrelevant. Defs' only defense "relitigation" is one element of fraud on the Court. Moreno-Cuevas (Both appeal and 59(e) motion were untimely. No fraud from Rule 60(b) motion. "A court abuses it[s] discretion when (1) its decision rests on an error of law [56(a)(c) (d)(h) and Due Process right.] or a clearly erroneous factual finding; [Facts I-V] or (2) cannot be found within the range of permissible decisions.[dismiss AAI's claim because AAI did not steal code files from Defs and ACE is trade secret; requires AAI to show DFC]. " )

Fleming ("the University's failure to provide evidence could not constitute fraud or misrepresentation") is irrelevant. Here there is no dispute to the clear and convincing evidence of

---

[9] Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) is cited herein in partThe full citations are available in the July 7 Ord.

the material misrepresentations: Three Prong Scheme. They have been relied on every order and Judgment. Yet, the Court did not even bother to consider any evidence or allegations of fraud or misrepresentation, let alone to determine if they are "clear and convincing evidence" Bennett ("Here, Pl fails to cite the subsection of Rule 60(b) under which he is moving." "Pl's sole attempt to identify an overlooked factual matter concerns the timing of his protected activity."). No allegation of fraud, and no resemblance to this case, FRCP 59(e) 60(b) Mot raised issues, new evidence of fraud on the Court, that have never been considered and decided. July 7 Ord disregarded nearly all controlling decisions and factual matters including Fact I-V and Arguments I-IV and abused its discretion.[10]

**The Orders awarding Defendants' counterclaim is contrary to law and NDA, deprived Pl's Constitutional rights to due process and to jury trial on its claims of both liability and damage.**

The Court did not follow the due process procedure in rushing to its Judgment, and deprived Pl's Constitutional right to jury trial on its claims of misappropriation of trade secret and of breach of contract, on both liability and damage. Therefore, the Judgment is void and FRCP 60(4) applies. The Order held that "[Pl] had an opportunity to gather the evidence it sought during discovery, and indeed submitted expert testimony concerning its damages in connection with the parties' first motions for summary judgment—although, as Judge Pitman explained, that evidence was not probative of damages stemming from the limited breach as to which the Court granted partial summary judgment in Pl's favor." Id. at 4. This partial summary judgment does not mean AAI can ONLY show limited breach. There is no basis for this erroneous ruling. MJ Pitman mistook AAI's claim as copyright-infringment claim and disregarded the Theft evidence; Then in 2019 R&R MJ Pitman mistook that hedge.c as evidence to show Defs False Claim which he referred as "direct misappropriation", and Defs Oppo misrepresented as ACE Direct Use Claim. This is new evidence of Defs fraud post judgment. Pl's Reply at 6.

"[T]he existence of damage is "uncertain or speculative," stemmed only from the Court's improper determination of "limited breach" in violation of due process. The lost loyalty and fees constitute solid damages for Defendants' breach of contract including the such as Theft of ACE sequences.

The cases cited by July 7 Ord are all inapposite, but they still supported liability and damage in this case should be trialed by jury.

Contemp. Mission, Inc. ("if Pl has given valuable consideration for the promise of performance which would have given him a chance to make a profit, defendant should not be allowed to deprive him of that performance without compensation" "Under New York law, when the existence of damage is certain, and the only uncertainty is as to its amount, Pl will not be denied a recovery of substantial damages.". "Burden of uncertainty as to amount of damage is upon the wrongdoer." "We are confident that under the principles enunciated above the exclusion of the evidence proffered by Contemporary was error.")

Maalouf and Jill Stuart (Asia) LLC are inapposite irrelevant case. Even R&R 2009 citing Restatment provided the 3 mandatory ways to calculate damages from breach NDA.

[10] "Reconsideration [under Rule 59(e)] is justified by, among other factors, 'the need to correct a clear error or prevent manifest injustice.'" Henderson, 502 F. Supp. 2d at 376. "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Sigala v. Spikouris, 345 Fed.Appx. 636, 637 (2d Cir. 2009).]

Vanderburgh ("Pls quit their employment and successfully obtained reimbursement," no damage.)
ABN Amro Verzekeringen BV (The Contract provided shipper "could not be liable in excess of $50 for damage" which had been paid. No more damage.) Theft is "conduct more culpable than ordinary negligence."

> Moreover, first, the Court's Nov. 22, 2010 Ord denied Defendants 2008 MSJ, held that [Granting MSJ] was "premature" "as well as unwarranted" (which is missing in ECF no.464) even only "on the current record because there is a genuine issue of material fact as to whether Defendants' sequences were derived from the ACE sequence, and the outstanding testing and development discovery may be relevant to whether Pl can frame a genuine issue of material fact as to whether Defendants' disclosed practices were a front for actual use of the ACE sequence in generating Yield Book outputs.

*3, 2010 WL 4780772 (S.D.N.Y.) This prescient insight recognized Pl's ACE Verbatim Use Claim, which has been proven by a mountain of hidden evidence discovered, and shown by the 4th Fan Decl. Regarding the breach of contract claim,

> The Court concludes that the Teytel notebook and the expert evidence proffered by Pl in this connection, which is described at some length in section III.C.2.b. of the Report, would be sufficient to support a reasonable jury's determination in Pl's favor on this aspect [using ACE sequences rather only the limited use] of the breach of contract claim, Id. *2. Other than "time barred Pl's misappropriation claim relating to the 100-path sequence," "[Defs'] motions for summary judgment and attorneys' fees are denied in all other respects."

Id. *4. Defendants did not object to this Order. Therefore, it has become law of the case. Nothing from the 2d Report of the Polish Report based on the spoliated production, even if it were not perjurous but accepted as true, would not contradict the preceding undisputed evidence proffered by Pl, e.g., Defendants' theft of ACE and ACE Derivative Use Claim, Fact §III, and now the massive evidence of ACE Verbatim Use Claim. Fact §II. Defendants MSJ 2013 did not even move for their counter-claim for fees. July 7 Ord, like previous orders, did not even hear Pl nor address the fact that by NDA para. 19[11] and para 21, Pl is entitled to its attorneys' fees as a matter of law, and to other "the actual or potential damage" to be determined by the jury at trial, based on Defendants' admission of their breach of NDA.

Surprisingly, in September 30, 2021 Order, the Court reversed its correct Nov.22, 2010 Order *sua sponte* without affording Pl the proper opportunity to be heard. When the Court enters an order on a dispositive matter *sua sponte*, it should take special care that the same procedures as in summary judgment proceedings are followed, and ensure that the party against by the order has been afforded the proper opportunity to be heard.

Its direction for Pl to file a show cause letter within 22 days and in less than 10 written pages did not even begin to comply with the due process consistent to summary judgment procedures. The letter of 10 pages written in 22 days could not possibly be a MSJ brief and L.R 56.1, rolled into one to address the issues and briefs stretching back to MSJ 2008, either as SJ motion nor as opposition to MSJ.

It could not be SJ motion, because the penalty of the Court's denial is to grant MSJ for Defendants who has not even filed a MSJ. The Court also did not allow it as an opposition to MSJ, because the Court's Nov. 4 Ord disregarded nearly all of it as "timely reconsideration under L.R 6.3" despite it was filed at the time specified by the Court, on October 22, 2021.

---

[11] 19. **BREACH:REMEDIES ..**In any event of actual or potential breach involving Confidential Software Information, the compensation from the Receiving Party shall be no less than the actual or potential damage caused to the Disclosing Party. Nothing in this Agreement shall be construed as preventing the Disclosing Party from pursuing any remedy at law or in equity for any breach or threatened breach of this Agreement.

Clearly, the clear errors that the SCLetter pointed out, e.g., the Court embraced Defs Mischaracterization of Pl's claim as Defs False Claim is required "cause."

Worse, July 7 Ord stated that it disregarded nearly all of 59(e)60(b) Mot p.1 -21, as "attempt to retitgate," because the issues were touched in the Oct 22 SCLetter. *Supra.* So not only it was not treated as an opposition to SJ, anything mentioned in the Oct 22 Letter has been entered the blacklist of Pl's loss of due process right for more review, certainly the Constitutional right for trial. The July 7 Ord now stamped 59(e)60(b) Mot as "attempt to relitigate," because they were also in SCLetter. In a proceeding the Court acted both a player, for Defendants, and as the Judge, is not a proper summary judgment proceeding.

This letter seeks reconsideration for the decision on 59(e)60(b) Mot. and FRE 201 Motion for Judicial Notice" We all trust that the Court is so immensely familiar with all the Rules, so Pl surmises that this letter does not need to formally declare that "this is motion for reconsideration pursuant to Local Rule 6.3 of Southern District of New York and Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6), and Federal Rule of Evidence 201," without any confusion.

Similarly, constrained by space, Pl saw no need to declare in Oct 22, 2021 Show Cause Letter that "this letter reconsideration pursuant to Local Rule 6.3 of Southern District of New York and Federal Rules of Civil Procedure 54(b), and Local Rule 6.3 provides "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. …54 motion for reconsideration … shall be served within fourteen (14) days.). Here, the Mem Ord provided the deadline Oct 22, 2021, and did not prohibit Pl to identify these clear errors. Further, FRCP 54 (b) provides these prior orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." And cite all the controlling cases in Fn.2 of 59(e)60(b) Mot.

Indeed, if Pl had split the causes one filed on Oct. 14 and one filed on Oct 22, then the Court could have disregarded them all because the total pages of two filings would be more than 10 pages, in violation of Sep 30 Ord. Pl did not think that it was Court's intention, but the Sep 30 Ord "created a trap for an unsuspecting litigant." (citation omitted). A draconian order is not a proper way to deprive Pl's Constitutional rights of due process and right for trial by jury. Pl the Court should vacate the judgment under FRCP60(b)(4), "mistake, inadvertence, surprise, or excusable neglect.'"

In addition to the due process violation, the Sep 30 Ord mistook Pl the non-movant to Defendants' counter-claim, as the movant of the summary judgment, and decided that Pl could *only* succeed on the "limited breach" admitted by Defendants, and no other material breach of material Confidential Software Information, concluded by Pl's proffered evidence including Prof. Fan's testimony and the undisputed physical evidence of "save_paths" i.e., theft of ACE paths and "save_seq," i.e., theft of ACE seq.

In sum, Pl the right of due process and right to jury trial have been deprived. According to FRCP60(b)(4), the Court should vacate the Orders which are invalid.

**It is contrary to FRE 201 for the Court to not notice the undisputed facts and to permit Defendants to not answer the judicial notice motion.**

The Court's order of March 8, 2022 denied AAI's request for a full briefing pursuant to FRE201 Motion stating:

> "Pl's motion for judicial notice (docket entry no. 484) is not denied. It shall remain pending, and further briefing on that motion shall remain held in abeyance, pending the Court's resolution of Pl's pending motion for reconsideration (docket entry no. 467), which may render moot

the need for further briefing on Pl's motion for judicial notice."

The July 7 Ord noticed the documents listed by FRE201 Motion for Judicial Notice. However, it denied the notice of the Undisputed Facts, Annex A. This is contrary to FRE201, and prejudicial to Pl in its appeal, since the Court is in the unique position to adjudicate some of the undisputed facts in its own records. Further the Court not only seemed disregarded the undisputed facts in its denied of 59(e)60(b) Mot, it granted Defs request not to file a full response, in order to render "moot the need for further briefing."

The July 7 Ord relied on Int'l Star Class Yacht Racing Ass'n. However, the trial court therein relied on a different court's opinions in unrelated case, as the basis for its decision. "district court's opinion in unrelated antitrust action involving designer, were not subject to judicial notice;" *id.* Here, the FRE201 Mot asks the Court to judicially notice Defendants own filings as the admission evidence in their own plain words, in the related case which Defs even mischaracterized to be "identical case" as this case. There is no dispute on Defs' admissions. In contrast to Joyner, this FRE 201 Mot does not ask the Court to judicially notice any legal principal, only the undisputed facts, Annex A. Its Factual Background was meant to supply the "facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent", pursuant to Notes of Advisory Committee for Rule 201, to show the facts are judicial fact, in response to Defs objections and claim that they are not judicial facts and irrelevant to the case. The evidence is relevant because it reflects the new variants of their fraud. If Defs want to object the inference or amend their own words, they are welcome to do so. Pl has no objection the Court to disregard anything irrelevant to the undisputed facts, Annex A.

It is Defs who changed their Mischaracterization to the new variants "AAI's claim is Defs stole AAI's code" and "sequences are code". These new variants made the FRE201 Mot necessary for the Second Circuit appeal. All these facts and documents are cited in 59(e)60(b) Reply. Accordingly, the FRE201 Mot did not add any "untimely filings." [12] Defs have misleadingly stamped "attempts to relitigate" to avoid all substance presented in all of Pl's filings. Pursuant to FRE201, Defs cannot avoid the substance but answer to the facts. FRE201 does ***not seek*** "for the Court to accept the truth of the 'undisputed facts' presented in Pl's own correspondence and memoranda," only the undisputed facts ***as to what*** are presented in these documents together with the dates. This is a critical difference. Indeed, these facts and their inevitable inferences are keys to Plaintiff's claims. If the Court consider them, it must consider these undisputed facts, which are within the Court's purview. Regardless, at a minimum, the Court should entertain fulsome briefing pursuant to FRE 201.

**Conclusion**

The Court should immediately vacate its July 7, 2022 Ord to retain its juridication of this case, direct the full briefings of Pl's FRE 201 Mot. to go forward, reserve its ruling on 59(e)60(b) Mot pending the Court's consideration of the full briefings of Pl's FRE 201 Mot.

[12] Intellivision v. Microsoft Corp (These same facts satisfy the Second Circuit's requirement that allowing a change in position would risk inconsistent results and undermine judicial integrity. See DeRosa, 595 F.3d at 103. A court cannot ignore a party's opportunistic use of inconsistent representations when one allegation serves an argument at one stage of a case and the other serves an argument at a later stage. The purpose of judicial estoppel is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New Hampshire, 532 U.S. at 749–50, 121 S.Ct. 1808 (internal quotation marks and citation omitted); accord Adelphia, 634 F.3d at 695–96. Accepting the Pls' situational about-face would undermine the integrity of the judicial process and the ability of courts to accept and rely upon the unequivocal representations of parties.)

Respectfully submitted,

/s/ Peter Toren
Peter J. Toren