UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

       Plaintiff,

  -v-                                            No. 04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC., et al.,

       Defendants.

-------------------------------------------------------x

## Order

The Court has received a letter motion filed by Advanced Analytics, Inc. ("Plaintiff") seeking reconsideration and relief from the Court's Order dated July 7, 2022 (docket entry no. 497). That Order denied an earlier motion for reconsideration (docket entry no. 467) and a motion to take judicial notice of certain documents and facts (docket entry no. 479), both of which sought relief from the Court's Judgment entered on November 5, 2021 (docket entry no. 465), and related orders. The Court has reviewed carefully Plaintiff's arguments and construes them as invoking Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6). For the following reasons, the motion is denied.

Plaintiff falters at the outset. The instant motion was filed as a letter, in contravention of S.D.N.Y. Local Civil Rules 6.3 and 7.1, and, for that reason alone, denial is warranted. But requiring refiling of the motion to comport with this district's local rules would not cure its substantive insufficiency, nor would it be in the interests of judicial economy to do so. Accordingly, the Court considers whether Plaintiff has made a showing that reconsideration or other relief from the Order is warranted.

In its motion, Plaintiff asserts that relief is warranted because the Court did not discuss in its July 7, 2022, Order each of the arguments or evidentiary citations that Plaintiff had proffered, but points to no authority supporting such a result.  See, e.g., United States v. Theodore, 797 F. App'x 452, 455 (11th Cir. 2019) (affirming district court's denial of a second motion for reconsideration where plaintiff claimed the district court denied the motion "without explanation and by failing to address explicitly each of his arguments," but "presented no authority requiring the district court do so"); Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (affirming denial of reconsideration where plaintiff protested that the district court failed to discuss a particular case and observing that "courts are not required to address every case cited by a litigant").

Plaintiff's lengthy submission makes clear its disagreements with the Court's prior decisions.  As the Court has previously underscored, neither Rule 59(e) nor Rule 60(b) is a vehicle for relitigating the merits of the Court's prior decisions, and Plaintiff's instant motion is properly denied on that basis as well.  See, e.g., Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"); Moreno-Cuevas v. Huntington Learning Ctr., 501 F. App'x 64, 66 (2d Cir. 2012) ("[B]oth a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided.").

The Court has again considered Plaintiff's arguments thoroughly and concludes that they do not warrant the requested relief under Rule 59(e) or 60(b).  Therefore, and for the reasons set forth in the Court's Order dated July 7, 2022, Plaintiff's motion for reconsideration is denied.

This Order resolves docket entry no. 499.

SO ORDERED.

Dated: New York, New York  
       July 26, 2022

/s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
Chief United States District Judge