UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

Citigroup Global Markets Inc. and The Yield Book Inc.

04 CV 03531 (LTS)(SLC)

**NOTICE OF APPEAL**

(List the full name(s) of the defendant(s)/respondent(s).)

Notice is hereby given that the following parties:

ADVANCED ANALYTICS, INC

(list the names of all parties who are filing an appeal)

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☒ judgment ☒ order   entered on:   7/26/2022,  7/7/2022, 11/4/2021, Final Judgment of 11/5/2021, and all orders (including but *not limited to*: the following orders of 9/30/2021; 6/9/2020; 9/4/2019; 7/15/2014, 3/26/2014; 2/8/2013; 9/5/2012) that, for purposes of appeal, merged into the Judgment or appealable orders, FRAP 3(C)(4)(5)(7).

(date that judgment or order was entered on docket) that:

The 9/5/2012 order adopted Defendants ("Defs")' Mischaracterization of Plaintiff's ("Pl") claim of misappropriation of trade secret as "'Yield Book sequences' incorporated ACE sequences" which means "*Pl* stole *Defs'* code" and "Pl's ACE sequences are *not* trade secret" ("Defs' False Claim"). The order also relied on Defs' Misrepresentations, e.g. that the produced 3 concocted code files were actually the withheld 1000+ The Yield Book code files. The order also overruled FRCP 26(a)(2)(D)(ii) to exclude Pl's expert's rebuttal declaration of July 17, 2012. As a result, the order suspended the depositions of Defs' witnesses and the ongoing discovery.
The 2/8/2013 order endorsed the 9/5/2012 order.
The 3/26/2014 order granted Defs motions in clandestine collusion with Pl's former lead counsel (Todd S. "Collins"): to strike Pl's expert Prof. Fan's 4th Declaration of 6/4/2013, and to prohibit Pl from filing a motion under FRCP37(b) to sanction Defs for their violation of discovery orders and spoliation.
The 7/15/2014 order endorsed the 3/26/2014 order.

The 9/4/2019 order held that the semantic game by Defs counsel misrepresenting the admitted phony "Yield Book sequences" in Defs' witness declarations as the sequences used by the Yield Book, and Collins' collusion with the Defs to procure all these aforementioned orders, are irrelevant, and that FRCP 56(h) is restricted to outright perjury by witnesses. It denied Pl's motion under FRCP 54(b), 56(h) as a result.

The 9/4/2019 R&R still relied on the exposed semantic game of Defs counsel using the misleading declarations filed in support of Defs' motions for summary judgment in bad faith, and disregarded all of Pl's many warnings regarding Collins' deliberate alteration of Prof. Fan's 2nd Report to mean exactly the opposite in order to support Defs Mischaracterization of Pl's claim as Defs False Claim. The R&R quoted Collins's alteration, not as evidence of his collusion with the Defs, but to support Defs' Mischaracterization for granting Defs' motion for summary judgment on the basis that *Defs False* Claim is false.

The 6/9/2020 order, denied Pl's motions under FRCP 54(b) to vacate the 2/8/2013 order and consequently the four preceding orders of 2013-2014, supported by massive *new* evidence, holding that for FRCP54(b) relief the Court will not consider any new evidence that became available after the discovery closed in 2012. The massive new evidence all became available after the 2/8/2013, including Defs admission in 10/2019-2020 that Collins clandestinely colluded with the Defs to procure these aforementioned orders and to get Pl's case dismissed.

The 9/30/2021 order overlooked all the massive admissible supporting evidence and nearly all the issues expressly presented in Pl's motions under FRCP 56(d), 56(h) and 54(b), and objections to the 9/4/2019 R&R, the 9/4/2019 order and the 6/9/2020 order. The order cited again the 2/8/2013 order relying on Defs' Mischaracterization of Pls' claims and their Misrepresentations, to deny Pl's objections. Further, it overlooked the undisputed conclusive evidence of Defs' spoliation and fabrication of their 2011 production compelled by the Court, but instead relied on a Defs' expert's misleading declaration based on the same semantic game and the fabricated production to overturn the Court's well-reasoned 11/22/2010 order that Pl had already presented more than sufficient evidence to pursue a jury trial on its breach of contract claim.

The 11/4/2021 order dismissed nearly all the issues raised in Pl's letter motion under FRCP 54(b) as "untimely."  The motion was timely filed pursuant to the 9/30/2021 order. The order dismissed Pl's breach of contract claim that was supported by undisputed evidence of Defs' surreptitious theft and continuous use of stolen ACE sequences, on the basis that the claim "was barred by the applicable statute of limitations [for misappropriation of trade secrets.]" However, the order overlooked Defs' *continuous* use of stolen ACE sequences, and that the suit was filed well within the six-year statute of limitation from the theft for breach of contract. Finally, it wrongfully granted Defs' counterclaim of fees *sua sponte* without the required proceedings, contrary to the parties' NDA and the laws.

The 11/5/2021 Judgment set out the 11/3/2021 order in a separate document.

The 7/7/2022 order did not address any of the issues raised in Pl's motions pursuant to FRCP60(b), 59(e), and due process. It cited only inapposite cases. It granted Defs' request to avoid full briefings and to not take notice on the undisputed judicial facts presented in Pl's FRE201 motion.

The 7/26/2022 order failed to address Pl's motion for an extension of time for the court to hold a full briefing on Pl's FRE201 Motion, or any of the issues raised in Pl's FRCP60(b)(1)(3)(4) and (6) motion, and the 7th Amendment to the U.S. Constitution.

The scope of Notice of Appeal is not limited by the brief description contained herein or anything else, pursuant to FRAP3(C)(6).

(If the appeal is from an order, provide a brief description above of the decision in the order.)

| | |
|---|---|
| August 6, 2022 | /s/ Peter J. Toren |
| Dated | Signature[1] |
| Toren, Peter, Jonathan | |
| Name (Last, First, MI) | |

| | | | |
|---|---|---|---|
| 40 East 80th Street, | New York | New York | 10075 |
| Address | City | State | Zip Code |

| | |
|---|---|
| (646) 623-4654 | ptoren@petertoren.com |
| Telephone Number | E-mail Address (if available) |

---

[1] Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case.  Fed. R. App. P. 3(c)(2).  Attach additional sheets of paper as necessary.

Rev. 12/23/13