S.D.N.Y. – N.Y.C.
04-cv-3531
Swain, C.J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-three.

Present:

    Eunice C. Lee,
    Alison J. Nathan,
    Sarah A. L. Merriam,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Aug. 22, 2023

Advanced Analytics, Inc.,

    *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                                                          22-1718

Citigroup Global Markets, Inc., FKA Salomon Smith Barney Inc., Yield Book, Inc., FKA Salomon Analytics, Inc.,

    *Defendants-Counter-Claimants-Appellees*,

The American Prospect, Brandon Smith,

    *Intervenors*.

Appellees move to set a briefing schedule and to impose a leave-to-file sanction on Appellant. Appellant cross-moves to complete the record and to impose sanctions on Appellees.

Upon due consideration, it is hereby ORDERED that Appellees' motion to set a briefing schedule is GRANTED. Appellant's opening brief and appendix must be filed within 91 days of this order. It is further ORDERED that Appellees' motion for a leave-to-file sanction and Appellant's motion to complete the record and for sanctions are DENIED. However, the Court will not entertain any further motions or other communications about the completion of the record or appendix; the Court also will not require the parties to make further attempts to comply with Federal Rule of Appellate Procedure 30(b)(1). To the extent possible, Appellant's appendix must contain any documents

relevant to its appellate arguments, consistent with Federal Rule of Appellate Procedure 30(a); any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel. If Appellees have any issue with Appellant's appendix, they may file a supplemental appendix or refer to any parts of the record they deem relevant and address the issue in their brief. *See* Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix."); 2d Cir. Local R. 30.1(g) (relating to appellee's supplemental appendix). Appellant may address in a reply brief any issues concerning Appellees' supplemental appendix or their use of the record.\*

                      FOR THE COURT:
                      Catherine O'Hagan Wolfe, Clerk of Court

---

\* The parties dispute the contents of documents 119 and 246 from the district court docket, but do not explain why each party does not already have copies of those documents or why they have not provided copies of any missing documents to each other. In any event, this Court has reviewed those documents: document 119 is Appellees' opposition to Appellant's objections to a 2009 magistrate judge report and recommendation, and document 246 is Appellant's opposition to Appellees' request for expenses. Copies of those documents can be requested from the Clerk of this Court.

2



CERTIFIED COPY ISSUED ON 08/22/2023