# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADVANCED ANALYTICS, INC.,

    Plaintiff,

     -against-

CITIGROUP GLOBAL MARKETS, INC.
f/k/a SALOMON SMITH BARNEY, INC.,
and THE YIELD BOOK INC., f/k/a
SALOMON ANALYTICS, INC.,

    Defendants.

The AMERICAN PROSPECT, Brandon
Smith,

    Intervenors

No. 04 Civ. 3531 (LTS) (SLC)

---

## STIPULATION AND [PROPOSED] ORDER

Advanced Analytics, *Inc*. ("Plaintiff," or "Appellant"), by its attorney, Peter J.

Toren, and Citigroup Global Markets, Inc. and The Yield Book, Inc. (collectively, "Defendants,

or "Appellees," together the "Parties"), by their attorneys, Cleary Gottlieb Steen & Hamilton

LLP, hereby stipulate and agree as follows (the "Stipulation"):

WHEREAS, on July 11, 2023, Plaintiff filed (I) Motion for Record on Appeal in

Compliance with Fed. R. App. Pro. and Local Rules ("Motion I") and (II) Motion for Sanctions

in the Second Circuit, Case 22-1718, (the Motions")[D.I. 105].

WHEREAS, on July 21, 2023, Defendants' filed an opposition to Motion I, and argued

and requested, *inter alia,* that the Federal Rules clearly provide that the District Court is the

proper venue to resolve any such disputes raised in Motion I.

- 1 -

WHEREAS, the Order of the Second Circuit on August 22, 2023, denied Plaintiff's Motions, granted Defendants' request, and certified its Order to the District Court, [D.I. 124];

WHEREAS, consistent with Federal Rule of Appellate Procedure 30(a), the Parties stipulate that certain missing transcripts, the identities of sealed documents and missing court documents shall be included in the docket, in order, *inter alia*, to comply with the Order of the August 22, 2023, and to avoid an undue burden on the merits panel of the Second Circuit.

NOW, THEREFORE, the Parties stipulate and agree as follows:

I.   The Court should direct The Clerk of Southern District of New York to include in the docket pursuant to Fed.R.App.P.10(a) the following:

(1) the Court hearing transcripts as listed in (1) of the attached Exhibit 1;

(2)  the identities of all the sealed documents as listed in (2) of the attached Exhibit 1;

(3)  the court files missing from the docket, and their redactions as listed in (3) of the attached Exhibit 1;

II.   The above is without prejudice for Defendants to designate information in the items included in the docket pursuant to I above as  Highly Confidential "HC" or Confidential "C" and to seek that such items except their identities shall be filed under seal pursuant to the Stipulation & Protective Order dated Mar. 22, 2005, (the "Protective Order") ECF No. 25 , without prejudice for Plaintiff to challenge the designations and to request for Defendants to produce narrowly-redacted files, pursuant to the Protective Order, to this Court's Individual Rules of Practice 5(b)(ii), the controlling authorities of the Second Circuit, and the Local Rules 25.1 and 25.2 of the Second Circuit.

III.    Upon completion of the record, the Clerk shall forward an electronic copy of the record

in CD-ROM together with the certified complete index to the Second Court pursuant to

pursuant to Fed.R.App.P.10(a)(3); Fed.R.App.P.11(b)(2) and L.R.11.1(a).

Dated: September _____, 2023


New York, New York

_/s/ Jennifer Kennedy Park_                         /s/ Peter J. Toren

_____            _____
Christopher P. Moore                                Peter J. Toren
Jennifer Kennedy Park                               The Law Office of Peter J. Toren,
Thomas S. Kessler                                   43 West 43rd Street, Suite 266,
CLEARY GOTTLIEB STEEN & HAMILTON LLP                New York, N.Y. 10036-7424,
One Liberty Plaza                                   ptoren@petertoren.com,
New York, New York 10006                            (646) 623-4654
T: 212-225-2000
F: 212-225-3999                                     _Attorneys for Plaintiff Advanced_
_Attorneys for Defendants Citigroup Global Markets_  _Analytics, Inc._
_Inc. and The Yield Book Inc._

SO ORDERED:

Date September ____, 2023

_____

The Honorable Laura T. Swain
United States Chief District Judge

# Exhibit 1

1.  The following court hearing transcripts of the following dates that are missing in the docket:

    (i)     3/1/2006, 7/2/2007, 8/21/2007, 10/1/2007, 10/19/2007, 12/11/2007, 7/15/2008.


2.  The identities of other sealed documents
    (i)The sealed document ECF. No. 119 is Defendants opposition papers to Plaintiff' objections to a 2009 magistrate judge report and recommendation;
    (ii)Document ECF. No. 246 is Plaintiff's opposition to Defendants' request for expenses.
    (iii) (the identities of the other sealed documents are to be added by the parties as the following…)

3.  (i) Plaintiff's Revised Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, April 25, 2014
    (ii) Plaintiff's Revised Response to Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, April 25, 2014
    (iii) Defendants letter dated April 29, 2014, filed before MJ Henry B. Pitman to strike Plaintiff's opposition papers of April 25, 2014,
    (iv) Plaintiff's opposition letter of May 5, 2014, filed before MJ Henry B. Pitman;
    (v) the other court documents missing in the docket are to be added by the parties in the following….

# Exhibit 2

**Peter Toren** <ptoren@petertoren.com>                               Tue, Sep 26, 2023 at 8:49 PM
To: "Kessler, Thomas" <tkessler@cgsh.com>
Cc: "Moore, Christopher P." <CMoore@cgsh.com>, "Park, Jennifer Kennedy" <jkpark@cgsh.com>,
"Lynch, Thomas Q." <tlynch@cgsh.com>
Bcc: jaldumas@gmail.com

Tom,

It has been almost two weeks, since we promptly drafted and sent the proposed
stipulation as requested by the Defendants, based on your commitment, that you
would "respond expeditiously" and "promptly." Yet we've seen no response for 13
days. This raises concerns about Defendants' intentions and whether it is a
deliberate tactic to interfere with Plaintiff's ability to meet the looming Second
Circuit deadline that Defendants procured.

Defendants considered our Rule 10 motion a "threat," which explains why
Defendants have not answered simple questions posed by the Second Circuit,
refused to correct their mistakes, refused to produce the missing court documents,
and sought to block the record from being created. Instead, Defendants have opted
to "spend time and cost" to impose a schedule on Plaintiff before the record is filed
and Plaintiff has the court files for inclusion in the appendix.

The appellate brief and appendix must be filed after the record is filed, which is not
only mandated by the Fed.R. App. P. but is Plaintiff's right of due process.

The deadline extension does not vacate the schedule; it only allows the SDNY to
adjudicate the FRAP10(e) motion and complete the record. Defendants have not
indicated if they will consent to a reasonable extension, to give the SDNY the
necessary time to adjudicate FRAP10(e) motion and to complete the record or
account for the lost time because Defendants have failed to respond to Plaintiff's
proposed stipulation.

Moreover, Defendants must cease their intimidating tactics and undue pressure on
clerks and Plaintiff's counsel, as evident by our experience and Defendants'
motion.

Defendants know the record has not been filed, contrary to their claim. This attempt
to force the appeal forward without the record avoids dealing with the case's
merits.  Defendants must explain and respond to the questions posed by the Second
Circuit Order.

This leaves us no option but to proceed with FRAP 10 motion practice. Your
prompt response is highly appreciated on these urgent matters,

Regards,

Peter

On Mon, Sep 18, 2023 at 5:35 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

We are not amenable to adjourning the Second Circuit briefing schedule (in particular given the time and cost of establishing the schedule in the first place).  Again, although we will not endeavor to exhaustively catalogue our disagreements with your email, it should be noted that our request to set a briefing schedule was filed after multiple months of inaction on AAI's part (and at least one threat of a Rule 10 motion).

Contrary to your email, we *have* committed to responding to your proposal, and will do so promptly.  What we cannot do is agree to respond by the end of today.  As I have said, we are working through your request and will respond.

Separately, I am not sure what you mean when you say that AAI has "confirmed" that the Court does not have a copy of the record other than the two ECF Nos you reference.  Can you explain? What confirmation has AAI received, from whom and via what means?

Regards,
Tom

——

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com | clearygottlieb.com
Pronouns: he/him/his

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Monday, September 18, 2023 10:32 AM
**To:** Kessler, Thomas <tkessler@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** Re: AAI

Tom:

The proposed stipulation is straightforward, which I drafted in
one day as you requested. Defendants have many lawyers
working on this case, so we requested Defendants review and
revise in three days, given the approaching
deadline. Because Defendants cannot commit to responding,
please let us know if Defendants will agree to an extension to
the deadline requested by Defendants.

Contrary to your claim, Defendants' motions in the Second
Circuit for a scheduling order and leave-for-file sanction
preempted our filing motions under Rule 10 of the Federal
Rules of Appellate Procedure in the SDNY, forcing us to
spend several months responding to Defendants' motions and
filing our motions under Rule 10 in the Second Circuit, which
Defendants opposed and asserted that our motion must be
directed to the SDNY. We could not simultaneously file
motions under Rule 10 in the SDNY while the two motions
were pending in the Second Circuit.

We confirmed that other than the two entries, 119 and 246, the
record has not been forwarded to the Court, contrary to
Defendants' claims, Opp. of July 21, 2023, at 14. The Court's
Order confirmed that the four sets of April 2014 MSJ papers
are among the missing court documents.

The Order correctly held that Defendants have not explained
why they do not have copies of those documents (whereas
they do, but have **not** told the Second Circuit) or have not

provided copies of any missing documents to Plaintiff. We hope that Defendants will cooperate now.

 Regards,


Peter


On Mon, Sep 18, 2023 at 9:53 AM Peter Toren <ptoren@petertoren.com> wrote:

Tom:


The proposed stipulation is straightforward, which I drafted in one day as you requested. Defendants have many lawyers working on this case, so we requested Defendants review and revise in three days, given the approaching deadline. Because Defendants cannot commit to responding, please let us know if Defendants will agree to an extension to the deadline requested by Defendants.

Contrary to your claim, Defendants' motions in the Second Circuit for a scheduling order and leave-for-file sanction preempted our filing motions under Rule 10 of the Federal Rules of Appellate Procedure in the SDNY, forcing us to spend several months responding to Defendants' motions and filing our motions under Rule 10 in the Second Circuit, which Defendants opposed and asserted that our motion must be directed to the SDNY. We could not simultaneously file

motions under Rule 10 in the SDNY while the two motions were pending in the Second Circuit.

We confirmed that other than the two entries, 119 and 246, the record has not been forwarded to the Court, contrary to Defendants' claims, Opp. of July 21, 2023, at 14. The Court's Order confirmed that the four sets of April 2014 MSJ papers are among the missing court documents.

The Order correctly held that Defendants have not explained why they do not have copies of those documents (whereas they do but have told the Second Circuit) or have not provided copies of any missing documents to Plaintiff. We hope that Defendants will cooperate now.

Regards,

Peter

On Fri, Sep 15, 2023 at 5:58 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter —

Without addressing the substance of your email (suffice to say we entirely disagree), we will review the stipulation but cannot commit to respond in the one business day you have proposed.  On that front, I will note that Plaintiff's claim of urgency rings particularly hollow in light of the many instances over the past several months where Plaintiff has claimed an intent to promptly seek relief under FRAP 10, each time accompanied with a distinct lack of meaningful movement.

As I said, we will endeavor to review your proposed stipulation expeditiously and will revert with questions and/or comments.


Regards,

Tom

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com | clearygottlieb.com
Pronouns: he/him/his

On Sep 15, 2023, at 4:55 PM, Peter Toren <ptoren@petertoren.com> wrote:

Tom,

I write to address many of the statements in your email of September 14, 2021. First, the deadline for your response was not "arbitrary." Defendants created the current urgency by seeking and obtaining the deadline to file our appeal before the appellate record was filed with the Second Circuit.

Before we can file motions in the SDNY under rules 10(C) and 10(E) of the Federal Rules of Appellate Procedure, we must first understand the circumstances surrounding the Second Circuit's August 22, 2023 order.

Plaintiff clearly outlined the necessary relief in the Motion filed with the Second Circuit on July 11, 2023. Defendants' Opposition of August 21, 2023, argued that: "the Federal Rules clearly provide that the District Court is the proper venue to resolve any such disputes." D.I. 114, p.10. Our Reply addressed this at D.I. 115, page 11. We intend to take Defendants up on their suggestion.  The Second Circuit's Order does not prevent us from seeking this relief.

Indeed, the Second Circuit granted Defendants' request for scheduling, denied our Motion, and certified its August 22, 2023 Order to SDNY (D.I. 124). Thus, the Order did not state what your email suggested; it simply provided that the Second Circuit will not entertain a motion to complete the record, but instead delegated that task to the SDNY, affirming Defendants assertion that the SDNY is the proper venue.

In the interest of efficiency and to allow the merit panel to focus on the merits of the appeal, we believe both parties should make their best efforts to resolve, narrow, and reduce the non-merits issues in our briefs and appendixes. This includes providing information about identities, the Missing Transcripts, and the Missing Court Record in the docket, per Federal Rule of Appellate Procedure 30(a), such as "Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix.")" pursuant to the Order.

As per Defendants' request, we've drafted a proposed stipulation. We expect Defendants to review it expeditiously, as they promised. Please examine it and inform us ASAP. If not, provide your revisions by COB on September 18th. We'd like both parties to first agree to the stipulation, allowing the list of detailed information, specific documents in the attachment to be supplemented later.

The Court's order stated, "[t]he parties dispute the contents of documents 119 and 246 from the district court docket, but do not explain why each party does not already have copies of those documents or why they have not provided copies of any missing documents to each other."

Plaintiff's briefs have explained that it did not even know the identities of the sealed entries and the Missing Court Documents that were filed before its current counsel entered the case in 2019 because Plaintiff's former counsel colluded with Defendants and withheld them.  In contrast, Defense counsel has been in the case since 2004 and has all the (non-privileged) court documents, including the four sets of the April 25, 2012, MSJ papers confirmed by the August 22, 2023 Order as missing from the docket.

Finally, the Stipulation and order from 18 years ago that you mentioned in your email have been superseded by CJ Swain's standing order and MJ Pitman's rulings, which are based on controlling authorities from the Second Circuit. However, we will set aside Defendants' objection to this stipulation while both parties reserve their rights. Please refer to the proposed draft for more details.

Regards,


Peter


--


On Thu, Sep 14, 2023 at 12:36 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter:

We will review your requests and attempt to decipher them but will not be in a position to substantively respond within your arbitrary less-than-48-hour deadline, which is particularly inappropriate given the near month it took Plaintiff to respond to our August 16 email.  In the first instance, however, we do not

understand your requests, the relief you purportedly plan to seek in the District Court, the basis for your requests, nor how your requests will progress the appeal in any meaningful way.

To the extent we do understand your email, it misconstrues our prior discussions and correspondence, as well as the Second Circuit's Order of August 22, 2023.  Contrary to the suggestion in your email below, the Second Circuit's Order was clear that the Circuit does not want the parties to waste further time or resources with respect to the record on appeal, and that any remaining perceived issues can be addressed as part of merits briefing.  Nevertheless, without suggesting that we are amenable to the proposal Plaintiff is making, it would be helpful (as you propose) to review a proposed stipulation and copies of the specific documents the stipulation would cover, to the extent you have them at hand.  Seeing Plaintiff's proposal reduced to a legal document will better enable us to evaluate the request.  We will review your proposed stipulation expeditiously.

Finally, with respect to the first paragraph of your email, your assertion that designations of information as Confidential or Highly Confidential in the District Court proceeding are "tentative", and your related assertions regarding the sealed status of documents and transcripts, are categorically false.  As we have repeatedly reminded you, such designations were properly made pursuant to the operative protective order and repeatedly upheld by subsequent orders.  *See, e.g.*, Appellees' Ltr. to P. Toren dated Mar. 3, 2023 [D.I. 62-2, at 1–2].  The protective order, as well as subsequent court orders, continue to apply to previously sealed documents and/or transcripts.  *See, e.g.*, Stip. & Protective Order of Mag. Judge Pitman, ECF No. 25, at 9 (Mar. 22, 2005) ("After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions."); *id.* at 2 ("Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom.").  You have offered no support for your apparent assertion that AAI is entitled to unilaterally decide, in the context of this appeal, to ignore such orders. We continue to reserve all rights in respect of previously sealed documents.

We await your response.

Regards,

Tom

**Thomas S. Kessler**

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Tuesday, September 12, 2023 7:56 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** Re: AAI

Tom:

We categorically reject your allegations. Your email does not specify the exact transcripts and information that Defendants want to seal.  Regardless,

because the tentative designations of the information happened up to 15 years ago, and I am certain you are aware that the SDNY has unsealed much of the information, and the controlling authorities have changed since then, now, Defendants must be very specific about the information they want to seal, and be able to carry the burden, as the SDNY has repeatedly warned Defendants. See, e.g., Sept. 6, 2019 Order. ECF. No. 344.


Because Defendants do not dispute that those transcripts we sent to you or filed with Plaintiff's Form C (without annotates) are the transcripts of court proceedings, pursuant to FRAP 10(a)(1)(2), we request Defendants to stipulate to add these authentic hearing transcripts, which are missing from the current docket sheet, including those of the dates 3/1/06, 7/2/07, 8/21/07, 10/1/07, 10/19/07, 12/11/07, 7/15/08. *See* Plaintiff's Motion of July 11, 2023, at 7-8.

Second, the Appellate Court's Order of August 22, 2023, identified that the sealed document ECF 119 is Defendants' opposition to Plaintiff's objections to the 2009 magistrate judge report and recommendation, and the sealed document ECF 246, is Plaintiff's opposition to Defendants' request for expenses. We request Defendants stipulate to request that the SDNY clerk include the identities of these and other sealed documents in the docket sheet, consistent with Rules 30(a)(b) and 11(b)(2) of Federal Rule of Appellate Procedure.

Third, the Order of August 22, 2023, confirmed that ECF No. 246 does not contain the four sets of court papers relating to the MSJ of April 23, 2014, as listed in Plaintiff's letter to Defendants dated Nov. 2, 2022, D.I. 43-1, pg. 4. Therefore, all of these court papers should be included in the docket but are missing from there. If Defendants object to this request, please provide the specific basis for objecting to each of the four sets of court documents. In short, Defendants are requested to stipulate to add these and other missing court documents to the SDNY docket, consistent with Rules 10(a)(1) and 30(a)(b) of the Federal Rule of Appellate Procedure.

Plaintiff intends to move with the SDNY to include these and other missing transcripts and documents in the docket and is requesting Defendants' response by COB on September 14 on the the questions raised herein. Notwithstanding Defendants' potential

confidentiality designation and/or redaction request. If Defendants would like to review or draft a proposed stipulation, please let us know,

Regards,

Peter,

On Wed, Aug 16, 2023 at 1:43 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

I write in response to your email below.  As a threshold matter, three of the transcripts that you provided to us, two of which were previously filed in AAI's Form C, are in unredacted form despite having been sealed and redacted in the proceedings below.  This is yet another troubling example of AAI's willingness to flout court orders and engage in improper self-help.  We continue to reserve all rights in respect of previously sealed documents, including to seek appropriate relief from the District Court or the Circuit for AAI's failure to take appropriate steps with respect to those documents.

If you are asking us whether the attachments you provided to us are the transcripts of proceedings in the District Court, to the extent they were obtained by the NY Court Reporters' office (except where it appears your client has annotated the attachments), we are not disputing that those are the transcripts of proceedings.  As you know, we have not sought to order any transcripts for purposes of compiling a joint appendix.

In the interest of moving the appeal forward, we are available to discuss this issue at your convenience should it be necessary.

Regards,

Tom


———

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com  | clearygottlieb.com
Pronouns: he/him/his


**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Monday, August 7, 2023 5:31 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>; Moore, Christopher P. <CMoore@cgsh.com>; Park,

Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** AAI

Tom,

Plaintiff attempted to file the attached court hearing transcripts. See D.I.18, D.I.19, and D.I. 21.  Defendants admitted that they have all of the transcripts, and have no need to order any new ones.

Should you have any questions, please let us know.

Regards,

Peter

<2023-9-14Parties Stipulation.docx.secure>

--

PETER J. TOREN
ATTORNEY AT LAW

(646) 623-4654
ptoren@petertoren.com
petertoren.com
Admitted to Practice in: New York, California, and the District of Columbia.

This message is being sent from a lawyer and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.