UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.,

     Plaintiff,

      -against-

CITIGROUP GLOBAL MARKETS, INC.
f/k/a SALOMON SMITH BARNEY, INC.,
and THE YIELD BOOK INC., f/k/a
SALOMON ANALYTICS, INC.,

     Defendants.

No. 04 Civ. 3531 (LTS) (SLC)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO AAI'S MOTION
FOR THE RECORD ON APPEAL IN COMPLIANCE WITH
FEDERAL RULES OF APPELLATE PROCEDURE
10(a). 10(e)(1)(2)(A), (B), 11(b)(2)(A), AND 30(a)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................... 2

    I.     AAI's Dilatory Tactics ........................................................................................... 2

    II.    Over A Year After Filing Its Notice Of Appeal, AAI Seeks Rule 10 Relief Again ................................................................................................ 4

ARGUMENT ......................................................................................................................... 4

    I.     AAI's Request To Supplement Or Correct The Record Is Procedurally Flawed, And, In Any Event, Lacks Merit. ...................................... 4

          A.     The Second Circuit has fully adjudicated AAI's record-related requests. ............................................................................ 5

          B.     AAI's request to supplement or correct the record lacks merit and should be denied. ........................................................... 7

    II.    AAI's Request That Defendants Revisit Longstanding Confidentiality Designations Is Untethered From The Law And Facts, Would Be Incredibly Burdensome, And Should Be Eenied. ............................................................................................................ 11

    III.   AAI's Request That The Court Compel Its Former Counsel To Produce Correspondence With Defendants' Counsel Is A Thinly-Veiled Attempt To Reopen Discovery That Should Be Denied. ......................................................................................................... 14

    IV.   In The Alternative, The Court Should Limit the Relief Granted ................................................................................................................. 17

CONCLUSION ..................................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**                                                         **Page(s)**

*Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*,
2021 WL 4478621 (S.D.N.Y. Sept. 30, 2021), *reconsideration denied*, 2022 WL
2529281 (S.D.N.Y. July 7, 2022) .............................................................................. 16

*Advanced Analytics, Inc. v. Citigroup Global. Markets, Inc.*,
2009 WL 7133660 (S.D.N.Y. Aug. 5, 2009) *R & R. adopted in part, rejected in part*,
2010 WL 4780772 (S.D.N.Y. Nov. 22, 2010). ......................................................... 11

*Advanced Analytics, Inc. v. Citigroup Global Markets., Inc.*,
2013 WL 489061 (S.D.N.Y. Feb. 8, 2013)................................................................ 12

*Advanced Analytics, Inc. v. Citigroup Inc., et al.*,
Case No. 1:20-cv-07034-PGG (S.D.N.Y. Aug. 28, 2020)........................................ 16

*Advanced Analytics, Inc. v. Citigroup Global Markets., Inc.*,
2008 WL 2557421 (S.D.N.Y. June 26, 2008)........................................................... 11

*Bionpharma Inc. v. CoreRx, Inc.*,
2022 WL 580767 (S.D.N.Y. Feb. 24, 2022).............................................................. 11

*Bird v. Martinez-Ellis*,
2022 WL 17973581 (10th Cir. Dec. 28, 2022) ........................................................... 7

*E.E.O.C. v. Freeman*,
2014 WL 12786869 (D. Md. Jan. 14, 2014) ............................................................... 9

*E.W. Smith Publishing, Inc. v. Town of New Windsor*,
2005 WL 8179308 (S.D.N.Y. Oct. 4, 2005) ............................................................... 9

*Fulton v. United Airlines*,
2019 WL 13251065 (S.D. Tex. Nov. 13, 2019).......................................................... 9

*Gordon v. Softech Int'l, Inc.*,
2012 WL 1495409 (S.D.N.Y. Apr. 26, 2012)........................................................... 10

*In re General Motors LLC Ignition Switch Litigation*,
2015 WL 4750774 (S.D.N.Y. Aug. 11, 2015) ......................................................... 12

**Page(s)**

*In re Parmalat Securities Litigation*,
   258 F.R.D. 236 (S.D.N.Y. 2009) ............................................................................... 12

*Jones v. Nat'l Am. Univ.*,
   2009 WL 949189 (D.S.D. Apr. 4, 2009) ..................................................................... 9

*Kernan v. New York State Dep't of Fin. Servs.*,
   2016 WL 5477603 (E.D.N.Y. Sept. 29, 2016), *aff'd*, 712 F. App'x 61 (2d Cir. 2017)   11

*Libaire v. Kaplan*,
   2010 WL 2301197 (E.D.N.Y. June 7, 2010) ............................................................. 10

*Lugosch v. Pyramid Company of Onondaga*,
   435 F.3d 110 (2d Cir. 2006) ...................................................................................... 12

*Manns v. United States*,
   2015 WL 13830766 (E.D. Ky. May 27, 2015) ............................................................ 9

*Mills v. State of N.Y.*,
   2005 WL 1176103 (S.D.N.Y. May 17, 2005) ............................................................ 14

*Miro v. Plumbers & Pipefitters Nat'l Pension Fund*,
   2002 WL 31357702 (S.D.N.Y. Oct. 17, 2002) ....................................................... 8, 10

*Natofsky v. City of New York*,
   2018 WL 741678 (S.D.N.Y. Jan. 23, 2018) .............................................................. 10

*Nicholson v. Hyannis Air Serv., Inc.*,
   580 F.3d 1116 (9th Cir. 2009) ..................................................................................... 9

*Robinson v. Sanctuary Rec. Grps., Ltd.*,
   589 F. Supp. 2d 273 (S.D.N.Y. 2008) ................................................................. 7, 8, 9

*United States v. Abbott*,
   2021 WL 4593930 (S.D. Ill. Oct. 6, 2021) .................................................................. 9

*United States v. Corley*,
   2016 WL 9022508 (S.D.N.Y. Jan. 15, 2016) ............................................................ 14

*United States v. DiPietro*,
   2007 WL 2164262 (S.D.N.Y. Jul. 25, 2007) ............................................................... 8

*United States v. Kaufman*,
   2014 WL 2048198 (S.D.N.Y. May 19, 2014) .............................................................. 8

**Page(s)**

*Weiping Liu v. Indium Corp. of Am.*,
  2020 WL 6568606 (N.D.N.Y. May 6, 2020) ............................................................. 8

**Rules**

Fed. R. App. P. 10 ................................................................................................ *passim*

Fed. R. App. P. 11 ................................................................................................ 1, 3

Fed. R. App. P. 26 ................................................................................................ 4

Fed. R. App. P. 30 ................................................................................................ 1

Fed. R. Civ. P. 45 ................................................................................................ 15

2d Cir. L.R. 27.1 ................................................................................................ 4, 6

2d Cir. L.R. 31.2 ................................................................................................ 4

Defendants Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "Defendants") respectfully submit this Opposition to Plaintiff Advanced Analytics, Inc.'s ("AAI") Motion for the Record on Appeal in Compliance with Federal Rules of Appellate Procedure 10(a), 10(e)(1)(2)(A), (B), 11(b)(2)(A), and 30(a) (the "Motion").  ECF No. 503.[1]

## PRELIMINARY STATEMENT

This Court is well acquainted with AAI's established practice of needlessly multiplying proceedings with frivolous attempts to avoid court orders by relitigating previously adjudicated issues.  The Motion is yet another example and, as discussed herein, should be flatly rejected.

AAI first began claiming it would seek relief in this Court under Federal Rule of Appellate Procedure Rule 10 ("Rule 10") more than a year ago, yet waited until only two weeks ago to do so – and only then in a transparent attempt to use the pendency of the Motion as a basis for a request to further delay appellate briefing.  More egregiously, the Motion comes after AAI's unsuccessful attempt to seek Rule 10 relief from the Second Circuit, after which the Circuit expressly instructed AAI to raise any outstanding issues concerning the record in its forthcoming merits brief.  AAI's flouting of this clear instruction has one goal:  to further delay the conclusion of this matter.

Beyond its procedural impropriety, the relief AAI seeks in the Motion is both meritless and untenable.  To the extent any portion of the Motion could be read to fall within Rule 10(e) – i.e., a request to add certain materials to the record – AAI fails to cogently explain how the

---

[1]     For ease of reference, citations to "Mot." refer to AAI's Memorandum of Law in Support of the Motion and refer to the page numbers of the original document, and citations to "Notice of Mot." refer to AAI's Notice of Motion and refer to the ECF page numbers.  Unless quoted from AAI's correspondence or otherwise noted, docket citations to "ECF No." refer to the above-captioned case, docket citations to "[D.I.]" refer to the Second Circuit proceedings, *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc., et al.*, No. 22-1718 (2d Cir.), and citations to "Ex." refer to the exhibits attached to the Declaration of Thomas S. Kessler in Support of Defendants' Opposition, dated Oct. 11, 2023.

materials it references meet the applicable standards.  The remainder of the relief AAI seeks

through the Motion, which includes compelling the production of documents from its former

counsel and revising the docket text that accompanies sealed entries on the public docket, are

even further afield.  As is clear from the face of the Motion, AAI seeks to impose an unbounded

process through which AAI would have the unfettered right to repeatedly renew its requests to

"supplement" the record and challenge long-settled issues of confidentiality.  AAI clearly has no

right to do so.

## BACKGROUND

Defendants will not recount the procedural and factual history of this near-twenty-year

litigation, with which the Court is well acquainted.  *See, e.g.*, Mem. Order, ECF No. 461.  Nor

will Defendants deign to correct each of the errors in AAI's self-serving narrative of the case,

which are belied by the record.  *See* Mot. at 2–3, 16–17 (discussing AAI's ahistorical view of

case history).

## I.      AAI's Dilatory Tactics

AAI filed its notice of appeal over fourteen months ago, on August 6, 2022.  ECF 501.

Approximately one month later, AAI wrote to the Second Circuit arguing that the record was

incomplete and requesting December 3, 2022 as a "placeholder" due date for its opening brief.

*See* Ex. A, Ltr. from P. Toren to C. O'Hagan Wolfe dated Sept. 6, 2022 [D.I. 34, at 2 n.2].  For

the next seven months, AAI proceeded to file sixteen letters, raising various (evolving) claims as

to why it could not prepare a joint appendix and why the appeal could not move forward to

briefing.  *See* Ex. B, Docket Sheet dated October 11, 2023, *Advanced Analytics, Inc. v. Citigroup*

*Glob. Mkts., Inc., et al.*, No. 22-1718 (2d Cir.) ("Second Circuit Docket Sheet").  Faced with

AAI's increasingly garbled correspondence, Defendants requested to meet and confer on no less

than ten occasions for the sake of clarifying AAI's purported issues and moving the appeal forward.  *See* Ex. C, Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI [D.I. 73, at 5] ("Defendants' Motion").  AAI rebuffed those requests.  *Id.*

Unable to generate constructive engagement, on April 6, 2023, Defendants filed a Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI.  *Id.*  On April 24, 2023, AAI filed its opposition, asserting that "[AAI] . . . intends to motions [sic] in the S.D.N.Y. pursuant to the Federal Rules 10(a)(c)(e), 11(b)(2) etc."  Ex. D, AAI's Opp'n to Defs.' Mot. [D.I. 82, at 6].  On May 4, 2023, the Second Circuit ordered AAI to "file a supplemental response explaining [*inter alia*] why the scheduling of the appeal should be further delayed pending [AAI's] filing of a motion in the district court under [Rule 10]."  Ex. E, Order [D.I. 85].  Briefing on Defendants' Motion concluded on May 25, 2023.  *See* Ex. B, Second Circuit Docket Sheet at 7.

Nearly two months later, on July 11, 2023, AAI filed a motion in the Second Circuit requesting relief pursuant to, *inter alia*, Federal Rule of Appellate Procedure 10(e).  Ex. F, Plaintiff's (I) Motion for Record on Appeal In Compliance With Fed.R.App.Proc. and Local Rules and (II) Motion For Sanctions [D.I. 105] ("AAI's First 10(e) Motion").  Defendants opposed on both procedural and substantive grounds.  *See generally* Ex. G, Defs.' Opp'n to AAI's First 10(e) Mot. [D.I. 109].  On August 22, 2023, the Second Circuit granted Defendants' request to set a briefing schedule and denied AAI's First 10(e) Motion in its entirety.  Certified Copy of Second Circuit Order, ECF No. 502, at 1 ("Scheduling Order").[2]  In relevant part, the Scheduling Order further stated that the Second Circuit would "not entertain any further motions

---

[2]    Lest Defendants be falsely accused (yet again) of "hiding" facts from the Court, the Second Circuit denied Defendants' request that AAI be prohibited from filing letters without prior approval.  Scheduling Order at 1 ("It is further ORDERED that Appellees' motion for a leave-to-file sanction and Appellant's motion to complete the record and for sanctions are DENIED.").

or other communication about the completion of the record or appendix" and that "any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel." *Id.* at 1–2.

## II.     Over A Year After Filing Its Notice Of Appeal, AAI Seeks Rule 10 Relief Again.

On September 27 – over a month after the Scheduling Order – AAI filed the Motion. *See* Mot. Shortly after AAI filed the Motion, on September 30, Defendants sent AAI a good-faith counterproposal in an effort to resolve the Motion. *See* Ex. H, AAI's Motion for Extension of Time to File Brief and Appendix Pursuant to Federal Rules of Appellate Procedure 26(b) and Local Rule 27.1(f), 31.2(D) [D.I. 127, at 57–58]. Four days later, AAI filed a motion in the Second Circuit requesting to modify the Scheduling Order, claiming, among other things, that an extension was warranted to permit this Motion to be heard. *See id.* at 2–8, 13–14.

## ARGUMENT

## I.     AAI's Request To Supplement Or Correct The Record Is Procedurally Flawed, And, In Any Event, Lacks Merit.

AAI's second attempt to fashion a request for Rule 10(e) relief fares no better than its first and should be denied. As an initial matter, the Motion's request to "supplement" or "correct" the record in order to add an ill-defined set of materials is procedurally improper both because the Second Circuit already considered and denied AAI's request and because the Second Circuit gave AAI a clear direction regarding how disputes concerning the record should be addressed. Moreover, AAI has failed to show that any of the documents it seeks to add to the record were omitted by error or accident, nor has AAI shown that such documents are material or that the current record does not disclose the course of the case before the District Court.[3]

---

[3]     AAI's requests to revisit confidentiality designations, add the titles of sealed entries to the docket, and compel the production of documents are also meritless for the reasons discussed in Sections II and III, *infra*.

A.     *The Second Circuit has fully adjudicated AAI's record-related requests.*

In July 2023, AAI sought from the Second Circuit the exact same relief it now seeks from this Court—an order directing Defendants "to cooperate with Plaintiff's efforts to complete the case docket" pursuant to a list of four procedures.  *Compare*, AAI's First 10(e) Mot. at 2–4, *with* Notice of Mot. at 5–6.  AAI acknowledges as much.  *See* Mot. at 19 ("[AAI] brought its motion seeking identical relief in the Second Circuit . . . .").  The Second Circuit denied that relief and ordered the parties to raise "any outstanding issues concerning the record" in their merits briefs rather than through "further motions or other communications about the completion of the record or appendix."  Scheduling Order at 1–2.

The relief AAI requests is patently incompatible with the Second Circuit's admonition that "any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel."  *Id.* at 2.  AAI does not offer any cogent argument as to how the relief it seeks here is permissible under the Scheduling Order.  Nor can it.  When considering AAI's First 10(e) Motion, the Second Circuit was well aware of AAI's purported intent to seek relief in the District Court.  In fact, the Second Circuit's May 2023 request for supplemental briefing from AAI explicitly asked AAI to address "why the scheduling of the appeal should be further delayed pending [AAI's] filing of a motion in the district court under Federal Rule of Appellate Procedure 10 . . . ."  Ex. E, Order [D.I. 85].  Armed with the awareness that AAI was at least considering moving for Rule 10 relief in the District Court, the Second Circuit directed the parties to address any further record-related issues in their merits briefs.

Rather than comply with the Second Circuit's clear directive, AAI appears to argue that the Second Circuit's order was wrongly decided.  *See, e.g.*, Mot. at 19 (implicitly asserting that

"AAI would be deprived of its right to appeal based on a complete Record" as a result of the Scheduling Order). But AAI had four opportunities to brief this issue in the Second Circuit, and the Second Circuit rejected all of AAI's arguments. Scheduling Order at 1 ("Appellant's motion to complete the record and for sanctions are DENIED."). To the extent that AAI sought to challenge the Scheduling Order, the Second Circuit would have been the proper forum to request reconsideration. *See* 2d Cir. L.R. 27.1(g).

Further, AAI baselessly asserts that Defendants "requested [a] change of venue only from the Second Circuit to the SDNY" and have "conceded that [AAI] is entitled to relief" under Rule 10(e). Mot. at 2, 13. Not so. In opposing AAI's First 10(e) Motion, Defendants simply pointed out that AAI should have sought relief from the District Court but had not done so. Ex. G, Defs.' Opp'n to AAI's First 10(e) Mot. [D.I. 109, at 10–11] (noting that Federal Rules of Appellate Procedure 10(c) and (e) provide for District Court settlement or approval and stating, with respect to AAI's supposedly forthcoming Rule 10(c) or 10(e)(1) motion, "[i]f AAI wanted to seek relief from the District Court, then it could and should have done so nearly a year ago."). [4] AAI's demonstrably wrong interpretation of Defendants' prior arguments cannot form a basis for it to sidestep the Scheduling Order's clear dictate.

AAI's misreading extends beyond Defendants' submissions; it also claims that by certifying the Scheduling Order to the District Court, the Second Circuit "delegated the

---

[4] Rule 10(e)(2) states that the court of appeals may correct erroneous or accidental omissions or misstatements in the record. Fed. R. App. P. 10(e)(2). In opposing AAI's First 10(e) Motion, Defendants explained that to the extent AAI was seeking relief under other provisions of Rule 10, those requests were improperly directed to the Second Circuit. Ex. G, Defs.' Opp'n to AAI's First 10(e) Mot. [D.I. 109, at 10–11]. In any event, AAI's argument in this regard is irrelevant because the Second Circuit has already ruled on its requests. Scheduling Order at 1.

resolution of the issues" to the District Court.[5]  Notice of Mot. at 7, *see also* Mot. at 15 ("Further, the Second Circuit's certified Order delegated specific issues to the SDNY . . . ."), *id.* at 19 ("The Second Circuit . . . delegated for the SDNY to resolve the issues.").  Of course, the Scheduling Order says nothing of the sort.  *See* Scheduling Order at 1–2.  Had the Second Circuit wanted to delegate the resolution of AAI's First 10(e) Motion to this Court, it would have done so.  *See Robinson v. Sanctuary Rec. Grps., Ltd.*, 589 F. Supp. 2d 273, 274 (S.D.N.Y. 2008) ("This matter comes before the Court upon an order from the [Second Circuit] transferring a [Rule 10(e)] motion . . . .").

AAI had over a year since it filed its Notice of Appeal to move for Rule 10 relief if it truly held any concerns regarding the state of the record.  But rather than proceeding expeditiously, AAI made a strategic choice to forego seeking such relief in favor of its letter-writing campaign and steadfast refusal to meet-and-confer with Defendants for seven months.  AAI then made another strategic choice to first seek Rule 10 relief in the Second Circuit, which was denied.  Scheduling Order at 1.  AAI's apparent dissatisfaction with the results of its strategic gambit does not provide a basis for it to avoid the plain language of the Scheduling Order.

    B.    *AAI's request to supplement or correct the record lacks merit and should be denied.*

Should this Court consider the merits of the Motion (which it need not), AAI has not shown sufficient justification to correct or supplement the record.  Rule 10(e) provides that "(1) [i]f any difference arises about whether the record truly discloses what occurred in the district

---

[5]    AAI cites *Bird v. Martinez-Ellis*, 2022 WL 17973581 (10th Cir. Dec. 28, 2022) in support of its apparent argument that its choice to first seek Rule 10 relief from the Second Circuit before this Court was correct.  *See* Mot. at 19.  But whether or not AAI's initial choice of venue was correct is of no moment – the Second Circuit considered AAI's arguments and denied its requests.  Ex. E, Order [D.I. 85].

court, the difference must be submitted to and settled by that court . . ." and "(2) [i]f anything material to either party is omitted from or misstated in the record by error or accident," the district court *may* (but is not required to) correct or supplement the record.  Fed. R. App. P. 10(e)(1)–(2).  Disputes regarding "whether the record truly discloses what occurred" under Rule 10(e)(1) most commonly arise in the context of correcting errors in transcripts of proceedings. *See United States v. Kaufman*, 2014 WL 2048198, at *13 n.5 (S.D.N.Y. May 19, 2014) (correcting misstatement in transcripts under Rule 10(e)); *see also United States v. DiPietro*, 2007 WL 2164262, at *1 (S.D.N.Y. Jul. 25, 2007) (granting Rule 10(e) motion "to correct a single statement in the transcript recording the Court's jury instructions"); *Weiping Liu v. Indium Corp. of Am.*, 2020 WL 6568606, at *1 (N.D.N.Y. May 6, 2020) (denying plaintiff's motion to correct errors in the trial transcript under Rule 10(e)(1)).  With respect to requests to supplement the record under Rule 10(e)(2), the movant "must demonstrate that the evidence to be supplemented was before the lower court in the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." *Miro v. Plumbers & Pipefitters Nat'l Pension Fund*, 2002 WL 31357702, at *1 (S.D.N.Y. Oct. 17, 2002).  The purpose of the rule is to correct omissions from or misstatements in the record, not to introduce new evidence in an appeal.  *Id.* at *2.  "Documents that were submitted to chambers and opposing counsel, but never docketed, are thus considered never actually filed in the district court proceeding, and should not be considered on appeal." *Robinson, Ltd.*, 589 F. Supp. 2d at 275.

As best as Defendants can determine, AAI is requesting that the record be supplemented with: (1) AAI's first attempt in April 2014 to revise its summary judgment briefing to comply with Magistrate Judge Pitman's order striking the Fourth Fan Declaration; (2) a selection of

letters sent to the Court by the parties; and (3) certain transcripts.[6]  *See* Mot. at 5–6, 21.  AAI does not argue that any of those materials were "omitted by error or accident."  Fed. R. App. P. 10(e)(2); *see also Robinson*, 589 F. Supp. 2d at 275 (Rule 10(e) movant "must demonstrate that the evidence to be supplemented . . . was mistakenly omitted from the record") (citation omitted).  Even if it had, those arguments would not justify the relief AAI seeks.

The April 2014 summary judgment briefing referenced above comprise a failed attempt by AAI to comply with Magistrate Judge Pitman's order to remove references to the stricken Fourth Fan Declaration, which briefs Magistrate Judge Pitman rejected as non-compliant with his order.  Order of Mag. Judge Pitman, ECF No. 247, at 1–2 ("Because I have now twice ruled that the Fourth Fan Declaration may not be used to oppose defendants' motion for summary judgment and plaintiff's most recently filed opposition papers continue to cite to the fourth Fan Declaration, I shall give plaintiff a final opportunity to submit opposition papers that comply with my rulings concerning the Fourth Fan Declaration.").  Clearly, the omission of these papers from the record was not omission nor accident.  *See Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1127 n.5 (9th Cir. 2009) (briefing papers "lodged" with the district court but not accepted for filing "are not part of the record on appeal and are not before this court").  And the letters AAI identifies are "[d]ocuments that were submitted to chambers and opposing counsel, but never docketed" and therefore not part of the record.  *Robinson*, 589 F. Supp. 2d at 275; *see*

---

[6]  Each of the cases cited by AAI (the bulk of which are not binding on this Court) are inapposite.  *See* Mot. at 18; *Manns v. United States*, 2015 WL 13830766, at *1 (E.D. Ky. May 27, 2015) (denying motion to add transcript to record for failure to allege it was "material" to issues raised on appeal); *E.W. Smith Publishing, Inc. v. Town of New Windsor*, 2005 WL 8179308, at *1 (S.D.N.Y. Oct. 4, 2005) (granting Rule 10 motion to correct a misquote in the court's opinion); *United States v. Abbott*, 2021 WL 4593930, at *1 (S.D. Ill. Oct. 6, 2021) (addressing dispute as to whether certain evidence was before the court at a hearing); *E.E.O.C. v. Freeman*, 2014 WL 12786869, at *2 (D. Md. Jan. 14, 2014) (same); *Fulton v. United Airlines*, 2019 WL 13251065, at *2 (S.D. Tex. Nov. 13, 2019) (addressing dispute as to which trial exhibits were sent to jury for deliberations); *Jones v. Nat'l Am. Univ.*, 2009 WL 949189, at *4 (D.S.D. Apr. 4, 2009) (correcting misquotes in transcript).

*also Miro*, 2002 WL 31357702, at *1 ("Plaintiff's informal submission (i.e., a facsimile) of unfiled motion papers directly to chambers in no way constitutes an acceptable substitute for filing with the Clerk of the Court."). *But see Libaire v. Kaplan*, 2010 WL 2301197, at *3–5 (E.D.N.Y. June 7, 2010) (determining that certain evidentiary exhibits not filed via ECF were considered by the court in rendering summary judgment decision). Finally, with respect to the transcripts,[7] although AAI fails to demonstrate their relevance or how the current record does not truly disclose what occurred (as discussed below), Defendants have voluntarily offered to docket these transcripts for AAI, without conceding they were omitted "by error or accident."[8]  *See infra* Section IV.

AAI's request also fails to demonstrate how any of the purportedly missing documents are material to its appeal or how the current record does not truly disclose what occurred. AAI repeatedly asserts that the documents are "essential" but does not explain why they are necessary for the Second Circuit to adjudicate the appeal. Mot. at 4, 20. AAI also does not demonstrate how the documents "inform[ed] the Court's decisions in this matter." *Gordon v. Softech Int'l, Inc.*, 2012 WL 1495409, at *1 (S.D.N.Y. Apr. 26, 2012). And to the extent that the purportedly

---

[7]      In its Motion, AAI lists transcripts dated: Mar. 6, 2006; July 2, 2007; August 21, 2007; October 1, 2007; October 19, 2007; December 11, 2007; and July 15, 2008. Mot. at 5. AAI also references a transcript purportedly dated August 15, 2007. *Id.* at 21. But when Defendants previously noted that no hearing appeared to have taken place on that date, AAI admitted that it was a typo and it meant to refer to the July 15, 2008 transcript. *See* Ex. I, Plaintiff's Supplemental Opposition to Defendants' Motion to Set Briefing Schedule and Require Leave of Court for Future AAI Filings [D.I. 94, at 15] (noting that "the obvious typo 8/15/2007 refers to the 7/15/2008, which have been in the previous six letters 'for six times.'").

[8]      AAI argues that *Natofsky v. City of New York*, 2018 WL 741678 (S.D.N.Y. Jan. 23, 2018), which rejected a Rule 10(e) motion to supplement the record with undocketed transcripts, actually supports AAI's position because the transcripts at issue in *Natofsky* were deposition transcripts (and not, as here, hearing transcripts). *See* Mot. at 19-20. But in denying the plaintiff's Rule 10(e) motion, the *Natofsky* court did not rely on the fact that the transcripts were of depositions rather than court hearings. Rather, the court relied on the facts that (1) the transcripts "were not filed with th[e] [c]ourt" and (2) the plaintiff "d[id] not (and could not credibly) argue that the[] materials were omitted from the record 'by error or accident.'" *Natofsky*, 2018 WL 741678 at *1.  In contrast, here AAI makes no argument that AAI or Defendants filed those transcripts while the proceeding was pending before the District Court. And AAI has still failed to provide any evidence that such transcripts were omitted by "error or accident." Fed. R. App. P. 10(e)(2).

missing documents may be relevant, AAI has not shown how the information contained in the

missing documents is not captured by the current set of record documents.  *See, e.g.*,

*Bionpharma Inc. v. CoreRx, Inc.*, 2022 WL 580767, at *6 (S.D.N.Y. Feb. 24, 2022) (denying

10(e)(2) motion where "the gist of the settlement agreement was explained to the Court prior to

the issuance of the Opinion & Order."); *Kernan v. New York State Dep't of Fin. Servs.*, 2016 WL

5477603, at *4 (E.D.N.Y. Sept. 29, 2016) ("The documents cited by the Court in this portion of

the factual background are already included in the record."), *aff'd*, 712 F. App'x 61 (2d Cir.

2017).  Indeed, the Court's orders adequately reflect the contents of the purportedly missing

motion papers, correspondence, and transcripts.[9]

## II.   AAI's Request That Defendants Revisit Longstanding Confidentiality Designations Is Untethered From The Law And Facts, Would Be Incredibly Burdensome, And Should Be Denied.

In addition to its requests to supplement the record with undocketed materials, the Motion

also seeks to shoehorn in a request for relitigating the longstanding confidentiality designations

of every sealed document since the beginning of this case.  *See* Mot. at 22–24 (arguing that

Defendants' prior, years-old designations were mistaken and that the Court should order

Defendants to unseal documents).  The operative protective order states in relevant part, "[a]ny

party or producing person may designate as confidential any discovery material which contains

or discloses trade secrets" or other similar material and mandates the filing of any designated

materials under seal.  Stip. & Protective Order Governing Confidential Material, ECF No. 25

¶¶ 2, 10.  The propriety of Defendants' designations of their confidential discovery material have

---

[9]      *See, e.g.*, Mot. at 5 ("The Moore's Letter was endorsed by MJ Pitman 7/11/2008 Order, ECF. No. 111 . . ."); Advanced *Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 2008 WL 2557421, at *2 n.6 (S.D.N.Y. June 26, 2008) (quoting statements by AAI's counsel during the March 1, 2006, August 21, 2007, and October 1, 2007 proceedings); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 2009 WL 7133660, at *2 (S.D.N.Y. Aug. 5, 2009) (same), *R & R. adopted in part, rejected in part*, 2010 WL 4780772 (S.D.N.Y. Nov. 22, 2010).

been upheld by multiple court orders.  *See, e.g.*, Order of Mag. Judge Pitman, ECF No. 30, at 2 (Mar. 2, 2006) (denying AAI's motion to strike "Highly Confidential" designations); Order of Mag. Judge Pitman, ECF No. 174, at 1 (Sept. 25, 2012) (same); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 2013 WL 489061, at \*3 (S.D.N.Y. Feb. 8, 2013) (overruling AAI's objections to denial of motion to reconsider order sustaining Defendants' "Highly Confidential" designations); Order of Mag. Judge Pitman, ECF No. 312, at 1–2 (May 28, 2019) (denying AAI's motion to amend the protective order).

AAI ignores the text of Rule 10(e) in an apparent attempt to force Defendants to re-review the designations of every sealed filing dating back to the beginning of the case, re-litigate them, and produce redacted copies of every sealed document.  *See* Notice of Mot. at 5–6; Mot. at 1 (requesting the Court direct Defendants to "remov[e] improper designations on files, and include[e] the missing files and redactions to the docket").  This request has no basis in law. Putting aside the sheer burden of AAI's demand, Defendants are aware of no authority imposing, or even suggesting, the sort of vague, continuous, duty to re-review and re-justify the propriety of confidentiality designations that AAI appears to claim exists here.  The only authorities cited by AAI in support of its position, *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006), *In re General Motors LLC Ignition Switch Litigation*, 2015 WL 4750774 (S.D.N.Y. Aug. 11, 2015), and *In re Parmalat Securities Litigation*, 258 F.R.D. 236 (S.D.N.Y. 2009), are inapposite.[10]  None of those cases addressed the present situation, where a litigant seeks to use Rule 10 as a vehicle to relitigate the sealing of *every single filing currently under seal*.

---

[10]      *Lugosch* addressed whether a party seeking to intervene in a civil case was bound by the district court's prior confidentiality order. 435 F.3d at 126.  *In re General Motors* addressed whether a preexisting confidentiality agreement between the parties applied to the court proceedings. 2015 WL 4750774, at \*4.  And *Parmalat* did not address a motion seeking Rule 10 relief, nor does it permit the sort of sweeping, unspecified request AAI makes here.  *See generally* 258 F.R.D. 236.

Further, AAI fails to mention that a version of this *exact same request* has been rejected multiple times, in part due to the burden it would place on Defendants.  *See* ECF No. 293 (raising similar request in 2018); ECF No. 312 (order denying same); ECF No. 272 (denying same request in 2015); ECF No. 30 (denying same request in 2006); ECF No. 38 (order denying motion for reconsideration of ECF 30).  The notion that Defendants should be compelled to revisit longstanding confidentiality designations, and prepare redacted versions of each sealed document, attempts to foist an immense burden on Defendants with no legal basis.[11]  The Second Circuit has confirmed as much in denying the same request from AAI less than a month ago.  *See* Scheduling Order, ECF No. 502.  AAI should not be permitted to use its purported Rule 10(e) motion as a *de facto* motion for reconsideration of all of these prior orders.

Finally, AAI's request regarding the titles of sealed entries on the docket is also unsupported by any authority.  AAI vaguely references Rule 10(e) in support of its demand that the Court order Defendants to, apparently, revise the text of sealed docket entries.  *See* Mot. at 23–24.  But Rule 10(e) says nothing about the titles of entries on the docket.  *See* Fed. R. App. P. 10(e).  This is far from the first case with sealed filings, and Defendants are not aware of any case where a court has granted a similarly broad request to revise the titles of docket entries.  Notably, in denying the same request from AAI in August, the Second Circuit did not indicate that the existence of sealed entries on the District Court docket will hamper its ability to consider

---

[11]     AAI also claims that "Defendants have utterly failed to provide any basis for their blanket of all documents of their two zip files as 'Highly Confidential.'"  Mot. at 22.  AAI's argument rests on a misreading of Defendants' communications, which merely reminded AAI that the filings Defendants provided as a courtesy had been designated as "Confidential" or "Highly Confidential" under the Protective Order at the time of their filing, and that such designation continued to apply.

the appeal.[12]  Scheduling Order, at 1.  Nor could AAI claim any prejudice, given that

Defendants' previously provided AAI with courtesy packages of documents that correlated each

document with a date and/or ECF number.[13]  As best as Defendants can understand it, AAI's

request appears to be entirely based on its own convenience, rather than on any law, rule, or

other Second Circuit requirement and thus should also be denied.

### III.   AAI's Request That The Court Compel Its Former Counsel To Produce Correspondence With Defendants' Counsel Is A Thinly-Veiled Attempt To Reopen Discovery That Should Be Denied.

AAI's final request is its most untethered:  the Motion seeks an order compelling AAI's

former counsel to produce documents and correspondence allegedly related to this action.  To be

sure, this is not the first time AAI has made this baseless request or relied on invented notions of

"collusion."  Each prior attempt has been rebuffed and this iteration should be treated similarly.

Tellingly, AAI does not even attempt to ground this request in Rule 10(e).  *See* Mot. at

24–25.  Nor could it.  Defendants are aware of no caselaw standing for the proposition that Rule

10(e) can be used in such a way, much less where discovery has been closed for more than

eleven years.  In fact, courts have rejected attempts to use Rule 10(e) as an "attempt[] to revisit a

long-abandoned discovery dispute."  *Mills v. State of N.Y.*, 2005 WL 1176103, at *1 (S.D.N.Y.

May 17, 2005); *see also United States v. Corley*, 2016 WL 9022508, at *4 (S.D.N.Y. Jan. 15,

2016) ("declin[ing] to order discovery relating to [plaintiff's] appeal" where the plaintiff "ha[d]

---

[12]     In a footnote to its order (which AAI appears to misunderstand) the Second Circuit demonstrated that sealed entries are not inaccessible to the Second Circuit.  *See* Scheduling Order at 2 n.* (explaining the Second Circuit reviewed the contents of two sealed District Court docket entries).  The self-serving declaration of AAI's counsel accompanying the Motion merely confirms the obvious fact that the Second Circuit has the ability to access sealed filings. Decl. of P. Toren at ¶ 25 (discussing the transfer of certain sealed files to the Second Circuit in connection with its order).

[13]     To the extent AAI continues to feign prejudice, AAI has not explained why disclosing on the docket the title of each sealed filing is necessary to prosecute its appeal nor why it has continually rebuffed Defendants' many offers to meet and confer.

-14-

not identified any authority under which the Court should compel the production of documents from third parties at the post-judgment stage of proceedings"). Though fashioned as seeking Rule 10 relief, this portion of the Motion is, in reality, a chimerical request to (a) amend Magistrate Judge Pitman's January 2012 scheduling order in order to reopen discovery,[14] (b) permit the issuance of a Rule 45 subpoena to AAI's former counsel and (c) compel compliance with that subpoena. Not only has AAI failed to follow the procedures for requesting the relief it apparently seeks, it also offers no support for its apparent assertion that it is entitled to bring this request over eleven years after the close of discovery.[15]

In any event, as the Court knows, AAI's repeated prior attempts to compel production of documents related to alleged "collusion" have been denied multiple times. After AAI's prior counsel withdrew from the case, the District Court denied a motion by AAI's subsequent counsel to reopen discovery on the ground that AAI's prior counsel had engaged in misconduct. *See* ECF No. 312. During oral argument on the motion, Magistrate Judge Pitman questioned "why [AAI] ha[d]n't filed a complaint or sought some kind of administrative grievance against prior counsel." May 28, 2019 Hr'g Tr., ECF No. 381, at 20:16–21, 21:4–8. And since AAI's current counsel appeared in this case over four years ago, AAI has requested – and the Court has denied – a version of the same relief sought in the Motion multiple times. *See* Mot. to Defer Fee App., ECF No. 366, at 17 (AAI requesting an order that Defendants and AAI's prior counsel produce all communications); Nov. 12, 2019 Hr'g Tr., ECF No. 376, at 12:23–25 (order denying AAI's

---

[14]     *See* Mem. Order, ECF 461 at 4–5 ("All discovery, including expert discovery, is to be completed by July 17, 2012.").

[15]     AAI's claim that it is not seeking to reopen discovery is facially contradicted by AAI's stated basis for seeking this relief. *Compare* Mot. at 24 (". . . it is not discovery in the traditional sense when a plaintiff seeks to obtain its own property or documents in the possession of its former counsel."), *with id.* at 25 ("The possible evidence of collusion, or conspiracy to commit fraud on the court, contained within the email communications further underscores the need for them to be produced.").

"motion to defer and for an inquiry into defendants"); ECF No. 438 (June 9, 2020) (order

denying motion for reconsideration of same); ECF No. 461 at 13–14 (order denying plaintiff's

objections to same).  AAI provides no explanation for why this copycat request should be treated

differently, nor any facts that would alter the Court's prior analysis.  *See* ECF No. 461 at 13–

14.[16]

AAI's penchant for attempting to relitigate issues in the face of binding prior decisions is

well-known to this Court.  *See, e.g.*, *Adv. Analytics, Inc. v. Citigroup Glob. Mkts. Inc.*, 2021 WL

4478621, at *6 (S.D.N.Y. Sept. 30, 2021) (noting with respect to AAI's request that the Court

conduct an investigation into purported "fraud and collusion", that "many if not all of [these

claims] seek to relitigate issues already decided by the Court . . ."), *reconsideration denied*, 2022

WL 2529281 (S.D.N.Y. July 7, 2022).  AAI's continued attempts to relitigate prior orders in this

matter are both improper and frivolous, and should be denied for this reason as well.

Finally, to the extent that AAI seeks remediation for its prior counsel's alleged violations

of his ethical duties, this court is not the proper forum for AAI to do so.  As Magistrate Judge

Pitman recognized in 2019, there are multiple fora for AAI to take action against its former

counsel for any perceived grievance.  May 28, 2019 Hr'g Tr., ECF No. 381, at 20:16–18.  AAI's

---

[16]      Defendants note that AAI filed a duplicative action in 2020 in the Southern District of New York against certain of Defendants' affiliates and certain third-parties asserting largely the same claims, and raising the same allegations of purported "collusion" between AAI's prior counsel and Defendants.  *Advanced Analytics, Inc. v. Citigroup Inc., et al.*, Case No. 1:20-cv-07034-PGG (S.D.N.Y. Aug. 28, 2020).  That proceeding is currently stayed pending the resolution of AAI's appeal.  *See* Order of Judge Paul G. Gardephe, *Advanced Analytics, Inc. v. Citigroup Inc., et al.*, Case No. 1:20-cv-07034-PGG, ECF No. 53, at 3 (S.D.N.Y. Sept. 1, 2022).  To the extent that AAI's true goal is to use this Motion to conduct advance discovery in aid of that proceeding, it is even more improper and should not be permitted.

request to conscript this Court into the service of adjudicating AAI's "administrative grievance" is wholly improper and should be rejected out of hand.  *Id.* at 21:4–8.[17]

## IV.    In The Alternative, The Court Should Limit the Relief Granted.

To the extent the Court were inclined to grant any of the relief sought by AAI, Defendants respectfully request the Court limit any such grant to:  (1) directing the clerk to amend the docket text accompanying sealed filings to include the titles of the documents; (2) publicly docketing (a) certain transcripts,[18] (b) Defendants' Letter to Magistrate Judge Pitman dated April 29, 2014, and (c) AAI's Letter to Magistrate Judge Pitman dated May 1, 2014; and (3) filing redacted versions of the July 2, 2007 transcript and AAI's April, 2014 summary judgment briefing on the public docket.  *See* Ex. H, AAI's Motion for Extension of Time to File Brief and Appendix Pursuant to Federal Rules of Appellate Procedure 26(b) and Local Rule 27.1(f), 31.2(D) [D.I. 127, at 57–58].  Although Defendants do not believe that these materials are necessary for the pending appeal, and do not concede that they form part of the record in this Court, this more limited form of relief would address AAI's perceived issues without ceding to the remainder of its amorphous, untenable requests.

---

[17]      AAI's conduct continues to raise serious concerns that AAI's principal may be acting as *de facto* counsel to AAI and engaging in the unauthorized practice of law.  The substance and format of AAI's recent filings – including the Motion – have only reinforced and amplified these concerns.  *See, e.g.*, Mot. at 2 ("Once their feigned oppositions through misinterpretations have been exposed, Defendants have become silent regarding II, which pertains to the recovery of Plaintiff's case files from Collins."); *id.* at 10 n.25 ("Regarding Defendants' purported need to 'decipher AAI's intent', Requested Files was updated based on Defendants' .zip files of Sept. and Nov. 2022, listing what are needed for each entry in the docket.  Defendants conceded that they needed not to 'decipher,' and their two salami .zip files produced nothing.").  Although Defendants do not ask the Court to take any action in this regard at the present time, Defendants reserve all rights to do so in the future.

[18]      Defendants would agree to publicly file the transcripts of the March 1, 2006, August 21, 2007, October 1, 2007, October 19, 2007, December 11, 2007, and July 15, 2008 proceedings.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny the

Motion or, in the alternative, order the more limited relief described herein.


Dated: October 11, 2023
       New York, New York

                                    Respectfully submitted,



                                    /s/ Thomas S. Kessler
                                    Christopher P. Moore
                                    Jennifer Kennedy Park
                                    Thomas S. Kessler
                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                    One Liberty Plaza
                                    New York, New York  10006
                                    T: 212-225-2000
                                    F: 212-225-3999

                                    *Attorneys for Defendants Citigroup Global Markets
                                    Inc. and The Yield Book Inc.*