# EXHIBIT A

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Peter Toren, Esq.
Ptoren@petertoren.com
212-278-1093

<u>VIA ECF</u>                                                                                        September 6, 2022

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, N.Y. 10007

    Re: <u>Advanced Analytics, Inc. v. Citigroup Global Markets,
      Inc., et al, Docket #22-1718</u>

Dear Ms. Wolfe:

  We represent Advanced Analytics, Inc. ("Plaintiff") in the above-captioned case. We are writing on two issues.

  <u>First Issue, with regard to the completion of the record,</u>, pursuant to F.R.A.P Rule 11(b)(2), "the District Clerk's Duty to Forward, [w]hen the record is complete, the district clerk must number the documents constituting the record and send them promptly to the circuit clerk…" Further, pursuant to the Second Circuit's Local Rule 11.1(a)(1)(A) "the district clerk retains the record on appeal, subject to F.R.A.P. Rule 11(e), and forwards to the circuit clerk, within 14 days after the filing of the notice of appeal, a certified copy of the index of docket entries instead of the entire record."

  To date, the District Clerk has filed the ELECTRONIC INDEX, in lieu of record, ECF. no. 6, CA2 22-1718. (the "Index"). However, the record is far from complete in several aspects. <u>First,</u> numerous documents and transcripts are missing. For example, the July 15, 2008, court hearing had no entries for the hearing or the transcripts in the Index. <u>Second</u>, most of the briefs were sealed without any indication as to their subject matter and there were no redacted versions for the briefs filed prior to 2009. More problematically, many filings including nearly all letters to the Court before 2018 had no ECF entries in the Index. Plaintiff's current counsel entered into appearance in 2019 in this matter which was originally filed in 2004. However, despite our efforts which are continuing, we have not obtained the missing record from either Defense counsel or Plaintiff's former counsel (Todd S "Collins").[1]

  <u>Third.</u> Chief Judge Swain on January 26, 2021 directed Defense counsel to provide an electronic copy of "all the relevant documents" to the Court. See ECF no.479-2, Ex. A to

---

[1] See Plaintiff's letter to Defendants filed contemporaneously with this letter.

New York, NY ■ Los Angeles, CA ■ Denver, CO ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

Catherine O'Hagan Wolfe
September 6, 2022
Page 2

Plaintiff's FRE201 Motion for Judicial Notice, ECF no. 479. However, Defendants largely failed to comply. The electronic files which Defendants submitted pursuant to this order are not reflected in the Index. See ECF no.479-9, Ex. I, ECF no.479-10, Ex.J *Id..* Defendants have produced only non-searchable image pdf files. *See* e.g., ECF. no. 459, 04 cv. 3531. Plaintiff have requested but Defendants refused to produce the text-searchable pdf versions which are required by Local Rules 25.1 and 25.2 of Second Circuit.

Plaintiff has been doing whatever is necessary to enable the District Court to correct and complete its record to forward it to Second Circuit expeditiously, and will continue with these efforts pursuant to Rules 11(a) and 10(e) of the Federal Rules of Appellate Procedure and Local Rule 11.1(a).

Second Issue, regarding brief scheduling. Plaintiff-Appellant filed Form D indicating the transcripts that are being ordered from the Clerk of SDNY on August 22, 2022. Pursuant to Local Rule 31.2(a)(1)(A), we respectfully request a deadline for the filing of Plaintiffs-Appellants' opening brief, 91 days after the "ready date" which is the latter of (i) a certified copy of the index of docket entries of the completion of the record in the District Court of SDNY or (ii) the reporter from District Court file the transcripts requested by Plaintiff in Form D with the district clerk and/or a certificate that such transcript(s) are missing and/or no-longer available.[2]

Respectfully submitted,

Anderson Kill, P.C.
/s/Peter Toren
Peter Toren

Attorneys for Plaintiff-Appellant
Advanced Analytics, Inc.

---

[2] By ECF filing requirement for this letter, Appellant has to fill in a proposed deadline even before the "ready date." This was done so without prejudice to the position we have set forth herein. To avoid of any doubt, Plaintiff-Appellant reserves its right to update the Appeal Court and seeks leave to revise the briefing schedule, when Plaintiff receives any of the updates.