# EXHIBIT C

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 22-1718 _____     _____ Caption [use short title] _____

Motion for: Briefing Schedule & Leave-to-File Requirement

_____

_____

Set forth below precise, complete statement of relief sought:

1. Setting a briefing schedule. _____     Advanced Analytics, Inc. v. Citigroup Global Mark

2. Establishing a deadline for AAI's submission of a joint appendix.

3. Requiring AAI to obtain leave of court before filing

any further letters on the public docket.

_____

_____

_____

MOVING PARTY: Citigroup Global Markets, Inc. & The Yield Book, Inc.   OPPOSING PARTY: Advanced Analytics, Inc.

☐ Plaintiff          ☑ Defendant

☐ Appellant/Petitioner    ☑ Appellee/Respondent

MOVING ATTORNEY: Thomas S. Kessler      OPPOSING ATTORNEY: Peter J. Toren
[name of attorney, with firm, address, phone number and e-mail]

Cleary Gottlieb Steen & Hamilton LLP      Anderson Kill

One Liberty Plaza, New York, NY 10006      1251 Avenue of the Americas, New York, NY 10020

212-225-2000, tkessler@cgsh.com      212-278-1000, ptoren@andersonkill.com

Court- Judge/ Agency appealed from: Southern District of New York - The Honorable Laura T. Swain

Please check appropriate boxes:                FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                              INJUCTIONS PENDING APPEAL:
Has movant notified opposing counsel (required by Local Rule 27.1):    Has this request for relief been made below?  ☐ Yes ☐ No
☑ Yes  ☐ No (explain):_____    Has this relief been previously sought in this court?  ☐ Yes ☐ No
_____    Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:        _____
☐ Unopposed  ☐ Opposed ☑ Don't Know        _____
Does opposing counsel intend to file a response:    _____
☐ Yes  ☐ No  ☑ Don't Know            _____

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:_____

Signature of Moving Attorney:

/s/ Thomas S. Kessler _____ Date: April 6, 2023    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

_____

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ADVANCED ANALYTICS, INC.,

> Plaintiff-Counter-Defendant-Appellant,

v.

CITIGROUP GLOBAL MARKETS, INC., ET AL.,

> Defendants-Counter-Claimants-Appellees.

Case No. 22-1718

## MOTION TO SET BRIEFING SCHEDULE AND REQUIRE LEAVE OF COURT FOR FUTURE LETTER FILINGS BY AAI

Pursuant to Federal Rules of Appellate Procedure (the "Federal Rules") 27 and 30, and Second Circuit Local Rules (the "Local Rules") 27.1 and 31.2, Defendants-Appellees Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "Appellees") respectfully request that the Court issue an order setting a briefing schedule in the above-captioned appeal and requiring Plaintiff-Appellant Advanced Analytics, Inc. ("AAI") to seek leave of court before filing additional letters on the docket. Appellees notified AAI's counsel of their intent to file this motion on April 3, 2023. AAI's counsel has not advised whether AAI opposes the motion or intends to file an opposition.

# PRELIMINARY STATEMENT

Appellees do not bring this motion, in an appeal which is now nearly thirty years in the making, lightly. This appeal follows nearly two decades of litigation before the United States District Court for the Southern District of New York (the "District Court") over failed licensing negotiations in the late 1990s, which ultimately led to an effectively complete victory for Appellees, including an award of attorneys' fees. In the eight months since it filed this appeal, AAI has not yet filed its opening brief and has demonstrated little interest in taking any concrete steps to move forward. Instead, AAI has chosen to burden Appellees and this Court with a series of sixteen (at times barely comprehensible) letters containing unsupported and incorrect assertions, misstatements and misinterpretations of law and appellate procedure, and attempts to pre-argue the merits of its appeal, all in connection with an ever-changing assortment of contrived "issues" with respect to the completeness of the record, which AAI claims have rendered this appeal at a complete standstill. In the midst of this letter-writing campaign, AAI has steadfastly rejected Appellees' requests to meet-and-confer, and otherwise spurned Appellees' good-faith efforts to progress this matter.

In light of the repetitive nature of AAI's letters, which appear to have no end in sight, and the apparent unwillingness of AAI to engage in a manner that would enable the appeal to proceed, Appellees respectfully request that the Court (i) set a

2

briefing schedule, (ii) establish a deadline for AAI's submission of a joint appendix, and (iii) bar AAI from filing further, counterproductive letters absent permission of the Court.

## BACKGROUND

### I.       Docketing of the Appeal

On August 8, 2022, the same day that this appeal was docketed, [D.I. 1], the District Court transmitted the record to this Court, [D.I. 6-1].[1]  On August 23, 2022, AAI indicated that it had ordered one transcript, dated October 16, 2007.  AAI's Civil Appeal Transcript Information (Form D), filed Aug. 23, 2022 [D.I. 21].  AAI did not provide any information to the Court or the Second Circuit Clerk of Court regarding the status of its order for nearly eight months, until the Clerk specifically requested that AAI "please include counsel's efforts in obtaining the transcripts from the District Court and/or Court Reporter."  Notice of Defective Filing dated Apr. 3, 2023, filed Apr. 5, 2023 [D.I. 67 at 2].  To date, AAI claims that it has not received the transcript.[2]

---

[1]      Unless quoted from AAI's correspondence or otherwise noted, docket citations to "ECF No." refer to the proceeding below, *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., et.al*, Case No. 04 Civ. 3531 (LTS)(SLC) (S.D.N.Y.).  Citations to "[D.I.]" refer to the above-captioned appeal.

[2]      *See, e.g.*, Ltrs. from P. Toren to C. O'Hagan Wolfe dated Nov. 2, Nov. 30, Dec. 14, and Dec. 28, 2022, and Mar. 17, 2023 [D.I. 43-1, at 7; D.I. 46, at 2; D.I. 47, at 1; D.I. 49, at 2; D.I. 65, at 1; D.I. 70-1, at 1].

On September 6, 2022, in a letter to the Second Circuit Clerk of Court, AAI requested December 3, 2022 as the due date for its opening brief, but claimed the date was just a "placeholder." *See* Ltr. from P. Toren to C. O'Hagan Wolfe dated Sept. 6, 2022 [D.I. 34, at 2 n.2].

On the same date, AAI filed an additional letter "preliminarily" designating the contents for a proposed joint appendix. Ltr. from P. Toren to C. Moore dated Sept. 6, 2022 [D.I. 35-1, at 1]. Rather than identify specific filings for the joint appendix, AAI purported to designate broad categories of filed documents (e.g., "all the relevant docket entries in the proceeding") and sought to designate unfiled materials (i.e., "record of emails between Defense counsel and Plaintiff's former lead counsel Collins"). *Id.* [D.I. 35-1, at 1–2].[3] Two days after receiving AAI's letter, Appellees emailed AAI seeking clarification about which specific parts of the record AAI intended to designate for inclusion in the joint appendix and proposing a meet-and-confer for the sake of efficiency. *See* Appellees' Ltr. to P. Toren dated Sept. 20, 2022, Exhibit A [D.I. 41-3, at 2, 6]. AAI refused.

---

[3]     AAI also filed a forty-five-page excerpt of the District Court docket sheet as an attachment to the letter, marking allegedly "missing files" in red. *See* Ltr. from P. Toren to C. Moore dated Sept. 6, 2022, Attachment [D.I. 35-2]. Some of these purportedly "missing files" were motion papers that AAI, through its current counsel, had filed. *See, e.g., id.* [D.I. 35-2, at 16] (identifying ECF No. 313, AAI's Rule 56(h) Motion, as "missing.").

4

## II.      AAI's Failure to Prosecute Its Appeal

AAI's next communication with Appellees was not until it filed another letter on November 2, 2022, again claiming that the record was incomplete and expressly disclaiming that its September 6 letter was intended to serve as its joint appendix designation.  *See* Ltr. from P. Toren to C. O'Hagan Wolfe dated Nov. 2, 2022 [D.I. 43].  As of the filing of this motion, AAI has filed sixteen letters with this Court, each raising an evolving set of purported issues that AAI claims prevent it from preparing a joint appendix, and that AAI claims more generally prevent this appeal from moving forward to briefing.  And, AAI has rebuffed no fewer than ten requests to meet-and-confer.  Notwithstanding AAI's refusal, Appellees, as a professional courtesy, have provided AAI's counsel with more than one hundred filed items that AAI claimed were "missing" from its files in order to attempt to reach a point at which AAI would designate a joint appendix and progress its appeal.  *See* Appellees' Ltrs. to P. Toren dated Sept. 20 and Nov. 18, 2022 [D.I. 41-2, at 2–3; D.I. 45-2].  Throughout this process, AAI has maintained that its time to set a deadline for its opening brief has not yet begun to run.

AAI's repetitive filings, and attempts to delay this appeal, are reminiscent of its tactics below.  *See, e.g.*, Declaration of Thomas Q. Lynch in Support of Appellees' Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI, dated Apr. 6, 2023 ("Lynch Decl."), Ex. A, Mem. Order

Den. Mot. for Recons., ECF No. 497, at 3 (July 7, 2022) ("Plaintiff's

Reconsideration Motion is, in essence, an attempt to relitigate issues which the

Court addressed in prior orders, including some dating as far back as 2012, 2013,

and 2014.").

## ARGUMENT

### I. AAI's Failure To Prosecute Its Appeal Necessitates This Court's Intervention To Establish Case Deadlines.

"A court's inherent power to control its docket is part of its function of

resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir.

1997). The Court may take any action "it considers appropriate" in light of "[a]n

appellant's failure to take any step other than the timely filing of a notice of

appeal…" Fed. R. App. P. 3(a)(2).

Since filing its notice of appeal eight months ago, AAI has made no effort to

progress this appeal in any meaningful way. Instead, AAI has filed seriatim letters

on the docket attempting to prevent this appeal from moving forward. Given the

demonstrated futility of responding to AAI's letters, AAI's steadfast refusal to

meet-and-confer with Appellees, and the lack of concrete deadlines or next steps,

Appellees seek Court intervention to move this appeal forward. Appellees

therefore respectfully request that the Court issue an order:

1. Deeming the date of issuance of the order to be the "ready date" under Local Rule 31.2(a)(1)(A);

2. Setting a briefing schedule providing (a) AAI ninety-one days from the "ready date" to file its opening brief, (b) Appellees ninety-one days from the filing of AAI's brief to file their opposition, and (3) AAI twenty-one days from the filing of the Appellees' opposition to file its reply (i.e., the maximum amount of time allowed for each brief by Local Rule 31.2(a)); and

3. Ordering AAI to serve on Appellees, within fourteen days of the issuance of the order, a list of ECF numbers and/or document titles corresponding to docketed items AAI intends to include in a Joint Appendix in accordance with Federal Rule of Appellate Procedure Rule 30(b) and subject to Second Circuit Local Rule 30.1's admonition against "including unnecessary material in the appendix."

### A. There is no basis for any further delay of the "ready date."

The Court can and should set a ready date. Under Local Rule 31.2, the schedule for merits briefing is based on the date the appellant receives transcript(s) it ordered (as evidenced by its filed Form D) (such date, the "<u>Ready Date</u>"). Loc. R. 31.2(a)(1)(A).

AAI represented to the Court that it only ordered one such transcript, and appears to have taken only the bare minimum of steps to determine how its order has been addressed. This dilatory practice should not stop this appeal from progressing. Specifically, in August 2022, AAI stated it ordered one transcript, from what it identified as an October 16, 2007 District Court proceeding. [D.I. 21]. No conference or hearing was held on such date. Instead, it appears that the conference in question was actually held on October 19, 2007, and AAI has indicated that it already has the transcript for the October 19, 2007 conference. *See* Transcript Order Form dated Aug. 22, 2022 (filed Nov. 2, 2022) [D.I. 43-2] ("no

7

need if transcripts not marked on this date. We already have 10/19/2007 Transcripts"). Accordingly, all that is necessary for the Ready Date to occur and for a briefing schedule to be set is the resolution of AAI's now nearly eight-month-old transcript order for a date upon which no conference or hearing was held.

AAI appears to be using the outstanding transcript order to play games with the Ready Date. AAI did not notify the Circuit Clerk that it had not obtained the transcript it sought until November 2, 2022, over two months after AAI placed its order. *See* Ltr. from P. Toren to Appellees dated Nov. 2, 2022 [D.I. 43-1, at 7].[4] And until its letter filed on April 5, 2023,[5] AAI had not explained to Appellees or, to our knowledge, the Court, any steps it had taken since August 2022 to determine whether its transcript order could be fulfilled. Instead, AAI's seriatim letters, prior to April 5, 2023, included only boilerplate language that AAI "has not received the important transcripts requested from the District Court, nor a definitive confirmation as to their availability." *See, e.g.*, Ltr. from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023 [D.I. 65, at 1]. Notably, AAI's April 5, 2023, letter did

---

[4]     In the Transcript Order Form, AAI indicates that in addition to requesting a transcript from an October 16, 2007 hearing, AAI was also requesting transcripts of telephone calls with Magistrate Judge Pitman's chambers on June 18 or 19, 2013. AAI did not indicate this additional request in its Form D, thus the Ready Date is not tied to AAI's receipt of the transcripts of telephone calls in Magistrate Judge Pitman's chambers, to the extent any such transcripts exist (which Appellees have no reason to believe they do).

[5]     Ltr. from P. Toren to C. O'Hagan Wolfe dated Apr. 5, 2023 [D.I. 70-1].

8

not even address the October 16, 2007 transcript—the only transcript AAI stated it had ordered in its Form D—but instead refers to transcripts for two entirely different dates. *See* Ltr. from P. Toren to C. O'Hagan Wolfe dated Apr. 5, 2023 [D.I. 70-1].

In fact, based on the records of Appellees' counsel, the District Court docket, and the court reporting service, there are no transcripts that correspond to the dates AAI identified in its Transcript Order Form or Form D because it appears no hearings occurred on those dates. Indeed, shortly before filing this motion, Appellees' counsel contacted both Southern District Reporters, the official reporters for the District Court to whom AAI had submitted its transcript order in August 2022, and the audio department for the District Court. Both Southern District Reporters and the audio department informed Appellees' counsel that there was no record of hearings on October 16, 2007, June 18, 2013, or June 19, 2013 and therefore no transcripts were available. In addition, Southern District Reporters advised Appellees' counsel that the typical response time for the District Court's court reporting service is one business day. Appellees were able to obtain this information in less than forty-eight hours. There is thus no basis to permit AAI to delay these proceedings any further.

AAI has also argued that the transcript from a July 15, 2008 conference with Magistrate Judge Pitman – which AAI indicated was "already available" on its

9

Civil Appeal Transcript Information (Form D), [D.I. 15] (Aug. 23, 2022) – is

missing from the appellate record and that Appellees must authenticate and consent

to its inclusion in the appellate record before a joint appendix can be prepared.  Ltr.

from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023 [D.I. 65, at 2].  But that

transcript is already part of the record on appeal.  In the proceedings below, AAI

filed the transcript in connection with its September 18, 2009 Objection to

Magistrate Judge Pitman's R. & R. of August 5, 2009.[6]  And, contrary to AAI's

suggestions, neither the preparation of a joint appendix nor Appellees'

"authentication" and "consent for the inclusion of . . . transcripts in the record[]],"

Ltr. from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023 [D.I. 65, at 2], is

relevant to the establishment of the Ready Date or the setting of a schedule for

merits briefing.  *See* Loc. R. 31.2(a)(1)(A) (defining the "ready date" as "the later

of the appellant's receipt of the last transcript, the appellant's filing of the

certificate that no transcript will be ordered, or the date the record is filed in FRAP

15 proceedings"); *see also, e.g.*, Fed. R. App. P. 30(a)(3) (appellant must file

appendix with the brief).  Thus, AAI's argument that the Ready Date must be

further delayed on account of the July 15, 2008 transcript is also without merit.

---

[6]     AAI's Objection was filed under seal in the District Court.  For the Court's
convenience, the docket number for the Objection is ECF No. 119.

AAI has also claimed that certain sealed documents, including motion papers that AAI itself filed in the proceeding below, are "missing" from the record. *See* Ltr. from P. Toren to C. Moore dated Sept. 6, 2022, Attachment [D.I. 35-2, at 16] (identifying ECF No. 313, AAI's Rule 56(h) Motion, as "missing"). However, Appellees' understanding is that the District Court's practice is to deliver to the Circuit Court all documents constituting the record in the proceeding below, whether sealed or unsealed (which delivery occurred in this appeal on August 9, 2022). *See* [D.I. 6-1]; Fed. R. App. P. 11(a)(2). As a result, this claim is also meritless.[7]

In substance, the Ready Date here has occurred. The Court is now aware that the transcripts AAI has ordered are either already part of the docket and thus in AAI's possession or do not exist. AAI's gaming of the forms should not be permitted to forestall this matter further.

---

[7]      In its most recent letters, AAI appears to take issue with the propriety of the "Confidential" and/or "Highly Confidential" designations of certain documents pursuant to the operative protective order in the District Court proceeding. *See* Ltr. from P. Toren to C. O'Hagan Wolfe dated Apr. 5, 2023 [D.I. 70-1, at 2] Ltr. from P. Toren to J. Kennedy Park dated Mar. 31, 2023 [D.I. 66-2, at 3-6]; Lynch Decl., Ex. F, Stipulation and Protective Order Governing Confidential Material, ECF No. 25 (Mar. 22, 2005). As Appellees have explained to AAI several times, the protective order remains in effect, and the propriety of the confidentiality designations have been confirmed by multiple subsequent court orders. *See* Ltr. from J. Kennedy Park to P. Toren dated Mar. 3 2023 [D.I. 62-2, at 1-2]; Ltr. from J. Kennedy Park to P. Toren dated Feb. 10, 2023 [D.I. 59-2, at 3]. This is nothing more than yet another attempt to delay this appeal from proceeding.

### B. There is no basis for AAI's continued refusal to properly designate record documents for inclusion in the joint appendix.

AAI has steadfastly delayed preparation of a proper joint appendix, which should have been served on Appellees in September of 2022. As the party prosecuting the appeal, AAI is responsible for preparing and filing an appendix. *See* Fed. R. App. P. 30(a). The Federal Rules provide a straightforward process for determining the contents of a joint appendix. "In the absence of an agreement, the appellant must, within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix." Fed. R. App. P. 30(b)(1). The appellee then has 14 days to "serve on the appellant a designation of additional parts to which it wishes to direct the court's attention." *Id.* A joint appendix need only include "those portions of the record essential to consideration of the issues raised on appeal." *United States v. Friedman*, 909 F.2d 705, 708–09 (2d Cir. 1990); *see also Stewart Park & Rsrv. Coal., Inc. (SPARC) v. Slater*, 352 F.3d 545, 561 (2d Cir. 2003) (holding that the parties' submission of a thirteen-volume, 7,000-page joint appendix did not comply with the Federal Rules). "The parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court." Fed. R. App. P. 30(b)(1).

AAI has not served Appellees with any proper designation in accordance with Rule 30. Instead, AAI filed a purported "preliminar[y]" designation on the

docket on September 6, 2022, *see* Ltr. from P. Toren to C. Moore dated Sept. 6, 2022 [D.I. 35, at 1], which AAI acknowledges was not "a proper designation," Ltr. from P. Toren to C. O'Hagan Wolfe dated Nov. 30, 2022 [D.I. 46, at 1].

In addition to AAI's failure to serve a proper designation on Appellees, many of the documents that AAI included in its "preliminary designation" of the joint appendix are unequivocally outside of the record and therefore inappropriate for inclusion. *See* Fed. R. App. P. 10(a) ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."). And many of the documents are not "essential to consideration of the issues raised on appeal." *Friedman*, 909 F.2d at 709.

First, AAI has suggested it needs supposed correspondence between AAI's former counsel and Appellees' counsel for inclusion in the joint appendix. *See, e.g.*, Ltr. from P. Toren to C. Moore dated Sept. 6, 2022 [D.I. 35-1, at 2] (requesting "emails between Defense counsel and Plaintiff's former lead counsel Collins"). But unfiled materials, such as party correspondence, do not constitute "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," or "a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a).

13

Second, AAI has asked Appellees to provide the parties' District Court briefing, again under the guise of preparing a joint appendix. *See* Ltr. from P. Toren to J. Kennedy Park dated Feb. 22, 2023 [D.I. 61-1, at 4] (requesting a memorandum of law and response to Appellees' Rule 56.1 Statement filed by AAI, as well as briefing filed by Appellees before the District Court). However, "it is primarily an appellant's burden to provide the court of appeals with the portion of the record on which the appeal is based." *Schreier v. Weight Watchers Ne. Region, Inc.*, 872 F. Supp. 1, 5 (E.D.N.Y. 1994) (declining plaintiff-appellant's request that the district court "direct the defendant-appellee to fulfill . . . the plaintiff-appellant's duties regarding presentation of the necessary papers to the Second Circuit"), *aff'd*, 57 F.3d 1064 (2d Cir. 1995). AAI's demand that Appellees supply portions of the record to the Court attempts to impermissibly shift this burden. Further, memoranda of law, even those that were docketed, [D.I. 61-1, at 4], are outside the scope of a joint appendix absent circumstances not present here. Fed. R. App. P. 30(a)(2) ("Memoranda of law in the district court should not be included in the appendix unless they have independent relevance."); *see also United States v. Noall*, 587 F.2d 123, 125 n.1 (2d Cir. 1978) (noting legal briefs should not be included in a joint appendix "except when the memoranda have independent relevance, e. g., where there is a dispute whether a point was raised or a concession made in the district court.").

14

In any event, and despite AAI's repeated rejections of Appellees' attempts to reach agreement on the contents of a joint appendix, Appellees have, as a courtesy, furnished copies of each of the filed documents corresponding to AAI's specific requests (to the extent they could be deciphered and the associated filings could be located). *See* Appellees' Ltr. to P. Toren dated Nov. 18, 2022 [D.I. 45-2, at 1–2].[8]

In light of AAI's failure to properly designate record documents for inclusion in the joint appendix, and repeated indications that it will seek to designate documents that are outside the scope of a joint appendix, Appellees request that the Court order also set a 14-day deadline for AAI to serve Appellees with a list of ECF numbers that correspond to docketed items in the District Court that it designates for inclusion in the joint appendix, in compliance with Federal Rule of Appellate Procedure 30.

## II. AAI's Filing Of Party Correspondence On The Docket Is Procedurally Improper, Unnecessary, And Should Be Halted.

The Court has both the "inherent power to control the proceedings" before it, *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013), and "the obligation to protect the public and the efficient administration of justice from" litigants "who

---

[8]     Setting aside AAI's apparent dissatisfaction with Appellees' voluntary efforts to supplement AAI's incomplete case files, debates over what is and is not in the joint appendix are irrelevant to the merits of the case, given that parties are able to rely on "parts of the record . . . not included in the appendix." Fed. R. App. P. 30(a)(2).

abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings," *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) (cleaned up).  AAI has "abuse[d] the process of the Courts" through "voluminous motions, letters, appeals and other documents by which [AAI] has swollen the records."  *Id.* at 1259 n.4.  Thus, Appellees respectfully request that the Court take action to limit AAI's filing of party correspondence.

The underlying litigation before the District Court lasted nearly twenty years, in large part due to AAI's penchant for making repetitive, meritless filings. *See, e.g.*, Lynch Decl. Ex. B, Order Den. AAI's Mot. for Recon., ECF No. 500 (July 26, 2022) (denying AAI's letter motion to reconsider the denial of AAI's earlier motion to reconsider the District Court's summary judgment decision). This would not be the first (or second or third) time a Court has placed limits on AAI's ability to peddle its baseless theories and legal arguments.  *See* Lynch Decl., Ex. C, Order of Mag. Judge Pitman, ECF No. 273, at 2 (Aug. 6, 2015) ("[P]laintiff's principal is directed to cease making any submissions to me that are not limited to plaintiff's efforts to secure new counsel or the pending motion of plaintiff's present counsel to withdraw."); Lynch Decl., Ex. D, Order of Mag. Judge Pitman, ECF No. 275, at 3–4 (May 31, 2017) ("[P]laintiff's principal is directed to make no further submissions to my chambers unless made through

16

counsel."); Lynch Decl., Ex. E, Order of Mag. Judge Cave, ECF No. 375, at 2
(Nov. 12, 2019) (requiring pre-motion letters prior to the filing of motions at the
request of Appellees).

In the span of eight months, AAI has filed sixteen letters on the docket.
Appellees have responded seven times, each in the hopes of ending the letter
writing campaign and each in vain. *See* Appellees' Ltrs. To P. Toren dated Sept.
20, Nov. 18, and Dec. 21, 2022, Jan. 26, Feb. 10, and Feb. 23, 2023 [D.I. 41-2, 45-
2, 48-2, 57-2, 59-2, 61-1]. Instead, AAI has indicated it intends to continue filing
letters. *See, e.g.*, Ltr. from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023
[D.I. 65, at 3–4] (stating that AAI intends to continue filing letters to "comply [sic]
its obligations" to update the Clerk of the Court on AAI's "efforts to complete the
records"). AAI's letters speak for themselves and plainly rise to the level of
meritless, "persistent" and "repetitive." *Bridgewater Operating Corp. v. Feldstein*,
346 F.3d 27, 30 (2d Cir. 2003) (holding that Plaintiffs must "seek authorization
from the [Court] before pursuing further federal litigation" "in light of"
"persistent" and "repetitive" litigation).[9] The docket itself supports that fact, with

---

[9]     The substance and format of the letters also raise, again, Appellees' concern
regarding the role of AAI's principal in this case, including whether AAI, through
its principal, is engaging in the unauthorized practice of law. *See e.g.*, Ltr. from P.
Toren to Appellees dated Feb. 22, 2023 [D.I. 61-1, at 3] ("Defendants still rely on
blanket HC designations willy-nilly that are designed to prevent Plaintiff from
assisting its counsel complete the records and the Index."); Ltr. from P. Toren to
Appellees dated Jan. 11, 2023 [D.I. 51-3] (including numerous grammatical,

over seventy entries despite there being no motions and no briefing. *See* Docket, Case No. 22-1718.

Further, requiring AAI to obtain leave of court before filing additional letters on the docket would not "hinder the Second Circuit from getting timely updates." Ltr. from P. Toren to C. O'Hagan Wolfe, dated Mar. 17, 2023 [D.I. 65, at 3]. An order setting briefing deadlines, as Appellees are requesting through this motion, would in fact obviate any need for AAI to continue "updating" the Second Circuit. In any event, AAI's letters go far beyond merely updating the Second Circuit on its purported efforts to complete the record.[10] Instead, AAI's letters include ad hominem attacks on Appellees' counsel,[11] false accusations of misconduct in the

---

syntax and typographical errors, such as: (i) "These are doubtlessly 'proceedings.' The hearings/joint call/conferences, the proceedings and these orders are the proceedings as defined by Black's Law and are affected and transpired by the events of May 31, 2017 and June 18, 2013," *id*. at 3; (ii) "This again confirms that Defendants' misrepresentations regarding this joint call and the events transpired, p.2 supra, have misled the Court and played critical role in the Judgement and the related orders, and therefore the FRAP10(c) Statement of Evidence is necessary and essential to this appeal," *id*. at 5; (iii) "Defendants refused to correct their numerous misrepresentations to the Court, even that are contradicted by the court records as set forth above at P.2," *id*.).

[10]    To the extent that AAI's letters are intended to serve as an attempt to comply with the requirements under the Local Rules to "notify the circuit clerk" if the transcript is not received within 30 days of placing the order and "update the circuit clerk in 14-day intervals" thereafter, Loc. R. 11.3(c), AAI has followed those requirements mercurially.

[11]    *See, e.g.*, Ltr. from P. Toren to C. O'Hagan Wolfe dated Nov. 2, 2022 [D.I. 43-1, at 1].

18

proceedings below,[12] and improper arguments regarding the merits of its appeal.[13] And nearly two months passed between AAI's filing of its Form D noting it had placed a transcript order and its first transcript status update to the Court. *See* Ltrs. from P. Toren to C. O'Hagan Wolfe dated Sept. 6 and Nov. 2, 2022 [D.I. 3–4, at 2; D.I. 43-1, at 7–8].

Finally, the public docket is not the appropriate forum to air AAI's purported grievances and, as Appellees have explained to AAI, do nothing to facilitate a resolution of any open issues. Rather than communicating or engaging with Appellees directly, AAI is simply delaying the efficient litigation of this case. In a recent letter, AAI claimed that it is filing correspondence on the docket because Appellees have not agreed to email service. Ltr. from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023 [D.I. 65, at 3]. This is a red herring. Appellees are not aware of any authority requiring a party to file every communication with opposing counsel, particularly with respect to mundane issues such as the preparation of a joint appendix. Appellees have requested a meet-and-confer to

---

[12]     *See, e.g.*, Ltr. from P. Toren to Appellees dated Jan. 12, 2023 [D.I. 53-1, at 2] (accusing Appellees of having made "misrepresentations" to the District Court).

[13]     *See, e.g.*, Ltr. from P. Toren to Appellees dated Jan. 12, 2023 [D.I. 53-1, at 4] (arguing that Appellees "have admitted to [AAI's former counsel's] collusion").

progress this appeal nine times,[14] each met with silence, or another letter demanding documents or information as a prerequisite to engaging with counsel.

Given the demonstrated lack of merit in AAI's letters, which do nothing to advance the appeal and serve only to waste resources, Appellees respectfully request the Court require AAI to seek leave of court before filing any additional letters on the docket.

---

[14]    *See* Appellees' Ltr. to P. Toren dated Sept. 20, 2022, Ex. A [D.I. 41-3, at 5, 6]; Appellees' Ltrs. to P. Toren dated Sept. 20 and Dec. 21, 2022, Jan. 25 and Feb. 10, 2023 [D.I. 41-2, at 1; D.I. 48-2, at 2; D.I. 57-2, at 5; D.I. 59-2, at 4]; Appellees' Ltr. to C. O'Hagan Wolfe dated Jan. 5, 2023 [D.I. 51].

# CONCLUSION

For the reasons set forth above, Appellees respectfully request that the Court (i) set a briefing schedule, (ii) establish a deadline for AAI's submission of a joint appendix, and (iii) require AAI to obtain leave of court before filing any further letters on the public docket.

Dated:  April 6, 2023
        New York, New York

Respectfully submitted,

*/s/ Thomas S. Kessler*
Christopher P. Moore
(cmoore@cgsh.com)
Jennifer Kennedy-Park
(jkpark@cgsh.com)
Thomas S. Kessler
(tkessler@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000

*Attorneys for Defendants-Counter-Claimants-Appellees*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2)(A) because:

    ☒    this brief contains 5,096 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒    this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.


/s/ *Thomas S. Kessler*
Thomas S. Kessler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC., <br><br>        Plaintiff-Counter-Defendant-Appellant, <br><br> v. <br><br> CITIGROUP GLOBAL MARKETS, INC., ET AL., <br><br>        Defendants-Counter-Claimants-Appellees. | Case No. 22-1718 |

**DECLARATION OF THOMAS Q. LYNCH IN SUPPORT OF MOTION TO SET BRIEFING SCHEDULE AND REQUIRE LEAVE OF COURT FOR FUTURE LETTER FILINGS BY AAI**

I, Thomas Q. Lynch, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a member of the bar of this Court and an associate of the law firm of Cleary Gottlieb Steen & Hamilton LLP, counsel for defendants Citigroup Global Markets Inc. and The Yield Book Inc. (collectively, "Appellees") in the above captioned matter. I respectfully submit this declaration in support of Appellees' Motion to Set Briefing Schedule & Require Leave of Court for Future Letter Filings by AAI (the "Motion").

2.      Attached hereto as Exhibits A–F are true and correct copies of the following documents, which are referenced in the Motion:

| Exhibit | Description |
|---------|-------------|
| A | Memorandum Order Denying Motion for Reconsideration, ECF No. 497 (July 7, 2022) |
| B | Order Denying AAI's Motion for Reconsideration, ECF No. 500 (July 26, 2022) |
| C | Order of Magistrate Judge Pitman, ECF No. 273 (Aug. 6, 2015) |
| D | Order of Magistrate Judge Pitman, ECF No. 275 (May 31, 2017) |
| E | Order of Magistrate Judge Cave, ECF No. 375 (Nov. 12, 2019) |
| F | Stipulation and Protective Order Governing Confidential Material, ECF No. 25 (Mar. 22, 2005) |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 6, 2023

Thomas Q. Lynch

[AM_ACTIVE 404766959_12]

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

        Plaintiff,

    -v-                                   No. 04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC., et
al.,

        Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

        Plaintiff Advanced Analytics, Inc. ("Plaintiff" or "AAI") moves, pursuant to

Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6), for reconsideration and relief

from the Court's Judgment entered on November 5, 2021 (docket entry no. 465), and related

orders. (Docket entry no. 467 ("Reconsideration Motion").) Plaintiff also moves, pursuant to

Federal Rule of Evidence 201, for the Court to take judicial notice of certain documents and facts

submitted in support of Plaintiff's motion for reconsideration. (Docket entry no. 479 ("Motion

for Judicial Notice").) The Court has reviewed carefully the parties' submissions on both

motions and, for the following reasons, Plaintiff's motions are denied.

        The factual background of this case has been discussed in prior orders of the

Court; the parties' familiarity with those orders is assumed.

<u>Motion for Reconsideration</u>

        Plaintiff seeks reconsideration of the Court's Judgment against it and related

orders (<u>see</u> docket entry nos. 461 & 464) pursuant to Federal Rules of Civil Procedure 59(e) and

60(b)(1), (3), and (6). Rule 59(e) allows parties to submit a motion to "alter or amend a

judgment" no later than "28 days after the entry of the judgment." Rule 59(e) motions are granted to "correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence," <u>Parrish v. Sollecito</u>, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)), and are not vehicles for parties to relitigate cases or advance new theories that they failed to raise in their underlying motion practice. <u>Melnitzky v. Rose</u>, 305 F. Supp. 2d 349, 352 (S.D.N.Y. 2004).[1] <u>Accord</u> <u>Banister v. Davis</u>, 140 S. Ct. 1698, 1703 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"). Reconsideration under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>In re Health Mgmt. Sys., Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).

Rule 60(b) permits a party to seek relief from a final judgment, order, or proceeding on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect;" "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or for "(6) any other reason that justifies relief." Rule 60(b), which "may not be used as a substitute for a timely appeal," authorizes relief only upon a showing of exceptional circumstances. <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) motions which merely seek to relitigate the merits of the Court's prior decisions are properly denied on that

---

[1]     Plaintiff does not argue that any new evidence has come to light, or that any intervening controlling law has been issued, after the Court's Judgment and related orders, which might warrant relief under Rule 59(e) or 60(b).

basis.  United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) ("We have warned, however, that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'" (citations omitted)); Moreno-Cuevas v. Huntington Learning Ctr., 501 F. App'x 64, 66 (2d Cir. 2012) ("[B]oth a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided."); Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits.").  Accord Bennett v. Watson Wyatt & Co., 156 F. Supp. 2d 270, 273 (S.D.N.Y. 2001) ("Courts in this circuit have repeatedly dismissed Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process.").

Motions pursuant to Rules 59(e) and 60(b) are committed to the sound discretion of the district court.  Olson v. Major League Baseball, 29 F.4th 59, 72 (2d Cir. 2022) ("[W]e generally review the denial of a reconsideration motion under Federal Rules of Civil Procedure 59(e) and 60(b) for abuse of discretion."); Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) ("Regardless of whether the motion should have been made or construed pursuant to Rule 59(e) or Rule 60(b), the standard of review is the same: abuse of discretion.").

Plaintiff's Reconsideration Motion is, in essence, an attempt to relitigate issues which the Court addressed in prior orders, including some dating as far back as 2012, 2013, and 2014.  (See Reconsideration Motion at ix, 4, 11-13; see also docket entry no. 474 ("Opp.") Annex A (Defendants' collection of instances in which Plaintiff has raised the same arguments in this case).)  Indeed, most of Plaintiff's principal arguments (Reconsideration Motion §§ I-IV) seek to relitigate matters presented to and addressed by the Court in connection with Judge

Pitman's reports and recommendations on the parties' motions for summary judgment (docket

entry nos. 112 & 340) and this Court's adoption of those reports.  Plaintiff's sixth argument

(Reconsideration Motion § VI) reraises the same allegations of conspiracy and collusion between

Plaintiff's former counsel and Defendants that Plaintiff has asserted in this case for several years.

See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., No. 04-CV-3531-LTS-SLC,

2020 WL 3056450, at *7-8 (S.D.N.Y. June 9, 2020) (collecting instances in which Plaintiff had

raised arguments concerning its prior counsel's collusion with Defendants), objections overruled,

No. 04-CV-3531-LTS-SLC, 2021 WL 4478621 (S.D.N.Y. Sept. 30, 2021).  These arguments

simply attempt "to relitigate issues and thereby circumvent the appellate process," Bennett, 156

F. Supp. 2d at 273, and are rejected on that basis.

Plaintiff's fifth argument (Reconsideration Motion § V) takes issue with the

Court's most recent Order (at docket entry no. 464), which directed the entry of judgment in

favor of Plaintiff on a limited aspect of its breach of contract claim and awarded damages on that

aspect of Plaintiff's claim in the nominal amount of $1—and otherwise directed the entry of

judgment in Defendants' favor.  Plaintiff argues that this Order "deprived Plaintiff's rights under

[Rule] 56 and constitutional due process" by denying Plaintiff "an opportunity to gather the

evidence for any of [ ] three measures of damage from" Defendants' limited breach of the

parties' non-disclosure agreement ("NDA").  (Reconsideration Motion at 21-23.)  Yet Plaintiff

had an opportunity to gather the evidence it sought during discovery, and indeed submitted

expert testimony concerning its damages in connection with the parties' first motions for

summary judgment—although, as Judge Pitman explained, that evidence was not probative of

damages stemming from the limited breach as to which the Court granted partial summary

judgment in Plaintiff's favor.  (Docket entry no. 112 at 34-40.)  Moreover, while a claimant is

generally entitled to proceed to trial on the issue of contract damages when the amount of damages is merely undetermined, courts may properly award only nominal damages at summary judgment where the existence of damage is "uncertain or speculative," Contemp. Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 926 (2d Cir. 1977). See, e.g., Maalouf v. Citigroup Glob. Markets, Inc., 156 F. App'x 367, 369 (2d Cir. 2005) (affirming limitation of damages at summary judgment to nominal damages); Jill Stuart (Asia) LLC v. Sanei Int'l Co., 566 F. App'x 29, 32 (2d Cir. 2014) (affirming entry of summary judgment and award to plaintiff of nominal damages where the plaintiff had failed to show a theory on which more than nominal damages could be recovered); Vanderburgh v. Porter Sheet Metal, Inc., 86 A.D.2d 688, 446 N.Y.S.2d 523, 525 (3rd Dep't 1982) ("In the absence of a triable factual issue on the question of damages, Special Term properly awarded nominal damages on the cause of action for breach of contract."). See also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 93 (2d Cir. 2007) (a trial is not justified where it "can have no effect on the judgment"). In this case, in light of the Court's adoption of Judge Pitman's 2009 report and recommendation (docket entry no. 112) as to the nature of Defendants' breach of contract, an award of nominal damages, rather than a trial as to those damages, is appropriate. (See docket entry no. 464 at 3-4.)

   The Court has considered Plaintiff's remaining arguments and concludes that they do not warrant the requested relief under Rule 59(e) or 60(b). Therefore, and for the reasons set forth in Defendants' opposition brief, Plaintiff's Reconsideration Motion is denied.[2]

---

[2] The Court has considered Defendants' request that the Court sanction Plaintiff, as well as their concern that portions of Plaintiff's filings may not be "prepared with the substantive involvement of counsel." (Opp. at 15.) The Court declines in its discretion to impose such sanctions, and concludes that the "further inquiry" (id.) requested by Defendants as to the authorship of Plaintiff's submissions is not in the interests of justice at this time.

Motion to Take Judicial Notice

More than one month after Plaintiff filed its reply brief in support of its

Reconsideration Motion, Plaintiff filed a separate motion, pursuant to Federal Rule of Evidence

201, requesting that the Court take judicial notice of (1) "all of the undisputed facts" in its

accompanying memorandum of law, and (2) eleven exhibits filed in connection therewith,

consisting of correspondence and filings related to this action and another action Plaintiff filed in

this District in 2020 (Advanced Analytics, Inc. v. CitiGroup, Inc., No. 20-CV-7034-PGG).

(Docket entry no. 479.)

District courts may take notice of facts that are "not subject to reasonable

dispute," if such facts are "generally known" within the court's jurisdiction or "can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R.

Evid. 201(b). Because judicial notice forecloses the parties' "opportunity to use rebuttal

evidence, cross-examination, and argument to attack contrary evidence, caution must be used in

determining that a fact is beyond controversy under Rule 201(b)." Int'l Star Class Yacht Racing

Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998). With respect to

documents from other litigations, "[a] court may take judicial notice of a document filed in

another court 'not for the truth of the matters asserted in the other litigation, but rather to

establish the fact of such litigation and related filings.'" Id. (quoting Liberty Mut. Ins. Co. v.

Rotches Pork Packers, Inc., 969 F.2d 1384 (2d Cir. 1992)). Facts proffered or adjudicated in

another case "do not meet either test of indisputability contained in Rule 201(b): they are not

usually common knowledge, nor are they derived from an unimpeachable source." Id.

Moreover, judicial notice "is not intended as a vehicle for advancing legal

principles." Joyner v. Alston & Bird LLP, No. 21-CV-8549-AT-SLC, 2022 WL 913061, at *2

(S.D.N.Y. Mar. 29, 2022) (quoting Williams v. Silliman, No. 9:11-CV-1477, 2014 WL 991876,

at *4 (N.D.N.Y. Mar. 13, 2014)), opinion clarified, No. 21-CV-8549-AT-SLC, 2022 WL 997385

(S.D.N.Y. Apr. 1, 2022). Nor is a motion to take judicial notice an appropriate means to

supplement a previously filed motion for reconsideration when the information proffered as

judicially noticeable was available to the filing party at the time it filed for reconsideration.

AlexSam, Inc. v. Aetna, Inc., No. 3:19-CV-01025-VAB, 2021 WL 3268853, at *9 n.8 (D. Conn.

July 30, 2021) ("AlexSam has not offered any support for its contention that this letter is

properly before the Court on a motion for reconsideration. AlexSam has not explained any

reason for failing to include the letter in its earlier filings; argued that this letter is new evidence

discovered after the Court's order of dismissal; or explained its failure to include or reference this

letter in its motion for reconsideration.").

   In this case, much of Plaintiff's Motion for Judicial Notice is, like its

Reconsideration Motion, an attempt to relitigate disputes previously presented to and addressed

by the Court, including Plaintiff's allegations of collusion on the part of its prior counsel, and to

add color to those allegations. To the extent the Motion for Judicial Notice seeks to bolster the

arguments made in that Reconsideration Motion, the Court disregards it as an unauthorized

surreply. Farmer v. Cnty. of Westchester, No. 18-CV-2691-NSR, 2021 WL 4199944, at *5

(S.D.N.Y. Sept. 15, 2021) ("The Court does not consider Plaintiff's unauthorized sur-reply

considering his failure to first seek leave to file such a sur-reply."); Intellivision v. Microsoft

Corp., 784 F. Supp. 2d 356, 366 n.4 (S.D.N.Y. 2011) ("the Court need not consider many of

these untimely, multiplicative, and unauthorized filings"), aff'd, 484 F. App'x 616 (2d Cir.

2012). To the extent it seeks for the Court to accept the truth of the "undisputed facts" presented

in Plaintiff's own correspondence and memoranda submitted to this Court and in Plaintiff's 2020

action, the Motion for Judicial Notice seeks relief outside the purview of Rule 201. To the extent it seeks yet again to urge the Court to consider stricken documents (see docket entry no. 479-11 (resubmitting stricken Exhibit SSS to the Fourth Fan Declaration)[3]) in connection with the merits of this case, Plaintiff and its counsel are advised that further such submissions may result in the imposition of sanctions.

Plaintiff's Motion for Judicial Notice is granted, on consent (docket entry no. 485), to the limited extent that the Court acknowledges the existence of the documents submitted by Plaintiff which were previously filed or submitted in connection with this case and with Plaintiff's 2020 action. It is otherwise denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (docket entry no. 467) and motion to take judicial notice (docket entry no. 479) are denied.

This Memorandum Order resolves docket entry nos. 467, 479, and 484. The Clerk of Court is also respectfully directed to terminate the gavel at docket entry no. 472 (see docket entry nos. 473 & 475.)

SO ORDERED.

Dated: New York, New York
    July 7, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3]    See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 301 F.R.D. 47, 53 (S.D.N.Y. 2014) (overruling Plaintiff's objections to Judge Pitman's order striking Exhibit SSS, among other submissions, for merits purposes).

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

          Plaintiff,

    -v-                                    No. 04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC., et al.,

          Defendants.

--------------------------------------------------------x

<u>ORDER</u>

          The Court has received a letter motion filed by Advanced Analytics, Inc. ("Plaintiff") seeking reconsideration and relief from the Court's Order dated July 7, 2022 (docket entry no. 497). That Order denied an earlier motion for reconsideration (docket entry no. 467) and a motion to take judicial notice of certain documents and facts (docket entry no. 479), both of which sought relief from the Court's Judgment entered on November 5, 2021 (docket entry no. 465), and related orders. The Court has reviewed carefully Plaintiff's arguments and construes them as invoking Federal Rules of Civil Procedure 59(e) and 60(b)(1), (3), and (6). For the following reasons, the motion is denied.

          Plaintiff falters at the outset. The instant motion was filed as a letter, in contravention of S.D.N.Y. Local Civil Rules 6.3 and 7.1, and, for that reason alone, denial is warranted. But requiring refiling of the motion to comport with this district's local rules would not cure its substantive insufficiency, nor would it be in the interests of judicial economy to do so. Accordingly, the Court considers whether Plaintiff has made a showing that reconsideration or other relief from the Order is warranted.

In its motion, Plaintiff asserts that relief is warranted because the Court did not discuss in its July 7, 2022, Order each of the arguments or evidentiary citations that Plaintiff had proffered, but points to no authority supporting such a result.  See, e.g., United States v. Theodore, 797 F. App'x 452, 455 (11th Cir. 2019) (affirming district court's denial of a second motion for reconsideration where plaintiff claimed the district court denied the motion "without explanation and by failing to address explicitly each of his arguments," but "presented no authority requiring the district court do so"); Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (affirming denial of reconsideration where plaintiff protested that the district court failed to discuss a particular case and observing that "courts are not required to address every case cited by a litigant").

Plaintiff's lengthy submission makes clear its disagreements with the Court's prior decisions.  As the Court has previously underscored, neither Rule 59(e) nor Rule 60(b) is a vehicle for relitigating the merits of the Court's prior decisions, and Plaintiff's instant motion is properly denied on that basis as well.  See, e.g., Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'"); Moreno-Cuevas v. Huntington Learning Ctr., 501 F. App'x 64, 66 (2d Cir. 2012) ("[B]oth a Rule 60(b) motion and a motion for reconsideration are properly denied where they seek only to relitigate issues already decided.").

The Court has again considered Plaintiff's arguments thoroughly and concludes that they do not warrant the requested relief under Rule 59(e) or 60(b).  Therefore, and for the reasons set forth in the Court's Order dated July 7, 2022, Plaintiff's motion for reconsideration is denied.

This Order resolves docket entry no. 499.

SO ORDERED.

Dated: New York, New York
      July 26, 2022

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/15

ADVANCED ANALYTICS, INC.,                :

                          Plaintiff,    :    04 Civ. 3531 (LTS)(HBP)

        -against-                        :    ORDER

CITIGROUP GLOBAL MARKETS INC.,           :

                         Defendant.     :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        Over the course of the last week I have received a
number of letters concerning my Order dated July 30, 2015,
raising a number of issues.  I write to resolve the disputes with
finality.

        To the extent any party takes issue with my July 30
Order, I adhere to it in all respects.  My July 30 Order set out
a reasonable and practical method for plaintiff to make the
disclosures prospective new counsel may need to consider; I do
not believe it needs any further alteration.  I expect strict
compliance with the Order.  Any disclosure of material by plain-
tiff that does not comply with the July 30 Order or the Protec-
tive Order may result in the dismissal of the action and other
sanctions.

Second, as I have pointed out in the past, because plaintiff is a corporation, it can only appear through counsel -- not its principal. Out of necessity, I have considered submissions from plaintiff's principal to the extent they relate to plaintiff's efforts to secure new counsel. Plaintiff's principal has recently submitted letters to me addressing the merits of the case. I shall not consider these submissions, and plaintiff's principal is directed to cease making any submissions to me that are not limited to plaintiff's efforts to secure new counsel or the pending motion of plaintiff's present counsel to withdraw. Plaintiff's principal cannot challenge the confidentiality designations made by defendant; that issue does not relate to plaintiff's efforts to secure new counsel and can be litigated only through counsel.

Plaintiff's principal has also made unauthorized <u>ex parte</u> submissions to me. I shall not consider them. The only <u>ex parte</u> submissions plaintiff's principal is permitted to make are submissions that relate to the pending motion of counsel to withdraw. Copies of plaintiff's unauthorized <u>ex parte</u> submissions are being provided to defendant's counsel with this Order.

The undertaking attached to plaintiff's principal's unauthorized <u>ex parte</u> August 3 submission does not comply with my July 30 Order; it lacks the signatory's consent to submit to the

2

jurisdiction of this Court. The form attached to defendant's
July 31 letter does comply with my July 30 Order. As directed in
my July 30 Order, executed copies of that undertaking, or its
equivalent, must be submitted to the Court and defendant's
counsel before any of defendant's Confidential of Highly Confi-
dential material can be disclosed to prospective new counsel.

　　　　To the extent defendant is concerned that prospective
new counsel may disclose defendant's Highly Confidential informa-
tion to plaintiff, defendant's Highly Confidential information
could be disclosed to prospective new counsel only by plaintiff's
current counsel because plaintiff itself does not have access to
the material. I am confident that prospective new counsel will
understand the Protective Order's prohibition against disclosure
of Highly Confidential information to plaintiff.

Dated:　New York, New York
　　　　August 5, 2015

　　　　　　　　　　　　　　SO ORDERED

　　　　　　　　　　　　　　HENRY PITMAN
　　　　　　　　　　　　　　United States Magistrate Judge

Copies transmitted to:

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania　19103

3

Xiaolu Wang, Ph. D.
Advanced Analytics, Inc.
Suite 5M
1050 George Street
New Brunswick, New Jersey  08901

Russell D. Munves, Esq.
Storch Amini & Munves, P.C.
25th Floor
2 Grand Central Tower
140 East 45th Street
New York, New York  10017

Lawrence B. Friedman, Esq.
Christopher P. Moore, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York  10006

# Fax Cover

| | |
|---|---|
| To Company: | Southern District of New York |
| To Name: | Hon. Henry B Pitman |
| To Fax#: | 212-805-6111 |
| | |
| From Company: | Advanced Analytics, Inc. |
| From Name: | Dr. Xiaolu Wang |
| From Fax: | 732-729-0679 |
| From Email: | xiaolu@wangresearch.com |
| | |
| Subject: | Plaintiff Letter seeking Leave for ex parte |

Your Honor, Thanks!



# *ADVANCED ANALYTICS, INC.*

1050 George St. Suite 5M    New Brunswick    NJ 08901    Phone (848) 702-1435 Fax (732) 729-0679

August 3, 2015
Xiaolu Wang, Ph.D.
President

**By Facsimile to (212) 805-6111**

Hon. Henry **PITMAN**
United States Magistrate Judge
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007-1312
(212) 805-6105

> Re: *Advanced Analytics, Inc. v. Citigroup Global Capital Market, Inc. et al.*
> *04 Civ. 3531 (LTS)(HBP)*

Dear Judge Pitman:

Plaintiff is seeking Your Honor's leave to submitting this letter *ex-parte*, attaching the undertakings, Appendix A to the Protective Order, referred in Your Honor's order of July 30, fn 1. Prospective new counsel executed them for the records keeping by Plaintiff's counsel, Ex.1. Defendants' fraudulent and scorch-the-earth sanction abusing the Protective Order dissuaded new counsel, as the communications between Plaintiff and Counsel below indicated. Unless new counsel would be willing to step forward to risk the wrath of Defendants' fraudulent prosecution to file the undertakings by themselves, I cannot send the undertakings to Defendants.

As Your Honor may recall, using threats of withdrawal,   Counsel coerced me to reply to their email of June 20, 2014 they carefully drafted to discharge their liability, which their Declaration bolstered as "Protocol", see Para. 9 of Wang Supp. Decl. of May 7, 2015.

Plaintiff had to seek new counsel knowing that Mr. Collins would oppose them. Quinn and Emanuel executed the undertakings, see Ex.1. However, facing the adverse rulings brought on by Counsel, they told me that they must access the evidence before they could consider taking the case. Defendants opposed the waiver. Mr. Collins persistently refused to move the Court for permission for them or any new counsel to access, see Para. 8 of Wang Supp. Decl. Without the permission, any new counsel, Quinn and Emmanuel in particular, cannot evaluate the case, as Your Honor correctly held. Quinn Emanuel asked to speak with Mr. Collins, I permitted. Then they were dissuaded and indicated that unless they could be provided the evidence without requiring them to litigate, they could not consider the case. Mr. Collins denied that he has spoken with them.

Plaintiff is grateful that in response to Plaintiff's submission of June 23, 2015, the Honorable Court acted quickly and issued the June 26, 2015 Order. Plaintiff then met Mr. Peter Toren who executed the undertaking on July 8, 2015, Ex. 1. Plaintiff submitted a letter on July 10, pursuant to June 26 Order.

Mr. Collins indicated that even the July 30 Order provided the permission, any new counsel could be still dissuaded away from the case, see the emails between Mr. Collins and me, Ex.2, clearly due to Defendants' fraudulent and scorch-the-earth sanction abusing the Protective Order.

For the good cause as presented in Plaintiff's letter to Your Honor of August 3 today, because of potential looming statute of limitations running out within ten(10) days, Plaintiff prays the Court deny Defendants' fraudulent concealment, permit the Proposed Disclosure submitted in July 10 Letter, and remove the extraneous requirement in July 30 Order.

    I am grateful to Your Honor's kind consideration,


                                        Respectfully submitted,


                                        _____
                                        Xiaolu Wang, Ph.D.
                                        xiaolu@wangresearch.com

cc via email to:

Russell Munves <munves@samlegal.com>,
Storch Amini and Munves, P.C.,

Todd Collins <tcollins@bm.net>
Berger and Montague, P.C.

# EXHIBIT 1

Prospective Counsel's

Executed Confidentiality Undertakings

Within the Protective Order

Only Appendix A to Protective Order

Is Extracted

Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ADVANCED ANALYTICS, INC.,

           Plaintiff and Counterclaim-Defendant,

      v.

CITIGROUP GLOBAL MARKETS, INC. f/k/a
SALOMON SMITH BARNEY, INC., and THE YIELD
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,

           Defendants and Counterclaim-Plaintiffs.

------------------------------------------------------------ X

No. 04 Civ. 3531 (LTS)

CONFIDENTIALITY UNDERTAKING

      I acknowledge that I have read and that I understand the Stipulation and Protective Order Governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulation And Protective Order Governing Confidential Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: 7/8/15

Signature

Weisbrod Matters and Copley
Address
1200 New Hampshire Ave NW
Wash. DC 20036

Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- X
ADVANCED ANALYTICS, INC.,                                          :
                                                                   :   No. 04 Civ. 3531 (LTS)
              Plaintiff and Counterclaim-Defendant,                :
                                                                   :
       v.                                                          :
                                                                   :
CITIGROUP GLOBAL MARKETS, INC. f/k/a                               :
SALOMON SMITH BARNEY, INC., and THE YIELD                          :
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,                          :
                                                                   :
              Defendants and Counterclaim-Plaintiffs.              :
                                                                   :
                                                                   :
                                                                   :
                                                                   :
------------------------------------------------------------------- X
```

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and that I understand the Stipulation and
Protective Order Governing Confidential Material entered in this action and hereby agree to
abide by its terms and conditions. I also understand that any violation of the Stipulation And
Protective Order Governing Confidential Material by me or anyone acting under my direction
may subject me to penalties for contempt of court.

Dated: July 8, 2014

Signature *Andrew Bender*

*Quian Emanuel Urquhart & Sullivan LLP*
Address *51 Madison Avenue*
*N.Y. N.Y 10010*

## Appendix A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

ADVANCED ANALYTICS, INC.,

        Plaintiff and Counterclaim-Defendant,

    v.

CITIGROUP GLOBAL MARKETS, INC. f/k/a
SALOMON SMITH BARNEY, INC., and THE YIELD
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,

        Defendants and Counterclaim-Plaintiffs.

No. 04 Civ. 3531 (LTS)

------------------------------------------------------------ X

### CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and that I understand the Stipulation and
Protective Order Governing Confidential Material entered in this action and hereby agree to
abide by its terms and conditions. I also understand that any violation of the Stipulation And
Protective Order Governing Confidential Material by me or anyone acting under my direction
may subject me to penalties for contempt of court.

Dated: 7-8-14

Signature JIM GLASS

Address QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 MADISON AVENUE
NEW YORK, NY 10010

## Appendix A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

ADVANCED ANALYTICS, INC.,        :

         :    No. 04 Civ. 3531 (LTS)

      Plaintiff and Counterclaim-Defendant,    :

         :

   v.          :

         :

CITIGROUP GLOBAL MARKETS, INC. f/k/a    :

SALOMON SMITH BARNEY, INC., and THE YIELD    :

BOOK INC., f/k/a SALOMON ANALYTICS, INC.,    :

         :

      Defendants and Counterclaim-Plaintiffs.    :

         :

         :

         :

---------------------------------------------------------------- X

### CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and that I understand the Stipulation and Protective Order Governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulation And Protective Order Governing Confidential Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: _July 3, 2014_          _Dan Brockett_

                                      Signature

                                     _51 Madison Ave_

                                 Address _NY, NY 10017_

# EXHIBIT 2

Attorney-Client Communication

Re: Order

Date: 08/01/15 (15:26:21 Pacific Standard Time)

From: xiaolu@wangresearch.com

To:    Todd Collins

Cc:    Russell Munves Steve Storch

Todd:

O.K.
This email will be sufficient to dissuade him from taking the case? Why?
Or is it something else you might say?

Xiaolu

Quoting Todd Collins <tcollins@bm.net>:

**Xiaolu, I have left Peter off this email, since I do not want to say something, or lead you to say something, that might dissuade him from taking your case.** If you wish to forward this email to him, that is okay with me.

What I suggest is that Peter, and any other counsel considering representation, send to the Court the undertaking described by the Court in its July 30 Order. As I quoted in my last email, that consists of the following: " the prospective new counsel identified by plaintiff first files with the Court and serves on defendant a written undertaking in which each agrees (1) to be bound by the protective order entered in this action as if he or she were counsel of record and (2) to consent to the jurisdiction of this Court with respect to any motion or action seeking to enforce the terms of the protective order". In addition, you (Xiaolu) should write the Court to say -- in one or two paragraphs -- that such prospective counsel should be allowed access to HC as well as C material (with the HC material, of course, being provided by counsel, not you). That is what the July 30 Order provided. Defendants' argument in their letter today, to the effect that prospective new counsel should get access to C only and not HC, should be rejected.

By all means, Xiaolu, do not share any Confidential Discovery Material with Peter or any other prospective counsel until this is resolved.

_____

Todd Collins
Berger&Montague,P.C.

# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ADVANCED ANALYTICS, INC.                    :

                        Plaintiff,          :    04 Civ. 3531 (LTS)(HBP)

        -against-                           :    ORDER

CITIGROUP GLOBAL MARKETS, INC.,             :
f/k/a "Salomon Smith Barney, Inc.,"
et al.,                                     :

                        Defendants.         :

-----------------------------------X

                PITMAN, United States Magistrate Judge:

                This is, in principal part, an action alleging misap-

propriation of a trade secret.  The specific allegations are

detailed in my Report and Recommendation dated August 5, 2009

(Docket Item 112), and I shall not repeat them here.  Plaintiff

alleges that it invented a sequence of numbers that are uniquely

beneficial in valuing mortgage-backed securities, that it permit-

ted defendants' predecessor to test the invention for a month,

subject to a non-disclosure agreement, in order to permit it to

determine whether it would license the invention from plaintiff

and that defendants and their predecessor secretly and improperly

retained and used the sequence after the test period had expired.

                The action is extremely important to the parties.

Plaintiff claims that defendants have made tens of millions of

dollars as a result of their alleged misconduct, sums that
plaintiff claims should be disgorged to it. The parties have
also invested vast amounts of legal resources in litigating the
matter.

        Plaintiff has had several sets of attorneys in this
matter, and, like their predecessors, plaintiff's current counsel
seeks to withdraw from the action, citing a total breakdown in
communications with plaintiff's principal and a total breakdown
in the attorney-client relationship.[1]  Given the fact that plain-
tiff's principal has claimed, without citing any evidence, that
plaintiff's current counsel colluded with defendants' counsel to
file deficient papers in opposition to defendants' motion for
summary judgment, it is difficult to take issue with plaintiff's
counsel claims.[2]

        Given the importance of the action to the parties, the
resources they have committed to the action to date, the diffi-

_____

        [1]Because counsels' declaration in support of their motion to
withdraw disclosed communications between plaintiff and its
counsel, I permitted the motion papers to be filed directly with
my chambers, without service on counsel for defendants.  Copies
of counsels' papers and plaintiff's responses will be filed under
seal contemporaneously with the filing of this Order.

        [2]Throughout their involvement in this difficult and
technical matter, based on what I have been able to observe,
plaintiff's counsel have represented plaintiff with the utmost
zeal and intensity.  I am not aware of any evidence supporting or
even suggesting the claims made by plaintiff's principal that
counsel have colluded with adverse counsel.

                                2

cult and complex nature of the subject matter and the fact that plaintiff, as a corporation, cannot proceed pro se, Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993), I have permitted counsel's application to withdraw to remain pending for an extended period of time in the hope that plaintiff would retain new counsel and the matter could be resolved on the merits. Unfortunately, plaintiff has been unable to retain new counsel despite this long hiatus.

Accordingly, the motion of Berger and Montague, P.C. and Storch Amini & Munves, P.C to withdraw as counsel for plaintiff is granted, effective immediately. If plaintiff does not retain new counsel within 30 days -- by June 30, 2017 -- it is my intention to issue a Report and Recommendation recommending the dismissal of this matter for failure to prosecute. See Farrell Family Ventures, LLC v. Sekas & Assocs., LLC, 863 F. Supp. 2d 324, 335 (S.D.N.Y. 2012) (Forrest, D.J.).

Outgoing counsel is directed to provide a copy of this Order to plaintiff's principal and to explain to him the necessity of retaining new counsel. In addition, because this Order resolves the one issue on which plaintiff's principal was authorized to communicate directly with my chambers, plaintiff's

3

principal is directed to make no further submissions to my

chambers unless made through counsel.

Dated:   New York, New York
         May 31, 2017

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Todd S. Collins, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania  19103

Russell D. Munves, Esq.
Storch Amini & Munves, P.C.
25th Floor
2 Grand Central Tower
140 East 45th Street
New York, New York  10017

Lawrence B. Friedman, Esq.
Christopher P. Moore, Esq.
Jennifer K. Park, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, New York  10006

4

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.

                          Plaintiff,

          against                                    CIVIL ACTION NO.: 04 Civ. 3531 (LTS) (SLC)

                                                     **ORDER**

CITIGROUP GLOBAL MARTKETS, INC., et al.,

                          Defendants.

**SARAH L. CAVE,** United States Magistrate Judge:

The Court having conducted a status conference with the parties today, November 12,

2019, finds and orders the following.

The Court has taken under advisement and will issue a separate order regarding

Defendants' application for an award of expenses (ECF No. 242).

Defendants' motion to redact the transcript at ECF No. 314 (ECF No. 320) is **GRANTED** as

proposed.  Accordingly, Plaintiff's opposition (ECF No. 325) to Defendants' motion is stricken.

Defendants are directed to refile the redacted transcript via ECF.  Plaintiff may refile its stricken

opposition with appropriate redactions via ECF.

Regarding Proposed Intervenors' motion to intervene and unseal records (ECF No. 328),

Attorney Thomas S. Kessler is directed to edit the parties' Stipulation and Proposed Order in

accordance with the Court's direction and submit a fully executed copy via ECF by **Monday,**

**November 18, 2019**.  The Proposed Intervenors' motion to intervene and unseal records is

stayed, with any response due in accordance with the parties' finalized Stipulation and

Proposed Order.

Plaintiff's motions to defer the analysis of Defendants' fee application and for a hearing on the matter (ECF Nos. 366) are **DENIED**.

Defendants' motion to strike ECF No. 366 (ECF No. 369) is **GRANTED**.

Defendants' motion that the Court require pre-authorization for any future filings by Plaintiff (ECF No. 369) is **GRANTED IN PART AND DENIED IN PART**. Before **any party to this action** may file **any** motion for **any** relief, including but not limited to discovery disputes, the party must follow the Court's Individual Practices § II.C.2 by first holding a meet and confer. Then, if the parties are unable to resolve their dispute, the party seeking to make a motion must file a Letter-Motion requesting a Local Civil Rule 37.2 Conference.

By **Thursday, November 14, 2019**, Defendants are directed to respond to Plaintiff's motion to file an unredacted version of its June 17, 2013 letter (ECF No. 372).

The Court terminates ECF Nos. 367, 371, and 373 as improperly docketed exhibits to ECF No. 366.

The Clerk of Court is respectfully directed to close ECF Nos. 320, 328, 366, 367, 369, 371, and 373. The Clerk of Court is also respectfully directed to strike ECF Nos. 314, 325, and 366, deleting all attachments but leaving the docket text.

Dated:     New York, New York
           November 12, 2019

                                        SO ORDERED

                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**

2

# Exhibit F

Swain, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/22/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
ADVANCED ANALYTICS, INC.,                                    :
                                                             :   No. 04 Civ. 3531 (LTS)
             Plaintiff and Counterclaim-Defendant,           :
                                                             :
        v.                                                   :
                                                             :
CITIGROUP GLOBAL MARKETS, INC. f/k/a                         :   **STIPULATION AND**
SALOMON SMITH BARNEY, INC., and THE YIELD                    :   **PROTECTIVE ORDER**
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,                    :   **GOVERNING**
                                                             :   **CONFIDENTIAL**
             Defendants and Counterclaim-Plaintiffs.         :   **MATERIAL**
                                                             :
                                                             :
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ X

The undersigned parties to this action, having determined that certain documents

and testimony provided during discovery or attached to court papers filed in this litigation should

be kept confidential, hereby stipulate and agree, by and through their respective counsel, as

follows:

1.      This Stipulation and Order governs the treatment of documents,

depositions and deposition exhibits, interrogatory answers, responses to requests to admit and

other written, recorded or graphic matter ("discovery material") produced by or obtained from

any party or non-party (the "producing person") in this action that is designated confidential by

the party or producing person in accordance with the procedures set forth below.

2.      Any party or producing person may designate as confidential any

discovery material which contains or discloses trade secrets, unpublished financial data, business

or product plans, or other information of a non-public nature considered by the party or

producing person to be commercially or personally sensitive or proprietary information. All discovery materials so designated and all information derived therefrom shall be referred to in this Stipulation and Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Stipulation and Order.

3.      Confidential Discovery Material shall be so designated by marking or stamping it "Confidential" or "Highly Confidential." In the event that either party produces Confidential Discovery Material on electronic media (e.g., DVD, CD ROM, etc.), such information must be designated "Confidential" or "Highly Confidential" by the producing party or non-party by a) furnishing a separate written notice to the undersigned counsel for the party receiving such information at the time of its production, specifically identifying the information as "Confidential" or "Highly Confidential," and b) marking or stamping the media in which such Confidential Discovery Material is stored with the legend "Confidential" or "Highly Confidential."

4.      Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent court orders, or with the explicit consent in writing of the producing person with respect to specifically identified Confidential Discovery Material.

5.      a.      With respect to multi-page documents which contain "Confidential" or "Highly Confidential" information, the designation may be made by marking only the first page thereof "Confidential" or "Highly Confidential" so long as such multi-page documents are securely bound.

b.      The party or producing person may, on the record of a deposition,

2

or within seven (7) business days after receipt of the transcript of such deposition, designate any portion or portions of the deposition as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Order. During the two (2) business days following receipt of such deposition transcript, the entire deposition transcript shall be treated as "Confidential" unless otherwise specified in writing or on the record of the deposition by the producing person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

          c.     Disclosure of discovery material prior to its designation as "Confidential" or "Highly Confidential" in accordance with this paragraph shall not violate the terms of this Stipulation and Order, provided, however, that a party or person disclosing discovery material that is subsequently designated as Confidential Discovery Material shall use his or her best efforts to retrieve such material from the recipient and prevent further disclosures except as authorized in this Stipulation and Order.

      6.     Confidential Discovery Material designated as "Confidential" or information derived therefrom may only be disclosed or made available to the following persons absent written consent from the producing person:

          a.     outside litigation counsel for a party that have appeared in this action and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided, that the signature on this Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

3

b.      Experts who are (i) retained in good faith to assist appearing

counsel in this litigation, (ii) are not current or former employees of a party or

subsidiary or affiliate of a party, and (iii) execute an undertaking to be bound by

this Stipulation and Order in the form attached hereto as Appendix A prior to

disclosure and a copy of such signed undertaking is retained by counsel for the

party making disclosure to the expert or consultant, so that it may be shown to

counsel for the interested party or producing person upon a showing of good

cause;

c.      the named parties to this action, which shall include those officers,

directors, partners or employees of such party deemed necessary to aid counsel in

the prosecution or defense of this action;

d.      the Court and mediators appointed by the Court, pursuant to

paragraphs 10 and 11 of this Stipulation and Order;

e.      employees of outside copy services used to make copies of

discovery materials;

f.      employees of outside translation services used to translate

discovery materials;

g.      witnesses deposed in this action or who appear at any hearing in

this action, but only to the extent disclosure occurs during such deposition or

hearing, provided, that counsel making such disclosure shall inform each such

person that the matter is confidential and may not be disclosed or used except as

provided in this Order;

4

h.      court reporters who record testimony taken in the course of this litigation; and

i.      any private mediator agreed to by all parties and/or designated by the court in the litigation, provided, such person executes an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A.

7.      Written consent to disclose Confidential Discovery Material designated by the producing person as "Confidential" to persons other than those set forth in paragraph 6(a), (b), (c), (d), (e), (f), (g), (h) and (i) will not be withheld in such instance where the parties agree in writing in advance of disclosure of "Confidential" information that the individual has prior knowledge of the information designated "Confidential."

8.      Confidential Discovery Material designated by the producing person as "Highly Confidential" or information derived therefrom may only be disclosed or made available to the following persons absent written consent of the producing person and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Confidential Discovery Material: persons listed in paragraphs 6(a), (d), (e), (f), (h) and (i), in addition to (a) a deposition witness who is a current or former employee of the party that produced the information designated "Highly Confidential" and (b) Qualified Experts (as defined in paragraph 12) who are (i) retained in good faith to assist appearing counsel in this litigation, (ii) are not current or former employees of a party or subsidiary or affiliate of a party, and (iii) execute an undertaking to be bound by this Stipulation and Order in the form attached hereto as Appendix A prior to disclosure. A copy of such signed undertaking shall be retained by counsel for the party making disclosure to the expert or consultant so that it may be shown to counsel for the interested party

5

or producing person upon a showing of good cause. The designation "Highly Confidential" shall be limited to information that the producing party in good faith believes to contain trade secrets and/or any other proprietary information.

9.      Written consent to disclose Confidential Discovery Material designated by the producing person as "Highly Confidential" to persons other than those set forth in paragraph 8 will not be withheld in such instance where the parties agree in writing in advance of disclosure of "Highly Confidential" information that the individual has prior knowledge of the information designated "Highly Confidential."

10.      In the event that counsel for any party determines to file with this Court any Confidential Discovery Material, such Confidential Discovery Material shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

"CONFIDENTIAL - SUBJECT TO COURT ORDER"

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

11.      In the event that counsel for any party determines to file with this Court any pleadings, motions, briefs or other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed under seal or submitted to the Court in such manner as is agreed upon by the parties hereto; and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL - SUBJECT TO COURT ORDER"

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

6

12. The following conditions must be met for a person to be deemed a Qualified Expert. Counsel for the party seeking to disclose Highly Confidential Discovery Material to an expert must notify counsel for the person or party that produced the discovery material in question and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Highly Confidential Discovery Material, of the identity of the proposed expert, including the name and address of the proposed expert, and the categories of documents that it wishes to disclose to the proposed expert, and provide a copy of the proposed expert's current resume showing employment and professional activities, and a list of the proposed expert's patents and publications. Counsel for the person or party that produced the Highly Confidential Discovery Material in question and, if the producing person is not a party, any party with which that producing person has or had any relationship pursuant to which the producing person came to possess the Highly Confidential Discovery Material, shall notify the requesting counsel of any reasonable and good faith objections to the designation of such person promptly, but within no fewer than seven (7) days of receipt of such notice. If there is no objection within such period, the expert shall be deemed approved as a Qualified Expert. All disputes regarding the acceptability of any person as a Qualified Expert shall be decided by the Court. If the notified person or party objects to the proposed expert within the foregoing seven (7) day period, the requesting counsel shall be prohibited from disclosing any document bearing a "Highly Confidential" designation to the proposed expert unless and until the Court determines that the proposed expert be deemed a Qualified Expert. The party challenging the status of any proposed expert as a Qualified Expert hereunder bears the burden of persuading the Court that the

proposed expert, based on competitive reasons, including but not limited to any competition between the parties, shall not be deemed a Qualified Expert.

13. In the event that a Qualified Expert is a consulting, non-testifying expert, current resumés of only those persons who will receive Confidential Discovery Material or information derived therefrom need be provided in lieu of a list of each consultant's patents and publications. A party's disclosure of any consulting experts under the terms of this Stipulation and Protective Order Governing Confidential Material does not alter the protections from discovery that such consulting experts are entitled to under Fed. R. Civ. P. 26(b)(4)(B).

14. A Qualified Expert who complies with the terms of this Stipulation and Protective Order Governing Confidential Material shall be entitled to review and work with all Highly Confidential Material in his or her own offices, unless otherwise agreed to by the producing and receiving parties and/or ordered by the Court.

15. Inadvertent production of any information, document or thing without it being marked "Confidential" or "Highly Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice.

16. This Order has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Material.

17. Any party receiving Confidential Discovery Material shall have the right to challenge any designation of confidentiality by the producing person or party by seeking an order of the Court with respect to any information, documents or things designated as "Confidential" or "Highly Confidential." On any such application, the burden of proof shall be as set forth in the Federal Rules of Civil Procedure and shall not be affected by this Stipulation

8

and Order. All parties receiving such materials or information shall respect the propriety of the designation during the pendency of such motion. The parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material.

18.      In the event additional persons become parties to this litigation, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material produced by or obtained from any other producing person until they have executed and filed with the Court a copy of this Stipulation and Order.

19.      After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

20.      Within thirty (30) days after the conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof (including without limitation, copies provided to testifying or consulting experts) shall be returned to the producing person or, in the alternative, destroyed and certified to the producing person to have been destroyed. Nothing herein shall require the return or destruction of counsel's own attorney work product, and this paragraph shall not apply to documents filed with the Court and/or served in this action or copies thereof.

21.      Any material which was lawfully possessed by a receiving party prior to its disclosure by the producing party, which lawfully comes within the possession of such other party or otherwise becomes publicly known through means not constituting a breach of this

9

Stipulation and Order, need not be treated as Confidential Discovery Material by that receiving party under the terms of this Stipulation and Order.

       22.    The inadvertent production of any documents or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of the Federal Rules of Civil Procedure and no party shall be held to have waived any rights by such inadvertent production.

Dated: March 11, 2005
      New York, New York

                            HAGENS BERMAN SOBOL SHAPIRO LLP

                               -and-

                            MEREDITH COHEN GREENFOGEL &
                            SKIRNICK, P.C., Local Counsel

               By: _____
                  Robert A. Skirnick, Esq. (RS-2636)
                  A Member of the Firm
                  Attorneys for Plaintiff and Counterclaim-Defendant
                  Advanced Analytics Inc.

Dated: Marl 14 , 2005
     New York, New York

                         CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
     Lawrence B. Friedman, Esq. (LF-9978)
           A Member of the Firm
     Attorneys for Defendants and Counterclaim-Plaintiffs
     Citigroup Global Markets Inc. and The Yield Book
     Inc.

Dated: 3/21 , 2005
     New York, New York

SO ORDERED:

_____
     United States District Judge

11

Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- X
                                                   :
ADVANCED ANALYTICS, INC.,                          :
                                                   :    No. 04 Civ. 3531 (LTS)
        Plaintiff and Counterclaim-Defendant,      :
                                                   :
                                                   :
    v.                                             :
                                                   :
CITIGROUP GLOBAL MARKETS, INC. f/k/a               :
SALOMON SMITH BARNEY, INC., and THE YIELD          :
BOOK INC., f/k/a SALOMON ANALYTICS, INC.,          :
                                                   :
        Defendants and Counterclaim-Plaintiffs.    :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
                                                   :
-------------------------------------------------- X
```

## CONFIDENTIALITY UNDERTAKING

I acknowledge that I have read and that I understand the Stipulation and Protective Order Governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. I also understand that any violation of the Stipulation And Protective Order Governing Confidential Material by me or anyone acting under my direction may subject me to penalties for contempt of court.

Dated: _____          _____

                                         Signature

                                         _____

                                         Address