# EXHIBIT F

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22-1718 _____     _____ Caption [use short title]

Motion for: To Complete Record In Compliance
with FRAP and L.R. and Motion for Sanctions
against Defendants

Set forth below precise, complete statement of relief sought:

I. Direct Defendants (1) Respond to Missing Transcripts
and Identify and provide the Sealed Entries.
(2 )produce the Missing Court Documents;
(3) produce redacted text-searchable files
(4) Assist Plaintiff and Clerk of SDNY to file the Record.
II Sanctions Defendants and their counsel

Advanced Analytics, Inc. v. Citigroup Global Mark

MOVING PARTY: Advanced Analytics, Inc.                OPPOSING PARTY: Citigroup Global Markets, et al.

☑ Plaintiff          ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Peter J. Toren                OPPOSING ATTORNEY: Jennifer Kennedy Park

[name of attorney, with firm, address, phone number and e-mail]

The Law Office of Peter J. Toren          Cleary Gottlieb Steen & Hamilton,
43 West 43rd Street, Suite 266, NYC, NY 10036   One Liberty Plaza, New York, N.Y.
646-623-4654, ptoren@petertoren.com        212 225 2357, jkpark@cgsh.com

Court- Judge/ Agency appealed from: Southern District of New York - The Honorable Laura J. Swain

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____
_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes   ☐ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?              ☐ Yes ☐ No
Has this relief been previously sought in this court?    ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Peter J. Toren _____ Date: July 11, 2023   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC., | |
| Plaintiff-Counter-Defendant | |
| Appellant, | |
| v. | Case No. 22-1718 |
| CITIGROUP GLOBAL MARKETS, INC., ET AL., | |
| Defendants-Counter Claimants-Appellees. | |
| The AMERICAN PROSPECT, Brandon Smith, | |
| Intervenors | |

## PLAINTIFF'S (I) MOTION FOR RECORD ON APPEAL IN COMPLIANCE WITH FED. R. APP.PROC. AND LOCAL RULES AND (II) MOTION FOR SANCTIONS

Under Rules 10(a), 10(e)(2)(3), 11(b)(2)(A), 30(a)(b), 27 of Federal Rules of

Appellate Procedure (the "Fed.R.App.P.") and Second Circuit Local Rules (the

"Local Rules" or "L.R.") L.R.25.1, 25.2, and the Court's inherent powers,

Advanced Analytics, Inc. ("Plaintiff" or "Appellant") respectfully requests the

Court:

(I) Pursuant to Fed.R.App.P.27(b) direct Citigroup Global Markets, Inc. *et al* and Cleary Gottlieb Steen & Hamilton LLP (together "Defendants" or "Appellees") to cooperate with Plaintiff's efforts to complete the case docket (the "Deficient Record", the "docket") in the Southern District of New York (the "District Court," "SDNY"), and then forward the Record on Appeal (as defined by Fed.R.App.P.10(a)(1)(2), the "Appellate Record," the "Record") to the Court as follows:

(1) (i) either confirm or object on authenticity, for each court hearing transcripts that are missing (the "Missing Transcripts") in the docket but in [D.I. 20] as listed in [D.I. 16] by Plaintiff;[1]

(ii) identify all the sealed court files[2] (the "Sealed Files") for each sealed entry in the current index [D.I. 6, the "Deficient Index"] of the docket pursuant to Fed.R.App.P.11(b)(2);

(iii) produce to the Clerk of SDNY and Plaintiff an electronic copy of all Sealed Files[3] for entries before 2018 that were not produced to the

---

[1] Citations to (ECF No.) refer to Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.), [D.I.] refer to this appeal.

[2] Except those sealed by SDNY pursuant to attorney-client privilege. Same below.

[3] The produced files must be text-searchable files full complying with L.R. 25.1. Same as below.

SDNY and Plaintiff in 2021 (the "Missing Sealed Files");

(2)  provide to the Clerk of SDNY and Plaintiff an electronic copy of all the court files that have been filed in the SDNY before 2018 but are missing from the docket (the "Missing Court Files");

(3) pursuant to the controlling authorities, L.R. 25.1 and 25.2, in good faith remove improperly designated "Highly Confidential" ("HC") or "Confidential" ("C") from all Defendants' productions, and produce the "HC-" or "C"-narrowly-redacted files for all remaining sealed files. For the Sealed Files, see [D.I. 94, Ex. A. of Toren Declaration] (the "Requested Files.")

(4) cooperate with Plaintiff to assist the Clerk of SDNY, to add the Missing Transcripts, the identities of the Sealed Files, the Missing Sealed Files, the Missing Court Files, and their redactions as set forth in Procedures I(1)(2)(3), to the docket pursuant to Fed.R.App.P.10(a); and then forward an electronic copy of the Record in CD-ROM together with the certified complete index (the "Index") to this Court pursuant to Fed.R.App.P.11(b)(2) and L.R.11.1(a).

(II) Impose measures that the Court deems appropriate to sanction Defendants for their systematic and pervasive willful misrepresentations in their submissions to the Court.

In 16 letters Plaintiff requested (I)(1)-(4) to move the appeal and a meet-an-confer with their counsel who has personal knowledge of the issues, but Defendants stonewalled. In response to Plaintiff' notification to file Fed.R.App.P.10(e)(c) motions in SDNY, Defendants moved on April 6, 2023[4] **to stop the appeal** and to cover up their fraud. Plaintiff notified Defendants on May 15, 2023, of its intention to move in this Court.[5]

Pursuant to Fed.R.App.P.27(b), the Court should direct the procedures (I)(1)-(4) to complete the Record and to move the appeal stopped by Defendants' stonewalling, without awaiting further response from Defendants.

The Court may hold the Sanction II in abeyance until after all the proceedings relating to the anticipated Fed.R.App.P.10(b)(c)(e)(1)(2) motions are settled in SDNY and then in this Court, so it may take into consideration of Defendants' future conduct together in fashioning an appropriate sanction.

---

[4]     [D.I. 73, Defendants' "Motion"].

[5]     [D.I. 94, Plaintiff's "Supp. Opp'n," pp.8-9, 23, fn.8].

## PRELIMINARY STATEMENT

Defendants denied the Appellate Court from having the Appellate Record provided by Fed.R.App.P.10(a):

 (a) Defendants knew that many court hearings and transcripts are missing entirely in the docket contrary to Fed.R.App.P.10(a)(2);

(b) Defendants have withheld all the Missing Court Files, including nearly *all* of the letter motions *filed* in SDNY during 2004-2018, contrary to Fed.R.App.P.10(a)(1);

(c) Defendants have denied the Court the 40+ sealed entries in the docket including all motions filed by the parties. All court files in the 30+ sealed entries between 2004-2018 are only hardcopies, which Plaintiff may not have. As held by CJ Swain's order, only Defendants have all the electronic versions for (b)(c), which Defendants refused to provide.

(d) all judicial documents should be unsealed according to controlling authorities, but Defendants re-designated them as "HC," and refused to comply with L.R.25.1, 25.2 to produce any redactions and declarations.

To move this appeal, Defendants must produce the Record, following the Procedures (I)(1)(2)(3) *supra*. But Defendants stonewalled **to stop the appeal**.

Defendants knew (a)-(d) requiring I(1)(2)(3), but feigned "not understanding" Plaintiff's requests I(1)(2)(3)  explained in sixteen letters, using the simplest examples and explicit Requested Files based on Deficient Index, covering I(1)(3).

Defendants played games. Defendants produced no information and just *one* document for **I(1).** Defendants produced *no* documents for **I(2)-(3).** Defendants only sent what the undersigned *filed* instead *requested*, and masqueraded then as **I(2)-(3).**

**Defendants willfully misrepresented to the Court:**

**A. "the docket is complete;"**

**B "Defendants have produced all the filed documents Plaintiff requested;"**

Defendants feigned difficulty "locating" the files. Plaintiff wrote Defendants ten times that the files are attachments in Defendants' email record, and **only** the files, **not** the emails, are for the Appendix.  But Defendants' Motion still misrepresented:

**C "Plaintiff requests to include unfiled emails into the appendix."**

6

Defendants willfully misrepresented all other matters: procedural history, and laws, and created new misrepresentations to cover up the exposed misrepresentations.

All reminiscent in SDNY. [6] Exposing one paragraph of their deceit may require pages of record evidence. *Id.* pp.6-8. Defendants' briefs were filled with deceit, making fully exposing their deceit within the time and page constraints impossible.

Defendants' Misrepresentations A, B, C misled the Court as shown by the Order of May 4, 2023 [D.I. 85, the "Court's Order"].

To protect its integrity, the Court should sanction Defendants to deter their further misconduct, and direct (I)(1)-(4) **to move the appeal forward**.

## BACKGROUND

### A. Defendant's willful misrepresentation of the docket to be complete[7]

Defendants knew that hundreds of essential court files, and all the Court substantive hearings and transcripts between 2004-2011 (including those of the dates 3/1/06, 7/2/07, 8/2/07, 8/21/07, 10/1/07, 10/19/07, 12/11/07, 7/15/08)[8] are

---

[6]     Opp'n, [D.I.82, Toren Declaration, Ex.A, pp.2-8].

[7]     Procured Court's Order (a).

[8]     On Sept. 6, 2022, Plaintiff designated "[t]he relevant portions of" these eight transcripts "listed in Form D," for Appendix, [D.I. 35-1, p.3].

missing from the docket, so the docket is incomplete pursuant to Fed.R.App.P.10(a). But Defendants misrepresented it as "complete."

Defendants took eight months to respond to **just one** transcript of July 15, 2008, not whether they consent to its inclusion in the docket, but to support Misrepresentation **A**.[9] Defendants claimed that the transcripts were an exhibit to "AAI's Objection… filed under seal in… ECF No. 119." [D.I.73, fn.6]. This is untrue,[10] also, no support for Misrepresentation **A**, because all the other seven court hearings and transcripts, and many court files are missing.

Defendants knew that the docket is woefully incomplete, also its sealed 40+ entries are *not* identifiable in violation of Fed.R.App.P.11(b)(2), and *not* in the Deficient Index, so the Record has *not* been filed.

Yet, Defendants willfully misrepresented that [D.I. 6-2] certified the Deficient Index [D.I. 6-1] is complete,[11] knowing [D.I. 6-2] is only "**an automatic e-mail message generated by ... the mailbox [which] is unattended**" for sending *any* index, and **an unattended mailbox** cannot certify the completeness of the Record which even the Clerk does not have.

---

[9]     Motion [D.I.73 p.11], Sur-Reply [D.I. 98, fn. 4] referred to the transcripts listed in Form D, [D.I.16] and filed in [D.I. 20].

[10]     Opp'n [D.I. 82 at 14].

[11]     Reply [D.I.90, at 5].

Defendants knew that the Missing Court Files include nearly all of their letter motions *filed in SDNY*, **within 2004-2018**, e.g., Defendants' letter of Jan. 25, 2006,[12] granted (ECF No.29); "Emergency" letter of Dec. 3, 2007,[13] granted (ECF No. 92); the parties' letters to modify the protective order in 2015, adjudicated (ECF No. 272).

A number of letters appeared in the docket, **only because** the court endorsed them *or* Plaintiff attached them to its filings *after 2018*, *e.g.,* Plaintiff's 37(b) motion of June 17, 2013, and the first six during 2015-2017, of Defendants' twelve ill-fated fee-applications.[14]

**During the 14 years,** all letters were faxed or hand-delivered to Chambers; all motions were filed only in hardcopies, in the 30+ sealed entries, (c) *supra,* and are inaccessible to the Court and Plaintiff, just like the other Missing Court Files, (b) *supra*. Only Defendants have (b)(c) and can produce (d).

---

[12]    This 12-page letter laid out Defendants' 3-prong scheme from the very beginning, as shown by the eight court transcripts.

[13]    Manifestation of Defendants' "HC" fraud. Ltr. from Toren to Park dated Feb. 22, 2023, [D.I 61-1 at 5, fn 10].

[14]    Judicial Notice, at 32, ECF No. 479.

## B. Defendants willful misrepresentations of their productions[15]

The appendix and the appeal require I(1)(2)(3) to complete the Record. In sixteen letters, starting Sept 6, 2022, Plaintiff requested I(1)(2)(3), and red-highlighted the requested court files on the Deficient Index, covering I(1)(3).[16]

Defendants dismissed the Requested Files of May 15, 2023, as "entirely duplicative of the list AAI initially provided in its September 6, 2022,"[17] conceding that Plaintiff's requests are for the same documents but Defendants stonewalled. [18]

Defendants misrepresented[19] to the Court that "Appellees furnished AAI with each of the filed documents AAI requested.."

This is false. §C, *infra.*

Defendants produced only **one** file under I(1), **none** under I(2) and I(3). Defendants claimed that they produced "all filed documents requested by AAI," in "two .zips" on Sept.20 and Nov.18, 2022, containing "over hundred files."[20] But

---

[15]    Procured Court's Order (b).

[16]    [D.I. 35-2]. Completing I(2) is contingent on I(1).

[17]    [D.I.98, Sur-reply, fn.10].

[18]    See Ltrs from Toren to O'Hagan Wolfe dated Nov. 2, 2022 [D.I.43-1] and Nov. 30, 2022 [D.I. 46].

[19]    Motion [D.I. 73 at 16], Sur-reply [D.I.98 at 6].

[20]    Ltr. from Park to Toren dated Feb.10, 2023 [D.I.59-2, at 2], [D.I.90 Reply fn.7], [D.I.98 Sur-reply at 8].

these documents were all filed by Plaintiff's **current** counsel *after* 2018, except for the 19 documents already in Plaintiff's possession from the 2021 Productions ordered by CJ Swain.

Violating Fed.R.App.P.11(b)(2), Defendants identified no sealed entries for the Court. They knew Plaintiff doesn't have Record,[21] but misrepresented that Plaintiff may identify all the unknown files in all 30+ sealed entries because "[the partial documents provided by Defendants] were identified by ECF number or date."[22]

Defendants refused to provide any information nor any requested file for even single sealed ECF No. 246, in connection to the four sets of 2014 MSJ papers.[23] They couldn't state why.[24]

All these files are "filed documents," on "the subject of an adversary proceeding below." May 7, 2014 Order (ECF. No. 248). So they belong to Record, and these 2014 MSJ papers not in ECF No. 246 belong to Missing Court Files. For CJ Swain, Defendants selected only Moore's April 29, 2014 Letter, but withheld Munves' Rebuttal of May 1, 2014. Defendants dictated Plaintiff's MSJ briefs by

---

[21]     [D.I.73, Fn. 8].

[22]     Sur-reply [D.I.98 at 8, Fn 8].

[23]     Plaintiff's Nov. 2, 2022 [D.I. 43-1 p.4], Requested Files, pp.43-44.

[24]     [D.I. 98 at 9].

striking them all, until Collins' brief embraced **Defendants**' False Claim as

"**Plaintiff's** claim" to procure Judgement. Now Defendants want to block all these

court files from this Court.

Defendants obfuscated the Record with the appendix, citing

Fed.R.App.P.30(a)(2) regarding appendix to object the 2014 MSJ briefs for the

record. Still Fed.R.App.P.30(a)(2) allows their inclusion in appendix because they

"have independent relevance," and regardless, as "[p]arts of the record may be

relied on by the court or the parties," because all parties must have the record

pursuant to Fed.R.App.P.10(a)(1). [D.I.43-1 at 4].

Defendants conceded to "AAI's incomplete case files,"[25] that Plaintiff relies

on Defendants to provide Record for the appendix. But Defendants refused I(1)-(2)

and absurdly claimed "given that parties are able to rely on 'parts of the record . . .

not included in the appendix.' Fed. R. App. P. 30(a)(2)." Neither Plaintiff nor the

Court is "able" to rely on the "parts of the record" to which they have no access.

While refusing to produce the record, Defendants blamed "AAI's failure to

properly designate record documents for inclusion in the joint appendix." *Id.* at 16.

---

[25]     Motion [D.I.73, Fn. 8].

## C. Defendants' willful mischaracterizations of Plaintiff's requests[26]

Defendants and Collins agreed to serve files by email. From Plaintiff's counsel, Collins withheld many files and all the emails after his collusion with Defendants beginning in 2012.

Defendants' feigned limitation that "such filings could be located in our record" for their failure to comply with CJ Swain's order of 2021. Plaintiff have noted ten times to Defendants that all "**such filings**" are "located" as **attachments** to the emails between Defense lead counsel and Collins, but Defendants "only assigned the task of gathering records to an associate who has no personal knowledge regarding **the filings under seal** and was not given access to the record of emails," so "Plaintiff again request that either you or Ms. Jennifer Park gather the **requested relevant files** from the email record." *E.g.,* Ltr. from P. Toren to C. Moore dated Sept. 6, 2022 [D.I. 35-1, at 2].

However, Defendants misrepresented to the Court that Plaintiff sought "**the unfiled emails**" instead of "**the filings under seal**," for inclusion in "joint appendix" and "the record."

---

[26] Procured Court's Order (c).

Plaintiff explicitly and repeatedly corrected Defendants many times until

**one day** before Defendants' Motion of April 6, 2023: "[Defendants

misrepresentation of Plaintiff's requests] confused that these judicial

documents...with the emails themselves." [27]

Yet, Defendants' Motion relentlessly and repeatedly misrepresented:

"AAI has suggested it needs supposed correspondence between AAI's
former counsel and Appellees' counsel for inclusion in the joint appendix.
See,e.g., Ltr. from P. Toren to C. Moore dated Sept. 6, 2022 [D.I. 35-1, at
2]" [28]

"'sought to designate unfiled materials (i.e., 'record of emails'[for joint
appendix])' *Id.* [D.I. 35-1, at 1–2]."

Opposition reiterated "Defendants may locate the files from the email record

with Collins," *i.e.*, the "files", ***not*** the "emails."[29]

Reply steadfastly misrepresented this as a confirmation of Defendants

Misrepresentations A, B, C:

"'AAI's assertions that … off-the-record emails. are 'missing' from the
record.' See Opp'n at 8, 20–22."

Reply fn. 2 admitted the purpose of Misrepresentations **A, B, C**:

"[A]ppearing to acknowledge [Misrepresentations **A, B, C** have deceived
this Court to believe] the meritless nature of AAI's Opposition, this Court ordered

---

[27]    E.g. Ltrs. from Toren to Park dated March 31, resent April 5, 2023 [D.I.70-
4, p.2].

[28]    [D.I. 73 at 4, 12, 13].

[29]    [D.I. 82, the "Opp'n,"  at 8].

AAI to file a supplemental response justifying (1) [based on **A**]… (2) [based on **B**] … and (3)[based on **C**]…. Order [D.I. 85].”

Supp. Opp'n reiterated that the attachments, not the emails, are the missing files for the Record,[30] the appendix only needs the filed documents from Record and redactions, but they are missing, and attached the May 15, 2023, Requested Files based on the docket.

Sur-Reply covered up that Defendants' Three Misrepresentations A, B, and C misled the Court as shown by the questions, and further misrepresented that "[c]onfronted with this question, AAI reversed course, and now concedes that emails between its former counsel and Appellees' counsel are neither part of the appellate record nor able to be included in an appendix." [D.I.98, pp.10-11, §III].

This cover-up is blown by Defendants' dismissal of May 15, 2023, Requested Files as "entirely duplicative of the list AAI initially provided in its September 6, 2022,"[31] thereby conceding that Plaintiff's requests are for the same court documents but Defendants have stonewalled.

---

[30]   [D.I. 94, at 11].

[31]   Sur-reply, at 9, fn. 11. Regarding Defendants' purported need to "decipher AAI's intent", Requested Files was updated based on Defendants' .zip files of Sept. and Nov., 2022, listing what are needed for each entry in the docket. Defendants conceded that they needed not to "decipher," and their two salami .zipfiles produced nothing.

Besides mandated by the Rules, first Defendants must comply with Procedures I to complete the record before scheduling the appeal because: (1) the Court does not have the Record, only Defendants do; and (2) Plaintiff needs the Record for the appendix.

Reply twisted the two distinct necessities as "AAI conceded to [Misrepresentations A, B, C] that AAI's requests for additional information and documents for purposes of compiling the appendix are distinct from the sufficiency of the record and index." [D.I.90 at 5].

Sur-reply further misrepresented that Plaintiff only sought "the remaining documents that AAI claims are still 'missing' from its own files." [D.I.98 at 8.]

Plaintiff requested I(3) because while Defendants produced some redactions, they are all image files, contrary to L.R. 25.1, 25.2, "*See* e.g., ECF. no. 459".[32]

Defendants' Sept.zip contains *unredacted* 4th Fan Decl. Defendants ridiculed the undersigned for asking for documents he filed. On Nov. 2, 2022, Plaintiff reiterated its request for the redacted version, [D.I. 43-1, pp5-6].

Defendants' Nov.zip contains **the image files** downloaded in ECF. 459, *filed by* the undersigned. [33]

---

[32] Ltr. from Toren to Moore dated Sept.6, 2022 [D.I.35-1 at 2].

[33] Ltr from Toren to O'Hagan Wolfe dated Nov.30, 2022 [D.I.46 at 2].

Plaintiff called out Defendants' misrepresentation of the I(3) request as I(1)(2) request on ECF. Nos. 459 and 313,[34] but Defendants' Motion insisted the same misrepresentation "Attachment [D.I. 35-2, at 16] (identifying ECF No. 313, AAI's Rule 56(h) Motion, as "missing".[35] The "D.I. 35-2, at 16" requested only a "redacted version," which is missing.

Feigning difficulty to "decipher AAI's intent," Defendants sent what we filed instead of requested.

## D. Defendants blanketed public information as "HC," produced no redactions, and concealed contrary cases

To cover up their fraud, to prevent Plaintiff's principal from helping its counsel in completing the Record and preparing the appendix, Defendants designated "HC" on their zip files and refused to produce any redaction, contrary to the Second Circuit authorities, *e.g.*, *Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).*[36]   Plaintiff requested redaction I(3) and their basis

---

[34]     Ltr from Toren to O'Hagan Wolfe dated Nov.2, 2022 [D.I.43-1 at 5].

[35]     Motion [D.I. 73 at 11].

[36]     Opp'n, [D.I.82, pp.9-11].

for their "HC"-designation on publically filed documents,[37]  e.g., Plaintiff's 2008 MSJ brief.[38]

But Defendants rejected and argued that they could designate "HC" on whatever they wanted, *Lugosch* is "inapposite here" and "only applicable to an intervener." Defendants knew their argument to this Court is false and in violation of ABA 3.3, because in response to Defendants request to seal Plaintiff's 2008 MSJ brief on February 2, 2022, they were confronted by numerous authorities, including *In re Parmalat Securities Litigation, 258 F.R.D. 236 (2009),* then withdrew their designations. [D.I. 70-4, p.3-6].

## E. Defendants misrepresented to this Court the procedural history in SDNY

 Defendants' Motion mischaracterized all the orders in SDNY as prohibiting Plaintiff's filings, to mislead the Court to impose injunctions on Plaintiff, while concealing that Defendants' motions for injunctions have all been *denied* by four orders including MJ Cave's June 9, 2020 Order, which reversed her Nov. 12, 2019 order which Motion cited.

---

[37]     Ltrs from Toren to O'Hagan Wolfe dated Nov.2, 2022 [D.I. 43-1, pp.2-6], and Nov. 30, 2022 [D.I. 43-1,p.2].

[38]     Ltr. from Toren to Park dated March 31, 2023 [D.I. 70-4, p.3].

Defendants' lack of candor toward the Court has shown to be a pattern, and their violation of Fed.R.App.P.27(a)(2)(B) was deliberate. [39]

To procure the Nov. 12, 2019 order, Defendants' motions to strike and for injunctions of Nov. 10, 2019, concealed the procedural history. The injunction was reversed, *Id,* so was the strike of Plaintiff's motion.[40] Yet Reply claimed that "November 2019 order was 'reversed' is wrong."[41]

In all of their filings, Defendants avoided the undisputed evidence of their Three-Level Fraud, stonewalling with "relitigation" ---their misrepresentations that MJ Pitman had considered and rejected Plaintiff's Rule 37(b) motion with the supporting evidence, the Fourth Fan Declaration.[42]

Defendants relied on these misrepresentations to procure MJ Cave's Nov. 12, 2019 Order. Then to cover up the direct evidence of admitted collusion, to mislead MJ Cave into mistakenly believing that MJ Pitman had considered this evidence, Defendants crafted **newer** brazen misrepresentations, which were copied verbatim and relied on by the June 9, 2020 Order.

---

[39] Opp'n [D.I.82, pp.17-18].

[40] "The Clerk is respectfully requested to unseal ECF No.366." Opp'n [D.I.82, pp.16-18, and Ex.B, p.22].

[41] Supp. Opp'n [D.I.94, p.22].

[42] Defendants' Motion to strike and for injunction, pp.1-2, p.10. (ECF No.480.) Ex. A, Toren Declaration, also Plaintiff's Motion of Jan. 17, 2020, p.22, ECF No. 423.

Plaintiff's Fed.R.App.P.10(c) Statement of Evidence exposes both misrepresentations and Defendants' admission evidence of Collins' secret withdrawal of Plaintiff's Rule 37(b) motion, demonstrating that both new evidence and Plaintiff's claims of misappropriation of trade secret, and the new direct collusion evidence as admitted by Defendants, have never been considered by any court. [43]

## F. Defendants crafted new misrepresentations to this Court to cover up their misrepresentations exposed by Fed.R.App.P.10(c) Motion.

In submissions to this Court, Defendants crafted *newer* misrepresentations to cover up their exposed misrepresentations in §E.[44]

Plaintiff's anticipated motions under Fed.R.App.P.10(c)10(b)(2) demonstrate that the findings and rulings of the Judgement and related orders are contrary to the record evidence, and the new evidence of Defendants' Three-Level-Fraud has not been considered by any court.[45]

CJ Swain ruled that new evidence may warrant granting of Plaintiff's Rule 59(e)60(b) Motion.[46]

---

[43]     Ltr. from Toren to Park dated Jan. 11, 2023 [D.I.53-1, pp.2-3], Fed.R.App.P.10(c) Statement of Evid. [D.I. 53-2], Eighth Wang Decl. [D.I.53-3].

[44]     Opp'n, [D.I.82, Ex. A, Toren Declaration, pp.2-8].

[45]     [D.I.82, Ex. A, pp.2-8].

[46]     ECF No.497, p.2, Fn.1.

Plaintiff needs "all evidence relevant to that finding or conclusion" in the record for its Fed.R.App.P.10(c)10(b)(2) motions, which demonstrate that the findings and rulings of the Judgement and related orders are contrary to the undisputed record evidence. including:

The June 9, 2020 order, regarding Defendants' admission evidence of collusion with Collins;

The Judgement and the related orders, mistaking *Plaintiff*'s claims of misappropriation of trade secret as *Defendants* False Claims (implying "*Plaintiff* stole *Defendants*' code," "ACE is *not* trade secret.").

## ARGUMENT

### I. The Court should direct Defendants to follow Procedures (I)(1)-(4) to allow the Record to be filed

The Deficient Index is no Record, and to start the appeal the Court needs the Record which only Defendants possess but stonewalled with pervasive misrepresentations. §A-§E, *supra.*

To preempt Plaintiff's motions under Fed.R.App.P.10(c)(e)(1), Defendants moved to block the Record from the Court by picking out two words but disregarding all remainder of L.R. 31.2(a)(1)(A) and its prerequisites, in violation of Rules 10(a)(e), 11.1(a), 11(b)(2), 30(a)(1), 30(b), 31(a)(1), 32(a)(b), 27(a)(2)(B)

of Fed.R.App.P. and L.R. 25.1(b)(3), L.R. 25.1 (e), and L.R. 25.2 (h), L.R. 32.1(the "Rules").[47]

To obtain the Record for the Court *pursuant* to all the forgoing *Rules* and its inherent powers, the Court should direct Defendants to follow the Procedures (I)(1)-(4) *e.g.* within fourteen days after issuing the order. These procedures do not affect the substantive rights of the parties but are necessary for the appeal, and may be granted at any time without awaiting a response from Defendants, pursuant to Fed.R.App.P.27(b).

The Federal Rules of Appellate **Procedure** is a set of rules to govern *procedure* in appeals. *Legal procedure* is "a series of steps followed in a regular definite order."  Defendants' Motion turned *the definite order* upside-down.

Only after the **Record on Appeal is complete** as defined by Fed.R.App.P 10(a), the Record is forwarded to the appeal court pursuant to Fed.R.App.P11(b)(2), then the series of subsequent steps, *e.g.* Fed.R.App.P. 30(b), 31 etc., may be commenced. Fed.R.App.P. 31(a)(1) holds all the subsequent procedures, including L.R.31.2(a) would be commenced only "after the [**Record on Appeal is complete and] is filed** [pursuant to Fed.R.App.P11(b)(2)]."

---

[47]     See Opp'n, [D.I.82, pp.19-23], Supp. Opp'n. [D.I.94, pp.4-7]

The requests by Defendants clearly violate the Constitution and Fed.R.App.P. and accordingly, the Count has no discretion to grant them.

Defendants agree that the Court has the "inherent power to control the proceedings" before it, [48] especially to vindicate its right to have the Record, *i.e.,* to direct Defendants to follow I(1)-(4) mandated by the Rules to move the appeal forward.

While Defendants' Motion aims to preempt Plaintiff's motions under Fed.R.App.P.10(c)(b)(e)(1)(2) and 11(b)(2), to deprive Plaintiff's rights to appeal, the Court's direction of Procedures I(1)-(4) will move the appeal along much faster and make it easier for the District Court to settle what has occurred in the District Court.

Defendants conceded that Plaintiff is entitled to relief under Fed.R.App.P. 10(e)(c), but oddly blamed Plaintiff for not filing motions to break their stonewalling, which caused the delay, and prejudiced Plaintiff and the Court.

Defendants are without a reasonable excuse. Fed.R.App.P.10(e)(2)(B)(C) provided the Record may be corrected "before or after [the Appellate Record defined by Fed.R.App.P.10(a)] has been forwarded." In this matter, the Record has *not* been forwarded.

---

[48]    Motion, [D.I.73, p.15]

Pursuant to Fed.R.App.P.1(a)(2) and CJ Swain's IRP, before filing the Fed.R.App.P.10(c)(e) motions with the lower court, Plaintiff must use its best efforts to obtain Defendants' responses, to meet-and-confer with Defense lead counsel who has personal knowledge about the files and evidence, and to prepare a stipulation under Fed.R.App.P.10(c)10(e)(2)(A).

But Defendants have stonewalled all of Plaintiff's requests, and sent their associates who had no access to Defendants' email correspondences with Collins and no personal knowledge to respond to Plainitff's documents requests claiming difficulty "to locate the files."

It took Defendants eight months to respond to one July 15, 2008 Transcripts, and only in their Motion to misrepresent "the docket is complete," and to Plaintiff's requests to meet-and-confer with Defense lead counsel. Defendants ignored again Plaintiff's Requested Files on May 15, 2023, that Defendants had stonewalled before. §B, §C, *supra*, conceding their responsibility for failure to provide Plaintiff with the Appellate Record that Plaintiff consistently sought.

After Plaintiff notified Defendants of its pending motions, Defendants pre-empted Plaintiff's motion with their frivolous Motion, which forced Plaintiff to file this motion with this Court for the Procedures I(1)-(4) instead with the District Court. Otherwise,  Defendants' misrepresentations could mislead the Court to grant their Motion to block the Appellate Court from having the Appellate Record,

and would deprive Plaintiff's right to appeal, the Fed.R.App.P.10(c)(e) Motion in the District Court would become moot.

Defendants have been stonewalling Plaintiff's request to unseal the names of all documents in the sealed entries, and refused to state why they oppose identifying them other than their obvious false claim that Plaintiff could do so. Accordingly, the Court should order Defendants to comply with I(1)-(4) pursuant to the Rules, and stop their stonewalling and delay tactics.

Other than Fed.R.App.P. 10(b)(c) and the 10(e)(1) Motions, which need to be decided first by the District Court before any party may appeal to this Court, pursuant to the Fed.R.App.P. and L.R. and its own inherent power, the Court can manage its own affair to issue the orders directing Procedure I(1)-(4) under Fed.R.App.P.10(e)(2)(3), which Defendants have utterly failed to oppose.[49] Contrary to Defendants' arguments, these Procedures I(1)-(4) will only facilitate a determination of the District Court the proceedings.

To schedule the appeal before the Record is filed, is to put the wagon before the horse. If a party objects to the determination of the Fed.R.App.P.10(c)(e)(1)(2) motion before the SDNY, it may appeal the ruling. Defendants aim to usurp the Court's power under Fed.R.App.P.10(c)(e)(2)(3) and its appellate power.

---

[49]    Opp'n [D.I.82, at pp.8-13].

Contrary to Defendants' misrepresentation,[50] the Court does not need to revisit the designation of "HC" or "C" for individual files, but may direct Defendants to remove their redesignated "HC" on the public documents in their productions, and to justify their designation of "C" or "HC" in good faith, and to produce the redacted versions pursuant to L.R. 25.1, 25.2.

## II. Defendants should be sanctioned for their willful misrepresentations to the Court, and their obstruction to complete the Record and violations of the Rules.

Pursuant to Federal Rules 27 and 30 and its inherent power, the Court should sanction Defendants for their pervasive and willful misrepresentations to the Court and their obstruction of Plaintiff's efforts to complete the record, as evidenced by their submissions. §A-§F, *supra*.

Defendants have admitted that their intention is to preempt Plaintiff's anticipated Fed.R.App.P. 10(c)(e) motions, regardless of their resolution,[51] to cover up Defendants' fraud and to block the Record from the Court in the name of imposing an "appeal schedule." Their Motion is for improper purposes, *i.e.*, made in bad faith.

Defendants cite *Ransmeier v. Mariani,* 718 F.3d 64 (2d Cir. 2013), which holds that the Court "may exercise its inherent power to sanction [Defendants and

---

[50]    Sur-Reply [D.I. 98, at 11, Fn. 11].

[51]    Sur-reply [D.I. 98. at 7, Fn. 7].

Defense counsel] who has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' *Chambers,* 501 U.S. 32, at 45–46, 111 S.Ct. 2123." Motion, [D.I.73, p.15].

None of these sanctioned litigants made willful misrepresentations to mislead the courts, as Defendants did herein. See *Fn.*6. *Hazel. Hazel-Atlas Glass Co. v. Hartford Empire Co.* 322 U.S. 238 (1944) ("The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.").

Defendants abusive tactics and systematic misconduct have unnecessarily swollen the dockets with submissions loaded with pervasive and willful misrepresentations, claims lacking any legal or factual basis, that delayed and stopped the appeal for several months and misled the Court. *See* §A-§F.

Indeed, to block the Record and to impose injunctions preventing their fraud be exposed, Defendants have **willfully** misrepresented every material fact:

§A. Misrepresenting the Deficient Index as the complete Appellate Record, procured Court's Order (a).

§B. Misrepresenting they produced all "filed documents requested by AAI." procured Court's Order (b).

§C. Mischaracterizing Plaintiff's requests block consideration of these issues and to prejudice the Court and Plaintiff, procured Court's Order (c),

§D. Blanketing public information as "HC," to block the Record, concealed the relevant authorities from the Court contrary to their position.

§E. Misrepresenting the procedural history.

After 2018, Defendants responded to each of Plaintiff' motions with identical, frivolous motions to strike and for injunctions, citing same type of irrelevant cases. In each instance, the court denied Defendants' motions with the sole exception being when a new Magistrate Judge granted the motion, before overturning it.

Defendants have still defrauded the District Court and Plaintiff. For example, while the June 9, 2020 order reversed the November 12, 2019 order but the evidence of Collins' collusion has never been considered due to Defendants *new* misrepresentations, as Plaintiff's Fed.R.App.P.10(c) motion will reveal.

To silence Plaintiff, Defendants seek injunctions again, and cite inapposite cases, e.g., *In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984),* where the

litigant "is known to have filed over 250 civil actions, appeals, and other matters throughout the United States."

Defendants have failed to disclose that even in the extreme cases, the courts imposed no injunction in the appeal courts. See *id.* at 1259 ("Nothing in this order shall be construed as denying [plaintiff] access to the United States Courts of Appeals.")

Defendants also misconstrued the same inapposite cases (e.g., *In re Martin-Trigona*) in the District Court to seek injunctions, which they knew is illegal but they stylized under "individual rules of practice." [52]

§F. New misrepresentations to cover up their misrepresentations exposed by Fed.R.App.P.10(c) Motion.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests the Court to grant Plaintiff's Motion in its entirety.

Dated:  July 11, 2023
        New York, New York

---

[52]  Plaintiff's Motion dated Jan. 17, 2020, ECF No. 423, pp. 21-22.

29

Respectfully submitted,

/s/PeterJ.Toren
The Law Office of Peter J. Toren,
43 West 43rd Street, Suite 266,
New York, N.Y. 10036-7424,
ptoren@petertoren.com,
(646) 623-4654.


*Attorneys for Plaintiff-Appellant
Advanced Analytics, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) (A) because it contains 5198 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Office Word in 14-point Times New Roman.

*/s/ Peter J Toren*

Peter J. Toren

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

ADVANCED ANALYTICS, INC.,

      *Plaintiff-Counter-Defendant*
      *Appellant,*

    v.

CITIGROUP GLOBAL MARKETS, INC,
ET AL.,

      *Defendant-Counter-Claimants-*
      *Appellees.*

Case No. 22-1718

---

# DECLARATION OF PETER J. TOREN IN SUPPORT OF PLAINTIFF'S (I) MOTION FOR RECORD ON APPEAL IN COMPLIANCE WITH FED. R. APP.PROC. AND LOCAL RULES AND (II) MOTION FOR SANCTIONS

I, Peter J. Toren, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the bar of this Court and a shareholder in the Law Office of Peter J. Toren, counsel for plaintiff Advanced Analytics, Inc. ("Appellant") in the above captioned matter. I respectfully submit this declaration in support of <u>PLAINTIFF'S (I) MOTION FOR RECORD ON APPEAL IN COMPLIANCE WITH FED. R.</u>

APP.PROC. AND LOCAL RULES AND (II) MOTION FOR

SANCTIONS  ("Plaintiff's Motion").

2.  Attached hereto as Exhibits A is true and correct copy of the

following documents, which are referenced in Plaintiff's Motion.

Exhibit A:  Excerpts pp.1-2, p.10, from <u>Memorandum of Law in</u>

<u>Support of Defendants Citigroup Global Markets, Inc. and the Yield</u>

<u>Book Inc.'s (I) Motion to Strike Plaintiff's Rule 56(h) Motion and (II)</u>

<u>Motion for Sanctions dated July 11, 2019.</u> ECF No. 318, 04-cv-03531-

LTS-SLC.


Dated: July 11, 2023

<u>/s/ Peter J. Toren</u>

Law Office of Peter J. Toren
43 West 43rd Street, Suite 266
New York, N.Y. 10036-7424
(646) 623-4654
(ptoren@ptoren@petertoren.com)

*Attorney for Plaintiff-Appellant*
*Advanced Analytics, Inc.*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

         Plaintiff and Counterclaim-Defendant,

         v.

CITIGROUP GLOBAL MARKETS, INC. f/k/a
SALOMON SMITH BARNEY, INC., and THE
YIELD BOOK INC., f/k/a SALOMON
ANALYTICS, INC.,

         Defendants and Counterclaim-Plaintiffs.

-------------------------------------------------------x

No. 04 Civ. 3531 (LTS) (HBP)

**<u>CONFIDENTIAL</u>**

 

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITIGROUP
GLOBAL MARKETS, INC. AND THE YIELD BOOK INC.'S (I) MOTION TO
<u>STRIKE PLAINTIFF'S RULE 56(h) MOTION AND (II) MOTION FOR SANCTIONS</u>**

 

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendants Citigroup Global Markets,
Inc. and The Yield Book Inc.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ................................................ 3

    I.      PLAINTIFF'S 2012 MOTION TO COMPEL ............................................ 3

    II.     THE SECOND MOTION FOR SUMMARY JUDGMENT ........................... 4

    III.    THE RULE 56(d) MOTION ...................................................................... 6

    IV.    THE RULE 56(h) MOTION ...................................................................... 7

ARGUMENT ........................................................................................................... 7

    I.      THE MOTION IS AN UNTIMELY MOTION FOR
         RECONSIDERATION ............................................................................ 8

        1.     The Motion is an Untimely Request to Reconsider the Rule
             56(d) Motion ................................................................................. 9

        2.     The Motion Is an Untimely Request for Reconsideration of the
             Court's September 5, 2012 and March 26, 2014 Orders .................. 11

            (a)    There Is No Basis to Reconsider or Vacate the September
                    5, 2012 Order ........................................................ 12

            (b)    There Is No Basis to Reconsider or Vacate the March 26,
                    2014 Order ........................................................... 13

    II.     PLAINTIFF SHOULD BE SANCTIONED FOR FILING THE
         FRIVOLOUS RULE 56(H) MOTION ..................................................... 14

        1.     Plaintiff's Filing of the Rule 56(h) Motion is Cause for
             Sanctions in the Form of Fees and Costs ........................................ 15

            (a)    Plaintiff's Repetition of Its Discovery-Based Allegations is
                    Sanctionable ......................................................... 16

            (b)    Plaintiff's Facially Meritless Allegations of Collusion are
                    Sanctionable ......................................................... 17

            (c)    Plaintiff's Continued Use of the Fourth Fan Declaration is
                    Sanctionable ......................................................... 19

        2.     Plaintiff Should Be Required to Seek a Pre-Motion Conference
             Prior to Seeking any Further Relief from the Court ....................... 22

    CONCLUSION ....................................................................................... 24

then-newly filed Fourth Declaration of Dr. Jianqing Fan (the "Fourth Fan Declaration"). See Pl.'s Opposition to Summary Judgment, June 6, 2013, Dkt.219. Defendants promptly moved to strike the improper declaration, which was replete with attempts to rehash the same allegations that this Court had rejected not a year before.[4]

On June 17, 2013, during the pendency of Defendants' motion to strike the Fourth Fan Declaration, Plaintiff submitted a letter to this Court and the District Court indicating its intent to seek sanctions against Defendants for "spoliation and violation of express discovery [o]rders of this Court." See June 17, 2013 letter at 1. In that request, Plaintiff repeated its allegations of discovery misconduct—including those raised in the Motion to Compel and the Fourth Fan declaration. Id.[5] On March 26, 2014, the Court granted Defendants' motion to strike and its motion for sanctions, ordering that the Fourth Fan Declaration could not be used for any merits purposes, finding that its use to pursue sanctions for Plaintiff's alleged discovery misconduct was "grossly untimely," and requiring Plaintiff to resubmit its opposition to summary judgment without reference to the Fourth Fan Declaration. Advanced Analytics, Inc., v. Citigroup Glob. Mkts., Inc., 301 F.R.D. 31, 43 (S.D.N.Y. 2014), objections overruled, 301 F.R.D. 47 (S.D.N.Y. 2014).[6]

After Plaintiff filed a summary judgment opposition that removed the improper references to the stricken Fourth Fan Declaration, Defendants filed their reply in further support

---

[4] See, e.g., Fourth Fan Decl. ¶ 18 ("The code [ ] is withheld by Defendants in litigation, along with all production code for generating term structure rates in TYB-RCS"); ¶ 32 ("Dr. Radak testified . . . that he has no personal knowledge about what sequences Defendants actually used"); ¶ 34 ("Dr. Radak inserted code commands to create sequences with bogus dimensions, bogus path numbers and bogus seeds that permitted them to manufacture the sequences Defendants produced"); ¶ 34 ("Mr. Robert Russell . . . began adding ACE Theft Code on August 1, 1996").

[5] Ultimately, Plaintiff did not pursue its contemplated motion for sanctions.

[6] Plaintiff continues to owe the fees and costs assessed in connection with the March 26, 2014 Order.