# EXHIBIT G

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ADVANCED ANALYTICS, INC.,

       Plaintiff-Counter-Defendant-
       Appellant,

v.

CITIGROUP GLOBAL MARKETS, INC.,
ET AL.,

       Defendants-Counter-
       Claimants-Appellees.

Case No. 22-1718

## APPELLEES' OPPOSITION TO
## AAI'S (I) MOTION FOR RECORD ON APPEAL
## IN COMPLIANCE WITH THE FEDERAL RULES OF APPELLATE
## PROCEDURE AND LOCAL RULES AND (II) MOTION FOR SANCTIONS

# PRELIMINARY STATEMENT[1]

Dissatisfied with its two prior opportunities to respond to Appellees' request to commence merits briefing on this nearly-year-old appeal, Plaintiff-Appellant Advanced Analytics, Inc. ("AAI") now seeks a third bite at the apple in the form of its (I) Motion for Record on Appeal in Compliance with Fed. R. App. Pro. and Local Rules and (II) Motion for Sanctions [D.I. 105] ("AAI's Motion"). AAI's Motion is in fact nothing more than an unauthorized sur-reply in the guise of a purported new motion, and should be stricken, disregarded, or held in abeyance pending resolution of Appellees' fully briefed Motion.

Even if this Court were to reach the merits of AAI's Motion—and it should not—it lacks any basis in law or fact. To the best of Appellees' knowledge, there are no deficiencies in the appellate record. And even if there were, any duty to correct them would fall squarely on AAI, the appellant. *See* Appellees' Mot. at 11;

---

[1]    As used herein, "Appellees" refers to Defendants-Appellees Citigroup Global Market and the Yield Book, Inc. "Appellees' Motion" refers to Appellees' Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI [D.I. 73]. "Appellees' Reply" refers to Appellees' Reply in Further Support of Motion to Set Briefing Schedule And Require Leave of Court for Future Letter Filings by AAI [D.I. 90] and "Appellees' Supplemental Response" refers to Appellees' Response to AAI's Supplemental Opposition to [Appellees'] Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI [D.I. 98]. Unless quoted from AAI's correspondence or otherwise noted, docket citations to "ECF No." refer to the proceeding below, *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., et.al*, Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.). Citations to "[D.I.]" refer to the above-captioned appeal.

Fed. R. App. P. 11(a). The notion that Appellees should be compelled to revisit longstanding confidentiality designations as a result of AAI's appeal similarly attempts to foist a burden on Appellees without any legal basis. *See* Appellees' Supp. Resp. at 10 n.11. The confidentiality designations were properly made pursuant to the operative protective order, repeatedly upheld by the District Court, and AAI litigated the entire proceeding below—for nearly two decades—with them in place. *See* Appellees' Mot. at 11 n.7; Appellees' Supp. Resp. at 9–10.

Similarly deficient is AAI's request for unspecified sanctions. That request is entirely meritless, as it is premised on Appellees' alleged failure to undertake actions it has no obligation to perform and on AAI's disagreement with Appellees' arguments. In any event, even AAI acknowledges that its request in this regard is, at best, premature. *See* AAI Mot. at 4.

For these reasons and those set forth below, AAI's Motion should be rejected in its entirety.

## BACKGROUND

Appellees will not catalogue each of the errors in AAI's characterization of the relevant facts here; the over one hundred filings on the docket and Appellees' Motion amply set forth the relevant factual and procedural history. *See, e.g.*, Appellees' Mot. at 2–5. To the extent the "facts" presented in AAI's Motion concern Appellees' Motion and the relief requested therein, Appellees respectfully

3

refer to their prior submissions, which amply set out the relevant factual and procedural history. *See* Appellees' Mot. at 3–9, 12–13, 16–18; Appellees' Reply at 6–10; Appellees' Supp. Resp. at 5–11.

## ARGUMENT

I. **AAI's Motion Should Be Stricken, Disregarded, or Held in Abeyance Pending Resolution of Appellees' Motion.**

### A. *AAI's Motion should be stricken or disregarded as an unauthorized sur-reply.*

The Federal Rules provide parties with only one opportunity to respond to a motion. *See* Fed. R. App. P. 27(a)(3). The general rule is that sur-replies require leave of court. *See, e.g.*, *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005). Accordingly, the Court may strike or disregard sur-replies filed without permission. *See Doe v. Rhodes, et al.*, No. 17-03361 (2d Cir. Nov. 17, 2017), Dkt. No. 72 (granting in part motion to strike a "Supplemental Brief" as an unauthorized sur-reply); *Garvey v. Town of Clarkstown, N.Y.*, No. 18-00226 (2d Cir. Oct. 26, 2018), Dkt. No. 175 (striking appellant's multiple reply briefs due to noncompliance "with the Court's prescribed filing requirements"); *McGann v. U.S. Dep't of Just.*, 100 F.3d 943, 943 (2d Cir. Jan. 30, 1996) (unpublished) (finding no reason for the District Court to consider an unauthorized supplemental submission); *Kiewit Power Constrs. Co. v. Sec'y of Lab., U.S. Dep't of Lab.*, 959 F.3d 381, 393 (D.C. Cir. 2020) (noting sur-replies are generally disfavored and

denying motion for leave to add rebuttal arguments which sought, in effect, to file a sur-reply).[2]  Because AAI's Motion is a clear attempt to evade this limitation, the Court should strike or disregard it.

In substance, AAI's Motion is dedicated almost entirely to attempting to rebut the arguments raised in Appellees' Motion, Reply, and Supplemental Response.  *See, e.g.*, AAI Mot. at 6 (attempting to rebut statements in Appellees' Motion that AAI had requested to include unfiled emails in the joint appendix); *id.* at 11 (characterizing Appellees' Motion, Reply, and Supplemental Response as "misrepresent[ing]" Appellees' efforts to provide AAI with the purportedly missing filed documents).[3]  AAI did not request leave to file a sur-reply; nor did

---

[2]  *See also Adams v. Annucci*, 2023 WL 2664301, at *3 n.4 (S.D.N.Y. Mar. 28, 2023) ("Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." (cleaned up)); *Trombetta v. Novocin*, 2021 WL 6052198, at *13 (S.D.N.Y. Dec. 21, 2021) (granting motion to strike unauthorized sur-reply), *reconsideration denied*, 2022 WL 280986 (S.D.N.Y. Jan. 31, 2022); *Lawtone-Bowles v. U.S. Bank Nat'l Ass'n*, 2021 WL 1518329, at *1 n.3 (S.D.N.Y. Apr. 16, 2021) ("The Court need not consider a sur-reply [] where permission was neither sought nor granted."); *Bisesto v. Uher*, 2019 WL 2537452, at *2 (S.D.N.Y. June 20, 2019) (collecting cases declining to consider unauthorized sur-replies).

[3]  Following Appellees' Motion, AAI had two opportunities to address it: (i) in its Opposition to [Appellees'] Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI [D.I. 82] and (ii) in its court-ordered supplemental response (which AAI styled as its Supplemental Opposition to [Appellees'] Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings by AAI [D.I. 94]).  *See* Order Directing AAI to File a Supplemental Response [D.I. 85].

the Court authorize it to do so. Instead, over three months after Appellees filed their Motion and nearly two months after Appellees filed their Supplemental Response, AAI asserts additional counterarguments under the guise of a new motion. AAI admits as much by challenging the requests set forth in Appellees' Motion. *See* AAI Mot. at 23 ("The requests by [Appellees] [in their motion] clearly violate the Constitution and Fed.R.App.P and accordingly, the Court has no discretion to grant them."). The title of a filing does not change its substance—a fact AAI knows well from its prior use of this tactic in the proceedings below. *See Adv. Analytics, Inc. v. Citigroup Glob. Mkts. Inc.*, 2022 WL 2529281, at *4 (S.D.N.Y. July 7, 2022) (disregarding an AAI motion as an unauthorized sur-reply to the extent it sought to bolster arguments made in a prior AAI motion). Accordingly, this Court should strike or disregard AAI's Motion. *See Doe v. Rhodes, et al.*, No. 17-03361 (2d Cir. Nov. 17, 2017), Dkt. No. 72.

## B. In the alternative, a decision on AAI's Motion should be held in abeyance until the resolution of Appellees' Motion.

Should the Court be disinclined to strike or disregard AAI's Motion, Appellees alternatively request that the Court hold AAI's Motion in abeyance pending resolution of Appellees' Motion which, if granted, may moot the relief AAI requests. *See, e.g.*, Appellees' Mot. at 5–6 (requesting an order (a) deeming the "ready date" to have occurred and (b) setting a briefing schedule and deadline for AAI to submit a proposed joint appendix).

## II. In The Event The Court Decides To Address AAI's Record-Related Requests At This Time, They Should Be Denied.

AAI seeks a patently improper and highly unusual order that, as Appellees understand it, would require Appellees to:

1. (i) Confirm or object to the authenticity of hearing transcripts that are not reflected in the Electronic Case Index but are listed in AAI's Form D [D.I. 21];[4] (ii) identify the sealed court filings referenced in the Electronic Case Index; and (iii) provide the District Court Clerk and AAI with electronic copies of all pre-2018 sealed filings that were not provided to the District Court in 2021;[5]

2. Provide the District Court Clerk and AAI with electronic copies of all pre-2018 sealed filings not reflected in the Electronic Case Index;

3. Remove confidentiality designations from the documents Appellees previously provided to AAI and produce "narrowly-redacted" versions of sealed filings; and

4. "[C]ooperate with [AAI] to assist the [District Court] Clerk" in (i) adding the above-mentioned filings and transcripts to the district court docket, and (ii) forwarding a copy of the appellate record in

---

[4] AAI references the docket entry reflecting the Court's rejection of its Form D. *See* AAI Mot. at 2 (citing [D.I. 16] ("DEFECTIVE DOCUMENT, Form D, [D.I. 15], on behalf of Appellant Advanced Analytics, Inc., FILED.[3369530] [22-1718].")). Appellees assume that AAI is referring to the as-docketed version of its Form D. [D.I. 21].

[5] In January 2021, Chief Judge Swain's Chambers sent an email to the parties requesting that, in light of the COVID-19 pandemic, the parties provide electronic courtesy copies of certain documents. *See* Appellees' Reply at 8. After the parties responded, Chambers replied stating it would contact the parties if it required any additional documents. *Id.* To Appellees' knowledge, the District Court has never requested any additional documents. *Id.* In AAI's Motion, it characterizes the January 2021 email from Chief Judge Swain's Chambers as an "order." AAI Mot. at 5, 11, 13; s*ee also, e.g.*, AAI's Opp'n at 2, 5–6, 8, 21. As Appellees have explained previously, that characterization is incorrect. *See* Appellees' Reply at 8; Appellees' Ltr. to P. Toren dated Feb. 10, 2022 [D.I. 59-2, at 2].

> CD-ROM form with a "certified complete index" to the Second
> Circuit.

AAI Mot. at 2–3.  AAI's requests are procedurally improper and in any event
unnecessary.  To the extent the Court reaches this issue, it should deny AAI's
requests.

### A.  *AAI bears the burden of compiling the record.*

As the appellant, AAI has the duty to obtain the hearing transcripts and "do
whatever else is necessary to enable the clerk to assemble and forward the record."
Fed. R. App. P. 11(a); *see also Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir.
2000) ("Rule 10(b)(1) of the Federal Rules of Appellate Procedure imposes on the
appellant the duty to order trial transcript.").  Through the series of letters AAI has
filed on the docket and now this Motion, AAI continues to improperly attempt to
shift its duty to Appellees.

AAI's requests that Appellees confirm or object to the authenticity of
hearing transcripts, identify sealed court filings in the Electronic Case Index,
provide it and the District Court clerk with copies of sealed filings, and provide
purportedly missing documents, are not supported by any authority.  *See* AAI Mot.
at 2–3.  AAI cites a scattershot of Federal Rules and Second Circuit Local Rules,
but each of these rules are inapposite.  *Compare id.* at 21–22, *with* Appellees'
Reply at 4 & n.3.  The Federal Rules clearly state that the <u>appellant</u> has the duty to
order the transcript of proceedings and take steps to ensure that the district court

8

clerk can assemble and forward the record. *See* Fed. R. App. P. 10(b)(1), 11(a). The Federal Rules contain no analogous obligation for an appellee.[6]

Despite this, as previously described,[7] Appellees voluntarily furnished AAI with relevant documents in September and November 2022 as a professional courtesy. *See* Appellees' Mot. at 15. Notwithstanding AAI's protestations to the contrary, Appellees provided AAI with each of the filed documents AAI requested, to the extent that Appellees could decipher AAI's requests and locate such filings. Appellees' Supp. Resp. at 6 n.4.[8]

In contrast, AAI has not demonstrated any good faith attempts to obtain any purportedly missing documents. AAI has not explained whether it has even attempted to obtain the sealed filings from the District Court Clerk or the Second Circuit Clerk (or whether it has done anything to verify its supposition that the record transmitted by the District Court Clerk lacked sealed filings). Instead, AAI

---

[6]     Appellees note that AAI appears to have once again altered the list of transcripts it is purportedly asking Appellees to retrieve or confirm. *See* AAI Mot. at 7 (listing transcripts dated "3/1/06, 7/2/07, 8/2/07, 8/21/07, 10/1/07, 10/19/07, 12/11/07, 7/15/08"). With the exception of the 10/19/07 transcript, which AAI stated, "we already have," none of these transcripts were included in AAI's transcript order form. *See* Appellees' Supp. Resp. at 5; Transcript Order Form dated Aug. 22, 2022 (filed Nov. 2, 2022) [D.I. 43-2].

[7]     Appellees' Mot. at 5, 15; Appellees' Reply at 7; Appellees' Supp. Resp. at 6–9.

[8]     *See also* Appellees' Ltrs. to P. Toren dated Sept. 20 and Nov. 18, 2022 [D.I. 41-2, at 2–3; D.I. 45-2].

has made a series of evolving (or duplicative) requests to Appellees, and has refused to meet-and-confer when Appellees have sought clarification. *See* Appellees' Supp. Resp. at 5, 8–9. After months of refusing to cooperate with Appellees' good-faith, voluntary efforts to assist AAI, and almost a year of its own inaction, there is no basis for this Court to shift AAI's burden of ensuring that the record is complete to Appellees. *See* Appellees' Reply at 5–7; Appellees' Supp. Resp. at 8–10.

### B. AAI's requests are improperly directed to the Second Circuit.

To the extent that AAI claims the District Court record is incomplete or inaccurate (which Appellees do not believe to be true and which AAI takes no steps to demonstrate), the Federal Rules clearly provide that the District Court is the proper venue to resolve any such disputes. *See* Fed. R. App. P. 10(c), (e) (providing for District Court settlement or approval).

AAI acknowledges that its supposedly forthcoming Rule 10(c) or 10(e)(1) motion will need to be decided by the District Court, but claims that this Court should grant AAI's requested relief because doing so would "move the appeal along much faster and make it easier for the District Court to settle what has occurred in the District Court." AAI Mot. at 23.[9] If AAI wanted to seek relief

---

[9]     AAI also indicates that it intends to file a motion under Rule 10(b) in the District Court. But Rule 10(b) outlines a process for appellees—not appellants—to request an order directing an appellant to order additional parts of the transcript.

from the District Court, then it could and should have done so nearly a year ago. Despite representing to this Court that it intended to "move ASAP" for Rule 10 relief in the District Court on no fewer than six occasions over the last seven months,[10] AAI has not sought relief under Rule 10 in the District Court. *See* Appellees' Reply at 9; Appellees' Supp. Resp. at 6.

AAI also erroneously states that Rule 10 motions "need to be decided first by the District Court before any party may appeal to this Court." AAI Mot. at 25. AAI provides no support for this statement, and previously failed to provide any cogent response to the Court's express directive that AAI explain "why the scheduling of the appeal should be further delayed pending its filing of a motion in the district court under Federal Rule of Appellate Procedure 10." Order Directing AAI to File a Supplemental Response [D.I. 85]. *See also* Appellees' Supp. Resp. at 4–7. Nor could it have, given that adjudication of Federal Rule 10 motions is not a prerequisite to an appeal. *See, e.g.*, *Natofsky v. City of New York*, 2018 WL 741678, at *1 (S.D.N.Y. Jan. 23, 2018). Setting a briefing schedule in this nearly-year-old appeal, as Appellees requested in their Motion, would not prohibit AAI

---

[10]     *See, e.g.*, Ltrs. from P. Toren to Appellees dated Jan. 12, Apr. 5, and Apr. 24, 2023 [D.I. 53-1, at 4; 70-4, at 2; 82, at 29–30]; Ltr. from P. Toren to C. O'Hagan Wolfe dated Apr. 5, 2023 [D.I. 70-1, at 3]; AAI's Opp'n at 2; AAI's Supp. Opp'n at 2.

from seeking Rule 10 relief in the District Court, nor would it "deprive [AAI's] right to appeal."  AAI Mot. at 25.

### C. *AAI's requests that Appellees revisit existing confidentiality designations are improper.*

AAI has not provided any authority to support its proposition that the filing of an appeal necessitates revisiting confidentiality designations of documents from the proceedings below.  *See* AAI Mot. at 3, 26.  As argued at length in Appellees' Motion and related briefing, Appellees designated certain documents "confidential" or "highly confidential" during the pendency of the district court proceedings pursuant to the operative protective order.  *See* Appellees' Mot. at 11 n.7; Appellees' Reply at 8–9; Appellees' Supp. Resp. at 10 n.11.  Such designations were upheld by multiple subsequent court orders, and AAI litigated for nearly two decades in the proceedings below with them in place.  *See id.* Appellees are under no obligation to revisit those designations merely because an appeal has been filed.  *See id.*

## III.   AAI's Request for Unspecified Sanctions Should Be Denied.

AAI's request for unspecified sanctions against Appellees and their counsel fares no better.  *See* AAI Mot. at 26–29.  That request is neither supported by the law or the facts nor properly before the Court.

AAI's request for sanctions has no basis in law or fact.  AAI's conclusory characterization of Appellees' legal arguments as "misrepresentations" and

Appellees' Motion as "obstruction" does not make them so, and Appellees' submissions and the propriety of their arguments speak for themselves. AAI cites no legal authority to support its claim that Appellees and their counsel engaged in sanctionable conduct.[11] The reason for that is clear: no sanctionable conduct occurred.

AAI's characterization of Appellees' Motion as a "bad faith" attempt "to block the Record from the Court," "usurp the Court's power," and "deprive [AAI's] rights to appeal," and allegation that Appellees' requests are unconstitutional, are baseless. AAI Mot. at 23–25, 26. Appellees' Motion requested concrete relief for the purpose of ***moving the appeal forward***. *See* Appellees' Mot. at 2. A finding of bad faith requires that the actions taken are "motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (citation omitted). Appellees' motion was filed with the opposite motivation.

---

[11] AAI references "Federal Rules 27 and 30," AAI Mot. at 26, but those rules have nothing to do with sanctions, *see* Fed. R. App. P. 27 (rules for filing a motion); Fed. R. App. P. 30 (rules for the appendix). All but one of the cases cited by AAI are referenced in a transparent effort to bolster AAI's (incorrect) arguments in connection with Appellees' Motion. *See* AAI Mot. at 26–29 (attempting to re-argue points raised and distinguish authorities cited in Appellees' Motion). And the single new case cited by AAI, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), addresses the power of a Court of Appeals to vacate its own judgment upon proof it was defrauded, and has no bearing on AAI's request for sanctions.

Further, the supposed "misrepresentations" AAI attributes to Appellees are simply AAI's disagreements with, or misunderstanding of, Appellees' arguments. *See* AAI Mot. at 7–21, 28–29. For example:

- AAI claims that Appellees "Misrepresent[] the Deficient Index as the complete Appellate Record…" AAI Mot. at 7–10, 28. Not so. Appellees' understanding is that the District Court's practice is to deliver to the Circuit Court all documents constituting the record in the proceeding below, whether sealed or unsealed. *See* Appellees' Mot. at 11. AAI has provided no basis for its apparent claim that this has not occurred. And, as Appellees have explained to AAI repeatedly, neither the existence of sealed filings nor AAI's purported inability to identify documents on the Index [D.I. 6] are relevant to whether the record for this Court is complete or whether this appeal should proceed. *See* Appellees' Supp. Resp. at 5.

- AAI claims that Appellees improperly designated as "highly confidential" the documents they voluntarily provided to AAI in connection with this appeal. *See* AAI Mot. at 17–18, 26, 28. Not so. Appellees did not make any new designations when providing these documents, and have not "redesignated" anything. *See id.* at 26 (claiming Appellees "…redesignated [Highly Confidential] on the public

14

documents in their productions…").  Instead, Appellees reminded AAI

that the existing confidentiality designations pursuant to the operative

protective order continued to apply.  As Appellees have repeatedly

explained to AAI, the parties are bound by the protective order entered

by the District Court and there is no need, let alone any legal basis, to

require the parties or this Court to revisit prior confidentiality

designations, particularly at this stage of the appeal.  *See, e.g.*, Appellees'

Mot. at 11 n.7; Appellees' Reply at 9; Appellees' Supp. Resp. at 10 n.11.

These are far from the only errors in AAI's claimed "misrepresentations," none of

which are factually accurate nor a basis for the extreme relief AAI seeks.  *Compare*

AAI Mot. at 10–13, 28 (claiming Appellees misrepresent the contents of their

voluntary productions to AAI), *with, e.g.*, Appellees' Supp. Resp. at 6 (explaining

Appellees have voluntarily furnished AAI with each of the filed documents AAI

requested, to the extent such requests could be deciphered and such filings could

be located).  *Compare* AAI Mot. at 18–20, 28 (claiming Appellees misrepresent

the underlying procedural history), *with* Appellees' Reply at 11 n.11 (explaining

why AAI's interpretation of the procedural history is incorrect).  *See* AAI Mot. at

13–18, 28 (claiming Appellees "mischaracterize[e] [AAI's] requests" which, as the

record shows, have been far from clear, especially in light of AAI's refusal to

meet-and-confer); *id.* at 20–21, 29 (claiming Appellees have made "new

15

misrepresentations" which appear to consist principally of AAI's repeatedly rejected conspiracy theories regarding the proceeding below and AAI's disagreement with Appellees' position that a Rule 10(c) statement is unnecessary).

Sanctions are typically reserved for egregious conduct, such as using court filings to lodge unsupported allegations of criminal misconduct.  *See, e.g.*, *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 116–17 (2d Cir. 2000) (sanctioning attorney who "accused a federal judge and a fellow member of the bar of engaging in civil and criminal misconduct").  The record establishes that only one party has engaged in such conduct here, and it is not Appellees.  *See* AAI Opp'n, Ex. A [D.I. 82, at 40] (accusing Appellees and their counsel of "fraud" that "may raise the concern of violation of the code prohibiting obstruction of justice").  AAI appears to believe that any disagreement with its (erroneous) factual and legal positions must be a misrepresentation.  That is not the law, and AAI's request for sanctions should be denied.[12]

---

[12]    Like its prior filings, AAI's Motion also calls into question whether AAI's principal is acting as *de facto* counsel.  The confusing nature of AAI's Motion, as well as the numerous grammatical, syntax, and typographical errors it contains, give rise to this concern.  *See, e.g.*, AAI Mot. at 6 ("Defendants knew (a)-(d) requiring I(1)(2)(3) but feigned 'not understanding' [AAI's] requests I(1)(2)(3) explained in sixteen letters…"); *id.* at 15 n.31 ("Regarding Defendants' purported need to 'decipher AAI's intent', Requested Files was updated based on Defendants' .zip files of Sept. and Nov., 2022, listing what are needed for each entry in the docket. Defendants conceded that they needed not to 'decipher,' and their two salami .zipfiles produced nothing."); *id.* at 25 ("To schedule the appeal before the Record is filed, is to put the wagon before the horse.").  This is not the

AAI's request for sanctions also fails because AAI seeks no specific relief and expressly acknowledges that, even if the Court granted its Motion, its sanctions request would be premature. *See* AAI Mot. at 4 (requesting undefined "measures that the Court deems appropriate to sanction [Appellees]" and stating that the Court may hold AAI's sanctions request in abeyance until a later date); *see also id.* at 26–29. Thus, as AAI appears to agree, the Court need not reach AAI's request for sanctions.[13]

---

first time Appellees have noted this concern. *See, e.g.*, Appellees' Mot. at 17 n.9 (collecting examples from AAI's letters that give rise to Appellees' concerns); Appellees' Ltrs. to P. Toren dated Sept. 20, 2022 and Jan. 26, 2023 [D.I. 41-2, at 1 n.2; 57-2, at 5].

[13]     Much of the space AAI devotes to its request for sanctions is aimed at disputing the issues and authorities raised in Appellees' Motion. *See* AAI Mot. at 26–29 (responding to points raised in Appellees' Supplemental Response and attempting to distinguish authorities cited in Appellees' Motion). Like AAI's Motion generally, this attempt at a further opposition should not be permitted. *See* Section I (A), *supra.*

## CONCLUSION

For the foregoing reasons, the Court should strike, disregard, or hold AAI's

Motion in abeyance until the resolution of Appellees' Motion, or deny AAI's

Motion in its entirety.

Dated:   July 21, 2023
         New York, New York

Respectfully submitted,

*/s/ Thomas S. Kessler*
Christopher P. Moore
(cmoore@cgsh.com)
Jennifer Kennedy-Park
(jkpark@cgsh.com)
Thomas S. Kessler
(tkessler@cgsh.com)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000

*Attorneys for Defendants-Counter-*
*Claimants-Appellees*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2)(C) because:

    ☒    this brief 4,216 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒    this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.

*/s/ Thomas S. Kessler*
Thomas S. Kessler

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC., | |
|      Plaintiff-Counter-Defendant-Appellant, | Case No. 22-1718 |
| v. | CERTIFICATE OF SERVICE |
| CITIGROUP GLOBAL MARKETS, INC., ET AL., | |
|      Defendants-Counter-Claimants-Appellees. | |

I, Brendan Cyr, an attorney admitted to practice before this Court, and the Managing Attorney of the firm of Cleary Gottlieb Steen & Hamilton LLP, hereby certify that:

On the 21st day of July, 2023, Appellees' Opposition To AAI's (I) Motion for Record on Appeal in Compliance with the Federal Rules of Appellate Procedure and Local Rules and (II) Motion For Sanctions will be served by email, upon:

Peter Toren, Esq.
ptoren@petertoren.com

Dated: New York, New York
July 21, 2023

Brendan Cyr