# EXHIBIT H

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 22-1718 _____ Caption [use short title] _____

Motion for: EXTENSION OF TIME TO FILE BRIEF

AND BRIEF UNDER FED. R. APP.P. 26(b),  AND

LOCAL RULE 27.1(f), Local Rule 31.2(D)

Set forth below precise, complete statement of relief sought:

Plaintiff-Appellant requests an extension of time

 of 91-days to file its brief and appedix,

(i) pending SDNY's certification of Record completion

(ii) alternatively, pending SDNY's adjudication of

FRAP 10, 11(b)(2) Motion;  Or in alternative

post this Motion's adjudication without prejudice

Advanced Analytics, Inc. v. Citigroup Global Mark

MOVING PARTY: Advanced Analytics, Inc.                 OPPOSING PARTY: Citigroup Global Markets, et al.

- [✔] Plaintiff            [ ] Defendant
- [✔] Appellant/Petitioner [ ] Appellee/Respondent

MOVING ATTORNEY: Peter J. Toren          OPPOSING ATTORNEY: Jennifer Kennedy Park

[name of attorney, with firm, address, phone number and e-mail]

The Law Office of Peter J. Toren          Cleary Gottlieb Steen & Hamilton,

43 West 43rd Street, Suite 266, NYC, NY 10036   One Liberty Plaza, New York, N.Y.

646-623-4654, ptoren@petertoren.com        212 225 2357, jkpark@cgsh.com

Court- Judge/ Agency appealed from: Southern District of New York - The Honorable Laura J. Swain

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes  [ ] No (explain): _____

Opposing counsel's position  on motion:
[ ] Unopposed  [ ] Opposed [✔] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?        [ ] Yes [ ] No
Has this relief been previously sought in this court?   [ ] Yes [ ] No
Requested return date and explanation  of emergency: _____

_____
_____
_____
_____

Is oral argument on motion  requested?  [ ] Yes [✔] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [✔] No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Peter J. Toren _____ Date: September 29, 2023  Service by: [✔] CM/ECF  [ ] Other [Attach proof of service]

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC.,<br><br>Plaintiff-Counter-Defendant<br><br>Appellant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., ET AL.,<br><br>Defendants-Counter Claimants-<br>Appellees.<br><br>The AMERICAN PROSPECT, Brandon Smith,<br><br>Intervenors | Case No. **22-1718** |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

### PLAINTIFF'S  MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND APPENDIX PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 26(b) AND LOCAL RULE 27.1(f), 31.2(D)

---

Pursuant to Rules 26(b) and 27 of the Federal Rules of Appellate Procedure (the "Fed. R. App. P.") and Local Rules 27.1(f) and 31.2(D) of the Second Circuit (the "Local Rules" or "L.R."), Advanced Analytics, Inc. ("Plaintiff" or "Appellant") respectfully requests an extension of time to file its appeal brief and appendix, within 91 days of:

(i) the anticipated certification of the completion and filing of the Record in this Court by the Southern District of New York (the "SDNY") in compliance with Fed. R. App. P 10(a) and 11(b)(c) in this Court, pursuant to Local Rule 31.2(D); or,

(ii) the order of the SDNY adjudicating Plaintiff's "MOTION FOR THE RECORD ON APPEAL IN COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 10(a), 10(e)(1)(2)(A), (B), 11(b)(2)(A), AND 30(a)" (hereinafter referred to as "Plaintiff's Fed. R. App. P. 10(e), 11(b)(2) Motion."[1])

　　　　In light of the recent confirmation of the status of the record as maintained by Plaintiff, it is necessary for the Court to grant (i) or (ii) to ensure justice and fairness. Recognizing the Court's discretion in these matters, Plaintiff respectfully proposes a pragmatic alternative:

---

[1] (ECF. No. 503), supported by the Peter Toren Declaration dated September 27, 2027 (ECF. No. 503-1), Ex. A to Declaration of Peter, J. Toren. Citations to (ECF No.) refer to Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.), [D.I.] refer to this appeal.

(iii) adjudication of this Motion by the Court, without prejudice to Plaintiff being

able to renew requests and provide updates to the Court regarding the progress

of (i) and (ii) in the SDNY.

Without an extension, Plaintiff's opening brief and appendix would be due

on November 21, 2023, following the Court's August 22, 2023, Order (the "Aug.

22 Order"). Given that the Aug. 22 Order does not accurately reflect the Federal

Rules of Appellate Procedure, a requested extension is crucial to enable Plaintiff to

comply with the Court's Order and to prevent undue burden and confusion for the

Court.

### Factual and Procedural Background

In response to the Court's Aug. 22 Order and its subsequent certification to

the SDNY, Plaintiff promptly engaged in negotiations with the Defendants in an

attempt to reach an agreement, a process that stretched over a month in an attempt

to narrow that parties' differences pursuant to the Chief Judge's IRP. Plaintiff

provided a draft stipulation a day after Defendants requested. However, despite

their repeated assurances, Defendants failed to provide a substantial response for

over two weeks, as the filing deadline procured by Defendants quickly

approached.[2] Plaintiff filed a Fed. R. App. P. 10, 11(b)(2) Motion on September

---

[2]     See Exhibit 2 to Toren Declaration of September 27, the email chain.

27, 2023. Notably, only three days after this filing, on September 30, 2023, Defendants finally responded, agreeing to the core terms of the proposed stipulation.[3] If Defendants had responded more expeditiously, it would have saved the Court from being burdened with this motion.

In their emails, Defendants acknowledged viewing Plaintiff's FRAP 10 motion as a "threat."[4] Defendants strategy to impose a deadline for Plaintiff's brief prior to the SDNY's adjudication of the FRAP 10 Motion, appears designed to neutralize this perceived threat. This tactic provides insight into their delays and other actions. The Court should stay the current filing deadline so Plaintiff may have the record to which it is entitled under the FRAP.

Plaintiff provided Defendants with a proposed stipulation (Exhibit 1, Toren Decl. of Sept 27, 2023) as a foundational template, with the intention for both parties to collaboratively identify the missing court files from the docket and provide them to the Clerk. The proposed stipulation listed eleven missing documents identified by the example of only two sealed entries whose identities were revealed by the August 22 Order. More than 30 such sealed entries exist in

---

[3]     T. Kessler's email of September 30, 2023 to P. Toren, Ex. B to Peter Toren Declaration of September 30, 2027

[4]     T. Kessler's email to T. Toren of September 18, 2023, Ex.2 to Toren Decl of Sep 27, Ex. A.

the existing docket from before 2019 when Plaintiff's current counsel entered the case.

In response, although belatedly, the Defendants provided a Revised Stipulation. [5] Notably, in their response, they recognized and confirmed the absence of seven Missing Court Transcripts and four Missing Court Files, as initially listed by Plaintiff. These eleven Missing Transcripts and Missing Documents stand in direct contradiction to the provisions of Fed. R. App. P. 10(a)(1)(2)(3). Furthermore, the Defendants explicitly agreed that these missing items need to be included in the docket, to comply with Fed. R. App. P 10(a). Their exact wording is:

> "Defendants are willing to docket certain items, each reflected below, that do not currently appear to have corresponding ECF numbers."

This statement from the Defendants is an admission that the existing docket does not constitute the Record as defined by Fed. R. App. P. 10(a)(1)(2)(3), which is contrary to Defendants' persistent misrepresentations in their motions and oppositions. Thus, Defendants admit that it would violate the FRAP compel the Plaintiff to submit its brief and the appendix prior to the filing of the Record with the Court.

---

[5] Defendants baselessly designated their Revised Stipulation as "Confidential."

Given the Defendants' clear admission that the proper Record has not been filed, there exists no legitimate ground for them to contest this present Motion for an Extension. Notably, while the Defendants previously opposed staying the August 22 Order's deadline, Defendants' September 30 email suggests that they are changing their tune. Their Revised Stipulation [and Order] even suggested, "…Defendants' time to respond to Plaintiff's Rule 10(e) Motion is adjourned sine die pending the Court's consideration of this Stipulation …"

Only when the Defendants explicitly consent to adjourning the current deadline for the Plaintiff's brief and appendix *sine die*, can their proposal be considered feasible. While Plaintiff cannot consent to Defendants' attempts to use the deadline for an opening brief as a weapon to neutralize the "threat" of FRAP 10 motion, Plaintiff considers this a constructive step in compiling the Record. Regardless of the stipulation and order's final version by the SDNY, this development provides further grounds to grant this Motion for Extension. Regardless of its eventual outcome, it should pave the way for negotiation and facilitate SDNY's involvement.

Exhibit 1's template also lists eleven missing documents, as exemplified by the two sealed entries, revealed by the August 22 Order. There are over 30 sealed entries in the current docket preceding 2019, the year Plaintiff's current counsel joined the case. Defendants have yet to rebut Plaintiff's contentions regarding th

numerous Missing Court Files that Plaintiff does not have outlined in Plaintiff's

Fed. R. App. P. 10, 11(b)(2) Motion.

Plaintiff's anticipate that the SDNY will rule expeditiously Plaintiff's ending

motion in light of the Court's August 22, 2023 Orders that was certified to the

SDNY. Thus, this Court should provide time for the SDNY to resolve Plaintiff's

10(e) 11(b)(2) Motion, and ensure the Record's preparation and submission to the

Court.

Given the circumstances outlined, it is impossible for the Plaintiff to prepare

the appendix and the brief, and it is difficult for the case manager to perform her

responsibilities, given the current state of the docket sheet.[6]

Proceeding without an extension and enforcing a scheduling deadline in the

absence of the Record will not only severely prejudice the Plaintiff but  is also

against the fundamental principles of the FRAP. This undermines Plaintiff's due

process rights. Defendants' withholding critical documents and their recurrent

factual and legal misrepresentations further underscored the gravity of this.

While the Court added the modifier, "to the extent possible," to its Aug. 23

Order, it would still be impossible for Plaintiff to comply with it because the Order

also states: "Appellant's appendix must contain any documents relevant to its

---

[6] Ex. A, Toren Decl. ¶¶30-34.

appellate arguments, consistent with Federal Rule of Appellate Procedure 30(a);"
Because, <u>first</u> Plaintiff may not have the Missing Sealed Files I(1) and Missing
Court Files I(2), it cannot include them in the appendix. <u>Second</u>, even if Plaintiff
does have them, the case manager may reject the files for not complying with
FRAP 30(a), because these files are either not identified in a sealed entry or are
part of the Missing Court Files. See Toren Decl.of Ex. A,  ¶¶32-34.

Even if Plaintiff had the Missing Court Documents and they were not
rejected by the case manager, Defendants are poised to seek to strike them, which
would consequently impose an undue and complex burden on the merits panel.
Ensuring clarity and cohesiveness in addressing merits is paramount and should be
done after the SDNY rulings.

## I.    Legal bases for Extension

Plaintiff respectfully requests that the Court consider granting an extension
based on any one of the following grounds:

### 1. Fed. R. App. P. 26(b) "EXTENDING TIME":

"For good cause, the court may extend the time prescribed by these rules or
by its order to perform any act, or may permit an act to be done after that time
expires."

The circumstances outlined in this Motion for Extension clearly establish an extraordinary good cause warranting relief. It undisputed that the Record has not been filed. Defendants have extended this case for over 18 years with fraudulent and misleading conduct. It also involves a voluminous record. Enforcing a scheduling deadline without the record would impose extreme hardship and injustice on the Plaintiff.

### 2. L.R. 31.2(D) Request for a Later Deadline:

• The undisputed fact remains that the Record has yet to be filed. This case has spanned a staggering 18 years, largely due to Defendants' continuous layers of fraud, resulting in a voluminous record. The standard of review for summary judgment is de novo, and the Court and the parties are entitled to access the complete record, not merely a selection of rulings.

• Absent the sought-after extension, enforcing a scheduling deadline without the Record in place will invariably lead to extreme hardship and manifest injustice.

### 3. Local Rule 27.1 Motions (f) Motion to Extend the Time to File a Brief.

### The Extraordinary Circumstances:

This case exemplifies the most extraordinary circumstances, underscored by its technical complexity and a long-standing history spanning 18 years. As outlined

by the Plaintiff FRAP 10(e), 11(b)(2) Motion, the following key points demonstrate the most extraordinary circumstances of the situation,

**(1)** The new counsel for Plaintiff, and even the Clerk of the SDNY do not have access to the Record, which is solely in the possession of Defendants. Additionally, more than 40 entries in the Deficient Record have been sealed by Defendants, including 30 entries that were sealed prior to Plaintiff's counsel entering the case, rendering the necessary information inaccessible to the Court as well. *See* Toren Decl. Ex.A.

**(2)** Withholding of Information: Collins, in collusion with Defendants, has withheld pertinent records and correspondences, limiting Plaintiff's access to essential case details.[7]

**(3)** To block Plaintiff's principal's help to its counsel in preparing the brief and appendix, Defendants blanketed all documents as "Highly Confidential" in their zip files productions and have refused to produce any redactions as required.[8]

**(4) Defendants' Misrepresentations and obstruction to Plaintiff's efforts to get the Record**. The August 22 Order has revealed Defendants' Misrepresentations and confirmed the absence of crucial court documents, further

---

[7] See Kessler's email dated September 18, 2023, Ex. A.

[8] Plaintiff's 10(e) 11(b)(2) Motion, §D, p.11.

complicating the Plaintiff's efforts to prepare the appendix and the brief in compliance with Fed. R. App. P. 30(a).

Certain facts have now emerged as unequivocal and uncontested based on the Court's Orders of May 5, 2023, and the subsequent briefings, coupled with the August 22, 2023 Order, These revelations highlight Defendants' misrepresentations to the Court, as elaborated below.[9]

**A. Not only has the Appellate Record not been filed in the Court,[10] neither has the Deficient Record been filed in the Court.[11]**

It is undisputed that the full Record, vital for appellate review, hasn't been filed. Forcing the Plaintiff to proceed without this is inherently prejudicial and undermines the appellate process.

Even if the missing files were in the sealed entries, instead of missing completely from the docket (like so many files that are listed in 10(e) Motion), and even if Plaintiff had the files, the case manager would reject them as she just advised Plaintiff. that she will reject the files from the appendix, because she, like Plaintiff and the Court, has no access to the sealed entries. In addition, Plaintiff

_____

[9] As indicated by Plaintiff in its FRAP 10(e), 11(b)(2) Motion, pp. 5-10.

[10] Plaintiff FRAP 10(e), 11(b)(2) Motion, §§ A-C. pp.5-10.

[11] The Clerk of the Second Circuit has confirmed that. Ex. A, Toren Decl. ¶¶30-34.

11

cannot litigate for the voluminous missing record for the 18 years while simultaneously preparing for the brief within the extremely short time window.

### B. Defendants' obstruction for the Court to get the Record.

Highlighting Defendants now exposed misrepresentations, the Court's August 22 Order questions: "[Defendants] have not explained why they do not have copies of those documents or have not provided copies of any missing documents to [Plaintiff]."

To this day, Defendants have not responded to Plaintiff's repeated questioning over the last three weeks regarding this question, including in their September 30 email. Defendants have all the court files, including the sealed or missing court documents, but they provided this information to the Court. In particular, Defendants sealed document 119 but have never corrected their error for the Court.

That burdened the Court with hard copies of documents 119, 246 that were received from the SDNY. Now the Court had identified the identity of document 246 and confirmed that ECF No. 246 does not contain the four sets of court papers relating to the MSJ of April 23, 2014,[12] which are all part of the Missing Court Files, not even in the Deficient Docket.

---

[12] As listed in Plaintiff's letter to Defendants dated Nov. 2, 2022, D.I. 43-1, pg. 4.

Defendants' feigned challenges in "locating" the files requested by Plaintiff, even though Plaintiff indicated on ten separate occasions that all these files are attachments to Defendants' emails with Collins.

**C. Defendants obstructed Plaintiff's attempts to retrieve its case files**, which include the emails, from Collins, but misrepresented: "Plaintiff requests to include unfiled emails into the appendix."

Due to Defendants' and Collins' obstructions, Plaintiff must rely on Defendants to provide it with the identities of the sealed entries, and the Missing Sealed Files nor Missing Court Files before 2019 when its current counsel entered the case.

Consequently, Plaintiff cannot prepare a thorough appeal brief or include the missing files it does not possess in the appendix, as directed by August 22 Order, until the SDNY grants Plaintiff's FRAP 10(e) Motion.

**(4)** Defendants' Refusal to produce the Missing Court Files only they have made it impossible for Plaintiff to comply with the August 22 Order to include the essential files in the Appendix. Defendants have obstructed all the Plaintiff's efforts to get the Record. Although they had just belatedly yesterday essentially consented to the stipulation after weeks of delay, their sealed Revised Stipulation continuously attempted to neutralize the "threat," to obstruct Plaintiff' Motion

13

under FRAP 10(e), 11(b)(2), thereby prejudicing the Plaintiff by forcing the appendix while withholding the record.

**(5)** Without the requested extension to allow the SDNY to approve the stipulation and provide the relief sought in Plaintiff's Motion under FRAP 10(e), 11(b)(2), Plaintiff would be forced into a position where it must submit its brief and appendix. This would significantly infringe upon Plaintiff's rights under Fed. R. App. P. Rules 10(a)(e), 11.1(a), 11(b)(2), 30(a)(1), 30(b), 31(a)(1), 32(a)(b), and 27(a)(2)(B), as well as L.R. 25.1(b)(3), L.R. 25.1(e), and L.R. 25.2(h), L.R. 32.1.[13] Defendants are hiding the obvious pragmatic fact: the deadline for filing the opening brief and appendix must be AFTER not BEFORE the SDNY adjudicating Plaintiff's 10(e), 11(b)(2).

**(6)** Unparalleled Complexity and Length of the Case

---

[13]   See Plaintiff's Opp. of April 24, 2023 [D.I.82, p.15, p.19 ] and Supp. Opp of May 15, 2023 [D.I., pp. ]  In contrast to all these laws, Defendants could only rely on their mischaracterization of Plaintiff's position, and in one case, _Natofsky v. City of New York_, 2018 WL 741678, at *1 (S.D.N.Y. Jan. 23, 2018) They confused the two questions:  a) Can the schedule of the brief and appendix be imposed on an appellant BEFORE the Record is filed? b) Can a FRAP 10 motion be filed AFTER the schedule of the brief and appendix? The law is clear — the answer to (a) is NO, and the answer to (b) is YES, allowing the filing of motions to supplement the record. Both these answers uphold the appellant and the Court's rights to the Record. Unfortunately, the Defendants have misinterpreted the YES answer to (b) as applicable to (a). See Plaintiff's FRAP 10(e), 11(b)(2) Motion.

This case is characterized by its extensive duration of 18 years, marked by over 40 sealed entries, numerous court hearings and transcripts, and a wealth of open docket entries that is ten times longer than the appellant in *Natofsky v. City of New York*, 2018 WL 741678, at *1 (S.D.N.Y. Jan. 23, 2018) relied by Defendants' Opposition of July 21, 2023. The sheer volume and intricacy of the case documents eclipse the simplicity of *Natofsky*, a case which, in contrast, had only 60 entries and lasted a mere 3 years. The comparison between the two cases illuminates the unparalleled complexity and challenges that the Plaintiff faces in the current litigation.

(**7**) Defendants' mischaracterization of the case law *Natofsky*

*Natofsky* revolved around the inclusion of material not previously presented to the lower court, with a complete and uncontested record at its core. *Natofsky* picked 91 days for the briefing schedule from the read date and obtained 45 days of extension from that. In stark contrast, the current case is laden with sealed and missing documents, and an extensive and intricate litigation history. It is undisputedly that the "ready date" has not arrived. Plaintiff's requests for "extension" only request the Court to grant its normal 91-day schedule from the date when the Record is to be filed, pursuant to the L.R. 31.2(D).

(**8**) The current schedule necessitates Plaintiff to simultaneously litigate over missing documents and preparation of the brief, which is untenable and extremely

prejudicial to Plaintiff. It is in the spirit of justice and equity that the Court is implored to consider the extraordinary disparity in resources between the parties. Plaintiff is a small entrepreneur created revolutionary technology but has limited resources due to Defendants thievery, and is represented by a sole practitioner.

Defendants, a behemoth who have stolen the most valuable trade secret from Plaintiff, boast unlimited resources, creating a David vs. Goliath dynamic. In light of these extraordinary circumstances alone, granting the requested extension would ensure that the scales of justice remain balanced and that both parties have a fair opportunity to present their cases.

## II. Prior Motions:

Pursuant to Local Rule 27.1(f)(2), Plaintiff represents that the August 22 Order is the first schedule deadline set for the opening brief and appendix. Plaintiff has not sought an extension of time for a deadline in this Court, and there has been no court order stating that no further extensions would be allowed.

## III. Time to File:

Plaintiff has acted promptly, in line with the requirements of Local Rule 27.1(f)(3). This motion was filed immediately after Plaintiff received Defendants' belated response, underlining the timely action taken upon realizing the unique circumstances – particularly the status of the existing sealed docket, the vast number of missing documents, the case manager's advice regarding the feasibility

16

of compliance, and all the elements needed for this Motion to the Court. Toren Decl of Sep 27, 2023, ¶¶23-34.

From the August 22 Order, Plaintiff initially believed that this Court had the necessary sealed documents. This assumption, which was later refuted, was based on the Court's access to sealed entries 119 and 246.

Pursuant to Fed.R.App.P.1(a)(2) and CJ Swain's IRP, before filing the motions under Fed.R.App.P.10(e), 11(b)(2), Plaintiff must use its best efforts to get Defendants' responses on a stipulation under Fed.R.App.P.10(e)(2)(A). Plaintiff actively engaged in negotiations with the Defendants. Plaintiff's FRAP 10(e), 11(b)(2) motion was delayed by Defendants' dilatory tactics over a month. Their "prompt" and "expeditious" response they had assured did not materialize until three days after Plaintiff had filed its FRAP 10(e), 11(b)(2) motion. A mere day after receiving this overdue response from the Defendants, Plaintiff proceeded with filing its Motion for Extension.

## CONCLUSION

In light of the aforementioned complexities, and the essential need to uphold due process rights, and the Fed. R. App. P., combined with the conflicting directives of the Aug. 22 Order and the Fed. R. App. P., Therefore, the requested extension is imperative. Without the extension, Plaintiff's compliance becomes

untenable. This requested extension is not just a procedural step, but a critical component for ensuring a fair judicial process.

For the reasons set forth above, Plaintiff respectfully requests the Court to grant Plaintiff's Motion for Extension in its entirety.

Dated:  September 30, 2023
        New York, New York

                    Respectfully submitted,

                  /s/PeterJ.Toren
                  The Law Office of Peter J. Toren,
                  43 West 43rd Street, Suite 266,
                  New York, N.Y. 10036-7424,
                  ptoren@petertoren.com,
                  (646) 623-4654.

                  *Attorneys for Plaintiff-Appellant*
                  *Advanced Analytics, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) (A) because it contains 3632 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Office Word in 14-point Times New Roman.

*/s/ Peter J Toren*

Peter J. Toren

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

---

ADVANCED ANALYTICS, INC.,

        *Plaintiff-Counter-Defendant Appellant,*

   v.

CITIGROUP GLOBAL MARKETS, INC,
*ET AL.,*

        *Defendant-Counter-Claimants-Appellees.*

The AMERICAN PROSPECT,
Brandon Smith,

        *Intervenors*

Case No. 22-1718

---

## DECLARATION OF PETER J. TOREN IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND APPENDIX PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 26(b) AND LOCAL RULE 27.1(f), 31.2(D

    I, Peter J. Toren, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

    1.  I am a member of the bar of this Court and a shareholder of the

       Law Office of Peter J. Toren, counsel for Advanced Analytics, Inc.

1

("Plaintiff," "Appellant") in the above-captioned matter. I respectfully submit this declaration in support of <u>PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND APPENDIX PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 26(b) AND LOCAL RULE 27.1(f), 31.2(D</u> ("Plaintiff's Motion").

2. Attached hereto as Exhibits A is a true and correct copy of the following documents: PLAINTIFF'S NOTICE OF MOTION FOR THE RECORD ON APPEAL IN COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 10(a). 10(e)(1)(2)(A), (B), 11(b)(2)(A), AND 30(a); (ECF No.503), and the supporting DECLARATION OF PETER J. TOREN (ECF No. 503-1) in the Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.), filed by the undersigned Affiant, which is referenced in Plaintiff's Motion, with its Ex.1 and Ex.2 attached herein. These documents are reproduced here by incorporation from Docket.

3. Attached hereto as Exhibit B is a true and correct copy of the email I received from Defendants' attorney, Mr. Thomas Kessler, at 3:09 P.M. on Saturday, September 30, 2023. Attached to Mr. Kessler's

email is a  revised draft of the Stipulation I sent to Defendants 13

days ago.

Dated: September 30, 2023

/s/ Peter J. Toren

Law Office of Peter J. Toren
43 West 43rd Street, Suite 266
New York, N.Y. 10036-7424
(646) 623-4654
(ptoren@ptoren@petertoren.com)

*Attorney for Plaintiff-Appellant
Advanced Analytics, Inc.*

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.,

        *Plaintiff-Counter-Defendant*
        *Appellant,*

     v.

CITIGROUP GLOBAL MARKETS, INC,
ET AL.,

        *Defendant-Counter-Claimants-*
        *Appellees.*

The AMERICAN PROSPECT, AND,
BRANDON SMITH,

        *Intervenors*

04 Civ 3531(LTS)(SLC)

**DECLARATION OF PETER J. TOREN IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECORD ON APPEAL
IN COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 10(a),
10(e)(1)(2)(a)(b), AND 11(b)(2)**

    I, Peter J. Toren, declare under penalty of perjury pursuant to 28 U.S.C. § 1746,

as follows:

    1.   I am a member of both the bar of this Court and the bar of the United States

       District Court for the Southern District of New York (the "SDNY"), and

       counsel for Advanced Analytics, Inc. ("Plaintiff", "Appellant") in the above

       captioned matter. I respectfully submit this declaration in support of Plaintiff's

       motion for extension (the "Motion for Extension").

1

2. I entered the case only in 2019, 15 years after it was filed in the Southern District Court (*AAI v. Citigroup Global Markets, et al*, 04 Civ. 03531) as counsel for Plaintiff.

3. When I entered the case in 2019 as counsel for Plaintiff in the matter, I requested several times that Plaintiff's former lead counsel, Mr. Todd S Collins ("Collins"), provide me with all case files, especially the court documents and email communications with Defendants. However, Collins failed to produce many court files without email communications with Defendants. In contrast, Collins produced many emails from other Plaintiff's former counsel back to 2004.

4. Defendants improperly sealed all substantive motions filed <u>by the parties </u>as "Highly Confidential" which prevents Plaintiff's principal and the public from accessing them. There are more than 40 sealed entries in the docket sheet, more than 30 of which were filed before 2018, and which only display:

     "SEALED DOCUMENT placed in vault."

5. Thus, there is no indication of the identity of the documents, or the identity of the filing party. For most of the documents they sealed, Defendants also did not provide properly redacted versions in compliance with Court's Individual Rules of Practice 5(b)(ii), the controlling authorities of the Second Circuit, and the Local Rules 25.1 and 25.2 of the Second Circuit.

6. Most of the letters, mostly letter motions filed by the parties in the SDNY between 2004 and 2018 were sent by fax or hand-delivered and were <u>not </u>filed in the ECF system and are missing from the docket sheet.

7. Defendants and Collins agreed to serve files by email. Therefore, all the sealed documents are attachments to the contemporaneous email communications of

between Collins and Defendants. Without having access to the email communications, it is very difficult for me to distinguish--from the <u>single</u> disorganized folder of many types of files produced to me by Collins--between the filed court documents and Collins' work product. It seems very unlikely that this is how Collins kept the files.

8. In addition, Collins withheld many case files from me, including all his email communications with Defendants, which is, as alleged, when his collusion with Defendants began. In contrast, Collins produced all emails prior to 2012, including the email communications of prior former counsel of Plaintiff's starting in 2004. Collins offered to send me hard -copies of printouts of these electronic files that he produced but are of little use to me.

9. Shortly after I entered the case to represent Plaintiff, I requested that Collins provide me with all his case files regarding this litigation, specifically all email correspondences with Defendants. In response, Collins provided only emails between <u>other former attorneys of</u> Plaintiff and Defendants' attorneys between 2004 and 2007; and certain correspondence (mostly letters) between Dr. Wang and Defense counsel.

10. Most glaringly, Collins did not provide me <u>with any</u> emails between him and Defendants for the entire time, that is, the ten years he represented Plaintiff. All his email correspondence after 2012 is missing, which was the approximate time when his collusion with Defendants allegedly started, except for a single email between him and Dr. Wang, which was designed to deceive Dr. Wang. Further, the inventory references 11 boxes, however, box 10 is missing.

11. It appears to me that only Collins and Defendants have possession of their email communications containing the missing court files as attachments. Soon after the alleged collusion started in 2012, Collins, as the lead counsel, inexplicably removed numerous other attorneys from Berger and Montague P.C. involvement in this case (despite that additional attorneys were needed to present the direct evidence that Plaintiff's experts just discovered of ACE verbatim use by The Yield Book and that Defendants spoliated and fabricated sequence development and testing record.). I have personally examined the emails sent by Collins to Dr. Xiaolu Wang, e.g., cited in ¶22 of the Eighth Declaration of Xiaolu Wang [D.I. 53-3]. Other lawyers from Berger and Montague no longer appeared in court filings and email communications by Collins. In addition, Plaintiff's former co-counsel Storch, Amini and Munves LLC let Collins' firm to be the exclusive custodian of these case files. Their email addresses ending with "samlegal.com" are no longer valid. They have apparently dissolved.

12. I believe that the email communications are Plaintiff's property when Collins represented purportedly on behalf of Plaintiff. Previously, Defendants opposed Plaintiff's requests to compel Collins to produce the email communications when Collins purportedly represented Plaintiff, on the basis that the collusion allegations were "without merits" and "the discovery period in this matter closed years ago." During the appeal, I often requested Defendants' lead counsel, who has personal knowledge about their email communications, to respond. But no response has been provided and Defendants have avoided the issue by misinterpreting Plaintiff's requests for retrieving Plaintiff's property in Collins's possession as seeking "Defense

counsel' emails" or "for inclusion of the email communications into record and/or appendix."

13. As a result, Plaintiff does not know the identities of all the sealed entries in the docket and does not have essential court files that are missing from the pre-2018 docket. This explains the extraordinary circumstance for Plaintiff, with which the Second Court is not familiar.

14. The Court's Order of August 22, 2023, stated in pertinent part:

"The parties dispute the contents of documents 119 and 246 from the district court docket, but do not explain why each party does not already have copies of those documents or why they have not provided copies of any missing documents to each other."

15. The Second Circuit's Order's finding is accurate with regard to Defendants, who have avoided Plaintiff's numerous requests for court documents and information, including in sixteen letters by Defendants' count, in addition to the two motions filed with the Second Circuit, in which Plaintiff raised these issues with Defendant. Defendants have never denied having electronic copies of all the missing documents and knowledge of the identities of the seal documents, but instead have avoided Plaintiff's requests. Thus, there is little question that Defendants have access to these documents and know the identity of the sealed documents. In addition, Defendants have never explained why they have not provided copies of any missing documents to Plaintiff. Mr. Kessler's email of September 15, 2023, to me admitted that Defendants considered Plaintiff's motion under Fed. R. App. P 10 as "a threat," which is the only explanation I have received from Defendants for their actions: blocking the record be provided to Plaintiff and this Court, which are essential to allow the Court to decide the appeal on merits.

16.  Despite these extraordinary circumstances, Defendants have not cooperated with Plaintiff to provide Plaintiff with the missing documents. Thus, Plaintiff has been placed in a position to have to file the appendix and brief with a record that missing essential court documents.

17.  The Second Court's Order of August 22, 2023, further held: "In any event, this Court has reviewed those documents: document 119 is Appellees' opposition to Appellant's objections to a 2009 magistrate judge report and recommendation, and document 246 is Appellant's opposition to Appellees' request for expenses."

18.  Plaintiff's requested Defendants—16 letters in eight months by Defendants' count-- to authenticate and stipulate that the hearing transcripts were missing from the docket (the "Missing Court Transcripts") and should be included in the docket. Defendants have not responded about the status of any of them, and provided no response to even one of the transcripts, the August 15, 2007, until Defendants filed their  Motion for Relief on April 6, 2023 [D.I. 73] that misstated that document 119 was "Appellant's objections to a 2009 magistrate judge report and recommendation" and that document 119 already contains the August 15, 2007 transcripts, which apparently was intended to support Defendants' misrepresentation that the record were "complete." The Second Circuit Order confirmed that these statements are false. Defendants sealed document 119, but they never corrected this error for the Court. There appear to be at least seven court hearing transcripts that are missing from the Docket.

19.  Without knowing the identities of the Sealed Court Documents I(1), Plaintiff cannot even know the identities of the Missing Court Documents I(2), not only it may not have them. See Plaintiff's 7/11/2023 Motion at p.5,11, [D.I. 105].

6

20. In contrast, Defendants have all the (unprivileged) sealed entries, because they received the documents that were attached to the emails, received from Collins prior to 2018.

21. Plaintiff's also requested Defendants more than 16 times to identify just one sealed entry, the contents of ECF 246, but Defendants have never responded. The answer would have revealed that the four sets of papers relating to the 2014 MJS are part of the Missing Court Documents.

22. The identification of this ECF 246 by the Order confirmed that the four sets of the 2014 MSJ papers are also missing from the docket. These documents had all been filed with MJ Pitman, who considered and adjudicated them in the Order of May 7, 2014 (ECF No. 247)[1] and are also part of Missing Court Documents, covered by I(2) in Plaintiff's Motion of July 11, 2023.[2]

23. In light of the Court's order of August 22, 2023, I have contacted Clerk of the Second Court to request copies of these sealed documents 119 and 246. Because the Second Circuit reviewed these sealed documents, before deciding the proper course

---

[1] This Order since has been superseded, clarified and modified by the Order of June 5, 2014, which denied Defendants' renewed motion to strike Plaintiff's Undisputed Facts of May 28, 2014, Under Local Rule 56.1 of June 1, 2014, which held that the factual material in the Fan 4th Declarations are admissible for support of Plaintiff's opposition to Defendants' MSJ, including 56.1 Statement.

[2] P. Toren's Letter to J. Park dated Nov. 2, 2022, at 4, [D.I. 43-1]
"The missing court files from the 2013 MSJ include:
● Plaintiff's Revised Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, April 25, 2014.
● Plaintiff's Revised Response to Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, April 25, 2014
● The subsequent briefs of April 29, 2014, filed by Defendants to strike Plaintiff's opposition papers of April 25, 2014, and Plaintiff's opposition letter of May 5, 2014"

of actions, I must find out if my understanding as outlined in the July 11, 2023,
Motion [D.I 105, pp.7-9] are accurate, and I needed to inquire if Second Circuit also
had somehow access to other sealed documents in electronic form unbeknownst to me
and not revealed by the dockets in the SDNY and the Second Circuit, and, perhaps
the Second Circuit may permit Plaintiff to copy them.

24. I asked the Clerk of the Second Circuit what has been filed with the Second Circuit
by the SDNY, I have been told that the Appellate Record had not been filed in the
Second Circuit, as indicated on both the Second Circuit and SDNY docket and none
of the Clerk could access the sealed entries. This confirmed my understanding as
outlined in the July 11, 2023, Motion [D.I 105, pp.7-9].

25. In particular, I spoke with Mr. Richard Alcantara of the Record Department of
Second Circuit. He confirmed to me that the SDNY has only filed the index of the
docket with Second Circuit ("Deficient Index") [D.I.6-2], except for the original hard
copies of ECF Nos. 119 and 246, that were sent through an "internal transfer" either
in late July, or early August 2023, at the direction of the Second Circuit. In other
words, even the Deficient Record has not been filed with the Appellate Court.

26. It is my understanding that the Second Circuit may direct the SDNY to transfer files
to the Second Circuit. Nonetheless, Mr. Alcantara confirmed that the Second Circuit
does not have access to the sealed entries in the docket index, unless the sealed files
have been physically transferred to Second Circuit, which has not been done.

27. Further, the Clerk confirmed that even after the transfer, they would still not have
access to the text searchable electronic form of the sealed records, and it is infeasible
for all the sealed records to be shipped to the Second Circuit. Regardless, this would

be of little use to the Second Circuit or to Plaintiff because the Court would still not

be able to make physical copies of all of them for Plaintiff even should the Court

permit.

28.  Therefore, again, Plaintiff may not receive from the Clerk of Second Circuit, the

sealed court files that the Second Court does not have ("Missing Sealed Files" I(1)),

let alone the court files that are entirely missing from the docket ("Missing Court

Files" I(2)).

29. A more serious problem is that neither Plaintiff, nor the SDNY, nor the Second

Circuit have access to the Missing Court Files I(2). Only Defendants /Defense

counsel have them. As the Second Circuit correctly found, Defendants have refused

to produce them, and as a result, Plaintiff may not have the essential Missing Sealed

Files I(1) and Missing Court Files I(2).

30.  The August 22, 2023, Order set forth "[t]o the extent possible, Appellant's appendix

must contain any documents relevant to its appellate arguments, consistent with Federal

Rule of Appellate Procedure 30(a); any outstanding issues concerning the record must

be raised in the parties' briefs, which will be addressed by the merits panel."

31.  It will be impossible for Plaintiff to include the missing court documents relevant to its

appellate arguments that it does not have, to comply with the August 22, 2023, Order.

If Plaintiff were to raise the issues in its brief, the Second Circuit would not and could

not properly address the issues because the Court also does not have the documents

either, which would mean that the Court would only hear from a one-sided story from

the Defendants, because Defendants have all the Missing Sealed Files I(1) and Missing

Court Files I(2).

32.  Therefore, while the Court added the modifier, "to the extent possible," it will be impossible for Plaintiff to comply with this Order: "Appellant's appendix must contain any documents relevant to its appellate arguments, consistent with Federal Rule of Appellate Procedure 30(a);" Because, <u>first</u> Plaintiff may not have the Missing Sealed Files I(1) and Missing Court Files I(2), and cannot include them in the appendix. <u>Second</u>, even if Plaintiff did have them, the case manager may reject the files as not complying with FRAP 30(a), because these files are either not identified in a sealed entry or are part of the Missing Court Files, including the four sets of the 2014 MSJ papers which are completely omitted from the docket.

33. On September 12 and 20, 2023, I spoke with the case manager, Ms. Evelyn Cruz, who stated that she will need to check the appendix to ensure that all the documents are in the docket, i.e., the Deficient Record. She stated that she would reject the court files from the appendix that are not contained therein. She also confirmed that she has no access to the sealed entries not sent to Second Circuit. Therefore, given the current state of the docket and the missing court documents it does not have, it will not only be nearly impossible for the Plaintiff to prepare the appendix and the brief consistent with Federal Rule of Appellate Procedure 30(a), but it will also be difficult for the case manager to fulfill her responsibilities.

34. On September 20, 2023, the case manager advised Plaintiff to file a Rule 10(e) motion with the Southern District of New York seeking to include the missing files in the docket.

35. Attached hereto as Exhibits are true and correct copies of the following documents, which are referenced in the Motion:

| Ex. 1 | The proposed stipulation draft sent to Defendants per discussions in emails between September 12 to14, 2023. |
| Ex. 2 | Email chain between P. Toren and T. Kessler from August 7, 2023 up to September 26, 2023. |

Dated: September 27, 2023

Atlanta, Georgia.


/s/

The Law Office of Peter J. Toren
43 West 43rd Street, Suite 266,
New York, N.Y. 10036-7424,
ptoren@petertoren.com,
(646) 623-4654.


*Attorneys for Plaintiff-Appellant*
*Advanced Analytics, Inc.*

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADVANCED ANALYTICS, INC.,

    Plaintiff,

     -against-

CITIGROUP GLOBAL MARKETS, INC.
f/k/a SALOMON SMITH BARNEY, INC.,
and THE YIELD BOOK INC., f/k/a
SALOMON ANALYTICS, INC.,

    Defendants.

The AMERICAN PROSPECT, Brandon
Smith,

    Intervenors

No. 04 Civ. 3531 (LTS) (SLC)

**STIPULATION AND [PROPOSED] ORDER**

    Advanced Analytics, *Inc*. ("Plaintiff," or "Appellant"), by its attorney, Peter J.

Toren, and Citigroup Global Markets, Inc. and The Yield Book, Inc. (collectively, "Defendants,

or "Appellees," together the "Parties"), by their attorneys, Cleary Gottlieb Steen & Hamilton

LLP, hereby stipulate and agree as follows (the "Stipulation"):

    WHEREAS, on July 11, 2023, Plaintiff filed (I) Motion for Record on Appeal in

Compliance with Fed. R. App. Pro. and Local Rules ("Motion I") and (II) Motion for Sanctions

in the Second Circuit, Case 22-1718, (the Motions")[D.I. 105].

    WHEREAS, on July 21, 2023, Defendants' filed an opposition to Motion I, and argued

and requested, *inter alia,* that the Federal Rules clearly provide that the District Court is the

proper venue to resolve any such disputes raised in Motion I.

- 1 -

WHEREAS, the Order of the Second Circuit on August 22, 2023, denied Plaintiff's

Motions, granted Defendants' request, and certified its Order to the District Court, [D.I. 124];

WHEREAS, consistent with Federal Rule of Appellate Procedure 30(a), the Parties

stipulate that certain missing transcripts, the identities of sealed documents and missing court

documents shall be included in the docket, in order, *inter alia*, to comply with the Order of the

August 22, 2023, and to avoid an undue burden on the merits panel of the Second Circuit.

NOW, THEREFORE, the Parties stipulate and agree as follows:

I.  The Court should direct The Clerk of Southern District of New York to include in the

docket pursuant to Fed.R.App.P.10(a) the following:

(1) the Court hearing transcripts as listed in (1) of the attached Exhibit 1;

(2)  the identities of all the sealed documents as listed in (2) of the attached Exhibit 1;

(3)  the court files missing from the docket, and their redactions as listed in (3) of the

attached Exhibit 1;

II.  The above is without prejudice for Defendants to designate information in the items

included in the docket pursuant to I above as  Highly Confidential "HC" or Confidential

"C" and to seek that such items except their identities shall be filed under seal pursuant to

the Stipulation & Protective Order dated Mar. 22, 2005, (the "Protective Order") ECF

No. 25 , without prejudice for Plaintiff to challenge the designations and to request for

Defendants to produce narrowly-redacted files, pursuant to the Protective Order, to this

Court's Individual Rules of Practice 5(b)(ii), the controlling authorities of the Second

Circuit, and the Local Rules 25.1 and 25.2 of the Second Circuit.

III.    Upon completion of the record, the Clerk shall forward an electronic copy of the record in CD-ROM together with the certified complete index to the Second Court pursuant to pursuant to Fed.R.App.P.10(a)(3); Fed.R.App.P.11(b)(2) and L.R.11.1(a).

Dated: September _____, 2023


New York, New York

*/s/ Jennifer Kennedy Park*

_____

Christopher P. Moore
Jennifer Kennedy Park
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999
 *Attorneys for Defendants Citigroup Global Markets Inc. and The Yield Book Inc.*

*/s/ Peter J. Toren*

_____

Peter J. Toren
The Law Office of Peter J. Toren,
43 West 43rd Street, Suite 266,
New York, N.Y. 10036-7424,
ptoren@petertoren.com,
(646) 623-4654

*Attorneys for Plaintiff Advanced Analytics, Inc.*

SO ORDERED:

Date September ___, 2023

_____

The Honorable Laura T. Swain
United States Chief District Judge

# Exhibit 1

1.  The following court hearing transcripts of the following dates that are missing in the docket:

    (i)      3/1/2006, 7/2/2007, 8/21/2007, 10/1/2007, 10/19/2007, 12/11/2007, 7/15/2008.

2.  The identities of other sealed documents
    (i)The sealed document ECF. No. 119 is Defendants opposition papers to Plaintiff' objections to a 2009 magistrate judge report and recommendation;
    (ii)Document ECF. No. 246 is Plaintiff's opposition to Defendants' request for expenses.
    (iii) (the identities of the other sealed documents are to be added by the parties as the following…)

3.  (i) Plaintiff's Revised Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, April 25, 2014
    (ii) Plaintiff's Revised Response to Defendants' Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, April 25, 2014
    (iii) Defendants letter dated April 29, 2014, filed before MJ Henry B. Pitman to strike Plaintiff's opposition papers of April 25, 2014,
    (iv) Plaintiff's opposition letter of May 5, 2014, filed before MJ Henry B. Pitman;
    (v) the other court documents missing in the docket are to be added by the parties in the following….

# Exhibit 2

**Peter Toren** <ptoren@petertoren.com>                    Tue, Sep 26, 2023 at 8:49 PM
To: "Kessler, Thomas" <tkessler@cgsh.com>
Cc: "Moore, Christopher P." <CMoore@cgsh.com>, "Park, Jennifer Kennedy" <jkpark@cgsh.com>,
"Lynch, Thomas Q." <tlynch@cgsh.com>
Bcc: jaldumas@gmail.com

Tom,

It has been almost two weeks, since we promptly drafted and sent the proposed
stipulation as requested by the Defendants, based on your commitment, that you
would "respond expeditiously" and "promptly." Yet we've seen no response for 13
days. This raises concerns about Defendants' intentions and whether it is a
deliberate tactic to interfere with Plaintiff's ability to meet the looming Second
Circuit deadline that Defendants procured.

Defendants considered our Rule 10 motion a "threat," which explains why
Defendants have not answered simple questions posed by the Second Circuit,
refused to correct their mistakes, refused to produce the missing court documents,
and sought to block the record from being created. Instead, Defendants have opted
to "spend time and cost" to impose a schedule on Plaintiff before the record is filed
and Plaintiff has the court files for inclusion in the appendix.

The appellate brief and appendix must be filed after the record is filed, which is not
only mandated by the Fed.R. App. P. but is Plaintiff's right of due process.

The deadline extension does not vacate the schedule; it only allows the SDNY to
adjudicate the FRAP10(e) motion and complete the record. Defendants have not
indicated if they will consent to a reasonable extension, to give the SDNY the
necessary time to adjudicate FRAP10(e) motion and to complete the record or
account for the lost time because Defendants have failed to respond to Plaintiff's
proposed stipulation.

Moreover, Defendants must cease their intimidating tactics and undue pressure on
clerks and Plaintiff's counsel, as evident by our experience and Defendants'
motion.

Defendants know the record has not been filed, contrary to their claim. This attempt
to force the appeal forward without the record avoids dealing with the case's
merits.  Defendants must explain and respond to the questions posed by the Second
Circuit Order.

This leaves us no option but to proceed with FRAP 10 motion practice. Your
prompt response is highly appreciated on these urgent matters,

Regards,

Peter

On Mon, Sep 18, 2023 at 5:35 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

We are not amenable to adjourning the Second Circuit briefing schedule (in particular given the time and cost of establishing the schedule in the first place).  Again, although we will not endeavor to exhaustively catalogue our disagreements with your email, it should be noted that our request to set a briefing schedule was filed after multiple months of inaction on AAI's part (and at least one threat of a Rule 10 motion).

Contrary to your email, we *have* committed to responding to your proposal, and will do so promptly.  What we cannot do is agree to respond by the end of today.  As I have said, we are working through your request and will respond.

Separately, I am not sure what you mean when you say that AAI has "confirmed" that the Court does not have a copy of the record other than the two ECF Nos you reference.  Can you explain? What confirmation has AAI received, from whom and via what means?

Regards,
Tom

——

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com  |  clearygottlieb.com
Pronouns: he/him/his

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Monday, September 18, 2023 10:32 AM
**To:** Kessler, Thomas <tkessler@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** Re: AAI

Tom:

The proposed stipulation is straightforward, which I drafted in one day as you requested. Defendants have many lawyers working on this case, so we requested Defendants review and revise in three days, given the approaching deadline. Because Defendants cannot commit to responding, please let us know if Defendants will agree to an extension to the deadline requested by Defendants.

Contrary to your claim, Defendants' motions in the Second Circuit for a scheduling order and leave-for-file sanction preempted our filing motions under Rule 10 of the Federal Rules of Appellate Procedure in the SDNY, forcing us to spend several months responding to Defendants' motions and filing our motions under Rule 10 in the Second Circuit, which Defendants opposed and asserted that our motion must be directed to the SDNY. We could not simultaneously file motions under Rule 10 in the SDNY while the two motions were pending in the Second Circuit.

We confirmed that other than the two entries, 119 and 246, the record has not been forwarded to the Court, contrary to Defendants' claims, Opp. of July 21, 2023, at 14. The Court's Order confirmed that the four sets of April 2014 MSJ papers are among the missing court documents.

The Order correctly held that Defendants have not explained why they do not have copies of those documents (whereas they do, but have **not** told the Second Circuit) or have not

provided copies of any missing documents to Plaintiff. We hope that Defendants will cooperate now.

Regards,


Peter


On Mon, Sep 18, 2023 at 9:53 AM Peter Toren <ptoren@petertoren.com> wrote:

Tom:


The proposed stipulation is straightforward, which I drafted in one day as you requested. Defendants have many lawyers working on this case, so we requested Defendants review and revise in three days, given the approaching deadline. Because Defendants cannot commit to responding, please let us know if Defendants will agree to an extension to the deadline requested by Defendants.

Contrary to your claim, Defendants' motions in the Second Circuit for a scheduling order and leave-for-file sanction preempted our filing motions under Rule 10 of the Federal Rules of Appellate Procedure in the SDNY, forcing us to spend several months responding to Defendants' motions and filing our motions under Rule 10 in the Second Circuit, which Defendants opposed and asserted that our motion must be directed to the SDNY. We could not simultaneously file

motions under Rule 10 in the SDNY while the two motions were pending in the Second Circuit.

We confirmed that other than the two entries, 119 and 246, the record has not been forwarded to the Court, contrary to Defendants' claims, Opp. of July 21, 2023, at 14. The Court's Order confirmed that the four sets of April 2014 MSJ papers are among the missing court documents.

The Order correctly held that Defendants have not explained why they do not have copies of those documents (whereas they do but have told the Second Circuit) or have not provided copies of any missing documents to Plaintiff. We hope that Defendants will cooperate now.

Regards,

Peter

On Fri, Sep 15, 2023 at 5:58 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter —

Without addressing the substance of your email (suffice to say we entirely disagree), we will review the stipulation but cannot commit to respond in the one business day you have proposed.  On that front, I will note that Plaintiff's claim of urgency rings particularly hollow in light of the many instances over the past several months where Plaintiff has claimed an intent to promptly seek relief under FRAP 10, each time accompanied with a distinct lack of meaningful movement.

As I said, we will endeavor to review your proposed stipulation expeditiously and will revert with questions and/or comments.


Regards,

Tom

___

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com | clearygottlieb.com
Pronouns: he/him/his

On Sep 15, 2023, at 4:55 PM, Peter Toren <ptoren@petertoren.com> wrote:

Tom,

I write to address many of the statements in your email of September 14, 2021. First, the deadline for your response was not "arbitrary." Defendants created the current urgency by seeking and obtaining the deadline to file our appeal before the appellate record was filed with the Second Circuit.

Before we can file motions in the SDNY under rules 10(C) and 10(E) of the Federal Rules of Appellate Procedure, we must first understand the circumstances surrounding the Second Circuit's August 22, 2023 order.

Plaintiff clearly outlined the necessary relief in the Motion filed with the Second Circuit on July 11, 2023. Defendants' Opposition of August 21, 2023, argued that: "the Federal Rules clearly provide that the District Court is the proper venue to resolve any such disputes." D.I. 114, p.10. Our Reply addressed this at D.I. 115, page 11. We intend to take Defendants up on their suggestion.  The Second Circuit's Order does not prevent us from seeking this relief.

Indeed, the Second Circuit granted Defendants' request for scheduling, denied our Motion, and certified its August 22, 2023 Order to SDNY (D.I. 124). Thus, the Order did not state what your email suggested; it simply provided that the Second Circuit will not entertain a motion to complete the record, but instead delegated that task to the SDNY, affirming Defendants assertion that the SDNY is the proper venue.

In the interest of efficiency and to allow the merit panel to focus on the merits of the appeal, we believe both parties should make their best efforts to resolve, narrow, and reduce the non-merits issues in our briefs and appendixes. This includes providing information about identities, the Missing Transcripts, and the Missing Court Record in the docket, per Federal Rule of Appellate Procedure 30(a), such as "Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix.")" pursuant to the Order.

As per Defendants' request, we've drafted a proposed stipulation. We expect Defendants to review it expeditiously, as they promised. Please examine it and inform us ASAP. If not, provide your revisions by COB on September 18th. We'd like both parties to first agree to the stipulation, allowing the list of detailed information, specific documents in the attachment to be supplemented later.

The Court's order stated, "[t]he parties dispute the contents of documents 119 and 246 from the district court docket, but do not explain why each party does not already have copies of those documents or why they have not provided copies of any missing documents to each other."

Plaintiff's briefs have explained that it did not even know the identities of the sealed entries and the Missing Court Documents that were filed before its current counsel entered the case in 2019 because Plaintiff's former counsel colluded with Defendants and withheld them. In contrast, Defense counsel has been in the case since 2004 and has all the (non-privileged) court documents, including the four sets of the April 25, 2012, MSJ papers confirmed by the August 22, 2023 Order as missing from the docket.

Finally, the Stipulation and order from 18 years ago that you mentioned in your email have been superseded by CJ Swain's standing order and MJ Pitman's rulings, which are based on controlling authorities from the Second Circuit. However, we will set aside Defendants' objection to this stipulation while both parties reserve their rights. Please refer to the proposed draft for more details.

Regards,


Peter


--


On Thu, Sep 14, 2023 at 12:36 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter:

We will review your requests and attempt to decipher them but will not be in a position to substantively respond within your arbitrary less-than-48-hour deadline, which is particularly inappropriate given the near month it took Plaintiff to respond to our August 16 email. In the first instance, however, we do not

understand your requests, the relief you purportedly plan to seek in the District Court, the basis for your requests, nor how your requests will progress the appeal in any meaningful way.

To the extent we do understand your email, it misconstrues our prior discussions and correspondence, as well as the Second Circuit's Order of August 22, 2023. Contrary to the suggestion in your email below, the Second Circuit's Order was clear that the Circuit does not want the parties to waste further time or resources with respect to the record on appeal, and that any remaining perceived issues can be addressed as part of merits briefing. Nevertheless, without suggesting that we are amenable to the proposal Plaintiff is making, it would be helpful (as you propose) to review a proposed stipulation and copies of the specific documents the stipulation would cover, to the extent you have them at hand. Seeing Plaintiff's proposal reduced to a legal document will better enable us to evaluate the request. We will review your proposed stipulation expeditiously.

Finally, with respect to the first paragraph of your email, your assertion that designations of information as Confidential or Highly Confidential in the District Court proceeding are "tentative", and your related assertions regarding the sealed status of documents and transcripts, are categorically false. As we have repeatedly reminded you, such designations were properly made pursuant to the operative protective order and repeatedly upheld by subsequent orders. *See, e.g.*, Appellees' Ltr. to P. Toren dated Mar. 3, 2023 [D.I. 62-2, at 1–2]. The protective order, as well as subsequent court orders, continue to apply to previously sealed documents and/or transcripts. *See, e.g.*, Stip. & Protective Order of Mag. Judge Pitman, ECF No. 25, at 9 (Mar. 22, 2005) ("After the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions."); *id.* at 2 ("Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom."). You have offered no support for your apparent assertion that AAI is entitled to unilaterally decide, in the context of this appeal, to ignore such orders. We continue to reserve all rights in respect of previously sealed documents.


We await your response.

Regards,

Tom

**Thomas S. Kessler**

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Tuesday, September 12, 2023 7:56 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>
**Cc:** Moore, Christopher P. <CMoore@cgsh.com>; Park, Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** Re: AAI


Tom:

We categorically reject your allegations. Your email does not specify the exact transcripts and information that Defendants want to seal. Regardless,

because the tentative designations of the information happened up to 15 years ago, and I am certain you are aware that the SDNY has unsealed much of the information, and the controlling authorities have changed since then, now, Defendants must be very specific about the information they want to seal, and be able to carry the burden, as the SDNY has repeatedly warned Defendants. See, e.g., Sept. 6, 2019 Order. ECF. No. 344.

Because Defendants do not dispute that those transcripts we sent to you or filed with Plaintiff's Form C (without annotates) are the transcripts of court proceedings, pursuant to FRAP 10(a)(1)(2), we request Defendants to stipulate to add these authentic hearing transcripts, which are missing from the current docket sheet, including those of the dates 3/1/06, 7/2/07, 8/21/07, 10/1/07, 10/19/07, 12/11/07, 7/15/08. *See* Plaintiff's Motion of July 11, 2023, at 7-8.

Second, the Appellate Court's Order of August 22, 2023, identified that the sealed document ECF 119 is Defendants' opposition to Plaintiff's objections to the 2009 magistrate judge report and recommendation, and the sealed document ECF 246, is Plaintiff's opposition to Defendants' request for expenses. We request Defendants stipulate to request that the SDNY clerk include the identities of these and other sealed documents in the docket sheet, consistent with Rules 30(a)(b) and 11(b)(2) of Federal Rule of Appellate Procedure.

Third, the Order of August 22, 2023, confirmed that ECF No. 246 does not contain the four sets of court papers relating to the MSJ of April 23, 2014, as listed in Plaintiff's letter to Defendants dated Nov. 2, 2022, D.I. 43-1, pg. 4. Therefore, all of these court papers should be included in the docket but are missing from there. If Defendants object to this request, please provide the specific basis for objecting to each of the four sets of court documents. In short, Defendants are requested to stipulate to add these and other missing court documents to the SDNY docket, consistent with Rules 10(a)(1) and 30(a)(b) of the Federal Rule of Appellate Procedure.

Plaintiff intends to move with the SDNY to include these and other missing transcripts and documents in the docket and is requesting Defendants' response by COB on September 14 on the the questions raised herein. Notwithstanding Defendants' potential

confidentiality designation and/or redaction request. If Defendants would like to review or draft a proposed stipulation, please let us know,

Regards,

Peter,

On Wed, Aug 16, 2023 at 1:43 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter,

I write in response to your email below. As a threshold matter, three of the transcripts that you provided to us, two of which were previously filed in AAI's Form C, are in unredacted form despite having been sealed and redacted in the proceedings below. This is yet another troubling example of AAI's willingness to flout court orders and engage in improper self-help. We continue to reserve all rights in respect of previously sealed documents, including to seek appropriate relief from the District Court or the Circuit for AAI's failure to take appropriate steps with respect to those documents.

If you are asking us whether the attachments you provided to us are the transcripts of proceedings in the District Court, to the extent they were obtained by the NY Court Reporters' office (except where it appears your client has annotated the attachments), we are not disputing that those are the transcripts of proceedings. As you know, we have not sought to order any transcripts for purposes of compiling a joint appendix.

In the interest of moving the appeal forward, we are available to discuss this issue at your convenience should it be necessary.

Regards,

Tom

———

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com | clearygottlieb.com
Pronouns: he/him/his

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Monday, August 7, 2023 5:31 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>; Moore, Christopher P. <CMoore@cgsh.com>; Park,

Jennifer Kennedy <jkpark@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** AAI

Tom,

Plaintiff attempted to file the attached court hearing transcripts. See D.I.18,
D.I.19, and D.I. 21.  Defendants admitted that they have all of the transcripts,
and have no need to order any new ones.

Should you have any questions, please let us know.

Regards,

Peter

<2023-9-14Parties Stipulation.docx.secure>

--

PETER J. TOREN
ATTORNEY AT LAW

(646) 623-4654
ptoren@petertoren.com
petertoren.com
Admitted to Practice in: New York, California, and the District of Columbia.

This message is being sent from a lawyer and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

# Exhibit B

# Exhibit B

From: **Kessler, Thomas** <tkessler@cgsh.com>
Date: Sat, Sep 30, 2023 at 3:08 PM
Subject: AAI v Citi
To: Peter Toren <ptoren@petertoren.com>
CC: Park, Jennifer Kennedy <jkpark@cgsh.com>, Moore, Christopher P.
<CMoore@cgsh.com>, Lynch, Thomas Q. <tlynch@cgsh.com>


SUBJECT TO FRE 408 AND ALL APPLICABLE RULES

Peter,

We are in receipt of AAI's motion, filed late Wednesday night in the District
Court. Notwithstanding AAI's apparent inability to await our review of the materials
identified in the draft stipulation and the filing of its Motion in the District Court, we have
continued to review the transcripts and other sealed materials. In an attempt to reach
resolution, and as an accommodation to AAI, Defendants are willing to docket certain
items, each reflected below, that do not currently appear to have corresponding ECF
numbers, without conceding their relevance or propriety with respect to the pending
appeal. As reflected in the attached revised draft stipulation, in exchange for AAI's
withdrawal of its pending motion, Defendants will agree to docket the below
materials. Numbers 1(i), 1(iii)-(vii), 4 and 5 would be filed publicly, and numbers 1(ii), 2
and 3 would be publicly filed with redactions for confidential or highly confidential
material, with unredacted versions being filed under seal:

1. Transcripts dated: (i) Mar. 1, 2006; (ii) July 2, 2007; (iii) Aug. 21, 2007; (iv) Oct.
   1, 2007; (v) Oct. 19, 2007; (vi) Dec. 11, 2007; and (vii) July 15, 2008
2. Pltf's Revised Mem. of Law in Opp. to Defs.' Mot. for Summary Judgment,
   dated Apr. 25, 2014
3. Pltf's Revised Resp. to Defs.' Rule 56.1 Statement, dated Apr. 25, 2014
4. Defs.' Ltr. dated Apr. 29, 2014
5. Pltf's Ltr. dated May 5, 2014

We believe this would resolve the issue raised to us in your prior correspondence and
the majority of AAI's motion. The remainder of the relief the motion appears to seek is
unwarranted and without support. In particular, we note that this is not the first time AAI
has sought to undo years of confidentiality designations made pursuant to the still-
operative protective order. Beyond the many examples of AAI attempting,
unsuccessfully, to challenge confidentiality designations for specific documents, Dr.
Wang will recall that in 2015, Magistrate Judge Pitman rejected a nearly-identical
request. *See* Order, dated July 30, 2015, ECF 272, at 3 ("Accordingly, plaintiff's
application to compel defendant to prepare and file redacted versions of documents that
have been filed under seal is denied."). You too surely are aware of this order, given
that it is cited in AAI's Motion (to the extent that portion was authored by counsel). If
AAI insists on pursuing these meritless forms of relief notwithstanding our offer above,
we will proceed to oppose the motion.

For the avoidance of doubt, our compromise offer is in no way a concession as to the propriety of the confidentiality designations of these or any other materials, nor do we concede that these materials are properly part of the appellate record.  We reserve all rights.

Your prompt response is appreciated.

Regards,
Tom

———

**Thomas S. Kessler**
Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com | clearygottlieb.com
Pronouns: he/him/his