# EXHIBIT I

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC.,<br><br>         Plaintiff-Counter-Defendant<br><br>         Appellant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br>ET AL.,<br><br>         Defendants-Counter<br>         Claimants-<br>         Appellees. | Case No. 22-1718 |

## PLAINTIFF'S SUPPLEMENTAL OPPOSITION
## TO DEFENDANTS' MOTION TO SET BRIEFING SCHEDULE AND REQUIRE
## LEAVE OF COURT FOR FUTURE LETTER FILINGS BY AAI

Pursuant to the Court's order of May 4, 2023 (D.I.85), Plaintiff[1] respectfully

submits this Supplemental Opposition. Collins and Defendants conspired to

withhold essential court documents from Plaintiff. Defendants refused to comply

with their obligation under Federal Rules of Appellate Procedure, the Second

Circuit Local Rules and Chief Judge Swain's order to provide missing court

records that the Court and Plaintiff need for appeal, which frustrates Plaintiff's best

efforts to complete the woefully deficient record. Accordingly, Plaintiff notified

---

[1] Capitalized terms not defined herein have the meaning ascribed in Plaintiff's
Opposition to Motion to Set Briefing Schedule and Require Leave of Court for
Future Letter Filings by AAI [D.I. 90]

Defendants that it is preparing to file motions ASAP in the District Court pursuant
to the Federal Rules 10(a)(c)(e), 11(b)(2), which will present the direct evidence of
Defendants' collusion with Collins as admitted by Defense counsel and fully
expose Defendants systematic fraud, so the record may reflect what truly happened
in the lower court. Only after the record is complete, will the Plaintiff and the
Court have the essential documents for appeal In response, Defendants repeated
and created new misrepresentations to cover up their prior exposed
misrepresentations,[2] and filed the Motion in this Court to pre-empt Plaintiff's
motions, and to derail the appeal.

The Court Order of May 4, 2023 held that Appellants must file a
supplemental response explaining three issues in seriatim below:

(a) why the scheduling of the appeal should be further delayed pending its
filing of a motion in the district court under Federal Rule of Appellate Procedure
10,

(a) Response. The orders requested by Defendants to scheduling of the
appeal before the current woeful record is complete and forwarded to this Court
would violate numerous Rules of FRAP and L.R, and Plaintiff's due process rights.
Their requests would prejudice Plaintiff and also the Court, depriving the relevant
documents from the Plaintiff necessary to present its appeal and from the Court the
necessary to make informed decisions. Defendants so brazenly misquoted and

---

[2] *See* Plaintiff's Opposition Brief filed on April 24, 2023. and Toren's letter to
Jennifer Park, Ex. 1. D.I.82. .

mischaracterized Local Rule 31.2(a)(1)(A) out of context which is contrary to the FRAP. Local Rules are subordinate to the FRAP.The FRAP provide that the scheduling of the appeal under FRAP 30, 31 must be after the record is complete and the index is complete and forwarded to the Court, pursuant to FRAP 10 and FRAP 11(b). The current record and the index are woefully incomplete according to the FRAP 10(a), and Defendants are withholding essential court documents from the record from the Court. Defendants withheld the essential court documents from the Court and Plaintiff who does not have them to include in the appendix, that make compliance to FRAP 30(a)(b), and FRAP 28, 31 impossible. Defendants are blocking Plaintiff's best efforts to complete the record and the index.

(b) why it has not followed the procedures set forth in Federal Rule of Appellate Procedure 30(b),

(b) Response. As in answer (a), Plaintiff followed FRAP 30(b), but the lack of record and the index, Defendants refusal to comply with the FRAP, and refusal to provide the missing court documents to Plaintiff, made the preparation of the appendix impossible. Defendants failed to comply with FRAP 30(b)(1).

(c) to the extent it wishes to include in the appendix documents that were not first filed on the district court docket, what rules and other authorities permit each such document to be made part of the appendix.

(c) Response. At this time Plaintiff wishes only to include documents that were filed on the district court so they are part of the record as defined by FRAP10

(a), but somehow either not in the record because of the deficiency and errors of the record, not identified because of the sealed entries because of the deficiency of the index. See infra. Plaintiff needs Defendants' to disclosue whether the requested and designated documents are contained in the sealed entries. If not, Plaintiff will move under FRAP 10(e) to correct the record, so the record truly discloses what occurred in the District Court. Thus, Plaintiff relies on FRAP 30 (a)(1)(A)(D) to include these documents. Plaintiff repeatedly asked Defendants to identify the sealed entries as the first step, but they refused to respond to l the issues.

### A. Defendants misquoted and mischaracterized an inapplicable Local Rule which does not exonerate Defendants' violations of dozens of Rules of the FRAP and the L.R. Defendants' requested orders are contrary to the facts and all these Rules.

Defendants conceded that the record is incomplete. They did not dispute their requested orders, *e.g*., to begin the appeal with the woeful deficient record, would violate "a raft of Federal and Local Rules, " §II, including FRAP Rule 30(a)(1), 30(b), Rule 11(b) , Rule 10(a)(c)(e), Rule 32(a)(b), and Local Rule 11.1(a). L.R. 25.1 (b)(3), L.R. 25.1 (e), and L.R. 25.2 (h), L.R. 32.1. *See* Opposition §II. But they claimed that these violations and serious issues "have no bearing" on their requests based on misquoting of L.R. 31.2(a)(1)(A). "[T]he

Ready Date occurs '14 days after…the appellant's receipt of the last transcript.' L.R. 31.2(a)(1)(A)." *See* Reply at ?.

Defendants argued that this quote should be taken out of context from the FRAP and LRs. However, when the portions deleted by Defendants' misquote, and put this L.R. back in the proper context of the FRAP and the L.R., Defendants' brazen and mischaracterization becomes obvious. Their "ready date" did not happen and has never happened. The Second Circuit held in *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)

"[I]t is axiomatic that [the Federal Rules of Appellate Procedure] trump inconsistent interpretations of local rules. See 28 U.S.C. § 2071(a) (mandating that court rules remain consistent with general rules of practice and procedure."

FRAP1(a)(1) holds "(1) These rules govern procedure in the United States courts of appeals." FRAP 47 holds

Rule 47. Local Rules by Courts of Appeals

"(a) LOCAL RULES. .. A local rule must be consistent with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. §2072 and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States…"

L.R. 31.2 is subordinate to the Federal Rules of Appellate Procedure Rule 31. FRAP 31(a)(1) expressly specifies that the brief scheduling, and in particular the ready date, happen only "after the [complete] record is filed." Therefore, L.R.

31.2(a)(1)(A) "must be consistent with —but not duplicative of" FRAP 31(a)(1), i.e., the ready date must be "after the [complete] record is filed."

According to the uniform numbering system, the Rules of FRAP lower numbering are defined, satisfied and followed, take precedent, over the higher number Rules. FRAP 10(a) defines that the record for appeal "includes (1) the original papers and exhibits filed in the district court." This item (1) is already woefully incomplete for this appeal, let alone missing items (2) and (3). FRAP 10 (e) provides "the record truly discloses what occurred in the district court." Plaintiff's FRAP 10(c)(e) motion will accomplish this.

Only after "**the record is complete**" in the District Court, as defined by FRAP 10(a), FRAP11(b) (2) provides next procedure:

> "(2) *District Clerk's Duty to Forward.* When the record is complete, the district clerk must number the documents constituting the record and send them promptly to the circuit clerk together with a list of the documents (commonly known as "index") correspondingly numbered and reasonably identified."

Thus, the requirements for the index are a list of "the documents correspondingly numbered and reasonably identified." The current index does not even begin to satisfy this requirement, let alone the deficient record. Thus, the procedures provided by the higher numbered Rules, such as status of scheduling of appeal or preparation of appendix specified in FRAP 30, or 31 or L.R 31.2 are not reached, before the record is complete as specified in FRAP 10.

Further, Defendants stonewalled Plaintiff for eight  months regarding the July 15, 2007 Transcripts, and waited until their Reply of May 8, 2023, to declare that they have no objection to the version submitted by Plaintiff together with Prestatement C to be accepted into the record.  Reply pp 6-7. Supra. Defendants belated consent is only a basis for part of a stipulation of FRAP 10(e) motion before the SDNY, together with other missing documents, seeking r an order for the Clerk of the SDNY to add into the record and the certified index.  The parties do not have the power to enter documents into record, that would be contrary to FRAP10(e).

Even if L.R. 31.2(a)(1)(A) could stand alone[3], the "ready state" has not come, even if we would assume the record were complete --- it is not, and disregarding its reliance on other more fundamental Local Rules and their counter part FRAP 31 "after the (complete) record is filed", in all FRAP that have lower numerical numbers.

---

[3] "Within 14 days after the later of the appellant's receipt of the last transcript, the appellant's filing of the certificate that no transcript will be ordered, or the date the record is filed in FRAP 15 proceedings (the "ready date")" Plaintiff has not yet filed "the certificate that no transcript will be ordered." Defense counsel, Mr. Kessler, who has no personal knowledge, claimed that the June 18, 2013 Hearing "did not happen," contrary to Park's admission on the record that it happened at least five times. One day after the audio department had informed Plaintiff they had located the recording for the June 18, 2013 Hearing, Defendants contacted them and then we are informed "no transcripts were available."

Defendants are requesting the Court to put the wagon in front of the horse, scheduling the appeal before the appellate record is complete, while at the same doing their best to block the record from being complete.The Motion is asking the Court to issue an order that is contrary to the facts and the Rules. Defendants are attempting to prejudice Plaintiff and the Court, depriving the right of Plaintiff to have a complete record for appeal. Defendants' Motion is a mischaracterization of L.R. 32.1(a)(1)(A) and  violates FRAP 47(a)(2):

> (2) A local rule imposing a requirement of form must not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.

**B. Defendants and Collins jointly denied Plaintiff from the essential court documents for appeal. The current index is woefully deficient. The record has not yet been complete and forwarded to this Court.**

The current record in SDNY and the index are woefully deficient. Opposition §A. Defendants' Reply could not dispute it, and also acknowledged Plaintiff needs essential court documents for the appeal.

 Defendants' 3-Level fraud has stalled the litigation for nearly two decades. Before the current counsel entered his appearance,  for nearly 14 years nearly all of the important letters by the parties to the Court were not filed on ECF, , and nearly all the court filings, motions and pleadings were sealed by Defendants.  Even if these court documents were ever contained  in the record, most of them are hard-copies and are not electronic files that are required by the CA2. The vast majorities

of these letters without index entries and sealed motions were filed before MJ

Pitman. Based on these court papers, most without docket entries, he issued most

of the orders on this case before his retirement in October 2019. The sealed entries

have only one-line entry "SEALED DOCUMENT placed in vault," without any

identification of what are the sealed documents. There are about 40 such sealed

entries, 30 of them were before Plaintiff's current counsel entered the litigation.

Plaintiff and the Court can only surmise their identies. Even if the Court would

order that all of the physical record be forwarded to the Court, the hard-copy

documents will not comply with the Second Circuit Local Rules. the sealed entries

in the index may not include the parties' letter motions. Most letters including

letter motions of the parties filed in the District Court are clearly important parts of

the record pursuant to FRAP 10(a)(1), [4]  because the Court, e.g., MJ Pitman has

considered them in connection with his adjudication of the relevant Court

proceedings. But these court documents are missing from the record and the index.

Defendants and Collins fully exploited the situation to conceal their collusion and

fraud. See infra. §C.

---

[4] Pursuant to FRAP 10(a)(1), The following items constitute the record on appeal:
"(1) the original papers and exhibits filed in the district court. (2) the transcript of
proceedings, if any; and (3) a certified copy of the docket entries prepared by the
district clerk."

Important transcripts and hearings, such as those of July 15, 2007, and of June 18, 2013, are also missing in the record and the index. See *Infra.* §B. All of these missing essential court documents and record must be added to the record and identified in the index for the Court pursuant to FRAP, e.g. Rule 10(e), and the FRCP, or supplemented with statement of evidence under FRAP 10(c).

Clearly, the fact is that the record for appeal pursuant to FRAP 10(a)(1) has not been completed, and certainly not yet been forwarded to this Court, and neither has the index been completed and forwarded to this Court pursuant to FRAP 11(b)(2)[5] and L.R.11.1(a).

Not only this Court does not have access to the record, even CJ Swain could not get access to the critical court documents when she adjudicated the important three sets of objections and motions in 2020-2021. As a result, CJ Swain pointed out only Defense counsel have the missing court documents and directed Defendants to submit the missing electronic court papers to the District Court. Defendants largely failed to comply. Defendants pick-and-chose from these papers to cover-up instead of risking discovery of r their fraud and withheld relevant files.

---

[5] FRAP 11(b)(2) District Clerk's Duty to Forward.
When the record is complete, the district clerk must number the documents constituting the record and send them promptly to the circuit clerk together with a list of the documents correspondingly numbered and
reasonably identified

Defendants hand-delivered their cherry-picked files only to CJ Swain's Chambers, but have still not filed them in the record when they clearly are part of it. . All these electronic files provided by Defendants during the first 14 years of this litigation have not been filed in the record. Defendants have only produced image files none in conformity with Second Circuit Local Rules. All of these court judicial documents should be unsealed on the ECF system. [6]

Plaintiff only pointed that all the court documents can be determined from Defendants' emails communications with Collins. Plaintiff's counsel has difficulty to be certain if a letter or a pdf document has actually been filed, without having the contemporaneous email communications with the Defendants, because the letters are not in ECF, and the motion papers files are sealed in the index.

Although Collins has produced to Plaintiff all the emails of all of Plaintiff's former counsels, including himself, with Defendants back to 2004 when the litigation was filed, through 2012, Collins refused to produce any of his email communications after 2012 when he started his collusion with Defendants.

Defendants have not disputed that they are able to identify all the documents in all sealed entries (except one set) and all the court filings, sealed or not, including all the letters sent by the parties to the Court. But Defendants have

---

[6] See *Parmalat*, and Second Circuit authorities. See Plaintiff's Letter to Defendants of April 31, 2023, D.I. 70-2.

avoided the question as to their objection to Plaintiff's compelling the production of its former counsel's emails with Defendants. They have presented no valid basis to their objection. Defendants either mischaracterized Plaintiff's requests as seeking Defendants emails, instead of Plaintiff's former counsel's emails NOT CLEAR. or repeated (including in their Reply again) Defendants'have already admitted that the misrepresentation that Plaintiff seeks to add "emails between the parties to court documents" is false. Defendants' suggestion that the emails may contain collusion evidence and "discovery is closed" is no valid basis to oppose Plaintiff to get possession of its own former counsel's emails. Plaintiff intends to raise the issue with the SDNY in connection with its FRAP 10(e) motion.

In contrast to Plaintiff's best efforts to complete and correct the record, Defendants have stonewalled Plaintiff's efforts and have confused the Court.

## C. Plaintiff faithfully followed all the Rules, including FRAP 30(b) diligently.

Despite the woefully deficient record and the index by Defendants' own admission, Plaintiff meticulously attempted its best to follow FRAP 30(b). On August 23, 2021, within 14 days after the incomplete and deficient index was filed on August 9, 2021, Plaintiff served the Defendants with a designation of the parts of the record Plaintiff intends to include in the Appendix and an extensive statement of the issues Plaintiff intends to present for review. See Form C, Addendum B, D.I.s 17-20. Plaintiff's service of the tentative designation was by no

means an acknowledgement of any adequacy of the record but expressly reserved all of Plaintiff's rights, by Defendants admission.

### D. Defendants' violations and rejection of the numerous Federal Rules of Appellate Procedure including Rule 30(b), and LR and CJ Swain's Order prevented the record from be completed, and an appendix as set forth by Federal Rule of Appellate Procedure 30(a)(b) impossible.

Plaintiff served Defendants with a designation of the parts of the record as much as Plaintiff can identify, to include in the joint appendix and a statement of the issues Plaintiff intends to present for review. But Defendants refused to disclose the identities of the documents in the sealed entries of the ECF index. These court documents even if they are "in the record," may be hard-copy filings in ECF during the first 14 years of the litigation, and are not accessible to both Plaintiff and the Court. Not only is the record and the index incomplete, Plaintiff does not have possession of the essential documents for appeal and Plaintiff cannot identify the documents and cannot designate the documents as required by FRAP 30(a)(b), from the incomplete index as the direct result of Defendants' refusal to comply with about a dozen of the relevant Rules including FRAP 30(a)(b). See Opp. §II, at 19.

Before Plaintiff moves under FRAP 10(e)(1) or (2) in SDNY, Plaintiff needs to identify the sealed entries and if Defendants will provide the documents to

13

Plaintiff. Defendants have simply stonewalled Plaintiff's, and avoided Plaintiff's requests, pretending they did not understand Plaintiff's questions.

Since the current record and the current index are not complete, and Plaintiff does not even have some of the essential designated court documents because of Defendants and Collins' withholding the relevant records, , it is obviously impossible for Plaintiff's designation to include the ECF docket entries, or to include them into the Appendix as required by FRAP 30(b). Plaintiff indicated such designation is temporary and reserves all of its right to supplement once the record and index are complete. However, Defendants have refused to comply with the Rules and in particular the FRAP 30(a)(b), and to provide either the Dockets or the documents, or any supplementary designation to Plaintiff for the joint Appendix, as required by FRAP 30(b).

For Example, Defendants avoided all the substance but the Motion used a microscope to screen Plaintiff's letters, and attacked with pages and paragraphs for purported "typos,"[7] to distracted the Court from the substance.

Defendants' Motion p.10 and fn. 6, Opposition pp.14-15 cited Defendants' verbatim two responses to Plaintiff requests "for six-time times" to authenticate the July 15, 2008 Transcripts and consent to include the Hearing and Transcripts to

---

[7] See Defendants' Motion at 17-18, n. 9.

the Index: the first "[I]n the proceedings below, AAI filed the transcript in connection with its September 18, 2009 Objection to Magistrate Judge Pitman's R. & R. of August 5, 2009," (*Id.* at pg.10)" and the second: "AAI's Objection was filed under seal in the District Court. For the Court's convenience, the docket number for the Objection is ECF No. 119." Fn. 6." Opposition pointed out the date of ECF No. 119 is not "September 18, 2009."

The Reply at 7 pointed out the obvious typo 8/15/2007 refers to the 7/15/2008, which have been in the previous six letters "for six times." But the Reply misrepresented the obvious typo as a "new claim", and attacked an obvious typo it as "new tactics," again to mislead the Court on substance.

Still the Reply deliberately sidestepped the questions regarding the July 15, 2007 Transcripts.

Defendants argued that the appellate record is limited to the current Index from District Court and the Appendix is limited to only cite the record and the Index, which has no trace of The July 15, 2007 Hearing and the Transcripts. Therefore, pursuant FRAP 10(e)(1) or (2), the July 15, 2007 Hearing and the Transcripts must be added to record and the Index, hopefully by a Stipulation issued by SDNY Court to its Clerk.

15

Defendants have never responded Plaintiff's repeated question if they consent that the July 15, 2007 Transcripts, and all these 40 sealed documents in the index be identified reasonably pursuant to FRAP11(b)(2).

Because Defendants have avoided all the issues and claimed that they did not understand, Plaintiff suggested the simplest possible examples. Plaintiff asked Defendants to confirm the identities of the sealed documents in ECF. No. 246, if they include the 4 sets of 2014 MSJ ruling by MJ Pitman, documents so Plaintiff may cite them; and to provide them to Plaintiff.

The Motion avoided the question, and refused to provide the files to Plaintiff with irrelevant excuse that the briefs "are not ordinarily within the scope of an appendix," citing FRAP30(a)(2) which is based on the assumption that the briefs are in record and available to the Court and all parties. The Court also will not know what is in the sealed entry. When the electronic record files are not available in the record, it is not available to the Court. FRAP30(a)(2) carves out the exception when "they have independent relevance," which is exactly the situation here: as evidence of collusion.

Seven months later, Defendants' Reply responded in fn. 7, which still avoided the question, and refused to provide the files to Plaintiff.

**E. Plaintiff's FRAP 10(e) Motion to complete the record**

In order to complete the record for District Court, Plaintiff requested Defendants in 16 letters:

(1) Provide the essential court files that are missing from the court records or missing from the Index pursuant to F.R.A.P. Rule 30(a)(1) and Rule 11(b)(2), and C.J. Swain's order.

(2) Identify the files in the index, to comply with Rule 11(b)(2) and other provisions of the F.R.A.P.

(3) Remove their blanket unlawful designations of "Highly Confidential" on all the court documents. Defendants have stonewalled these requests.

(4) Produce the text-searchable redactions for the files they sealed, so parties may comply with pursuant to the Local Rules 25.1 and 25.2.

Defendants have stonewalled all of the above questions, even the simplest requests. In sum, Plaintiff have meticulously followed the Rules. It is Defendants who have refused to comply with the Rules, but requested orders that would violate all of these Rules including but not limited to FRAP Rule 30(a), 30(b), Rule 31, Rule 11(b) , Rule 10(a)(c)(e), Rule 32(a)(b), and Local Rule 11.1(a). L.R. 25.1 (b)(3), L.R. 25.1 (e), and L.R. 25.2 (h), L.R. 32.1. See Opp at 19, §II. Their Motion threatens to prejudice Plaintiff and force Plaintiff into an untenable

17

position in violation of all these Rules. For example, Defendants have re-designated all the public documents as HC and refused to provide any text-searchable redaction which violates LR. 25.1, and 25.2. Accordingly, even if Plaintiff would file an Appendix, Plaintiff would be forced to seal the public documents and to a file motion to seal on Defendants behalf, in violation of FRAP, FRCP and the protective order.

Accordingly, the Court must deny Defendants Motion in its entirety. The Court must permit Plaintiff to seek relief to complete and correct the record and the index, permitting the resolution of FRAP10(c)(e) first in the SDNY first, and step in later to intervene later if necessary.

In addition, the Court should direct Defendants to cooperate with Plaintiff's efforts and to assist the Clerk to complete the record and the index for the Court, such as

(1) identify the sealed documents in the Index that for the Clerk of the SDNY who may certify and forward to the Court pursuant FRAP 11(b)(2);

(2) produce redacted text-searchable files for those files that Defendants designated C and HC files pursuant to CA2 standard in good faith; pursuant to LR 25.1 and 25.1, and

(3) produce the specific missing electronic court documents for the Court

that Plaintiff does not have, and only Defendants have, pursuant to FRAP30(a)(b).[8]

See the attached List of Missing Documents that Defendants are required to

produce for the appeal. Ex. A.

**F. New undisputed evidence presented by Plaintiff's FRAP10(c) motion, the Statement of Evidence and supporting evidence filled in a key piece of direct evidence of Collins' collusion admitted by Defendants.**

The direct evidence admitted by Defendants as presented in Plaintiff's

FRAP 10(c) motion supported by the record demonstrates that after Defendants

bought off Collins in 2012, Collins conspired and colluded with Defendants to

secretly subvert his client's case, to mislead the Court step by step. [9]

The 4th Fan Declaration exposed Defendants' massive spoliation and

fabrication of their development record admitted by their witnesses Teytel and

Radak in their deposition, and Level 1, and Level 2 fraud (see April 24 Opp).

Plaintiff submitted a Rule 37(b) Motion to sanction Defendants' spoliation and to

seek default judgment on June 17, 2013. Collins and Defendants conspired to

block both CJ Swain and MJ Pitman from consider the 37(b) Motion and

supporting evidence.

---

[8] If Defendants oppose in Reply, Plaintiff reserves its right to file a separate motion to assist the Court.

[9] See Ex. A, of Opposition, D.I.82.

19

Behind Plaintiff's back, Collins secretly withdrew Plaintiff's Rule 37(b) Spoliation Sanction in Collins and Defense counsel's Joint Call to MJ Pitman the next day, June 18, 2013 after it was filed. That procured MJ Pitman's order of June 19, 2013 but left no trace in the record and the index, as though it has never happened.

Collins lied to Plaintiff's principal, Dr. Wang, to conceal his withdrawal of the Rule 30(b) spoliation sanction motion and falsely claimed his position is that the "Rule 30(b) spoliation sanction motion should go up first, at least the same time as Defs Rule 37(c) motion" to sanction the alleged violation of scheduling of expert reports that had set up by Collins' collusion. Whenever Plaintiff's current counsel sought any relief, Defendants never responded in substance but claimed "relitigation," by misrepresenting MJ Pitman had considered and rejected Plaintiff's Rule 37(b) Motion. But now, Defendants admission that Collins' secret withdrawal of this 37(b) motion demonstrated that Plaintiff's new evidence and claims have never been considered.

## G. Pursuant to FRAP 30(a)(1)(A)(D) and FRAP10(e), the court documents Plaintiff designated for Appendix are part of the record, to be complete and corrected.

Pursuant to FRAP 10(e)(1), the record must truly disclose what occurred in the district court, the difference must be submitted to that court; the record

conformed accordingly. So each of these documents are court documents and judicial documents that should be in the record, not just in the Appendix. The orders sought by Defendants' Motion, to impose scheduling of the appeal before the record is complete, also violates Plaintiff's due process of rights, as the Plaintiff may not have access to all the relevant information necessary to prepare the appendix, or the briefs or to present its case, in addition to violation of numerous Rules of FRAP, e.g., Rule 11(b)(2), Rule 31, 28 and FRAP 31.

Pursuant to FRAP 30 (a)(1)(A)(D), in order to prepare the Appendix, the record must be complete, the complete proceedings cannot be missing from the record, and the record should include other parts of the record to which the parties wish to direct the court's attention.

Pursuant to FRAP 30(a) (2), FRAP10(c) the Statement of Evidence and supporting documents must be added to the record. FRAP 10(e)(2) holds, "If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded." The Rules hold that, the briefs and the appendix must be **after not before** the record is complete and corrected. The Court cannot make an informed decision because the documents may be omitted by the record.  In such event, this document is the subject of an FRAP10(e)(1) motion to correct the record. Yet, Defendants have refused to even

answer the simplest question: are they in the record? Defendants can identify the sealed documents are from their emails. Plaintiff and the Court can only guess. Defendants repeatedly mischaracterized Plaintiff's question as a "request to file all the emails into record." Plaintiff only asked Defendants if they still object to Collins to produce Plaintiff' emails. Plaintiff have not receive an answer from Defendants.

## I. According to the authorities cited by Defendants Motion, Defense counsel and Defendants are the ones should be sanctioned

The Reply attempted to further mislead the Court that MJ Cave's June 9, 2020 order did not reverse her Nov. 12, 2019 Order, because the June 9, 2020 order stated "Plaintiff's motion Is denied as moot." The Reply omitted that because "Defendants motion for preauthorization" was denied on the Jan. 3, 2020 hearing. *See* MJ Cave's June 9, 2020 order at 17-18. The Reply falsely claimed their failed motions for injunction were irrelevant.[10]

For example, Defendants' 56(h) Mot for injunction of July 11, 2019, which had been denied by MJ Pitman is the same as what was filed on Nov. 11, 2019 which Defendants used to procure the Nov. 12 Order, which was reversed. However, , the 57(h) Motion for Injunction is sealed, and cannot be accessed by

---

[10] See Toren Decl, Ex. B, 2019-7-11Defs - Motion to Strike and For Injunction Excepts.

the Second Circuit. MJ Cave did not see this when she issued the Nov. 12 Order cited by the Motion. No redaction is available. This allowed Defendants to misrepresent that they are for "different reliefs." Defendants filed the same and almost identical frivolous motion for sanction and for injunction at least six times and all have been denied, except for the Nov. 12, 2019, when Defendants took advantage of the situation when MJ Cave took the bench replacing MJ Pitman, which has been reversed. then Defendants concealed the reversing order and presented to CA2 only the Nov. 12, 2019 order to support their frivolous motions. Defendants "acted in in bad faith, vexatiously, wantonly, or for oppressive reasons." In order to redesignate all mostly public documents HC, Defendants also concealed from Second Circuit the *Parmalat, Luogarch* case and authorities from this Court, in violation of ABA 3.3.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that the Court deny Defendants Motion in its entirety.

Dated:  May 15, 2023
        New York, New York

                              Respectfully submitted,

23

/s/PeterJ.Toren
ptoren@petertoren.com

The Law Office of Peter J. Toren,
43 West 43rd Street, Suite 266,
New York, N.Y. 10036-7424,
ptoren@petertoren.com,
(646) 623-4654.

*Attorneys for Plaintiff-Appellant*
*Advanced Analytics, Inc*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

ADVANCED ANALYTICS, INC.,

       *Plaintiff-Counter-Defendant Appellant,*

    v.

CITIGROUP GLOBAL MARKETS, INC, ET AL.,

       *Defendant-Counter-Claimants- Appellees.*

Case No. 22-1718

## DECLARATION OF PETER J. TOREN IN SUPPORT OF PLAINTIFF'S SUPPLEMENTAL OPPOSITION

I, Peter J. Toren, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the bar of this Court and a shareholder in the Law Office of Peter J. Toren, counsel for plaintiff Advanced Analytics, Inc. ("Appellant") in the above captioned matter. I respectfully submit this declaration in support of Plaintiff's Supplemental Opposition to Defendants' Motion to set Briefing Schedule and Require Leave of the Court for Future Letter Filings by AAI ("Plaintiff's Supplemental Opposition").

2. Attached hereto as Exhibits A and B are true and correct copies of the

   following documents, which are referenced in Plaintiff's

   Supplemental Opposition.

   Exhibit A:  Requested Documents needed by Plaintiff and the Court.

   Exhibit B: Excerpts from Memorandum of Law in Support of

   Defendants Citigroup Global Markets, Inc. and the Yield Book Inc.'s

   (I) Motion to Strike Plaintiff's Rule 56(h) Motion and (II) Motion for

   Sanctions dated July 11, 2019. ECF No. 318, 04-cv-03531-LTS-SLC.


   Dated: May 15, 2023                     /s/ Peter J. Toren

                                           Law Office of Peter J. Toren
                                           43 West 43rd Street, Suite 266
                                           New York, N.Y. 10036-7424
                                           (646) 623-4654
                                           (ptoren@ptoren@petertoren.com)

                                           *Attorney for Plaintiff-Appellant*
                                           *Advanced Analytics, Inc.*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2) (A) because it contains 5198 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Office Word in 14-point Times New Roman.

*/s/ Peter J Toren*

Peter J. Toren

# EXHIBIT A

## Requested Documents needed by Plaintiff and the Court

The Court's May 5, 2023, Order directed Plaintiff:

> to the extent it wishes to include in the appendix documents that were not first filed on the district court docket, what rules and other authorities permit each such document to be made part of the appendix.

Plaintiff at this time wishes only to include specific documents that were filed in the district court but are either not in the record because of deficiencies and errors therein, or not adequately identified in the record with regard to sealed entries. *See* the Supplemental Opposition. Thus, Plaintiff relies on FRAP 30 (a)(1)(A)(D) to include these documents. This list of documents and entries for inclusion for the appendix and the record may be supplemented after the identification and provision of the sealed documents.

Plaintiff first asked Defendants to disclose the identities of these documents in the sealed entries, and to provide them, *see* Ex. 1 of Letter to Defendants of September 6, 2022. If Defendants still do not provide the identities of these documents, Plaintiff will move under FRAP 10(e) to correct and complete the District Court's record.

Defendants improperly made "Confidential" or "Highly Confidential" designations of these judicial documents which should be in the public record, therefore they must produce text-searchable redacted versions pursuant to L.R. 25.1 and L.R. 25.2.

In addition, Defendants should produce the text-searchable electronic psd files to the Court and Plaintiff for such documents pursuant to FRAP or L.R. 25.1 and L.R. 25.2.

1. Pursuant to FRAP 30(a) and LR, the Appendix may include the relevant documents. to complete and correct the record under FRAP10(e).

1. "FRAP30(a)(1)(A)(D)", and if the text-searchable electronic document is missing,  "FRAP10(e)" is designated as  "FRAP 30(a), 10(e)" in the Table below. The judicial court documents must be included in the record and index, not as just part of the Appendix.

| Dates | ECF No. (if there is one) | Documents requested by Plaintiff for the appeal for inclusion Joint Appendix | Identifiable in Index? (Yes or No?) | FRAP 30(a and LR that permit inclusion in Appendix |
|---|---|---|---|---|
| 10/24/2020 | 459 | Text-searchable Defs' Redacted Version pdf files of  the 4th Fan Decl. ECF 362-363, or ECF 276.<br><br>REDACTION to 276 Sealed Document Redaction to ECF 276, 4th Fan Declaration in 3 parts and exhibits redacted by Defendants, exhibit 6 to Plaintiff's response to motion to intervene and unseal, ECF 457by Advanced Analytics, Inc. (Attachments: # 1 Supplement, # 2 Supplement, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 | Yes | FRAP 30(a)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18<br>Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24<br>Exhibit, # 25 Exhibit).(Toren,Peter) (Entered: 10/24/2020)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | | |
| 10/28/2019 | 363 | 11/07/2019)<br>SEALED DOCUMENT placed in vault.(mhe) (Entered: 10/29/2019)<br><br>September 4, 2019 Order Rule 56(d) Motion and R&R (Redacted)<br><br>Appendices A-C<br><br>Redacted Fourth Declaration of Jianqing Fan, Ph.D, Ex. 6 of Andrew Pierz Declaration, ECF289.<br> Report.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and  text-searchable version of such sealed documents.**<br>. | No | FRAP 10(e)(1) |

| 10/28/2019 | 362 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/29/2019):<br><br>1. Recommendation Granting Motion for Summary Judgment and Related Denial of Rule 56(d) Motion, October 28, 2019<br><br>The redacted Memorandum, Redacted ECF ⬚⬚<br><br>2. Evidence Compendium of Key Documents Cited in s Report and Recommendation Granting Motion for Summary Judgment and Related Denial of Rule 56(d) Motion, October 28, 2019<br><br>a. Exhibits 1-24 to Evidence Compendium<br><br>The redacted Compendium<br>b. Redacted Exhibits 1-24 to Evidence Compendium<br><br>Redacted Fourth Declaration of Jianqing Fan, Ph.D, Ex. 6 of Andrew<br><br>Pierz Declaration, ECF289.<br>3. ECF260.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable versions of such sealed documents.** | No | FRAP 10(e)(1) |

| 08/19/2019 | 331 | 08/26/2019)<br>SEALED DOCUMENT placed in vault.(rz) (Entered: 08/20/2019) Unredacted May 28, 2019 Hr Tr.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
|---|---|---|---|---|
| 07/29/2019 | 322 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/11/2019)<br><br>Motion to Strike Plaintiff's Motion Under FRCP56(h), and (II) Motion for Sanctions by Defendants Citigroup GlobalMarkets,Inc.and theYieldBookInc.,dated July11, 2019. Redacted Motion<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
| 06/27/2019 | 313 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/28/2019) including:<br><br>1. Defense Counsel Cleary Gottlieb Steen & Hamilton LLP; Memorandum of Law, June 26, 2019<br>2. Appendix | Yes | FRAP 30(a)(1)(A) |

| | | 3. Declaration<br><br>Against Defendants and Defense Counsel Cleary Gottlieb Steen & Hamilton LLP, June 25, 2019<br><br>**a.** Exhibits 1-27 to Toren Declaration<br><br>Case 22-1718, Document 35-2, 09/06/2022, 3377323, Page16 of 45<br><br>ECF. Redacted 56(h) Motion filings:<br><br>    Defense Counsel Cleary Gottlieb Steen & Hamilton LLP; Memorandum of Law, June 26, 2019<br><br>    1. Appendix<br><br>    Against Defendants and Defense Counsel Cleary Gottlieb Steen & Hamilton LLP, June 25, 2019<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable versions of such sealed documents.** | | |
| 01/16/2019 | 308 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 01/17/2019)<br><br>Defendants Reply in Further Support of Defendants Citigroup Global | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | Under FRCP 56(d) Redacted ECF?<br><br>Under FRCP 56(d).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted version of such sealed documents.**<br><br>**For Defendants Reply in Further Support of Defendants Citigroup Global (Z9) produced by Defendants, please produce a redacted and text-searchable version of this document.** | | |
| 01/02/2019 | 299 | SEALED DOCUMENT placed in vault.(rz) (Entered: 01/02/2019)<br> including:<br><br>Seventh Declaration of Xiaolu Wang, Ph.D., Jan. 2, 2019<br>Exhibit 1 to Seventh Wang Declaration<br>ECF?<br><br>**Please produce redacted and text-searchable version of such sealed documents other than the Wang declarations.** | No | FRAP 10(e)(1) |
| 12/06/2018 | 290 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 12/06/2018) | No | FRAP 10(e)(1) |

| | | Memorandum of Law in Support of Defendants Citigroup Global Markets, FRCP 56(d)<br><br>Redacted ECF? Memorandum of Law in Support of Defendants Citigroup Motion Under FRCP 56(d)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Memorandum of Law in Support of Defendants Citigroup Global Markets, FRCP 56(d) produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
|---|---|---|---|---|
| 11/13/2018 | 289 | SEALED DOCUMENT placed in vault.(rz) (Entered: 11/13/2018)<br><br>1. Plaintiff☐s Notice of Motion and Motion Under FRCP 56(d), Nov. 11, 2018;<br>2. Memorandum of Law, November 11, 2018<br>3. Declaration of Andre☐ Motion Under<br><br>   FRCP 56(d), November 8, 2018<br><br>   Exhibits 1-6 to Pierz Declaration | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | 4. Sixth Declaration of Xiaolu Wang, Ph.D, November 11, 2018.<br><br>Exhibits 1-21 to Sixth Wang Declaration<br><br>ECF Redacted?<br><br>1. 2018;<br>2. Memorandum of Law, November 11, 2018<br>3.<br><br>FRCP 56(d), November 8, 2018<br><br>Exhibits 1-6 to Pierz Declaration<br><br>4. Sixth Declaration of Xiaolu Wang, Ph.D, November 11, 2018.<br><br>Exhibits 1-21 to Sixth Wang Declaration<br><br>**Please produce redacted and text-searchable version of such sealed documents other than the Wang Declaration.** | | |
| 05/31/2017 | 276 | SEALED DOCUMENT placed in vault.(rz) (Entered: 05/31/2017) Fourth Wang Declaration of April 23    2015, and Exhibits. Redacted, January 17, 2020, ECF 426.<br>2015-11-11Moore Letter to Judge Pitman | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | 2015-11-24 Moore Letter to Judge Pitman 2016-11-11 -Moore Letter to Magistrate Judge Pitman<br><br>2016-12-6 - Moore Letter to Magistrate Judge Pitman 2016-12-14 - Moore Letter to Magistrate Judge Pitman 2017-1-10 - Moore Letter to Magistrate Judge Pitman Collins concurred and filed no objections.<br><br>**Please identify all documents contained in the sealed Docket entry and produce a redacted and text-searchable version of such sealed documents, other than the Wang declaration.** | | |
| 02/23/2015 | 262 | SEALED DOCUMENT placed in vault.(mps) (Entered: 02/24/2015)<br><br>      Summary Judgment, Feb. 23, 2015<br><br>  1. Reply Statement of Undisputed Facts Pursuant to Local Civil Rule<br><br>      56.1, February 23, 2015<br><br>  2. Reply Motion for Summary Judgment, February 23, 2015<br><br>Exhibits 1-20 to Parthum Declaration<br><br>Redacted Support of Motion for | No | FRAP 10(e)(1) |

| | | Summary Judgment, Feb. 23, 2015  Reply Statement of Undisputed Facts Pursuant to Local Civil Rule<br><br>56.1, February 23, 2015<br><br>Motion for Summary Judgment, February 23, 2015<br><br>Exhibits 1-20 to Parthum Declaration.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Reply Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, February 23, 2015, Reply Motion for Summary Judgment, February 23, 2015, Exhibits 1-20 to Parthum Declaration (Z9), produced by Defendants, please produce a redacted text-searchable version of these documents** | | |
| --- | --- | --- | --- | --- |
| 01/16/2015 | 260 | SEALED DOCUMENT placed in vault.(mps) (Entered: 01/16/2015)<br>Munves letter to MJ Pitman of January 16, 2015, and meet and-Confer regarding the Undisputed Facts of June 5, 2014, ECF.256.<br><br>Redacted 2015, meet-and-Confer regarding the Undisputed order of June 5, 2014, ECF.256. | No | FRAP 10(e)(1) |

| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | | |
|---|---|---|---|---|
| 06/13/2014 | 258 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 06/13/2014)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
| 06/12/2014 | 257 | !SEALED DOCUMENT placed in vault.(rz) (Entered: 06/12/2014) 2014-4-15 ECF240<br><br>2014-6-12 L. Friedman Letter to Pitman seeking fees<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants' Reply in Support of Application for an Award of Expenses Z9), produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |

| 06/04/2014 | 255 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 06/05/2014)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants MOL in Opposition to Plaintiff's Objection to the March 26, Order, produced by Defendants produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| --- | --- | --- | --- | --- |
| 05/30/2014 | 254 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 06/02/2014).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants' Reply MOL (Z9), produced by Defendants (Z9),, please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| 05/28/2014 | 251 | SEALED DOCUMENT placed in vault.(mps) (Entered: 05/29/2014) ☐ Judgment, including:<br><br>    1. for Summary Judgment, May 28, 2014 | No | FRAP 10(e)(1) |

|  |  | 2. Facts Pursuant to Local Civil Rule 56.1, May 28, 2014<br>3. Declaration of Kimberly Walker, June 6, 2013 Exhibits A-MMMMM to Walker Declaration<br>4. Declaration of Russell Munves, May 28, 2014 Exhibits A-M to Munves Declaration<br><br>Judgment, including:<br><br>1. Redacted judgment, May 28, 2014<br>2. Redacted Undisputed Facts Pursuant to Local Civil Rule 56.1, May 28, 2014<br>3. Redacted Declaration of Kimberly Walker, June 6, 2013, Exhibits A-MMMMM to Walker Declaration<br>4. Redacted Declaration of Russell Munves, May 28, 2014<br><br>Redacted Exhibits A-M to Munves Declaration<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For AAI Revised MSJ Opp produced by Defendants (Z9), please produce a redacted text-searchable version of this document,.** |  |  |
| 05/21/2014 | 249 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 05/22/2014) | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | Should include:<br><br>! MJ Pitman May 7, 2014 Order, ECF248<br>(Redacted ECF 252 )<br><br>Redacted, ECF248<br><br>Redacted Collins' ECF235, (Redacted ECF 253)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | | |
| 05/05/2014 | 246 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 05/06/2014)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
| 05/0?/2014 | ? | 05/0?/2014 AAI's Response to Moore Letter Motion<br><br>**Please identify the Docket entry, if any, and identify all documents contained in the sealed record, and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |

| 04/29/2014 | ? | ! Christopher Moore to MJ Pitman, renewed letter motion to strike MSJ Opposition of April 25, 2014.<br><br>**Please identify the Docket entry, if any, and identify all documents contained in the sealed record, and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
|---|---|---|---|---|
| 04/25/2014 | ? | Judgment (See ECF251), including:<br><br>Motion for Summary Judgment, April 25, 2014<br><br>Pursuant to Local Civil Rule 56.1, April 25, 2014 (See ECF251).<br><br>**Please identify the Docket entry, if any, and identify all documents contained in the sealed record, and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
| 04/16/2014 | 243 | SEALED DOCUMENT placed in vault.(mps) (Entered: 04/17/2014) !Lawrence Friedman Letter Motion For Fees.<br><br>!Jennifer Kennedy Park Declaration, Ex.A, Ex.B, Ex.B, Ex.C . | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants' Opp. to Pl's Motion to Reconsider produced by Defendants (Z9), please produce a redacted text-searchable version of this document.**<br><br>**.** | | |
| 04/15/2014 | 242 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 04/16/2014) !Defendants Motion/Opposition.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the Declaration of Jennifer Kennedy Park and exhibits, produced by Defendants (Z9), please produce a redacted text-searchable version of these documents.** | No | FRAP 10(e)(1) |
| 04/09/2014 | 239 | SEALED DOCUMENT placed in vault.(nm) (Entered: 04/10/2014) ! Memorandum of Law in support of Motion for Clarification or in the Alternative Reconsideration of a Discrete Portion of the Court's Opinion and Order of March 26, 2014 Redacted  Memorandum of Law in support of Motion for Clarification or in the Alternative Reconsideration of a Discrete Portion of the Court's Opinion and Order of March 26, 2014. | No | FRAP 10(e)(1) |

| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Plaintiff's Brief in Support of Motion for Clarification, produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
|---|---|---|---|---|
| 04/09/2014 | 238 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 04/10/2014).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable versions of such sealed documents.** | No | FRAP 10(e)(1) |
| 08/07/2013 | 232 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 08/08/2013.<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |
| 08/07/2013 | 231 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 08/08/2013). | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants' Motion to Strike.pdf, Reply declaration, reply memo of law, and exhibits produced by Defedants (Z9), please produce redacted text-searchable version of these documents.** | | |
| 07/31/2013 | | Collins opposition letter to Defendants motion to strike the Fourth Fan Declaration.<br><br>**Please identify the Docket entry, if any, and identify all documents contained in the sealed record, and produce redacted and unredacted versions of such sealed documents.** | No | FRAP 10(e)(1) |
| 07/11/2013 | | Collins' Reply in Further Support of Collins Motion to Modify or Reconsider of July 3, 2013.<br><br>**Please identify the Docket entry, if any, and identify all documents contained in the sealed record, and produce redacted and unredacted versions of such sealed documents.** | No | FRAP 10(e)(1) |
| 07/08/2013 | 222 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 07/08/2013). | No | FRAP 10(e)(1) |

| | | **Please identify all documents contained in the sealed Docket entry and produce redacted version of such sealed documents.** | | |
|---|---|---|---|---|
| | | **For the 2013 Motion for Reconsideration produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
| 06/06/2013 | 219 | SEALED DOCUMENT placed in vault.(nm) (Entered: 06/07/2013) Defendants motion for summary judgment including  Global Markets, Inc. and the Yield Book Inc., April 5, 2013<br><br>1.  Memorandum of Law of Defendants Citigroup Global Markets, Inc. and the Yield Book Inc. in Support of their Motion for Summary Judgment, April 5, 2013<br>2.  Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, April 5, 2013<br>3.  Declaration of Nathaniel E. Jedrey for Summary Judgment, April 5, 2013<br>     Exhibits 1-65 to Jedrey Declaration<br><br>Redacted Motion for Summary Judgment, including:<br><br>     Global Markets, Inc. and the Yield Book Inc., April 5, 2013 | No | FRAP 10(e)(1) |

1. Redacted Memorandum of Law of Defendants Citigroup Global

   Markets, Inc. and the Yield Book Inc. in Support of their Motion for

   Summary Judgment, April 5, 2013

2. Redacted Statement of Undisputed Facts Pursuant to Local Civil Rule

   56.1, April 5, 2013

3. Redacted Declaration of Nathaniel E. Jedrey in Support of

   April 5, 2013

Redacted Exhibits 1-65 to Jedrey Declaration.

**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**

**For the Pl's Opp. to Def's SJ Motion (Z9), please produce a redacted text-searchable version of this document.**

| 12/21/2012 | 213 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 12/21/2012).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the 2012-12-21 Pl's Corrected RCS Reply. produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| 12/06/2012 | 206 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 12/06/2012).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the 2012-12-06 Pl's Reply in Support of Objection to Dec 5 Order produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| 11/26/2012 | 205 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 11/27/2012). | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the 2012.11.26 AAI Replies produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
| 10/26/2012 | 194 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 11/05/2012).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Defendants' Opposition to AAI's Objections to the September 5 2012 Rulings produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| 10/19/2012 | 190 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 10/19/2012)<br><br>Motion for Redaction of the Electronic Transcript of the September 5, 2012 Hearing, dated October 12, 2012 re 187, and Fung Declaration. | No | FRAP 10(e)(1) |

| | | | | |
|---|---|---|---|---|
| | | **Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For Plaintiff's Notice of Non-Opposition to Defs' Motion for Redaction produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
| 10/12/2012 | 185 | SEALED DOCUMENT placed in vault.(nm) (Entered: 10/12/2012).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the 2012-10-12 Def's Motion for Redaction produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |
| 10/02/2012 | 177 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 10/02/2012).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.** | No | FRAP 10(e)(1) |

| | | For the 10-03 - Pl's Objections. produced by Defendants (Z9), please produce a redacted text-searchable version of this document. | | |
|---|---|---|---|---|
| 08/30/2012 | 165 | !SEALED DOCUMENT placed in vault.(mps) (Entered: 08/31/2012). <br><br>Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents. <br><br>For the Reply Memorandum of Law in Support of Cross-Motion to Strike.pdf produced by Defendants (Z9), please produce a redacted text-searchable version of this document. | No | FRAP 10(e)(1) |
| 08/22/2012 | 164 | !SEALED DOCUMENT placed in vault.(nm) (Entered: 08/23/2012). <br><br>Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents. <br><br>For the 2012-08-30 Pl's Reply produced by Defendants (Z9), please produce a redacted text-searchable version of this document. | No | FRAP 10(e)(1) |

| 10/23/2009 | 119 | ` !SEALED DOCUMENT placed in vault.(jri) (Entered: 10/26/2009)<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the Declaration of Marla A. Decker with exhibits.pdf and Opposition produced by Defendants (Z9), please produce redacted text-searchable versions of these documents.** | No | FRAP 10(e)(1) |
| 09/18/2009 | 116 | !SEALED DOCUMENT placed in vault.(jri) (Entered: 09/21/2009).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the the Exhibits and Pl's Ltr to MJ Pitman summary of motion produced by Defendants (Z9), please produce redacted text-searchable versions of these documents.** | No | FRAP 10(e)(1) |
| 05/16/2008 | 105 | MOTION for Summary Judgment /Notice of Motion for Summary Judgment by Defendants Citigroup Global Markets, Inc. and The Yield Book Inc., dated February 15, 2008. The | Yes | FRAP 30(a)(1)(A) |

| | | | | |
|---|---|---|---|---|
| | | accompanying documents to this motion are confidential and are being filed under seal with the Clerk of Court.. Document filed by Citigroup Global Markets, Inc.,YieldBook,Inc..(Friedman,Lawrence)(Entered:05/16/2008).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the Motion for Summary Judgment Briefing produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | | |
| 01/04/2008 | 114 | SEALED DOCUMENT placed in vault.(jri) (Entered: 08/13/2009).<br><br>**Please identify all documents contained in the sealed Docket entry and produce redacted and text-searchable version of such sealed documents.**<br><br>**For the Motion for Summary Judgment Briefing produced by Defendants (Z9), please produce a redacted text-searchable version of this document.** | No | FRAP 10(e)(1) |

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
ADVANCED ANALYTICS, INC.,                              :
                                                       :
      Plaintiff and Counterclaim-Defendant,      :      No. 04 Civ. 3531 (LTS) (HBP)
                                                       :
           v.                                   :      **CONFIDENTIAL**
                                                       :
CITIGROUP GLOBAL MARKETS, INC. f/k/a                   :
SALOMON SMITH BARNEY, INC., and THE                    :
YIELD BOOK INC., f/k/a SALOMON                         :
ANALYTICS, INC.,                                       :
                                                       :
      Defendants and Counterclaim-Plaintiffs.    :
-------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITIGROUP
GLOBAL MARKETS, INC. AND THE YIELD BOOK INC.'S (I) MOTION TO
<u>STRIKE PLAINTIFF'S RULE 56(h) MOTION AND (II) MOTION FOR SANCTIONS</u>**


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
(212) 225-2000

Attorneys for Defendants Citigroup Global Markets,
Inc. and The Yield Book Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND AND PROCEDURAL HISTORY ............................................... 3

    I.      PLAINTIFF'S 2012 MOTION TO COMPEL ..................................... 3

    II.     THE SECOND MOTION FOR SUMMARY JUDGMENT ........................... 4

    III.    THE RULE 56(d) MOTION ................................................................. 6

    IV.    THE RULE 56(h) MOTION ................................................................. 7

ARGUMENT .......................................................................................................... 7

    I.      THE MOTION IS AN UNTIMELY MOTION FOR
          RECONSIDERATION ........................................................................ 8

          1.    **The Motion is an Untimely Request to Reconsider the Rule
               56(d) Motion** ............................................................................ 9

          2.    **The Motion Is an Untimely Request for Reconsideration of the
               Court's September 5, 2012 and March 26, 2014 Orders** .................. 11

               (a)    There Is No Basis to Reconsider or Vacate the September
                        5, 2012 Order ........................................................... 12

               (b)    There Is No Basis to Reconsider or Vacate the March 26,
                        2014 Order ............................................................... 13

    II.     PLAINTIFF SHOULD BE SANCTIONED FOR FILING THE
          FRIVOLOUS RULE 56(H) MOTION ............................................... 14

          1.    **Plaintiff's Filing of the Rule 56(h) Motion is Cause for
               Sanctions in the Form of Fees and Costs** ...................................... 15

               (a)    Plaintiff's Repetition of Its Discovery-Based Allegations is
                        Sanctionable ............................................................ 16

               (b)    Plaintiff's Facially Meritless Allegations of Collusion are
                        Sanctionable ............................................................ 17

               (c)    Plaintiff's Continued Use of the Fourth Fan Declaration is
                        Sanctionable ............................................................ 19

           2.    **Plaintiff Should Be Required to Seek a Pre-Motion Conference
               Prior to Seeking any Further Relief from the Court** ...................... 22

    **CONCLUSION** ........................................................................................ **24**

result in reconsideration of the denial of the Rule 56(d) Motion. In short, with no new evidence or colorable legal basis, Plaintiff's Motion seeks to unravel nearly seven years of this Court's consistent rulings.

Plaintiff cannot and does not offer any support for its extreme request. <u>First</u>, though not explicit, the Rule 56(h) Motion is an unmistakable, untimely motion for reconsideration of the Court's denial of the Rule 56(d) Motion, which addressed each of the factual allegations Plaintiff has again raised here. <u>Second</u>, the Rule 56(h) Motion is an admitted request for reconsideration of the Court's 2012 denial of the Motion to Compel and its 2014 imposition of sanctions resulting from the improper filing of the Fourth Fan Declaration. Plaintiff does not attempt to provide any basis for its belated request for reconsideration of the Rule 56(d) Motion and, despite the Motion's attempt to repackage Plaintiff's longstanding discovery allegations as "new," offers no legitimately new evidence (much less any that could not have been discovered years ago) or other rationale that could justify consideration of that request, which is otherwise years too late.

Finally, Plaintiff's filing of the Rule 56(h) Motion is plainly sanctionable. <u>First</u>, the record demonstrates that Plaintiff has placed the instant allegations before the Court—each of which have been repeatedly raised by Plaintiff, refuted by Defendants, and rejected by the Court and the District Court—with no colorable basis and in bad faith; <u>second</u>, the Motion continues to press the more than three years old outrageous allegation, that Plaintiff's prior counsel and defense counsel conspired to stymie Plaintiff's case, without a shred of credible evidence to support such a reckless claim; and <u>third</u>, Plaintiff has, once again, impermissibly relied on the Fourth Fan Declaration. In addition to justifying the imposition of monetary sanctions against both Plaintiff and its counsel, this wanton disregard for the Court's orders and the applicable law

2

and rules merits the issuance of an order requiring Plaintiff to request a pre-motion conference

prior to seeking any further relief from the Court for any purpose.

## BACKGROUND AND PROCEDURAL HISTORY

This matter began more than fifteen years ago.  Except where necessary,

Defendants will not repeat the general facts of the case.

## I.     PLAINTIFF'S 2012 MOTION TO COMPEL

Fact discovery originally closed nearly twelve years ago, on September 28, 2007,

and was reopened after Judge Swain's decision accepting in part and rejecting in part this

Court's Report and Recommendation granting Defendants partial summary judgment.  See

Order, Nov. 22, 2010, Dkt. 124, at 5.  Following that reopening, Defendants made significant

additional productions, including of its development and testing files.  Plaintiff waited

approximately eighteen months, performing no analysis whatsoever on Defendants' produced

files, and instead requested even more discovery only ten days before the (second) discovery

close.  See Defs.' L.R. 56.1 Stmt., Apr. 5, 2013 ¶¶ 67, 69; see also Pl.'s July 9, 2012 letter (the

"Motion to Compel").[3]

In the Motion to Compel, Plaintiff argued, among other things, that: (1) Dr.

Branislav Radak, a former Vice President of Defendant the Yield Book and Vice President of the

Mortgage Research Group at Defendant CGMI, who was personally involved in generating the

codes Defendants produced, had no personal knowledge of Defendants' sequences, (2) Dr.

Radak had fabricated "bogus" code to create 1000 path sequences, (3) Defendants had withheld

relevant code from The Yield Book ("TYB"), and (4) Defendants, including Dr. Robert Russell,

a former Vice President of Defendant CGMI personally involved in the development of models

---

[3] In an effort to avoid burdening the Court with duplicative material, Defendants have not resubmitted materials previously provided to the Court.  Defendants would be pleased to provide any materials that would aid the Court in its consideration of this motion.

2.      **Plaintiff Should Be Required to Seek a Pre-Motion Conference Prior to Seeking any Further Relief from the Court**

The Court has broad, inherent power "to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."  See Bmaddox Enterprises LLC v. Oskouie, No. 17-cv-1889, 2018 WL 1229835, at *4 (S.D.N.Y. Mar. 6, 2018) (Pitman, J.); cf. Boothe v. Rossrock Funds II LP, No. 16-CV-900 (PKC), 2017 WL 2271360, at *11 (E.D.N.Y. May 23, 2017) ("Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice").

As discussed above, Plaintiff has persisted with the repeated filing of motions, objections, letters, and other forms of pleading that raise substantively identical allegations without regard to this Court's repeated rejection of them.  This Court need not provide Plaintiff an unending forum to continue this behavior.  The Court already has a procedure in place that requires parties intending to file certain motions to seek a pre-motion conference with the Court in advance of filing.  See Individual Rule of Practice of Hon. Henry B. Pitman 2.A.  In order to prevent Plaintiff from continuing with repeat filings, Defendants request that the Court extend this Individual Rule of Practice to any further request for relief from Plaintiff.  Doing so will ensure that the Court and Defendants can efficiently address any further unwarranted motions without requiring extensive briefing, which unnecessarily strains the resources of the Court and Defendants.  Such relief is not only a sound exercise of the Court's power to control its own docket but is also well in line with courts in this District that have ordered even more restrictive relief in the face of substantially similar behavior.  See e.g., Pentagen, 172 F. Supp. 2d. at 474 (exercising its authority under 28 U.S.C. § 1651(a) to enjoin Plaintiff from filing any further litigation without permission of the Court, finding that Plaintiff's "long history makes it clear

22

that. . . monetary sanctions alone will not be an effective means of deterring future frivolous litigation"); <u>Boothe</u>, No. 16-CV-900 (PKC), 2017 WL 2271360, at * 11 (ordering the clerk of court to reject further submissions signed by Plaintiff if not accompanied without leave of Court).

*[The remainder of this page is intentionally left blank]*