# Exhibit 1

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Peter Toren, Esq.
Ptoren@petertoren.com
212-278-1093

VIA ECF                                                                 September 6, 2022

Christopher P. Moore
Cleary Gottlieb Steen & Hamilton LLP
2 London Wall Place
London, London, EC2Y 5AU
United Kingdom of Great Britain and Northern Ireland

              Re:    Advanced Analytics, Inc. v. Citigroup Global Markets,
                     Inc., et al, Docket #22-1718

Dear Mr. Moore:

      We represent Advanced Analytics, Inc. ("Plaintiff") in the above-captioned case. Pursuant to FRAP 30(a)(b)(1), Plaintiff preliminarily designates the contents for a proposed Joint Appendix including but not limited to the following categories (A)-(E) of documents. Citigroup Global Markets, Inc. et al ("Defendants") may, within 14 days, serve on Plaintiff a designation of additional parts to which it wishes to direct the Appeal Court's attention, and produce the documents that are either sealed or otherwise unavailable on the dockets, pursuant to Chief Judge Swain's order *infra*. Then Plaintiff will include the designated parts and the court documents produced by Defendants and/or found by other sources in the Joint Appendix:

      (A)    All the relevant docket entries in the proceeding e.g., relevant to any of the (B)-(F) below; see the Docket Sheet, pp. 39-106, Form C, ECF no. 20-22. As Defendants have been repeatedly informed, this is only an incomplete Index which must be completed. *See* Plaintiff's letter to the Clerk of Second Circuit filed contemporaneously with this letter ("Letter to Clerk").

      (B)    The relevant portions of the pleadings, charge, findings, or opinion; They include but are not limited to all the filings, pleadings, findings or opinions that resulted, if they have independent relevance (for example, as evidence to support Plaintiff's allegations that Defendants perpetuated the 3-Prong Scheme and the 3-level Fraud from the very beginning of litigation as set forth in Addendum "A", Form C), precipitated or led to or relevant to the judgment, orders, or decisions in (C) below,

      (i) For example, these documents include but are not limited to all the relevant documents directed by Chief Judge Swain that Defendants have largely failed to produce. Chief Judge Swain on January 26, 2021, directed Defense counsel to provide an electronic copy

New York, NY ■ Los Angeles, CA ■ Denver, CO ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

**Anderson Kill P.C.**

Letter to Defendants
September 6, 2022
Page 2

of "all the relevant documents" to the Court. See ECF no.479-2, Ex. A to Plaintiff's FRE201 Motion for Judicial Notice, ECF no. 479. But Defendants largely failed to comply. The few redacted versions that Defendants did produce are only image files instead of text-searchable versions. Defendants have produced only non-searchable image pdf files for redacted versions. *See* e.g., ECF. no. 459, 04 cv. 3531. Plaintiff have requested but Defendants refused to produce the text-searchable pdf versions which are required by Local Rules 25.1 and 25.2 of Second Circuit. *See* the Letter to Clerk.

As Defendants are aware, most of the briefs were sealed without any indication of their subject matter and Defendants failed to produce redacted versions for briefs filed prior to 2009. More problematically, many filings including nearly all letters to the Court before 2018 had no ECF entries in the Index. Plaintiff's current counsel entered into appearance in 2019 in this matter which as you know was originally filed in 2004. However, despite our efforts which are continuing we have not obtained the missing record from either Defense counsel or Plaintiff's former counsel (Todd S "Collins").

Attached to this letter is a docket entry list that Plaintiff has sent numerous times to Defendants, in which the missing files are marked in red and explained in Plaintiff's emails to Defendants. Defendants/Defense counsel had only assigned the task of gathering records to an inexperienced associate who, moreover, had no personal knowledge regarding the litigation, in particular, the filings under seal and was not given access to the record of emails between Defense counsel and Plaintiff's former lead counsel Collins. Accordingly, Plaintiff again request that either you or Ms. Jennifer Park gather the requested relevant files from the email record, or alternatively and at a minimum, provide access to the email record to the individual responsible for gathering the documents.

As Defendants are fully aware, we are under a very tight schedule. Plaintiff is requesting Defendants to produce these files within 14 days. If Defendants have any problems in meeting this request, please let us know why so we may be able to solve the issue. and avoid burdening the Court.

(ii) these documents include but are not limited to all relevant documents and evidence that support the issues presented in Plaintiff' motions and objections in (B), in particular, and all of the relevant evidence showing that the finding or conclusion in (C) that is not supported by or contrary to the evidence, pursuant to FRCP10(b) (2)..

(iii) these documents include but are not limited to all relevant documents and evidence that support the issues presented to the Second Circuit in Addendum "B", Form C.

(C) the judgment, orders, or decisions in question; see Notice of Appeal, ECF no. 1, and pp. 7-13, and pp.108-375, Form C, and the orders, or decisions that have merged into them; For example, the orders of 11/12/ 2019, 12/5/2019, 12/20/2019, 1/3/2020, 1/10/2020 all merged

**Anderson Kill P.C.**

Letter to Defendants
September 6, 2022
Page 3

into the 6/9/2020 order. Therefore, the relevant filings, briefings led to these orders are part of (B) above.

  (D) The relevant portions of transcripts of orders issued from the bench or in Chambers as soon as they become available. See the transcripts listed in Form D.

  (E) Where the transcript of a hearing or trial is unavailable, the statement of the undisputed evidence or proceedings as presented in Plaintiff's motions. Regarding the Statements pp.20-23 and the Undisputed Facts in Annex A in FRE201 Motion for Judicial Notice, Defendants have 14 days if they wish to serve objections or proposed amendments after being served from this Letter pursuant FRAP 10(c).

         Sincerely,

         Anderson Kill, P.C.

         <u>/s/Peter Toren</u>
         Peter Toren

         Attorneys for Plaintiff-Appellant
         Advanced Analytics, Inc.

cc: All counsel of record (via ECF)