# Exhibit 2

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST |
| --- | --- | --- |
| NEW YORK | BEIJING | ABU DHABI   LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS    MILAN |
| SÃO PAULO | SEOUL | COLOGNE     PARIS |
| SILICON VALLEY | | FRANKFURT   ROME |
| WASHINGTON, D.C. | | |

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES

RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
   RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
   RESIDENT COUNSEL

D: +1 212 225 2357
jkpark@cgsh.com

September 20, 2022

VIA EMAIL

Peter J. Toren, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020

Re:  *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, *et al.*,
     Case No. 22-1718 (2d Cir.)

Dear Peter:

We write on behalf of Defendants-Appellees Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "Appellees") in response to Plaintiff-Appellant Advanced Analytics, Inc.'s (hereinafter, "Appellant") letter to Appellees dated September 6, 2022 (the "September 6 Letter"), Appellant's letter to the Court of Appeals for the Second Circuit's Clerk of Court, also dated September 6, 2022 (the "Clerk Letter"), and your email dated September 13, 2022 (the "September 13 Email") which responded to our September 8 email (the "September 8 Email," attached hereto with the September 13 Email collectively as Exhibit A).[1] Given your refusal to participate in a telephonic meet and confer, our responses to the assertions in your September 13 Email are set forth below.[2] In addition, this letter serves as our objections to

---

[1] Unless quoted from Appellant's correspondence or otherwise noted, docket citations to "ECF No." refer to the proceeding below, *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc., et.al*, Case No. 04 Civ. 3531 (LTS)(SLC) (S.D.N.Y.). "[D.I.]" refers to the above-captioned appeal.

[2] For the avoidance of doubt, we disagree entirely with each of the factual and legal assertions made in the September 13 Email, none of which have any foundation in the record or the law. Although we will not respond to each of those assertions, we are compelled to respond to the outrageous and false accusation that any actions undertaken by Defense counsel during the course of this case "may violate federal law." That outlandish claim, which is unbecoming of our shared profession, only further underscores our ongoing concerns regarding Appellant's

Peter J. Toren, Esq., p. 2

Appellant's purported Fed. R. App. P. 10(c) ("Rule 10(c)") statement (the "Rule 10(c) Statement").

Appellant Has Failed to Properly Designate a Joint Appendix

As we have previously explained, Appellant's designation of the Joint Appendix is materially deficient. As set out in the Federal Rules of Appellate Procedure, Appellant must prepare and file an appendix to the brief containing: (a) the relevant docket entries in the proceeding below; (b) the relevant portions of the pleadings, charge, findings, or opinion; (c) the judgment, order, or decision in question; and (d) other parts of the record to which the parties wish to direct the court's attention. Fed. R. App. P. 30(a)(1). Fed. R. App. P. 30(b)(1) states that Appellant must serve on Defendants a designation of the parts of the record, not categories of documents, it intends to include in the appendix, to which Appellees may respond by designating additional parts. Parties "must not engage in unnecessary designation of parts of the record, because the entire record is available to the court." *Id.*

The September 6 Letter and September 13 Email fall far short of that straightforward requirement. Rather than identify specific docket entries or filings, the September 6 Letter purports to designate broad categories of documents, such as "all the relevant docket entries in the proceeding" without reference to specific docket entries. *See* September 6 Letter.[3] And the September 6 Letter expressly disclaims that it represents a complete designation. *See* September 6 Letter at 1 ("Plaintiff preliminarily designates the contents for a proposed Joint Appendix including but not limited to the following categories (A)-(E) of documents."). This broad brush approach is incompatible with the requirements of Fed. R. App. P. 30.[4]

Further, your September 6 Letter and September 13 Email appear to seek to shift the burden of compiling the Joint Appendix onto Appellees. This too violates the Federal Rules of Appellate Procedure, which places the burden of initial designation on the appellant. Fed. R. App. P. 30(b)(1). It is not Appellees' responsibility to determine which parts of the record Appellant may believe are relevant to its claims. Nonetheless, to the extent the September 6 Letter requests that Appellees provide copies of the ECF-filed allegedly "missing" documents listed in red in the docket entry list attached to the September 6 Letter, a .zip file with those

---

role in the prosecution of this case, and whether, through its principal, Appellant is engaging in the unauthorized practice of law (as aided by you and your new firm), as to which the record in this case will speak for itself.

[3] Other purported "designations" appear to copy/paste from the text of Fed. R. App. P. 30 without any consideration of what filings may actually qualify. *Compare* September 6 Letter at 1 (designating at (B) "The relevant portions of the pleadings, charge, findings, or opinion [which] include but are not limited to all the filings, pleadings, findings or opinions that resulted, if they have independent relevance . . . precipitated or led to the relevant judgment, orders or decisions") *with* Fed. R. App. P. 30(a)(1) ("The appellant must prepare and file an appendix to the briefs containing:…(B) the relevant portions of the pleadings, charge, findings, or opinion").

[4] Because Appellees cannot assess what specific docket entries or filings Appellant desires to designate for inclusion in the Joint Appendix, Appellees reserve their rights with respect to both the completeness of the Joint Appendix and whether Appellee has designated parts of the record unnecessarily in violation of Fed. R. App. P. 30(b)(1) and Local Rule 30.1(f).

Peter J. Toren, Esq., p. 3

filings accompanies this letter.[5] To the extent Appellant is attempting to impose some other, additional, burden on Appellees, such an attempt is improper as discussed above.

The "Ready Date"

      The Court of Appeals' Local Rule 31.2(a)(1)(A) defines the "ready date" as the later of 14 days after (a) "appellant's receipt of the last transcript [requested on Form D]" or (b) "appellant's filing of the certificate that no transcript will be ordered." By contrast, Fed. R. App. P. 11(b)(2) and Local Rule 11.1, both of which you referenced in the September 13 Email, address the District Clerk's duties with respect to the record on appeal and do not implicate the "ready date."

      Appellant's Form D, filed on August 23, 2022 [D.I. 21], lists only one transcript for order, October 16, 2007.[6] In your September 13 Email, you claim that you have not received a response to that transcript request. We request an update on the steps that Appellant has taken to pursue its order, including (1) confirmation that Appellant transmitted the form to the Court Reporter pursuant to Fed. R. App. P. 10(b)(1)(A) (as you certified when signing Form D), (2) if so, whether you have received a response indicating whether a transcript exists and, if so, when it can be expected, and (3) if you have not received a response, whether you have contacted the Circuit Clerk to determine if the Court Reporter has completed the acknowledgement and provided an estimated completion date, or otherwise taken any steps to follow up on your request in the nearly four weeks since filing.

Appellant's Rule 10(c) Statement is Both Improper and Unnecessary

      Rule 10(c) has a straightforward, and limited, purpose: to provide a process for creating a substitute record of a hearing or trial for which a transcript is unavailable. Fed. R. App. P. 10(c) ("If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection."). *See also, e.g.*, *United States v. Regalado*, 2007 WL 403226, at *1 (S.D.N.Y. Feb. 5, 2007) (same). Where a Rule 10(c) statement is required, the burden is on the appellant to prepare the statement. *See Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016) (Rule 10(c) "clearly places the responsibility for initially creating the record on the appellant."); Knibb, Fed. Ct. App. Manual § 28:17 (7th ed. 2022) (Under Rule 10(c), "appellant starts the procedure to recreate the lost or missing record by preparing a draft statement…and serving it on appellee."). Because Appellant has failed to prepare a statement concerning any proceeding for which a transcript is not available, and instead relies on the irrelevant (and inaccurate) recounting of alleged facts set

---

[5] We continue to fail to understand how Appellant does not have certain of these "missing" documents in its possession, in particular those filed by Appellant's current counsel. *See, e.g.*, Attachment to September 6 Letter at 15-16 (identifying ECF No. 313, Appellant's Rule 56(h) Motion, as "missing" in Appellant's files).

[6] It should also be noted that Appellant's Form D does not align with the Clerk Letter. The Clerk Letter references a July 15, 2008 hearing for which a transcript is allegedly "missing" yet Appellant's Form D states that a transcript for that date is already available. *Compare* Clerk Letter at 1 *with* Form D. We do not understand how this can be the case nor do we understand why you have admittedly made no effort to date to inquire with the District Court Clerk about this, or any other, allegedly "missing" transcripts. *See* September 13 Email (stating that Appellant "intends" to inquire with the District Court Clerk about [the July 15, 2008] transcript only after receiving this response).

Peter J. Toren, Esq., p. 4

out in a previously filed brief, Appellant has failed to comply with Rule 10(c) and Appellees object to the purported Rule 10(c) Statement in its entirety.

The September 6 Letter does not identify <u>any</u> hearing or proceeding for which a transcript is unavailable. *See* September 6 Letter, at 3. For that reason alone, the September 6 Letter is not a proper Rule 10(c) statement. Instead of identifying any non-transcribed proceeding, the September 6 Letter incorporates by reference twelve pages of Appellant's prior filings in the District Court.[7] But none of those pages purport to summarize what occurred during a proceeding that was not transcribed. *See* Pls. Mot. and Request for Judicial Notice of Documents and Facts Pursuant to F.R.E. 201 and in Support of Mots. Under F.R.C.P. 59(e) and 60(b), ECF No. 479 at 20-23, Annex A (Feb. 1, 2022). Rather, they recount Appellant's well-worn, baseless, and repeatedly rejected conspiracy theories and misleadingly purport to "summarize" prior filings in the District Court action. *Id*. As a result, to the extent this sort of incorporation by reference is permissible (and that is far from clear), the cited pages contain nothing that meets the strictures of Rule 10(c).

When asked to clarify which hearings Appellant contends are properly the subject of a Rule 10(c) statement, you stated that "[t]he hearings and orders at issue include the dates of May 31, 2017, June 18, 2013, June 19, 2013, September 4, 2019, and June 9, 2020 as indicated in…" an additional nine pages (for a total of twenty-one pages) of Appellant's prior filings. *See* September 13 Email. There are a number of fundamental problems with this assertion.

First, no hearing occurred on any of the dates in question, meaning there is no proceeding to summarize under Rule 10(c). Second, to the extent those dates correspond to the entry of orders, orders are not within the scope of Rule 10(c) because, of course, those orders speak for themselves and are not in need of reconstruction by the parties. *See* Fed. R. App. P. 10(c) ("If the transcript of a hearing or trial is unavailable…"). Third, insofar as Appellant's reference to June 18, 2013 is intended to refer to the anodyne call to Magistrate Judge Pitman made jointly by Appellant's prior counsel and Appellees' counsel, the contents of that call are amply described by the existing record.[8] *See, e.g.*, Defs' Opp. To Pl's Mot. for Reconsideration, ECF No. 427 at 5 (Feb. 7, 2020) (referring to a joint call conducted "in accordance with the Code of Conduct for United States Judges" to inform Magistrate Judge Pitman of Appellant's intent to withdraw a motion for sanctions); *see also Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 2020 WL 3056450, at *7-8 (S.D.N.Y. June 9, 2020) (collecting instances in which Appellant had raised unfounded arguments, including with respect to the June 18, 2013 phone call, concerning its prior counsel's alleged collusion with Appellees).[9]

---

[7] *See id.* ("Regarding the Statements pp. 20-23 and the Undisputed Facts in Annex A in FRE201 Motion for Judicial Notice, [Appellees] have 14 days if they wish to serve objections or proposed amendments after being served from this Letter pursuant FRAP 10(c)").

[8] To be sure, Appellees do not concede that such a call would be the proper subject of a Rule 10(c) Statement.

[9] Further, even if a Rule 10(c) statement were properly prepared for this call (which it is not), Appellant's recounting would be entirely unreliable given that, as Appellant has repeatedly noted, it did not participate in the call. *See, e.g.*, Pls. Mot. Pursuant to Fed. R. Civ. P. 59(e) and 60(b) for Reconsideration and Relief from Judgment, ECF No. 467 at 12 (Dec. 3, 2021).

Peter J. Toren, Esq., p. 5

      Because Appellant's purported Rule 10(c) Statement fails to summarize any hearing or proceeding for which a transcript is not available (and indeed does not even identify any such hearing or proceeding), Appellees object to the Rule 10(c) Statement in its entirety.

                                            Sincerely,

                                            */s/ Jennifer Kennedy Park*

                                            Jennifer Kennedy Park

Attachment

cc:  All counsel of record