# Exhibit 3

# ANDERSON KILL P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Peter Toren, Esq.
Ptoren@petertoren.com
212-278-1093

VIA ECF                                                                   January 12, 2023

Jennifer Kennedy Park, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Re:  Advanced Analytics, Inc. v. Citigroup Global Markets,
      Inc., et al, Docket #22-1718

Dear Jennifer:

We represent Advanced Analytics, Inc. ("Plaintiff"). In our letters to Citigroup Global Markets, Inc. *et al* ("Defendants"), on November 2, 2022 (ECF no. 43-1), on September 6, 2022 (ECF no. 35-1), and to the Clerk on November 16, 2022 (ECF no. 44), on November 30, 2022 (ECF no. 46), on December 14, 2022 (ECF no. 47) and on December 28, 2022 (ECF no. 49) (collectively, "Plaintiff's Letters"), we detailed a number of issues concerning the deficiency of the current court records, in particular Defendants' withholding of the missing essential materials in violation of the Court order and the Local Rules of the Second Circuit, which has prevented the court records from being completed for the appeal.

Defendants have failed to respond to these issues in substance.

Plaintiff pointed out that numerous court documents are missing from the Index of the court records, which are important for this appeal *e.g.* the missing transcript from the July 15, 2008, court hearing. During that hearing, Defendants steadfastly opposed the Court's order to produce the Sequences Development and Testing Records. While claiming that these Records would have helped Defendants' defense, Defendants withheld them on the excuse that they "were irrelevant to 'plaintiff's claim'" (which Defendants mischaracterized as Defendants' False Claim "Yield Book sequences incorporated ACE," implying "Plaintiff stole Defendants code and ACE is not trade secrets")."

At no time during the hearing, even in response to MJ Pitman's order to preserve the records for production, did Defendants reveal that they had already destroyed nearly all the original records, and replaced them by documents fabricated after receiving Plaintiff's subpoena

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 2

and requests for documents, as Plaintiff's Rule 37(b) Spoliation Sanction Motion[1] revealed. This explains why Defendants resisted the production of the records, which Chief Judge Swain called "apparently relevant," for years at the cost of many millions of dollars in fees. The Court's Orders of September 30, 2021, and November 4, 2021, relied on the fabricated records, and, as such, are clearly erroneous. Thus, the July 15, 2008 transcript is evidence of reversible error.

After Plaintiff filed its Rule 37(b) Spoliation Sanction Motion, behind Plaintiff's back, Collins in collusion with Defendants jointly called the Court and immediately withdrew the Motion. This fact is undisputed and admitted by Defendants.[2] This fact is also material and essential for the appeal for at least the following reasons.

*First,* when Plaintiff's current counsel sought to file the formal spoliation motion under Rule 37(b) to sanction Defendants in October 2019, Defendants were forced again to rely on Collins' collusion to block Plaintiff from filing the motion even 6 years later, to admit Collins' secret withdrawal of Plaintiff's Rule 37(b) Motion Spoliation Sanction Motion the day after it was filed. Collins had kept Plaintiff in the dark of his withdrawal of Plaintiff's Rule 37(b) Sanction Motion until Defendants' admissions.

*Second*, when Plaintiff sought MJ Cave's consideration of this direct collusion evidence of Defendants' admission, Defendants made multiple new misrepresentations to the Court, *e.g.,* that this direct collusion evidence of joint call was the "sole evidence of collusion" in Dr. Wang's Letters of January 4, 2017 and May 31, 2017 to MJ Pitman, and that MJ Pitman reviewed and denied it in his Order of May 31, 2017. Their misrepresentations were intended to prevent the Court from ever considering this admission evidence and other evidence of collusion, and all other evidence of Defendants' fraud including Defendants' Mischaracterization of Plaintiff's claims, that was actually presented in these Letters.

Their misrepresentations are contrary to the records:

(a) Dr. Wang's Letter of January 4, 2017 and May 31, 2017 mentioned no calls, but numerous other collusion evidence; and
(b) that Defendants and Collins jointly asked MJ Pitman to sanction Dr. Wang for submitting his May 31, 2017 Letter ***after*** the May 31, 2017 Order.

Further, Defendants even altered the date of Dr. Wang's May 31, 2017 Letter to "May 30, 2017" in their 2021 document production to the Court. The evidence alterations were intended to support Defendant's willful new misrepresentations after 2019 to the Court that May 31, 2017 Letter was filed "***before***" the May 31, 2017 Order.

Because of Defendants' misrepresentations to the Court, none of hundreds pieces of new admissible evidence, in particular evidence of Collins' collusion, including Defendants'

---

[1] Plaintiff's Rule 37(b) Motion to Sanction Defendants for Spoliation and Violation of the Court Discovery Orders and Opposition to Defendants 37(c) Sanction Motion of June 17, 2013. Redacted, Ex. 11, the 6th Wang Decl. filed in support of Plaintiff's Motion to Defer, ECF no. 373. 04 Civ. 03531.

[2] See the 8th Declaration of Xiaolu Wang, pp.16-28 Ex. 2.

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 3

admission evidence of his withdrawal behind Plaintiff's back of Plaintiff Rule 37(b) Spoliation Sanction Motion, and Defendants' fraud presented in at least six declarations of Dr. Jianqing Fan and Dr. Xiaolu Wang, have ever been considered by the District Court.[3]  As a result, the Court has never considered Plaintiff's claim of misappropriation of trade secret (which Defendants and Collins in collusion mischaracterized as Defendants False Claim implying "Plaintiff stole Defendants' software code and Plaintiff's ACE sequences are not trade secret."), and mistakenly dismissed Plaintiff's claim of misappropriation of trade secret on the basis that Defendants False Claim is false.

As of today, it appears that this court conference of June 18, 2013 and some other related court proceedings may not have been recorded or transcribed.[4] Therefore, Plaintiff' Statement of Evidence Pursuant to Fed R. App. P. 10(c) is essential for the Appeal.

Defendants presented no objections in substance, other than to the form of Plaintiff's statement of evidence pursuant Fed R. App. P. 10(c). Defendants Letter actually supports that Plaintiff's statement is proper and essential to the appeal, and confirmed the reversible error of the  relevant orders and the judgment.[5]

Defendants Letter attempted to narrow the scope and to eviscerate the purposes of Fed. R. App. P. 10(c). Defendants omitted the bold-faced title of "**FRAP 10 The Record on Appeal**" "**(c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable**" and usurped the plain language "**Statement of the Evidence**" or "**the Proceedings**" to reconstruct the record, by "Summary of a Court Hearing."

According to Black's Law Dictionary (11th ed. 2019), a proceeding means "**proceeding 1.** The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. **2.** Any procedural means for seeking redress from a tribunal or agency. **3.** An act or step that is part of a larger action. **4.** The business conducted by a court or other official body; [for example] a hearing."

Obviously, the court conference/hearing of June 18, 2013, the acts and events relating to the filing of the May 31, 2013, Letter and the issuance of May 31, 2013, Order are part of "all acts and events between the time of commencement and the entry of judgment," and an act or step that is part of a larger action, and are "business conducted by a court." These are doubtlessly "proceedings." The hearings/joint call/conferences, the proceedings and these orders are the proceedings as defined by Black's Law and are affected and transpired by the events of May 31, 2017 and June 18, 2013.

It is impossible and needless for FRCP 10(c) to list all types of proceedings, or the statements of evidence transpired from the proceedings. Contrary to Defendants' baseless assertions, many courts have expressly denied the improper restriction limiting proceedings to

---

[3] Chief Judge Swain held that the new evidence after the 2012 related orders might warrant granting relief under Rule 59(e) and 60(b), Fn.1, July 7, 2022 Order, ECF. no. 497.

[4] See §E of Plaintiff's Sept. 6, 2022 Letter, as further explained in Plaintiff's September 13 Email.

[5] In response to numerous substantial Plaintiff's Letters, Defendants responded just one on September 20, 2022 ("Defendants' Letter").

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 4

only court hearings. See *In re Cambridge Literary Properties, Ltd.,* 271 F.3d 348, 348–49 (1st Cir. 2001) (as a general principle, Rule 10(c) applies to an informal pretrial conference.)

"See *Athridge v. Rivas*, 141 F.3d 357 (D.C.Cir.1998); see also *Rogan v. Menino*, 175 F.3d 75, 79 (1st Cir.) (discussing a Rule 10(c) statement approved by a district court judge that *349 recited what had been said at an unrecorded chambers conference), cert. denied, 528 U.S. 1062, 120 S.Ct. 616, 145 L.Ed.2d 511 (1999); *Barilaro v. Consolidated Rail Corp.*, 876 F.2d 260, 263 (1st Cir.1989) (suggesting that appellant should have utilized Rule 10(c) to memorialize what had occurred at a pretrial conference)."

*Id. See* also *Von Kahl v. United States*, 242 F.3d 783, 792 (8th Cir. 2001) ("Where an untranscribed proceeding [in-chambers discussions and the events transpired contact between the jury and a witness] is to be at issue on appeal, Federal Rule of Appellate Procedure 10(c) provides a mechanism by which an appellant can attempt to reconstruct a record.".)

Defendants' other objections to the FRAP 10(c) Statement are similarly without merit.

*First,* contrary to Defendants' objection, as the authorities set forth above, "When the Proceedings Were Not Recorded or When a Transcript Is Unavailable" is exactly where a "Statement of Evidence under Fed R. App. P 10(c) is proper.

*Second,* Defendants stated that "those orders speak for themselves and are not in need of reconstruction by the parties." Defendants should confirm if their position applies to all the paragraphs in Statement of Evidence under Fed R. App. P 10(c), Ex. 1. If so, that should be Defendants' consent to these statements, if not applicable to all the statements Defendants must indicate the paragraphs which they object or amend, for the District Court to settle according to the records, pursuant to Fed R. App. P 10(c).

Pursuant to FRCP10(c), Defendants must either object on substance, or adjust and state their version of events. Defendants cannot block the undisputed factual evidence from being considered by the Second Circuit.

*Third,* we note that Defendants' Letter at 4, once again confirmed that Defendants' have admitted to Collins's collusion "*See, e.g.*, Defs' Opp. To Pl's Mot. for Reconsideration, ECF No. 427 at 5 (Feb. 7, 2020) (referring to a joint call [by Collins and Defendants] conducted to inform Magistrate Judge Pitman of [Collin]'s intent to withdraw a motion for sanctions);"

While Defendants stated that "the contents of that call are amply described by the existing record," in the same paragraph, Defendants have repeated their numerous prior misrepresentations in "the existing record," that must be corrected. For example:

(i) Defendants again misrepresented that "[A]ppellant's reference to June 18, 2013 is intended to refer to" the issue about " the Code of Conduct for United States Judges," when in fact the issue is not at all about the conduct of the Court, but about the conduct of certain attorneys who appeared in the Court and about Collins' collusion with Defendants and Defense

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 5

counsel to willfully deceive the client and the Court, in violation of the Code of New York Professional Conduct and the New York Judicial Law §487.[6]

(ii) More specifically, contrary to Defendants' misrepresentation of "[A]ppellant's intent to withdraw a motion for sanctions," it was Collin's intent to withdraw the motion for sanctions against Defendants, against the express and explicit instruction of Appellant. Collins concealed from Appellant his withdrawal of the motion, and then proactively and repeatedly lied to Appellant/Plaintiff to cover up his collusion and deceit. Even though Defendants had only asked for an extension to file an opposition to Plaintiff's Rule 37(b) Spoliation Sanction Motion "in 10 days until July 26," Collins withdrew Plaintiff's Motion outright. By withdrawing Plaintiff's Motion, Collins made Defendants' opposition unnecessary and gave away Plaintiff's right to move to sanction Defendants for their fraud. In collusion with Defendants, Collins also withdrew Plaintiff's opposition to Defendants Rule 37 (c) sanction motion, and made Plaintiff a sitting duck for Defendants' attacks after having framed Plaintiff for violating a scheduling order.

(iii) Defendants cited "*Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 2020 WL 3056450,* at *7-8 (S.D.N.Y. June 9, 2020) (collecting instances in which Appellant had raised unfounded arguments, including with respect to the June 18, 2013 phone call, concerning its prior counsel's alleged collusion with Appellees)." *Id* at 4.

However, this ruling by MJ Cave did not cite any *Plaintiff*'s briefs for the "collecting instances in which Appellant had raised unfounded arguments,…," but only verbatim cited *Defendants*' briefs for "instances in which Appellant had raised unfounded arguments…", and mistakenly cited the exact Defendants' misrepresentations contrary to the original records, (a) and (b) *supra*.[7] This again confirms that Defendants' misrepresentations regarding this joint call and the events transpired, p.2 *supra*, have misled the Court and played critical role in the Judgement and the related orders, and therefore the FRAP10(c) Statement of Evidence is necessary and essential to this appeal.

Defendants refused to correct their numerous misrepresentations to the Court, even that are contradicted by the court records as set forth above at P.2. In addition, Defendants alternated the evidence submitted to the Court to support their misrepresentation and to obfuscate the clear facts in the records, in order to assert e.g. "[Dr. Wang's May 31, 2017 letter was not received until after Magistrate Judge Pitman's order was docketed] is far from clear." ¶13, Ex. 1.

FRAP 10(c) stated "the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Defendants' Letter replaced "a statement of the evidence or proceedings" with "a statement of the hearing", and replaced "the appellant's recollection," by "personal knowledge."

---

[6] See, *e.g.,* Memorandum of Law in support of Plaintiff's Motion to Defer of 11/8/2019 at p. 13. (04 Civ 3531, ECF no. 366)

[7] See Plaintiff's Request for Judicial Notice, at p.21 and Annex p.4, and the 8th Wang Decl at pp.29-45, Ex.2. *see* p.2, *supra*

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 6

    Although not required as mischaracterized by Defendants, Plaintiff's FRAP 10(c) Statement of Evidence regarding Collins' concealing from Plaintiff his secret withdrawal of Plaintiff's Rule 37(b) Motion and Opposition to Defendants 37(c) motion, and other critical facts of his deceit are based on Dr. Wang's personal knowledge.[8] *See also United States v. Regalado*, 2007 WL 403226, at *1 (S.D.N.Y. Feb. 5, 2007) (the appellant submitted a declaration in support of FRAP 10(c) statement. A stipulation is not necessary.) Defendants' Letter cited this case.

    Collins' withdrawal of Plaintiff's Spoliation Motion is an undisputed fact, based on Defense counsel, Ms. Park's personal knowledge, and numerous and repeated admissions in no less than five formal filings to the Court.[9] It is not "unreliable" but is reliable and undisputed.

    Since Appellant's counsel did not enter an appearance until 2019, and the unredacted documents missing in the court records predate this date, even if there had been no allegations of conspiracy and collusion by Collins and Defendants, Defendants may not withhold the record from the Appellate Court to prejudice Appellant in violation of the Court' order. *See United States v. Pace*, 10 F.3d 1106, 1124–25 (5th Cir. 1993) (stating that "appellant's appellate counsel, unlike appellant's trial counsel, cannot articulate here what prejudice has befallen upon appellant resulting from the missing portion of the record.")

    In sum, Plaintiff has properly presented the statement of evidence of the proceedings, including the June 18, 2013 Court Hearing/conference, and the events that transpired from the hearing pursuant to FRAP10(c). Defendants objected to the undisputed factual evidence claiming that Plaintiff did not provide a summary. This is also untrue.[10]

    Nonetheless, for Defendants' convenience, we are attaching a separate summary of FRAP 10(c) Statement of Evidence as Ex. 1 to this Letter, supported by the Eighth Declaration of Dr. Xiaolu Wang, Ex.2. Thus, Defendants has been given ample opportunity to object to any portion of Plaintiff's statement, and to propose amendments. *Id.* Plaintiff intends to present both Ex.1 and Ex.2, incorporating Defendants' responses, to the District Court to be approved and settled as part of the record on appeal pursuant to FRAP10(c), in connection to its request for assistance regarding Defendants failure to produce the court records and other documents in violation of Chief Judge Swain's order, Fed R. Civ. P and Fed R. App. P.

                                                                     Sincerely,

---

[8] *See* Plaintiff's prior filings on this subject, and Ex. 2, the Eighth Declaration of Dr. Xiaolu Wang.

[9] Defendants' filings and submissions to the Court signed by Ms. Park, including October 17, 2019 (ECF no. 355), November 11, 2019 (ECF No. 366), Opposition Memorandum of 2020-2-7 to Plaintiff's Motion to Reconsider (ECF no. 427), a letter to Chief Judge Swain in October 2020, and Defendants' letter to the Second Circuit on September 20, 2022 (CA2 ECF no. 41),

[10] See §E of Plaintiff's Sept 6, 2022 Letter, the summary in Plaintiff's Sep 13, 2022 Email, and the summary in Plaintiff's Request for Judicial Notice, pp 21-23.

**Anderson Kill P.C.**

Letter to Defendants
January 11, 2023
Page 7

                                                            Anderson Kill, P.C.

                                                            /s/Peter Toren

                                                            Peter Toren

                                                            Attorneys for Plaintiff-Appellant
                                                           Advanced Analytics, Inc.

      cc: All counsel of record (via ECF)