# Exhibit 6

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS

LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
    RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
    RESIDENT COUNSEL

D: +1 212 225 2357
jkpark@cgsh.com

February 10, 2023

<u>VIA EMAIL</u>

Peter J. Toren, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020

Re: *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, *et al.*,
<u>Case No. 22-1718 (2d Cir.)</u>

Dear Peter:

    We write on behalf of Defendants-Appellees Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "<u>Appellees</u>") in response to your email dated February 3, 2023 ("<u>February 3 Email</u>") [D.I. 58-2], and Plaintiff-Appellant Advanced Analytics, Inc.'s ("<u>AAI</u>") letter to the Clerk of Court for the United States Court of Appeals for the Second Circuit of the same date ("<u>February 3 Letter</u>") [D.I. 58-1].[1]

    Contrary to AAI's claim that Appellees "have not substantively responded" to AAI's numerous letters, *see* February 3 Email, Appellees have repeatedly done so, including most recently on January 26, 2023, *see* Appellees' Letter to P. Toren dated January 26, 2023 [D.I. 57-2] (responding to AAI's Rule 10(c) Statement); Appellees' Letter to P. Toren dated December 21, 2022 [D.I. 48-2] (requesting additional information on filed documents that AAI believes it does not have and requesting a telephonic meet and confer); Appellees' Letter to P. Toren dated November 18, 2022 [D.I. 45-2] (listing additional documents requested by AAI that Appellees were able to locate in our records and sent to AAI in a .zip file); Appellees' Letter to P. Toren dated September 20, 2022 (responding to AAI's correspondence regarding designation of the

---

[1] Unless quoted from Appellant's correspondence or otherwise noted, docket citations to "ECF No." refer to the proceeding below, *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc., et.al*, Case No. 04 Civ. 3531 (LTS)(SLC) (S.D.N.Y.). "[D.I.]" refers to the above-captioned appeal.

Peter J. Toren, Esq., p. 2

Joint Appendix and Rule 10(c) Statement).[2]  Nonetheless, as an accommodation to AAI, and to fully and finally dispel the erroneous claim that Appellees have not engaged on AAI's purported issues, below we address each point raised in your email.

     First, as a courtesy, in connection with AAI's purported request to complete a joint appendix and in response to an annotated docket entry list attached to AAI's September 6, 2022 letter, in late September we provided you with more than one hundred filed documents.  *See* Appellees' Letter to P. Toren dated September 20, 2022 [D.I. 41-2 at 2–3].  Then, as best as we could understand AAI's November 2022 letter, AAI specifically requested: (1) documents related to Appellees' 2013 motion for summary judgment dated April 25, 2014, April 29, 2014, and May 5, 2014; (2) documents related to Appellees' 2008 motion for summary judgment and AAI's 2008 motion for partial summary judgment; and (3) the redacted 4th Fan Declaration. [D.I. 43-1 at 4–5].  In response, again as a courtesy, we provided you with copies of the filed documents we were able to locate in our records.  *See* Appellees' Letter to P. Toren dated November 18, 2022 [D.I. 45-2].  With respect to the first set of documents related to the 2013 motion for summary judgment, we were unable to locate any docketed items in our records corresponding to those dates.  With respect to the second set of documents related to the 2008 motion for summary judgment, we provided you with a .zip file of copies of those documents from our records.  *Id.*  With respect to the redacted 4th Fan Declaration, we provided you with a .zip file of copies of those documents from our records.  *Id.*  Despite our request on December 21, 2022, AAI has not provided us with any additional specific docket items it does not have, instead relying on generic references to "missing essential materials".  *See* Appellees' Letter to P. Toren dated December 21, 2022 [D.I. 48-2];[3] Appellants' Letter to the Clerk of Court for the United States Court of Appeals for the Second Circuit dated January 11, 2023 [D.I. 52 at 1].

     Further, with respect to AAI's references to Chief Judge Swain's "order," which we construe as a reference to the email from Chief Judge Swain's Chambers dated January 26, 2021, requesting electronic courtesy copies of certain documents in light of the COVID-19 pandemic, we remind you that the Court specifically stated in an email dated May 10, 2021, that it would contact the parties if it required any additional documents.  *See* Exhibit A, Email from Chambers of Chief Judge Laura Taylor Swain dated May 10, 2021 ("Thank you, Mr. Toren, and all counsel.  Chambers acknowledges receipt of the materials you have sent by electronic transmission and by USB, and will contact you if it needs anything further in connection with the pending objections.").  As you know, the Court has never requested any additional documents and AAI's continued attempt to wring from that email a claim that Appellees have not complied with a court order is disingenuous at best.

---

[2] We also reject the implicit assertion in your letter that Appellees' communications need come from a specific Partner or counsel of record, or that certain of Appellees' counsel have more or less information available concerning the facts or circumstances of this matter.

[3] To the extent AAI intended to request documents that were not filed during the course of the litigation below, those documents are not part of the record on appeal and therefore are necessarily irrelevant to the creation of a joint appendix.  *See* Fed. R. App. P. 10 ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."); Fed. R. App. P. 30(a)(1) (stating the appendix must contain "the relevant docket entries in the proceeding below" and "other parts of the record").

Peter J. Toren, Esq., p. 3

Second, the confidentiality designations of documents in the proceeding below have been repeatedly litigated following Magistrate Judge Pitman's entry of the March 22, 2005 Stipulation and Protective Order. Order of Mag. Judge Pitman, ECF No. 25 (Mar. 22, 2005). AAI has moved to strike, alter, or outright ignored the confidentiality designations no fewer than five times, and each time the designations were upheld.[4] This long record dispels any suggestion that the designation of material as "Confidential" or "Highly Confidential" was in any way improper, as your email wrongly suggests.

The assertion that AAI's principal has been "blocked" from assisting you with the proceeding below and with moving this appeal forward is similarly misplaced and outright ludicrous. *See* February 3 Email, at 1. At the outset, AAI's primary complaint appears to be the mere existence of a "Highly Confidential" designation which, under the operative protective order, limits a document to attorneys' eyes only. As you well know, this designation is standard in protective orders. More directly, AAI's principal, Dr. Wang, has extensively participated in the proceeding below throughout its near two-decade history. Indeed, Dr. Wang's involvement in the matter became so pervasive that, on at least two occasions, Magistrate Judge Pitman instructed Dr. Wang to cease making submissions to the district court regarding the merits of the case. *See* Order of Mag. Judge Pitman, ECF No. 273, at 2 (Aug. 6, 2015) ("[P]laintiff's principal is directed to cease making any submissions to me that are not limited to plaintiff's efforts to secure new counsel or the pending motion of plaintiff's present counsel to withdraw."); Order of Mag. Judge Pitman, ECF No. 275, at 3–4 (May 31, 2017) ("[P]laintiff's principal is directed to make no further submissions to my chambers unless made through counsel."). And, as we have repeatedly raised to your attention, it appears to us that Dr. Wang has been acting as AAI's principle counsel for years. Against that backdrop, AAI's hollow claims concerning confidentiality designations appear designed to burden Appellees and further stall the progress of the pending appeal, and accordingly Appellees will not entertain them.

Third, AAI's request that we produce communications with AAI's prior counsel fundamentally misunderstands the nature of civil discovery, and, given your thirty years' experience, is quite surprising. As you know, discovery in this case closed in July 2012. *See* Order of Mag. Judge Pitman, ECF No. 143, at 2 (Jan. 19, 2012) ("All discovery, including expert discovery, is to be completed by July 17, 2012."). There is no legal basis on which AAI can, more than ten years later, request the production of purported documents, much less to supposedly "investigate" baseless allegations that have been repeatedly rejected by multiple Courts, multiple times. The suggestion in your email that the onus is on Appellees to provide a

---

[4] *See, e.g.*, Order of Mag. Judge Pitman, ECF No. 30, at 2 (Mar. 2, 2006) (denying AAI's motion to strike "Highly Confidential" designations); Order of Mag. Judge Pitman, ECF No. 93, at 1 (Dec. 18, 2007) (ordering AAI's principal, Dr. Wang, under penalty of contempt, not to disclose or discuss any Highly Confidential information that was improperly disclosed to him); Order of Mag. Judge Pitman, ECF No. 174, at 1 (Sept. 25, 2012) (denying AAI's application to strike "Highly Confidential" designations); *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, No. 04 CIV. 3531 LTS HBP, 2013 WL 489061, at *3 (S.D.N.Y. Feb. 8, 2013) (overruling AAI's objections to Magistrate Judge Pitman's denial of AAI's motion to reconsider his order sustaining Appellees "Highly Confidential" designations); Order of Mag. Judge Pitman, ECF No. 312, at 1–2 (May 28, 2019) (denying AAI's motion to amend the protective order and granting in part Appellees motion to seal documents containing confidential discovery material improperly filed by AAI publicly on the docket).

Peter J. Toren, Esq., p. 4

basis for their unwillingness to cede to AAI's untimely, inappropriate request is, therefore, precisely backward.

      Finally, as we have been saying for months, we absolutely believe burdening the Second Circuit's docket with this nonsense is completely inappropriate. To that end, we have repeatedly requested that we meet-and-confer to end this back and forth and move this appeal forward. We therefore completely agree that we should arrange a meet-and-confer as early as possible. Appellees are available in the afternoon on February 15.

                                              Sincerely,

                                              */s/* Jennifer Kennedy Park

                                              Jennifer Kennedy Park

# Exhibit A

Case 1:04-cv-03531-LTS-SLC Document 503-63, Filed 10/21/22 Page 2 of 3

| | |
|---|---|
| **From:** | NYSD Swain Corresp |
| **To:** | Peter Toren |
| **Cc:** | Park, Jennifer Kennedy; Moore, Christopher P.; Kessler, Thomas; Dahrouge, Adrienne; Jim Li; Andy Pierz; Daniel Peterson; chenc@lilaw.us |
| **Subject:** | Re: AAI v. Citigroup Global Markets, et al, No. 04 Civ. 3531 (LTS) |
| **Date:** | Monday, May 10, 2021 11:57:26 AM |

Thank you, Mr. Toren, and all counsel. Chambers acknowledges receipt of the materials you have sent by electronic transmission and by USB, and will contact you if it needs anything further in connection with the pending objections.

Sincerely,
Chambers of Chief Judge Laura Taylor Swain

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Sunday, May 9, 2021 9:56 PM
**To:** NYSD Swain Corresp <SwainNYSDcorresp@nysd.uscourts.gov>
**Cc:** Park, Jennifer Kennedy <jkpark@cgsh.com>; Moore, Christopher P. <cmoore@cgsh.com>; Kessler, Thomas <tkessler@cgsh.com>; Dahrouge, Adrienne <adahrouge@cgsh.com>; Jim Li <lij@lilaw.us>; Andy Pierz <pierza@lilaw.us>; Daniel Peterson <petersond@lilaw.us>; chenc@lilaw.us <chenc@lilaw.us>
**Subject:** AAI v. Citigroup Global Markets, et al, No. 04 Civ. 3531 (LTS)

**CAUTION - EXTERNAL:**

Dear Chambers of Judge Swain:

For the Court's convenience, we will be providing to Chambers tomorrow morning, a USB thumb drive that contains the Sixth Declaration of Dr. Xiaolu Wang with links to the exhibits in the above-referenced case,

Respectfully submitted
Peter J. Toren

--



(646) 623-4654
ptoren@petertoren.com
petertoren.com
Admitted to Practice in: New York, California, and the District of Columbia.

This message is being sent from a lawyer and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.