# Exhibit 9

**Peter Toren** <ptoren@petertoren.com>     Mon, Oct 9, 2023 at 7:44 PM
To: "Kessler, Thomas" <tkessler@cgsh.com>
Cc: "Park, Jennifer Kennedy" <jkpark@cgsh.com>, "Moore, Christopher P." <CMoore@cgsh.com>, "Lynch, Thomas Q." <tlynch@cgsh.com>
Bcc: jaldumas@gmail.com

Tom,

It is not helpful to simply "reject" the questions by the Second Circuit, without substantive reasoning. Refusing to address our legal and factual assertions without a valid foundation hampers any potential for meaningful dialogue and resolution of the outstanding issues. We have consistently highlighted concerns about the documents missing from the docket and various other matters for over a year. Instead of engaging constructively, Defendants have never responded substantively but have avoided all the issues.

Reiterating the Defendants' unfounded "concerns" about my professional conduct and questioning my responsibilities as licensed counsel is not a valid defense for avoiding the core issues. All the courts and I have consistently dismissed the Defendants' groundless allegations and their efforts to impede key witnesses from assisting Plaintiff's counsel and the Court.

If it is true that Defendants genuinely aim to negotiate in good faith, it is imperative for Defendants to clearly articulate their positions and respond in detail to the specific questions and proposals contained in our response to your draft stipulation. We need clarity on the nature of the dispute. Defendants have yet to contest any of the facts presented, nor have they rebutted our requests for information as required by the Federal Rules of Appellate Procedure. Plaintiff hasn't sought anything beyond these requirements. Defendants must clarify which of Plaintiff's legal rights they are challenging or seeking to "compromise."

Regardless, please provide us with the following as indicated in your stipulation:

   1. The identity of the 30 sealed entries before 2018. As you know, Plaintiff only has sealed information after 2018. We have asked Defendants to provide this information beginning over a year ago and have provided Defendants with everything that Plaintiff knew or could surmise in the Appendix, with the missing information and files highlighted in red.
   2. All the Missing Court Files 2-5 that Defendants have admitted are not in the docket, and Plaintiff does not have.
   3. Redacted copies of items 9-11 as proposed in Defendants' stipulation.
   4. Additional Missing Court files as listed in our Appendix.

Should the Defendants contest our Motion for extension, particularly considering the impending deadline for the appendix and brief, we request that items 1 and 2 be provided by COB this Wednesday, with items 3 and 4 to be submitted by October 15th. Given the size of your legal team, we believe this is a reasonable timeframe.

If this is not feasible, please specify the additional time Defendants will require. Furthermore, if Defendants still want to postpone filing the Opposition as indicated in their Stipulation, Defendants must agree to a fair extension, as outlined in our motion for extension.

Your prompt response is highly appreciated,

Regards,
Peter

On Mon, Oct 9, 2023 at 1:23 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

Peter –

As ever, we disagree entirely with the factual and legal claims made in your email below, which fly in the face of the record in this matter and well-established law.  That said, I will specifically respond to reject (yet again) any suggestion that we have acted out of step with our professional or ethical obligations.  Further, as you know, we have a longstanding concern regarding whether AAI's submissions reflect any substantive involvement of licensed counsel, or whether AAI is effectively, through Dr. Wang, representing itself in violation of applicable law.  AAI's recent motions, and the correspondence below, only lend further credence to that concern.  We continue to reserve all rights in that regard.

In any event, it is clear from the below that Plaintiff is unwilling to entertain a reasonable, logical compromise to the current dispute.  Given that, we will proceed with our responses to the motions you have filed.

Regards,

Tom

---

**Thomas S. Kessler**

Cleary Gottlieb Steen & Hamilton LLP
Assistant: ithompson@cgsh.com
One Liberty Plaza, New York NY 10006
T: +1 212 225 2884
tkessler@cgsh.com  | clearygottlieb.com
Pronouns: he/him/his

**From:** Peter Toren <ptoren@petertoren.com>
**Sent:** Friday, October 6, 2023 10:02 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>
**Cc:** Park, Jennifer Kennedy <jkpark@cgsh.com>; Moore, Christopher P. <CMoore@cgsh.com>; Lynch, Thomas Q. <tlynch@cgsh.com>
**Subject:** Re: AAI v Citi

Tom,

Thank you for your email and your constructive proposals. Plaintiff has always sought to obtain the Record for the Second Circuit with minimal burden on the SDNY or the Second Circuit. That being said, Defendants have not responded to several outstanding issues.

First, in your own words, the Record is not complete and has not been filed pursuant to Fed.R.App.P. 10(a)(1), (2), and (3), and 11(b)(2). For starters, your email and Defendants' Revised Stipulation listed 11 Court Hearing Transcripts and essential Court Files documents that must be part of the Record but are missing from the docket. Defendants explicitly admitted that these missing items need to be included in the docket to comply with Rules 10(a) and 11(b)(2). We have been asking Defendants for over a year to identify the sealed entries and to provide and include these Missing Court Files in the Record but to no avail. Defendants have avoided the issues, refusing to identify even one sealed entry, document 246, and have misled the Court regarding the identity of document 119, which Defendants placed under seal until the Second Circuit revealed their identity in its Order of August 22, 2023. In addition, more than 30 such additional sealed entries were part of the existing docket before 2019, when I entered the case. Defendants remain elusive about answering the questions posed by the Order of August 22, 2023, (see the email chain attached to your email response below for your convenience). Defendants have yet to acknowledge that they possess all the Missing Court Files and Sealed Files, and they have not explained "why [Defendants have] refused to provide any of the missing files to [Plaintiff]?"

Second, since Defendants finally admitted that they knew that the existing docket did not and does not constitute the Record, contrary to all their claims to the Second Circuit, and

there was no basis for Defendants to have requested the Court to enter a scheduling order.  As emphasized in our Second Circuit Motion for an extension, "Proceeding without an extension and enforcing a scheduling deadline in the absence of the Record will not only severely prejudice the Plaintiff but is also against the fundamental principles of the FRAP."

Given Defendants' admission of the deficiency of the docket. their reliance on the deadline, especially one procured through misrepresentations as leverage to adjourn or to dismiss Plaiintiff's FRAP 10(e) Motion and to obstruct the Record being prepared and filed is contrary to law, as indicated by Plaintiff's Motion for an extension.

Third, contrary to your suggestion, your email and the Defendants' proposal don't adequately address "the majority of our motion." For instance, whether Defendants are willing to assent to Plaintiff's Relief II regarding the retrieval of case files and emails from Collins, and their basis of objection, if any.  Their stipulation should aim to streamline issues for the courts rather than obstruct the preparing of the Record. Defendants must consent to the Plaintiff's request for an extension for genuine productive discussions to take place.

Fourth, while we reserve all rights, we concur with the Defendants' proposal to include in the docket the eleven materials, with eight being filed publicly and three others filed under seal with publicly filed redactions. We would like to review the suggested redactions.

However, Defendants may not blanket their productions as "HC." Addressing the Defendants' obligations concerning potential sealed documents is premature for this stipulation until we're informed about the documents they intend to seal.

Next, Plaintiff cannot address Defendants' claims regarding whether the additional missing documents should be filed under seal until we have a complete understanding as to the identity of the documents that Defendants claim should be filed under seal. Defendants' contention that MJ Pitman's Order from July 30, 2015, ECF No. 272 controls whether the redacted versions of the sealed documents must be provided is flawed for numerous reasons.

The 2015 Order concerned whether redacted documents should be created for a prospective new counsel to review the case status. This is totally different from the current situation concerning Defendants' obligation to provide redacted documents for the documents

they insist on sealing that Defendants must produce for the Record as required by controlling authorities, including J. Swain's IPR. There, Defendants claimed, "such a task is unduly burdensome and is unnecessary give [sic] the volume of filed documents…would require the review and possible redaction of more than 10,000 pages of documents." MJ Pitman agreed to modify the existing protective order to permit prospective new counsel to review the sealed documents, Order at 3. which "substantially diminishes the need for defendant to redact documents that are currently filed under seal." *Id.* There is no such alternative relief available here.

Indeed, MJ Pitman's 2015 Order, which you cited, is outdated and has been superseded by his Order of September 6, 2019, ECF No. 344 (denying Defendants' request to seal judicial documents). Given the changed controlling authorities, e.g., *In re Parmalat Securities Litigation,* 258 F.R.D. 236 (2009), most, if not all, judicial documents may no longer retain their initial "Confidential" or "Highly Confidential" status. The docket does not provide information about the Missing Court Files and the Missing Sealed Files in the 30 sealed entries. Thus, there is no question that Plaintiff does not know their identity and that they should be sealed because, for example, the information is publicly available. In short, we disagree entirely with Defendants' meritless position. Nonetheless, for the stipulation, both parties should retain their rights concerning designation and redaction, as outlined in our draft.

Fifth, MJ Pitman's 2015 Order indicated that Defendants argued that "more than 10,000 pages of documents" were sealed, although most, if not all, of them should be unsealed. Now, eight years later, after dozens of motions and objections, the number of pages of court documents could be many multiples of that number in 2015. For "a case such as this in which the subject matter is extremely difficult to understand," *Id.* at 4,  this alone underscores the absolute need for an extension.

Sixth, MJ Pitman's 2015 Order also recognized that "Plaintiff alleges that it invented a sequence of numbers that are uniquely beneficial in valuing mortgage-backed securities." *Id.* at 1. This totally rejected Defendants Mischaracterization of Plaintiff's claim of misappropriation of trade secrets as: "Yield Book Monte Carlo code generated ACE sequences." ("Defs False Claim," implying  "Plaintiff stole ACE from Defs" and "ACE is not trade secret.") MJ Pitman, in his 2019 R&R cited Defendants Mischaracterization embraced

by Collins and Defendants in collusion, to dismiss "Plaintiff's claim" (in reality Defendants' False Claim) as lack of evidence.

Defense counsel knew their Mischaracterization is false and have the obligation to correct it along with their other numerous misrepresentations. The New York Rules of Professional Conduct Rule 3.3 - Candor Toward the Tribunal

Rule 3.3(a)(1) prohibits a lawyer from knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

Rule 4.1 - Truthfulness in Statements to Others

Rule 4.1(a) in the context of representing a client, a lawyer shall not knowingly make a false statement of fact or law.

Your prompt response is highly appreciated,

Regards,

Peter

On Sat, Sep 30, 2023 at 3:08 PM Kessler, Thomas <tkessler@cgsh.com> wrote:

SUBJECT TO FRE 408 AND ALL APPLICABLE RULES

Peter,

We are in receipt of AAI's motion, filed late Wednesday night in the District Court.  Notwithstanding AAI's apparent inability to await our review of the materials identified in the

draft stipulation and the filing of its Motion in the District Court, we have continued to review the transcripts and other sealed materials.  In an attempt to reach resolution, and as an accommodation to AAI, Defendants are willing to docket certain items, each reflected below, that do not currently appear to have corresponding ECF numbers, without conceding their relevance or propriety with respect to the pending appeal.  As reflected in the attached revised draft stipulation, in exchange for AAI's withdrawal of its pending motion, Defendants will agree to docket the below materials.  Numbers 1(i), 1(iii)-(vii), 4 and 5 would be filed publicly, and numbers 1(ii), 2 and 3 would be publicly filed with redactions for confidential or highly confidential material, with unredacted versions being filed under seal:

1. Transcripts dated: (i) Mar. 1, 2006; (ii) July 2, 2007; (iii) Aug. 21, 2007; (iv) Oct. 1, 2007; (v) Oct. 19, 2007; (vi) Dec. 11, 2007; and (vii) July 15, 2008
2. Pltf's Revised Mem. of Law in Opp. to Defs.' Mot. for Summary Judgment, dated Apr. 25, 2014
3. Pltf's Revised Resp. to Defs.' Rule 56.1 Statement, dated Apr. 25, 2014
4. Defs.' Ltr. dated Apr. 29, 2014
5. Pltf's Ltr. dated May 5, 2014

We believe this would resolve the issue raised to us in your prior correspondence and the majority of AAI's motion.  The remainder of the relief the motion appears to seek is unwarranted and without support.  In particular, we note that this is not the first time AAI has sought to undo years of confidentiality designations made pursuant to the still-operative protective order.  Beyond the many examples of AAI attempting, unsuccessfully, to challenge confidentiality designations for specific documents, Dr. Wang will recall that in 2015, Magistrate Judge Pitman rejected a nearly-identical request.  *See* Order, dated July 30, 2015, ECF 272, at 3 ("Accordingly, plaintiff's application to compel defendant to prepare and file redacted versions of documents that have been filed under seal is denied.").  You too surely are aware of this order, given that it is cited in AAI's Motion (to the extent that portion was authored by counsel).  If AAI insists on pursuing these meritless forms of relief notwithstanding our offer above, we will proceed to oppose the motion.

For the avoidance of doubt, our compromise offer is in no way a concession as to the propriety of the confidentiality designations of these or any other materials, nor do we concede that these materials are properly part of the appellate record.  We reserve all rights.

Your prompt response is appreciated.

646) 623-4654

ptoren@petertoren.com

petertoren.com

Admitted to Practice in: New York, California, and the District of Columbia.

This message is being sent from a lawyer and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

This message is being sent from a law firm and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.

Throughout this communication, "Cleary Gottlieb" and the "firm" refer to Cleary Gottlieb Steen & Hamilton LLP and its affiliated entities in certain jurisdictions, and the term "offices" includes offices of those affiliated entities. Our external privacy statement is available at:
https://www.clearygottlieb.com/footer/privacy-statement

--



(646) 623-4654
ptoren@petertoren.com
petertoren.com
Admitted to Practice in: New York, California, and the District of Columbia.

This message is being sent from a lawyer and may contain confidential or privileged information. If you are not the intended recipient, please advise the sender immediately by reply e-mail and delete this message and any attachments without retaining a copy.