# Exhibit 10

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| ADVANCED ANALYTICS, INC.,<br><br>   Plaintiff-Counter-Defendant-Appellant,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., ET AL.,<br><br>   Defendants-Counter-Claimants-Appellees. | Case No. 22-1718 |

**APPELLEES' OPPOSITION TO AAI'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND APPENDIX PURSUANT TO FEDERAL RULES OF APPELLATE PROCEDURE 26(b)
<u>AND LOCAL RULE 27.1(f), 31.2(D)</u>**

Defendants-Appellees Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "Appellees") respectfully submit this opposition to the Motion for Extension of Time to File Brief and Appendix Pursuant to Federal Rules of Appellate Procedure 26(b) and Local Rule 27.1(f), 31.2(D) [D.I. 127][1] (the "Motion"), filed by Plaintiff-Appellant Advanced Analytics, Inc. ("AAI").

## PRELIMINARY STATEMENT

It has been nearly fourteen months since AAI's appeal was docketed. As evidenced by the record before this Court, AAI has shown little interest in reaching the merits of its appeal, despite repeated efforts from Appellees, including no less than ten requests to meet-and-confer, each of which AAI rebuffed. Indeed, it took an order of this Court to even set a briefing schedule. In keeping with its established record of dilatory tactics, AAI now seeks further delay, claiming it needs time to pursue relief in the District Court pursuant to Federal Rule of Appellate Procedure 10 ("Rule 10").

But this Court has already told AAI it will not entertain further motions concerning the completeness of the record, and that any outstanding issues must be addressed in merits briefing.[2] Notably, that decision came after AAI was directed

---

[1] Unless quoted from AAI's correspondence or otherwise noted, docket citations to "ECF No." refer to the proceeding below, *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., et.al*, Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.). Citations to "[D.I.]" refer to the above-captioned appeal.

[2] *See* Order [D.I. 124].

2

to address why the Court should delay briefing pending a potential Rule 10 motion, which AAI first indicated an intent to pursue in the District Court over a year ago. The fact that AAI now has a Rule 10 motion pending provides no basis to revisit the Court's decision. Despite unavailing attempts to shift blame to Appellees, including by filing and egregiously misrepresenting the substance and context of confidential settlement communications, it was AAI that made the decision not to seek Rule 10 relief until <u>two weeks ago</u>. Neither this Court nor Appellees should be forced to further delay this appeal—nearly twenty years in the making[3]—from proceeding according to schedule.

AAI's conduct, and this Court's prior orders, speak for themselves and the Motion should be denied.

## BACKGROUND

AAI's notice of appeal was docketed on August 8, 2022. AAI Notice of Appeal [D.I 1]. Approximately one month later, AAI first indicated its intent to seek relief under Rule 10. *See* Ltr. from P. Toren to Appellees dated Sept. 6, 2022 [D.I. 35-1, at 3] (purporting to serve a Rule 10(c) statement). In accordance with the Federal Rules of Appellate Procedure, Appellees responded to AAI's purported Rule 10(c) statement, objecting to its inclusion in the record. *See* Ltr. from

---

[3] AAI filed the original complaint in the underlying action on May 7, 2004. *See* District Court Docket Sheet [D.I. 1-2, at 10].

3

Appellees to P. Toren dated Sept. 20, 2022 [D.I. 41-2, at 3–5]. AAI took no action to pursue Rule 10 relief at that time. On January 12, 2023, AAI raised its intent to seek relief under Rule 10 again. *See* Ltr. from P. Toren to Appellees dated Jan. 12, 2023 [D.I. 53-1] (purporting to serve a second Rule 10(c) statement). Appellees objected to inclusion of this purported Rule 10(c) statement in the record as well. *See* Ltr. from Appellees to P. Toren dated Jan. 26, 2023 [D.I. 57-2, at 2–5]. AAI took no action to pursue Rule 10 relief at that time either. Instead, on March 17, 2023—over six months after first indicating its intent to seek relief under Rule 10—AAI informed this Court that it would "seek the assistance of the District Court under both Rules 10 and 11 . . . to complete the record . . . ." Ltr. from P. Toren to C. O'Hagan Wolfe dated Mar. 17, 2023 [D.I. 65, at 4].

On April 6, 2023, Appellees filed a motion requesting, *inter alia,* that the Court set a briefing schedule. Motion to Set Briefing Schedule and Require Leave of Court for Future Letter Filings [D.I. 73] ("<u>Appellees' Motion</u>"). AAI opposed the motion, stating in its April 4, 2023 opposition that it intended to move "ASAP" in the District Court for Rule 10 relief. AAI's Opp'n to Appellees' Mot. [D.I. 82, at 2]. Ten days later, the Court ordered AAI to file a supplemental response explaining, *inter alia,* "why the scheduling of the appeal should be further delayed pending [AAI's] filing of a motion in the district court under [Rule 10]." Order [D.I. 85]. AAI filed its supplemental response on May 15, 2023, indicating that it

4

was "preparing to file motions ASAP" under various provisions of Rules 10 in the District Court, and arguing that "scheduling of the appeal before the current woeful record is complete and forwarded to this Court would violate numerous Rules of FRAP and L.R, and Plaintiff's due process rights." AAI's Supp. Opp'n to Appellees' Mot. [D.I. 94, at 2] ("<u>AAI's Supplemental Opposition</u>"). Nearly two months after Appellees' Motion was fully briefed, on July 11, 2023, AAI filed its own motion requesting, *inter alia*, relief from this Court under Rule 10(e). *See* Plaintiff's (I) Motion for Record on Appeal in Compliance with Fed. R. App. Proc. And Local Rules and (II) Motion for Sanctions [D.I. 105] ("<u>AAI's First Motion</u>"). Briefing on this motion concluded on July 28, 2023. *See* AAI's First Mot. Reply [D.I. 115].

On August 22, 2023, this Court entered an order which, in relevant part, (i) set November 21, 2023 as the deadline for AAI to file its opening brief and (ii) denied AAI's First Motion in its entirety. *See* Order [D.I. 124] (the "<u>Scheduling Order</u>"). <u>The Court also stated that it "will not entertain any further motions or other communications about the completion of the record or appendix" and directed the parties to raise "any outstanding issues concerning the record" in their merits briefs</u>. *Id.* at 1–2.

Three weeks later, on the evening of September 12, 2023, AAI requested that Appellees stipulate to essentially the same relief requested in AAI's First

5

Motion, demanding a response in less than forty-eight hours. *See* Mot. Ex. B at 50–52. Appellees responded on September 14, 2023, explaining that they did not understand AAI's requests and asking AAI to prepare a proposed stipulation. *Id.* at 49–50.

On Friday, September 15, 2023, just before the close of business, AAI sent a proposed stipulation and demanded a response by close of business the following Monday, September 18, 2023.[4] *Id.* at 48–49. Despite being under no obligation to do so, Appellees immediately began to review AAI's proposal, including coordinating the review of the voluminous materials specifically referenced therein in order to determine whether such materials must remain under seal.

On September 27, 2023—over a month after the Scheduling Order—AAI filed its Rule 10 Motion in the District Court.[5] Three days later, in an effort to reach a negotiated resolution of the Rule 10 Motion, Appellees made an offer to AAI concerning the filing of certain documents identified by AAI. Mot. Ex. B at 57–58. In making that proposal, Appellees stated, repeatedly, that they were not conceding the relevance or propriety of the documents in question, but instead putting forth a proposal in the interest of compromise. *See id.* (offer made

---

[4] Appellees note that AAI affixed a purported signature of one of Appellees' counsel to the version of the stipulation it attached to the Motion. Mot. Ex. 1 at 39. For the avoidance of doubt, Appellees did not—and do not—agree to AAI's proposed stipulation.

[5] *See* Mot. Ex. A [D.I. 133], Plaintiff's Motion for Compliance with Federal Rules of Appellate Procedure 10(a), 10(e)(1)(2)(a)(b) and 11(b)(2) (the "<u>Rule 10 Motion</u>").

6

"without conceding [documents'] relevance or propriety with respect to the pending appeal").[6] *Id.* AAI did not respond. Rather than responding, it filed the instant Motion seeking further delay on Sunday, October 1, 2023, just before midnight.

**ARGUMENT**

**1. The Motion should be denied because it is an untimely back-door attempt to seek reconsideration of the Scheduling Order.**

Second Circuit Local Rule 27.1(g) states that "[a] motion for reconsideration of an order under FRAP 27(b) must be filed within 14 days after the date of the order." 2d Cir. L.R. 27.1(g). This Court entered the Scheduling Order on August 22, 2023. [D.I 124]. AAI filed the Motion seeking a *de facto* modification of the Scheduling Order forty days after it was entered. *See* Mot. at 4.

Although AAI does not style the Motion as a motion for reconsideration, there is no doubt that is what it is. The very first justification that AAI offers in support of the Motion is the (unfounded) assertion that the Scheduling Order was wrongly decided: "Given that the [Scheduling] Order does not accurately reflect the Federal Rules of Appellate Procedure, a requested extension is crucial to enable

---

[6] *See also* Mot. Ex. B at 58 ("For the avoidance of doubt, our compromise offer is in no way a concession as to the propriety of the confidentiality designations of these or any other materials, nor do we concede that these materials are properly part of the appellate record."*).* Tellingly, AAI elides this fact and represents, falsely, that "…[Appellees] explicitly agreed that these missing items need to be included in the docket, to comply with Fed. R. App. P 10(a)." Mot. at 5.

7

[AAI] to comply with the Court's Order and to prevent undue burden and confusion for the Court." Mot. at 3. The Motion is replete with similar arguments as to why AAI believes the Scheduling Order was incorrect. *See, e.g., id.* at 7 ("Proceeding without an extension and enforcing a scheduling deadline in the absence of the Record will not only severely prejudice [AAI] but is also against the fundamental principles of the FRAP."). But AAI has already had four opportunities to make its case to this Court why briefing should be delayed pending a Rule 10 motion, including three opportunities after the Court explicitly asked AAI to provide a supplemental response addressing that exact question. Order [D.I. 85].[7]

Moreover, in attempting to explain why the Court should delay these proceedings pending the Rule 10 Motion, AAI reraises the same arguments it made (unsuccessfully) in its prior briefing. *Compare* Mot. at 14 (arguing extension should be granted to allow the District Court to consider the Rule 10 Motion), *with* AAI's Supp. Opp'n at 2–3 (same); Mot. at 10 (raising sealed filings from before AAI's current counsel entered the case), *with* AAI's First Mot. at 9 (same); Mot. at 10 (claiming "collusion" between Appellees' and AAI's former counsel), *with*

---

[7] AAI tellingly fails to disclose that it previously sought effectively the same relief, and that this Court denied that request, both in contravention of Local Rule 27.1(f)(2). *See* 2d Cir. L.R. 27.1(f)(2) (requiring a movant to disclose any prior motion for similar relief, the court's ruling on it, and whether any prior order stated that "no further extension would be allowed").

8

AAI's First Mot. at 13 (same); Mot. at 10 (taking issue with confidentiality designations), *with* AAI's First Mot. at 17–18 (same); Mot. at 9 (arguing the record is incomplete), *with* AAI's Supp. Opp'n at 3 (same); Mot. at 10–11 (claiming Appellees made misrepresentations), *with* AAI's First Mot. at 13–14 (same). *See also Siji Yu v. Knighted, LLC*, 811 F. App'x 55, 57 (2d Cir. 2020) (summary order) (motions for reconsideration are not a forum to "relitigate an issue already decided").

The Court should reject AAI's attempt to avoid the Local Rules governing motions for reconsideration, which provide an independent basis for the Motion to be denied.

**2. The Motion should be denied because AAI has failed to demonstrate good cause, much less extraordinary circumstances.**

The Court may extend case deadlines "[f]or good cause." Fed. R. App. P. 26(b). But "[a]bsent extraordinary circumstance, such as serious personal illness or death in the counsel's immediate family, the court will not grant a motion to extend the time to file a brief." 2d Cir. L.R. 27.1(f)(1). The Court has interpreted "extraordinary circumstance" narrowly. *See, e.g., RLI Ins. Co. v. JDJ Marine, Inc.*, 716 F.3d 41, 44 (2d Cir. 2013). And even if an "extraordinary circumstance" occurs, "a party seeking to extend the time to file a brief must move *as soon as practicable* after the extraordinary circumstance arises." 2d Cir. L.R. 27.1(f)(3) (emphasis added).

9

AAI does not come close to demonstrating either good cause or an extraordinary circumstance. Even if AAI's claims were novel (and, as amply discussed above, they are not), they are unmoored from fact or law and provide no basis for this Court to further delay these proceedings, particularly given that AAI has been claiming an intent to seek Rule 10 relief for more than a year. For example:

<u>The Existence of Sealed Filings</u>. AAI appears to claim that the mere existence of sealed filings somehow justifies delaying this appeal. Mot. at 10 (discussing the "30 entries that were sealed prior to [AAI's] counsel entering the case"). The presence of sealed filings is certainly not extraordinary and, as Appellees have explained, AAI has failed to take any serious steps to remedy any purported difficulties it has in identifying specific docket items. *See* Appellees' Mot. at 2 (noting AAI's steadfast refusal to meet-and-confer to address its purported issues).

<u>Alleged "Collusion" Between Appellees and AAI's Prior Counsel</u>. *See* Mot. at 10. AAI has been peddling this unfounded and repeatedly rejected claim for years without any factual basis.[8] Further, any issue AAI has with the transfer of

---

[8] *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 2020 WL 3056450, at *7–8 (S.D.N.Y. June 9, 2020) (collecting instances dating back to 2017 in which AAI had raised arguments concerning its prior counsel's alleged collusion with Appellees).

10

files between its counsel (in 2019) is an issue between AAI and its prior counsel, not cause to delay this appeal further.

The Existence of Confidentiality Designations. AAI's suggestion that Appellees have "blanketed all documents as 'Highly Confidential'" in the courtesy package of case materials provided in 2022 is simply wrong. See Mot. at 10. As Appellees have explained before, "Appellees did not make any new designations" but rather "reminded AAI that the existing confidentiality designations pursuant to the operative protective order continued to apply." Appellees' Opp. to AAI's First Mot. [D.I. 109, at 14–15] ("[T]he parties are bound by the protective order entered by the District Court . . . ."). And, like sealed filings, the designation of materials under the District Court's operative protective order has no bearing on the ability of AAI to pursue its appeal.

Finally, to the extent that AAI raises any claims for the first time in its Motion, they fare no better than its recycled arguments.

Court's Ability to Access District Court Records. AAI appears to claim that the appeal should be delayed because this Court's staff requires Rule 10 relief to access records from the District Court. See Mot. at 11. This Court does not require AAI's assistance to obtain records from the District Court, as evidenced by the Court's specific direction to the parties to raise any concerns regarding the

11

completeness of the record or appendix in merits briefing and not, as AAI has done, in separate motion practice. *See* Scheduling Order at 2.

<u>Appellees' Alleged Admissions</u>. AAI's assertion that Appellees have recently made an "admission" that the record is incomplete is a flagrant misrepresentation as demonstrated by the attachments to the Motion itself. *Compare* Mot. at 5, *with* Mot. Ex. B at 57. Appellees have always maintained the view that the record is complete. *See, e.g.*, Appellees' Ltr. to P. Toren dated Sept. 20, 2022 [D.I. 41-2, at 3]. That continues to be true, as the full text of Appellees' correspondence to AAI makes clear: "[Appellees] are willing to docket certain items, each reflected below, that do not currently appear to have corresponding ECF numbers, *without conceding their relevance or propriety with respect to the pending appeal*." Mot. Ex. B at 57 (emphasis added).

Finally, and beyond its failure to meet the necessary legal requirements for an extension, the relief AAI seeks is also untenable. In essence, AAI asks this Court to grant it a near-unlimited extension that is anything but a "pragmatic alternative." Mot. at 2. Although AAI purports to request an extension to ninety-one days after either "the anticipated certification of the completion and filing of the Record" or the District Court's adjudication of AAI's Rule 10 Motion, AAI also asks that the Court grant that extension "without prejudice to [AAI] being able to renew requests and provide updates to the Court regarding the progress of

12

(i) and (ii) in the SDNY." Mot. at 3. Untangled and properly analyzed, AAI effectively requests a return to the status quo prior to the Scheduling Order, when AAI could unilaterally stall the progress of this appeal by claiming repeatedly that the record is not "complete." Such a result is flatly contrary to the purpose of the Scheduling Order and would only serve to prolong this matter, which has already stretched for nearly two decades.

## CONCLUSION

For the foregoing reasons, Appellees respectfully request that the Court deny the Motion.

Dated:   October 11, 2023
            New York, New York

>                             Respectfully submitted,
>
>                             */s/ Thomas S. Kessler*
>                             Christopher P. Moore
>                             (cmoore@cgsh.com)
>                             Jennifer Kennedy-Park
>                             (jkpark@cgsh.com)
>                             Thomas S. Kessler
>                             (tkessler@cgsh.com)
>                             CLEARY GOTTLIEB STEEN &
>                             HAMILTON LLP
>                             One Liberty Plaza
>                             New York, New York 10006
>                             T: 212-225-2000
>
>                             *Attorneys for Defendants-Counter-Claimants-Appellees*

13

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume requirements of Fed. R. App. P. 27(d)(2)(C) because:

    ☒ this brief contains 2,857 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Times New Roman.

*/s/ Thomas S. Kessler*
Thomas S. Kessler