# Exhibit 11

# Statement of the Evidence Under Rule 10(c) of the Federal Rules of Appellate Procedure

IT IS ORDERED that the following, be, and settled and approved by this Court, as a statement of the evidence regarding the Chambers telephone conference joined by Plaintiff's former counsel Mr. Todd S. Collins ("Mr. Collins") and Defense counsel Mr. Christopher Moore and Ms. Kennedy Park, held before Magistrate Judge Henry B Pitman subsequent to June 17, 2013 and before the June 19, 2013 order by Magistrate Judgement Pitman was issued, but no stenographic record has been made found for this conference and for the events that transpired afterwards:

1. Plaintiff Advanced Analytics, Inc. is the appellant herein; it appeals from the judgment of November 4, 2021, and any related orders, entered by this Court. Dr. Xiaolu Wang is the owner and the principal of Advanced Analytics, Inc.

2. At the times of these related orders on and after September 5, 2012, including the orders of March 26, 2014, and July 15, 2014, before this Court, Plaintiff's lead counsel was Mr. Todd S. Collins ("Mr. Collins"), and the lead counsel of Defendants CGMI *at al*, were and are Mr. Christopher P. Moore ("Mr. Moore"), and Ms. Jennifer Kennedy Park (Ms. Park").

3. On June 17, 2013, Plaintiff filed <u>Plaintiff's Rule 37(b) Letter Motion to Sanction Defendants for Spoliation and Violation of the Court Discovery Orders supported by the Fourth Declaration of Jianqing Fan, Ph.D. and Opposition to Defendants Rule 37 (c) Sanction Motion</u> ("<u>Plaintiff's Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants' Rule 37 (c) Motion</u>" or "<u>Plaintiff's Rule 37(b) Spoliation Sanction Motion</u>" ) in the Chambers of both Chief Judge Laura T. Swain and Magistrate Judge Henry B. Pitman.

4. On June 18, 2013, Defense counsel, Mr. Moore, filed a letter to ask Chief Judge Swain to "discard, or alternatively, forward" the Rule 37(b) Spoliation Sanction Motion to Magistrate Judge Henry B. Pitman. Mr. Moore's letter stated that Defendants "will submit a written response to Magistrate Judge Pitman addressing the unfounded allegations contained in AAI's July[sic] 17 Letter in due course." At Defendants' request, Chief Judge Swain forwarded the entire Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants' Rule 37 (c) Motion with the supporting material to Magistrate Judge Pitman.

5. On or about June 18, 2013, Defense counsel, Ms. Park requested Plaintiff to agree that the deadline for Defendants' response to Plaintiff's Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants' Rule 37 (c) Motion be extended to June 26, 2013, and that the deadline for Defendants' reply to Plaintiff's Opposition of June 4, 2013, to Defendants Motion for Summary Judgment of 2013 be stayed.

6. In the subsequent joint call with Defense counsel, including Ms. Park, to Magistrate Judge Pitman's Chambers (the "Joint Call"), Mr. Collins withdrew <u>Plaintiff's Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants' 37(c) Sanction Motion</u> just filed in the Court the day before on June 17, 2013 ("Collins' Withdrawal"),

7. Consequently, Magistrate Judge Pitman issued the order of June 19, 2013.

8. Defendants admitted directly in court filings between October 2019 and September 20, 2022, by their lead counsel, Ms. Park, the fact as stated in Paragraph 6 above, *i.e.*, that during the Joint Call, to Magistrate Judge Henry B. Pitman, Mr. Collins withdrew Plaintiff's Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants' 37(c) Motion filed on June 17, 2013.

9. Supported by the Eight Declaration of Xiaolu Wang and Collins' communications with him subsequent to the Joint Call therein, Plaintiff's principal, Dr. Xiaolu Wang, states (a) that Collins concealed his withdrawal of <u>Plaintiff's Rule 37(b) Spoliation Sanction Motion and Opposition to Defendants Rule 37(c) Letter Motion</u> from his client, that Collins' Withdrawal was against his client's express instructions; and (b) that Collins concealed the facts (a) from the Court.

10. On June 1, 2017, Mr. Collins and Defense counsel Nathaniel E. Jedrey, in emails cc-ed to Mr. Moore and Ms. Park, demanded that Dr. Wang withdraw his May 31, 2017, Letter, or else Defendants would seek to sanction Dr. Wang, for the violation of the May 31, 2017 Order that directed him to make submissions only through a new counsel, because Dr. Xiaolu Wang's May 31, 2017, letter to Magistrate Judge Pitman was filed *after* Magistrate Judge Pitman's order of May 31, 2017, had been filed with the ECF system earlier that day.

11. After Dr. Wang refused their demand to withdraw his letter, Mr. Collins submitted two letters to Magistrate Judge Pitman on June 1, 2017, and June 5, 2017, cc'ed to Defense counsel including Mr. Moore and Ms. Park, reporting that Dr. Wang's May 31, 2017, letter to Magistrate Judge Pitman was filed *after* Mr. Collins had forwarded Magistrate Judge Pitman's Order of May 31, 2017, to Dr. Wang.

12. Neither Dr. Wang's letters of January 4, 2017, nor May 31, 2017, made reference to any call.  But Defendants repeatedly asserted to Magistrate Judge Cave, *e.g.,* in their Opposition Memorandum of February 7, 2020, to Plaintiff's Motion to Reconsider of January 17, 2020, that "[i]n both letters, Plaintiff's sole 'evidence' of the alleged 'collusion' was [the call ¶6 *supra*]" and which Magistrate Judge Pitman had considered and rejected in his May 31, 2017, Order.

13. Magistrate Judge Cave's Opinion and Order of June 9, 2020, cited Defendants' assertions, so did her other opinions and orders, including the denials of Plaintiff's Motion to Defer, and the refusal to consider Plaintiff's allegation and evidence of collusion and the partial granting Defendants' November 11, 2019, Motion to Strike and for Injunction and for fee application.

14. Plaintiff stated, for example, in its Objection of MJ Cave's Opinion and Order dated June 9, 2020, that "when MJ Pitman issued his May 31, 2017 Order, he had not even received Dr. Wang's May 31, 2017 letter." "The records demonstrated that Dr. Wang did not know about the call and did not mention the call in the two letters, and that MJ Pitman had not received the collusion evidence when he issued May 31, 2017 Order." ECF. No. 442. Defendants' opposition to Plaintiff's objection to MJ Cave's orders responded that "[Dr. Wang's May 31, 2017 letter was not received until after Magistrate Judge Pitman's order was docketed] is far from clear." ECF No. 446 at 6.

15. To support their response in Paragraph 14 above, Defendants altered the date "May 31, 2017" of "Dr. Wang's May 31, 2017 Letter to Judge Pitman" to "May 30, 2017" in their most recent filings in the Chambers of Chief Judge Swain on March 1, 2021.

16. Defendants refused Plaintiff's request to correct this alteration for the Court. Following a meet-and confer regarding Plaintiff's request for judicial notice, Defendants still refused to retract their assertion in Paragraph 14 above and their alterations set forth in Paragraph 15 above for the Court, and to clarify the undisputed facts in Paragraphs 10 and 11 above for the Court.