# Exhibit 8

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
| --- | --- | --- | --- |
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
ALAN M. LEVINE
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO

VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA

KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
     RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
     RESIDENT COUNSEL

D: +1 212 225 2537
jkpark@cgsh.com

May 8, 2023

<u>VIA EMAIL</u>

Peter J. Toren, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, NY 10020

Re: *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, *et al.*,
     <u>Case No. 22-1718 (2d Cir.)</u>

Dear Peter:

We write on behalf of Defendants-Appellees Citigroup Global Markets, Inc. and The Yield Book, Inc. (together, the "<u>Appellees</u>") in response to Plaintiff-Appellant Advanced Analytics, Inc.'s ("<u>AAI</u>") letter dated April 24, 2023 (the "<u>April 24 Letter</u>"). At the outset, we are surprised at AAI's choice to waste its time on yet another lengthy missive recycling its old filings, rather than addressing the information you agreed to provide us during our recent meet-and-confer. We can only conclude that AAI has no intention of engaging with us constructively, and that its only goal continues to be delay. The record is clear regarding our positions on AAI's purported "issues" and we decline to address in full the numerous misstatements of fact and law in the April 24 Letter, which Appellees reject. Rather, we write to briefly address the following five points.

<u>First</u>, at our April 18, 2023 meet-and-confer, the parties agreed that the official July 15, 2008 hearing transcript is part of the record. Further, you agreed to provide us with (1) the list of ECF numbers that relate to documents AAI believes it is missing, and (2) a list of documents designated "confidential" or "highly confidential" that AAI would like Appellees to re- or de-designate. To date, although our meet-and-confer occurred twenty days ago, you have not provided us with any of the foregoing information.

<u>Second</u>, we have repeatedly addressed AAI's baseless claims regarding the appellate record, and refer to our prior correspondence on the matter. *See* Appellees' Letters to P. Toren dated Sept. 20, 2022 [D.I. 41-2]; Nov. 18, 2022 [D.I. 45-2]; Dec. 21, 2022 [D.I. 48-2]; Jan. 26,

Peter J. Toren, Esq., p. 2

2023 [D.I. 57-2]; Feb. 10, 2023 [D.I. 59-2]; March 3, 2023 [D.I. 62-2].  AAI's continued claim that Appellees have "avoided" the supposed "issues" raised by AAI, *see* April 24 Letter at 1, is flatly contradicted by the record.

       Third, AAI's  claims of alleged collusion and misrepresentations by Appellees' counsel, *see* April 24 Letter at 1-8, which appear to be entirely recycled from AAI's prior filings in both the proceeding below and this appeal, are categorically false.  These farcical claims were litigated extensively and repeatedly rejected by the district court.  *See, e.g.*, *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 2020 WL 3056450, at *8 (S.D.N.Y. June 9, 2020) ("AAI has failed to point to any matter that the Court has overlooked over the last 16 years of litigation in this case or through its previous dismissals of AAI's allegation of collusion that might reasonably be expected to alter any of the Court's prior decisions.").  We once again note that AAI's letters, which it continues to improperly and inexplicably choose to file on the docket, appear designed to attempt to improperly pre-argue the merits of AAI's appeal.[1]  *See* Appellees' Ltr. to P. Toren dated Jan. 26, 2023 [D.I. 57-2 at 1-2].  This tactic is clearly improper and a waste of time and the parties' and Court's resources;  Appellees will address the merits of this appeal if and when AAI ever files its opening brief.

       Fourth, we note that the April 24 Letter, to the extent we could understand it, is apparently intended at least in part to respond to Appellees' Letter to P. Toren dated January 26, 2023 [D.I. 57-2], in which Appellees objected to AAI's second attempt to prepare a purported statement pursuant to Federal Rule of Appellate Procedure 10(c) ( "Rule 10(c)").  Putting aside the fact that the April 24 Letter comes nearly *four months* after Appellees' objection, and the fact that the bulk of the April 24 Letter has nothing to do with AAI's purported Rule 10(c) statement, AAI's belated renewed attempt to formulate such a statement remains improper both as a matter of procedure and on the merits.  None of AAI's garbled justifications or misinterpretations of caselaw in support of its position on this issue have any merit and Appellees object, once again, to AAI's purported Rule 10(c) statement in its entirety for all the reasons set forth in Appellees' prior correspondence on this issue.  *See* Appellees' Ltr. to P. Toren dated Jan. 26, 2023 [D.I. 57-2]; Appellees' Ltr. to P. Toren dated Sept. 20, 2022 [D.I. 41-2].  For the avoidance of doubt, Appellees also object to the additional paragraph proposed by AAI, *see* April 24 Letter at 12, for the same reasons set forth in Appellees' prior correspondence, and for the additional reason that AAI's belated proposal of an additional paragraph is in clear violation of Rule 10(c).[2]

       Fifth, we are compelled to repeat our long-held concerns regarding the role of AAI's principal in this case, including whether AAI, through its principal, is engaging in the unauthorized practice of law with the assistance of you and your firm.  The patently frivolous nature of the April 24 Letter, in addition to AAI's actions and prior filings in this appeal, call into

---

[1]    AAI's choice to file the April 24 Letter as an exhibit in connection with its Opposition, in clear violation of the limitations set forth in Federal Rule of Appellate Procedure 27, is perhaps the most egregious example of this improper conduct to date.  *See* Fed. R. App. P. 27(a)(2)(C)(i) ("A separate brief supporting or responding to a motion must not be filed."); 27(d)(2)(A) ("a motion or response to a motion produced using a computer must not exceed 5,200 words").  Appellees reserve all rights and defenses with respect to AAI's filings, including concerning a request to strike the documents as improper.

[2]    Rule 10(c) states: "The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served.  The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval."  Fed. R. App. P. 10(c).

Peter J. Toren, Esq., p. 3

serious question whether AAI, through its principal, is in fact the primary (if not exclusive) party responsible for the drafting of papers filed on behalf of AAI or in the prosecution of AAI's appeal. *See* Motion [D.I. 73 at 17 n.9] (raising Appellees' concerns regarding this issue); Appellees' Ltr. to P. Toren dated Jan. 26, 2023 [D.I. 57-2 at 5] (same); Ex. A to Appellees' Ltr. to P. Toren dated Sept. 20, 2022 [D.I. 41-3 at 1 n.2, 6] (same). In addition, the frivolous nature of the April 24 Letter only further underscores the need for the relief sought in the Motion, namely barring AAI from filing further letters on the docket absent permission of the Court. The Court will render a decision on Appellee's request for this relief in due course; in the meantime, all of Appellees' rights are reserved.

Finally, for the avoidance of doubt, Appellees disagree entirely with the factual and legal bases for each of the purported issues and claims set forth in the April 24 Letter, each of which have been addressed, repeatedly, by Appellees in prior correspondence and/or in the proceeding below. Appellees reserve all rights and defenses.

Sincerely,

Jennifer Kennedy Park