UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ANALYTICS, INC., <br><br>                    Plaintiff, <br><br>   -v- <br><br> CITIGROUP GLOBAL MARKETS, INC., et al., <br><br>                    Defendants. | CIVIL ACTION NO. 04 Civ. 3531 (LTS) (SLC) <br><br> **ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are two motions filed by Plaintiff concerning the current state of the record (the "Record") underlying its pending appeal to the United States Court of Appeals for the Second Circuit.  See Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc., No. 22-1718 (2d Cir. filed Aug. 8, 2022) (the "Appeal").  The first motion is brought under Federal Rules of Appellate Procedure ("FRAP") 10(a), 10(e)(1)(2)(A)-(B), 11(b)(2)(A), and 30(a); the Individual Practices of Chief Judge Laura Taylor Swain; and the Court's inherent power, and asks the Court, inter alia, to supplement the Record on Appeal and compel Defendants to cooperate with Plaintiff's efforts to complete the Record.  (ECF No. 503 (the "First Motion")).  Defendants filed an opposition to the First Motion in which they argue, inter alia, that the motion is procedurally improper, without merit, and foreclosed by the Second Circuit's decision regarding the state of the Record. (ECF No. 505 at 6–22).  The second motion is brought under FRAP 10(b)(2) and 10(c); New York Judiciary Law § 487; New York Rules of Professional Conduct 3.3(a)(1), 3.4, 4.1, and 9.4; and the Court's inherent power, and asks the Court, inter alia, to approve its "statement of evidence" and to sanction Defendants for "civil conspiracy," fraud, and deception of the Court.  (ECF No. 507

(the "Second Motion," with the First Motion, the "Motions")).  On October 16, 2023, on receipt and review of the Second Motion, the Court ordered that Defendants need not respond to the Second Motion, and that the Court would rule on the Motions together in due course.  (ECF No. 510).  Plaintiff thereafter filed a reply to the First Motion.  (ECF No. 511).[1]

The Motions are DENIED.  Plaintiff recently raised the issues underlying the Motions with the Second Circuit, where it moved to "complete the record" under FRAP 10(a), 10(e)(2)-(3), 11(b)(2)(A), 27, and 30; the Second Circuit's Local Rules; and the Second Circuit's "inherent powers."  Appeal, Doc. No. 105 at 2.  On August 22, 2023, the Second Circuit denied Plaintiff's

---

[1] The Court assumes the reader's familiarity with the background of this case and references only the facts and procedural history necessary to explain this Opinion.  The lengthy procedural history of this case going back nearly 20 years is amply set forth in the Court's many decisions and orders.  See, e.g., Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2022 U.S. Dist. LEXIS 132773 (S.D.N.Y. July 26, 2022); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2022 WL 2529281 (S.D.N.Y. July 7, 2022); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2021 WL 4478621 (S.D.N.Y. Sept. 30, 2021); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2020 WL 3056450 (S.D.N.Y. June 9, 2020: Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2020 WL 91504 (S.D.N.Y. Jan. 8, 2020); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (SLC), 2019 WL 6124512 (S.D.N.Y. Nov. 19, 2019); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2019 WL 9466011 (S.D.N.Y. Sept. 4, 2019); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2019 WL 150364 (S.D.N.Y. Sept. 4, 2019); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2017 WL 11548868; Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., 301 F.R.D. 47 (S.D.N.Y. 2014); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2014 WL 2547521 (S.D.N.Y. June 5, 2014); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2014 WL 1855259 (S.D.N.Y. May 7, 2014); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., 301 F.R.D. 31 (S.D.N.Y. 2014); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2013 WL 489061 (S.D.N.Y. Feb. 8, 2013); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2012 WL 7037319 (S.D.N.Y. Sept. 25, 2012); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2010 WL 4780772 (S.D.N.Y. Nov. 22, 2010); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2009 WL 7133660 (S.D.N.Y. Aug. 5, 2009); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2008 WL 2557421 (S.D.N.Y. June 26, 2008); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2007 WL 9815910 (S.D.N.Y. Oct. 9, 2007); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2007 WL 592400 (S.D.N.Y. Feb. 13, 2007); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2006 WL 1195220 (S.D.N.Y. May 2, 2006).  (See ECF Nos. 50, 59, 82, 110, 112, 124, 174, 214, 235, 248, 256, 259, 275, 339–40, 387, 410, 438, 461, 464, 497, 500).

"motion to complete the record and for sanctions." Appeal, Doc. No. 123 at 1. Although denying Defendants' motion to impose a leave-to-file sanction against Plaintiff—after Plaintiff filed 16 letters without yet having filed its opening brief (see Appeal, Doc. Nos. 73 at 3; 105 at 5)—the Second Circuit declined to "entertain any further motions or other communications about the completion of the record or appendix" and "will not require the parties to make further attempts to comply with Federal Rule of Appellate Procedure 30(b)(1)." Appeal, Doc. No. 123 at 1 (the "August 22, 2023 Order"). The Second Circuit also directed that "any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel. If Appellees have any issue with Appellant's appendix, they may file a supplemental appendix or refer to any parts of the record they deem relevant and address the issue in their brief. . . . Appellant may address in a reply brief any issues concerning Appellees' supplemental appendix or their use of the record." Id. at 2.

Despite the Second Circuit's ruling in the August 22, 2023 Order, Plaintiff nevertheless seeks similar relief in this Court—filing the First Motion just over one month after the Second Circuit denied its request for relief—and essentially asks this Court to do what the Second Circuit would not. (See ECF No. 503). Plaintiff offers no compelling reason for the Court to do so. The Second Circuit expressly forbade future motions pertaining to the Record and relieved the parties of any obligation to agree on the contents of the appendix. Appeal, Doc. No. 123 at 1. The Second Circuit also provided Plaintiff, if it believed the record was deficient, a path to raise those issues in its brief in the Appeal. In light of the Second Circuit's decision addressing the state of the Record and holding that the path forward is for the parties to raise any issues with the

completeness of the Record in their appellate briefs, this Court is not in a position to direct otherwise.

To the extent that the Motions also ask the Court to revisit confidentiality designations of certain materials or the sealing status of Court filings dating back to 2004 (ECF No. 503 at 14), those requests have either been rejected by the Court, or are years late.  See Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2013 WL 489061, at *2 (S.D.N.Y. Feb. 8, 2013) (overruling Plaintiff's objections to Judge Pitman's Order sustaining Defendants' designation of certain materials as "highly confidential"); Advanced Analytics, Inc. v. Citigroup Glob. Mkts, Inc., No. 04 Civ. 3531 (LTS) (HBP), 2012 WL 7037319, at *1 (S.D.N.Y. Sept. 25, 2012) (denying Plaintiff's application to strike Defendants' designation of certain materials as "highly confidential" and denying Plaintiff's motion to reconsider prior decisions denying its applications to strike confidentiality designations).  (See ECF Nos. 30 (2006 Order denying application to strike "highly confidential" designations); 312 (2019 Order denying application to amend protecting order and partially granting Defendants' motion to seal certain documents)).  Moreover, as noted, Plaintiff litigated this issue unsuccessfully in the Second Circuit over the past few months, including with respect to Plaintiff's request under FRAP 10(c) to add a "statement of evidence" to the Record in place of transcripts that were not docketed.  See Appeal, Doc. Nos. 105 at 6 (Plaintiff's motion to "complete the record," arguing that "all judicial documents should be unsealed according to controlling authorities"), 21–26 (Plaintiff's arguments concerning the "statement of evidence"); 123 (denying Plaintiff's motion to complete the record).[2]  The Court

---

[2] Even if the Second Circuit had not ruled that it would not entertain further applications regarding the Record and directed the parties to include any issues concerning the Record in their appellate briefs (supra), the Court would not approve under FRAP 10(c) the "statement of evidence" submitted by Plaintiff

4

also agrees with Defendants that, to the extent Plaintiff seeks to add documents to the case docket that were not filed in this case or were affirmatively stricken by the Court, such materials should not form a part of the Record and the relief requested would exceed that permitted under FRAP 10(e).  (See ECF No. 505 at 12-16).  See generally Robinson v. Sanctuary Rec. Grps., Ltd., 589 F. Supp. 2d 273, 275 (S.D.N.Y. 2008) (noting purpose of Rule 10(e) "to correct omissions from—or misstatements in—the record on appeal, not to introduce new evidence in the court of appeals") (citation omitted).

Accordingly, the Motions are DENIED, as is Plaintiff's related request for sanctions.

The Clerk of Court is respectfully directed to close ECF Nos. 503 and 507.

Dated:       New York, New York
             October 19, 2023

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

---

as a substitute for a transcript of proceedings.  (See ECF No. 508-4 at 2-4).  Plaintiff's statement, although accompanied by a Declaration, is itself unsigned in violation of Federal Rule of Civil Procedure 11(a).  Further, the statement and Declaration contain an array of information outside the scope of what is contemplated by FRAP 10(c), including, but not limited to, (1) correspondence between the parties and their counsel outside the presence of the Court, (2) other Court filings and rulings that are not limited to a Court conference or other Court proceeding, and (3) legal theories concerning certain of the Court's rulings.  (See ECF No. 508-4 at 2-20).