**LAW OFFICE OF PETER J. TOREN**

(646) 623-4654
ptoren@petertoren.com

Attorneys for Plaintiff and Counterclaim-Defendant
Advanced Analytics, Inc.

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| --------------------------------------------------------x<br>:<br>ADVANCED ANALYTICS, INC.     :<br>:<br>  Plaintiff and Counterclaim-Defendant,  :<br>:<br>    v.         :<br>:<br>CITIGROUP GLOBAL MARKETS, INC. f/k/a<br>SALOMON SMITH BARNEY, INC., and<br>THE YIELD BOOK INC, f/k/a<br>:<br>SALOMON ANALYTICS, INC.,     :<br>:<br>  Defendants and Counterclaim-Plaintiff. :<br>--------------------------------------------------------x | **Case No. 04 Civ. 3531 (LTS) (SLC)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S OCTOBER 19, 2023 ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE APPELLATE RECORD, AND APPROVE ITS STATEMENT OF EVIDENCE AND FOR SANCTIONS;  MEMORANDUM OF LAW** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ iii

FACTUAL BACKGROUND ..........................................................................4

    I. To preempt Pl to file the FRAP10(e)(1) 10(c) Motions in SDNY, Defs filed Motion in the Second Circuit that relies entirely on Misrepresentations, as the new evidence admitted by Defs confirmed .................................................... 4

    II. Defs and Collins in collusion withhold missing court files from the Court and Pl. Defs relied on Misrepresentations to procure the deadline and distorted the Aug. 22 order as an injunction in the SDNY. ....................................................... 7

    III. Contrary to Defs misrepresentations, the August 22, 2023, Order never "forbade" any Plaintiff's motions in the SDNY, but the Oct 19 Order adopted Defs Misrepresentations. August 22, 2023 did not "admonish Pl not to file FRAP mot in SDNY", but only Defs refusal to answer the key questions. ...... 10

    IV. Contrary to Def's misrepresentations, the August 22, 2023, Order never "forbade" any Plaintiff's motions in the SDNY, only granted Defs request for venue change, and granted Plaintiff's FRAP10(e)(3) Motion .......................... 11

    V. Oct 19 Order Misconprehended about the law FRAP10(c): FRAP10(c) Mot is to be settled in SDNY,  not in CA2; 10(c) Statement was not submitted by Pl, but to be verified and signed and issued by the SDNY; ..................................... 12

    VI. Oct 19 Order erroneous on facts: Mistakenly held FRAP10(c) Mot had been submitted on July 11 Mot, denied by CA2, when July 11 Mot stated FRAP 10(e)(1) and 10 (c) must be filed in SDNY and settled by SDNY, not in CA2.  12

    VII. New evidence post-Aug 22, 2023 Order further confirmed Defs and Collins in collusion withheld Record from the Second Circuit and Pl, ........................... 12

    VIII. Oct 19 order adopted Defs Misrepresentation and considered the Aug 22 Order as an injunction. It doesn't address emails and sanction motion. ......... 14

    IX. It is not Pl who is trying to change the prior orders, but Defs who have blanketed all zip files as "HC" in violation of prior orders and refused to provide redaction in compliance with L.R. and IRP. ....................................... 14

I.    ARGUMENT ...............................................................................15

    The standard of review ................................................................. 15

    A. Motion for Reconsideration should be granted to prevent manifest injustice and to correct the following clear errors in its Oct 19, 2023, Order: ............. 15

    B. Clear Error: Pl's Rule 10(c) Motion has never been presented nor filed in the Second Circuit. ........................................................................................ 16

    C. The Oct. 19 Order erroneously held that the proposed FRAP10(c) Statement of Evidence has been denied by CA2 when it was filed in the SDNY for the first time to be adjusted and settled by the SDNY. ........................................... 17

**D.**     **The Oct. 19 Order Misinterpreted the Second Circuit's August 22, 2023, Order. ............................................................................................................. 19**

**E.**     **The Oct. 19 Order is clearly erroneous in denying Pl's FRAP 10(e)(1) Motion as only based on FRAP 10(e)(2), and cited an inapposite case, *Robinson v. Sanctuary Rec. Grps., Ltd.*, in Support Thereof. ................................................. 20**

**F.**     **The Oct. 19 Order is Clearly Erroneous in Holding that Pl was attempting to Modify a Prior Protective Order. ....................................................................... 22**

**G.**     **The Oct. 19 Order is Clearly Erroneous by Failing to Address Pl's Motion II to retrieve its case files from Collins and the sanction motion. ......................... 24**

**H.**     **All Defs actions demonstrated their motive: in collusion with Collins to obstruct Plaintiff's efforts to get the Record for the Courts and Pl. ................ 25**

**II.**     **CONCLUSION** ................................................................................................25

## TABLE OF AUTHORITIES

**Cases**

*Anwar v. Fairfield Greenwich Ltd.,* 950 F.Supp.2d 633, 638 (S.D.N.Y. 2013) ........................... 15

Armfield v. Jacobson, 95–cv–4820, 1998 WL 199852, at *2 (E.D.N.Y. Mar.27, 1998) ............. 21

Glory Wealth Shipping Serv. Ltd. v. Five Ocean Corp., 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008) ............................................................................................................................ 15

*In re General General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015) ........................................................... 23

*In re Parmalat Securities Litigation*, 258 F.R.D. 236 (S.D.N.Y. 2009) ................................. 14, 23

*Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d Cir. 2006) ................................ 14

*Mahmud v. Kaufman*, 496 F.Supp.2d 266, 269-70 (S.D.N.Y. 2007) ........................................ 15

*Robinson v. Santuary Rec. Grps., Ltd.*, 589 F. Supp. 2d 273 (S.D.N.Y. 2008) ........................... 21

Rubin v. Brady, 1992 WL 350749, *1 (S.D.N.Y.Nov.17, 1992) ................................................. 21

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) ................................................. 15

that *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d Cir. 2006) ................... 14, 23

**Rules and Laws**

Fed. R. App. P. 10(e)(1) ........................................................................................................... iv

Fed. R. App. P. 11(b)(2) .......................................................................................................... iv, 5

Fed. R. App. P.10(c) ................................................................................................................ iv

Local Rule 6.3 ................................................................................................................. iv, 1, 15

New York Judiciary Law §487 ................................................................................................ iv

# NOTICE OF MOTION

PLEASE TAKE NOTICE that pursuant Local Rule 6.3, and to Fed. R. App. P. 10(e)(1), Fed. R. App. P. 11(b)(2), Fed. R. App. P.10(c), etc, and based on the accompanying Memorandum of Law, and the pleadings and prior proceedings in this matter, Plaintiff Advanced Analytics, Inc. ("Plaintiff," or "AAI"), respectfully moves this Court to reconsider the October 19, 2023, Order (ECF No.  512 ("Oct. 19 Order"), and for the compelling reasons to grant its two Motions:

(1) Plaintiff's Motion under Federal Rules of Appellate Procedure ("FRAP") 10(a), 10(e)(1)(2)(A)-(B), 11(b)(2)(A), and 30(a), the Individual Practices of Chief Judge Laura Taylor Swain; and the Court's inherent power, to supplement the Record on Appeal and compel Defendants to cooperate with Plaintiff's efforts to complete the Record (ECF No. 503 (the "First Motion"); and

(2) Plaintiff's Motion I under FRAP 10(b)(2) and 10)(c) for Rule 10(c) Statement of Evidence; and Motion II under New York Judiciary Law §487; New York Rules of Professional Conduct 3.3(a)(10, 3.4, 4.1 and 9.4; to sanction Defendants for civil conspiracy, fraud upon the Court (ECF No. 507 (the "Second Motion")

(The remaining part of the page is intentionally left blank.)

# MEMORANDUM OF LAW

Pursuant to Fed R. Civ. P. ___and Local Rule 6.3, Advanced Analytics, Inc. (the "Plaintiff," or "AAI") respectfully submits this Memorandum of Law in support of its motion for reconsideration of the Court's Oct. 19 Order, Plaintiff Advanced Analytics, Inc. ("Plaintiff," or "AAI"), respectfully moves this Court to reconsider October 19, 2023, Order (ECF No.  512 ("Oct. 19 Order"), and for the compelling reasons to grant its two Motions:

 (1) Plaintiff's Motion under Federal Rules of Appellate Procedure ("FRAP") 10(a), 10(e)(1)(2)(A)-(B), 11(b)(2)(A), and 30(a), the Individual Practices of Chief Judge Laura Taylor Swain; and the Court's inherent power, to supplement the Record on Appeal and compel Defendants to cooperate with Plaintiff's efforts to complete the Record (ECF No. 503 (the "First Motion"); and

(2) Plaintiff's Motion I under FRAP 10(b)(2) and 10)(c) for Rule 10(c) Statement of Evidence; and Motion II under New York Judiciary Law sec. 487; New York Rules of Professional Conduct 3.3(a)(10, 3.4, 4.1 and 9.4; to sanction Defendants for civil conspiracy, fraud upon the Court (ECF No. 507 (the "Second Motion")

## INTRODUCTION

In their emails, the proposed stipulation of Sept. 30, 2023, and their opposition to Pl's First Motion ("Defs Opp"), Defs admitted that there are 7 court hearing transcripts, numerous essential court files, including 4 sets of 2014 summary judgment motion filings are missing in the woefully deficient docket. Uncontested are the facts that solely Defs and Collins hold the Missing Court Files, yet they in collusion persistently withhold them from both the Court and Pl.

The Second Circuit's Order of August 22, 2023 ("Aug. 22 Order") admonished Defs, highlighting their erroneous description of document 119's contents and their refusal to correct and to identify document 246. The Order further questioned why Defs have not provided copies of any missing documents to Pl when they clearly possess the documents.

Despite this clear admonition, Defs still refuse to explain, because they are withholding them in collusion with Collins. The Second Circuit revelation of the two sealed documents 119 and 246, singularly confirms that the Court Hearing Transcripts of July 15, 2008, and the 4 sets

of 2015 MSJ papers are missing in the docket, debunking Defs' willful misrepresentations over the past year.

Pl also notified Defs of a proposed Fed. R. App. P 10(c) Motion for Statement of Evidence, regarding the direct evidence of collusion admitted by their lead defense counsel, Ms Park. In addition, Plaintiff made six separate requests for a personal meet-and-confer with Ms. Park. However, Defs consistently thwarted Pl's attempts.

Now Defs' brazen misrepresented to the SDNY that (a) Pl's FRAP 10(e)(3) motion in CA2 were motions under FRAP 10(e)(1), 10(c) which CA2 had denied and (b) Aug. 22 Order "forbade" Pl to raise "any issues regarding record" including FRAP 10(e)(1), 10(c), in the SDNY instead of only in briefs in CA2. Both claims are totally false as shown by the record and by the portions in the Aug 22 Order itself, that were cut off and deliberately omitted by Defs' Opp. *infra.* Aug. 22 Order flatly ***denied*** Defs' "motion for a leave-to-file sanction."   Yet, Defs misrepresentations of the Aug. 22 Order insinuated that Aug 22 Order was a sweeping injunction that "forbade" and "admonished" Pl to file any motions, not just in CA2 but in the SDNY. This is totally false but was mistakenly adopted by the Oct 19 Order as "the Second Circuit's direction."

Defs' purported wishful thinking dispositions by CA2 (b) would have been contrary to the law.  The Court's October 19 Order was issued hours after Pl's Reply of October 18 without the opportunity to thoroughly review the record and[1] adopted Defs misrepresentations in their entirety.  Oct 19 Order cited did the purported "Second Circuit's direction" to deny FRAP 10(e)(1), 11(b)(2) Mot for Relief I(1)(2)(3) while ignoring Request II for Pl's case files which DEfs had argued not covered by FRAP 10(e)(1); and to deny FRAP 10(c)(1), 10(b)(2) Mot and to deny sanction motion.

---

[1] The Court issued its October 19 Order swiftly following Pl's October 18, 2023, Reply, taking into account the deadline established in the August 22 Order. Given this tight timeframe, the Court might not have had the opportunity for an exhaustive review of the record. Defs previously contended that "the adjudication of FRAP 10 may be post-scheduling," but confusing a FRAP 10(e)(2) motion to supplement an already filed record with Pl's current Motion seeks the record under FRAP 10(e)(1). Notwithstanding, Pl appreciate the Court's prompt and thorough consideration of this Motion.

Defs procured the deadline for appeal brief only through their Misrepresentations A, B, and C. Defs' Mot of April 6, 2023, hanged on repeatedly just one misquoted Local Rule 31.2(a)(1)(A) by to misrepresent "ready date" has arrived, contrary to a dozen of the Fed. R. App. P. and Local Rules. Once exposed their Misrepresentations by Pl's July 11, 2023 motion, their Opposition has just repeated one "ready date" "Appellees' Mot. at 5–6 (requesting an order (a) deeming the "ready date" to have occurred and (b) setting a briefing schedule; and (c) deadline for AAI to submit a proposed joint appendix." Id, at 6. It discarded their leave-for-file sanction against Pl, and only resurrected it by misrepresentations in the SDNY.

August 22 Order rejected Defs request (a) deeming the "ready date" to have occurred, and denied Defs request (c) "for the joint appendix."  After Pl's FRAP 10(e )(1) Motion of Sep 27, 2023, in SDNY, Defs belatedly –after one year of stonewalling---admitted the 7 court transcripts and 4 sets of 2014 MSJ papers –that have been adjudicated, not stricken by MJ Pitman--are missing in the docket. In other words, Defs admitted the docket is woefully deficient. In their Opp to Pl's Motion for extension and FRAP 10(e ) (1) Mot, Defs never mentioned their word of "ready date" again. Instead, Defs in the Second Circuit argued that Pl should have sought a motion to reconsider the August 22 2023 order.  That is an admission that Defs procured the August 22 Order by misrepresentations.

Defs' deceit did not stop there. See Pl's FRAP 10(c) Mot at 2. They deceived both SDNY and CA2 regarding Pl's request to retrieve its case files from Collins. (i) To sustain the deadline they procured, Defs deceived CA2 that Defs had nothing to do with Pl's request for its case files, that it is only "an issue between Collins and Pl's counsel."  (ii) Defs staunchly opposed the same request of retrieval of its case files, because the withheld case files contain evidence of Collins' collusion with Defs, that Pl does not know and therefore as "discovery."  This violated the Federal criminal code prohibiting obstruction and conspiracy.

The Oct. 19 Order did not address Pl's request II for case files, in First Motions under FRAP 10(e)(1)(2), and dismissed sanction motion under NY JL 487 in Second Motions with no reasons or basis. Unless the Court grants the motions, it should state its reasons and basis for the

3

record, for Plaintiff to seek further reliefs. Defs have relied on Collins' collusion to avoid all the motions, including Rule 37(b) spoliation sanction motions that would have exposed their Level 1 and Level 2 Fraud, and further misrepresentations to cover up the admission evidence of collusion. See the Second Motion. Defs have avoided all the motions for sanctions, and have never responded to any of the substance, Id. The Oct. 19 Order failed to offer any justification for absolving Defendants of accountability for their conduct, and in truth, there is no valid reason to do so.

Defs before argued that FRAP 10(e) motions may be considered after the scheduling. Now once the scheduling order has been entered, they misrepresented that no motions may be considered by the District Court.

## FACTUAL BACKGROUND[2]

**I.    To preempt Pl from filing the FRAP10(e)(1) 10(c) Motions in SDNY, Defs filed a Motion in the Second Circuit that relies entirely on Misrepresentations, as the new evidence admitted by Defs confirmed.**

The First Motion establishes that Pl diligently pursued resolving the numerous issues with Defs regarding their failure to comply with their obligations to make available the missing records, identify the sealed records, and provide redacted copies of such records that are necessary to complete the record for appeal, in violation of the Federal Rules, the Local Rules of this Court and the Second Circuit and this Court's order.

After Pl's 16 letters requesting for the Missing Court Files to compile the Record had been stonewalled by Defs dilatory and evasive tactics, on March 30, 2023, Pl noticed Defs that it was going to file Fed. R. App. P 10(e), 10(c) motions in the SDNY. In response, on April 6, 2023, Defs filed a motion in the Second Circuit to preempt Pl's motions ("Defs' Mot."), seeking

---

[2] The Court cited dozens of cases for the lengthy procedural history of this case going back nearly 20 years is amply set forth in the Court's many decisions and orders. However, this is not a proper basis not to consider Defs 3-Level Fraud. In all the cited Rulings in fn1, p.2, except three: CJ Swain's order of Nov. 22, 2010, 3-level fraud misled the Court to rely on wrong Pl's claims; prevented the facts from being considered. After Collins' collusion, Defs resurrected their 3 Prong Scheme pst 2012. This is why 10(c) and 487 Mot are necessary. See Pl's Addendum A. Now Defs 3-Level Fraud has been fully exposed. See Pl's FRAP 10(c) Mot.

to (i) set a briefing schedule, (ii) establish a deadline for AAI's submission of a joint appendix, and (iii) a leave-for-file sanction against Pl. [D.I. 73, 2-3].3  Defs' Mot is based their Misrepresentations A ("The Record is complete"), B ("Defs have produced all missing files requested by Pl"), and C ("Pl is requesting non-court files to be included in the docket").  See Pl's 10(e)(1) Mot. None of these is true. In their emails, the proposed stipulation of Sept. 30, 2023, and their opposition to Pl's First Motion ("Defs Opp"), Defs admitted that there are 7 court hearing transcripts, numerous essential court files, including 4 sets of 2014 summary judgment motion filings are missing in the woefully deficient docket.

Because Pl could not resolve these issues amicably with Defs, Pl served notifications on Defs that Plaintiff intended to file motions in the S.D.N.Y. pursuant to Fed. R. App. P.10(a) (c)(e), and Fed. R. App. P. 11(b)(2) etc. However, preempting this course of action, Defs filed a Motion with the Second Circuit on April 6, 2023, seeking the Court to set a briefing schedule and for leave of court before filing any further letters on the public docket. [D.I.72.] *Id.* at 12.  In other words, Defs sought to prevent AAI from filing motions seeking relief with the SDNY while the issues were pending before the Second Circuit.

On April 24, 2023, AAI filed an opposition [D.I.82], which pointed out that the Record of Appeal has not been filed, and Defs' attempts to block the Record from being filed, while to impose an appeal deadline before the Record is filed violated Fed. R. App. P, Rule 30(a)(1), Rule 11(b) , Rule 10(a)(c)(e), Fed. R. App. P. Rule 32(a)(b), and numerous Local Rules of the Second Circuit. *Id.* On May 15, 2023, [D.I. 94] AAI filed a supplemental briefing [D.I.85.] permitted by the Court's sua sponte order of May 4, 2023. On May 25, 2023, Defs filed a Supp. Reply. [D.I.94].

---

[3] Citations to (ECF No.) refer to this Case No. 04 Civ. 3531 (LTS) (SLC) (S.D.N.Y.), [D.I.] refer to this appeal 22-1718 pending in Second Circuit.

Next, on July 11, 2023, AAI filed motions with the Second Circuit to complete the record and for sanctions against Defs [D.I.105], to direct the Defs to follow certain procedures to get the Record.  FRAP 10(a) provides that only after the Record on Appeal is complete is the Record forwarded to the appellate court according to Fed. R. App. P 11(b)(2). *See, e.g.* Fed. R. App. P. 30(b). Fed. R. App. P. 31(a)(1) holds that all subsequent procedures, including L.R.31.2(a) begin only "after the [Record on Appeal is complete and] [and] is filed [under Fed. R. App.P11(b)(2)].

On July 21, 2023, Defs filed an opposition, which asserted that the SDNY is the proper venue: "To the extent that AAI claims the District Court record is incomplete or inaccurate … the Federal Rules provide that the District Court is the proper venue to resolve any such disputes. *See* Fed. R. App. P. 10(c), (e) (providing for District Court settlement or approval)." D.I. 109 at 10.  Defs have conceded that Plaintiff is entitled to relief under FRAP 10(e) and have proposed certain modifications to Procedures outlined in the First Motion. First Motion at 13. No authorities permit the scheduling of a brief before the Record is filed because authorities require filing the Record before the brief and appendix can be filed. *Id.* at 13.

Further, contrary to Defs assertions, setting a briefing schedule would deprive AAI's right to appeal. *Id.*  Rule 30(a)(1) of the Federal Rules of Appellate Procedure states that the documents cited by the Appendix must have "(a) the relevant docket entries in the proceedings below." Thus, the Ready Date and the Appendix will be created after completing the Index. The "list of the documents correspondingly numbered and reasonably identified" in the record is "the Index of docket entries instead of the entire record." Second Circuit Local Rule 11.1(a). This means that all the documents in the Index "must be reasonably identified." Further, where the Index entry of a document is not identified, the document cannot be in the Record. In short, the

material must be docketed in the SDNY and appear on the docket sheet for the record to be

complete, and for the appeal to move forward. *Id.*

   Defs have also conflated two basic requirements. First, there is no doubt that the brief and

appendix schedule may not be set before the Record is filed. *Id.* Defs have suggested without a

basis that this is otherwise Second, there is also no doubt that a FRAP 10 motion may be filed

after the brief and Appendix schedule has been set. Indeed, FRAP 10(e)(2)(B)(C) provides that

the Record may be corrected "before or after [the Appellate Record defined by FRAP 10(a)] has

been forwarded." Here, the Record has not been forwarded. Pl has never suggested that

"adjudication of Federal Rule 10 motions is a prerequisite to an appeal," only the filing of the

Record is a prerequisite. *Id.* at 14.

## II.   Defs and Collins in collusion withhold missing court files from the Court and Pl. Defs relied on Misrepresentations to procure the deadline and distorted Aug. 22 order as an injunction in the SDNY.

   Defs' motion relied solely on a misquoted and misrepresented Local Rule 31.2(a)(1)(A),

erroneously asserting that the "ready date" had already occurred. This stands in direct

contradiction to numerous Federal Rules of Appellate Procedure and Local Rules, all of which

explicitly state that the "ready date" can only occur when the Appellate Record has been fully

completed and filed in accordance with FRAP 10(a) and 11(b)(2).

   Defs' Mot aimed to preempt Pl's FRAP 10(e), 10(c) motions, and to deprive the Record

from the Second Circuit and Pl as affirmed by Defs Opp. Given the procedural timelines of both

the SDNY and the Second Circuit, the Second Circuit decision on their motion would likely

precede the Reliefs, e.g. I(1)(2)(3)(4), would receive from Pl's FRAP 10(e)(1), 10(c) motions in

the SDNY. Defs' outlandish leave-for-file sanction would have crippled Pl's appeal. Therefore,

Pl had to move in the Second Circuit first, under, e.g., FRAP10(e)(2)(3) to seek Reliefs

I(1)(2)(3)(4) for the Record. [D.I. 71 1-3]. As the Oct. 19 Order acknowledged, before the

Second Circuit made its rulings, Pl could not have filed its Pl's FRAP10(e)(1) motions in the

SDNY to seek the same Reliefs I(1)(2)(3)(4) for the Record on Pl's FRAP10(e)(3). Before Second Circuit, there were two proposals:

(a) Defs did not and could not substantially oppose Pl's Motion for Reliefs I(1)(2)(3)(4), but proposed a venue change to the SDNY (which would be under a different Rule, FRAP 10(e)(1)), and a revised version of Reliefs I(1)(2)(3)(4) for Record. See Pl's Reply of July 28, 2023 [D.I.115, 8-9].

(b) Pl'a Mot proposed that even after CA2 grants Mot I for Reliefs I(1)(2)(3)(4), Pl would still file Mot for Reliefs I for Record under FRAP 10(e)(1) in the SDNY, and if either parties object to the SDNY's adjudication, they might again appeal to Second Circuit. So Second Circuit would need to rule on Mot for Reliefs I for Record for the second time and then have its ruling scrutinized and enforced by the SDNY.

Thus, the Second Circuit opted for Defs' proposed venue (a) over Pl's Mot (b) and issued its Aug. 22 Order directing the matter to the District Court. In response to Pl's Mot (b), it stated that the Second Circuit would not entertain motions for the record, therefore in the event of the District Court adjudicating Reliefs I(1)(2)(3)(4) for the record, any issues pertaining to the record must be raised in the parties' briefs, rather than through separate motions. Given that Pl had already informed the Second Circuit of its intention to file FRAP 10(e)(1) and 10(c) motions in the District Court, there was no need for the Second Circuit to fully transfer Reliefs I(1)(2)(3)(4) to the District Court. Nevertheless, the Second Circuit still chose to certify two precise questions, which Defs refused to respond to. The Second Circuit unanimously agreed with all parties involved that under FRAP 10(e)(1)---although Defs tried hard to obfuscate the critical differences among FRAP 10(e)(1), FRAP 10(e)(2), and FRAP 10(e)(3)), the District Court is indeed the proper venue for addressing Reliefs I(1)(2)(3)(4) for the record. Here is the original relevant text of the Aug. 22 Order:

> It is further ORDERED that Appellees' motion for a leave-to-file sanction and Appellant's motion to complete the record and for sanctions are DENIED. However, the Court will not entertain any further motions or other communications about the completion of the record or appendix; the Court also will not require the parties to make further attempts to comply with Federal Rule of Appellate Procedure 30(b)(1). **To the extent possible, Appellant's**

> **appendix must contain any documents relevant to its appellate arguments, consistent with Federal Rule of Appellate Procedure 30(a);** any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel. If Appellees have any issue with Appellant's appendix, they may file a supplemental appendix or refer to any parts of the record they deem relevant and address the issue in their brief. See Fed. R. App. P. 30(a)(2) ("Parts of the record may be relied on by the court or the parties even though not included in the appendix."); 2d Cir. Local R. 30.1(g) (relating to appellee's supplemental appendix). Appellant may address in a reply brief any issues concerning Appellees' supplemental appendix or their use of the record.*

The **underlined emphasis** is added to fill in the context, the brief, and the appendix process in the appeal in the Second Circuit, which have all been willfully cut and omitted in Defs Opp's misquote. Indeed, the crucial context, clearly indicates that the Second Circuit directive pertains only to the process of preparing briefs and appendices <u>for the appeal in the Second Circuit</u>.

However, Defs' Opp stripped of its context clean and distorted the remaining half-sentence "any outstanding issues concerning the record must be raised in the parties' briefs,", as an outright injunction that categorically "forbade" any motions in the District Court addressing the record <u>in the District Court</u>. This manipulation distorted the Second Circuit's intention, which, as clarified in the full passage, is to streamline the appellate process, ensuring that any issues with the record are addressed within the confines of briefs and appendices prepared for the merits panel's consideration.

The Oct. 19 Order directly adopted the misrepresentation and misquote found in Defs Opp from the Aug. 22 Order. "The Second Circuit expressly forbade future motions pertaining to the Record. …this Court is not in a position to direct otherwise." Order at 3-4…". MJ's order copied verbatim Defs' misquote, which omitted the underlined context; but transplant and misconstrue the second sentence for the brief procedure in the Second Circuit as prohibition of 10(e) (1) 10(c) in SDNY.

> "**To the extent possible, Appellant's appendix must contain any documents relevant to its appellate arguments, consistent with Federal Rule of Appellate Procedure 30(a);** any outstanding issues concerning the record must be raised in the parties' briefs, which will be addressed by the merits panel.

This is a clear error.

**III.    Contrary to Defs misrepresentations, the August 22, 2023, Order never "forbade" any Plaintiff's motions in the SDNY, but Oct 19 Order adopted Defs Misrepresentations. August 22, 2023, did not "admonish Pl not to file FRAP mot in SDNY", but only Defs refused to answer the key questions**.

Following the Aug 22 Order, which explicitly rejected Defs' motion for a leave-to-file sanction, Defs took matters into their own hands. They manipulated and weaponized a half-sentence of the Aug. 22 Order, contorting it into an injunction—broader and more severe than a leave-to-file sanction—and extended its reach from the Second Court to the SDNY. However, when viewed in its entirety and proper context, the Order conveys a comprehensive directive designed to ensure a streamlined and efficient appellate review process, countering Defs' skewed representation.

The Second Court only stated that the **<u>Second Court</u>** would not entertain a motion to complete the record, but never mentioned the "SDNY". Defs' Opp admitted the Second Court knew about Pl's pending Rule 10(e)(1)(c) Mot in the SDNY, the Second Court did not "forbade" at all.

The Second Court never prohibited Plaintiff to move in the SDNY under any Rules, FRAP10(e)(1), or to retrieve its property. If so that will violate due process rights.  It certified its Order, to delegate the issues to SDNY if Appellant wishes to move, to indicate the timeliness of the appeal to SDNY.

When FRAP 10(e)(1) and 10(c) explicitly provide Plaintiff's rights to move in the SDNY, and the August 22 Order does not prohibit them, then Plaintiff has the right to move. The appellate Court order cannot be contrary to FRAP, otherwise, it would be void and null.

Defs knew their misrepresentation of August as an injunction in the SDNY was an obvious fatal problem because the Order does not even mention the SDNY.  So with a 18 feet pole, Opp misrepresentation of CA2' May 2023 sua sponte order for Pl to file supplemental Opposition as somehow referred to the SDNY:

> "In fact, the Second Circuit's May 2023 request for a supplemental briefing from AAI explicitly asked AAI to address "why the scheduling of the

appeal should be further delayed pending [AAI's] filing of a motion in the district court under Federal Rule of Appellate Procedure 10 . . . ." Ex. E, Order [D.I. 85].

So after Opp cut out the clear directive the headings regarding the parties potential appeal issues, with the SDNY adjudications of Pl's 10(e)(1) Request I(1)(2)(3), as raised in Pl's July 11 Mot, and 10(c) Motions, to craft to an irrelevant question of the May 2023 Sua Sponte Order.
    Armed with the awareness that AAI was at least considering moving for Rule 10 relief in the District Court, the Second Circuit directed the parties to address any further record-related issues in their merits Briefs"

What a magic transplant and craft with a deft touch.

This is why SDNY must consider not to deny consideration of two Motions.

MJ Cave knew that a court order may deny a motion, but may not forbid a litigant's rights to file under FRAP or FRCP10(e)(1) or seek any kind of relief. Aug 22 order never had such an order.

## IV.   Contrary to Def's misrepresentations, the August 22, 2023, Order never "forbade" any Plaintiff's motions in the SDNY, only granted Defs request for a venue change, and actually granted Plaintiff's FRAP10(e)(3) Motion

This indicated that the Aug. 22 Order actually granted the request in FRAP10(e)(3), denied all of

Defs' requests in their Mot other than the scheduling, and modified the requirement.
    "However, the Court will not entertain any further motions or other communications about the completion of the record or appendix; **the Court also will not require the parties to make further attempts to comply with Federal Rule of Appellate Procedure 30(b)(1).**"

Moreover, the Aug 22 Order actually approved Pl's request under FRAP 10(e)(3) and outlined a

procedure for addressing such issues, entrusting the merits panel to handle these concerns as an

integral element of the appellate proceedings.

    So if Pl had the Missing Court Files, and if the case manager and Pl also had other

information requested by Pl's Relief I, and and would permit their inclusion, then Pl would have

no need to file a motion under FRAP10(e)(3). It has been granted. However, the Aug 22 Order

overlooked that the two BIG "ifs."
    The Oct 19 Order was correctly recognized:

    "The Second Circuit also provided Plaintiff, if it believed the record was deficient, a path to raise those issues in its brief in the Appeal. In light of the Second Circuit's decision addressing the state of the Record and holding that the path forward is for the parties to raise any issues with the completeness of the Record in their appellate briefs,..." Order at 3-4.

Despite this, both the Second Court and Pl are now compelled to commence the appeal without the complete Record, facing prejudice due to the deadlines secured through Defs' Misrepresentations A, B, and C. Thus the Aug. 22 Order addressing Pl's FRAP 10(e)(3) Mot has no bearing and no prohibition on the SDNY and Pl's FRAP 10(e)(1) mot, which the SDNY must consider and grant it.

**V.    Oct 19 Order Misconprehended about the law FRAP10(c): FRAP10(c) Mot is to be settled in SDNY,  not in CA2; 10(c) Statement was not submitted by Pl, but to be verified and signed and issued by the SDNY;**

The Order is also clearly erroneous, asserting that "Plaintiff's statement, although accompanied by a Declaration, is itself unsigned in violation of Federal Rule of Civil Procedure 11(a)." Id, fn 2.  Further, MJ Cave order mistook the evidence submitted in support FRAP 10(c) as 10(e)(2) " additional evidence to complement record." So in particular, the fn regarding FRAP 10(c) is clearly erroneous.

**VI.    Oct 19 Order is erroneous on facts: Mistakenly held FRAP10(c) Mot had been submitted on July 11 Mot, denied by CA2, when July 11 Mot stated FRAP 10(e)(1) and 10 (c) must be filed in SDNY and settled by SDNY, not in CA2.**

MJ Cave Order misinterpreted Pl's July 11, 2023 Mot, as FRAP 10(c) Mot denied by CA2, but in reality which explicitly stated that " FRAP 10(e)(1) 10(c) motion is to be filed in the SDNY, not in CA2."

**VII.    New evidence post-Aug 22, 2023 Order further confirmed Defs and Collins in collusion withheld Record from the Second Circuit and Pl,**

It is undisputed that Defs and Collins in collusion withheld the Record from the Second Circuit and Pl. See Toren Decl supporting  Pl's 10(e)(1) 11(b)(2) Mot.

Now (a) Defs' belated admission of September 30, 2023, confirmed that the docket is woefully deficient, Pl's FRAP 10(e)(1) Reply 3-4;

(b) Defs deceit to both courts: (i) in their Opp to Extension and in their Reply to FRAP 10(e)(1) Mot; Id, 2-3. (a)

Now it is no dispute that the "ready date" has not reached, which was the only excuse for their Motion of April 6, 2023, to procure the appeal schedule. Yet, no retraction of their willful Misrepresentations in any Defs' filings in the Second Circuit.

(c) Defs continued dilatory tactics to withhold the stipulated information and documents Id, 5-6.

Defs continued dilatory tactics: even they have admitted the Record is not filed, and consented to the stipulation that they should have agreed one year ago, they stonewalled for two months (see Pl's email of Oct. 6, 2023) :

      (i)      Identify the sealed entries between 2005 and 2018;

      (ii)     Provide all the 4 sets of April 25, 2014 MSJ papers;

      (iii)     Provide the redaction for the 3 sets of papers that Defs want to seal.

Pl has to again to the SDNY. Without these files, Pl cannot include them in the appendix and cannot prepare the brief.

      Therefore, Oct 19 Order 4-5 citing from Defs Opp about the reference to "stricken" files are irrelevant to FRAP 10(e )(1) Mot, and the cited these cases about FRAP 10(e)(2) are inapposite.

> "The Court also agrees with Defendants that, to the extent Plaintiff seeks to add documents to the case docket that were not filed in this case or were affirmatively stricken by the Court, such materials should not form a part of the Record and the relief requested would exceed that permitted under FRAP 10(e)."

      Defs' argument is a red-herring. Defs did not and could not argue that the Missing Transcripts should not be in the docket.   Contrary to Defs Opp to 10(e)(1) Mot, Defs failed to point out a single Missing Court File requested by Request I(1)(2)(3)(4) are only "lodged" but not filed or considered by the Court, e.g., MJ Pitman, or were "stricken" by MJ Pitman, because there is none. For example, the 4 sets of April 25, 2014, MSJ papers have been adjudicated and ruled by MJ Pitman on May 7, 2014. ECF No. 247. None of these papers have been stricken, like

most of the letter motions filed by the parties between 2004 and 2018.  Thus October 19 Order is clearly erroneous.

### VIII.   Oct 19 order adopted Defs Misrepresentation and considered Aug 22 Order as an injunction. It doesn't address emails and sanction motions.

Oct 19 Order said nothing about Request(II) hand over Collins' case files, and DEfs' exposed deceit in Opp p.14-17, nothing about sanction motions; MJ Cave's order adopted Defs Misrepresentation and considered Aug 22 Order as a sweeping injunction. Defs 10(e)(1) Opp argued email request is independent of 10(e) Motion.  So regardless, MJ must address the issues, and justify the rulings.

The Court may not just ignore the serious allegations and evidence.  So the SDNY may hold its abeyance, not "denied."

### IX.   It is not Pl who is trying to change the prior orders, but Defs who have blanketed all zip files as "HC" in violation of prior orders, and refused to provide redaction in compliance with L.R. and IRP.

Defendants have blanketed all the court documents as "Highly Confidential," to prevent AAI's principal from assisting its counsel. This case was filed in 2004. AAI's current counsel appeared in 2018. Only Dr. Wang has the requisite knowledge to assist the current counsel with the events that transpired over 15 years prior to the current counsel entering an appearance.  See First Mot, at 22.  Also See email chain, Ex.9, Toren Decl. p.6.  Defs ignored ¶17 of the Protective Order, and Court's IRP II(C)(5) (require Defs' motions), in violation of the controlling authorities, e.g., *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d Cir. 2006), and *In re Parmalat Securities Litigation*, 258 F.R.D. 236 (S.D.N.Y. 2009).

## I.      ARGUMENT

### The standard of review

Local SDNY Civil Local Rule 6.3 **Motions for Reconsideration or Reargument**, provides

in pertinent part that "[t]here shall be served with the notice of motion a memorandum setting forth

concisely the matters or controlling decisions which counsel believes the court has overlooked."

"The major grounds justifying reconsideration are 'an intervening change in controlling
law, the availability of new evidence, or the need to correct a clear error or prevent manifest
injustice.' " Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d
Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure §
4478 at 790).

Glory Wealth Shipping Serv. Ltd. v. Five Ocean Corp., 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008)

(granted motion to reconsider)

See e.g., Mahmud v. Kaufman, 496 F.Supp.2d 266, 269-70 (S.D.N.Y. 2007). "To these ends, a

request for reconsideration under Rule 6.3 must demonstrate controlling law or factual matters put

before the Court in its decision on the underlying matter that the movant believes the Court

overlooked and that might reasonably be expected to alter the conclusion reached by the court."

Anwar v. Fairfield Greenwich Ltd., 950 F.Supp.2d 633, 638 (S.D.N.Y. 2013) (citing Shrader v.

CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).

### A.  Motion for Reconsideration should be granted to prevent manifest injustice and to correct the following clear errors in its Oct 19, 2023, Order:

(1)  the Court adopted Defs misrepresentations that holding the motion FRAP10(e)(1) had

been filed in the Second Circuit and CA2 denied it when it had only been filed in the SDNY

for the first time now;

(2)  the Court adopted Defs misrepresentations that the motion FRAP10(c) had been filed in or

presented to the Second Circuit and CA2 denied it when in truth Pl had informed CA2

expressly that both FRAP10(e)(1) 10(c) must only be filed in the SDNY, and they were

filed for the first time in SDNY now;

(3)  the Court misinterpreted the Second Circuit's August 22, 2023, Order; ----the Court

adopted Defs misrepresentations of August 22 order that …

(4) the Court misinterpreted FRAP 10(c), and mistakenly believed that the FRAP10(c) Statement of Evidence is some evidence submitted by Plaintiff to CA2 when it is to be adjusted and settled by the SDNY and not signed by by Pl;

(5) the Court wrongfully determined that Pl's Sept. 27, 2023 Motion was only based on Rule 10(e)(2), and cited an inapposite case, *Robinson v. Sanctuary Rec. Grps.,Ltd.,* 589 F.Supp. 2d 273 (S.D.N.Y. 2008), when in fact the Motion also cited Rule 10(e)(1) and 11(b)(2);

(6) contrary to the Court's understanding it is not Pl that is trying to alter the prior protective order, but defendants are responsible for having designated their zip files as "HC" in violation of previous court orders and have refused to provide redactions in compliance with Local Rules and Internal Rules of Procedure; and

(7) the Court's Order completely fails to address Pl's request that the Court should order Collins to turn over Pl's case files including the emails to Pl's counsel, and Sanction Motion under NY J.L. §487.

**B.  Clear Error: Pl's Rule 10(c) Motion has never been presented nor filed in the Second Circuit.**

The Order states that "Plaintiff litigated" the issue of whether "under Rule 10(c)" to "add a 'statement of evidence' to the Record" in "the Second Circuit over the past few months . . . ." Order at 4. In support of this statement, the Order provides three citations, none of which support this statement.[4] For the first two citations, the Order references Dkt. No. 105, at pages 6 and 21-26, which "Plaintiff's (I) Motion for Record on Appeal in Compliance with Fed. R. App. Proc.

---

[4] "See Appeal, Doc. Nos. 105 at 6(Plaintiff's motion to "complete the record," arguing that "all judicial documents should be unsealed according to controlling authorities"), 21–26 (Plaintiff's arguments concerning the statement of evidence); 123 (denying Plaintiff's motion to complete the record)." *Id.* at 4.

And Local Rules and (II Motion for Sanctions." Contrary to the Court's Order, it clearly states

that it was brought pursuant to "Rules 10(a), 10(e)(2)(3), 11(b)(2)(A), 30(a)(b), 27 of [the]

Federal Rules of Appellate Procedure (the "Fed.R.App.P.") and Second Circuit Local Rules (the

"Local Rules" or "L.R.") L.R.25.1, 25.2, and the Court's inherent powers, . . ." In addition, it

also explicitly states that Appellant intended to bring a Rule 10(c) motion in the SDNY. *See e.g.*:

page 20, "Plaintiff's anticipated motions under Fed.R.App.P.10(c)10(b)(2)

demonstrate that the findings and rulings of the Judgement and related orders are

contrary to the record evidence, . . ."; page 21, "Plaintiff needs "all evidence relevant to that

finding or conclusion" in the record for its Fed.R.App.P.10(c)10(b)(2) motions, which

demonstrate that the findings and rulings of the Judgement and related orders are contrary to the

undisputed record evidence."; and page 25, "Other than Fed.R.App.P. 10(b)(c) and the 10(e)(1)

Motions, which need to be decided first by the District Court before any party may appeal to this

Court, . . ." In other words, the Order's statement that Pl had requested for the Second Circuit to

rule on a 10(c) motion is "clearly erroneous."

### C. The Oct. 19 Order erroneously held that the proposed FRAP10(c) Statement of Evidence had been denied by CA2 when it was filed in the SDNY for the first time to be adjusted and settled by the SDNY.

The Order is also clearly erroneous, asserting that "Plaintiff's statement, although

accompanied by a Declaration, is itself unsigned in violation of Federal Rule of Civil Procedure

11(a)." Id, fn 2.

First, the Court misinterpreted August 22 Order as it did not and could not have forbidden

FRAP 10(e)(1), 10(c) Motion in the SDNY.

Second. The Court has no objection to settling the paragraphs regarding the June 18, 2013

Court conference call. Defs did not and could not dispute that properly subject to FRAP 10(c)

Statement of Evidence. Therefore, that should be done, regardless of the Court's reading of FRAP 10(c) and consideration of the other paragraphs.

Third, the Oct. 19 Order denied FRAP 10(c) motion by erroneously holding that "Plaintiff's statement, although accompanied by a Declaration, is itself unsigned in violation of Federal Rule of Civil Procedure 11(a)." However,  it missed the beginning of the proposed FRAP 10(c) Statement of Evidence, which expressly stated at the beginning:

> IT IS ORDERED that the following, be, settled and approved by this Court, as a statement of the evidence regarding the Chambers telephone conference joined by Plaintiff's former counsel Mr. Todd S. Collins ("Mr. Collins"), and Defense counsel Mr. Christopher Moore and Ms. Kennedy Park,..

In other words, it is a proposed draft not for Pl but for the Court "to settle and adjust" and then to sign, See Pl's Fed. R. App. P. 10(c) Mot at 11, and United States v. Regalado, 2007 WL 403226, at *1 (S.D.N.Y. Feb. 5, 2007). Also see *e.g., In re Roma Group v. Office of the United States Trustee*, *Southern District of New York*, 153 B.R. 18, 19 (S.D.N.Y. 1993). In other words, a district court should "settle and approve it" and there is no requirement for it to be signed by Plaintiff when it is to be signed by the Court.

Next, the Order is also clearly erroneous concerning the breadth of a Rule 10(c) order. "Further, the statement and Declaration contain an array of information outside the scope of what is contemplated by FRAP 10(c), including, but not limited to, (1) correspondence between the parties and their counsel outside the presence of the Court, (2) other Court filings and rulings that are not limited to a Court conference or other Court proceeding, and (3) legal theories concerning certain of the Court's rulings." Id. The Second Motion on pages 20-23 sets forth in detail the basis for the scope of the order. Defendants have completely previously failed to challenge

any of the facts set forth in Plaintiff proposed Statement of Evidence under FRAP 10(c).[5] Indeed, all Defendants' single authorities, *Thomas v. City of New York,* 1997 WL 639242, at *1 (S.D.N.Y. Oct. 16, 1997),  and the other cases cited in footnotes in the Kessler Letter, e.g. *Regalado,* all actually supports Plaintiff's position that the filing of its FRAP10(c) motion and the 8th Wang Decl is necessary and essential and that FRCP10(c) evidence encompasses the Joint Conference Call, subsequent court rulings, the FRCP 10(c) Statement of Evidence, and the 8th Wang Declaration, in order to elucidate the major points of evidence, that Collins colluded with Defs and deceived the Court and his client.  Id. 21-23.

   Finally, the Court overlooked FRAP 10(b)(2), that "all the relevant evidence" contrary to the Rulings, such as the orders that Defs procured by misrepresentations to cover up their admission evidence of collusion as listed in Plaintiff's Second Motions must be included. There is no doubt that all these facts are such relevant evidence.

   **D.  The Oct. 19 Order Misinterpreted the Second Circuit's August 22, 2023, Order.**
   The Court asserts that Pl's First Motion, "[d]espite the Second Circuit's ruling in the August 22, 2023 Order, Plaintiff nevertheless similar relief in this Court . . and essentially asks this Court to do what the Second Circuit would not. (See ECF No. 503). The compelling reason for the Court to do so. The Oct 19 Order adopted Defs misrepresentation "The Second Circuit expressly forbade future motions pertaining to the Record and relieved the parties of any obligation to agree on the contents of the appendix. Appeal, Doc. No. 123 at 1… this Court is not in a position to direct otherwise."  This is Defs' misquote and distortion. It is a clear error for the Court to adopt it. Fact §I. Such an injunction would also be contrary to law. *Infra.*

---

[5] See Plaintiff's September 6, 2022 letter, (D.I. No. 35-1, Toren Decl. Ex. 1), January 12, 2023 letter (D.I.No. 53-1, Toren Decl. Ex. 3) and December 28, 2022 letter (D.I. No. 49)).

CA2 did not deny the "same relief." August 22 order granted FRAP 10(e)(3) and permitted the SDNY to adjudicate FRAP 10(e)(1) Motion. FRAP 10(e)(2) is discretionary, but FRAP 10(e)(1) is mandatory for the SDNY to comply.

Both FRAP 10(e) and 10(c) explicitly provide a Pl with the absolute right to file motions under these sections Rule 10(e)(1) provides "(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Here, there is no question that the record is not complete. In fact, Defs have admitted that this is so.

Compelling reason: (a) CA2 motion is under FRAP10(2)(3), which is "may" not must" but has been granted: CA2 waived our restriction by 30(b), and added "to the extent possible" for 30(a), only directed Plaintiff to combine further motion for the record, if any after FRAP10€(1) in SDNY with the brief. CA2 certified the two questions for SDNY to investigate yet Defs refused to answer; (b) FRAP10€(1) is "must"

### E. The Oct. 19 Order is clearly erroneous in denying Pl's FRAP 10(e)(1) Motion as only based on FRAP 10(e)(2), and cited an inapposite case, *Robinson v. Sanctuary Rec. Grps., Ltd.*, in Support Thereof.

The Order was clearly erroneous in finding that the documents that Pl seeks to add to the case "were not filed in this case or were affirmatively stricken by the Court, [and] such materials should not form a part of the record and the relief requested would exceed that permitted under FRAP 10(e). (See ECF No. 505 at 12-16). What the Court ignores is that Pl was seeking relief under both 10(e)(1) and 10(e)(2). Indeed, the language of the Order, "was not filed in this case or were affirmatively stricken by the Court," strongly suggests that the Order was only concerned with Rule 10(e)(2), and ignored 10(e)(1), which is the more relevant subsection.

The purpose of FRAP 10(e)(1) is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what was considered by [the

district] court." *Armfield v. Jacobson,* 95–cv–4820, 1998 WL 199852, at *2 (E.D.N.Y.

Mar.27, 1998) (quoting *Rubin v. Brady,* 1992 WL 350749, *1 (S.D.N.Y.Nov.17, 1992).

Defs have argued that Pl's have failed to show that the materials were not "omitted from

or misstated in the record by the error of accident,'" and "that the district court *may* (but is not

required to) correct or supplement the record." Opp. at 8, (quoting FRAP 10(e)(1)-(2)). The

Order expressly adopted this understanding. However, the Court is misstating the requirements

of Rule 10(e)(1) by combining them with Rule 10(e)(2) requirements. However, Rule 10(e)(1)

and Rule 10(e)(2) requirements are separate and distinct. Rule 10(e)(1) provides "if any

difference arises about whether the record truly discloses what occurred in the district court, the

difference must be submitted to and settled by that court and the record conformed accordingly."

In contrast, Rule 10(e)(2) is discretionary, "[i]f anything material to either party is

omitted from or misstated by error or accident, the omission or misstatement <u>may be</u> corrected

and a supplemental record may be certified and forward: . . ." (emphasis added). Thus, there is

no requirement under 10(e)(1) for the record to be "omitted from or misstated by error . . ." and,

in contrast to Rule 10(e)(2) any difference in the record "must be settled to and settled by that

court and the record conformed accordingly." See Pl's Reply at 7-9 for further discussion.

The Order cited *Robinson v. Sanctuary Rec. Grps., Ltd.*, 589 F. Supp. 2d 273 (S.D.N.Y.

2008), in support of its conclusion and parenthetically that this case "not[ed] the purpose of Rule

10(e) 'to correct omissions from—or misstatements in—the record on appeal, not to introduce

new evidence in the court of appeals". Order at 5. However, this case was decided under Rule

10(e)(2), and not 10(e)(1). *Robinson* was concerned with the 10(e)(2) requirement that the

"motion must demonstrate that the evidence to be supplemented was before the lower court in

the course of its proceedings leading to the judgment under review and was mistakenly omitted from the record." *Id.* at 275. That is not the issue here.

Under Rule 10(e)(1), which does not mention "omission or accident," or "material," but provides "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly." Accordingly, the Court was clearly erroneous and Defs cannot hide behind these claims and not produce the records Pl has sought from Defs for over a year.

It is black letter law that only after the Record on Appeal, as defined by FRAP 10(a), is complete, the Record is forwarded to the appellate court pursuant to FRAP 11(b)(2). Subsequently, FRAP 31(a)(2) provides that the brief must be filed with the appellate court "within 40 days after the record is filed." *See also* Second Circuit Local Rule 31.2(a) (same). By Defs admissions, the Record is not complete, and many documents are missing from the docket. Pursuant to FRAP 10(a)(2) and FRAP(e)(2)(C), the parties have a duty to assist the District Court clerk in completing the record and the index for the Second Circuit, which Defs have failed to do. In addition, the SDNY has not even forwarded the existing portion of the Record to the Second Circuit. Therefore, the Court's Order was clearly erroneous in not granting Pl's motion under FRAP 10(e)(1)to complete the Record.

### F.  The Oct. 19 Order is Clearly Erroneous in Holding that Pl was attempting to Modify a Prior Protective Order.

The Court held that Pl's request to "revisit confidentiality designations of certain materials or the sealing status of Court filings dating back to 2004 those requests have either been rejected by the Court or are years late." Order at 4 (citations omitted). However, this conclusion as with the other conclusions addressed above is clearly erroneous for several reasons.

First, in opposition to Pl's demand that Defs remove improperly designated "HC" or "C" designations and provide redacted files for the remaining Defs to fall back again on a Protective Order Governing Confidential Material that was entered on March 22, 2005. (ECF No. 25). Defs also rely on several specific orders in which the Court allegedly upheld Defs confidentiality

designations. Op. at 12. However, this completely misses the mark. At best, the orders cited by Defs approve the particular confidentiality designations in those cases. To suggest, that this Court has universally blessed Defs "HC" and "C" designations is nonsensical and contrary to the law. Indeed, Defendants' contention that the Court's July 30, 2015, Order, (ECF No. 272) controls whether the redacted versions of sealed documents must be provided is flawed for several reasons. This Order concerned whether redacted documents should be created to assist in reviewing documents by a prospective new counsel before agreeing to represent AAI.

This is different from the current situation concerning Defs' obligation to produce redacted documents for confidential documents that Defs have insisted on sealing. Defs claimed there, as they do here, that "such a task is unduly burdensome and is unnecessary give [sic] the volume of filed documents . . . [it] would require the review and redaction of more than 10,000 pages of documents." p.6.  Defs ignored ¶17 of the Protective Order, and Court's IRP II(C)(5) (require Defs' motions).

Defs have repeatedly claimed that *Lugosch v. Pyramid Company of Onondaga,* 435 F.3d 110 (2d Cir. 2006) concerns "whether a party seeking to intervene in a civil case was bound by the district court's prior confidentiality order, 435 F.3d at 126" Op. at 12, fn 10. However, the Second Circuit stated that the "mere existence of a confidentiality order says nothing about whether complete reliance on a [confidentiality order] to avoid disclosure was reasonable." *Lugosch,* 435 F.3d at 126. and "it is difficult to see how the defendants can reasonably argue that they produced documents in reliance on the fact that the documents would always be kept secret", (*Id),* which is precisely what Defs are attempting to do in this case. See *In re General General Motors LLC Ignition Switch Litigation*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015) (same). Finally, Def's objection to *In re Parmalat Securities Litigation*, 258 F.R.D. 236 (S.D.N.Y. 2009) is inapposite (Op. at 12, fn 10.) totally fails. There is no requirement anywhere that the challenge must be under a specific Rule. The sweeping unsealing of all thousands of sealed judicial documents in *In re Parmalat* is far more sweeping than Pl's limited requests opposing Defs sweeping HC designation and for the redaction. The

23

burden of establishing good cause then lies with the party seeking to prevent the disclosure of documents." *Id.* at 243. *See* D.I. 70-4, at 5-6, which Defs utterly failed to do. Defs and Collins' collusion and deceits of the Court and dilatory tactics blocked and continue to block the Record from being prepared for the Second Circuit and Pl, to prejudice Pl in the appeal under the imminent deadline gravely. Consequently, the Court's order on this issue is clearly erroneous.

### G. The Oct. 19 Order is Clearly Erroneous by Failing to Address Pl's Motion II to retrieve its case files from Collins and the sanction motion.

The Order completely fails to address the issues of missing emails between Collins and Defs and requests for sanctions. Putting aside the sanction issues, Defs' Opp. have conceded that the Court may order Defs to comply with Pl' proposed Stipulation, as revised by Defs, Ex.. Op. at 17. *See also* Kessler email of Sep. 30, 2023, Ex.9. As set for in Pl's reply, on September 27, 2023, Pl provided Defs with a proposed stipulation with the intention for both parties to collectively identify the missing court files in the docket and provide them to the Clerk of the SDNY. The proposed stipulation listed 11 missing Court documents as revealed by the two sealed entries that the Second Circuit identified in its August 22, 2023, Order. More than 30 such unidentified sealed entries from before 2019, when Pl's current counsel entered the case, are in the existing docket.

In response, Defs provided a revised stipulation that recognized and confirmed seven court transcripts and four court documents were missing from the record, stating "Defendants are willing to docket certain items, each reflected below,[6] that do not currently appear to have corresponding ECF numbers." Yet, Defs failed to respond to Pl's repeated requests to provide all these four sets of Missing Court Files and the redacted versions of the 3 Files Defs intended to seal. There is no reason why the Court should not have ordered Defs to turn over these files and the Court is clearly erroneous for not doing so.

---

[6] They correspond to the 11 items listed in the Op. Op. at 17.

**H. All Defs actions demonstrated their motive: in collusion with Collins to obstruct Plaintiff's efforts to get the Record for the Courts and Pl.**

1. Stonewalled 16 letters asking Motion I;

2. Rushed 4-6 Motion for the deadline to preempt Pl's Motion I in SDNY, because the adjudication of FRAP10(e) in SDNY is neutralized if deadline is set.

3. 4-6 Motion is all based on Misrepresentations A-C

4. Oppose Pl's Motion I in CA2;

5. After the August 22 Order, no answers and no corrections to CA2 questions; No retraction of their willful Misrepresentation;

6. Delay Pl's stipulation for 3 weeks, and then respond to want to adjourn or dismiss FRAP10(e)(1) Mot in SDNY, and use the deadline as a weapon to force Pl to withdraw FRAP10(e)(1) Mot.

7. Oppose Mot to extension without basis, used deadline as leverage to force Pl to withdraw FRAP10(e)(1) Mot.

If Defs were indeed intended to move the appeal, they would have done none of the above but would have cooperated with Plaintiff, doing the opposite of the above.

## II. CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Reconsider in its entirety.

Dated: October 30, 2023.

Respectfully Submitted,

Peter J. Toren
Attorneys for Plaintiff and Counter-Claim Defendant Advanced Analytics, Inc.