UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADVANCED ANALYTICS, INC.,

                Plaintiff,

-v-

CITIGROUP GLOBAL MARKETS, INC., et al.,

                Defendants.

CIVIL ACTION NO. 04 Civ. 3531 (LTS) (SLC)

**ORDER**

---

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiff's motion (ECF No. 513 (the "Motion")) seeking reconsideration of the Court's October 19, 2023 Order (ECF No. 512 (the "Order")), which denied its two motions concerning the state of the record underlying its pending appeal to the United States Court of Appeals for the Second Circuit. (ECF Nos. 503; 505 (together, the "Prior Motions")). For the reasons set forth below, the Motion is DENIED.

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. See Local Civ. R. 6.3. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[1]

Rule 60(b) affords "'extraordinary judicial relief'" that can be granted "only upon a showing of exceptional circumstances." Farrar v. Danziger, No. 21-2324-cv, 2022 WL 5239542, at *1 (2d Cir. Oct. 6, 2022) (summary order) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (quoting Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019)).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." B.C. v. N.Y.C. Dep't of Educ., No. 21 Civ 2840 (ER), 2023 WL 2301424, at *2 (S.D.N.Y. Mar. 1, 2023) (quoting Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)). It is not a way to "'advance new facts, issues or arguments not previously presented to the Court.'" Id. (quoting Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). The "moving party bears the burden of proof." Id. (quoting Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006)). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Id. (quoting Aczel v. Labonia, 584 F.3d 52, 59 (2d Cir. 2009)).

---

[1] While the Motion does not cite to Rule 60 (see ECF No. 513), the Court construes the Motion as having been brought under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b).

Here, Plaintiff has not identified any "controlling decisions or data that the court overlooked," and has not shown any "exceptional circumstances" that warrant this extraordinary relief.  Vasquez v. Cty. of Rockland, No. 13 Civ. 5632 (SLC), 2020 WL 8079814, at *1 (S.D.N.Y. Oct. 15, 2020), affirmed by, 2021 WL 5286676 (2d Cir. Nov. 15, 2021).  Rather, Plaintiff repeats arguments the Court already considered and rejected in the Order, which is not a valid ground for reconsideration.  See, e.g., Gonzales v. Nat'l Westminster Bank PLC, No. 11 Civ. 1435 (LAP), 2013 WL 6978874, at *4 (S.D.N.Y. Nov. 18, 2023) (citing Associated Press, 395 F. Supp. 2d at 19-20).  Accordingly, the Motion is DENIED.

The Clerk of Court is respectfully directed to close ECF No. 513.

Dated:     New York, New York
           October 31, 2023

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge