UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADVANCED ANALYTICS, INC.,

                Plaintiff-Counter-Defendant,

-v-

CITIGROUP GLOBAL MARKETS, INC., et al.,

                Defendants-Counter-Claimants,

-------------------------------------------------------------

THE AMERICAN PROSPECT, and BRANDON SMITH,

                Intervenors.

04-CV-3531-LTS-SLC

---

<u>MEMORANDUM ORDER</u>

      Before the Court are Plaintiff's objections (docket entry no. 515 ("Pl. Objs.")), pursuant to Federal Rule of Civil Procedure 72, to Magistrate Judge Sarah L. Cave's October 31, 2023, Order (docket entry no. 514 ("October 31 Order")). The October 31 Order denied reconsideration of an earlier order issued by Judge Cave that denied Plaintiff's two motions concerning the state of the record underlying its pending appeal to the United States Court of Appeals for the Second Circuit. (Docket entry no. 512 ("October 19 Order").) The Court has also received a letter from Defendants indicating that, should the Court not deny Plaintiff's objections, they intend to file their opposition by November 28, 2023. (Docket entry no. 516.) The Court has reviewed carefully the parties' submissions in connection with the Plaintiff's requested relief, as well as Judge Cave's corresponding orders and, for the following reasons, overrules Plaintiff's objections. The October 31 Order will stand.

DISCUSSION

The Court assumes familiarity with the facts of this almost twenty-year-old case, which are set forth in the Court's numerous decisions and orders. As relevant here, Plaintiff objects to Judge Cave's October 31 Order, which denied Plaintiff's "Motion for Reconsideration" of Judge Cave's October 19 Order denying Plaintiff's two motions to, inter alia, "complete the record" for its pending appeal, have the Court approve its "statement of evidence," and sanction Defendants. (See docket entry nos. 503 and 507.) Although Plaintiff did not cite Federal Rule of Civil Procedure 60(b) in seeking what it invariably called "reconsideration" of the October 19 Order, Judge Cave construed Plaintiff's challenge as one sounding in Rule 60(b). (October 31 Order at 2 n.2.)

When a party objects to a magistrate judge's non-dispositive order, the district court must review the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A decision is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Gualandi v. Adams, 385 F.3d 236, 240 (2d Cir. 2004) (internal quotation marks and citation omitted). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knitting Fever, Inc. v. Coats Holding Ltd., No. 05-CV-1065-DRH-MLO, 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal quotation marks and citation omitted). This standard of review is "highly deferential," as "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511-12 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). The fact that "reasonable

minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08-CV-5646-HB, 2009 WL 2150971, at *2 (S.D.N.Y. Jul. 20, 2009) (internal quotation marks and citation omitted).

The October 31 Order is neither clearly erroneous nor contrary to law.  It correctly applied the reconsideration standard under Federal Rule of Civil Procedure 60(b) and found that "Plaintiff has not identified any 'controlling decisions or data that the court overlooked,' and has not shown any 'exceptional circumstances' that warrant this extraordinary relief."  (October 31 Order at 3 (quoting Vasquez v. Cty. of Rockland, No. 13-CV-5632-SLC, 2020 WL 8079814, at *1 (S.D.N.Y. Oct. 15, 2020), aff'd, 2021 WL 5286676 (2d Cir. Nov. 15, 2021)).)  Instead, in seeking reconsideration, Plaintiff repeated arguments that Judge Cave had already considered and rejected in her October 19 Order, which is an improper use of Rule 60. See, e.g., Gonzales v. Nat'l Westminster Bank PLC, No. 11-CV-1435-LAP, 2013 WL 6978874, at *4 (S.D.N.Y. Nov. 18, 2023) (citing Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19-20 (S.D.N.Y. 2005)).

The Court notes that almost the entirety of Plaintiff's 33-page objections brief is directed at Judge Cave's earlier, October 19 Order, even as the brief itself is styled as an objection to Judge Cave's October 31 Order.  (See generally Pl. Objs.)  Whether inadvertently or purposefully, Plaintiff did not object to the October 19 Order; instead, it sought reconsideration, and now objects to the denial thereof.  That course of action bars Plaintiff from challenging the October 19 Order.  The failure to object to the October 19 Order within the 14-day time period allowed under Rule 72(a) "forfeits the right to any further review of that decision, either by the district court or on appeal." Kilcullen v. New York State Dep't of Transp., 55 F. App'x 583, 585 (2d Cir. 2003) (citing Spence v. Maryland Cas Co., 995 F.2d 1147, 1155 (2d Cir. 1993)); see also

Fed. R. Civ. P. 72(a).  Therefore, the Court need not, and does not, address Plaintiff's objections to the October 19 Order.

CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Cave's October 31 Order are overruled, and the October 31 Order will stand.  This Memorandum Order resolves docket entry no. 515.

SO ORDERED.

Dated: New York, New York
  November 21, 2023

  /s/ Laura Taylor Swain
 LAURA TAYLOR SWAIN
 Chief United States District Judge