UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

       Plaintiff,

    -v-                                     No.  04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC.,
et al.,

       Defendants.

-------------------------------------------------------x

ORDER

      In its November 4, 2021 Order, the Court directed the Clerk of the court to:

"(1) enter judgment in Plaintiff's favor on its breach of contract claim (to the extent that claim is

based on Teytel's limited use of the outputs of Defendants' testing of ACE) and to award

Plaintiff damages on that claim in the nominal amount of $1, (2) enter judgment in favor of

Defendants as to the remainder of Plaintiff's claims and as to Defendants' counterclaim for fees

and costs under the parties' Non-Disclosure Agreement,[1] and (3) close the case."  (Docket

entry no. 464 at 6.)  Following the Second Circuit's June 30, 2025 mandate affirming the Court's

entry of judgment, (docket entry no. 520), Defendants submitted a letter proposing a highly

streamlined approach to their anticipated application for fees and costs, (docket entry no. 521).

According to Defendants, "defense counsel's time spans nearly 18,000 individual time entries

(comprising more than 750 printed pages) which, if Defendants were to file an entry-by-entry fee

---

[1]     The Non-Disclosure Agreement provides that "the prevailing party shall be entitled to
recover all court costs, expenses and reasonable attorneys' fees, in addition to any other
relief to which it may be entitled."  (Docket entry no. 520 at 7.)

application, would require redaction for attorney-client privilege." (Docket entry no. 521 at 2.)

In an effort to avoid the significant time and resources of reviewing each individual time entry,

Defendants propose "to provide the Court with a quarter-by-quarter summary setting out the

timekeepers, hours, and expenses incurred per quarter throughout the pendency of this litigation,

as well as a summary of the case events that took place in that quarter (e.g., preparation of expert

reports, filing motion for summary judgment)." (Id.) Plaintiff objects to Defendants' proposal.

(Docket entry no. 525.) The Court has carefully considered the parties' submissions (docket

entry nos. 521, 525, 527) and, as explained below, Defendants' proposal is rejected, but the

Court will permit Defendants to streamline their application in important respects.

      "[T]he party seeking a fee 'bears the burden of showing the reasonableness of the

fee by providing definite information regarding the way in which time was spent[.]'"[2] Major

League Baseball Props., Inc. v. Corporacion de Television y Microonda Rafa, S.A., No. 19-CV-

8669-MKV-GWG, 2021 WL 56904, at *4 (S.D.N.Y. Jan. 7, 2021) (quoting Flemming v.

Barnwell Nursing Home & Health Facilities, Inc., 865 N.Y.S.2d 706, 708 (App. Div., 3d Dep't

---

[2]      The parties appear to agree that this dispute is governed by the rule set forth in New York State Association for Retarded Child., Inc. v. Carey, that "[a]ll applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (quoting New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983))); (see docket entry no. 525 at 2; docket entry no. 527 at 3-4). The parties are not quite right in this regard. Where, as here, the entitlement to attorney's fees arises from a contract or state common law rather than a federal statute, New York courts do not invariably require contemporaneous daily time records as a foundation for the application. See Marion S. Mishkin L. Off. v. Lopalo, 767 F.3d 144, 147-48 (2d Cir. 2014) ("[I]n cases in which the right to attorneys' fees is governed by state law, New York's more liberal rule allowing reconstructed records should apply."). The distinction is of no moment in this case, however, because there appears to be no doubt that Defendants have contemporaneous time records. The issue here is the extent to which the full content and format of those records must be disclosed in connection with the application.

2008)); <u>see</u> <u>also</u> <u>UMB Bank, Nat'l Ass'n v. Bluestone Coke, LLC</u>, 2021 WL 3292519, at *5 n.4

(S.D.N.Y. Aug. 2, 2021); <u>Crowhurst v. Szczucki</u>, No. 16-CV-182-BAF-GWG, 2019 WL

6122645, at *5 (S.D.N.Y. Nov. 19, 2019), <u>report and recommendation adopted</u>, No. 16-CV-

0182-JGK, 2020 WL 133509 (S.D.N.Y. Jan. 11, 2020); <u>PriMed Pharms. LLC v. Starr Indem. &</u>

<u>Liab. Co.</u>, No. 21-CV-1025-SLC, 2024 WL 283463, at *3 (S.D.N.Y. Jan. 25, 2024).  Under this

standard, a quarter-by-quarter summary, particularly one that refers only to case events and not

the nature of the work done, is insufficiently detailed to enable the Court to review, as well as

enable the Plaintiff to litigate if necessary, the reasonableness of the fees Defendants seek.  <u>See</u>

<u>Major League Baseball</u>, 2021 WL 56904 at *5 (finding "Fee Summary Charts show[ing] the

hours expended by each attorney, with blocks generally describing the work that was done, the

dates over which the work was done, and the total fees associated with those hours" to be

insufficiently detailed); <u>Crowhurst</u>, 2019 WL 6122645, at *6 (finding, a "Fee Chart" where

"entries cover periods of multiple days, with a single time entry and a description that lumps

together multiple tasks" to be insufficiently detailed); <u>Bhungalia Family, LLC v. Agarwal</u>, 317 F.

Supp. 3d 727, 742 (S.D.N.Y. 2018) ("[C]ounsel's extensive use of block billing . . . [hindered

the] Court's ability to understand how much time was devoted to particular tasks, so as to

determine whether that time was reasonably spent.").

        Defendants' concern regarding the redaction of attorney-client privilege (and

work product) information is, however, well taken.  A party entitled to recover attorneys' fees is

not required as a blanket matter to waive privilege and work product claims.  <u>See, e.g.</u>, <u>Alvarez</u>

<u>v. Fine Craftsman Grp., LLC</u>, 2024 WL 3730569, at *4 (S.D.N.Y. Aug. 6, 2024) (permitting

redactions related to privilege in fee application); <u>Syntel Sterling Best Shores Mauritius Ltd. v.</u>

<u>TriZetto Grp., Inc.</u>, 2024 WL 1116090, at *7 (S.D.N.Y. Mar. 13, 2024) (permitting redactions

related to trade secrets in fee application).  A balance must be struck between the transaction costs of line-by-line redactions of original billing records and the insights to be gained from seeing the precise location of the redactions.  That said, Defendants' request to proceed solely in the summary fashion that they have proposed, describing only case events rather than tasks performed and merely totaling hours and fees for months-long periods of time, is denied.

Instead, Defendants are directed to produce daily summaries of the time and expenses for which they seek to recover.  For each day, the summary shall present, for each timekeeper, the total time, billing rate, name, and a description of work performed.  Days reflecting the billing of expenses must identify the nature and amount of expense disbursements for which recovery is sought.  If the work descriptions omit the description of particular tasks or topics to protect privilege or work product claims, a note shall be included in the daily summary to that effect, identifying the basis for the claim (work product or attorney-client) and the type of work omitted from the summary description (e.g., meeting, memo, research topic).

Defendants are also encouraged to provide a quarter-by-quarter summary of work, timekeepers, and hours to facilitate review, including, if feasible, a category-by-category breakdown of the fees they seek.  Such categories may include the major phases of the case (e.g., pleadings, fact discovery, expert discovery, summary judgment, appeal), as well as sub-categories within those major categories (e.g., document requests, document review, interrogatories within the fact discovery category).

In accordance with the Court's order at Docket Entry No. 529, Defendants'
application must be filed within 45 days after the date of this Order.  Docket Entry No. 521 is
resolved.

SO ORDERED.

Dated: August 12, 2025
       New York, New York

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge