UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

        Plaintiff and Counterclaim Defendant,

    -v-                                    No.  04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC.,
et al.,

        Defendants and Counterclaim-Plaintiffs.

-------------------------------------------------------------------x

ORDER

Procedural History[1]

        In its November 4, 2021 Order, the Court directed the Clerk of Court to:

"(1) enter judgment in Plaintiff's favor on its breach of contract claim (to the extent that claim is

based on Teytel's limited use of the outputs of Defendants' testing of ACE) and to award

Plaintiff damages on that claim in the nominal amount of $1, (2) enter judgment in favor of

Defendants as to the remainder of Plaintiff's claims and as to Defendants' counterclaim for fees

and costs under the parties' Non-Disclosure Agreement,[2] and (3) close the case."  (Docket

entry no. 464, at 6.)  Following the entry of the Second Circuit's June 30, 2025 mandate (docket

entry no. 520), which affirmed the Court's judgment, the parties proceeded to litigate

Defendants' application for fees and costs.  As a threshold issue, the parties disputed the proper

---

[1]      Pincites to materials filed on the docket refer to ECF-designated pages.

[2]      The Non-Disclosure Agreement provides that "the prevailing party shall be entitled to recover all court costs, expenses and reasonable attorneys' fees, in addition to any other relief to which it may be entitled."  (Docket entry no. 520, at 7.)

form of Defendants' fee application and whether Defendants were required to produce daily timesheets given the voluminous number of timesheets.  (Docket entry nos. 521, 525, 527.)  On July 21, 2025, the Court ordered the parties to meet and confer on this issue.  (Docket entry no. 526.)  After the meet and confer proved unsuccessful, the Court entered a memorandum order on August 12, 2025, setting forth requirements of Defendants' application for fees and costs.  (Docket entry no. 530.)

On September 26, 2025, Defendants filed a declaration in support of their fee application.  (Docket entry no. 531.)  On October 27, 2025, after much delay,[3] Plaintiff filed its opposition.  (Docket entry no. 537.)  Defendants filed their reply on October 30, 2025.  (Docket entry no. 538.)

In addition to opposing Defendants' fee application, Plaintiff's opposition requests that the Court "stay consideration of both parties' fee applications—including Plaintiff's forthcoming cross-application—until forty-five (45) days after adjudication of the claims in the 2020 Action [Advanced Analytics, Inc. v. Citigroup, Inc. et al., No. 20-CV-07034-PGG]."  (Docket entry no. 537, at 9.)  The Court has carefully considered the parties' arguments on the stay issue (docket entry nos. 537-38), and Plaintiff's request for a stay is denied for the reasons

---

[3]     This response was filed late, after the 14-day period prescribed by Local Civil Rule 6.1(b).

On October 15, 2025 (19 days after Plaintiff's opposition was due), the Defendants filed a letter informing the Court of Plaintiff's failure to timely file an opposition.  (Docket entry no. 532.)  In response, the Court ordered the Plaintiff to file a response to Defendants' October 15 letter by October 20, 2025.  (Docket entry no. 533.)  Plaintiff failed to adhere to this deadline, as it delayed until October 21, 2025 to respond.  (Docket entry no. 534.)  In its response, Plaintiff asked for an extension to oppose Defendants' fee application.  (Id.)  The Court granted the extension request on October 22, 2025, giving Plaintiff until October 27, 2025 to file opposition papers, but cautioning that "[t]he Court will not grant any further extension requests, and any late submission will be stricken."  (Docket entry no. 536.)

explained below.  Defendants' fee application is taken under advisement, and a decision will

issue soon.  Plaintiff is also prohibited from filing any fee application of its own and from filing

any further opposition to Defendants' fee application.  Any violation of these orders may subject

Plaintiff, its counsel, and its principal to sanctions.

Discussion

First, Plaintiff has identified no viable legal or factual basis for its purported

"forthcoming cross-application" for fees.  Plaintiff appears to claim that it may seek fees under

the Non-Disclosure Agreement.  (Docket entry no. 525, at 3 (Plaintiff stating that it "reserves all

rights under the laws and the NDA to seek affirmative relief, including reimbursement for fees

caused by Defendants' misconduct").)  But, as the Court held, and as the Second Circuit

affirmed, Defendants are the "prevailing party" entitled to fees under the Non-Disclosure

Agreement, not Plaintiff.  (Docket entry no. 464, at 4-5; docket entry no. 520, at 7-8.)

Plaintiff also appears to contend that it is entitled to fees based on its allegations

that the judgment in this case was procured by fraud and conspiracy.  (Docket entry no. 537, at 3

(Plaintiff asserting that "Defendants procured judgment and related orders by Three Level

Fraud. . . . It is not 'reasonable' but illegal for Defendants to be reimbursed fees perpetrating

their fraud"); docket entry no. 525, at 3 n.1 (Plaintiff claiming that the judgment was "procured

through conspiracy and fraud" and alleging that a "3-Level Fraud . . . has obstructed this

litigation from ever being resolved on the merits").)  Plaintiff has raised these claims repeatedly

and, time and time again, the Court has found them baseless.  (See, e.g., docket entry no. 197, at

3-17 (Plaintiff accusing Defendants of discovery misconduct); docket entry no. 214, at 4 (Court

rejecting Plaintiff's claims of discovery misconduct and finding that Plaintiff "ha[d] everything it

need[ed]"); docket entry no. 275, at 2 n.2 (Court stating that it was "not aware of any evidence

supporting or even suggesting the claims made by plaintiff's principal that [plaintiff's] counsel have colluded with adverse counsel"); docket entry no. 300, at 10-14 (Plaintiff moving under Federal Rule of Civil Procedure 56(d) to permit Plaintiff to pursue further discovery and/or sanctions and making allegations of discovery misconduct, fraud, and collusion in support thereof); docket entry no. 312, at 1 (Court denying Plaintiff's motion); docket entry no. 339, at 6 (Court stating that "[t]here is no basis to revisit it [Plaintiff's claims of discovery misconduct] again"); docket entry no. 438, at 15-16 (Court rejecting Plaintiff's accusations that Defendants' counsel "colluded" with Plaintiff's former counsel and Plaintiff's allegations of a "3-Prong Scheme of collusion"); docket entry no. 461, at 8 (Court stating that "Plaintiff's claims of discovery misconduct by Defendants largely recycle arguments which have already been presented to, and rejected by, this Court").) Enough is enough. Any claims Plaintiff pursues in the 2020 Action will be addressed there; however, in this action, which has already been fully and fairly litigated, and in which a final judgment has been entered and affirmed, Plaintiff may not introduce further claims.

Next, Plaintiff asserts that the Court's July 21, 2025 memo endorsement contemplated Plaintiff's fee application. (Docket entry no. 537, at 3 (Plaintiff contending that the memo endorsement shows "that the Court intends to consider both parties' applications [for fees] simultaneously").) The July 21, 2025 endorsement merely directed the parties to meet and confer and noted potentially relevant caselaw to guide the discussion. (Docket entry no. 526.) It is true that the Court added this memo endorsement to the bottom of Plaintiff's July 19, 2025 letter, which made allegations of fraud and collusion—but that fact is of no import. Nowhere in the Court's memo endorsement did the Court even suggest that it intended to entertain the arguments and allegations proffered in the body of Plaintiff's letter. Furthermore, Plaintiff's July

19, 2025 letter did not purport to seek fees. (Docket entry no. 525, at 3 (Plaintiff stating that "Plaintiff does not presently request any such relief [i.e., fees] or a hearing at this time. This letter responds only to the Court's request for position on Defendants' fee proposal [i.e., whether daily timesheets were required]").)

Third, Plaintiff's request for a stay pending adjudication of the 2020 Action is denied. Plaintiff claims that the 2020 Action will reveal "Defendants' Three-Level Fraud and Plaintiff's former counsel, Mr. Todd S. Collins['] conspiracy." (Docket entry no. 537, at 1-2.) As discussed above, however, that claim has already been litigated here and has been found to be meritless. Likewise, Plaintiff asks for "a hearing on certain facts before rendering a final decision so that the Plaintiff's principal [Xiaolu Wang] [can] have an opportunity to take the stand to give his side of the story." (Docket entry no. 537, at 1.) Again, there is no need for an evidentiary hearing. Plaintiff has already proffered "his side of the story." The Court does not need to hear more.

Finally, the Court hereby prohibits Plaintiff from filing any further opposition to Defendants' fee application. Plaintiff has repeatedly and frivolously delayed the Court's adjudication of Defendants' fee application, including by ignoring the Court's deadlines. (See docket entry no. 536, at 1 (Court cautioning that "[t]he Court will not grant any further extension requests, and any late submission will be stricken").)

Conclusion

For the foregoing reasons, Plaintiff's request for a stay is denied. Plaintiff is also barred from filing any fee application of its own and from filing any further opposition to

Defendants' fee application.  Any violation of these orders may subject Plaintiff, its counsel, and its principal to sanctions.  Defendants' fee application is taken under advisement.


      SO ORDERED.

Dated:  November 10, 2025
       New York, New York


                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge