UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

        Plaintiff and Counterclaim Defendant,

    -v-                                  No.  04-CV-3531-LTS-SLC

CITIGROUP GLOBAL MARKETS INC.,
et al.,

        Defendants and Counterclaim Plaintiffs.

-------------------------------------------------------------------x

ORDER[1]

In its November 4, 2021 Order, the Court directed the Clerk of Court to:

"(1) enter judgment in Plaintiff's favor on its breach of contract claim (to the extent that claim is based on Teytel's limited use of the outputs of Defendants' testing of ACE) and to award Plaintiff damages on that claim in the nominal amount of $1, (2) enter judgment in favor of Defendants as to the remainder of Plaintiff's claims and as to Defendants' counterclaim for fees and costs under the parties' Non-Disclosure Agreement,[2] and (3) close the case."  (Docket entry no. 464, at 6.)  Following the entry of the Second Circuit's June 30, 2025 mandate (docket entry no. 520), which affirmed the Court's judgment, Defendants moved for attorneys' fees and expenses pursuant to the Non-Disclosure Agreement's fee-shifting provision (docket entry no. 531).

---

[1]     Pincites to materials filed on the docket refer to ECF-designated pages.

[2]     The Non-Disclosure Agreement provides that "the prevailing party shall be entitled to recover all court costs, expenses and reasonable attorneys' fees, in addition to any other relief to which it may be entitled."  (Docket entry no. 520, at 7.)

Defendants' fee application asks for a total of $9,462,815.96.  (Docket entry no. 531 ¶ 6.)  The application breaks down into the following categories (id.):

**Pleadings (March 4, 2002 to October 8, 2004)**

| Timekeepers | Hours | Fees Incurred |
|---|---|---|
| Partners | 9.20 | $ 6,531.19 |
| Associates | 153.24 | $ 59,778.37 |
| Managing Attorney | 0.42 | $ 201.87 |
| Knowledge Management Attorney | N/A | N/A |
| Paralegal | 19.13 | $ 3,183.25 |
| Litigation Support | 7.92 | $ 1,157.06 |
| *Fees Total* | *189.91* | *$ 70,851.74* |
| Expenses | N/A | $ 5,726.11 |
| **Total** | **189.91** | **$ 76,577.85** |

**First Round of Discovery and Summary Judgment (October 11, 2004 to February 25, 2011)**

| | | |
|---|---|---|
| Partners | 535.05 | $ 376,261.93 |
| Associates | 6,330.85 | $ 2,447,799.89 |
| Managing Attorney | 11.55 | $ 5,059.47 |
| Knowledge Management Attorney | N/A | N/A |
| Paralegal | 1,636.80 | $ 277,602.31 |
| Litigation Support | 112.40 | $ 15,875.26 |
| *Fees Total* | *8,626.90* | *$ 3,122,598.86* |
| Expenses | N/A | $ 605,364.25 |
| **Total** | **8,626.90** | **$ 3,727,963.11** |

**Second Round of Discovery and Summary Judgment (February 26, 2011 to July 26, 2022)**

| | | |
|---|---|---|
| Partners | 1,721.90 | $ 911,906.45 |
| Associates | 7,438.90 | $ 2,085,596.32 |
| Managing Attorney | 16.50 | $ 6,394.81 |
| Knowledge Management Attorney | 1.60 | $ 751.80 |
| Paralegal | 1,351.50 | $ 205,818.81 |
| Litigation Support | 175.20 | $ 33,852.13 |
| *Fees Total* | *10,705.60* | *$ 3,244,320.32* |
| *Success Fees* | *N/A* | *$ 217,916.23* |
| Expenses | N/A | $ 31,658.14 |
| **Total** | **10,705.60** | **$ 3,493,894.69** |

| Appeal (July 27, 2022 to June 30, 2025) | | |
|---|---|---|
| Partners | 326.50 | $ 387,678.79 |
| Associates | 2497.90 | $ 1,694,488.99 |
| Managing Attorney | 12.30 | $ 9,623.99 |
| Knowledge Management Attorney | 0.60 | $ 500.09 |
| Paralegal | 241.30 | $ 71,449.85 |
| Litigation Support | 2.10 | $ 638.60 |
| *Fees Total* | 3,080.70 | $ 2,164,380.31 |
| Expenses | N/A | $ 0.00 |
| **Total** | **3,080.70** | **$ 2,164,380.31** |

In accordance with the Court's Order at docket entry no. 530, Defendants also submitted daily summaries of the time and expenses for which they seek recovery. The daily summaries (docket entry nos. 531-3 to -4) are extraordinarily comprehensive and satisfy Defendants' "burden of showing the reasonableness of the fee by providing definite information regarding the way in which time was spent." (Docket entry no. 530, at 2); see also Advanced Analytics, Inc. v. Citigroup Glob. Mkts. Inc., No. 04-CV-3531-LTS-SLC, 2025 WL 2324116, at *1 (S.D.N.Y. Aug. 12, 2025) (quoting Major League Baseball Props., Inc. v. Corporacion de Television y Microonda Rafa, S.A., No. 19-CV-8669-MKV-GWG, 2021 WL 56904, at *4 (S.D.N.Y. Jan. 7, 2021)). Furthermore, the hours expended (a total of 22,603.11 hours) are reasonable given the duration and complexity of this action. See, e.g., KLS Diversified Master Fund, L.P. v. McDevitt, 532 F. Supp. 3d 126, 140 (S.D.N.Y. 2021) (approving 1,939.60 hours for a 2-year case that went to summary judgment), aff'd, No. 21-1263, 2022 WL 2759055 (2d Cir. July 13, 2022); Baker v. Saint-Gobain Performance Plastics Corp., No. 16-CV-00917-LEK-DJS, 2022 WL 1025185, at *8 (N.D.N.Y. Feb. 4, 2022) (finding 11,391.74 hours for a 6-year case that went to summary judgment to support reasonable common fund settlement); Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc., No. 15-CV-00211-LGS, 2024 WL 1116090, at *7 (S.D.N.Y. Mar. 13, 2024) (approving 21,000 hours for a 7-year case that went to

trial and through appeal).  Likewise, in light of the Court's knowledge of fees charged by New York firms for similarly complex work over the periods of time in question, the net effective hourly rate for each timekeeper is reasonable.  (Docket entry nos. 531-1 to -2[3]); see, e.g., Syntel Sterling, 2024 WL 1116090, at *6 (finding $1,765 per hour for partners was reasonable); An v. Despins, No. 22-CV-10062-VEC-JW, 2024 WL 1157281, at *1-2 (S.D.N.Y. Mar. 18, 2024) (approving $895 associate hourly rates).  Finally, the expenses, which include, inter alia, charges for word processing, photocopies, legal research, and staff late work, are reasonable and reimbursable.  See, e.g., 28th Highline Assocs., LLC v. Roache, No. 18-CV-01468-VSB-KHP, 2019 WL 10632851, at *6 (S.D.N.Y. July 29, 2019), report & recommendation adopted, 2020 WL 5659465 (S.D.N.Y. Sept. 23, 2020); Therapy Prods., Inc. v. Bissoon, No. 07-CV-8696-DLC-THK, 2010 WL 2404317, at *4 (S.D.N.Y. Mar. 31, 2010), report & recommendation adopted, No. 07-CV-8696-DLC, 2010 WL 2541235 (S.D.N.Y. June 15, 2010).

Ultimately, "[u]nder New York law, 'when a contract provides that in the event of litigation the losing party will pay the attorney[s]' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'"  KLS Diversified, 532 F. Supp. 3d at 139-40 (quoting Diamond D Enters. USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992)).  Here, Defendants have proffered sufficient evidence to show the reasonableness of their fee and expense request, and Plaintiff has not proffered any factual grounds for a finding that the fees

---

[3]     Docket entry nos. 531-1 and 531-2 provide detailed summaries of the net effective hourly rate for each timekeeper.  For example, the rates for partners ranged from $650.25 to $765.15 in 2004 to $1,045 to $1,425 in 2025, and the rates for associates ranged from $245.05 to $455.09 in 2004 to $532.00 to $886.40 in 2025.

and expenses sought are not reasonable.  (See generally docket entry no. 537 (Plaintiff's objections, or lack thereof).)

Instead, Plaintiff raises two arguments, both of which relate to Plaintiff's conclusory allegations of fraud in the conduct of the litigation and neither of which provides any meritorious ground for rejecting Defendants' substantiation of the fees and expenses to which the Court has found them entitled under the parties' Non-Disclosure Agreement.  First, Plaintiff contends that the Defendants' fee application "violates the Court orders and contains demonstrable material misrepresentations and willful omission intended to conceal Defendants' fraud."  (Docket entry no. 537, at 4.)  Plaintiff points to Defendants' earlier assertion at docket entry no. 521 that "defense counsel's time spans nearly 18,000 individual time entries," and the fact that Defendants' summary of individual time entries at docket entry no. 531-3 only contains about 9,000 entries.  (Id.)  According to Plaintiff, Defendants' certification that "[t]he summaries do not omit any tasks or entries" must be false in light of this discrepancy.  (Id. at 5.)  Plaintiff's attacks on Defendants' honesty have no basis whatsoever.  Defendants explain that "multiple entries for the same day [were summarized] into a single entry," as the Court had directed. (Docket entry no. 538, at 2.)

Next, Plaintiff contends that certain time entries are missing from Defendants' fee application because Defendant "willfully concealed" these entries and work.  (Docket entry no. 537, at 5-8.)  According to Plaintiff, Defendants' time entries must be incomplete because they do not provide evidence to confirm Plaintiff's conspiracy theory.  (Id. at 5-7.)  Plaintiff proffers no factual basis for its tautological reasoning.  (See docket entry no. 539, at 3-4 (rejecting the same).)  Likewise, Plaintiff faults Defendants for omitting time entries for work done in a related case in this Court (Advanced Analytics, Inc. v. Citigroup, Inc. et al., No. 20-CV-07034-PGG), in

which Plaintiff, once again, accuses Defendant of fraud and collusion.  (Docket entry no. 537, at 7-8.)  The related action, however, has no bearing on Defendants' contractual entitlement to fees incurred in this action.

For the foregoing reasons, Defendants' application for an award of fees and expenses is granted in full.  Defendants are hereby awarded a total of $9,462,815.96.  This Order resolves docket entry no. 531.  The Clerk of Court shall enter a judgment for this award of fees and expenses, as well as tax costs.

SO ORDERED.

Dated:  February 10, 2026
       New York, New York

                           /s/ Laura Taylor Swain
                           LAURA TAYLOR SWAIN
                           Chief United States District Judge