UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

ADVANCED ANALYTICS, INC.,

       Plaintiff and Counterclaim Defendant,

    -v-                                        No.  04-CV-3531-LTS

CITIGROUP GLOBAL MARKETS INC.,
et al.,

       Defendants and Counterclaim Plaintiffs.

--------------------------------------------------------------------x

## ORDER IMPOSING FILING INJUNCTION[1]

On April 6, 2026, the Court ordered Plaintiff "to show cause why an anti-filing injunction should not be issued so as to enjoin Plaintiff—and any persons who have knowledge of the injunction and who are acting in concert with or directing the activities of Plaintiff—from filing anything in this closed case other than papers seeking appellate review." (Docket entry no. 553, at 2.)  On April 20, 2026, Plaintiff responded.  (Docket entry no. 555.)

The Court considers the following factors in deciding whether to impose an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their

---

[1]    Pincites to materials filed on the docket refer to ECF-designated pages.

personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Eliahu v. Jewish Agency for Israel, 919 F.3d 709, 714 (2d Cir. 2019) (quoting Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005).[2]  All of these factors weigh in favor of issuing an anti-filing injunction here (see docket entry nos. 553, 540), and Plaintiff's arguments in opposition have no merit.  First, Plaintiff contends that "[t]his is not at all the first time Defendants have sought to silence [Plaintiff] AAI through an anti-filing injunction" and that "Defendants are barred from again seeking the same anti-filing injunction."  (Docket entry no. 555, at 2-6.)  Regardless of the past history of litigation and whether Defendants previously sought anti-filing injunctions, the present Order to Show Cause is not the "same" nor does it arise in the "same" context.  The Second Circuit has affirmed the judgment in this action.  (Docket entry no. 520.)  The action is now closed, and Plaintiff's repeated attempts to raise issues that have already been litigated and decided are vexatious, frivolous, and harassing.  Second, and relatedly, Plaintiff again accuses Defendants of bad faith and fraud.  (Docket entry no. 555, at 6-10.)  These allegations have already been litigated and rejected by the Court.  (See docket entry nos. 553, 540.)  Indeed, Plaintiff's latest attempt to raise these same issues highlights the necessity of an anti-filing injunction.

---

[2]    Plaintiff argues that an anti-filing injunction may only apply to "enjoin the filing of new actions."  (Docket entry no. 555, at 6.)  That is wrong.  See, e.g., Weaver v. New York State Unified Ct. Sys., No. 24-3178-CV, 2026 WL 890975, at *1 (2d Cir. Apr. 1, 2026) (affirming a "filing injunction [that was] limited solely to the present action"); Weaver v. New York State Unified Ct. Sys., No. 23-CV-01518-GTS-DJS, Docket entry no. 76 (N.D.N.Y. Nov. 19, 2024) (ordering that "Plaintiff is hereby BARRED from filing pro se any future documents or motions in this action without first obtaining leave of the Court").

Accordingly, Plaintiff and any persons who have knowledge of the injunction and who are acting in concert with or directing the activities of Plaintiff are hereby enjoined from filing anything in this closed case other than papers seeking appellate review.

SO ORDERED.

Dated:  April 30, 2026
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge